UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **FELIPE DE JESUS AVILA-SOTO, FELIPE DE JESUS SUAREZ-PALAFOX, And JUAN ALEJO HERNANDEZ-CANELA, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED** | **No: 6:24-cv-01392** <br><br> **JUDGE ROBERT R. SUMMERHAYS** |
| **V.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |
| **SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., AND STERLING SUGARS, LLC** | |

### DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS AND ALTERNATIVE RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT

Defendants, South Central Sugar Cane Growers' Association, Inc. and Sterling Sugars, LLC (collectively, "Defendants"), appear through undersigned counsel, without waiving and expressly reserving all rights, motions and defenses, to submit this Motion to Dismiss and Alternative Motion for More Definite Statement, and show unto this Honorable Court the following:

Plaintiffs allege they were misclassified as agricultural equipment operators instead of heavy tractor-trailer drivers. Specifically, Plaintiffs' Complaint purports to assert claims for unpaid overtime and minimum wage under the Fair Labor Standards Act, as well as state-law claims for breach of contract and alleged violations of the Louisiana Wage Payment Act.

This lawsuit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) based on Plaintiffs' failure to join the Department of Labor to this lawsuit. The Department of

Labor has actual knowledge of the claims and defenses at issue in this lawsuit and has exclusive revocation jurisdiction pursuant to 20 C.F.R. § 655.181.

Additionally, Plaintiffs' claims for willful violations of the FLSA should be dismissed because Plaintiffs failed to plead their willfulness claims with the particularity required by Rule 9(b). The Complaint does not specify which individual made alleged misrepresentations to the Department of Labor in Defendants' applications for temporary labor certification, nor does the Complaint delineate any alleged misrepresentation by Defendant South Central Sugar Cane Growers' Association, Inc. from those allegedly made by Defendant Sterling Sugars, LLC. Plaintiffs' claims under the Louisiana Wage Payment Act should also be dismissed because those claims are preempted by the FLSA.[1]

In the alternative only, Defendants would ask that Plaintiffs be ordered to file a more definite statement regarding their claims for willful FLSA violations in accordance with Rule 12(e).

    Respectfully submitted,

    **PHELPS DUNBAR LLP**

    */s/ Brandon Davis*
    Brandon Davis (La Bar #29823)
    Caroline E. Perlis (La Bar #40905)
    Marcellus D. Chamberlain (*Admitted Pro Hac Vice*)
    Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
    365 Canal Street, Suite 2000
    New Orleans, Louisiana 70130
    Telephone: 504-566-1311
    Facsimile: 504-568-9130

---

[1] *Hampton v. McDermott International, Inc.* (W.D. La. Oct. 30, 2019) (LWPA claims were preempted by the FLSA where Plaintiffs were "generally scheduled to work eighty-four hours per week" and sought recovery of unpaid overtime and minimum wage); *Aldridge v. Miss. Dept. of Corrections*, 990 F.3d 868 (5th Cir. 2021) ("We conclude that the FLSA preempts redundant state law claims for nonpayment of minimum wages and overtime compensation by way of conflict preemption."); *Bennett v. McDermott International, Inc.*, 855 Fed. Appx. 932 (5th Cir. 2022).

brandon.davis@phelps.com  
caroline.perlis@phelps.com  
marcellus.chamberlain@phelps.com  
jennifer.clewis@phelps.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of December, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record/parties in this proceeding.

 */s/ Brandon E. Davis*
BRANDON E. DAVIS

3

PD.47858556.1