UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, FELIPE DE JESUS SUAREZ-PALAFOX, And JUAN ALEJO HERNANDEZ-CANELA, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED | No: 6:24-cv-01392 |
| | JUDGE ROBERT R. SUMMERHAYS |
| V. | MAGISTRATE JUDGE CAROL B. WHITEHURST |
| SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., AND STERLING SUGARS, LLC | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, ALTERNATIVE RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT**

**MAY IT PLEASE THE COURT:**

Defendants, South Central Sugar Cane Growers' Association, Inc. and Sterling Sugars, LLC (collectively, "Defendants"), appear through undersigned counsel, without waiving and expressly reserving all rights, motions and defenses, to submit this Memorandum in Support of Defendants' Motion to Dismiss and Alternative Motion for More Definite Statement, and show unto this Honorable Court the following:

**FACTUAL BACKGROUND[1]**

Defendants are agricultural employers who produce sugarcane.[2] Defendants obtained temporary labor certification from the United States Department of Labor to employ Plaintiffs in H-

---

[1] For the purpose of this motion only, Defendants acknowledge that the Court is constrained to construe the facts in the light most favorable to the Plaintiffs. Defendants do not concede Plaintiffs' assertions are true and reserve the right to proffer contrary evidence at the trial on the merits.

[2] Doc. No. 1, at ¶ 44.

1

2A status.[3]  Plaintiffs are foreign laborers who accepted the terms and conditions of employment explained in Defendants' job clearance orders.[4]  As Plaintiffs allege, Defendants applied for H-2A visas to enter the United States to work for Defendants between 2021 and 2023.[5]  Plaintiffs allege they were misclassified as agricultural equipment operators instead of heavy tractor-trailer drivers.[6]  Specifically, Plaintiffs' Complaint purports to assert claims for unpaid overtime and minimum wage under the Fair Labor Standards Act, as well as state-law claims for breach of contract and alleged violations of the Louisiana Wage Payment Act.[7]

H-2A employers must pay the highest of the adverse effect wage rate (AEWR), any collectively bargained wage rate, the state or federal minimum wage, or the state prevailing wage for that crop or occupation.[5]  Defendants complied with this requirement.  Plaintiffs' conclusions to the contrary are unsupportable and do not justify their request to be paid according to terms that did not apply when they entered their employment agreements.

## STANDARDS OF REVIEW[8]

### A. Rule 12(b)(6) Motion to Dismiss.

As the U.S. Supreme Court has held, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[9]  To survive a motion to dismiss, a plaintiff must allege "well-pleaded facts" that "permit the court to

---

[3] *Id.* at ¶ 39.
[4] *Id.* at ¶ 88.
[5] *Id.* at ¶¶ 12-14, 42.
[6] *Id.* at ¶ 49.  According to Plaintiffs, they should have been classified in H-2B status.
[7] *Id.* at p.16-19.
[8] Defendants bring a motion to dismiss, and in the alternative, a motion for more definite statement.
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (holding that, although for the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation").

infer more than the mere possibility of misconduct."[10] "While legal conclusions can provide the framework of a complaint, they *must* be supported by factual allegations."[11] Thus, to determine whether a complaint states a plausible claim for relief, a court should begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."[12] "Factual allegations must be enough to raise a right to relief above the speculative level."[13] To defeat a 12(b)(6) motion to dismiss, a complaint must provide more than legal conclusions, which simply track the language of the statute the plaintiff seeks to enforce.[14] "[B]are assertions, [which] . . . amount to nothing more than a 'formulaic recitation of the elements,'" are not worthy of credence and cannot form the basis of an actionable claim for relief.[15] Accordingly, a plaintiff must "plead specific facts" rather than "mere conclusory allegations" to avoid dismissal for failure to state a claim.[16] Plaintiffs' Complaint falls short of this legal standard for the reasons stated below.

### B. Rule 12(e) Motion for More Definite Statement.

Alternatively, when "a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)." A Rule 12(e) motion may also be granted "if a pleading fails to

---

[10] *Id.* at 679.
[11] *Id.* (emphasis added).
[12] *Id.*
[13] *Twombly*, 550 U.S. at 555 (citations and quotations omitted).
[14] *Iqbal*, 556 U.S. at 679–80 (explaining that the plaintiffs' allegation in *Twombly* that defendants "ha[d] entered into a contract, combination or conspiracy to prevent competitive entry . . . and ha[d] agreed not to compete with one another" was a legal conclusion unworthy of credence in light of the fact that the Sherman Act "enjoins only anticompetitive conduct 'effected by a contract, combination, or conspiracy'").
[15] *Id.* at 681 (citing *Twombly*, 550 U.S. at 555).
[16] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992); *see also Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss.").

3

specify the allegations in a manner that provides sufficient notice." Because this Complaint contains conclusory allegations that are not supported by facts, Defendant is "expected to move the court, pursuant to Rule 12(e), to require Plaintiffs to file a more definite statement." Because Plaintiffs' allegations are unfocused and hollow, Defendants pray the Court order Plaintiffs to file a more definite statement if this Court determines Plaintiffs' claims are not ripe for dismissal under Rule 12(b)(6).

## ARGUMENT

### I. Plaintiffs should have joined the Department of Labor to this lawsuit.

This lawsuit should be dismissed. Rule 12(b)(7) dismissal is warranted when a plaintiff fails to join another party whose presence is necessary for a fair and complete resolution of the issues raised as contemplated by Rule 19.[17] "[W]hen an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder."[18]

The proper analysis under Rule 12(b)(7) calls for two distinct, sequential inquiries:

The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit. If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or dismiss the litigation.[19]

"Subdivision (a) of Rule 19 categorizes those persons whose joinder is desirable from the standpoint of complete adjudication and elimination of relitigation. If there are no procedural or jurisdictional bars to joining such a party, Rule 19 requires that they be joined."[20] Given that the

---

[17] *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003); *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986) (the Court should "freely consider various harms that the parties and absentees might suffer" in light of "Rule 19's emphasis on a careful examination of the facts" to determine whether joinder of an absent party is necessary). .
[18] *Pulitzer-Polster*, 784 F.2d at 1309 (citation omitted).
[19] *Wingate*, 327 F.3d at 439 (footnote omitted).
[20] *Schutten v. Shell Oil Company*, 421 F.2d 869, 873 (5th Cir. 1970).

4

premise of this Court's jurisdiction is federal question and not diversity jurisdiction, Defendants do not believe there are any procedural or jurisdictional bars to joinder.

Plaintiffs allege the Department of Labor issued their job clearance orders improvidently, and based on erroneous information.[21] These allegations are parallel to those made in *Williamsburg Fair Housing Committee v. New York City Housing Authority*. In *Williamsburg*, the United States Department of Housing and Urban Development (HUD) was deemed a necessary party due to its significant involvement and responsibilities under the Fair Housing Act.[22] It was noted that, although plaintiffs did not name HUD as a defendant in their complaint, they suggested HUD's complicity in acquiescing to illegal rental quotas.[23] Plaintiffs also made a general prayer for all appropriate relief, which, when combined with the implication of complicity, could be read as implying a claim for relief against HUD.[24]

Similarly, in *Boles v. Greeneville Housing Authority*, the Sixth Circuit determined that the Department of Housing and Urban Development (HUD) was an indispensable party in a case where the plaintiffs challenged HUD's approval of a development plan.[25] This approach aligns with the Fifth Circuit's stance, which allows "a district court to refuse to proceed with an action if prejudice would result to either the absent party or the parties already joined."[26] Without HUD as a party, it could not defend its administrative decisions, which are crucial to its policies and procedures.[27]

---

[21] Doc. No. 1, at ¶ 49-50.
[22] *Williamsburg Fair Hous. Comm. v. New York City Hous. Auth.,* 73 F.R.D. 381 (S.D.N.Y. 1976).
[23] *Williamsburg Fair Hous. Comm. v. New York City Hous. Auth.,* 73 F.R.D. 381, 383–84 (S.D.N.Y. 1976).
[24] *Id.*
[25] *Boles v. Greeneville Housing Authority,* 468 F.2d 476 (6th Cir.1972).
[26] *See Laker Airways, Inc. v. British Airways, PLC,* 182 F.3d 843, 848 (11th Cir. 1999) (citing *Doty v. St. Mary Par. Land Co.,* 598 F.2d 885, 887 (5th Cir. 1979).
[27] *Boles v. Greeneville Housing Authority,* 468 F.2d 476 (6th Cir.1972). *See Laker Airways, Inc. v. British Airways, PLC,* 182 F.3d 843, 848 (11th Cir. 1999).

Plaintiffs in this case have implied that the Department of Labor was complicit in Defendants 'actions. Like in Williamsburg, this implication, along with Plaintiffs' general prayer for all "just and equitable relief," suggests a claim for relief against the agency, highlighting the necessity to join the Department of Labor as a party. Further, similar to *Boles*, Plaintiffs challenge an agency's administrative decisions, specifically the Department of Labor's approval the job clearance orders at issue in this lawsuit. If the Department of Labor is not present in this litigation, it cannot defend its administrative decisions, which are crucial to its polices and procedures. To align with the Fifth Circuit's previous holdings, this Court should refuse to proceed with this action because the Department of Labor would be prejudice.

Further, Plaintiffs' failure to join the Department of Labor means the party with actual knowledge of the claims and defenses in this lawsuit is not present. The Department of Labor has regulatory authority germane to Plaintiffs' assertions. Notably, only the Department of Labor has revocation jurisdiction pursuant to 20 C.F.R. § 655.181. This regulation exclusively governs the procedure for revoking a job clearance order when an employer is accused of obtaining temporary agricultural certification by means of "fraud or misrepresentation in the application process[,]" as Plaintiffs allege here. The job clearance orders issued by the Department of Labor constitute binding employment contracts,[28] and the Department of Labor has a substantial interest in exercising regulatory oversight of the employment contracts at issue.[29]

---

[28] *See* 20 C.F.R. § 655.103(b) (defining "Work contract" as "All the material terms and conditions of employment relating to wages, hour, working conditions, and other benefits, including those required by 8 U.S.C. 1188, 29 CFR part 501, or this subpart[...] In the absence of a separate written work contract incorporating the required terms and conditions of employment, agreed to by both the employer and the worker, the work contract at a minimum will be the terms and conditions of the job order and any obligations required under 8 U.S.C. 1188, 29 CFR part 501, or this subpart.").

[29] *See Virginia Su. Co. v Northrop Grumman Corp.*, 144 F.3d 1243, 1248 (9th Cir. 1998) ("[A]ll parties to a contract and 'others having a substantial interest in it' are 'indispensable' in an action to rescind or set aside the contract.").

Moreover, Rule 17(a) requires that the real parties in interest, those who under the applicable substantive law enjoy the right to prosecute the claims asserted, appear in their own right as plaintiffs so that they will be personally bound by any judgment rendered.[30] If the real parties in interest are not made parties to a suit within a reasonable time after objection is made, the suit should be dismissed.[31] Plaintiffs' failure to join the Department of Labor to this lawsuit warrants dismissal under Rule 12(b)(7).

**II.   Plaintiffs fail to allege facts to establish willful violations of the FLSA.**

The pleading standard for FLSA willfulness is governed by Rule 9(b). Pursuant to Rule 9(b), claims grounded in fraud are subject to a heightened pleading standard.[32] Rule 9(b) specifies that allegations of fraud must state the circumstances constituting the fraud with "particularity."[33] This ensures that defendants can effectively respond.[34] "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[35] Simply put, Rule 9(b) requires "the who, what, when, where and how" of the alleged fraud.[36] Rule 9(b)'s heightened standard for pleading is to be applied "with force," and "without apology."[37]

---

[30] *Lubbock Feed Lots, Inc. v. Iowa Beef Processors*, 630 F.2d 250, 256-57 (5th Cir. 1980).

[31] Fed. R. Civ. P. 17(a)(3).

[32] *See Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994).
[33] Fed. R. Civ. P. 9(b).
[34] *See Hernandez v. Ciba--Geigy Corp.,* 200 F.R.D. 285, 290 (S.D. Tex.2001).
[35] *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1139 (5th Cir. 1992) (internal quotation marks and citation omitted).
[36] *Willams v. WMX Technologies, Inc.* 112 F.3d 175, 177 (5th Cir. 1997).
[37] *United States v. Lakeway Reg'l Med. Ctr., LLC,* No. A-19-CV-00945-JRN, 2020 WL 6146571, at 1 (W.D. Tex. Feb. 13, 2020) (quoting *Willams v. WMX Technologies, Inc.* 112 F.3d 175, 177 (5th Cir. 1997).

To determine whether an employer has willfully violated the FLSA, it is not enough to show "that an employer knew that the FLSA 'was in the picture.'"[38] "[A] a negligent violation is not a willful violation, and an unreasonable violation does not 'necessarily constitute a willful violation.'"[39] Plaintiffs bear the burden of establishing willfulness, and "[a] finding that the defendant failed to show good faith…does not mean that the plaintiffs showed that the defendant willfully violated the statute."[40]

Plaintiffs have not pled their claims for willful FLSA violations with particularity as required by Rule 9(b). Plaintiffs allege that "Defendants deliberately sought to mislead government officials reviewing their applications in order to receive approval to employ H-2A workers by incorrectly stating that they grew crops and that the work to be performed was 'agricultural.'"[41] This claim is fundamentally rooted in a theory of fraud. As articulated in *Vess v. Ciba-Geigy Corp. USA,* when a claim is "grounded in fraud," the entire pleading must satisfy Rule 9(b)'s particularity requirement.[42]

Plaintiffs' willfulness claims are insufficiently pled, namely because Plaintiffs fail to identify which individual made the alleged misrepresentations in Defendants' applications for temporary labor certification. It is well-settled that "[g]eneral allegations, which lump all defendants together failing to segregate the alleged wrongdoing of one from those of another, do not meet the requirements of Rule 9(b)."[43] Applying that maxim in this context, Plaintiffs' willfulness claims fail to satisfy Rule 9(b) because the Complaint does not delineate any

---

[38] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).
[39] *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 246 (5th Cir. 2016) (quoting *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990)).
[40] *Stokes v. BWXT Pantex, L.L.C.*, 424 Fed. Appx. 324, 326 (5th Cir. 2011) (holding that district court committed reversible error by misplacing the burden of proof regarding willful FLSA violation claim on the employer).
[41] Doc. No. 1, at ¶ 44.
[42] *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).
[43] *Kunzweiler v. Zero.Net, Inc.*, No. 3:00-cv-2553-P, 2002 WL 1461732, *15, n. 17 (N.D. Tex. 2002).

8

specific misrepresentation allegedly made by Defendant South Central Sugar Cane Growers' Association, Inc. from Defendant Sterling Sugars, LLC. The Court should not strain to find favorable inferences based on nothing more than "conclusory allegations, unwarranted deductions, or legal conclusions."[44]

Accordingly, Defendants move to dismiss Plaintiffs' claims for willful FLSA violations on the grounds that they are insufficiently pled under Federal Rule of Civil Procedure 9(b). Alternatively, Defendants request that the Court require Plaintiffs to provide a more definite statement of their willfulness claims in compliance with Rule 12(e). Otherwise, Defendants would be deprived of a fair opportunity to present its legal defenses because Plaintiffs' willfulness claims, as currently pled, do not sufficiently apprise Defendants of the factual basis for their claims.

Even if this court finds that Plaintiffs' claims are not entirely grounded in fraud, Rule 9(b) still applies to all averments of fraud, "whether they are part of a claim of fraud or not."[45]

> Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not. . .Rule 9(b) insists that "all averments of fraud ... shall be stated with particularity." Where averments of fraud are made in a claim in which fraud is not an element . . .the proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated . . .A district court need not rewrite such a deficient complaint. It may dismiss, without prejudice, placing that responsibility upon counsel. If it does so, it should ordinarily accept a proffered amendment that either pleads with the requisite particularity or drops the defective allegations. *Id* at 368–69.

Here, Plaintiffs allege, in conclusory fashion, that Defendants "sought to mislead" the Department of Labor in applying for temporary labor certification,[46] but Plaintiffs do not

---

[44] *R2 Investments LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005).
[45] *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.,* 238 F.3d 363, 368 (5th Cir. 2001).
[46] Doc. No. 1, at ¶ 44.

9

describe any of the specific job duties Defendants disclosed to the Department of Labor in its applications for temporary labor certification. Plaintiffs' willfulness claims are not properly pled under Rule 9(b) and should therefore be disregarded.

Although Rule 9(b) allows for malice, intent, knowledge, and other conditions of a person's mind to be averred generally, case law establishes that merely asserting fraudulent intent is insufficient to meet the pleading standards for scienter. In this case, Plaintiffs' claims for willful violations of FLSA are premised on a conclusory assertion that Defendants attempted to defraud the federal government. This generalized assertion does not comport with Rule 9(b)'s pleading standard for scienter. Plaintiffs must provide specific factual allegations that create a reasonable inference of fraud, demonstrating that Defendants knowingly made materially false or misleading statements in their applications for temporary labor certification.[47] "Although Rule 9(b) does not require particularity with respect to the defendants' mental state, the complaint must still afford a basis for believing that plaintiffs could prove scienter."[48] At minimum, Plaintiffs should be required to replead in a manner that satisfies these standards, providing the necessary specificity to support their allegations, or, in the alternative, the allegation should be disregarded.

### III.     Plaintiffs' LWPA claims are preempted by the FLSA.

The relief Plaintiffs seek under the Louisiana Wage Payment Act is preempted by their FLSA claims. "[N]umerous courts have held that when a plaintiff presents claims for overtime under both statutes, the FLSA claim preempts state law for employees engaged in interstate commerce."[49] Accordingly, Plaintiffs' LWPA claim fails as a matter of law.

---

[47] *See Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1068 (5th Cir. 1994).
[48] *See DiLeo v. Ernst & Young,* 901 F.2d 624, 629 (7th Cir. 1990).
[49] *Hampton v. McDermott International, Inc.* (W.D. La. Oct. 30, 2019) (LWPA claims were preempted by the FLSA where Plaintiffs were "generally scheduled to work eighty-four hours per week" and sought recovery of unpaid overtime and minimum wage); *Aldridge v. Miss. Dept. of Corrections*, 990 F.3d 868 (5th Cir. 2021) ("We conclude that the FLSA preempts redundant state law claims for nonpayment of minimum wages and overtime

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that the Court enter an Order dismissing Plaintiffs' claims with prejudice. In the alternative only, Defendants would ask that Plaintiffs be ordered to file a more definite statement regarding their claims for willful FLSA violations in accordance with Rule 12(e).

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Brandon Davis*
Brandon Davis (La Bar #29823)
Caroline E. Perlis (La Bar #40905)
Marcellus D. Chamberlain (*Admitted Pro Hac Vice*)
Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Facsimile: 504-568-9130
brandon.davis@phelps.com
caroline.perlis@phelps.com
marcellus.chamberlain@phelps.com
jennifer.clewis@phelps.com

---

compensation by way of conflict preemption."); *Bennett v. McDermott International, Inc.*, 855 Fed. Appx. 932 (5th Cir. 2022).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of December, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record/parties in this proceeding.

                                        */s/ Brandon E. Davis*
                                        BRANDON E. DAVIS