# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, FELIPE DE JESUS SUAREZ-PALAFOX, and JUAN ALEJO HERNANDEZ-CANELA, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | Case No. 6:24-cv-01392 |
| Plaintiffs, | CLASS ACTION |
| v. | |
| SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., AND STERLING SUGARS, LLC, | |
| Defendants. | |

**<u>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>**

# **TABLE OF CONTENTS**

**BACKGROUND** ........................................................................................................................... 1

**ARGUMENT** ................................................................................................................................ 2

    **I.    Defendants' Claim That the Department of Labor is A Necessary Party Should Be Rejected; The Department of Labor Was Not an Employer, Nor a Party to the Employment Contract.** ................................................................................................................. 2

        A.    The Department of Labor is Not an Indispensable Party to Plaintiffs' FLSA Claims. .. 4

        B.    The Department of Labor is Not an Indispensable Party to Plaintiffs' Breach of Contract Claims. ........................................................................................................................ 5

        C.    Defendants' Citations to Two Decisions Concerning Joinder of HUD are Unavailing. 7

    **II.    FLSA Willfulness Allegations Are Not Subject to Rule 9 as Defendants Claim** ......... 8

    **III.    Plaintiffs' Claim for Contractually Promised Wages Under the LWPA Are Not Preempted.** ................................................................................................................................. 10

**CONCLUSION** ........................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**CASES**

*Amos v. Classic Dining Grp.*, LLC, 2021 U.S. Dist. LEXIS 261164 (S.D. Ind. Sep. 22, 2021).. 10

*Arthur v. Starrett City Assocs.*, 89 F.R.D. 542 (E.D.N.Y. 1981)...................................................... 8

*BFI Waste Sys. of N. Am., Inc. v. Broward Cnty., Fla.*, 209 F.R.D. 509 (S.D. Fla. 2002) ............. 6

*Boles v. Greenville Hous. Auth.*, 468 F.2d 476 (6th Cir. 1972)....................................................... 7

*Calixtro-Calixtro v. Estate of Hodges*, 2018 U.S. Dist. LEXIS 190453 (W.D. Tex. Nov. 6, 2018) ................................................................................................................................................... 4

*Cavin v. Westport Linen Servs.*, 2018 U.S. Dist. LEXIS 243858 (M.D. La. Feb. 20, 2018)........ 12

*Comer v. DIRECTV, LLC*, 2016 U.S. Dist. LEXIS 27842 (S.D. Ohio Mar. 4, 2016).................. 10

*Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477 (7th Cir. 2001) ..................................... 5

*Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477 (7th Cir. 2001)................................................ 7

*DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 589 F. Supp. 2d 1026 (E.D. Wis. 2008).................... 10

*Dorsey v. Tomkins*, 917 F. Supp. 1195 (S.D. Ohio 1996) .............................................................. 7

*Fernandez v. Clean House, LLC*, 883 F.3d 1296 (10th Cir. 2018).................................................. 9

*Gibson v. Scottsdale Ins. Co.*, 2024 U.S. Dist. LEXIS 17588 (E.D. La. Feb. 1, 2024) .......... 2, 3, 4

*Golden v. Pickett*, 2015 U.S. Dist. LEXIS 194884 (N.D. Ala. Aug. 11, 2015).............................. 6

*M.B. Guran Co. v. City of Akron*, 546 F.2d 201 (6th Cir. 1976) .................................................... 8

*Markovic v. Milos HY, Inc.*, 2023 U.S. Dist. LEXIS 131088 (S.D.N.Y. July 26, 2023)................. 9

*Niven v. E-Care Emergency McKinney, LP*, 2015 U.S. Dist. LEXIS 46768 (E.D. Tex. Apr. 10, 2015) ........................................................................................................................................... 3

*Payan v. Cont'l Tire N. Am., Inc.*, 232 F.R.D. 587 (S.D. Tex. 2005) ............................................. 3

*PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555 (5th Cir. 2023) .............. 3, 6

*Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892 (9th Cir. 2013).................................................. 9

*Ruiz v. Fernandez*, 2012 U.S. Dist. LEXIS 58586 (E.D. Wash. Apr. 26, 2012) ............................ 5

*Settle v. S.W. Rodgers Co.*, 998 F. Supp. 657 (E.D. Va. 1998), *aff'd* 182 F.3d 909 (4th Cir. 1999) ................................................................................................................................................. 10

*State Farm Mut. Ins. Co. v. Elite Health Ctrs., Inc.*, 2017 U.S. Dist. LEXIS 82736 (E.D. Mich. May 31, 2017)............................................................................................................................. 8

*Texas v. Ysleta Del Sur Pueblo*, 2016 U.S. Dist. LEXIS 70159 (W.D. Tex. May 27, 2016) ......... 7

*Tijerina-Salazar v. Venegas*, 2022 U.S. Dist. LEXIS 99284 (W.D. Tex. June 3, 2022)................ 6

*Union Pac. R.R. Co. v. City of Palestine*, 41 F.4th 696 (5th Cir. 2022) .................................. 2, 4

*United States EEOC v. Glob. Horizons, Inc.*, 915 F.3d 631 (9th Cir. 2019) ................................ 4

*Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315 (2d Cir. 2021) ...................................................... 9

*Williamsburg Fair Hous. Comm. v. N.Y.C. Hous. Auth.*, 73 F.R.D. 381 (S.D.N.Y. 1976) ........ 7, 8

### STATUTES

29 U.S.C. § 204 ............................................................................................................................ 4

29 U.S.C. § 216(b) .................................................................................................................... 4, 5

29 U.S.C. § 216(c) .................................................................................................................... 4, 5

29 U.S.C. § 255(a) ........................................................................................................................ 9

La. Rev. Stat. 23:631(A)(1)(b) .................................................................................................... 11

La. Rev. Stat. 23:632(A) ............................................................................................................. 11

### RULES

Fed. R. Civ. P. 19(a)(1) ................................................................................................................ 2

Fed. R. Civ. P. 9(b) ...................................................................................................................... 9

### TREATISES

Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Fed. Prac. and Proc. Civil 3d*, § 1613 at 197 (2001) .................................................................................................................. 6

### REGULATIONS

20 C.F.R. § 655.181 ...................................................................................................................... 5

29 C.F.R. § 776 ............................................................................................................................. 4

Defendants move to dismiss Plaintiffs' Complaint for three reasons: (1) failure to join the United States Department of Labor as a necessary party; (2) failure to allege a willful violation of the Fair Labor Standards Act (FLSA) with particularity; and (3) that Plaintiffs' Louisiana Wage Payment Act (LWPA) claim is preempted by the FLSA. Defendants' motion misstates or misunderstands Plaintiffs' claims, lacks legal merit, and is due to be denied.

## BACKGROUND

Plaintiffs are heavy tractor-trailer truck drivers brought from Mexico to the United States by the Defendants under the auspices of the federal H-2A temporary foreign worker visa program. (ECF No. 1 ¶ 1.) They filed their class action Complaint on behalf of themselves and other similarly situated truck drivers employed by Defendants to transport sugarcane from various locations in Louisiana to a sugar mill operated by Defendant Sterling Sugars, LLC that was also located in Louisiana. (*Id.* ¶¶ 1-2.) Plaintiffs claim they and other similarly situated workers incurred expenses to obtain their visas that were not fully reimbursed by Defendants, that they worked more than 40 hours in various workweeks without receiving overtime pay, and that they were paid an hourly wage rate for agricultural workers[1] instead of the higher wage rate applicable to the work they performed driving heavy tractor-trailer trucks. (*Id.* ¶¶ 4-6.) As a result, Plaintiffs allege three claims on behalf of themselves and other similarly situated workers: (1) violations of the FLSA; (2) breach of their employment contracts; and (3) violation of the LWPA. (*Id.* ¶¶ 75-92.)

---

[1] Defendants incorrectly state that Plaintiffs have alleged they are "agricultural employers who produce sugarcane." (ECF No. 16-1 at 1 & n.2.) Plaintiffs actually allege the opposite—that they "never engaged in the growing of sugarcane" and provided misleading information about their operations in order to obtain H-2A visas by "incorrectly stating that they grew crops and that the work to be performed was 'agricultural.'" (ECF No. 1 ¶ 45.)

# ARGUMENT

**I. Defendants' Claim That the Department of Labor is A Necessary Party Should Be Rejected; The Department of Labor Was Not an Employer, Nor a Party to the Employment Contract.**

Defendants argue this suit should be dismissed because the United States Department of Labor, not Plaintiffs, should have sued them. (ECF No. 16 at 1-2) (claiming Plaintiffs' suit should be dismissed because "[t]he Department of Labor has actual knowledge of the claims and defenses at issue in this lawsuit and has exclusive revocation jurisdiction"). Plaintiffs, heavy tractor-trailer truck drivers, have sued Defendants, who operated a sugar mill and a fleet of heavy tractor-trailer trucks hauling sugarcane grown by others to the mill, for not paying the Plaintiffs overtime and proper contractual wages for their truck driving work. (ECF No. 1 ¶¶ 1, 45.) The Defendants claim that "the real parties in interest," who have "the right to prosecute the claims" are the "Department of Labor." (ECF No. 16-1 at 7.) It is Defendants' burden to show that a person not named is a "Required Party" under Rule 19 and that a judgment rendered in their absence would prejudice the existing parties. *Union Pac. R.R. Co. v. City of Palestine*, 41 F.4th 696, 708 (5th Cir. 2022).

The movant must demonstrate that the absent party is a required party. *Id.*; *Gibson v. Scottsdale Ins. Co.*, 2024 U.S. Dist. LEXIS 17588, at *4 (E.D. La. Feb. 1, 2024) ("The party urging joinder has the initial burden of demonstrating that an absent party is necessary").[2] Defendants do nothing to demonstrate that the Department of Labor is a required party. Joinder is required if "the court cannot accord complete relief among the existing parties[.]" Fed. R. Civ. P. 19(a)(1). "The definition of 'complete relief' under Rule 19(a)(1) refers to relief as between

---

[2] Defendants claim they do not have the burden and that it is on the party "opposing joinder." (ECF 20-1 at 4.) However, the Fifth Circuit has clarified that the burden is on the movant under 12(b)(7) to show joinder is necessary and that the absent party is indispensable. *Union Pac. R.R. Co.*, 41 F.4th at 708 (finding "Defendants [the movants] have presented no evidence . . . [and made] no showing that disposing of this case in the absence of the [claimed necessary party] would 'impede the . . . ability to protect' its interests or otherwise prevent a court from providing full relief.")

2

the persons already parties, not as between a party and the absent person whose joinder is sought." *Niven v. E-Care Emergency McKinney, LP*, 2015 U.S. Dist. LEXIS 46768, at *2 (E.D. Tex. Apr. 10, 2015) (citation omitted). If the party is required under Rule 19(a), the Court must also determine if they are indispensable under Rule 19(b). Dismissal is inappropriate if the unnamed party is not indispensable. *PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555, 560-61 (5th Cir. 2023) (reversing for abuse of discretion because "it is not enough to dismiss a case merely because an absent party is required under Rule 19(a); the absent party must also be found, after an examination of the Rule 19(b) factors, to be indispensable to the pending litigation.") At its core, "Rule 19 requires the joinder, if feasible, 'of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue.'" *Gibson*, 2024 U.S. Dist. LEXIS 17588, at *3 (citation omitted). "To meet its burden under Rule 19(a)(1)(B)(ii), [the Rule 12(b)(7) movant] must show a 'substantial risk' of being subject to 'double, multiple, or otherwise inconsistent obligations' should [the unnamed entities] not be made parties here." *Id.* at *9. "The threat of inconsistent obligations must be 'substantial,' not merely possible, to qualify a person as a necessary party." *Payan v. Cont'l Tire N. Am., Inc.*, 232 F.R.D. 587, 589 (S.D. Tex. 2005).

      Defendants here never mention other suits, let alone 'substantial' inconsistent obligations. Plaintiffs have filed suit asserting their private rights of action to enforce their FLSA rights, their employment contract rights, and their LWPA rights. There is no indication of any separate suit by the Department of Labor nor any explanation as to why Defendants contend that really the Department of Labor should be the plaintiff. (ECF No. 16-1 at 6) (complaining that "the Department of Labor . . . is not present"). According to Defendants, "[t]he Department of Labor has regulatory authority germane to Plaintiffs' assertions" and, in Defendants view, 'germane authority' makes a government agency a necessary party. (ECF No. 16-1 at 6, 11) (asking for dismissal with prejudice). Notably Defendants do not claim that Plaintiffs cannot assert the claims made nor do Defendants claim or contend they will be subject to a second or duplicative suit by the Department of Labor.

3

"If the missing party is 'merely necessary,' the case can proceed in their absence; if it is 'indispensable,' the action must be dismissed." *Gibson*, 2024 U.S. Dist. LEXIS 17588, at *5. Notably, "[f]ederal courts routinely hear breach-of-contract claims from H-2A workers." *Calixtro-Calixtro v. Estate of Hodges*, 2018 U.S. Dist. LEXIS 190453, at *9 (W.D. Tex. Nov. 6, 2018). These suits do not involve claims by or against the Department of Labor. *Id.* at *1-2. The U.S. Department of Labor did not pay Plaintiffs, did not hire Plaintiffs, and did not sign paychecks or even the parties' employment contract. (ECF No. 1 ¶ 85.) "The H-2A program imposes a number of requirements on employers . . . [f]or example, in order to participate in the program, an employer must first obtain a labor certification from the Secretary of Labor[.]" *United States EEOC v. Glob. Horizons, Inc.*, 915 F.3d 631, 634 (9th Cir. 2019). This does not, however, create liability as an employer, nor the requirement to be a plaintiff, for the U.S. Government, nor does this involvement make the U.S. Government the "the real part[y] in interest" as Defendants claim. (ECF No. 16-1 at 7.) Here, because the Department of Labor lacks "a protectable interest in the litigation, joinder is not required under Rule 19." *Union Pac. R.R. Co.*, 41 F.4th at 708-09. Even if the Court were to find that the Department of Labor is a necessary party—which as explained above seems unlikely—"a finding that a party is required under Rule 19(a), standing alone, cannot support dismissal—the court must also find the absent party to be indispensable[.]" *Gibson*, 2024 U.S. Dist. LEXIS 17588, at *7. Defendants assertation that "Plaintiffs' failure to join the Department of Labor to this lawsuit warrants dismissal," ECF No. 16-1 at 7, is insufficient to make the required Rule 19 findings.

    A.  *The Department of Labor is Not an Indispensable Party to Plaintiffs' FLSA Claims.*

The Plaintiffs have a private right of action in the Fair Labor Standards Act which allows for the assertion of the claims as a private party. 29 U.S.C. § 216(b). While the U.S. Department of Labor has regulatory authority to interpret the FLSA, 29 U.S.C. § 204, has enforcement authority, 29 U.S.C. § 216(c), and issues interpretive guidance about the FLSA, 29 C.F.R. § 776, its interest in private Fair Labor Standards Act cases has not been found to be such a "substantial" interest that results in their being a required party under Rule 19. *See e.g.*, *Ruiz v.*

4

*Fernandez*, 2012 U.S. Dist. LEXIS 58586, at *17 (E.D. Wash. Apr. 26, 2012) (denying motion to dismiss FLSA claim based on claim it was preempted by Secretary of Labor's authority). Requiring the Department of Labor to be a party under Rule 19 in every FLSA case simply because they have some regulatory or oversight interest in the FLSA in general would render the dual private/government enforcement provisions of the law completely meaningless. 29 U.S.C. § 216(b) (a person may be a party plaintiff in a FLSA action unless the Department of Labor has already filed such a suit); *compare* 29 U.S.C. § 216(c) (authorizing suit by Secretary of Labor and only then precluding private suit).

    B.  *The Department of Labor is Not an Indispensable Party to Plaintiffs' Breach of Contract Claims.*

Plaintiffs have sued Defendants for breach of the parties' written employment contract. (ECF No. 1 ¶¶ 82-88.) Plaintiffs do not allege that the Department of Labor was a party to the employment contracts and Defendants do not claim otherwise.[3] This alone indicates Defendants' motion is doomed as it would be error to find a noncontracting party 'necessary' to this contractual dispute. *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 484 (7th Cir. 2001) (finding district court erred because "when a person is not a party to the contract in litigation and has no rights or obligations under that contract . . . the absentee will not be regarded as an indispensable party in a suit to determine obligations under the disputed contract.") (*citing*

---

[3] Defendants cite a Department of Labor, Employment and Training Administration regulation concerning DOL procedures for revocation of Department of Labor foreign labor certifications. 20 C.F.R. § 655.181 (cited by Defendants at ECF No. 16-1 at 6). The regulation sets forth procedures the Department of Labor will apply to revoke a labor certification. *See, e.g.*, 20 C.F.R. § 655.181(b)(1) (providing "[i]f the OFLC Administrator makes a determination to revoke an employer's temporary agricultural labor certification, the OFLC Administrator will send . . . a Notice of Revocation. The Notice will contain a detailed statement of the grounds for the revocation, and it will inform the employer of its right to submit rebuttal evidence[.]") Plaintiffs are not the "Department of Labor," they do not purport to send a "Notice of Revocation," nor do they seek to apply "DOL procedures for revocation." Rather, they seek the wages Defendants failed to pay them when they were employed pursuant to visas that have already expired and therefore could not be revoked even if the Department of Labor sought such an action. While it is unclear why Defendants cite this regulation governing inapplicable and moot administrative procedures, it is clear that it has no bearing on what constitutes a required party under Rule 19.

5

Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Fed. Prac. and Proc. Civil 3d*, § 1613 at 197 (2001)); *BFI Waste Sys. of N. Am., Inc. v. Broward Cnty., Fla.*, 209 F.R.D. 509, 516 (S.D. Fla. 2002) (rejecting Rule 12(b)(7) motion concerning noncontracting party because "[t]he Court cannot see how these agreements, which create no contractual rights in [the absent party], could be the source of a material interest . . . in this case"). While the employment contract, which also served as an interstate job clearance order, was reviewed by the U.S. Department of Labor, the Department of Labor is not a party to the contract. (ECF No. 1 ¶ 85.) "[T]hird parties claiming an interest" in the greater subject area of a contract dispute "are not 'required' parties to [a] breach of contract action" between the parties to the contract. *PHH Mortg. Corp*, 80 F.4th at 562 (reversing district court for abuse of discretion because "third parties claiming an interest in the [property] are not 'required' parties to this breach of contract action under Rule 19(a)."); *Golden v. Pickett*, 2015 U.S. Dist. LEXIS 194884, at *7 (N.D. Ala. Aug. 11, 2015) (denying motion to dismiss for failure to join third-party in a contractual dispute because third-party had "no legal 'interest in the action' because [they were] [] 'neither a party to, nor a third party beneficiary of' the agreement between [the plaintiff and defendant].")

Obviously, there is no such risk for Defendants that someone other than the Plaintiffs and the class members they seek to represent might assert claims here. Other courts to consider a claim like Defendants that the employer is not the party to be sued have rejected the claim. *See, e.g., Tijerina-Salazar v. Venegas*, 2022 U.S. Dist. LEXIS 99284, at *22 (W.D. Tex. June 3, 2022) (rejecting defendant's claim that suit should have been brought against the U.S. Department of Labor because "Plaintiff's claims rest upon FVS and Venegas's purported fraud conducted on both himself and the DOL. Thus, this action is not one brought against the DOL as an attempt to invalidate the administrative adjudication, but instead against Defendants under RICO and the FLSA for various frauds.") Defendants' motion here makes similar arguments to those rejected in *Tijerina-Salazar*. (ECF No. 16-1 at 6) (claiming simply that "[t]he Department of Labor has regulatory authority germane to Plaintiffs' assertions" and that it has a "substantial

6

interest in exercising regulatory oversight of the employment contracts").[4] While the Department of Labor may have knowledge, engage in "germane" rule-making, or have "regulatory oversight," that does not make them a necessary party, let alone an indispensable one. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 482 (7th Cir. 2001) (where a third-party is not a party to the contract in dispute the third-party "has no interest in the subject matter of this lawsuit" and it is error to find such a party indispensable).

    C.  *Defendants' Citations to Two Decisions Concerning Joinder of HUD are Unavailing.*

Defendants cite two decisions concerning the Housing and Urban Development agency to urge the Department of Labor is an indispensable party here. (ECF No. 16-1 at 5) (citing *Williamsburg Fair Hous. Comm. v. N.Y.C. Hous. Auth.*, 73 F.R.D. 381 (S.D.N.Y. 1976) and *Boles v. Greenville Hous. Auth.*, 468 F.2d 476 (6th Cir. 1972). Neither of those cases support Defendants' position. Indeed, courts in the Sixth circuit and courts in the Fifth circuit have declined to apply the *Boles* decision as Defendants urge here. *See e.g., Dorsey v. Tomkins*, 917 F. Supp. 1195, 1200 (S.D. Ohio 1996) (declining to find HHS an indispensable party); *see also Texas v. Ysleta Del Sur Pueblo*, 2016 U.S. Dist. LEXIS 70159, at *54 (W.D. Tex. May 27, 2016) (declining to add government as a defendant because "*Boles* does not establish that the United States is a required party under Rule 19(a)"). "Courts are called upon daily to interpret federal laws and regulations. An agency does not become an indispensable party merely because a memorandum of its interpretation of a federal statute becomes an issue in a case. The fact that an agency may be able to lend its expertise to the interpretation of laws or regulations does not mandate its joinder as an indispensable party." *Dorsey*, 917 F. Supp. at 1200 (determining Secretary of Health and Human Services not indispensable party). Simply because an agency has some involvement in a dispute is not enough to convert them into an indispensable party. *M.B.*

---

[4] Myriad federal agencies have regulatory authority that would be germane to thousands of lawsuits by private parties pending in federal courts every year. Defendants' argument essentially suggests that because of such regulatory authority and an interest in exercising regulatory oversight that those federal agencies should be joined in thousands of lawsuits as necessary and indispensable parties. Such an argument is simply not supported by any caselaw.

7

*Guran Co. v. City of Akron*, 546 F.2d 201, 204 n.3 (6th Cir. 1976) (no need to determine whether HUD was an indispensable party where plaintiff alleged that defendant was violating a HUD rule, not that HUD was violating its own rule); *State Farm Mut. Ins. Co. v. Elite Health Ctrs., Inc.*, 2017 U.S. Dist. LEXIS 82736, at *20 (E.D. Mich. May 31, 2017) (rejecting application of *Boles* and finding third-party not indispensable because "the mere fact that the Court may evaluate [the third party's] conduct in determining whether a fraudulent scheme exists, is insufficient to render [the third party's] interests more significant than those of a routine joint tortfeasor").

Similarly, Defendants' citation to the *Williamsburg Fair Housing Committee* decision is unavailing. While Defendants claim the allegations in that care are "parallel" to the allegations made here (ECF No. 16-1 at 5), they fail to note that the decision in Williamsburg Fair Housing is a consolidation decision where the Housing and Urban Development agency was named as a defendant as part of third-party complaint proceedings under Rule 14. *Williamsburg Fair Hous. Comm.*, 73 F.R.D. at 382 ("the intervenor-defendants' complaint states a cause of action which may be properly consolidated with the main action"). The decision does not contain any analysis under Rule 19 related to a failure to join an indispensable party in the original proceeding filed by the plaintiffs in that case. It was merely a decision to consolidate two separate actions where HUD was already named as a defendant, resulting in the *permissive* joinder of HUD to the original action. *Id.* It has not been followed as Defendants urge here to suggest joinder of a government agency is necessary in suits involving the agency's rules. *See, e.g., Arthur v. Starrett City Assocs.*, 89 F.R.D. 542, 547 (E.D.N.Y. 1981) (declining to require joinder of HUD because "defendants' scenario is too speculative to require the extreme sanction of dismissal or the involuntary joinder of HUD").

**II.     FLSA Willfulness Allegations Are Not Subject to Rule 9 as Defendants Claim**

The statute of limitations under the FLSA is two years, unless the Defendants' violations were willful, in which case the statute of limitations is increased to three years. 29 U.S.C. §

8

255(a). Plaintiffs have properly alleged that Defendants' violations of the FLSA were willful. (ECF No. 1 ¶¶ 39, 46-47, 80.) Defendants' claim that "[t]he pleading standard for FLSA willfulness is governed by Rule 9(b)" and their motion is premised on the assertion that willful violations are subject to "Rule 9(b)'s heightened standard for pleading[.]" (ECF No. 16-1 at 7.) However, FLSA willfulness allegations are not governed by the particularity standard found in Rule 9(b) for "Fraud or Mistake; Conditions of Mind." Fed. R. Civ. P. 9(b) (providing "a party must state with particularity the circumstances constituting fraud or mistake.")

Indeed, the plain language of Rule 9(b) expressly states that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Three circuit courts of appeal have held that FLSA willfulness allegations are not subject to the Rule 9(b) particularity pleading standard for fraud. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 903 (9th Cir. 2013); *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1300 (10th Cir. 2018); *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 323 (2d Cir. 2021). The Ninth Circuit declined a defendant's invitation to apply Rule 9(b) and held that "[a]t the pleading stage, a plaintiff need not allege willfulness with specificity." *Rivera*, 735 F.3d at 903. The Tenth Circuit has followed the Ninth and the Second Circuit and similarly declined to apply the particularity standard of Rule 9(b). *Fernandez* 883 F.3d at 1300 ("we follow the Ninth Circuit's lead in concluding that the allegation of willfulness [without particularity] suffices"); *Whiteside*, 995 F.3d at 323 (applying plausibility standard in Rule 8 but declining to apply Rule 9(b)'s particularity standard).

District courts have routinely rejected claims that a FLSA willfulness allegation, or one made under the related FMLA statute, must be pled with the particularity required for fraud. *Markovic v. Milos HY, Inc.*, 2023 U.S. Dist. LEXIS 131088, at *27-28 (S.D.N.Y. July 26, 2023) ("a FLSA complaint need not plead a violation with particularity, as under Federal Rule of Civil Procedure 9(b)."); *Settle v. S.W. Rodgers Co.*, 998 F. Supp. 657, 664 (E.D. Va. 1998) (ruling in FMLA suit that Rule 9(b) specificity standard did not apply because "a general averment as to willfulness should be sufficient to trigger the three-year limitations period"), *aff'd* 182 F.3d 909

9

(4th Cir. 1999); *Comer v. DIRECTV, LLC*, 2016 U.S. Dist. LEXIS 27842, at *34 (S.D. Ohio Mar. 4, 2016) (ruling in FMLA suit that the "[Plaintiff] technicians do not need to 'state [willfulness] with particularity,' because '[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally.'") (quoting Rule 9(b)); *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 589 F. Supp. 2d 1026, 1036 (E.D. Wis. 2008) (finding the "general assertion . . . is sufficient to satisfy the requirements of pleading a willful violation of the FLSA[.]"); *Amos v. Classic Dining Grp.*, LLC, 2021 U.S. Dist. LEXIS 261164, at *35 (S.D. Ind. Sep. 22, 2021) (rejecting motion to dismiss because for willfulness plaintiff need "only state a claim to relief that is plausible on its face").

Plaintiffs have pled that Defendants were familiar with the applicable visa program, ECF No. 1 ¶ 39, and that Defendants expressly attested they would comply with state and federal laws, including the regulatory requirements of the H-2A program, *Id.* ¶ 46. Plaintiffs also allege that the work performed was all non-exempt truck driving and subject to overtime. *Id.* ¶ 47. Plaintiffs allege this conduct amounts to willful violations of the FLSA. *Id.* ¶ 80.[5] This Court should reject Defendants' invitation to create a new standard for alleging willfulness and reject Defendants' claim that willfulness should have been alleged with the particularity required for pleading fraud.

### III. Plaintiffs' Claim for Contractually Promised Wages Under the LWPA Are Not Preempted.

Defendants' argument that the Plaintiffs' Louisiana Wage Payment Act (LWPA) claim is preempted by the FLSA is without merit and their motion to dismiss the claims should be rejected. Defendants' motion claims that LWPA claims "are preempted by the FLSA." (ECF No. 16 at 2.) Defendants' memorandum does not address what it believes to be Plaintiffs' LWPA

---

[5] Plaintiffs do also contend that Defendants deliberately sought to mislead the government about the nature of their business although this is not critical to the willfulness allegation. Defendants' misrepresentations are alleged in significant detail. (ECF No. 1 ¶¶ 43-45, ¶ 49.)

claim other than a reference to overtime pay and interstate commerce, ECF No. 16-1 at 10, but they appear to either misunderstand or misconstrue the nature of the LWPA claim. Plaintiffs seek relief under the LWPA on behalf of themselves and a class of similarly situated heavy tractor-trailer truck drivers for the Defendants' failure to pay "the amounts due each of them **under the terms of their employment contracts** within 15 days of their resignation or discharge," as required by La. Rev. Stat. 23:631(A)(1)(b). (ECF. No. 1 ¶ 91) (emphasis added). Defendants' motion assumes that this is a claim for overtime preempted by the FLSA, but nowhere in their LWPA count do the Plaintiffs mention the FLSA, the FLSA minimum wage, or overtime wages. Rather, Plaintiffs reference "the terms of their employment contracts" with the Defendants, (*Id.*), which they allege required them to be paid a higher wage rate than what Defendants paid. (ECF No. 1 ¶ 87) (stating that Defendants breached the employment contracts by, *inter alia*, "[f]ailing to pay the Plaintiffs and other class members the wage rate applicable to the jobs they performed, which was heavy tractor-trailer truck drivers").[6] As Plaintiffs allege in their Complaint, Defendants paid them the lower Adverse Effect Wage Rate for agricultural workers rather than the wage rate that was applicable to heavy tractor-trailer truck drivers, which in 2022, for example, was a difference *per hour* of $9.28. (ECF No. 1 ¶¶ 36-38.) It is that wage differential Plaintiffs seek to recover through their LWPA claim, as well as penalty wages pursuant to La. Rev. Stat. 23:632(A), and not minimum or overtime wages that may otherwise be recovered under the FLSA. *See* LWPA, La. Rev. Stat. 23:632(A) (requiring that upon discharge an employee be paid "the amount then due under the terms of employment"); *Cavin v. Westport*

---

[6] To be clear, the employment contracts also expressly promised to abide by federal laws, of which overtime pay under the FLSA would be included. (ECF No. 1 ¶¶ 46-47, 87.) Plaintiffs' LWPA claim does not seek the payment of any overtime wages, either based on the FLSA or based on the contractual promise by the Defendants to comply with federal laws.

11

*Linen Servs.*, 2018 U.S. Dist. LEXIS 243858, at *16 (M.D. La. Feb. 20, 2018) ("Where . . . the employee is seeking unpaid wages at his hourly rate under his terms of employment (i.e., an amount guaranteed by the LWPA, not the FLSA), federal law does not preempt the state law claim."). As such, FLSA preemption is inapplicable and Defendants' motion mischaracterizing the claim should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendants' motion be denied in its entirety. In the alternative, Plaintiffs request they be provided an opportunity to amend their Complaint to address any alleged deficiencies.

Dated: December 31, 2024            Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone: (828) 379-3169
Email: jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA 94710
Phone: (404) 590-1295
Email: dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email: dan@estesdavislaw.com