# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO ET AL | CASE NO. 6:24-CV-01392 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| SOUTH CENTRAL SUGAR CANE GROWERS ASSOCIATION INC ET AL | MAGISTRATE JUDGE CAROL B. WHITEHURST |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss, Alternative Rule 12(e) Motion for More Definite Statement, filed by Defendants, South Central Sugar Cane Growers' Association, Inc. and Sterling Sugars, LLC. (Rec. Doc. 16). Plaintiffs opposed the motion. (Rec. Doc. 19). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. The parties appeared for oral argument on February 10, 2025. Considering the pleadings, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that Defendants' motion be denied.

## Factual Background

According to the putative class action complaint, Defendants are sugar cane farmers who brought foreign Plaintiffs to Louisiana as truck drivers on H-2A

temporary visas. Plaintiffs allege that the Association, in submitting Plaintiffs' H-2A applications, falsely represented that Plaintiffs were agricultural workers when, in fact, they were employed to drive heavy trucks, thereby entitling them to greater benefits. Plaintiffs assert claims under the Fair Labor Standards Act (FLSA) for minimum wage and overtime violations (Count I), for breach of an employment contract (Count II), and for violations of the Louisiana Wage Payment Act (LWPA) (Count III). (Rec. Doc. 1).

Defendants move to dismiss Plaintiffs' claims on the grounds that Plaintiffs failed to name as a defendant the Department of Labor, which Defendants contend is an indispensable party. Defendants further urge dismissal on the grounds that Plaintiffs failed to allege facts sufficient to show Defendants willfully violated the FLSA. Last, Defendants move to dismiss Plaintiffs' LWPA claims as preempted by the FLSA. Alternative to dismissal, Defendants move for an order requiring Plaintiffs to amend the complaint and provide a more definitive statement of their claims. Plaintiffs oppose all grounds for dismissal.

## Law and Analysis

### I. Whether the DOL is an indispensable party.

F.R.C.P. Rule 12(b)(7) authorizes a court to dismiss an action for failure to join an indispensable party under Rule 19. The Fifth Circuit provided the following framework:

> Determining whether to dismiss a case for failure to join an indispensable party requires a two-step inquiry. First the district court must determine whether the party should be added under the requirements of Rule 19(a). Rule 19(a)(1) requires that a person subject to process and whose joinder will not deprive the court of subject-matter jurisdiction be joined if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.

*Hood ex rel. Mississippi v. City of Memphis, Tenn.,* 570 F.3d 625, 628 (5th Cir. 2009) (quotations and citations omitted).

As the party advocating joinder of the DOL, Defendants have the initial burden of showing that the DOL is a necessary party. Defendants contend the DOL is a necessary party because Plaintiffs' claims challenge its administrative actions. Plaintiffs claim that Defendants violated the minimum wage and overtime provisions of the FLSA (Count I), breached their employment contracts as allegedly set forth in Defendants' H-2A certification applications and orders (Count II), and violated the LWPA by failing to timely pay wages (Count III).

3

The Court first asks whether Plaintiffs can obtain complete relief among the existing parties in the absence of the DOL. The DOL would not be responsible for payment of wages, breach of contract damages, or penalties. This inquiry precludes joinder.

The Court next asks whether the DOL claims an interest relating to the subject of the action and whether it is so situated that disposing of the action without the DOL may: (i) as a practical matter impair or impede the DOL's ability to protect its interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Defendants argue the DOL's regulatory authority is germane to Plaintiffs' claims, because only the DOL has the authority to revoke an employer's temporary agricultural certification when its issuance was due to fraud or misrepresentation. 20 C.F.R. § 655.181.

Plaintiffs do not seek revocation of their visas. Although the DOL issued the contract governing Plaintiffs' work, Defendants concede the DOL is not a party to the contract. Additionally, Plaintiffs do not challenge any DOL regulation. Although Plaintiffs' claims implicate the DOL's regulatory authority, and Defendants' defense may rest upon DOL administrative governance, the DOL's interest in this case does not rise to the level of indispensability Rule 19(a) contemplates. Compare e.g. *Rogers v. B & B Vending Co.,* 250 F.2d 120, 121 (5th Cir. 1957) in which the

Secretary of Labor was an indispensable party in an employer's suit for declaratory judgment that it was not governed by the FLSA, and *Rio Hondo Harvesting Ass'n v. Johnson,* 290 F.2d 471, 474 (5th Cir. 1961) in which a DOL supervisor was an indispensable party in an employer's suit challenging a DOL finding. Plaintiffs' claims in this case are for payment of wages and penalties under the FLSA and pursuant to the terms of their alleged employment agreements.

In their briefing, Defendants relied on two non-circuit cases, *Williamsburg Fair Hous. Comm. v. New York City Hous. Auth.,* 73 F.R.D. 381 (S.D.N.Y. 1976), and *Boles v. Greeneville Hous. Auth.,* 468 F.2d 476 (6th Cir. 1972) finding that the Department of Housing and Urban Development (HUD) should or could have been joined. Notwithstanding these cases' non-precedential authority, both cases are factually and legally distinguishable. *Williamsburg* found that HUD could be named as a defendant in an existing defendant's third-party complaint, thereby addressing nonjoinder under Rule 21 and consolidation of actions under Rule 42, neither of which is a consideration here. *Williamsburg*, 73 F.R.D. at 384. *Boles* held that HUD was an indispensable party to the plaintiffs' claims which indirectly challenged a HUD administrative decision. *Boles*, 468 F.2d at 479. Neither *Williamsburg* nor *Boles* supports Defendants' arguments.

At oral argument, Defendants further argued the DOL is a necessary party, because Defendants' defense of Plaintiffs' claims hinges upon the DOL's

5

interpretation and application of a new department rule and related administrative guidance. They posit that they cannot obtain the evidence they need to justify their actions without the DOL. The Court disagrees. Any party may obtain pertinent documents and evidence from the DOL through ordinary procedures, such as through public records requests, discovery, and/or subpoenas. Otherwise, the Court appreciates no reason under Rule 19 that the DOL should be a party to this suit. Defendants' access to evidence and its defenses are better addressed through discovery motions and motions on the merits.

## II. Whether Plaintiffs stated a claim for willful violations of the FLSA.

Plaintiffs assert claims for violations of the FLSA minimum and overtime wage provisions. Such claims are subject to a two-year statute of limitations; however, plaintiffs who show that the employer's alleged violations were willful enjoy a three-year statute of limitations. 29 U.S.C. § 255(a). Defendants state, without supporting authority, that the pleading standard for FLSA willfulness is that of fraud, governed by Rule 9(b), which states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Defendants urge the Court to adopt a particularity pleading standard in determining the viability of a willfulness claim. Although the Fifth Circuit has not addressed this issue, other circuits have rejected a particularity requirement and

instead found that willfulness may be alleged generally, as a condition of a person's mind. *Rivera v. Peri & Sons Farms, Inc.,* 735 F.3d 892, 903 (9th Cir. 2013); and *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1300 (10th Cir. 2018), agreeing with the Ninth Circuit that "the allegation of willfulness suffices." Nevertheless, the plaintiff must plead willfulness with allegations beyond just the word. *Whiteside v. Hover-Davis, Inc.,* 995 F.3d 315, 323 (2d Cir. 2021). The pleadings must pass Rule 8's standard of plausibility:

> [W]e hold that the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleadings stage. Rather, a plaintiff must allege facts that permit a plausible inference that the defendant willfully violated the FLSA for that exception to apply. We decline to adopt a rule that would allow a claim that a complaint clearly shows to be out of time, to proceed through discovery upon the insertion of a single legal conclusion—indeed, a single word—into a complaint.

*Id.*, citations and quotations omitted.

Absent guiding Fifth Circuit authority, this Court adopts the foregoing plausibility standard for pleading willfulness under the FLSA. Plaintiffs allege that Defendants sought certification of H-2A visas for Plaintiffs in order to avoid the annual cap on the number of H-2B visas and in order to pay Plaintiffs less wages, despite Defendants' alleged knowledge that Plaintiffs would be working in a non-agricultural capacity. (Rec. Doc. 1, ¶40-45; 80). Defendants attempt to undermine the clarity of the complaint based on Plaintiffs' allegation that only the Association made false representations to the Government (Rec. Doc. 1, ¶2); however, the

complaint sufficiently alleges that the Association and Sterling Sugars were joint employers who were equally responsible for procuring Plaintiffs' visas and arranging their work. (¶24-26; 45-49). The Court finds Plaintiffs' succinct allegations state a plausible claim for willful violations. Defendants' motions to dismiss and for more definite statement should be denied in this regard.

### III. Whether the FLSA preempts Plaintiffs' LWPA claims.

Defendants last moved to dismiss Plaintiffs' LWPA claims as preempted by the FLSA. The FLSA preempts LWPA claims for overtime pay by employees engaged in interstate commerce. *Vasquez v. Welmer's Constr., LLC*, No. CV 20-679-RLB, 2021 WL 2193580, at *5 (M.D. La. Apr. 7, 2021), citing cases. Plaintiffs allege they were interstate commerce employees by virtue of their FLSA claims. See *id*.

Plaintiffs argued in opposition that they did not assert a claim for overtime pay under the LWPA. Rather, Plaintiffs' LWPA claim is based upon their alleged employment contract: "Defendants failed to pay the Plaintiffs…the amounts due each of them under the terms of their employment contracts within 15 days of their resignation or discharge, in violation of the LWPA[.]" (Rec. Doc. 1, ¶91). Failure to pay pursuant to an employment contract is a LWPA claim, La. R.S. 23:631(A)(1)(b), which exists independently of the FLSA. *Taylor v. S. LA Contractors, LLC*, No. CV 6:22-0217, 2022 WL 16570086, at *6 (W.D. La. Sept. 30, 2022), *report and recommendation adopted,* No. CV 6:22-0217, 2022 WL 16558732 (W.D. La. Oct.

8

31, 2022). *See also Kingsbery v. Paddison,* No. CV 20-3192, 2021 WL 1909727, at *6 (E.D. La. May 12, 2021) (finding the FLSA did not preempt plaintiff's distinct LWPA claims for unpaid wages under an employment agreement for and accrued vacation); *England v. Adm'rs of the Tulane Educ. Fund*, No. 16-3184, 2016 6520146 (E.D. La. Nov. 3, 2016) (FLSA did not preempt employee's LWPA claim for unpaid wages under the terms of a contract). The FLSA does not preempt Plaintiffs' particular LWPA claim for violation of an employment contract, a fact which Defendants conceded at the hearing. Defendants' motion to dismiss should be denied in this regard.

## **Conclusion**

For the foregoing reasons, the Court recommends that Defendants' Motion to Dismiss, Alternative Rule 12(e) Motion for More Definite Statement (Rec. Doc. 16) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 10th day of February, 2025.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE