UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, FELIPE DE JESUS SUAREZ-PALAFOX, And JUAN ALEJO HERNANDEZ-CANELA, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED | No: 6:24-cv-01392<br><br>JUDGE ROBERT R. SUMMERHAYS |
| V. | MAGISTRATE JUDGE CAROL B. WHITEHURST |
| SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., AND STERLING SUGARS, LLC | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

NOW INTO COURT, through undersigned counsel, come Defendants, South Central Sugar Cane Growers' Association, Inc. and Sterling Sugars, LLC, who file the following Answer and Affirmative Defenses in response to the allegations in the Complaint ("Complaint") filed by Plaintiffs Felipe de Jesus Avila-Soto, Felipe de Jesus Suarez-Palafox, and Juan Alejo Hernandez-Canela. Defendants deny each and every allegation set forth in the Complaint, except those which are herein expressly admitted and further represent that:

**PRELIMINARY STATEMENT**

1. To the extent the allegations in the first sentence of Paragraph 1 identify Plaintiffs as the parties bringing this lawsuit, those allegations are admitted. Defendants specifically deny that Plaintiffs are entitled to any recovery from Defendants under state or federal law. The remaining factual allegations in Paragraph 1 are denied as written.

2. The allegations in Paragraph 2 are denied.

3. The allegations in Paragraph 3 are denied for lack of information.

4. The allegations in Paragraph 4 are denied as written.

5. The allegations in Paragraph 5 are admitted.

6. The allegations in Paragraph 6 set out legal conclusions, to which no response is required. To the extent any response is required, those allegations in Paragraph 6 are denied.

7. To the extent the allegations in Paragraph 7 identify the forms of relief Plaintiffs seek Defendants deny that Plaintiffs are entitled to any form of relief or recovery from Defendants.

## JURISDICTION

8. The allegations in Paragraph 8 set out legal conclusions to which no response is required. The laws and regulations governing this Court's jurisdiction speak for themselves, and Defendants deny those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

9. The allegations in Paragraph 9 set out legal conclusions to which no response is required. The laws and regulations governing this Court's jurisdiction speak for themselves, and Defendants deny those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

10. The allegations in Paragraph 10 set out legal conclusions to which no response is required. The laws governing 28 U.S.C. §§2201 and 2202 speak for themselves, and Defendants deny those allegations in this Paragraph to the extent that they misstate these laws, regulations, and statutes. Defendants specifically deny Plaintiffs are entitled to any relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

11. To the extent the allegations in Paragraph 11 allege that Defendants conduct their business operations within Franklin, Louisiana, those allegations are admitted. The remaining

allegations of Paragraph 11 set out legal conclusions to which no response is required. The laws and regulations governing 28 U.S.C. §§1391(b) and (c) speak for themselves, and Defendants deny those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

## PARTIES

12. To the extent the allegations in Paragraph 12 allege that Plaintiff Jesus Avila-Soto worked for Defendants in 2022 and 2023 under the terms of H-2A visas, those allegations are admitted. The remaining allegations in Paragraph 12 are denied.

13. To the extent the allegations in Paragraph 13 allege that Plaintiff Jesus Suarez Palafox worked for Defendants in 2022, 2023, and 2024 under the terms of H-2A visas, those allegations are admitted. The remaining allegations in Paragraph 13 are denied.

14. To the extent the allegations in Paragraph 14 allege that Plaintiff Juan Alejo Hernandez-Canela worked for Defendants in 2022 and 2023 under the terms of H-2A visas, those allegations are admitted. The remaining allegations in Paragraph 14 are denied.

15. The allegations of Paragraph 15 set out legal conclusions, to which no response is required. To the extent any response is required, the laws governing 29 U.S.C. § 216 speak for themselves, and Defendants deny those allegations in this paragraph to the extent they misstate the requirements of this statute and/or the documents referenced in this paragraph.

16. The allegations in Paragraph 16 are admitted.

17. The allegations in Paragraph 17 are admitted.

18. The allegations in Paragraph 18 set out legal conclusions, to which no response is required. To the extent any response is required, the laws governing 29 U.S.C. § 203(s)(1)(A)

speak for themselves, and Defendants deny any allegations in this paragraph that misstate these laws, statutes, and regulations.

19. The allegations in Paragraph 19 are denied as written. Defendants admit that Plaintiffs applied for H-2A visas to enter the United States to work in jobs according to their visas.

20. The allegations of Paragraph 20 set out legal conclusions, to which no response is required. To the extent any response is required, the laws governing 29 U.S.C. § 203(e)(1) speak for themselves, and Defendants deny any allegations in this paragraph that misstate these laws, statutes, and regulations.

21. The allegations in Paragraph 21 set out legal conclusions, to which no response is required. To the extent any response is required, the laws governing 29 U.S.C. § 203(g) speak for themselves, and Defendants deny any allegations in this paragraph that misstate these laws, statutes, and regulations.

22. The allegations in Paragraph 22 are denied to the extent that they misstate the contents of the written employment contracts referenced therein.

23. The allegations in Paragraph 23 are denied as written.

24. The allegations in Paragraph 24 are denied as written.

25. The allegations in Paragraph 25 set out legal conclusions, to which no response is required. To the extent any response is required, those allegations are denied as written.

26. The allegations in Paragraph 26 are denied as written.

## FACTS
## THE H-2 VISA PROGRAMS

27. The allegations in Paragraph 27 set out legal conclusions to which no response is required. To the extent any response is required, the laws governing 8 U.S.C. §

4

1101(a)(15)(H)(ii)(a) and 8 U.S.C. § 1101(a)(1) speak for themselves, and Defendants deny those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

28. The allegations in Paragraph 28 set out legal conclusions to which no response is required. To the extent any response is required, the allegations in this paragraph are admitted.

29. The allegations in Paragraph 29 set out legal conclusions to which no response is required. To the extent any response is required, the laws governing 8 U.S.C. §§ 1101(a)(15)(H)(ii)(b) and 8 U.S.C. § 1101(a)(1) speak for themselves, and Defendants deny those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

30. The allegations in Paragraph 30 are denied as stated.

31. The allegations in Paragraph 31 set out legal conclusions to which no response is required. To the extent any response is required, the laws governing 20 C.F.R. § 655.122 speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

32. The allegations in Paragraph 32 set out legal conclusions to which no response is required. To the extent any response is required, the allegations in this paragraph are denied as written.

33. The allegations in Paragraph 33 set out legal conclusions to which no response is required. To the extent any response is required, the laws governing 20 C.F.R. §§ 655.120, 655.122(1), and 655.135(e) speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

34. The allegations in Paragraph 34 set out legal conclusions to which no response is required. To the extent any response is required, the allegations in this paragraph are denied as written.

35. The allegations in Paragraph 35 set out legal conclusions to which no response is required. To the extent any response is required, the allegations in this paragraph are denied as written.

36. The allegations in Paragraph 36 set out legal conclusions, to which no response is required. To the extent any response is required, the allegations in this paragraph are denied to the extent they are inconsistent with published AEWRs for the time periods at issue.

37. The allegations in Paragraph 37 set out legal conclusions to which no response is required. To the extent any response is required, the allegations in this paragraph are denied as written.

38. The allegations in Paragraph 38 set out legal conclusions, to which no response is required. To the extent any response is required, the allegations in this paragraph are denied as written.

### DEFENDANTS' PARTICIPATION IN THE H-2 VISA PROGRAMS

39. The allegations in Paragraph 39 are denied as written.

40. The allegations in Paragraph 40 are denied.

41. The allegations in Paragraph 41 are denied.

42. The temporary employment certification applications filed by Defendant South Central Sugar Growers' Association, Inc. in 2022, 2023, and 2024 evidence their contents, and Defendants deny the allegations in this paragraph to the extent that they misstate the contents of those documents.

43. The allegations in Paragraph 43 are denied as written.

44. The allegations in Paragraph 44 are denied as written.

45. The allegations in Paragraph 45 are denied as written.

46. The temporary employment certification applications filed by Defendant South Central Sugar Cane Growers' Association, Inc. speak for themselves, and Defendants deny those allegations in this paragraph to the extent that they misstate the contents of those applications.

47. The allegations in Paragraph 47 are denied.

48. The temporary employment certification applications referenced in this paragraph speak for themselves, and Defendants deny those allegations in this paragraph to the extent that they misstate the contents of those applications.

49. The allegations in Paragraph 49 are denied.

## THE RECRUITMENT AND VISA PROCESS

50. The allegations in Paragraph 50 are denied.

51. The allegations in Paragraph 51 are denied for lack of information.

52. The allegations in Paragraph 52 are denied for lack of information.

53. The allegations in Paragraph 53 are denied for lack of information.

54. The allegations in Paragraph 54 are denied for lack of information.

55. The allegations in Paragraph 55 are denied for lack of information.

56. The allegations in Paragraph 56 are denied for lack of information.

57. The allegations in Paragraph 57 are denied for lack of information.

58. The allegations in Paragraph 58 are denied for lack of information.

59. The allegations in Paragraph 59 are denied for lack of information.

60. The allegations in Paragraph 60 are denied for lack of information.

61. The allegations in Paragraph 61 are denied as written.

## COLLECTIVE ACTION/CLASS ACTION ALLEGATIONS

62. To the extent the allegations in Paragraph 62 allege that Plaintiffs purport to assert their FLSA claims as a collective action on behalf of other individuals who are allegedly similarly situated to Plaintiffs, those allegations require no response from Defendants. The Complaint speaks for itself. Any remaining allegations in this paragraph are denied.

63. The allegations in Paragraph 63 are denied.

64. The allegations in Paragraph 64 are denied.

65. The allegations in Paragraph 65 require no response from Defendants. The Complaint speaks for itself.

66. The allegations in Paragraph 66 require no response from Defendants. The Complaint and consent forms referenced therein are the best evidence of the claims and parties at issue, and Defendants deny any allegations that are inconsistent.

67. The allegations in Paragraph 67 set out legal conclusions, to which no response is required. To the extent any response is required, the allegations in this paragraph are denied.

68. The allegations in Paragraph 68 set out legal conclusions, to which no response is required. To the extent any response is required, Defendants admit only that the temporary employment certifications referenced in this paragraph speak for themselves, and Defendants deny the allegations in this paragraph to the extent to they misstate the contents of those certifications. Any remaining allegations in this paragraph are denied.

69. The allegations in Paragraph 69 set out legal conclusions, to which no response is required. To the extent any response is required, the allegations in this paragraph are denied.

70. The allegations in Paragraph 70 set out legal conclusions, to which no response is required. To the extent any response is required, the allegations in this paragraph are denied.

PD.48506633.1

71. The allegations in Paragraph 71 set out legal conclusions, to which no response is required. To the extent any response is required, the allegations in this paragraph are denied.

72. The allegations in Paragraph 72 set out legal conclusions, to which no response is required. To the extent any response is required, the allegations in this paragraph are denied.

73. The allegations in Paragraph 73 set out legal conclusions, to which no response is required. To the extent any response is required, the allegations in this paragraph are denied.

74. The allegations in Paragraph 74 set out legal conclusions, to which no response is required. To the extent any response is required, the allegations in this paragraph, including subparts (a) through (d), are denied.

## CAUSES OF ACTION

## COUNT I

**VIOLATIONS OF FAIR LABOR STANDARDS ACT**
**(Collective Action)**

75. The allegations in Paragraph require no response from Defendants. To the extent any response is required, Defendants incorporate by reference each of their responses to the preceding paragraphs of the Complaint.

76. The allegations in Paragraph 76 set out legal conclusions that require no response from Defendants.

77. The allegations in Paragraph 77 are denied.

78. The allegations in Paragraph 78 are denied.

79. The allegations in Paragraph 79 are denied.

80. The allegations in Paragraph 80 are denied.

81. The allegations in Paragraph 81 are denied.

## COUNT II

**BREACH OF EMPLOYMENT CONTRACTS**
**(Rule 23 Class Action)**

82. The allegations in Paragraph 82 are not directed at Defendants, and therefore, no response is required. To the extent any response is required, Defendants incorporate by reference each of their responses to the preceding paragraphs of the Complaint.

83. The allegations in Paragraph 83 require no response from Defendants. To the extent any response is required, Defendants submit that the Complaint speaks for itself and is the best evidence of the claims asserted.

84. The allegations in Paragraph 84 set out legal conclusions to which no response is required. To the extent any response is required, the allegations in this paragraph are denied.

85. The allegations in Paragraph 85 set out legal conclusions to which no response is required.

86. The allegations in Paragraph 86 are denied as written.

87. The allegations in Paragraph 87, including subparts (a) through (d), are denied.

88. The allegations in Paragraph 88 are denied.

## COUNT III

**VIOLATION OF LOUISIANA WAGE PAYMENT ACT**
**(Rule 23 Class Action)**

89. The allegations in Paragraph 89 are not directed at Defendants, and therefore, no response is required. To the extent any response is required, Defendants incorporate by reference each of their responses to the preceding paragraphs of the Complaint.

90. The allegations in Paragraph 90 require no response from Defendants. The Complaint is the best evidence of the claims asserted.

91. The allegations in Paragraph 91 are denied.

92. The allegations in Paragraph 92 are denied.

## PRAYER FOR RELIEF

Defendants deny Plaintiffs are entitled to any of the relief they seek in their prayer, paragraphs (a)-(j).

## AFFIRMATIVE DEFENSES

Defendants expressly reserve the right to file and assert any other defenses or assert further affirmative defenses that are or may become available or appear during subsequent proceedings in this action, or as may be established through discovery and/or by the evidence in this case. Defendants further reserve their right to amend this Answer to assert such defenses upon the discovery of further information regarding Plaintiffs' claims. In asserting these Affirmative Defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for relief against Defendants, and Plaintiffs have failed to allege sufficient facts to fulfill the elements of the claims for which they seek relief and have no right of action against these Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs cannot prove the existence of a contract entitling them to recovery for the assertions made in their Complaint.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs can prove the existence of a contract as alleged in their Complaint, which is specifically denied, Plaintiffs cannot prove Defendants breached the terms of that contract or otherwise engaged in any unlawful conduct.

## FOURTH AFFIRMATIVE DEFENSE

Defendants assert the affirmative defense of impossibility and/or impracticability of fulfilling their alleged contractual agreement with Plaintiffs, if any.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover any alleged damages (which alleged damages are expressly denied), if any, because such damages are uncertain, contingent, and/or speculative.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of error, mistake, and/or failure of consideration.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants assert that their liability (which liability is expressly denied), if any, is limited, such that Plaintiffs are not entitled to any nonpecuniary damages, incidental damages, exemplary damages, consequential damages related to any alleged agreements, liquidated damages, punitive damages, or any damages other than her alleged compensatory damages, if any. Defendants further specifically plead that Plaintiff is not entitled to recover attorneys' fees, and/or other litigation costs based on any claims alleged in their Complaint. Moreover, any alleged damages for stress, embarrassment, uncertainty, mental anguish, damage to reputation, and loss of enjoyment of life are not recoverable based on the causes of action pleaded by Plaintiffs.

PD.48506633.1

## EIGHTH AFFIRMATIVE DEFENSE

Defendants affirmatively aver that any equitable and/or monetary award which Plaintiffs may receive cannot exceed any limitations, if any, imposed by applicable statutes, statutory law, regulations, rules and/or decisional law.

## NINTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiffs' recovery, if any, must be limited to the extent they have failed to mitigate their damages, including, but not limited to, Plaintiffs' failure to seek other employment or otherwise failing to take prompt action.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have wholly failed to mitigate their damages (which alleged damages are expressly denied).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, the fact and extent of which Defendants deny, were proximately caused by intervening, superseding, and/or supervening acts or events for which Defendants have no responsibility.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs did not and could not have reasonably relied upon any acts, omissions, or representations of Defendants, to the extent any existed.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs relied upon any acts, omissions, or representations of Defendants (which is expressly denied), such reliance was not reasonable and/or did not cause detriment to Plaintiffs.

PD.48506633.1

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants affirmatively aver that should any of Plaintiffs' claims against Defendants be found frivolous, unreasonable or groundless, to have been brought in bad faith, or it is determined by the Court that Defendants' alleged acts or practices were not in violation of the law, Defendants are entitled to recovery of reasonable damages, under applicable law, incurred in the defense of such claims, including but not limited to, reasonable attorneys' fees and other costs.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants assert the affirmative defense of lack of consideration by Plaintiffs and affirmatively aver that to the extent any contract may have existed between or been contemplated by the Parties, Plaintiffs failed to give consideration agreed to for fulfillment of their part of the agreement.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants affirmatively aver that they have not breached any alleged obligations or duties allegedly owed to Plaintiffs, to the extent any exist.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims sued upon herein did not result from the fault, negligence, or lack of care of Defendants, or from the fault, negligence, or lack of care of any person, firm, or corporation for whose actions Defendants might be held liable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants deny any contractual or other legal duty to Plaintiffs in the absence of a contractual agreement between Plaintiffs and Defendants.

PD.48506633.1

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that some or all of Plaintiffs' claims are barred by the doctrine of acceptance by performance.

## TWENTIETH AFFIRMATIVE DEFENSE

Any alleged damages recoverable by Plaintiffs (which are expressly denied) are limited by the express terms and conditions of the alleged agreement they claim to have held with Defendants and to the extent Plaintiffs admit that they received the benefits as stated under the alleged contract.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants expressly deny that Plaintiffs sustained any injury or damages for which Defendants are responsible.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants assert the affirmative defense that Plaintiffs' claims are barred to the extent that they failed to satisfy all conditions precedent or statutory prerequisites under applicable law as well as under relevant jurisprudence.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants assert the affirmative defense of rescission and affirmatively aver that, to the extent any contract may have existed between or been contemplated by the parties, such contract or offer was rescinded by the parties prior to the alleged damage and claims made by Plaintiffs.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants assert the affirmative defense of unjust enrichment and affirmatively aver that, if Plaintiffs are granted relief that they have prayed for, the monies and equity interests granted to them (which should be denied) may be an unjust enrichment of them to the impoverishment of Defendants.

PD.48506633.1

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants' pay practices do not and at no time did violate the FLSA.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants did not willfully fail to pay overtime compensation to Plaintiffs or any persons allegedly "similarly situated" to them, as that term is defined in the FLSA.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Complaint does not appropriately define the class of individuals who are allegedly "similarly situated" to Plaintiffs or any current or former employee of Defendant, as contemplated by the requirements of Federal Rule of Civil Procedure 23.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, including their claims brought on behalf of persons allegedly "similarly situated" to them, are barred because any alleged acts or omissions by Defendants were in good faith and in conformity with and in reliance on applicable administrative regulations, orders, rules, approvals, interpretations, or administrative practices or enforcement policies of the U.S. Department of Labor with respect to the class of employers to which Defendants belong.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants at all times acted in good faith with reasonable grounds for believing that they acted in compliance with applicable law and, therefore, Plaintiffs' claims, including their claims brought on behalf of persons allegedly "similarly situated" to them, for liquidated damages are barred.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendants affirmatively aver that they did not show reckless disregard for whether their conduct was prohibited by the FLSA.

16

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, including their claims brought on behalf of persons allegedly "similarly situated" to them, are barred, in whole or in part, to the extent they include time and/or amounts that are not compensable under applicable law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, including their claims brought on behalf of persons allegedly "similarly situated" to them, are barred, in whole or in part, by the applicable statute of limitations.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, including their claims brought on behalf of persons allegedly "similarly situated" to them, are barred, in whole or in part, by the *de minimis* doctrine.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs, or persons allegedly "similarly situated" to them, sustained any damages, Defendants are entitled to an offset for any overpayment of wages, premium payments, or payment not for hours worked, or to prevent a windfall.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which attorneys' fees or costs can be awarded.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims in this case are not appropriate for collective action treatment under the FLSA.  Only individuals who meet the class definition should be allowed to seek recovery in this lawsuit.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims, and the claims of potential opt-in plaintiffs, are barred by preemption and by the doctrine of laches, waiver, res judicata, equitable estoppel, judicial estoppel, and/or collateral estoppel.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any overtime wages because they are statutorily exempt from overtime.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under the Louisiana Wage Payment Act are preempted by the Fair Labor Standards Act and other applicable federal laws.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs were at all times timely paid all wages due and owing under any employment arrangement had with Defendant.

**WHEREFORE**, Defendants pray that their Answer and Affirmative Defenses to Plaintiffs' Complaint be deemed good and sufficient, that their defenses be maintained, and that after due proceedings had, that there be judgment rendered herein in its favor and against Plaintiffs, dismissing the entirety of Plaintiffs' Complaint, with prejudice, at Plaintiffs' costs. Defendants also request that they be awarded their court costs, attorneys' fees, and any other legal, equitable or declaratory relief this Court may deem just and appropriate.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Brandon Davis*
Brandon Davis (La Bar #29823)
Marcellus D. Chamberlain (*Admitted Pro Hac Vice*)
Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
brandon.davis@phelps.com
marcellus.chamberlain@phelps.com
jennifer.clewis@phelps.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record/parties in this proceeding.

 */s/ Brandon E. Davis*
BRANDON E. DAVIS