UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, FELIPE DE JESUS SUAREZ-PALAFOX, and JUAN ALEJO HERNANDEZ-CANELA, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., AND STERLING SUGARS, LLC, <br><br> Defendants. | Case No. 6:24-cv-01392 <br><br> CLASS ACTION |

JOINT REPORT OF RULE 26(f) MEETING OF COUNSEL

On April 2, 2025, the parties conducted their Rule 26(f) meeting via telephone. Present on the call was James M. Knoepp for the Plaintiffs and Brandon Davis, Jennifer Clewis Thomas, and Molly McDiarmid for the Defendants. In accordance with Rule 26 the parties submit this Joint Report for the Court's consideration.

1. <u>Nature and Basis of the Claims and Defenses</u>.

<u>Plaintiffs</u>: Plaintiffs and other similarly situated workers were employed by Defendants pursuant to temporary visas and worked driving heavy tractor-trailer trucks hauling sugarcane from fields in Louisiana to Defendants' sugar cane mill in Franklin, Louisiana.

**Count I (FLSA)**

Plaintiffs allege that they and other similarly situated truck drivers were not paid as mandated by the FLSA because they regularly worked more than forty hours in a workweek without receiving time and a half overtime pay for those hours worked over forty in a workweek.

Plaintiffs also allege that they and others similarly situated were paid less than the FLSA minimum wage during their first workweeks each season based on the Defendants' failure to properly reimburse them for expenses they incurred to work for Defendants. For these violations, Plaintiffs seek their unpaid wages, plus an equal amount in liquidated damages, on behalf of themselves and others similarly situated who may opt-in to this case.

**Count II (Breach of Contract)**

Plaintiffs allege that they and other heavy tractor-trailer truck drivers employed by Defendants were not paid the wage rate applicable to heavy tractor-trailer truck drivers, in breach of their employment contracts. Instead, Plaintiffs and other heavy tractor-trailer truck drivers were paid a much lower Adverse Effect Wage Rate applicable to H-2A workers employed in agricultural occupations. Plaintiffs and other heavy tractor-trailer truck drivers maintain that they were not engaged in agricultural occupations within the meaning of the H-2A visa program and should have been paid a higher wage rate applicable to heavy tractor-trailer truck drivers.

Plaintiffs also allege that Defendants breached their employment contracts, and those of other truck drivers, by failing to comply with Federal and State laws as required by the contracts. Specifically, Plaintiffs allege that Defendants' failure to comply with the Federal law related to overtime, the FLSA, was a breach of the Plaintiffs' and other class members' employment contracts. Plaintiffs also allege that Defendants' failure to pay them and other truck drivers all wages they were due upon completing of their contracts as required by the Louisiana Wage Payment Act was also a breach of their employment contracts' promise to comply with all State laws.

Plaintiffs also allege that Defendants breached their employment contracts, and those of other truck drivers, by failing to pay them the required hourly rate for every hour of work during

their first workweek as a result of the Defendants' failure to properly reimburse Plaintiffs and other truck drivers for expenses they incurred to work for Defendants.

Plaintiffs seek damages as well as pre-judgment and post-judgment interest on behalf of themselves and a proposed class of other truck drivers employed by Defendants.

**Count III (Louisiana Wage Payment Act)**

Plaintiffs allege that Defendants violated the Louisiana Wage Payment Act (LWPA) by failing to pay them and other truck drivers all wages they were due under the terms of their employment contracts within 15 days of their resignation or discharge. Plaintiffs seek to recover their unpaid wages as well as penalty wages as authorized by the LWPA on behalf of themselves and a proposed class of other truck drivers employed by Defendants.

Defendants:

Defendants deny Plaintiffs' allegations, including that Defendants deny that Plaintiffs were improperly classified, deny that Plaintiffs are entitled to unpaid minimum wage or overtime payments, and deny that Defendants breached any applicable employment contracts. Instead, Plaintiffs accepted the terms of their contract after entering the United States by presenting H-2A visas at the point of entry and working for Defendants in the jobs authorized by their H-2A visas. Defendants assert that there is no basis for a finding of willfulness, particularly where Plaintiffs' representations were made in good faith. Defendants performed their contractual obligations in good faith and did not willfully violate the Fair Labor Standards Act. With respect to reimbursement of certain expenses, the parties have conferred and Defendants requested that Plaintiffs immediately provide information related to such expenses for settlement purposes.

2. Possibility of Prompt Settlement or Resolution of the Case

The parties discussed partial settlement of the case with respect to claims related to

expenses incurred by Plaintiffs and other truck drivers.  The parties intend to continue those discussion informally and may seek the assistance of a private mediator.

3.  <u>Disclosures under Rule 26(a)(1)</u>

The parties will exchange Rule 26(a)(1) disclosures on or before April 30, 2025.

4.  <u>Parties' Proposed Discovery Plan</u>

In accordance with Rule 26(f)(3) the parties submit the following Phase I discovery plan:

(A) Rule 26(a)(1) disclosures:  As mentioned, the parties propose to exchange those disclosures on or before April 30, 2025.

(B) Discovery subjects and whether discovery should be conducted in phases:  The parties propose to conduct discovery in phases, with Phase I focused on issues related to Fair Labor Standards Act (FLSA) collective action certification and Rule 23 class certification.  The parties propose a completion date of **September 5, 2025** for Phase I discovery, although it is understood that Plaintiffs intend to file their motion for FLSA collective action certification much earlier than September of 2025 due to concerns related to the statute of limitations of potential opt-in Plaintiffs.  The parties propose to meet and confer and submit a discovery plan for Phase II following rulings on Plaintiffs' motions for FLSA collective action certification and Rule 23 class certification.

(C) Issues related to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:  The parties did not identify any issues related to electronically stored information.  Plaintiffs understand that Defendants utilized an electronic timekeeping system to track hours and assist with payroll processing.  Plaintiffs believe that any timekeeping and payroll information that is stored electronically should be produced in its native format, without alterations of any kind.

(D) Issues related to claims of privilege or protection of trial-preparation materials:  None at this time.

(E) Changes to limitations on discovery:  None at this time.

(F) Any orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):  None at this time.

[SIGNATURE BLOCKS ON FOLLOWING PAGE]

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email:  dan@estesdavislaw.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA  94710
Phone: (404) 590-1295
Email:  dawson@dawsonmorton.com

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone:  (828) 379-3169
Email:  jim@dawsonmorton.com

Attorneys for Plaintiffs

AND

**PHELPS DUNBAR LLP**

*/s/ Molly C. McDiarmid*
Brandon E. Davis (La Bar #29823)
Molly McDiarmid (La Bar #36426)
Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Facsimile: 504-568-9130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
jennifer.clewis@phelps.com

Attorneys for Defendants