UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, et al. <br><br> Plaintiffs, <br><br> v. <br><br><br> SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., et al. <br><br> Defendants. | Case No. 6:24-cv-01392 <br><br> JUDGE ROBERT R. SUMMERHAYS <br><br> MAGISTRATE JUDGE CAROL B. WHITEHURST |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR 29 U.S.C. § 216(B) NOTICE TO SIMILARLY SITUATED WORKERS
AND FOR DISCLOSURE OF CONTACT INFORMATION**

## TABLE OF CONTENTS

STATEMENT OF FACTS 1

DISCUSSION 3

I. PLAINTIFFS MEET THE STANDARD FOR COLLECTIVE ACTION CERTIFICATION UNDER THE FLSA. 3

   A. Plaintiffs and Other H-2A Truck Drivers Have Similar, if not Identical, Factual and Employment Settings. 5

   B. Defenses that may be Asserted are not Specific to Individual Plaintiffs or Other Similarly Situated H-2A Truck Drivers. 5

   C. Collective Adjudication of the FLSA Claims of Plaintiffs and other Similarly Situated H-2A Truck Drivers is Fair and Procedurally Efficient. 7

II. PLAINTIFFS' PROPOSED NOTICE SHOULD BE APPROVED AND OTHER TRUCK DRIVERS GIVEN 90 DAYS TO FILE CONSENTS TO SUE. 8

III. INFORMATION NEEDED TO FACILITATE NOTICE 11

CONCLUSION 11

# TABLE OF AUTHORITIES

**CASES**

*Barron v. Sterling Sugar Sales Corp.*, No. 6:21-CV-03741, 2022 U.S. Dist. LEXIS 89904 (W.D. La. May 17, 2022) ............................................................................................ 8, 9, 10

*Barron v. Sterling Sugars Sales Corp.*, No. 6:21-CV-03741, 2025 U.S. Dist. LEXIS 178401, at *12-18 (W.D. La. Sept. 11, 2025) ........................................................................... 6

*Beukes v. Boehnke*, No. 24-cv-828 (JWB/DLM), 2024 U.S. Dist. LEXIS 180758 (D. Minn. Oct. 3, 2024) ............................................................................................................... 9

*Chaves v. Winn-Dixie Montgomery, LLC*, No. 16-1933 Section: A(3), 2018 U.S. Dist. LEXIS 247005 (E.D. La. Nov. 1, 2018) ............................................................................ 10

*Escobedo v. Dynasty Insulation, Inc.*, No. EP-08-CV-137-KC, 2009 U.S. Dist. LEXIS 66836 (W.D. Tex. July 31, 2009) ........................................................................................ 7

*Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528 (S.D. Tex. 2008) ............................................. 7

*Guilbeau v. Schlumberger Tech. Corp.*, No. SA-21-CV-0142-JKP-ESC, 2025 U.S. Dist. LEXIS 78855 (W.D. Tex. Apr. 25, 2025) ....................................................................... 10

*Hernandez v. Patricio*, No.: 5:23-cv-23, 2024 U.S. Dist. LEXIS 205915 (S.D. Ga. Aug. 13, 2024) ............................................................................................................... 5, 11

*Hoffman La-Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) ............................................. 3, 7

*Lopez v. Boykin Farms, Inc.*, No. 5:22-CV-491-BO-RN, 2023 U.S. Dist. LEXIS 191844 (E.D.N.C. Oct. 25, 2023) ...................................................................................... 9, 11

*Loy v. Rehab Synergies, LLC*, 71 F.4th 329 (5th Cir. 2023) ..................................................... 4

*Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) ............................................................. 4

*Perez-Benites v. Candy Brand, LLC*, No. 07-CV-1048, 2008 U.S. Dist. LEXIS 91402 (W.D. Ark. Oct. 31, 2008) ................................................................................................... 8

*Stringer v. Big Texan Steak Ranch, Inc.*, No. 2:23-CV-181-Z-BR, 2025 U.S. Dist. LEXIS 35271 (N.D. Tex. Feb. 27, 2025) ................................................................................. 10

*Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430 (5th Cir. 2021) ..................................... 3, 4

*Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001) ............................. 8

*Thomas v. Quikrete Co., LLC*, No. SA-23-CV-00638-FB, 2024 U.S. Dist. LEXIS (Dec. 3, 2024) ....................................................................................................................... 8

*Thrower v. UniversalPegasus Int'l, Inc.*, 484 F. Supp. 3d 473 (S.D. Tex. 2020) ........................ 10

*Tullous v. Texas Aquaculture Processing Co., LLC*, 579 F. Supp. 2d 811 (S.D. Tex. 2008)......... 6

*Wirtz v. Osceola Farms Co.*, 372 F.2d 584 (5th Cir. 1967)............................................................ 6

**STATUTES**

29 U.S.C. § 203(f) ........................................................................................................................... 6

29 U.S.C. § 213(b)(12) ................................................................................................................... 6

29 U.S.C. § 216(b) .......................................................................................................................... 3

**REGULATIONS**

29 C.F.R. § 780.133 ........................................................................................................................ 6

Plaintiffs are truck drivers brought to the United States by Defendants to work pursuant to the H-2A temporary foreign worker visa program hauling harvested sugarcane in semi-trucks within Louisiana. Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, by failing to pay them and other similarly situated heavy tractor-trailer truck drivers overtime wages when they worked more than 40 hours per workweek. (ECF No. 1 - Compl. ¶¶ 79). There is no dispute that Defendants considered the Plaintiffs and all other H-2A truck drivers exempt "agricultural workers" pursuant to the FLSA and therefore did not pay them overtime wages. (Defs.' Supp. Resp. to Pls.' Req. for Admis. No. 1) (attached as Ex. 6); (ECF No. 23 - Defs.' Answer at 18).

Plaintiffs move the Court for an order finding that they are similarly situated to Defendants' other H-2A truck drivers and authorizing the sending of notice. Plaintiffs seek Court approval for a notice to be issued to similarly situated workers defined as:

> **All individuals admitted as H-2A temporary foreign workers who were employed by Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at any time between 2022 and the present.[1]**

Plaintiffs additionally move the Court to order Defendants to provide Plaintiffs the names, foreign mailing addresses, email addresses, telephone numbers (U.S., foreign, cell phone, and WhatsApp), of the similarly situated H-2A truck drivers within fourteen (14) days in order to assist with the issuance of Notice electronically and by mail.

## STATEMENT OF FACTS

Plaintiffs are citizens of Mexico who were brought to the United States by Defendants as guest workers pursuant to the H-2A temporary foreign worker visa program and worked as truck

---

[1] Because the statute of limitations for FLSA claims is a maximum of three years Plaintiffs will only send notice to those individuals who meet this definition and were employed for at least one workweek that occurred within three years of the date Notice is distributed.

drivers hauling sugarcane for the Defendants in Louisiana. (ECF No. 1 - Compl. ¶ 1). In addition to their FLSA claim, Plaintiffs also allege breaches of their employment contracts and violations of the Louisiana Wage Payment Act. However, this motion pertains only to Count I of Plaintiffs' Complaint, alleging violations of the overtime provisions of the FLSA on behalf of themselves and other similarly situated workers.[2]

During the 2022-2025 sugarcane seasons, Defendants recruited more than 120 H-2A truck drivers from Mexico each year who were employed subject to the same terms and conditions set forth in the Defendants' applications for foreign workers submitted to the federal government, called an ETA-790. (Exs. 2-5) (ETA-790 applications completed by Defendants from 2022-2025 to obtain H-2A visas for the Plaintiffs and other truck drivers); *see also* Defs.' Supp. Resp. to Pls.' Interrog. No. 1 (stating that between 123 and 140 H-2A truck drivers were employed each season between 2022 and 2024) (attached as Ex. 7). The Plaintiffs and other H-2A truck drivers all performed the same job of hauling harvested sugarcane by semi-truck from fields in Louisiana to the sugar mill in Franklin, Louisiana operated by Defendant Sterling Sugars, LLC. (ECF No. 1 – Comp. ¶ 1); (Exs. 2-5 at Section H – "Job Duties") (using exact same language to describe job duties each year between 2022 and 2025); (Declaration of Plaintiff Felipe de Jesus Avila-Soto ¶¶ 3-4) (attached as Exhibit 8); (Declaration of Plaintiff Felipe de Jesus Suarez-Palafox ¶¶ 3-4) (attached as Exhibit 9).

Plaintiffs and other H-2A truck drivers regularly worked more than 40 hours in a workweek. (Ex. 8 – Avila-Soto Decl. ¶ 5 & attached paycheck stubs); (Ex. 9 – Suarez-Palafox Decl. ¶ 5 & attached paycheck stubs). Defendants' practice and policy, which is undisputed, was

---

[2] Plaintiffs will file a separate motion for class certification pursuant to Federal Rule of Civil Procedure 23 with respect to their breach of contract and Louisiana Wage Payment Act claims.

2

not to pay overtime wages to Plaintiffs and the other truck drivers because they believed all of the truck drivers were exempt from overtime. (Ex. 7 - Defs.' Supp. Resp. to Pls.' Interrog. No. 2) ("Employees who entered the United States to perform the job duty of operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill were not paid overtime pay."); (ECF No. 23 - Defs.' Answer at p.18) ("Plaintiffs are not entitled to any overtime wages because they are statutorily exempt from overtime."). Plaintiffs allege Defendants' practice and policy of not paying overtime violated the FLSA and that Defendants were legally required to pay overtime wages to all of the truck drivers. (ECF No. 1 - Compl. ¶ 79.)

## DISCUSSION

### I. PLAINTIFFS MEET THE STANDARD FOR COLLECTIVE ACTION CERTIFICATION UNDER THE FLSA.

The FLSA expressly authorizes workers to sue collectively on behalf of themselves and others "similarly situated" for violations of the minimum wage and overtime protections of the Act. 29 U.S.C. § 216(b); *Hoffman La-Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).[3] Unlike Federal Rule of Civil Procedure 23 class actions, each similarly situated employee in a FLSA collective action must "opt-in" by consenting in writing and filing a consent with the court to become a member of the suit. 29 U.S.C. § 216(b). Due to this distinction between a Rule 23 class and FLSA collective action, courts have held that the requirements of Rule 23 class actions do not apply to FLSA collective actions. *See Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430,

---

[3] Although *Hoffman La-Roche, Inc. v. Sperling* is an Age Discrimination in Employment Act (ADEA) case, its analysis is applicable to FLSA cases because both statutes contains a provision identical to Section 216(b) of the FLSA. *See Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430, 435 n.15 (5th Cir. 2021).

433 (5th Cir. 2021) (noting that collective actions under the FLSA proceed differently than "[t]raditional class actions" under Rule 23).

The Fifth Circuit in *Swales* clarified the standard that district courts should follow when determining whether to authorize the sending of notice to "similarly situated" individuals. *Id.* at 441 (rejecting the two-step "*Lusardi*" FLSA collective action certification process that was established in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)). Noting that district courts have "broad, litigation-management discretion" with respect to FLSA collective actions, the court in *Swales* held that "the FLSA's similarity requirement is something that district courts should rigorously enforce at the outset of the litigation." *Id.* at 443. The FLSA similarity inquiry should take place after preliminary discovery is authorized so that the Court can determine "whether merits questions can be answered collectively" and to "ensure[] that any notice sent is proper in scope." *Id.* at 441-42. The Fifth Circuit has since added that, "[w]hile *Swales* rejected *Lusardi's* two-step method of 'conditional certification' and notice followed by a motion to decertify, courts may still find it useful to consider the *Lusardi* factors to help inform or guide the similarly situated analysis given the similarities between *Swales* and *Lusardi's* second step." *Loy v. Rehab Synergies, LLC*, 71 F.4th 329, 336-37 (5th Cir. 2023). Those factors approved in *Loy* are: (1) the disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Id.* at 336 (citing *Swales*, 985 F.3d at 437). Here, Plaintiffs and other H-2A truck drivers employed by the Defendants to haul sugarcane meet the similarity requirements.

A. **Plaintiffs and Other H-2A Truck Drivers Have Similar, if not Identical, Factual and Employment Settings.**

There are no disparate factual or employment settings regarding the Plaintiffs and other H-2A truck drivers. All of Defendants' truck drivers worked pursuant to Defendants' H-2A visas, shared the same written employment contract and job title, employment terms, and all drove trucks hauling sugarcane in Louisiana to the sugar mill, also in Louisiana. (Exs. 2-5) (ETA-790 job orders). The truck drivers' H-2A visas were issued based on certifications that Defendants received from the federal government after they filed proposed job terms in a document known as Department of Labor ETA-790 job orders each year. The proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment. (Exs. 2-5) (ETA-790 job orders); *see also Hernandez v. Patricio*, No.: 5:23-cv-23, 2024 U.S. Dist. LEXIS 205915, at *6 (S.D. Ga. Aug. 13, 2024) (noting that H-2A workers were similarly situated because H-2A job order demonstrated that employer promised similar pay provisions to all members of the collective class).

With respect to how H-2A truck drivers were paid, there is no dispute that Plaintiffs and all other H-2A truck drivers regularly worked more than 40 hours in a workweek and that Defendants did not pay overtime wages to any of the H-2A truck drivers. (Ex. 6 - Defs.' Supp. Resp. to Pls.' Req. for Admis. No. 1); (ECF No. 23 - Defs.' Answer ¶ 5) (admitting paragraph from Complaint that "Defendants never paid Plaintiffs and others similarly situated overtime wages despite Plaintiffs and others similarly situated regularly working more than 40 hours each workweek").

B. **Defenses that may be Asserted are not Specific to Individual Plaintiffs or Other Similarly Situated H-2A Truck Drivers.**

The defenses Defendants have asserted in this case are collective in nature rather than unique to any individual Plaintiff or other H-2A truck driver. Defendants contend that all of the

5

truck drivers are exempt from overtime based on the FLSA's agricultural exemption. (Ex. 7 - Defs.' Supp. Resp. to Pls.' Interrog. No. 6) ("The contention that Plaintiffs were not entitled to overtime wages is based on 20 CFR 655.103(b) as well as 29 CFR Part 780."); (ECF No. 23 - Defs.' Answer at p.18) ("Plaintiffs are not entitled to any overtime wages because they are statutorily exempt from overtime."); *see* 29 U.S.C. §§ 203(f) (definition of agriculture), 213(b)(12) (exemption).) Plaintiffs allege that the truck drivers were not engaged in "agricultural" work within the meaning of the FLSA. (ECF No. 1 - Compl. ¶¶ 2, 41, 43-45.) A determination of whether the agricultural exemption applies does not turn on facts specific to individual truck drivers, but rather on the nature of Defendants' business. *See Wirtz v. Osceola Farms Co.*, 372 F.2d 584, 587-89 (5th Cir. 1967) (holding that drivers who hauled harvested sugarcane from fields to the sugar mill were not exempt from overtime under the FLSA's agricultural exemption because it was not done "on a farm" or by "farmers");[4] 29 C.F.R. § 780.133 ("The work performed by a farmers' cooperative association is not work performed 'by a farmer' but for farmers. Therefore, employees of a farmers' cooperative association are not generally engaged in any practices performed 'by a farmer' within the meaning of section 3(f)"); *see also Tullous v. Texas Aquaculture Processing Co., LLC*, 579 F. Supp. 2d 811, 817-19 (S.D. Tex. 2008) (analyzing the nature of the defendant cooperative association and determining that it did not meet the definition of agriculture for purposes of the overtime exemption because it was

---

[4] This Court recently held in a related case that H-2A truck drivers hauling sugarcane to the mill operated by Sterling Sugars, LLC were not exempt from overtime pursuant to the agricultural exemption, finding that the truck drivers' employer was not a "farmer" and the work of hauling "harvested sugarcane in heavy trucks over public roads between the farms and the Sterling mill was not work performed 'on a farm.'" *Barron v. Sterling Sugars Sales Corp.*, No. 6:21-CV-03741, 2025 U.S. Dist. LEXIS 178401, at *12-18 (W.D. La. Sept. 11, 2025) ("[T]his case falls squarely within the holding of the *Osceola Farms* case . . . .").

not "a farmer"). As such, the FLSA agricultural exemption either applies or does not apply with respect to *all* of Defendants' H-2A truck drivers.

> **C. Collective Adjudication of the FLSA Claims of Plaintiffs and other Similarly Situated H-2A Truck Drivers is Fair and Procedurally Efficient.**

Fairness and procedural considerations weigh heavily in favor of a finding that the Plaintiffs and other H-2A truck drivers are similarly situated and should receive notice of this action. As the Supreme Court stated, "[a] collective action allows [FLSA] plaintiffs the advantage of lower individual costs to vindicate rights by pooling resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity." *Hoffman-LaRoche*, 493 U.S. at 170.

As explained above, the facts and employment circumstances of the Plaintiffs and other H-2A truck drivers are overwhelmingly similar. They all drove heavy tractor-trailer trucks hauling harvested sugarcane to the sugar mill, had the same job duties, regularly worked more than 40 hours per week without receiving overtime pay, and worked under the same terms and conditions contained in written employment contracts. Given these similarities, as well as Defendants' claim that all of the H-2A truck drivers were exempt from overtime based on Defendants' interpretation of the FLSA agricultural exemption, it is more efficient and in the interest of judicial economy to have this matter resolved collectively rather than through multiple individual lawsuits. *See Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 541 (S.D. Tex. 2008) ("[G]iven the substantial similarity of the putative class members' claims, it certainly would not be in the interest of judicial economy to require the claims to be adjudicated in [hundreds of] individual trials."); *see also Escobedo v. Dynasty Insulation, Inc.*, No. EP-08-CV-137-KC, 2009 U.S. Dist. LEXIS 66836, at *29 (W.D. Tex. July 31, 2009) (noting the FLSA's remedial purposes and stating that "[i]f Defendant did indeed fail to pay overtime . . . then Defendant

retained income which belong to its former employees. Such failure is best remedied by allowing Plaintiffs . . . to vindicate their rights as a group.").

Courts routinely find truck drivers and H-2A workers are similarly situated and authorize notice be sent in actions alleging similar FLSA violations as those asserted here. *See, e.g., Thomas v. Quikrete Co., LLC*, No. SA-23-CV-00638-FB, 2024 U.S. Dist. LEXIS, at *5-6 (Dec. 3, 2024) (authorizing notice to truck drivers denied overtime pay where all drivers were "classified as exempt" and were "hired under a common job description and performed the same general job duties"); *Barron v. Sterling Sugar Sales Corp.*, No. 6:21-CV-03741, 2022 U.S. Dist. LEXIS 89904, at *16 (W.D. La. May 17, 2022) (authorizing notice to H-2A workers employed as truck drivers to haul sugarcane asserting claims for unpaid overtime). Whether the Defendants' policies and practices violated the FLSA are issues where the outcome will apply to all of the H-2A truck drivers since they were "victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion." *Perez-Benites v. Candy Brand, LLC*, No. 07-CV-1048, 2008 U.S. Dist. LEXIS 91402, at *8 (W.D. Ark. Oct. 31, 2008) (citing *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1106-08 (10th Cir. 2001)). Plaintiffs' motion should be granted authorizing notice to be sent to other H-2A truck drivers employed by the Defendants between 2022 and the present.

      II.    **PLAINTIFFS' PROPOSED NOTICE SHOULD BE APPROVED AND OTHER TRUCK DRIVERS GIVEN 90 DAYS TO FILE CONSENTS TO SUE.**

A copy of Plaintiffs' proposed notice is attached as Exhibit 1. Plaintiffs have also included the content of the body of their proposed emails and text messages/WhatsApp messages. Given that all of Defendants' truck drivers were H-2A workers from Mexico, Plaintiffs will send the notice in Spanish and will have it translated by a federal court certified interpreter once approved by the Court.

Postal mail service to workers in Mexico is often slow and sometimes unreliable. (Knoepp Decl. ¶ 3) (attached as Exhibit 10). Moreover, individuals who work on employment visas often migrate frequently and are therefore not always at their primary residence to receive postal mail. (Ex. 10 - Knoepp Decl. ¶ 4.) Over the last several years it has been much more common to communicate with individuals who migrate frequently with H-2A visas via text message and WhatsApp, and occasionally via email. (Ex. 10 - Knoepp Decl. ¶ 5.) Given this, Plaintiffs propose to send the notice via postal mail, email, text message/WhatsApp message, and by posting the notice on a website that would allow potential opt-in Plaintiffs to electronically sign their forms from the website.[5] These are all methods approved by other courts in the FLSA collective action context. *See, e.g.*, *Barron*, 2022 U.S. Dist. LEXIS 89904, at *11 (authorizing notice by mail, email, text, and WhatsApp to H-2A truck drivers where "workers who might become plaintiffs in this case are all persons who primarily reside out[side] of the United States"); *see also Beukes v. Boehnke*, No. 24-cv-828 (JWB/DLM), 2024 U.S. Dist. LEXIS 180758, at *20-22 (D. Minn. Oct. 3, 2024) (collecting FLSA cases related to electronic signatures and permitting electronic consent forms to be executed given the realities that H-2A workers may be away from their permanent residences for extended periods of time); *Lopez v. Boykin Farms, Inc.*, No. 5:22-CV-491-BO-RN, 2023 U.S. Dist. LEXIS 191844, at *10 (E.D.N.C. Oct. 25, 2023) (authorizing notice via text, WhatsApp, and website posting in case involving H-2A workers); *Thrower v. UniversalPegasus Int'l, Inc.*, 484 F. Supp. 3d 473, 489-90 (S.D. Tex.

---

[5] Plaintiffs intend to use a third-party administrator to assist with sending notice. The "website" would simply be a landing page set up by the administrator that would contain the FLSA Notice and opt-in form, as well as a copy of the Complaint. Because the notice is too long to send over text message/WhatsApp message, a link would be provided to the landing page where people could review the documents and electronically complete the opt-in form. The link would also be provided in the email notifications that are sent.

9

2020) (noting that first-class mail is "quickly fading into obscurity" and finding that notice via text would be "particularly useful . . . as the class involves pipeline workers who routinely travel for work and are way from their home for extended periods of time").

Plaintiffs propose that individuals be provided 90 days from the date the notice is sent to respond by sending/postmarking (or electronically signing) their opt-in form and ask the Court to approve this time frame. *See Guilbeau v. Schlumberger Tech. Corp.*, No. SA-21-CV-0142-JKP-ESC, 2025 U.S. Dist. LEXIS 78855, at *33 (W.D. Tex. Apr. 25, 2025) (affirming partial FLSA certification by magistrate and finding objection to 90-day notice period, reminder notice, and text notice "lack merit"); *Stringer v. Big Texan Steak Ranch, Inc.*, No. 2:23-CV-181-Z-BR, 2025 U.S. Dist. LEXIS 35271, at *16-17 (N.D. Tex. Feb. 27, 2025) (permitting 90-day opt-in period and reminder notice). This will allow sufficient time to work through any difficulties with returned mail or electronic messages and the possibility that potential opt-in Plaintiffs are migrating and/or have changed phone numbers and therefore do not promptly receive the notice. Plaintiffs' counsel will file a certificate of completion with the Court when the notices are sent and the 90-day opt-in period has begun. Plaintiffs also request they be permitted to send a reminder notice via text message/WhatsApp message 45 days after the original notice is sent. *See Barron*, 2022 U.S. Dist. LEXIS 89904, at *13 (noting that "reminder notices have been allowed in other cases" and authorizing reminder notice in similar case involving H-2A migrant truck drivers); *Chaves v. Winn-Dixie Montgomery, LLC*, No. 16-1933 Section: A(3), 2018 U.S. Dist. LEXIS 247005, at *3 (E.D. La. Nov. 1, 2018) (authorizing reminder notice due to "the remoteness of potential opt-in members").

### III. Information Needed to Facilitate Notice

Plaintiffs request that the Court order Defendants to provide Plaintiffs all names, addresses (U.S. and foreign), email addresses, telephone numbers (U.S., foreign, cell phone, and WhatsApp), of similarly situated H-2A truck drivers within fourteen (14) days in order to facilitate the issuance of the notice. Such information is routinely ordered produced in FLSA collective actions. *See Lopez*, 2023 U.S. Dist. LEXIS 191844, at *9 (names, U.S. and foreign addresses, cell phone and WhatsApp numbers in case involving H-2A workers); *Hernandez*, 2024 U.S. Dist. LEXIS 205915, at *8 (names, addresses, telephone numbers, WhatsApp contact information, email addresses in case involving H-2A workers). Plaintiffs request that Defendants be ordered to provide this information in electronic form, if available.

### CONCLUSION

In accordance with 29 U.S.C. § 216(b), Plaintiffs respectfully request that this Court authorize notice of this FLSA action and an opportunity to opt-in be sent to similarly situated H-2A truck drivers employed by the Defendants within the last three (3) years. To effectuate notice, Plaintiffs further request that this Court (1) approve the proposed collective action notice attached as Exhibit 1 and the Plaintiffs' proposed methods of distribution; (2) order Defendants, within fourteen (14) days of the Court's order, to produce all names, addresses (U.S. and foreign), email addresses, telephone numbers (U.S., foreign, cell phone, and WhatsApp), for all H-2A workers employed by Defendants as truck drivers within the last three (3) years; and (3) grant a period of 90 days from the date on which Plaintiffs send the notice for individuals to return their consent forms.

Respectfully submitted,

/s/ **James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757

11

*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone: (828) 379-3169
Email: jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA 94710
Phone: (404) 590-1295
Email: dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email: dan@estesdavislaw.com