# EXHIBIT 7

# DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, FELIPE DE JESUS SUAREZ-PALAFOX, And JUAN ALEJO HERNANDEZ-CANELA, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED | No:  6:24-cv-01392<br><br>JUDGE ROBERT R. SUMMERHAYS |
| V. | MAGISTRATE JUDGE CAROL B. WHITEHURST |
| SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., AND STERLING SUGARS, LLC | |

**DEFENDANTS' SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

NOW INTO COURT, through undersigned counsel, come Defendants, South Central Sugar Cane Growers' Association, Inc. ("SCSCGA") and Sterling Sugars, LLC, ("Sterling Sugars") who, without waiving any rights, objections, claims, privileges or defenses, pursuant to Rule 33 of the Federal Rules of Civil Procedure, submit the following Supplement Answers and Objections to Plaintiffs' First Set of Interrogatories, subject to the objections herein.

Defendants will supplement and/or amend these responses when more information is discovered.  Defendants' Supplemental Responses to Plaintiffs' First Set of Interrogatories are based on information now known to Defendants and without prejudice to Defendants' right to produce evidence or information discovered in the future.  Defendants do not concede the relevancy or materiality of the information sought in Plaintiffs' First Set of Interrogatories, nor do Defendants concede the relevancy or materiality of the subject matter at issue in Plaintiffs' First Set of Interrogatories.  Defendants do not waive questions and/or objections about the competency,

1

relevancy, materiality, privilege, or admissibility of documents or information identified herein.

Subject to the objections stated in response to each Interrogatory, Defendants respond as follows:

## SUPPLEMENTAL RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**

For each year between 2022 through the present, please state the number of individuals who were assigned to operate a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill as one of their job duties during any workweek during that year and identify each such individual.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to Interrogatory No. 1, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Interrogatory No. 1 requesting that Defendants answer before the time period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the time period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case.  In accordance with FRCP 33(b)(4), Defendant, Sterling Sugars, LLC cannot answer Interrogatory No. 1 due to lack of information.  Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer.  Defendant, South Central Sugar Cane Growers' Association, Inc. submits that the answer to Interrogatory No. 1 may be determined by examining, auditing, compiling, abstracting, or summarizing the U.S. Dept. of Labor's Job Offer Information, Form ETA-790A, Part A(8b), certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752 and the burden of deriving or ascertaining the answer by reading documents in Plaintiffs' possession will be substantially the same for either party.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Subject to the foregoing objections and supplementation, Defendant, South Central Sugar Cane Growers' Association, Inc. responds as follows:

2022: 132
2023: 140
2024 :132

**INTERROGATORY NO. 2:**

If South Central Sugar Cane Growers' Association, Inc. denied Plaintiffs' Request for Admission No. 1, please state the number of individuals who performed the job duty of operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill and identify those individuals who received overtime pay when they worked more than 40 hours in any workweek between October 10, 2022 through the present, broken down by year for each of the years between 2022 through the present, identify each such workweeks(s) by check date and pay period, in which those individuals received overtime pay.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant, South Central Sugar Cane Growers' Association, Inc. denied that between October 10, 2022 through the present South Central Sugar Cane Growers' Association, Inc. did not pay time and one half overtime pay to individuals employed by South Central Sugar Cane Growers' Association, Inc. who were assigned to perform the job duties of operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill also located in Louisiana when they worked for more than 40 hours in a given workweek.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Employees who entered the United States to perform the job duty of operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill were not paid overtime pay.

**INTERROGATORY NO. 4:**

For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please state your policy and/or practice between 2022 through the present with respect to reimbursement of those H-2A workers following their first workweek of employment for the costs of their hotel expenses while traveling to Louisiana, including time waiting for immigration, visa and consular processing in their country of origin, visa fees, border crossing fees, transportation costs, and costs associated with obtaining an international drivers' license to operate heavy tractor-trailer trucks. If your policy and/or practice was to not reimburse some or all of these expenses following the H-2A workers' first workweek, please so state. Please include in your response details with respect to how you calculated any reimbursement amounts paid to those H-2A workers with respect to these expenses, identify any documents used in those calculations, and identify the individuals who performed such calculations and those who have knowledge of the calculations performed. Please also identify, by check date and amount, the wage payments containing any reimbursements.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that it seeks information beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act

3

PD.50686014.1

(FLSA) and the Louisiana Wage Payment Act and/or because it seeks information from a period different than the period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Interrogatory No. 4 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot fairly answer Interrogatory No. 4 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and any certification that followed until October 10, 2024) does not identify Sterling Sugars, LLC as an employer. Defendant, South Central Sugar Cane Growers' Association, Inc. objects to Interrogatory No. 4 to the extent that it calls for a legal conclusion and denies any policy or practice that does not align with Federal Guest Labor Regulatory Guidelines. Subject to the foregoing objections and supplementation, Defendants reference Rule 33(d) of the Federal Rules of Civil Procedure and submits that the answer to Interrogatory No. 4 may be determined by examining, auditing, compiling, abstracting, or summarizing the U.S. Dept. of Labor's Conditions of Employment and Assurances for H-2A Agricultural Clearance Orders, Form ETA-790A, Part I, certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752 and the burden of deriving or ascertaining the answer by reading documents in Plaintiffs' possession will be substantially the same for either party.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Defendants reference Rule 33(d) of the Federal Rules of Civil Procedure and submits that the answer to Interrogatory No. 4 may be determined by examining, auditing, compiling, abstracting, or summarizing the U.S. Dept. of Labor's Conditions of Employment and Assurances for H-2A Agricultural Clearance Orders, Form ETA-790A, Part I, certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752. Defendant's policy was to comply with the *Conditions of Employment and Assurances for H_2A Agricultural Clearance Orders* pertaining to employee reimbursements.

**INTERROGATORY NO. 5:**

For H-2A workers employed between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please state the location or locations where those individuals were required to record their start and stop times for each work day.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 on the grounds that it seeks information beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act and/or because it seeks information from a period different than the period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful

4

violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Interrogatory No. 5 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case.  Defendant, Sterling Sugars, LLC cannot fairly answer Interrogatory No. 5 due to lack of information.  Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and any certification that followed until October 10, 2024) does not identify Sterling Sugars, LLC as an employer.  Defendant, South Central Sugar Cane Growers' Association, Inc. objects to Interrogatory No. 5 to the extent that it calls for a legal conclusion and denies suffering "workers employed" to operate at a location nor locations that did not align with Federal Guest Labor Regulatory Guidelines. Subject to the foregoing objections and supplementation, Defendants reference Rule 33(d) of the Federal Rules of Civil Procedure and submits that the answer to Interrogatory No. 5 may be determined by examining, auditing, compiling, abstracting, or summarizing the U.S. Dept. of Labor's Place of Employment Information, Form ETA-790A, Part C and Addendum B, certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752 and the burden of deriving or ascertaining the answer by reading documents in Plaintiffs' possession will be substantially the same for either party.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Timeclocks are located at 611 Irish Bend Road at Franklin, Louisiana.

**INTERROGATORY NO. 6:**

Please state any and all reason why you contend the Plaintiffs and other workers who operated heavy tractor-trailer trucks for the Defendants between October 10, 2022 through the present were "not entitled to any overtime wages because they are statutorily exempt from overtime", as stated in the Thirty-Eight Affirmative Defense contained in your Answer to the Compliant.  As part of your response to this interrogatory please provide citations to the exact sections of the statutes that you believe provide the exemption from overtime, state all material facts upon which you rely in support of this defense, and identify all documents which you contend support this defense.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant, Sterling Sugars, LLC cannot fairly answer Interrogatory No. 6 due to lack of information.  Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and any certification that followed until October 10, 2024) does not identify Sterling Sugars, LLC as an employer.  Defendant, South Central Sugar Cane Growers' Association, Inc. objects to Interrogatory No. 6 to the extent that contravenes FRCP 33(a)(2) by asking for a contention that relates to fact or the application of law to fact prematurely before the designated discovery is complete.  Defendant, South Central Sugar Cane Growers' Association, Inc. references Rule 33(d) of the Federal Rules of Civil Procedure and submits that the answer to

Interrogatory No. 6 may be determined by examining, auditing, compiling, abstracting, or summarizing the U.S. Dept. of Labor's certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752 and the burden of deriving or ascertaining the answer by reading documents in Plaintiffs' possession will be substantially the same for either party. Subject to the foregoing objection and supplementation, *see* 20 CFR 655.103(b).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

The contention that Plaintiffs were not entitled to overtime wages is based on 20 CFR 655.103(b) as well as 29 CFR Part 780.

**INTERROGATORY NO. 7:**

Please state any and all reasons why you contend that the claims of the Plaintiffs and other workers who operated heavy tractor-trailer trucks for the defendants between October 10, 2022 through the present are "barred, in whole or in part, by the de minimis doctrine" as stated in the Thirty-Third Affirmative Defense contained in your Answer to the Complaint. Identify how the doctrine applies to each claim asserted and state all material facts upon which you rely for this defense. Please also identify all documents upon which you rely for this defense or which you contend support this defense.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant, Sterling Sugars, LLC cannot fairly answer Interrogatory No. 7 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and any certification that followed until October 10, 2024) does not identify Sterling Sugars, LLC as an employer. Defendants object to Interrogatory No. 7 as overly broad and unduly burdensome, as it seeks "any and all reasons" for Defendants' contention, which may encompass a wide range of information which may not be capable of being itemized in the context of an Interrogatory answer beyond what is relevant to the claims and defenses in this case. Defendants further object to the request for "all material facts" and "all documents" upon which Defendants rely for this defense as vague, ambiguous, and disproportionate to the needs of the case, especially considering the time frame and scope of the information requested. The demand to identify how the doctrine applies to each claim and to provide comprehensive documentation imposes an excessive burden at this point in the discovery process. Further, Defendants assert that pursuant to Fed. R. Civ. P. 33(a)(2), such an interrogatory need not be answered until designated discovery is complete or until a pretrial conference or some other time. Subject to objection and supplementation, and upon information and belief, Plaintiffs entered the United States by presenting H-2A visas to work in jobs authorized by the U.S. Dept. of Labor's certification(s) H-300-22167-289377, H-300,23167-120446, and H-300-23167-126752.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

The defense is asserted on the grounds that Plaintiffs have not yet proffered evidence concerning reimbursements that are due and owing. Moreover, Plaintiffs were exempt from overtime pay such that their recovery (if any) is nominal based on the facts known to date.

**INTERROGATORY NO. 8:**

Please describe the management structure at Defendant South Central Sugar Cane Growers' Association, Inc. with respect to the employment of Plaintiffs and other H-2A workers who drove heavy tractor-trailer trucks for the defendants between October 10, 2022 through present, and specifically identify all of the Plaintiffs' supervisors, each individual who dispatched them or recorded their work, or who provided them daily instructions on where and when to perform their job duties. For each individual identified please state the person or company by whom those individuals were employed. Please also identify all individuals with knowledge of your response and identify all documents upon which you rely for your response.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant, Sterling Sugars, LLC cannot fairly answer Interrogatory No. 8 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and any certification that followed until October 10, 2024) does not identify Sterling Sugars, LLC as an employer. Defendants object to Interrogatory No. 8 as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Interrogatory requests a description of the "the management structure" and "specifically identify all of the Plaintiffs' supervisors" as well as "each individual who dispatched them or recorded their work, or who provided them daily instructions," which encompasses a wide range of information that exceeds the scope of relevance in comparison to the Complaint, which alleges Plaintiffs seek compensation for breach of contract. Furthermore, the Interrogatory's demand to identify "all individuals with knowledge of your response" and "all documents upon which you rely" is vague and ambiguous, making it difficult to ascertain the precise scope of information sought. This request imposes an excessive burden by potentially requiring an exhaustive review of all personnel and documentation related to the employment of H-2A workers over an extended period. Additionally, Defendants assert that the identification of individuals and documents in this context may involve privileged or confidential information, the disclosure of which could infringe upon privacy rights or proprietary interests. Subject to and without waiving the foregoing objections, Defendant, South Central Sugar Cane Growers' Association, Inc. is organized under the laws of the State of Louisiana and Ricky Gonsoulin is identified as Director.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Defendants reference Rule 33(d) of the Federal Rules of Civil Procedure and submits that the answer to Interrogatory No. 8 may be determined by examining, auditing, compiling, abstracting, or summarizing the U.S. Dept. of Labor's Place of Employment Information, Form ETA-790A, Part C and Addendum B, certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752 and the burden of deriving or ascertaining the answer by reading documents in Plaintiffs' possession will be substantially the same for either party. South Central Sugar Cane Growers' Association is organized pursuant to 20 CFR 655.103(b) and is

7

managed as an agricultural association. Plaintiffs were supervised by Leaders who operated the harvest group and managed employees in terms of dispatch and performance of job duties. The identities of Leaders will be confirmed and disclosed in response to Interrogatory No. 8. Defendant, South Central Sugar Cane Growers' Association, Inc. is organized under the laws of the State of Louisiana.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Brandon E. Davis*
Brandon E. Davis (La Bar #29823)
Molly McDiarmid (La Bar #36426)
Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Facsimile: 504-568-9130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
jennifer.clewis@phelps.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August 2025, I emailed the foregoing document to counsel to Plaintiffs.

James M. Knoepp (jim@dawsonmorton.com)
1612 Crestwood Drive
Columbia, SC 29205

Dawson Morton (dawson@dawsonmorton.com)
1808 Sixth St.
Berkeley, CA  94710

Daniel Davis (dan@estesdavislaw.com)
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA  70809

*/s/ Brandon E. Davis*
Brandon E. Davis (La. Bar #29823)

8

PD.50686014.1

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, FELIPE DE JESUS SUAREZ-PALAFOX, And JUAN ALEJO HERNANDEZ-CANELA, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED | No: 6:24-cv-01392<br><br>JUDGE ROBERT R. SUMMERHAYS |
| V. | MAGISTRATE JUDGE CAROL B. WHITEHURST |
| SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., AND STERLING SUGARS, LLC | |

## VERIFICATION

I, Randy Romero, the CEO of M.A. Patout & Son Limited, L.L.C., have read the foregoing Defendants' Answers, Supplemental Answers, Second Supplemental Answers, and Third Supplemental Answers to Plaintiffs' First Set of Interrogatories, and I affirm that the answers are true and correct to the best of my knowledge, information, and belief.

Executed this 14TH day of November, 2025

_____
Randy Romero

PD.50745466.1