# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **FELIPE DE JESUS AVILA-SOTO, AND OTHER SIMILARLY SITUATED** | **CIVIL ACTION NO. 6:24-CV-01392** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION AND STERLING SUGARS, LLC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR 29 U.S.C. § 216(B) NOTICE TO SIMILARLY SITUATED WORKERS AND FOR DISCLOSURE OF CONTACT INFORMATION**

## **TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| **I.** | **BACKGROUND.** | | 1 |
| **II.** | **LAW AND ARGUMENT.** | | 3 |
| | **A. Plaintiffs' Proposed Class Notice Definition is Overly Broad.** | | 3 |
| | | *i.* *Plaintiffs' Proposed Class Notice Definition is Overly Inclusive and Not Reflective of Plaintiffs' Allegations.* | 3 |
| | | *ii.* *Plaintiffs' Proposed Class Notice Definition Misapplies the Statute of Limitations in FLSA Collective Actions.* | 5 |
| | | *iii.* *Defendants' Proposed Notice.* | 8 |
| | **B. Plaintiffs' Means of Notice are Excessive and Should be Curtailed.** | | 9 |
| | | *i.* *"Reminder" Notices are Excessive and Unwarranted.* | 9 |
| **III.** | **CONCLUSION.** | | 11 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Basco v. Wal-Mart Stores, Inc.*,
  No. 00-3184, 2004 WL 1497709 (E.D. La. July 2, 2004) ...................................................... 4, 5

*Behnken v. Luminant Min. Co., LLC*,
  997 F. Supp. 2d 511 (N.D. Tex. 2014) .................................................................................... 10

*England v. New Century Fin. Corp.*,
  370 F. Supp. 2d 504 (M.D. La. 2005) ....................................................................................... 4

*Green v. Plantation of La., LLC*,
  No. 10-0364, 2010 WL 5256354 (W.D. La. Nov. 24, 2010) ..................................................... 5

*Guzelgurgenli v. Prime Time Specials, Inc.*,
  883 F. Supp. 2d 340 (E.D.N.Y. 2012) ..................................................................................... 10

*Hamm v. Acadia Healthcare Co.*,
  No. CV 20-1515, 2022 WL 2713532 (E.D. La. July 13, 2022) ................................................. 6

*Harris v. Fee Transp. Servs., Inc.*,
  No. 05-77, 2006 WL 1994586 (N.D. Tex. May 15, 2006) ........................................................ 5

*Hines v. Ironclad Energy, LLC*,
  No. 19-155, 2019 WL 5027021 (W.D. Tex. Aug. 23, 2019) ................................................... 10

*Knispel v. Chrysler Group LLC*,
  No. 11-11886, 2012 WL 553722 (E.D. Mich. Feb. 21, 2012) ................................................. 10

*Loy v. Rehab Synergies, L.L.C.*,
  71 F.4th 329 (5th Cir. 2023) ...................................................................................................... 4

*Mark v. Gawker Media LLC*,
  No. 13-cv-4347, 2014 WL 5557489 (S.D.N.Y. Nov. 3, 2014) ................................................ 10

*McKnight v. D. Houston, Inc.*,
  756 F. Supp. 2d 794 (S.D. Tex. 2010) ...................................................................................... 6

*Pelczynski v. Orange Lake Country Club, Inc.*,
  284 F.R.D. 364 (D.S.C. 2012) ................................................................................................... 5

*Robinson v. Ryla Teleservices, Inc.*,
  No. 11-131, 2011 WL 6667338 ............................................................................................... 10

*Sandoz v. Cingular Wireless LLC*,
 553 F.3d 913 (5th Cir. 2009) ..................................................................................................6, 10

*Santinac v. Worldwide Labor Support of Illinois, Inc.*,
 107 F. Supp. 3d 610 (S.D. Miss. June 2, 2015) .......................................................................10

*Smallwood v. Illinois Bell Tel. Co.*,
 710 F. Supp. 2d 746 (N.D. Ill. 2010) ........................................................................................10

*Swales v. KLLM Transp. Servs., L.L.C.*,
 985 F.3d 430 (5th Cir. 2021) ..................................................................................................4, 6

*Walker v. Honghua Am., LLC*,
 870 F. Supp. 2d 462 (S.D. Tex. 2012) .......................................................................................4

*In re Wells Fargo*,
 2013 WL 2180014 ....................................................................................................................10

*Witteman v. Wisconsin Bell, Inc.*,
 No. 09-440, 2010 WL 446033 (W.D. Wis. Feb. 2, 2010) ........................................................10

**Statutes**

29 U.S.C. § 216(B) ...................................................................................................................1, 5, 6

Fair Labor Standards Act ..................................................................................................................2

FLSA .................................................................................................................................... *passim*

Louisiana Wage Payment Act..........................................................................................................2

**Other Authorities**

Rule 23(c)..........................................................................................................................................6

NOW INTO COURT, through undersigned counsel, comes defendants, South Central Sugar Cane Growers' Association (the "Association") and Sterling Sugars, LLC (collectively, "Defendants"), who respectfully submit this Memorandum in Opposition to Plaintiffs' Motion for 29 U.S.C. § 216(B) Notice to Similarly Situated Workers and for Disclosure of Contact Information (the "Motion").[1]  Although Plaintiffs' Motion is largely undisputed, Defendants oppose portions of Plaintiffs requested relief to the extent Plaintiffs' proposed class definition is overly broad, misapplies the statute of limitations, and is confusing.

## I. BACKGROUND.

Plaintiffs, Felipe de Jesus Avila-Soto, Felipe de Jesus Suarez-Palafox, and Juan Alejo Hernandez-Canela ("Plaintiffs"), allege that they are foreign workers,[2] maintaining permanent residences in Mexico,[3] who were recruited and hired by the Association to work in the United States between 2022 and 2024, pursuant to the H-2A visa program, which "allows employers who meet specific regulatory requirements to bring foreign workers to the United States to fill temporary agricultural jobs."[4]  Plaintiffs further contend that they all worked as "heavy tractor-trailer" truck drivers[5] pursuant to "the terms of H-2A visas" in the following years: Plaintiff Avila-Soto alleged that he was employed in 2022 and 2023;[6] Plaintiff Suarez-Palafox alleged that he was employed in 2022, 2023, and 2024;[7] and Plaintiff Hernandez-Canela alleged that he was employed in 2022 and 2023, and that he was hired to work for the 2024 season.[8]

---

[1] R. Doc. 42.
[2] R. Doc. 1, ¶ 1.
[3] R. Doc. 1, ¶ 51.
[4] R. Doc. 1, ¶ 27.
[5] R. Doc. 1, ¶ 2.
[6] R. Doc. 1, ¶ 12.
[7] R. Doc. 1, ¶ 13.
[8] R. Doc. 1, ¶ 14.

The Association is an association of growers and harvesters who engage in the growing of sugar cane and other crops.[9] After sugar cane is harvested, it must be transported from the farm at which it is harvested to the sugar mill for processing. The Association member growers need laborers to haul the sugar cane from the individual farms to the mill, so in all relevant years, the Association sought and obtained temporary labor certifications from the United States Department of Labor for H-2A agricultural workers to transport harvested sugar cane to the mill.

Notwithstanding Plaintiffs' repeated applications to work for the Association and acceptance of the terms of those contracts, Plaintiffs now challenge the terms of their employment. On October 10, 2024, Plaintiffs filed their Complaint in this instant suit alleging violations of the Fair Labor Standards Act ("FLSA"), seeking to represent a collective action comprising "all individuals admitted as H-2A temporary foreign workers who were employed by Defendants driving heavy tractor-trailer trucks during the 2022, 2023, and/or 2024 seasons."[10] Plaintiffs also allege claims under the Louisiana Wage Payment Act and for breach of contract under state law.[11] The main disputes in this case stem from Plaintiffs' claims that they were misclassified as exempt agricultural workers and instead were owed overtime wages for hours worked in excess of forty in a workweek ("overtime claim'),[12] and that they were not properly reimbursed for pre-employment expenses, resulting in H-2A workers earning less than minimum wage for their first workweek ("reimbursement claim").[13] However, Plaintiffs now ask this Court to issue an order allowing them to notify other similarly situated workers specifically of their overtime claims arising under the FLSA.[14]

---

[9] Defendant, Sterling Sugars, LLC did not act as Plaintiffs' employer and did not petition the Department of Labor for any Temporary Labor Certifications.
[10] R. Doc. 1, ¶ 62.
[11] R. Doc. 1, ¶ 90.
[12] R. Doc. 1, ¶ 79.
[13] R. Doc. 1, ¶ 78.
[14] Plaintiffs have not included their reimbursement claim within their Motion.

2

## II.     LAW AND ARGUMENT.

Although Defendants dispute that Plaintiffs were improperly classified as exempt agricultural workers for purposes of overtime pay, Defendants do not contest that such question may be adjudicated on a class-wide basis. However, Defendants dispute the scope of Plaintiffs' proposed class and ask that this Court appropriately narrow the definition of similarly situated workers in its order granting Plaintiffs' leave to issue notice. Defendants further dispute the number of notices Plaintiffs now propose and ask that this Court appropriately limit the number of notices sent to those falling within Defendants' appropriately narrowed proposed definition of similarly situated workers.

### A. Plaintiffs' Proposed Class Notice Definition is Overly Broad.

In their Motion, Plaintiffs seek this Court's approval to issue notice to similarly situated workers, which Plaintiffs have defined in their Motion as:

> All individuals admitted as H-2A temporary foreign workers who were employed by Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at anytime between 2022 and the present.[15]

Plaintiffs' proposed definition of similarly situated workers (hereinafter the "Proposed Definition") is overly inclusive and not reflective of Plaintiffs' own allegations in the case. Further, Plaintiffs' Proposed Definition misapplies the statute of limitations in FLSA collective actions and is confusing as written. For these reasons, and those more fully addressed below, Plaintiffs' Proposed Definition must be appropriately narrowed prior to issuing notice.

### i.     *Plaintiffs' Proposed Class Notice Definition is Overly Inclusive and Not Reflective of Plaintiffs' Allegations.*

---

[15] R. Doc. 42, p. 1. Notably, Plaintiffs' Proposed Definition as contained in their Motion differs from the original proposed definition alleged in the Complaint, defining those similarly situated as follows:
> [A]ll individuals admitted as H-2A temporary foreign workers who were employed by Defendants driving heavy tractor-trailer trucks during the 2022, 2023, and/or 2024 seasons.

*See* R. Doc. 1, ¶ 62.

3

Plaintiffs' Proposed Definition is overly inclusive and not reflective of Plaintiffs' allegations because, as written, it would embrace workers who are not similarly situated to Plaintiffs. While Defendants do not dispute that Plaintiffs' overtime claim is susceptible to collective treatment, Plaintiffs' proposed definition must be narrowed prior to issuance of notice to adequately reflect Plaintiffs' allegations and ensure that all potential opt-in plaintiffs who receive notice are similarly situated to Plaintiffs.

Though FLSA collective actions are generally favored as a means to efficiently resolve claims involving common issues of law and fact among similarly situated employees,[16] a putative class should not be certified where a collective action would present "enormous manageability problems."[17] Where a putative class is too large and diverse, certification "would be an exercise in gross mismanagement of judicial and litigant time and money," ultimately defeating the FLSA collective action's core objective of enhancing judicial efficiency.[18] For this reason, certification must be limited only to those cases in which the named plaintiffs and the putative members of the prospective FLSA class are truly "similarly situated."[19] Accordingly, "the district court's job is ensuring that notice goes out to those who are 'similarly situated,' in a way that scrupulously avoids endorsing the merits of the case."[20] "To decide whether a group of employees is similarly situated, the district court must consider whether merits questions can be answered collectively."[21]

Plaintiffs' Proposed Definition, as written, embraces workers who transported sugar cane for either Defendant. However, Sterling Sugars, LLC never employed Plaintiffs and is not alleged

---

[16] *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 466 (S.D. Tex. 2012).
[17] *See Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709, at *8 (E.D. La. July 2, 2004) (finding that certification was inappropriate where the *Lusardi* factors supported the finding that the collective action would present enormous manageability problems due to there being no single decision, policy or plan at issue).
[18] *Basco,* 2004 WL 1497709, at *8.
[19] *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021); *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005).
[20] *Swales*, 985 F.3d at 440.
[21] *Loy v. Rehab Synergies, L.L.C.*, 71 F.4th 329, 336 (5th Cir. 2023) (internal citations omitted).

to have petitioned for any Temporary Labor Certification with the Department of Labor. Thus, to the extent Plaintiffs' Proposed Definition seeks to cover H-2A workers who were employed by a different defendant, by Plaintiffs' own allegations, they are not similarly situated. Workers for other employers would require a unique analysis as to both their exempt status and, if they are not exempt, whether and during what work weeks they are entitled to overtime wages, if any. This analysis is distinct from that which would be applicable to the named Plaintiffs, thereby defeating the purpose of proceeding collectively.[22]

Adopting such an overly broad definition would fundamentally undermine Plaintiffs' pursuit of collective action certification. By encompassing workers who do not share materially similar circumstances with Plaintiffs regarding their FLSA overtime claims, the proposed definition ignores the statutory requirement that only those similarly situated may proceed collectively. A definition so expansive to include individuals who worked for employers other than Plaintiffs invites unnecessary complexity and confusion, ultimately impeding the very objectives the collective action mechanism was designed to achieve.[23] To ensure fairness, judicial efficiency, and compliance with the FLSA, the class definition must be precisely tailored to reflect only those workers who truly share the Plaintiffs' allegedly unlawful conditions and claims.

    ii.    *Plaintiffs' Proposed Class Notice Definition Misapplies the Statute of Limitations in FLSA Collective Actions.*

---

[22] *See, e.g.*, *Harris v. Fee Transp. Servs., Inc.*, No. 05-77, 2006 WL 1994586, at *4 (N.D. Tex. May 15, 2006) ("[S]imply alleging violations of the law by the same employer is insufficient to justify a collective action.") (quoting *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)); *see also Green v. Plantation of La., LLC*, No. 10-0364, 2010 WL 5256354, at *7 (W.D. La. Nov. 24, 2010) (quoting *Harris*, 2006 WL 1994586, at *4); *Green*, WL 5256354, at *6 (W.D. La. Nov. 24, 2010) ("When job duties among potential members of the class vary significantly, class certification is inappropriate."); *Pelczynski v. Orange Lake Country Club, Inc.*, 284 F.R.D. 364, 368 (D.S.C. 2012) ("The goals of the § 216(b) collective action, as expressed by the Supreme Court in *Hoffmann–La Roche*, are not served here. At best, a collective action would present the same manageability difficulties that separate actions would. Plaintiffs' motion for conditional certification, therefore, is denied.").
[23] *See Basco*, 2004 WL 1497709, at *8.

5

Additionally, Plaintiffs' proposed class definition is overly inclusive in time. Specifically, the definition inappropriately spans a fixed period dating back to 2022 without accounting for the statute of limitations applicable to FLSA collective actions. Unlike a class action filed under Rule 23(c), a collective action under § 216(b) provides a procedure for a plaintiff to affirmatively notify the court of his intention to become party to the collective action by affirmatively opting-in.[24] Consequently, the statute of limitations in a collective action "runs from the opt-in date," and not from the date the named plaintiff originally filed his complaint.[25] Put differently, the statute of limitations for a putative class member's FLSA claims does not stop running until that individual plaintiff specifically opts-in to the action.[26]

Plaintiffs' request for approval to send notice to "similarly situated" workers employed "between 2022 to the present" is overly inclusive and therefore, must be limited because it ignores the critical fact that, under the FLSA, the statute of limitations for collective actions is calculated from the date an individual opts in and not the date the complaint was filed. Because the timing of notice approval and collective action certification remains uncertain, there is no way to accurately determine which workers' claims will be timely when notice is approved and the collective action certified.

As worded, Plaintiffs' proposed class definition impermissibly encompasses all workers employed within a fixed three-year period dating back from the filing of the Complaint, while also effectively capturing all workers employed during the time that has elapsed since this suit was initiated. This overreach risks including individuals whose employment falls outside the FLSA's

---

[24] *Swales,* 985 F.3d at 435 (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)); *see also McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 808 (S.D. Tex. 2010).
[25] *McKnight*, 756 F. Supp. 2d at 808.
[26] *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2009).; *see also Hamm v. Acadia Healthcare Co.*, No. CV 20-1515, 2022 WL 2713532, at *4 (E.D. La. July 13, 2022).

statutory limitations period, undermining both the integrity and efficiency of the collective action process. By failing to tie the notice period to the actual date of notice approval, Plaintiffs' definition invites the inclusion of claims that are already time-barred, directly contravening the FLSA's three-year limit. Such an approach not only risks disseminating notice to individuals with no viable claims, but it creates an overly expansive and imprecise class that could lead to confusion and judicial inefficiency.

Plaintiffs seemingly concede this issue in their Motion, by stating: "[a]lthough the similarly situated workers are defined as those employed by Defendants 'between 2022 and the present,' because of the FLSA statute of limitations the Notice will only be sent to individuals who were employed for at least one workweek within 3 years of the date that the Notice is disseminated."[27] At the very least, Plaintiffs' statement creates uncertainty regarding the intended scope of the Proposed Definition, as the footnote may very well contradict the plain language of Plaintiffs' Proposed Definition, depending on the date this Court approves and disseminates notice. If Plaintiffs intended for notice to only be sent to similarly situated workers employed within the three years preceding approval of the notice, as indicated in their footnote, then the inclusion of the year 2022, or any fixed-time period, in the Proposed Definition is unnecessary and serves only to create confusion.

Permitting Plaintiffs to proceed with their overly broad definition of "similarly situated" workers would risk sending notice to individuals whose claims may already be time-barred by the time notice is issued, undermining both fairness and judicial efficiency. Therefore, the temporal breadth of the collective action class must be limited commensurate with the date the collective action is certified, irrespective of the date Plaintiffs first filed suit on their own behalf. For this

---

[27] R. Doc. 42, p. 1 n.1.

reason, Plaintiffs' Proposed Definition, at the very least, must be narrowed in scope to include only those potential members of the collective action whose claims are not time-barred under the FLSA, under either the two-year or three-year statute of limitations.

### iii. Defendants' Proposed Notice.

Defendants respectfully submit that a more accurate and efficient class of persons to whom notice should be issued are:

> All individuals who applied at a U.S. Consulate for H-2A visas and were admitted to the United States to work as H-2A temporary foreign workers for South Central Sugar Cane Growers' Association, Inc. in the last three years, pursuant to the applicable job orders, whose primary employment activity while employed by South Central Sugar Cane Growers' Association, Inc. was to drive a tractor-trailer combination or a truck with a capacity of at least 26,001 pounds of Gross Vehicle Weight (GVW) to transport harvested sugar cane exclusively within the state of Louisiana and who claim they are owed unpaid wages.

This definition accounts for the fact that Plaintiffs all allege: (1) to have been employed primarily to drive heavy trucks that require a CDL license to operate, which are defined as a "tractor-trailer combination or a truck with a capacity of at least 26,001 pounds GVW"; (2) to have been employed as seasonal workers, and indeed claim to be similarly situated based on their being employed with the Association pursuant to specifically enumerated H-2A clearance orders; and (3) to have transported harvested sugar cane on the Associations behalf exclusively within the state of Louisiana.[28] Accordingly, Defendants' proposed class definition more accurately reflects Plaintiffs' stated claims and alleged employment activities in this case, remedies any confusion which may arise from the use of "Defendant," and ensures that the notice adequately applies the FLSA's statute of limitations. Therefore, issuance of Plaintiffs' notice must be limited only to

---

[28] Specifically, Plaintiffs' proposed definition simply requires that the current or former employee have driven "within the state of Louisiana." *See* R. Doc. 42, p. 1. But, for example, an employee who transported sugar cane in both Louisiana *and* Mississippi would nevertheless be included in Plaintiffs' definition and would likely be exempt from overtime pay pursuant to the Motor Carrier Exemption.

8

those workers falling within Defendants' appropriately narrowed definition of similarly situated workers.

### B. Plaintiffs' Means of Notice are Excessive and Should be Curtailed.

In addition to narrowing the scope of Plaintiffs' proposed notice definition, Plaintiffs' proposed means of notice must be limited as they are excessive and unwarranted. Plaintiffs request that they be permitted to issue notice by: (1) regular mail, (2) email, (3) text messages, and (4) WhatsApp messaging. Although Defendants do not oppose Plaintiffs request to issue the initial notice through these four separate means, Defendants contest Plaintiffs' request to issue additional "reminder" notices through each of these means because such additional notices would be excessive and unwarranted.

#### i. *"Reminder" Notices are Excessive and Unwarranted.*

In addition to issuing notice to putative class members by regular mail, email, text messages, and WhatsApp messaging, Plaintiffs also ask this Court to permit them to issue a "reminder" notice through mail, email, text message and WhatsApp messaging, which would effectively allow Plaintiffs to issue notice to a single individual *eight* different times.[29] Issuing eight separate notices to each potential opt-in plaintiff by sending both an initial notice through regular mail, email, text message, and WhatsApp and an additional "reminder" notice through the same means vastly exceeds what is necessary to adequately inform individuals about their rights and the ongoing litigation. The reason for this is twofold: First, the use of four distinct communication channels already provides comprehensive coverage, ensuring that class members

---

[29] Plaintiffs' Motion includes inconsistent representations regarding the method of reminder notifications and whether the notifications will be sent via mail, email, text and/or WhatsApp or just via text and/or WhatsApp. (*Compare* R. Doc. 42-1, p. 2 *with* R. Doc. 42-2, p. 10).

are highly likely to receive the information directly to their homes, computers, and cell phones.[30] Second, under the FLSA's collective action framework, participation is strictly voluntary and requires affirmative opt-in.[31] Therefore, "any plaintiffs who cannot be reached will not have their legal rights altered by their inaction."[32] Given these factors, repeated notice beyond the initial communication through multiple methods serves only to "stir up" litigation through unwarranted solicitation—a practice which "[c]ourts have a responsibility to avoid."[33] This is particularly true as it could unduly burden employers and encourage frivolous claims.

Plaintiffs simply have not offered any viable reason why these four separate means of notice are inadequate and require the additional step of sending four reminders. Issuing notice through regular mail, email, text message, and WhatsApp messaging is sufficient to ensure those who fall within the appropriate class definition receive notice of the claims in this case directly, without the need for an additional reminder notice. Additionally, as stated above, any plaintiff who cannot be reached will not have their legal rights altered, as the notice is merely a procedural mechanism which does not have the ability to substantively create or take away a plaintiff's rights

---

[30] *See, e.g., Santinac v. Worldwide Labor Support of Illinois, Inc.*, 107 F. Supp. 3d 610, 618-19 (S.D. Miss. June 2, 2015) ("[P]laintiff has 'not identified any particular reason why a reminder notice is necessary to ensure sufficient notice under the circumstances of this case.' The Court therefore denies [Plaintiff's] request without prejudice to Santinac to later file a motion requesting that the reminder noticed be sent if there is a compelling reason to do so."); *In re Wells Fargo*, 2013 WL 2180014, at *3 (denying plaintiff's request for a reminder notice as unnecessary and inappropriate); *Guzelgurgenli v. Prime Time Specials, Inc.*, 883 F. Supp. 2d 340, 357-58 (E.D.N.Y. 2012) (denying request for reminder notice because plaintiff failed to identify any reasons why such notice was necessary under the particular circumstances of the case); *Witteman v. Wisconsin Bell, Inc.*, No. 09-440, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010); *Knispel v. Chrysler Group LLC*, No. 11-11886, 2012 WL 553722, at *8 (E.D. Mich. Feb. 21, 2012) ("There shall not be any 'reminder notice' provided. Plaintiffs have requested such reminder notices in other cases in this district and those requests have been denied because they are unnecessary and could potentially be interpreted as encouragement by the Court to join the lawsuit."); *Robinson v. Ryla Teleservices, Inc.*, No. 11-131, 2011 WL 6667338, at *4 n.7 S.D. Ala. Dec. 21, 2011) (adopting the reasoning in Witteman and denying the plaintiffs' request to send a reminder notice to the putative class); *Smallwood v. Illinois Bell Tel. Co.*, 710 F. Supp. 2d 746, 753-54 (N.D. Ill. 2010); *Hines v. Ironclad Energy, LLC*, No. 19-155, 2019 WL 5027021, at *3 (W.D. Tex. Aug. 23, 2019) ("The Court finds that Plaintiffs have not demonstrated that a reminder notice is necessary to ensure sufficient notice to potential class members of their right to opt-in, particularly in light of Plaintiffs' planned notice via U.S. mail, email, and text message.").
[31] *See Sandoz*, 553 F.3d at 916.
[32] *Mark v. Gawker Media LLC*, No. 13-cv-4347, 2014 WL 5557489, at *4 (S.D.N.Y. Nov. 3, 2014).
[33] *Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 516 (N.D. Tex. 2014).

pursuant to the FLSA. Accordingly, this Court should limit notice only to the four initial notices Plaintiffs' seek to send by regular mail, email, text message, and WhatsApp messaging and deny Plaintiffs' request to issue "reminder" notices.

### III. CONCLUSION.

For the foregoing reasons, Defendants respectfully submit that notice in this case should be limited to:

> All individuals who applied at a U.S. Consulate for H-2A visas and were admitted to the United States to work as H-2A temporary foreign workers for South Central Sugar Cane Growers' Association, Inc. in the last three years, pursuant to the applicable job orders, whose primary employment activity while employed by South Central Sugar Cane Growers' Association, Inc. was to drive a tractor-trailer combination or a truck with a capacity of at least 26,001 pounds of Gross Vehicle Weight (GVW) to transport harvested sugar cane within the state of Louisiana and who claim they are owed unpaid wages.

Defendants offer only minor changes to Plaintiffs' proposed notice, and further aver that notice via regular mail, email, text message, and WhatsApp message is sufficient to ensure that notice is received by the intended employees, without the need for a "reminder" notice, and will ensure that the equitable aims of the FLSA are achieved, while likewise accounting for the privacy rights of the notice's potential recipients and the Association's right to operate its business with limited disruption during the pendency of this litigation.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _/s/ Molly C. McDiarmid_
     Brandon E. Davis Bar Roll No. 29823
     Molly McDiarmid Bar Roll No. 36426

                    Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
                    365 Canal Street, Suite 2000
                    New Orleans, Louisiana 70130
                    Telephone: 504-566-1311
                    Facsimile: 504-568-9130
                    brandon.davis@phelps.com
                    molly.mcdiarmid@phelps.com
                    jennifer.clewis@phelps.com

**ATTORNEYS FOR DEFENDANTS, SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION AND STERLING SUGARS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of records/parties in this proceeding.

                    */s/ Molly C. McDiarmid*