UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, et al. | )<br>)<br>) Case No. 6:24-cv-01392 |
| Plaintiffs, | )<br>) |
| v. | ) JUDGE ROBERT R. SUMMERHAYS<br>)<br>) MAGISTRATE JUDGE CAROL B.<br>) WHITEHURST |
| SOUTH CENTRAL SUGAR CANE<br>GROWERS' ASSOCIATION, INC., et al. | )<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR 29 U.S.C. § 216(B) NOTICE TO SIMILARLY SITUATED WORKERS AND FOR DISCLOSURE OF CONTACT INFORMATION**

Defendants concede that Plaintiffs' motion should be granted because there is a group of similarly situated workers who should receive notice of this lawsuit and an opportunity to join. (ECF No. 45 at 3) ("Defendants do not contest that such questions [of whether workers were improperly classified as exempt for purposes of overtime pay] may be adjudicated on a class-wide basis."). The only issues remaining in dispute are (1) the definition of the class of similarly situated workers; and (2) whether Plaintiffs should be allowed to send a reminder notice to workers 45 days after the initial notice is sent. (ECF No. 45 at 3.)

**I.    PLAINTIFFS HAVE PROPERLY DEFINED THE CLASS OF SIMILARLY SITUATED WORKERS WHO SHOULD RECEIVE NOTICE.**

Plaintiffs seek approval to send notice to similarly situated workers defined as:

> **All individuals admitted as H-2A temporary foreign workers who were employed by Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at any time between 2022 and the present.**

1

Defendants object to the definition's use of the word "Defendants" because they claim that "Sterling Sugars, LLC never employed Plaintiffs" and that the proposed definition therefore "seeks to cover H-2A workers who were employed by a different defendant." (ECF No. 45 at 4-5.) There is no dispute that the Plaintiffs' and other truck drivers' direct employer was South Central Sugar Cane Growers' Association, Inc., but Plaintiffs have also alleged they and other H-2A truck drivers who hauled sugarcane were jointly employed by Sterling Sugars, LLC. (Complaint - ECF No. 1 ¶¶ 1-2, 12-14, 20-21, 23-26, 69, 76-81, 84.) Both the Fair Labor Standards Act and the H-2A program have long recognized that workers may be jointly employed by more than one entity. *See, e.g.*, *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1327-28 (5th Cir. 1985); *Hodgson v. Griffin & Brand, Inc.*, 471 F.2d 235, 237-38 (5th Cir. 1973); *Mendoza v. Essential Quality Constr., Inc.*, 691 F. Supp. 2d 680, 684-85 (E.D. La. 2010); 20 C.F.R. § 655.103 (setting forth definition of "joint employment" for purposes of the H-2A program). Notably, Defendants do not point to any way in which the application of a FLSA joint employment analysis will be different for any of the H-2A truck drivers such that they are not similarly situated. Defendants' position is that *none* of the truck drivers were employed by Sterling Sugars, LLC, whereas Plaintiffs allege that *all* of the truck drivers were jointly employed by Sterling Sugars, LLC. The Plaintiffs and other truck drivers are therefore similarly situated—they will all either be jointly employed by Sterling Sugars, LLC or none of them will, based on the same joint employment analysis.[1]

Defendants next argue that Plaintiffs' proposed definition misapplies the FLSA 3-year statute of limitations because its temporal scope is "2022 to the present" and that the definition

---

[1] Plaintiffs are not opposed to replacing the word "Defendants" with "South Central Sugar Cane Growers' Association, Inc. and/or Sterling Sugars, LLC."

"impermissibly encompasses all workers employed within a fixed three-year period dating back from the filing of the Complaint." (ECF No. 45 at 6-7.) Plaintiffs did not misapply the FLSA statute of limitations. Rather, Plaintiffs already agreed to send notice only to those individuals who had been employed at some point within 3 years of the date the notice was sent. (ECF No. 42 at 1 n.1.) Because Plaintiffs do not know when the notice may issue the definition as written in their motion is appropriate, but may easily be modified from "at any time between 2022 and the present" to "at any time within 3 years of the issuance of Notice."

      Defendants propose their own definition of similarly situated workers that is convoluted and confusing, and similar to proposed changes that were rejected by this Court in a closely related case involving H-2A sugarcane truck drivers, *Barron v. Sterling Sugars Sales Corp.*, No. 6:21-cv-03741, 2022 U.S. Dist. LEXIS 89904 (W.D. La. May 17, 2022). For example, Defendants seek to add information about workers' "primary employment activity," the gross vehicle weight of the trucks, a reference to the types of trucks driven, and that hauling occurred "exclusively" within the state of Louisiana even though Plaintiffs' definition specifically references "hauling within the state of Louisiana." These are all changes that were rejected by this Court in *Barron* as "unnecessary," "superfluous," and "confusing." *See id.* at *8. In addition, Defendants' proposal to add "[a]ll individuals who applied at a U.S. Consulate for H-2A visas and were admitted to the United States to work as H-2A temporary foreign workers" is unnecessary and overly complicated and is adequately encompassed within Plaintiffs' straightforward definition of workers "admitted as H-2A temporary foreign workers."

      Plaintiffs' definition accurately describes the similarly situated workers and should be adopted.

## II.     PLAINTIFFS SHOULD BE PERMITTED TO SEND REMINDER NOTICES.

Defendants only objection to Plaintiffs' methods of distributing notice is with respect to a proposal to send reminder notices at the half-way point of the FLSA opt-in period. (ECF No. 45 at 9.) Defendants argue, without further explanation, that the reminders unduly burden them and will "encourage frivolous claims." (ECF No. 45 at 10.) Logically though, a reminder sent to someone who has already been determined to be part of a group of similarly situated individuals entitled to opt-in would not therefore have a "frivolous claim" simply because they were reminded of the fact that they could join the lawsuit.

The Plaintiffs and other similarly situated truck drivers are, by definition, individuals from a foreign country who were employed on temporary H-2A visas and therefore migrate for work on a regular basis. Sending a reminder notice to individuals who may be away from home and do not have familiarity with the U.S. legal system is appropriate. Indeed, this Court authorized a reminder notice to H-2A sugarcane truck drivers in *Barron*, noting that "reminder notices have been allowed in other cases." *Barron*, 2022 U.S. Dist. LEXIS 89904, at *13; *see also Chaves v. Winn-Dixie Montgomery, LLC*, No. 16-1933 Section: A(3), 2018 U.S. Dist. LEXIS 247005, at *3 (E.D. La. Nov. 1, 2018) (authorizing reminder notice due to remoteness of potential opt-ins).

## CONCLUSION

Plaintiffs' motion should be granted, their previously submitted notice and methods of distribution approved, and Defendants should be ordered to produce the names and contact information for similarly situated workers.

Respectfully submitted,

**/s/ James M. Knoepp**

James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone: (828) 379-3169
Email: jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA 94710
Phone: (404) 590-1295
Email: dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email: dan@estesdavislaw.com