UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **FELIPE DE JESUS AVILA-SOTO, ET AL.** | **CIVIL ACTION NO. 6:24-CV-01392** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., ET AL.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

<u>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DEPOSITION TESTIMONY OF PLAINTIFFS, CANELA AND SOTO**</u>

## **TABLE OF CONTENTS**

I.   BACKGROUND ...................................................................................................1

II.  LAW AND ARGUMENT....................................................................................4

    a.    The Court should compel Canela to appear for deposition in Torreon, Mexico or the United States at Plaintiffs' expense. ............................5

    b.    The Court should compel Soto to appear and complete his deposition in Torreon, Mexico or the United States at Plaintiffs' expense. ........................................................................................................8

    c.    Defendants should be awarded costs and fees pursuant to Rule 37(a)(5)(A)...................................................................................................10

III. CONCLUSION ..................................................................................................11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Coleman v. Meridian Imaging, P.A.*,
   No. 3:24-CV-00156-DPJ-LGI, 2024 WL 5673337 (S.D. Miss. Nov. 15, 2024).......................8

*E.E.O.C. v. Greater Metroplex Interiors, Inc.*,
   No. 3-08-CV-1362-P, 2009 WL 412934 (N.D. Tex. Feb. 17, 2009)........................................5

*Hunter v. GEICO Gen. Ins. Co.*,
   No. CV 17-05070, 2018 WL 4352823 (E.D. La. Sept. 12, 2018) ..........................................10

*Karcioglu v. Adm'rs of the Tulane Educ. Fund*,
   No. CV 07-03352, 2008 WL 11354974 (E.D. La. May 19, 2008).................................4, 5, 11

*Kleppinger v. Texas Dep't of Transp.*,
   283 F.R.D. 330 (S.D. Tex. 2012)..............................................................................................8

*Nieman v. Hale*,
   No. 3:12-cv-2433-L-BN, 2014 WL 4375669 (N.D. Tex. Sept. 4, 2014) ...............................8, 9

*Pappas v. Liberty Mut. Fire Ins. Co.*,
   No. CV 23-70, 2024 WL 4863302 (E.D. La. May 15, 2024)...................................................9

*Robinson v. Dallas Cnty. Cmty. Coll. Dist.*,
   No. 3:14-CV-4187-D, 2016 WL 1273900 (N.D. Tex. Feb. 18, 2016) .....................................6

*Srebnik v. Dean*,
   No. 05 CV 01086 WYD MJW, 2006 WL 2331014 (D. Colo. June 20, 2006)......................5, 7

*Sullivan v. Helmerich & Payne Int'l Drilling Co.*,
   No. CIV.A. 07-08163, 2008 WL 3552582 (E.D. La. Aug. 11, 2008) ......................................9

*Touchet v. United Specialty Ins. Co.*,
   No. CV 24-1020, 2025 WL 3214086 (E.D. La. Nov. 18, 2025) ..............................................6

*Universal Ent. Corp. v. Aruze Gaming Am., Inc.*,
   No. 218CV00585RFBNJK, 2022 WL 17362676 (D. Nev. Nov. 30, 2022).............................8

**Statutes**

Fair Labor Standards Act ...............................................................................................................1

Louisiana Wage Payment Act........................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 26(b) .................................................................................................................4

Fed. R. Civ. P. 26(b)(1)..............................................................................................................4

Fed. R. Civ. P. 30(d)(1)..............................................................................................................8

Fed. R. Civ. P. 30(d)(2)..............................................................................................................9

Fed. R. Civ. P. 37(a)(1)(B) ........................................................................................................4

Fed. R. Civ. P. 37(a)(4) ..............................................................................................................8

Fed. R. Civ. Rule 37(a)(5)(A)..................................................................................................10

Federal Rules of Civil Procedure Rule 26 ...................................................................4, 5, 11

Federal Rules of Civil Procedure Rule 37 ...............................................................4, 6, 8, 11

Local Rule 37.1 ..........................................................................................................................1

Rule 30 .......................................................................................................................................4

Rule 30(a)(1)...............................................................................................................5, 7, 8, 10

Rule 30(d)(1) and Rule 30(d)(2) ..............................................................................................9

Rule 37(a)(5)(A) .................................................................................................................10, 11

Rule 37(a)(5)(A)(i)-(iii) ............................................................................................................11

Rule 37(d)(1)(A) ........................................................................................................................6

NOW INTO COURT, through undersigned counsel, come South Central Sugar Cane Growers' Association, Inc. and Sterling Sugars, LLC (collectively, "Defendants"), who pursuant to Rule's 30 and 37 of the Federal Rules of Civil Procedure and Local Rule 37.1, submit this memorandum in support of Defendants' motion to compel named plaintiff, Juan Alejo Hernandez Canela, to appear and provide deposition testimony, and named plaintiff, Felipe de Jesus Avila-Soto, to appear and complete his deposition testimony.

I. **BACKGROUND**

Plaintiffs, Felipe de Jesus Avila-Soto, Felipe de Jesus Suarez-Palafox, and Juan Alejo Hernandez-Canela ("Plaintiffs") filed this suit on October 10, 2024, alleging violations of the Fair Labor Standards Act ("FLSA") and seeking to represent a collective action comprising "all individuals admitted as H-2A temporary foreign workers who were employed by Defendants driving heavy tractor-trailer trucks during the 2022, 2023, and/or 2024 seasons."[1] Plaintiffs also allege claims under the Louisiana Wage Payment Act ("LWPA") and for breach of contract under Louisiana law.[2] The main disputes in this case stem from Plaintiffs' claims that they were misclassified as exempt agricultural workers who are owed overtime wages for hours worked in excess of forty in a workweek,[3] and that they were not properly reimbursed for pre-employment expenses, allegedly resulting in earnings less than the applicable minimum wage during their first workweek.[4]

---

[1] R. Doc. 1, ¶ 62.

[2] R. Doc. 1, ¶ 90.

[3] R. Doc. 1, ¶ 79.

[4] R. Doc. 1, ¶ 78.

1

Pursuant to this Court's scheduling order, discovery in this matter is set to conclude on February 23, 2026.[5] After conferring with Plaintiffs' counsel to establish mutually agreeable deposition dates for the named plaintiffs, Defendants scheduled the deposition of named plaintiff, Felipe De Jesus Suarez Palafox ("Palafox") for December 12, 2025, in Baton Rouge, Louisiana. Named plaintiff, Juan Alejo Hernandez Canela's ("Canela") deposition was also noticed for that same date and location.[6] Additionally, Defendants noticed named plaintiff, Felipe de Jesus Avila-Soto's ("Soto") deposition for December 16, 2025, in Torreon, Mexico.[7]

Palafox's deposition proceeded as scheduled in Baton Rouge on December 12, 2025.[8] However, before Canela's deposition commenced, Plaintiffs informed Defendants (on December 2, 2025) that Canela was ill and had already departed the United States and returned to Mexico, stating that he "…had an illness and has gone back to Mexico—we will not be able to produce him next week in Baton Rouge."[9] Given that Defendants had already completed the logistical arrangements to depose Soto in Torreon, Mexico on December 16, 2025, Defendants asked Plaintiffs to produce Canela at that time and location.[10] Yet, Plaintiffs never agreed to produce Canela at that convenient location and time. And Plaintiffs have not agreed to produce Canela since then.

Soto's deposition commenced in Torreon, Mexico on December 16, 2025, beginning shortly after 9:00 a.m. following Plaintiffs' counsel's request for a delayed start.[11] But Soto's

---

[5] R. Doc 33.

[6] *See* Exhibit A.

[7] *See* Exhibit B.

[8] *See* Exhibit C.

[9] *See* Exhibit D.

[10] *See* Exhibit D.

[11] *See* Exhibit E.

2

deposition was never completed, and fell apart after approximately three hours of significant discord between the translator and Plaintiffs' counsel concerning Plaintiffs' counsel's mistaken belief that the interpreter had translated inaccurately.[12]  When their disagreements reached an impasse, the interpreter stated, "I believe I should call my office and have another interpreter take over."  She immediately left the Soto deposition around 2:00 p.m. that afternoon.[13]  The parties then waited in the conference room in Torreon, Mexico for the following three hours, hoping the agency would send a replacement who was willing to complete the work.  No one from the agency was able to step forward.

While the parties waited, Defense counsel requested that Plaintiffs produce Soto the following day, or on any day through Friday, December 19, 2025.  Defendants also asked Plaintiffs to provide alternative dates for Soto to complete his testimony.  Critically, Defendants asked Plaintiffs to consider times that the parties might approach the Court for a status conference.  Plaintiffs declined, citing the reasons stated in the attached *pro se verbal*.[14]

After refusing to produce both Canela and Soto, Plaintiffs were brazen enough to propound discovery to Defendants on December 19, 2025.[15]  The parties conferred on January 9, 2026, in an attempt to resolve Defendants' discovery dispute concerning Soto's completion deposition, but were unsuccessful.[16]  Accordingly, Defendants now seek this Court's intervention to secure an order compelling Canela to appear and provide deposition testimony in the United States or in

---

[12] *See* generally Avila-Soto at pp. 8, 10, 11, 12, 13, 15, 16, 19, 20, 21, 22, 25, 27, 28, 33, 38, 39, 42, 50, 51, 62, 63, 67, 73, 74-84, 89-92, Exhibit F. (Plaintiffs' counsel's speaking objections and contest with translator over approximately 15 occasions).

[13] *See* Avila-Soto at p. 92, ln, 5-7; Exhibit G. (Notably, Defense counsel is not a native Spanish speaker and does not speak Spanish as a second language)

[14] *See* Exhibit H.

[15] *See* Exhibit I.

[16] *See* Exhibit J.

3

Torreon, Mexico, and compelling Soto to appear and complete his deposition in Torreon, Mexico or in the United States. Relief is warranted for the reasons set forth more fully below.

## II.     LAW AND ARGUMENT

Rule 26 of the Federal Rules of Civil Procedure provides that, unless otherwise limited by Court order, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.[17] Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.[18] "The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials."[19] Further, "it is well established that the scope of discovery is within the sound discretion of the trial court."[20] Importantly, when a party resists a discovery request, Rule 37 of the Federal Rules of Civil Procedure permits a party to move for an order compelling disclosure or discovery.[21]

Within the context of discovery, Rule 30 permits a party to take the deposition of another party.[22] While the party subject to the deposition notice may seek to quash the deposition in its entirety, it "has a heavy burden of demonstrating 'good cause' and 'a specific need for

---

[17] Fed. R. Civ. P. 26(b).

[18] Fed. R. Civ. P. 26(b)(1).

[19] *Karcioglu v. Adm'rs of the Tulane Educ. Fund*, No. CV 07-03352, 2008 WL 11354974, at *2 (E.D. La. May 19, 2008) (citing *Hebert v. Lando,* 441 U.S. 153, 176 (1979)).

[20] *Karcioglu*, 2008 WL 11354974, at *2 (quoting *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994)).

[21] Fed. R. Civ. P. 37(a)(1)(B).

[22] Fed. R. Civ. P. 30.

protection.'"[23] This is consistent with Louisiana federal courts' recognition of "the value in permitting a defendant to be afforded the first right to depose a plaintiff in the proceedings because the defendants should be permitted to inquire into a plaintiff's complaint."[24] Because the effective refusal to submit to a deposition, "forestalls the progress of discovery,"[25] such refusals have been found to contravene Rule 26, which "provides the trial court, not the parties, with the authority to control discovery."[26]

### a. The Court should compel Canela to appear for deposition in Torreon, Mexico or the United States at Plaintiffs' expense.

Rule 30(a)(1) permits Defendants to depose Canela, without leave of court, because of his party status.[27] "In-person depositions are the norm, and defendants are well within their rights to insist on having the opportunity to depose the plaintiff face-to-face."[28] Courts recognize that '[r]equiring a plaintiff to appear in-person for his deposition is reasonable because plaintiffs initiate the cause of action and choose the place of its bringing."[29] Further, "[t]he ability to observe the deponents' reactions is particularly important given that the requested depositions are of the plaintiffs."[30] Plaintiffs "cannot evade their obligation to appear by raising issues of inconvenience or expense without a showing of extreme hardship."[31] Canela's decision to depart the United

---

[23] *E.E.O.C. v. Greater Metroplex Interiors, Inc.*, No. 3-08-CV-1362-P, 2009 WL 412934, at *1 (N.D. Tex. Feb. 17, 2009) (quoting *Bucher v. Richardson Hospital Authority,* 160 F.R.D. 88, 92 (N.D.Tex.1994)).

[24] *Karcioglu*, 2008 WL 11354974, at *3.

[25] *Id*.

[26] *Id*.

[27] *See* Fed. R. Civ. P. 30(a)(1).

[28] *Srebnik v. Dean*, No. 05 CV 01086 WYD MJW, 2006 WL 2331014, at *1 (D. Colo. June 20, 2006) (quoting *Chiu v. Au*, No. 3:03-CV-1150 (RNC), 2005 WL 2452565, at *4 (D. Conn. Sept. 30, 2005).

[29] *Srebnik*, 2006 WL 2331014, at *1 (citing *United States v. Rock Springs Vista Development,* 185 F.R.D. 603, 604 (D.Nev.1999)).

[30] *Srebnik*, 2006 WL 2331014, at *1.

[31] *Id*. (citing *Rock Springs,* 185 F.R.D. at 604).

5

States, without notice, <u>after</u> his deposition was noticed to proceed in Baton Rouge, Louisiana, lacked an appropriate showing of the type of "extreme hardship" that might justify his conduct in this context.[32]

Though the terms of Rule 37 do not expressly "address a motion to compel a party to appear for a deposition,"[33] the "only recourse expressly provided under the Federal Rules for a party seeking another party's deposition is to properly notice the deposition and file a motion under Rule 37(d)(1)(A) if and when the deponent fails to appear."[34] As such, courts generally permit the filing of a motion to compel deposition testimony where a proper notice of deposition was sent, and the deponent failed to appear.[35] This is precisely the scenario at bar.

When arranging dates to secure Canela's testimony, the parties conferred and stipulated that Canela's deposition would proceed on December 12, 2025, in Baton Rouge, Louisiana.[36] Even though Canela's deposition was properly noticed, he fled the United States (without advance notice to Defendants) by December 2, 2025, and before Defendants could obtain his testimony per the parties' stipulation and the notice that was issued.[37] According to Plaintiffs, Canela has been located in Mexico for the past six weeks. It was reasonable that Defendants would ask that Plaintiffs produce Canela while all parties were in Torreon, Mexico during the week of December 15, 2025. Had he cooperated, Canela's testimony could have been secured without additional undue financial expense or logistical burden to either party. Canela was not produced at any time

---

[32] *See* Exhibit D.

[33] *Robinson v. Dallas Cnty. Cmty. Coll. Dist.*, No. 3:14-CV-4187-D, 2016 WL 1273900, at *2 (N.D. Tex. Feb. 18, 2016) (quoting *Exec. Mgmt. Servs., Inc. v. Fifth Third Bank*, No. 13-582, 2014 WL 5529895, at *13 (S.D. Ind. Nov. 3, 2014)).

[34] *Touchet v. United Specialty Ins. Co.*, No. CV 24-1020, 2025 WL 3214086, at *3 (E.D. La. Nov. 18, 2025).

[35] *Id*.

[36] *See* Exhibit A.

[37] *See* Exhibit B.

during the Torreon, Mexico week, and Plaintiffs have not indicated any intention to produce Canela at any time in the future.

Considering the foregoing circumstances, Canela should be compelled to appear and provide deposition testimony in connection with the suit that he filed in this forum. Canela's deposition was properly noticed in accordance with Rule 30(a)(1), and despite the parties' stipulation concerning the deposition date, Canela failed to appear and did not notify Defendants until after he fled the United States. That conduct does not meet the standard expected of party plaintiffs. Generally, "Plaintiffs are expected to appear for their depositions in the forum where they initiate their lawsuit absent extreme circumstances."[38] Defendants were willing to overlook Canela's unannounced flight from the United States. In fact, Defendants made appropriate efforts to reschedule and minimize the additional financial expense and logistical burden by requesting that Canela be produced for deposition in Torreon, Mexico during the same week that counsel was already present for Soto's deposition. This accommodation was intended to facilitate Canela's testimony without imposing additional travel costs or logistical challenges upon either party. But Canela refuses to appear.

In the absence of any extreme hardship, Plaintiffs cannot evade Canela's obligation to appear and provide deposition testimony as required by the Federal Rules of Civil Procedure. Plaintiffs simply have not shown, nor can they show extreme hardship, particularly considering Defendants efforts to obtain Canela's testimony while in Mexico, which would have accommodated his inappropriate departure from the United States, with minimal expense or burden. Accordingly, Defendants pray that this Court would enter an order compelling Canela to

---

[38] *Srebnik*, 2006 WL 2331014, at *1 (citing *Clem v. Allied Van Lines Int'l Corp.,* 102 F.R.D. 938, 939 (S.D.N.Y.1984)).

7

appear in the United States or in Torreon, Mexico for deposition, at Plaintiffs' expense, pursuant to Rule 37 and in accordance with Rule 30(a)(1).

### b. The Court should compel Soto to appear and complete his deposition in Torreon, Mexico or the United States at Plaintiffs' expense.

In addition to the appearance of Canela, Soto should also be compelled to appear and complete his deposition testimony. Rule 37 provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond,"[39] thereby "authoriz[ing] the Court to issue an order compelling the production of such information."[40] When deciding whether a continuation deposition is necessary for Soto, the Cort should consider Avila-Soto at pp. 8, 10, 11, 12, 13, 15, 16, 19, 20, 21, 22, 25, 27, 28, 33, 38, 39, 42, 50, 51, 62, 63, 67, 73, 74-84, and 89-92 (which show the bout between Plaintiffs' counsel and the interpreter). The law explains that "[t]he court must allow additional time" to complete a deposition "if needed to fairly examine the deponent or if deponent, another person, or any other circumstances impedes or delays the examination."[41] Generally, courts reopen depositions when "a witness was inhibited from providing full information at the first deposition."[42]

In evaluating the need to reopen a deposition, courts have "accounted for a plethora non-exhaustive factors, including (1) events occurring over a broad range of time; (2) circumstances which delay or obstruct the deposition; (3) a participant's conduct which frustrates the deposition or fair examination of the witness; and (4) whether the witness needs and interpreter."[43] At least

---

[39] Fed. R. Civ. P. 37(a)(4).

[40] *Coleman v. Meridian Imaging, P.A.*, No. 3:24-CV-00156-DPJ-LGI, 2024 WL 5673337 (S.D. Miss. Nov. 15, 2024); Fed. R. Civ. P. 37(a)(4).

[41] Fed. R. Civ. P. 30(d)(1).

[42] *Kleppinger v. Texas Dep't of Transp.*, 283 F.R.D. 330, 332–33 (S.D. Tex. 2012).

[43] *Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, No. 218CV00585RFBNJK, 2022 WL 17362676, at *2 (D. Nev. Nov. 30, 2022); *Nieman v. Hale*, No. 3:12-cv-2433-L-BN, 2014 WL 4375669, at *5 (N.D. Tex. Sept. 4, 2014).

one court within the Fifth Circuit has specifically compelled a plaintiff to submit to the continuation of their deposition, when the deposition was terminated early due to inappropriate behavior.[44]

When a moving party successfully motions the court to extend a deposition, Rule 30(d)(1) and Rule 30(d)(2) provide that "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."[45] "The broad scope of appropriate sanctions under Rule 30(d)(2) includes, where appropriate, an award of expenses associated with a deposition's continuation that is necessitated by a [person's] conduct that impedes, delays, or frustrates the fair examination of the deponent."[46]

Good cause exists to reopen Soto's deposition. Plaintiffs' counsel was too heavy-handed when contesting with the interpreter. His approach obstructed the proceedings and provided her departure. The Soto transcript shows Plaintiffs' counsel contested with the interpreter on approximately sixteen occasions within approximately three hours.[47] Plaintiffs' counsel admits the contests were not related to audio-visual logistics Defendants arranged.[48] Instead, Plaintiffs' counsel believed the interpreter erred when translating Soto's sworn testimony. Even if the interpreter had translated incorrectly (the record does not support this theory), the manner and tone Plaintiff's counsel used when attempting to correct the interpreter was inappropriate and counter-

---

[44] *See Sullivan v. Helmerich & Payne Int'l Drilling Co.*, No. CIV.A. 07-08163, 2008 WL 3552582 (E.D. La. Aug. 11, 2008).

[45] *Pappas v. Liberty Mut. Fire Ins. Co.*, No. CV 23-70, 2024 WL 4863302, at *5 (E.D. La. May 15, 2024) (quoting Fed. R. Civ. P. 30(d)(2)).

[46] *Nieman*, 2014 WL 4375669, at *5.

[47] *See* Avila-Soto at pp. 8, 10, 11, 12, 13, 15, 16, 19, 20, 21, 22, 25, 27, 28, 33, 38, 39, 42, 50, 51, 62, 63, 67, 73, 74-84, 89-92, Exhibit F.

[48] *See* Soto at p. 91, lns. 22-25; *see also* Soto p. 92, ln. 1 ("I can hear the audio; that is not the issue.").

9

productive—so much so that it provoked the interpreter to call her supervisor and leave the proceedings. His conduct disrupted the flow of testimony and prematurely ended the deposition, depriving Defendants of the opportunity to fully examine Soto. No opportunity to complete the deposition has been provided since then. Accordingly, Defendants have established sufficient grounds for the Court to order the reopening of Soto's deposition and to compel him to appear to complete his deposition testimony.

Setting aside the litany of Plaintiffs' impermissible speaking objections,[49] the subsequent refusal to produce Soto on Wednesday, Thursday or Friday was *per se* unreasonable because (a) defense counsel had already traveled to Mexico to complete discovery; and (b) defense counsel did not provoke the contests that exhausted the interpreter's patience. Inasmuch as Rule 30(a)(1) permits the examination, Soto should be ordered to appear in Torreon, Mexico (where he lives) or in the United States (Soto testified that his passport is <u>not</u> expired) to complete his testimony at his expense, and Plaintiffs' counsel should be admonished to exercise appropriate discipline and restraint when articulating objections about interpretation. After all, Plaintiffs' counsel is not able to act as advocate for Soto and as a neutral interpreter. This is precisely why the federal rules regulate how parties should present objections in a deposition setting.

    **c.**      **Defendants should be awarded costs and fees pursuant to Rule 37(a)(5)(A).**

Finally, Defendants respectfully request that the Court award Defendants the costs and fees they were forced to incur to prepare this motion.[50] This motion would have been unnecessary had Plaintiffs simply agreed to appear and complete deposition testimony. Rule 37(a)(5)(A) states that:

---

[49] *See Hunter v. GEICO Gen. Ins. Co.*, No. CV 17-05070, 2018 WL 4352823, at *8 n.8 (E.D. La. Sept. 12, 2018) (citing *Mazzeo v. Gibbons*, No. 08-CV-1387, 2010 WL 3020021 at *2 (D. Nev. Jul. 27, 2010) (addressing that speaking objections "must be concise, nonargumentative and non-suggestive" and that "speaking objections such as 'if you remember,' 'if you know,' 'don't guess,' 'you've answered the question,' and 'do you understand the question' are designed to coach the witness and are improper").

[50] *See* Fed. R. Civ. Rule 37(a)(5)(A).

10

> If the motion [to compel] is granted—or if the disclosure or requested discover is provided after the motion is filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees…

Thus, Defendants are entitled to an award of costs and fees, as the exceptions set forth in Rule 37(a)(5)(A)(i)-(iii) do not apply in this case. Plaintiffs cannot show that their failure to appear and provide deposition testimony is substantially justified or that other circumstances exist to render an award of costs and fees unjust.

### III. CONCLUSION

Ultimately, Plaintiffs' unwillingness to appear and provide adequate deposition testimony warrants this Court's intervention pursuant to Rule's 30 and 37 to ensure Plaintiffs' testimony is secured. This is particularly important given court recognition that "defendants should be permitted to inquire into a plaintiff's complaint."[51] Currently, Plaintiffs' refusal to submit to their depositions, "forestalls the progress of discovery," contravening Rule 26, and warranting an order to compel discovery pursuant to Rule 37.[52] The relief sought is especially appropriate given the approaching discovery deadline.

For each of these reasons and those addressed more fully above, Defendants respectfully request that the Court grant their motion to compel named plaintiffs, Canela and Soto to appear and provide deposition testimony in Torreon, Mexico or in the United States, at Plaintiffs' expense within the currently applicable discovery deadline. Defendants also pray that the Court would award costs and fees incurred in connection with this motion pursuant to Rule 37(a)(5)(A).

Respectfully submitted,

---

[51] *Karcioglu*, 2008 WL 11354974, at *3.

[52] *Id*.

PHELPS DUNBAR LLP

BY:   */s/ Brandon E. Davis*
     Brandon E. Davis Bar Roll No. 29823
     Molly McDiarmid Bar Roll No. 36426
     Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
     Canal Place | 365 Canal Street, Suite 2000
     New Orleans, Louisiana 70130
     Telephone: 504 566 1311
     Facsimile: 504 568 9130
     brandon.davis@phelps.com
     molly.mcdiarmid@phelps.com
     jennifer.clewis@phelps.com

**ATTORNEYS FOR DEFENDANTS, SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC. AND STERLING SUGARS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record/parties in this proceeding.

                    */s/ Brandon E. Davis*