UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **FELIPE DE JESUS AVILA-SOTO, ET AL.** | **CIVIL ACTION NO. 6:24-CV-01392** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., ET AL.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
FOR EXPEDITED CONSIDERATION OF AND TO SET HEARING
ON DEFENDANTS' MOTION TO COMPEL**

NOW INTO COURT, through undersigned counsel, come defendants, South Central Sugar Cane Growers' Association, Inc., and Sterling Sugars, LLC ("Defendants"), who respectfully submit the following memorandum in support of their Motion for Expedited Consideration and to Set Hearing on Defendants' Motion to Compel ("Motion for Expedited Consideration").

## I.  BACKGROUND

On January 15, 2026, Defendants filed their Motion to Compel Deposition Testimony of Plaintiffs, Canela and Soto ("Motion to Compel"), respectfully requesting that this Court order named plaintiff, Juan Alejo Hernandez-Canela ("Canela") to appear and provide deposition testimony, and named plaintiff, Felipe de Jesus Avila-Soto ("Soto") to appear and complete his deposition testimony. Pursuant to the Court's scheduling order, discovery in this matter is set to conclude on February 23, 2026.[1] Despite the fast-approaching discovery deadline, Plaintiffs have not indicated any intent to produce Canela or Soto to provide and complete deposition testimony

---

[1] R. Doc. 33.

1

in connection with this matter. Following unsuccessful conferral attempts, Defendants proceeded to file their Motion to Compel, seeking this Court's intervention to resolve the discovery dispute. Defendants now respectfully submit that given the discovery deadline of February 23, 2026, expedited resolution of their Motion to Compel is necessary, so that they may complete the depositions of Canela and Soto, to which they are entitled, prior to the close of discovery.

## II. LAW AND ARGUMENT

"It is axiomatic that to complete discovery means that all disputes relative to discovery… must be filed and resolved prior to the discovery deadline."[2] This requires that motions to compel "be resolved" and "not just filed, by the discovery deadline."[3] Courts within the Fifth Circuit, including in the Western District of Louisiana recognize the need for expedited consideration of discovery motions where the deadline to complete discovery is fast approaching.[4]

Expedited consideration of Defendants' Motion to Compel is warranted due to the upcoming discovery deadline. Defendants are entitled to conduct the depositions of Canela and Soto, both of whom are named plaintiffs and thus central parties in this litigation.[5] Any delay in resolving the present dispute risks not only the timely completion of these depositions but also threatens to impact the upcoming discovery deadline and subsequent deadlines, including those for dispositive motions. Additionally, without the opportunity to obtain and evaluate the complete

---

[2] *La. Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, No. 22-CV-2398, 2023 WL 2185981, at *4 (E.D. La. Feb. 23, 2023).
[3] *Id.* (quoting *Galliano Marine Serv., LLC v. Schumacher*, No. 17-CV-9868, 2018 WL 3970751, at *1 (E.D. La. June 4, 2018)) (internal quotations omitted).
[4] *See Brock v. Dean Morris, L.L.P.*, No. CV 15-2416, 2016 WL 4150846, at *1 (W.D. La. Aug. 3, 2016) (noting that the movant on a motion to compel required expedited consideration in light of the approaching end of the period allowed for discovery); *see also, Quality Constr. & Prod., LLC v. Collins*, No. CV 19-1308, 2021 WL 3520626 (W.D. La. Aug. 10, 2021) (Magistrate J. Whitehurst) (granting expedited consideration of a motion to compel considering several upcoming deadlines).
[5] *See* Fed. R. Civ. P. 30(a)(1) (permitting a party to depose another party without leave of court); *see also, Karcioglu v. Adm'rs of the Tulane Educ. Fund*, No. CV 07-03352, 2008 WL 11354974, at *3 (E.D. La. May 19, 2008) (recognizing that "defendants should be permitted to inquire into a plaintiff's complaint").

PD.60309737.2

testimony of Canela and Soto, Defendants may be prejudiced in their ability to prepare dispositive motions, which could impede the efficient and early resolution of this matter. Thus, prompt intervention by the Court is necessary to ensure the orderly progression of the case within the Court's established scheduling order.

### III. CONCLUSION

For these reasons, Defendants respectfully request that this Court set hearing, including oral argument on Defendant's Motion to Compel and consider the Motion to Compel on an expedited basis. Given the upcoming discovery deadline and the importance of Plaintiffs' deposition testimony to the progression of this case towards resolution, expedited consideration of this matter is not only appropriate, but necessary.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: /s/ Brandon E. Davis
Brandon E. Davis Bar Roll No. 29823
Molly McDiarmid Bar Roll No. 36426
Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
jennifer.clewis@phelps.com

**ATTORNEYS FOR DEFENDANTS, SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., ET AL.**

3

PD.60309737.2

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record/parties in this proceeding.

                                          */s/ Brandon E. Davis*