# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| **FELIPE DE JESUS AVILA-SOTO, ET AL.** | **CIVIL ACTION NO. 6:24-CV-01392** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., ET AL.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DEPOSITION TESTIMONY OF PLAINTIFFS, CANELA AND SOTO

NOW INTO COURT, through undersigned counsel, come South Central Sugar Cane Growers' Association, Inc. and Sterling Sugars, LLC (collectively, "Defendants"), who submit this Reply in support of Defendants' motion to compel named plaintiff, Juan Alejo Hernandez Canela, to appear and provide deposition testimony, and named plaintiff, Felipe de Jesus Avila-Soto, to appear and complete his deposition testimony,[1] and to traverse Plaintiffs' Opposition dated January 23, 2026.[2]

## I. PLAINTIFF JUAN ALEJO HERNANDEZ-CANELA REMAINS IN THE CASE AND HIS TESTIMONY HAS PROBATIVE VALUE.

Plaintiffs recently explained Mr. Hernandez-Canela "no longer wishes to serve as a class representative in this matter or pursue his individual FLSA claim."[3] Upon information and belief, Plaintiffs have not taken affirmative steps to withdraw Mr. Hernandez-Canela from this litigation. Accordingly, Defendants must urge their rights to obtain discovery from Mr. Hernandez-Canela

---

[1] R. Doc. 55.

[2] R. Doc. 58.

[3] R. Doc. 58 at 2.

PD.60450693.1

pursuant to FRCP Rule 30, which permits a party to take the deposition of another party.[4] Plaintiffs' representations about Mr. Hernandez-Canela's health conditions lack evidentiary showing of extreme hardship that might shield him from being deposed – even in Vera Cruz, Mexico. Absent that type of showing [or a dismissal that dictates a different course], Defendants are constrained to seek relief to secure Hernandez-Canela's testimony where he lives in Mexico [or by other appropriate means].

After all, even if Mr. Hernandez-Canela withdraws, the representations he has made so far show he is a material witness. Rule 26 provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the identity and location of persons who know of any discoverable matter.[5] Rule 30 provides that the deposition of "any person" may be taken, but that leave of court may be sought if the parties have not otherwise stipulated to the deposition, and the proposed deposition is consistent with Rule 26.[6] Compelling a deposition [especially in this scenario where the parties stipulated to dates shortly before Canela absconded] is proper because Canela is a named plaintiff, who has not filed a motion for voluntary dismissal, and whose testimony would constitute "discovery regarding matters relevant to this action" such as "commonality and the typicality of the class representative's claims, even if he no longer wishes to be burdened with this litigation."[7]

Mr. Hernandez-Canela's testimony will have bearing on the issues raised by Plaintiffs, such as the identity of the employer, the sworn representations Plaintiffs made to the U.S. government to obtain employment authorization, the status of the agricultural association, the

---

[4] Fed. R. Civ. P. 30.

[5] Fed. R. Civ. P. 26(b).

[6] Fed. R. Civ. P. 30.

[7] *Dysthe v. Basic Rsch., L.L.C.*, 273 F.R.D. 625, 628-29 (C.D. Cal. 2011).

2

commonality of such claims, the pre-employment expenses that Plaintiffs allege are at issue, and the Plaintiffs' reliance on government determinations as a basis of securing their lawful status for employment authorization in the United States.[8] This is particularly important given court recognition that "defendants should be permitted to inquire into a plaintiff's complaint."[9] Accordingly, Defendants reiterate their pray that this Court enter an order compelling Hernandez-Canela to appear in the United States, in Vera Cruz, or in Torreon, Mexico for deposition, at Plaintiffs' expense, pursuant to Rule 37 and in accordance with Rule 30(a).[10]

## II.  DEFENDANTS ARE ENTITLED TO COMPLETE MR. AVILA-SOTO'S DEPOSITION UNDER THE FEDERAL RULES.

Plaintiffs' claim that Defendants have not shown good cause to complete Avila-Soto's deposition is flawed for three (non-exclusive) reasons: (1) that Mr. Avila-Soto has already met his testimonial obligation by appearing for only approximately three hours; (2) that Defendants upset the deposition and that Plaintiffs' objections were proper; and (3) that Defendants sufficiently examined Mr. Avila-Soto.[11]  None of these beliefs are supportable, nor are they sufficient to defeat Defendants' Motion to Compel.

Mr. Avila-Soto's deposition started late [after 9 a.m.] based on Plaintiffs' request.[12] Questioning lasted until approximately 2:30 p.m.,[13] and included several breaks and an hour-long break for lunch. The "on record" time was only approximately three hours – well within the time

---

[8] R. Doc. 1, ¶¶ 50, 63, 65, 69, 78.

[9] *Karcioglu v. Adm'rs of the Tulane Educ. Fund*, No. CV 07-03352, 2008 WL 11354974, at *3 (E.D. La. May 19, 2008).

[10] Incidentally, the record shows Defendants took extreme care to confer about Canela before raising this issue with the Court.  See Exhibit A-1.  After writing to counsel, the parties talked by phone to resolve this concern.

[11] *See* generally R. Doc. 55-7 at pp. 8, 10, 11, 12, 13, 15, 16, 19, 20, 21, 22, 25, 27, 28, 33, 38, 39, 42, 50, 51, 62, 63, 67, 73, 74-84, 89-92.

[12] *See* R. Doc. 55-3.

[13] R. Doc. 55-9 at 4:21-25.

PD.60450693.1

allowed by Rule 30.[14] The law explains that "[t]he court must allow additional time" to complete a deposition "if needed to fairly examine the deponent or if deponent, another person, or any other circumstances impedes or delays the examination."[15] As previously noted by Defendants, at least one court within the Fifth Circuit has specifically compelled a plaintiff to submit to the continuation of their deposition, when the deposition was terminated early due to inappropriate behavior.[16] The record shows Mr. Avila-Soto's deposition was clearly affected by "circumstance[s]" that "impede[d] or delaye[d] the examination."[17] Specifically, the translator left and announced she could not continue under the circumstances. This is sufficient reason [the departure of a third-party service provider mid-proceedings] to warrant relief. It was reasonable to conclude on the days that followed, whether Thursday or Friday, but Plaintiffs refused. Plaintiffs argue that Mr. Avila-Soto's work schedule would not (and will not) allow him to finish his deposition. But, Defendants accommodated that concern by appearing in Torrean where Mr. Soto lives.

The notion that Defendants' interpreter was "unqualified" and that plaintiffs were justified in lodging repeated objections to alleged "erroneous translations [used] to badger the witness" falls flat.[18] The interpreter was qualified. She testified on the record that she is "a Louisiana Supreme Court Registered Court Interpreter" and "a CMH, Certified Medical Interpreter."[19] Plaintiff proffered testimony for approximately two and-a-half hours after these qualifications were

---

[14] Fed. R. Civ. P. 30.

[15] Fed. R. Civ. P. 30(d)(1).

[16] *See Sullivan v. Helmerich & Payne Int'l Drilling Co.*, No. CIV.A. 07-08163, 2008 WL 3552582 (E.D. La. Aug. 11, 2008).

[17] Fed. R. Civ. P. 30(d)(1).

[18] R. Doc. 58 at p. 4-5.

[19] R. Doc. 55-7. at 5:10-14.

announced.  The qualifications were appropriate for purposes of discovery. Federal Rules of Evidence 604 requires that an interpreter "must be qualified and must give an oath or affirmation to make a true translation."[20] The trial court is given broad discretion in determining the qualifications of an interpreter.[21] Even if an interpreter is uncertified with an individual court, a trial court has discretion to determine whether that interpreter's qualifications are sufficient.[22] In this case, the Louisiana Supreme Court's certification is probative. So too is Plaintiffs decision to proceed through depositions on the Friday before Mr. Soto testified (using the same translation agency), as well as the fact that Plaintiffs raised no objection about Mr. Soto's translator's qualifications until opposing this motion.

Even after stipulating on the record that there were no audio-visual issues at play when the translator decided to leave, Plaintiffs now hope to persuade the Court that the logistics Defendants secured were inadequate.  But their present-sense impressions (as they announced on the records) should be regarded as authoritative.  Plaintiffs' counsel admitted there were no audio-visual concerns at issue.[23] This means the objections Plaintiffs imposed to contest the accuracy of the translator's work product likely did unduly provoke the translator's departure, such that Defendants were not afforded a fair opportunity to examine Mr. Avila-Soto.

The "nearly 100-page deposition transcript"[24] from the Soto examination records numerous contests between Plaintiff's counsel and the interpreter.[25] By comparison, the deposition of

---

[20] Fed. R. Evid. 604.

[21] *See Pietrzak v. United States*, 188 F.2d 418 (5th Cir. 1951).

[22] *United States v. Paz*, 981 F.2d 199 (5th Cir. 1992).

[23] *See* R. Doc. 55-7 at p. 91, lns. 22-25; *see also id.* at p. 92, ln. 1 ("I can hear the audio; that is not the issue.").

[24] R. Doc. 58 at p. 9.

[25] *See* R. Doc. 55-7 at pp. 8, 10, 11, 12, 13, 15, 16, 19, 20, 21, 22, 25, 27, 28, 33, 38, 39, 42, 50, 51, 62, 63, 67, 73, 74-84, and 89-92.

Plaintiff Felipe Suarez-Palafox resulted in a transcript of 109 pages, with little to no interruption or interpretation issues.[26] These depositions were taken within days of one another by the same translator and court reporter. Defense counsel are not native Spanish-speakers. So, any [improper] contests about translators cannot be attributable to Defendants' conduct.

Although Plaintiffs' disagree, Defendants' examination topics were appropriate for the purposes of Defendants' case. Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.[27] This means Mr. Avila-Soto's tourist visa, [which is relevant representations he relied on to secure lawful immigration status] was a fair topic. The federal rules impose an appearance burden on Plaintiff in a scenario where Plaintiffs must prove eligibility for relief from testimony. That showing has not been made.

In this case, Defendants have shown that the examination was concluded – and that they were not at fault by way of improper conduct. Because Defendants were deprived of the opportunity to fully examine Mr. Avila-Soto, they should be afforded the opportunity to complete the deposition on this showing of sufficient grounds for a compulsory order.

## III.  <u>CONCLUSION</u>

Plaintiffs fail to meet the burden of traversing the good cause Defendants have shown to take the depositions of both Mr. Hernandez-Canela and Mr. Avila-Soto. These depositions are allowed and necessary to elicit discovery relevant to the case. Defendants respectfully request that the Court grant their motion to compel Named Plaintiffs, Canela and Soto, to appear and provide

---

[26] R. Doc. 55-6.

[27] Fed. R. Civ. P. 26(b).

deposition testimony in Torreon, Mexico, in the United States, or at locations specified by the Court, at Plaintiffs' expense, and within the currently applicable discovery deadline.  Defendants also pray that the Court would award costs and fees incurred in connection with this motion pursuant to Rule 37(a)(5)(A).

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:    */s/ Brandon E. Davis*
       Brandon E. Davis Bar Roll No. 29823
       Molly McDiarmid Bar Roll No. 36426
       Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
       Andrew M. Albritton Bar Roll No. 39780
       Canal Place | 365 Canal Street, Suite 2000
       New Orleans, Louisiana 70130
       Telephone: 504 566 1311
       Facsimile: 504 568 9130
       brandon.davis@phelps.com
       molly.mcdiarmid@phelps.com
       jennifer.clewis@phelps.com

**ATTORNEYS FOR DEFENDANTS, SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC. AND STERLING SUGARS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record/parties in this proceeding.


                                                  */s/ Brandon E. Davis*