UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, et al. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., et al. | ) ) ) |
| Defendants. | ) ) ) |

Case No. 6:24-cv-01392

JUDGE ROBERT R. SUMMERHAYS

MAGISTRATE JUDGE CAROL B. WHITEHURST

**PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER**

Plaintiffs hereby move the Court to amend the Scheduling Order (ECF No. 33) in this matter to allow three additional months to complete discovery and to re-set the trial date and other deadlines in the Scheduling Order that flow from the trial date. Specifically, Plaintiffs move for an extension of the discovery cutoff date from February 23, 2026 to May 22, 2026.[1] This is the first motion for an extension of the deadlines in the Scheduling Order sought by either party. The parties have been actively engaged in discovery, but several issues have arisen in the last two months related to both written discovery and the scheduling of depositions that have made the completion of discovery by February 23, 2026, extremely difficult if not impossible, necessitating the filing of this motion. Plaintiffs assert that good cause exists to amend the scheduling order, as detailed below.

---

[1] Alternatively, and consistent with the original Scheduling Order, Plaintiffs propose a discovery cutoff date that is May 22, 2026, or 150 days prior to the new date for the Pretrial Conference, whichever is later.

1

Plaintiffs certify that, pursuant to Local Rule 7.4.1 they met and conferred with Defendants' counsel via telephone on January 23, 2026, and via video conference on January 27, 2026. While the parties discussed available dates to conduct depositions in April and May if deadlines were extended, they were unable to reach an agreement to jointly file this motion. In exchange for Defendants' agreement to this motion to amend the Scheduling Order the Defendants asked the Plaintiffs to withdraw their opposition to Defendants' pending motion to compel deposition testimony and to dramatically limit the documents Plaintiffs were seeking from Defendants in discovery, both of which Plaintiffs were not willing to accept.

## CASE BACKGROUND

This case is a proposed Fair Labor Standards Act (FLSA) collective and Rule 23 class action on behalf of individuals from Mexico employed as seasonal truck drivers who hauled sugarcane to Defendant Sterling Sugars, LLC's Franklin, Louisiana sugar mill pursuant to H-2A temporary work visas. (ECF No. 1.) The Plaintiffs allege that they and other truck drivers were not paid properly by the Defendants. The Plaintiffs filed a motion in November of 2025 to authorize the sending of notice to other truck drivers regarding their FLSA rights and their right to join this action. (ECF No. 42.) That motion is pending. No notice has been sent to similarly situated workers, but five individuals in addition to the Plaintiffs have filed consents to sue regarding the FLSA claims. (ECF Nos. 3, 37, 41, 44, 54.)

The case was also filed on behalf of the Plaintiffs and a proposed class of H-2A truck drivers from Mexico alleging breach of their employment contracts and violation of the Louisiana Wage Payment Act (LWPA). Although the Plaintiffs filed their motion for authorization to send a FLSA notice to similarly situated workers in November, they refrained from filing their motion for Rule 23 class certification of their contract and LWPA claims at that

time because the Defendants had not produced full discovery responses and had not yet had an opportunity to depose the named Plaintiffs. Plaintiffs plan to file their Motion for Rule 23 Class Certification next week. (Declaration of James Knoepp ¶ 2) (attached as Exhibit 1).

## ARGUMENT

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Fifth Circuit has stated, "[i]t requires a party 'to show the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (citation omitted). Plaintiffs meet this standard.

The parties each responded to initial written discovery requests in June of 2025. The Plaintiffs raised a number of issues with Defendants' responses, some of which took several months to resolve, causing delay, and others that still have not been resolved. (Ex. 1 - Knoepp Decl. ¶ 5.) For example, Defendants initially objected to providing any payroll information for putative class members but ultimately provided static Adobe PDF image files of their electronic payroll registers for putative class members for the 2022-2024 seasons in late August of 2025. (Ex. 1 - Knoepp Decl. ¶ 5.) After the current 2025 work season was completed, on January 13, 2026, Plaintiffs asked Defendants to supplement their discovery with respect to the 2025 season. Defendants did not respond. Plaintiffs sent a follow-up email on January 21, 2026, to which Defendants responded that they would supplement. This morning, January 28, 2026, after counsels' meet and confer conference yesterday regarding this motion, Defendants provided static Adobe PDF image files of the electronic payroll registers for putative class members for the 2025 season. (Ex. 1 - Knoepp Decl. ¶ 5.) Plaintiffs asked that Defendants meet and confer regarding the production of the electronically stored payroll information in its electronic format

3

and are awaiting a response. Defendants have not provided any other documents, however, related to the five (5) FLSA opt-in Plaintiffs, such as their personnel files or other information regarding their employment with Defendants. (Ex. 1 - Knoepp Decl. ¶ 5.)

Similarly, Plaintiffs raised several issues with respect to Defendants' responses to their Requests for Admission and First Set of Interrogatories and conferred through multiple emails over several months to get responsive information, again causing delay. For example, Defendants did not provide a verification page for their Interrogatory responses (submitted in June of 2025) until November of 2025. (Ex. 1 - Knoepp Decl. ¶ 6.) Defendants' latest supplement to their Interrogatory responses—their Fourth Supplement—was not served until January 15, 2026, and only after Plaintiffs sent at least seven (7) follow-up emails between August and January requesting information Plaintiffs asserted was missing and deficient in the responses. (Ex. 1 - Knoepp Decl. ¶ 6.)

On December 19, 2025, Plaintiffs served Defendants with their Second Requests for Production of Documents. Those document requests sought, *inter alia*, documents regarding Defendants' claim that they were exempt from paying overtime wages to the truck drivers, Plaintiffs' claim that the Defendants paid the truck drivers an illegally low wage rate, information regarding whether the positions in which Plaintiffs were employed were agricultural, information relevant to Plaintiffs' claim that they were jointly employed by both Defendants, information regarding the relationship between the Defendants, and information regarding the relationship between the Defendants and members of Defendant South Central Sugar Cane Growers Cooperative. (Ex. 1 - Knoepp Decl. ¶ 7.) Defendants served untimely objections to Plaintiffs' Second Requests for Production and responded to each request with objections that refused to produce any documents or provide any substantive response to the requests other than

the objections. The parties have met and conferred regarding Defendants' responses and it appears likely Plaintiffs will have to file a motion to compel. (Ex. 1 - Knoepp Decl. ¶ 8.) Without an amendment to the Scheduling Order, Defendants' failure to produce any documents in response to Plaintiffs' Second RFPs has now also prejudiced Plaintiffs' ability to serve additional written discovery after reviewing responsive documents since the time to serve such requests has expired absent an amendment to the discovery cutoff date.

In addition to the above, the parties are also experiencing difficulties scheduling the depositions of individuals employed by the Defendants. Plaintiffs understood that it was not possible to take the depositions of Defendants' corporate employees during the sugarcane season, which typically runs from mid-September to mid-January. (Ex. 1 - Knoepp Decl. ¶ 9.) On December 19, 2025, Plaintiffs asked Defendants for dates when they could take the depositions of seven specific individuals employed in management positions with the Defendants, as well as 30(b)(6) depositions of each corporate Defendant. (Ex. 1 - Knoepp Decl. ¶ 9.) Defendants did not respond to Plaintiffs' request for availability. Plaintiffs followed up on January 6, 2026, and spoke with counsel for the Defendants about this issue for the first time on January 9, 2026. Defendants' counsel initially indicated that, because of on-going work following the sugarcane season, February 9th was the first date that any corporate employees were available for depositions. That was later revised to February 12th and 19th as available dates for "corporate depositions." Defendants did not provide any dates for the seven individuals Plaintiffs sought to be deposed until late last week after Plaintiffs' counsel asked for Defendants' position with respect to amending the scheduling order. (Ex. 1 - Knoepp Decl. ¶ 9.)

To date, Defendants have still not provided sufficient availability to conduct the seven individual and two corporate depositions Plaintiffs seek before the current February 23, 2026,

5

discovery deadline. Scheduling the depositions is now further exacerbated by Defendants' objections to Plaintiffs' Second Requests for Production in which Defendants withheld responsive documents. Plaintiffs will need to obtain a ruling on a motion to compel and production in advance of depositions or be prejudiced by having to conduct depositions without relevant documents concerning Defendants' asserted defenses. (Ex. 1 - Knoepp Decl. ¶ 10.)

Finally, scheduling depositions has been further complicated by Defendants' counsel declining to accept deposition notices on behalf Defendants' supervisory employees who are fact witnesses. Defendants' disclosures listed corporate employees, including several individuals Plaintiffs seek to depose, as people who "may be contacted through Defendants' counsel of record." Defendants never provided any contact information for these individuals. (Ex. 1 - Knoepp Decl. ¶ 11.) Defendants' counsel has now stated that they will provide contact information on Friday, January 30th, but with only a few weeks left in the current discovery period the Plaintiffs are prejudiced by their justifiable reliance on the fact that Defendants' earlier disclosures indicated these individuals could be contacted through counsel, making it extremely difficult to schedule the depositions within the current discovery timeframe.

While the Plaintiffs understand that amending the Scheduling Order will also mean a continuance and rescheduling of the trial date, the scope of this case is not currently fully known given the pending FLSA motion for authorization to send notice to similarly situated workers and Plaintiffs' forthcoming motion for Rule 23 class certification. As such, Plaintiffs assert that all parties and the Court will benefit from amendments to the current timelines in the Scheduling Order.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs have shown good cause to amend the Scheduling Order in this case and their motion should be granted.

Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone: (828) 379-3169
Email: jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA 94710
Phone: (404) 590-1295
Email: dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email: dan@estesdavislaw.com

Counsel for Plaintiffs