UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> SOUTH CENTRAL SUGAR CANE ) <br> GROWERS' ASSOCIATION, INC., et al. ) <br> ) <br> Defendants. ) <br> ) | Case No. 6:24-cv-01392 <br><br> JUDGE ROBERT R. SUMMERHAYS <br><br> MAGISTRATE JUDGE CAROL B. WHITEHURST |

## DECLARATION OF JAMES KNOEPP

1.  I am one of Plaintiffs' attorneys in this matter. I have been practicing law since 1998. I have been involved in all aspects of litigating this matter, including discovery, and was involved in each of the details listed in this declaration.

2.  Although the Plaintiffs filed their motion for authorization to send a FLSA notice to similarly situated workers in November (ECF No. 42), they refrained from filing their motion for Rule 23 class certification of their contract and Louisiana Wage Payment Act claims at that time because the Defendants had not yet produced fully discovery responses and had not yet had an opportunity to depose the named Plaintiffs. Plaintiffs plan to file their Motion for Rule 23 Class Certification next week.

3.  The Scheduling Order in this case was entered on May 15, 2025, and set February 23, 2026, as the discovery and discovery motion completion date. (ECF No. 33.)

4.  The parties have been actively engaged in discovery since that time but have encountered several difficulties that have necessitated the Plaintiffs filing their Motion to Amend the Scheduling Order.

1

5. Although the parties responded to initial written discovery requests in June of 2025, the Plaintiffs raised a number of issues with Defendants' responses, some of which took several months to resolve and others that have never been resolved. For example, Defendants initially objected to providing any payroll information for putative class members but ultimately provided non-electronic Adobe PDF image files of payroll registers for putative class members for the 2022-2024 seasons in late August of 2025. On January 13, 2026, Plaintiffs asked Defendants to supplement their discovery with respect to the 2025 season. Defendants did not respond. Plaintiffs sent a follow-up email on January 21, 2026, to which Defendants responded that they would supplement their discovery sometime this week. This morning, January 28, 2026, after counsels' meet and confer conference yesterday regarding this motion, Defendants provided non-electronic Adobe PDF image files of payroll registers for putative class members for the 2025 season. Defendants have not provided any other documents related to the five (5) FLSA opt-in Plaintiffs, such as their personnel files or other information regarding their employment with Defendants.

6. Similarly, Plaintiffs raised several issues with respect to Defendants' responses to their Requests for Admission and First Set of Interrogatories and conferred through multiple emails over several months to get responsive information. For example, Defendants did not provide a verification page for their Interrogatory responses (submitted in June of 2025) until November of 2025. Defendants' latest supplement to their Interrogatory responses—their Fourth Supplement—was not served until January 15, 2026, and only after Plaintiffs sent at least seven (7) follow-up emails between August and January requesting the information.

7. On December 19, 2025, Plaintiffs served Defendants with their Second Requests for Production of Documents. Those document requests sought, *inter alia*, documents regarding

2

Defendants' claim that they were exempt from paying overtime wages to the truck drivers, Plaintiffs' claim that the Defendants paid the truck drivers an illegally low wage rate, information regarding whether the positions in which Plaintiffs were employed were agricultural, information relevant to Plaintiffs' claim that they were jointly employed by both Defendants, information regarding the relationship between the Defendants, and information regarding the relationship between the Defendants and members of Defendant South Central Sugar Cane Growers Cooperative.

8. Defendants served untimely responses to Plaintiffs' Second Requests for Production and responded to each request with objections that refused to produce any documents or provide any substantive response to the request other than the objection. The parties have met and conferred regarding Defendants' responses and it appears likely Plaintiffs will have to file a motion to compel.

9. In addition to the above with respect to written discovery, the parties are also experiencing difficulties scheduling the depositions of individuals employed by the Defendants. Plaintiffs understood that it was not possible to take the depositions of Defendants' corporate employees during the sugarcane season, which typically runs from mid-September to mid-January. On December 19, 2025, Plaintiffs asked Defendants for dates when they could take the depositions of seven specific individuals employed in management positions with the Defendants, as well as 30(b)(6) depositions of each corporate Defendant. Defendants did not respond to Plaintiffs' request for availability and Plaintiffs followed up on January 6, 2026, and spoke with counsel for the Defendants about this issue for the first time on January 9, 2026. Defendants' counsel initially indicated that, because of on-going work following the sugarcane season, February 9th would be the first date that any corporate employees are available for

depositions. That was later revised to February 12th and 19th as available dates for "corporate depositions." Defendants did not provide any dates for the seven (7) individual Plaintiffs sought to be deposed until late last week after Plaintiffs' counsel, fearing that there was simply not enough time to complete discovery under the current schedule, asked for Defendants' position with respect to amending the scheduling order.

10. To date, Defendants have still not provided sufficient availability to conduct the seven (7) individual and two (2) corporate depositions Plaintiffs seek before the current February 23, 2026, discovery deadline. Scheduling the depositions is now further exacerbated by Defendants' objections to Plaintiffs' Second Requests for Production which withheld responsive documents. Plaintiffs may have to obtain a ruling on a motion to compel and production in advance of depositions or be prejudiced by having to conduct depositions without relevant documents concerning Defendants' asserted defenses.

11. Moreover, scheduling depositions has become even further complicated after Defendants' counsel informed Plaintiffs yesterday during their meet and confer that they would not accept notices to appear at depositions on behalf of the supervisory employees who are fact witnesses. Defendants' disclosures listed corporate employees, including several individuals Plaintiffs seek to depose, as people who "may be contacted through Defendants' counsel of record." Defendants never provided any contact information for these individuals which will delay Plaintiffs' ability to subpoena them.

Executed on January 28, 2026.

_____
James Knoepp

4