UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **FELIPE DE JESUS AVILA-SOTO ET AL** | **CASE NO. 6:24-CV-01392** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SOUTH CENTRAL SUGAR CANE GROWERS ASSOCIATION INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### MEMORANDUM RULING

Before the Court is Plaintiffs' Motion for 29 U.S.C. §216(b) Notice to Similarly Situated Workers and for Disclosure of Contact Information. (Rec. Doc. 42). Defendants, South Central Sugar Cane Growers' Association and Sterling Sugars, LL, opposed the motion (Rec. Doc. 45), and Plaintiffs replied (Rec. Doc. 53). Considering the evidence, the law, and the parties' arguments, and for the following reasons, the motion is granted as modified herein.

### Facts and Procedural History

Plaintiffs are foreign workers who came with H-2A temporary visas to work for Defendants in Louisiana hauling sugar cane. They filed this collective action for violations of the Fair Labor Standards Act (FLSA), breach of contract, and violations of the Louisiana Wage Payment Act, alleging Defendants failed to pay them and similarly situated individuals overtime wages. (Rec. Doc. 1). The parties agree that

Plaintiffs' claims are suitable as a collective action. They disagree about the scope and parameters of the notice to be sent to similarly situated workers.

## Law and Analysis

29 U.S.C. §216(b) authorizes workers to file suit on behalf of themselves and those similarly situated. Other workers may become party plaintiffs by filing written consent to such action, thereby "opting in" to the suit. Because "an employee cannot benefit from a collective action without accurate and timely notice," the trial court plays an important notice-giving role. *Swales v. KLLM Transp. Servs., L.L.C.,* 985 F.3d 430, 435 (5th Cir. 2021). Notice to potential plaintiffs is proper if the available evidence establishes that the plaintiff has met the "similarly situated" threshold. See *id*. at 442. District courts have "broad, litigation-management discretion" and must "consider all of the available evidence" in determining whether and to whom notice should be issued. *Id*. at 442-43.

### I.     Similarly Situated Definition

Plaintiffs and Defendants propose two alternative definitions of similarly situated workers who should receive notice. Plaintiffs propose the following definition:

> All individuals admitted as H-2A temporary foreign workers who were employed by Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at any time between 2022 and the present.

Defendants urge the following:

> All individuals who applied at a U.S. Consulate for H-2A visas and were admitted to the United States to work as H-2A temporary foreign workers for South Central Sugar Cane Growers' Association, Inc. in the last three years, pursuant to the applicable job orders, whose primary employment activity while employed by South Central Sugar Cane Growers' Association, Inc. was to drive a tractor-trailer combination or a truck with a capacity of at least 26,001 pounds of Gross Vehicle Weight (GVW) to transport harvested sugar cane exclusively within the state of Louisiana and who claim they are owed unpaid wages.

Defendants contend Plaintiffs' proposed definition does not account for the proposed fact that Plaintiffs were not employed by Sterling Sugars. Plaintiffs contend that they were employed by Defendants jointly. Rather than resolve the issue of joint employment here, Plaintiffs are amenable to replacing "Defendants" with "South Central Sugar Cane Growers' Association, Inc. and/or Sterling Sugars, LLC." (Rec. Doc. 53, p. 2, fn. 1). The Court agrees Plaintiffs' proposed change resolves the issue of employer identity at this notice stage.

Defendants next challenge Plaintiffs' proposed definition insofar as it relates to the FLSA's three-year statute of limitations. "[T]he statute of limitations for a named plaintiff runs from the date that the plaintiff files the complaint, while the limitations period for an opt-in plaintiff runs from the opt-in date." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916–17 (5th Cir. 2008). Defendants worry that Plaintiffs' proposed notice could invite workers whose claims are time-barred to attempt to join the suit if notice is sent later than three years after their

3

employment. Although not reflected in Plaintiffs' notice, Plaintiffs state that notice would only be sent to individuals employed within three years of the date notice is sent. As such, they are amenable to modifying the time period to "at any time within 3 years of the issuance of Notice." The Court agrees Plaintiffs' modified time period resolves any statute of limitations confusion.

The Court further agrees that Defendants' proposed notice is superfluous. Considering the parties' positions and the allegations in this case, the Court finds the following definition of similarly situated workers is appropriate:

> All individuals admitted as H-2A temporary foreign workers who were employed by South Central Sugar Cane Growers' Association, Inc. and/or Sterling Sugars, LLC as truck drivers hauling harvested sugarcane within the state of Louisiana at any time within the last three years and who claim they are owed unpaid wages.

See also *Barron v. Sterling Sugars Sales Corp.,* No. 6:21-CV-03741, 2022 WL 1571233, at *4 (W.D. La. May 17, 2022), in which this Court adopted a substantially similar definition in a substantially similar case.

**II.     Notice Parameters**

Because similarly situated workers are foreign migrant workers, often away from home for work, Plaintiffs move for permission to send notices by mail, email, text message, and WhatsApp message, and by posting on a "website," a link to which would allow individuals to review documents and electronically complete the opt-in form. They propose a ninety-day window for workers to opt-in and that Plaintiffs be

permitted to send reminder notices 45 days after the original notice is sent. Defendants do not contest Plaintiffs' request to send the initial notice by the methods proposed, but they object to reminder notices as excessive. They argue the four proposed modes of communication provide sufficient notice.

In *Barron*, this Court approved the sending of reminder notices in a substantially similar case involving migrant workers:

> [R]eminder notices have been allowed in other cases, and the defendant failed to persuade this Court that a reminder notice would be prejudicial or unduly burdensome, particularly in light of the type of workers the notice is designed to reach, the communication difficulties identified in the declarations, and the length of time afforded for notice. Therefore, a reminder notice will be allowed.

*Barron*, 2022 WL 1571233, at *5, citing e.g. *Young v. Energy Drilling Co.*, 534 F.Supp.3d 720, 727 (S.D. Tex. 2021). This Court finds no reason to depart from *Barron* and approves the sending of reminder notices.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion for 29 U.S.C. §216(b) Notice to Similarly Situated Workers and for Disclosure of Contact Information (Rec. Doc. 42) is GRANTED as modified herein.

THUS DONE in Chambers, Lafayette, Louisiana on this 3rd day of February, 2026.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE