EXHIBIT 4

2025 CLEARANCE ORDER

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

Agricultural Clearance Order
Form ETA-790
**U.S. Department of Labor**



**IMPORTANT**: In accordance with 20 CFR 653.500, all employers seeking U.S. workers to perform agricultural services or labor on a temporary, less than year-round basis through the Agricultural Recruitment System for U.S. Workers, must submit a completed job clearance order (Form ETA-790) to the State Workforce Agency (SWA) for placement on its intrastate and interstate job clearance systems. Employers submitting a job order in connection with an H-2A Application for Temporary Employment Certification (Form ETA-9142A) must complete the Form ETA-790 and attach a completed ETA-790A. All other employers submitting agricultural clearance orders must complete the Form ETA-790 and attach a completed ETA-790B. Employers and authorized preparers must read the general instructions carefully, complete _ALL_ required fields/items containing an asterisk ( * ), and any fields/items where a response is conditional as indicated by the section ( § ) symbol.

## I. Clearance Order Information

| FOR STATE WORKFORCE AGENCY (SWA) USE ONLY |
|---|
| *Questions 1 through 17* |

| 1. Clearance Order Number * | 2. Clearance Order Issue Date * | 3. Clearance Order Expiration Date * |
|---|---|---|
| 1630317 | 7/1/2025 | 11/8/2025 |

| 4. SOC Occupation Code * | 5. SOC Occupation Title * |
|---|---|
| 53-3032.00 | Heavy and Tractor-Trailer Truck Drivers |

| SWA Order Holding Office Contact Information | | |
|---|---|---|
| 6. Contact's last (family) name * | 7. First (given) name * | 8. Middle name(s) § |
| Parker | Nancy | |

| 9. Contact's job title * |
|---|
| WFD Specialist |

| 10. Address 1 * |
|---|
| West St. Mary Career Solutions Center |

| 11. Address 2 *(suite/floor and number)* § |
|---|
| 600 Main Street |

| 12. City * | 13. State * | 14. Postal code * |
|---|---|---|
| Franklin | Louisiana | 70538 |

| 15. Telephone number * | 16. Extension § | 17. Email address * |
|---|---|---|
| 337-262-5604 | | FLC@LWC.LA.GOV |

## II. Employer Contact Information

| 1. Legal Business Name * |
|---|
| South Central Sugar Cane Growers' Association |

| 2. Trade Name/Doing Business As (DBA), if applicable § |
|---|
| |

| 3. Contact's last (family) name * | 4. First (given) name * | 5. Middle name(s) § |
|---|---|---|
| Gonsoulin | Ricky | |

| 6. Contact's job title * |
|---|
| Director |

| 7. Address 1 * |
|---|
| 611 Irish Bend Road |

| 8. Address 2 *(suite/floor and number)* § |
|---|
| |

| 9. City * | 10. State * | 11. Postal code * |
|---|---|---|
| Franklin | Louisiana | 70538 |

| 12. Telephone number * | 13. Extension § | 14. Business email address * |
|---|---|---|
| +1 (337) 319-7515 | | rickygonsoulin@gmail.com |

| 15. Federal Employer Identification Number *(FEIN from IRS)* * | 16. NAICS Code * |
|---|---|
| ████████ | 111930 |

## III. Type of Clearance Order

| 1. Indicate the type of agricultural clearance order being placed with the SWA for recruitment of U.S. workers. *(choose only one)* * | ☑ 790A (placed in connection with an H-2A application) |
|---|---|
| | ☐ 790B (not placed in connection with an H-2A application) |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

## A.  Job Offer Information

| 1.  Job Title *  Heavy and Tractor-Trailer Truck Driver |
|---|

| 2. Workers Needed * | a. Total | b. H-2A Workers | **Period of Intended Employment** | |
|---|---|---|---|---|
| | 146 | 146 | 3.  First Date * 9/1/2025 | 4.  Last Date * 1/15/2026 |

5.  Will this job generally require the worker to be on-call 24 hours a day and 7 days a week? *
If "Yes", proceed to question 8.  If "No", complete questions 6 and 7 below.    ☐ Yes  ☑ No

| 6. Anticipated days and hours of work per week *(an entry is required for each box below)* * | | | | 7. Hourly Work Schedule * |
|---|---|---|---|---|
| 49 | **a. Total Hours** 7 | c. Monday 7 | e. Wednesday 7 | g. Friday | a.  7 : 00  ☑ AM  ☐ PM |
| 7 | b. Sunday 7 | d. Tuesday 7 | f. Thursday 7 | h. Saturday | b.  2 : 00  ☐ AM  ☑ PM |

**Temporary Agricultural Services and Wage Offer Information**

8a.  Job Duties - Description of the specific services or labor to be performed. *
*(Please begin response on this form and use Addendum C if additional space is needed.)*

See Addendum C

| 8b.  Wage Offer * $ 14 . 83 | 8c.  Per * ☑ HOUR  ☐ MONTH | 8d.  Piece Rate Offer § $ 00 . 00 | 8e.  Piece Rate Units / Estimated Hourly Rate / Special Pay Information § N/A |
|---|---|---|---|

9.  Is a completed **Addendum A** providing additional information on the crops or agricultural activities to be performed and wage offers attached to this job offer? *    ☑ Yes  ☐ N/A

10.  Frequency of Pay: *   ☐ Weekly   ☑ Biweekly   ☐ Other (specify): N/A

11.  State all deduction(s) from pay and, if known, the amount(s). *
*(Please begin response on this form and use Addendum C if additional space is needed.)*

See Addendum C

**Form ETA-790A**          **FOR DEPARTMENT OF LABOR USE ONLY**                                    Page 1 of 8

H-2A Case Number: H-300-25181-141495   Case Status: Full Certification   Determination Date: 07/16/2025   Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003093

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



## B. Minimum Job Qualifications/Requirements

1. Education: minimum U.S. diploma/degree required. *
☑ None  ☐ High School/GED  ☐ Associate's  ☐ Bachelor's  ☐ Master's or higher  ☐ Other degree (JD, MD, etc.)

| 2. Work Experience: number of <u>months</u> required. * | 3 | 3. Training: number of <u>months</u> required. * | 0 |
|---|---|---|---|

4. Basic Job Requirements (check all that apply) §

☑ a. Certification/license requirements
☑ b. Driver requirements
☐ c. Criminal background check
☑ d. Drug screen
☐ e. Lifting requirement _____ lbs.

☑ f. Exposure to extreme temperatures
☐ g. Extensive pushing or pulling
☑ h. Extensive sitting or walking
☐ i. Frequent stooping or bending over
☑ j. Repetitive movements

| 5a. Supervision: does this position supervise the work of other employees? * | ☐ Yes  ☑ No | 5b. If "Yes" to question 5a, enter the number of employees worker will supervise. § | |
|---|---|---|---|

6. Additional Information Regarding Job Qualifications/Requirements. *
*(Please begin response on this form and use Addendum C if additional space is needed. If no additional skills or requirements, enter "NONE" below)*

NONE

## C. Place of Employment Information

1. Place of Employment Address/Location *
611 Irish Bend Road

| 2. City * | 3. State * | 4. Postal Code * | 5. County * |
|---|---|---|---|
| Franklin | Louisiana | 70538 | St Mary |

6. Additional Place of Employment Information. *(If no additional information, enter "NONE" below)* *

The employer's physical and mailing address is 611 Irish Bend Road, Franklin, Louisiana 70538. The members of the association each own the worksite locations listed on the ETA 790A.

| 7. Is a completed **Addendum B** providing additional information on the places of employment and/or agricultural businesses who will employ workers, or to whom the employer will be providing workers, attached to this job order? * | ☑ Yes  ☐ N/A |
|---|---|

## D. Housing Information

1. Housing Address/Location *
1520 Main Street

| 2. City * | 3. State * | 4. Postal Code * | 5. County * |
|---|---|---|---|
| Franklin | Louisiana | 70538 | St Mary |

| 6. Type of Housing (check only one) *<br>☑ Employer-provided (including mobile or range)    ☐ Rental or public | 7. Total Units * <br>1 | 8. Total Occupancy *<br>179 |
|---|---|---|

9. Identify the entity that determined the housing met all applicable standards: *
☐ Local authority  ☑ SWA  ☐ Other State authority  ☐ Federal authority  ☐ Other (specify): _____

10. Additional Housing Information. *(If no additional information, enter "NONE" below)* *

NONE

| 11. Is a completed **Addendum B** providing additional information on housing that will be provided to workers attached to this job order? * | ☑ Yes  ☐ N/A |
|---|---|

| H-2A Case Number: H-300-25181-141495 | Case Status: Full Certification | Determination Date: 07/16/2025 | Validity Period: 9/1/2026 to 4/15/2026 |
|---|---|---|---|

SCSCGA - 003094

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



---

**E.  Provision of Meals**

| | |
|---|---|
| 1. | Describe <u>how</u> the employer will provide each worker with three meals per day or furnish free and convenient cooking and kitchen facilities. * <br> *(Please begin response on this form and use Addendum C if additional space is needed.)* |

Employer will provide three meals a day prepared at the on-site kitchen. Employer will charge $14.00 per person, per day for these three meals.

El empleador proporcionará tres comidas al día preparadas en la cocina del centro. El empleador cobrará $14.00 por persona, por día por estas tres comidas.

| 2.  The employer: * | ☐  **WILL NOT** charge workers for meals. | | |
|---|---|---|---|
| | ☑  **WILL** charge each worker for meals at | $ 14 . 00 | per day, if meals are provided. |

**F.  Transportation and Daily Subsistence**

1.  Describe the terms and arrangements for daily transportation the employer will provide to workers. *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*
Please see Addendum C.

2.  Describe the terms and arrangements for providing workers with transportation (a) to the place of employment (*i.e.,* inbound) and (b) from the place of employment (*i.e.,* outbound). *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*
Please see Addendum C.

| 3.  During the travel described in Item 2, the employer will pay for or reimburse daily meals by providing each worker * | a.  no less than | $ 16 . 28 | per day * |
|---|---|---|---|
| | b.  no more than | $ 68 . 00 | per day with receipts |

**G.  Referral and Hiring Instructions**

**FOR DEPARTMENT OF LABOR USE ONLY**
H-2A Case Number: H-300-25181-141495     Case Status: Full Certification     Determination Date: 07/16/2025     Validity Period: 9/1/2026 to 9/16/2026

SCSCGA - 003095



OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

1. Explain **how** prospective applicants may be considered for employment under this job order, including verifiable contact information for the employer (or the employer's authorized hiring representative), methods of contact, and the days and hours applicants will be considered for the job opportunity. *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*

Call Ricky Gonsoulin at (337) 319-7515 to apply for position between the hours of 8:00AM to 4:00PM, Monday - Friday.

| 2. Telephone Number to Apply *<br>+1 (337) 319-7515 | 3. Extension §<br>N/A | 4. Email Address to Apply *<br>rickygonsoulin@gmail.com |
|---|---|---|

5. Website Address (URL) to Apply *
N/A

**H.  Additional Material Terms and Conditions of the Job Offer**

1. Is a completed **Addendum C** providing additional information about the material terms, conditions, and benefits (monetary and non-monetary) that will be provided by the employer attached to this job order? *     ☑ Yes  ☐ No

**I.  Conditions of Employment and Assurances for H-2A Agricultural Clearance Orders**

By virtue of my signature below, I **HEREBY CERTIFY** my knowledge of and compliance with applicable Federal, State, and local employment-related laws and regulations, including employment-related health and safety laws, and certify the following conditions of employment:

1. **JOB OPPORTUNITY**: Employer assures that the job opportunity identified in this clearance order (hereinafter also referred to as the "job order") is a full-time temporary position being placed with the SWA in connection with an *H-2A Application for Temporary Employment Certification* for H-2A workers and this clearance order satisfies the requirements for agricultural clearance orders in 20 CFR part 653, subpart F and the requirements set forth in 20 CFR 655, subpart B.  This job opportunity offers U.S. workers no less than the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to H-2A workers and complies with the requirements at 20 CFR part 655, subpart B.  The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship.

2. **NO STRIKE, LOCKOUT, OR WORK STOPPAGE**: Employer assures that this job opportunity, including all places of employment for which the employer is requesting temporary agricultural labor certification does not currently have workers on strike or being locked out in the course of a labor dispute. 20 CFR 655.135(b).

3. **HOUSING FOR WORKERS**:  Employer agrees to provide or secure housing for the H-2A workers and those workers in corresponding employment who are not reasonably able to return to their residence at the end of the work day.  That housing complies with the applicable local, State, and/or Federal standards and is sufficient to house the specified number of workers requested through the clearance system.  The employer will provide the housing without charge to the worker.  Any charges for rental housing will be paid directly by the employer to the owner or operator of the housing.  If public accommodations or public housing are provided to workers, the employer agrees to pay all housing-related charges directly to the housing's management.  The employer agrees that charges in the form of deposits for bedding or other similar incidentals related to housing (e.g., utilities) must not be levied upon workers.  However, the employer may require workers to reimburse them for damage caused to housing by the individual worker(s) found to have been responsible for damage which is not the result of normal wear and tear related to habitation.  When it is the prevailing practice in the area of intended employment and the occupation to provide family housing, the employer agrees to provide family housing at no cost to workers with families who request it.  20 CFR 655.122(d), 653.501(c)(3)(vi).

   *Request for Conditional Access to Intrastate or Interstate Clearance System*:  Employer assures that the housing disclosed on this clearance order will be in full compliance with all applicable local, State, and/or Federal standards at least 20 calendar days before the housing is to be occupied. 20 CFR 653.502(a)(3).  The Certifying Officer will not certify the application until the employer provides evidence that housing has been inspected and approved or, in the case of rental or public accommodations, is otherwise in full compliance.

4. **WORKERS' COMPENSATION COVERAGE**:  Employer agrees to provide workers' compensation insurance coverage in compliance with State law covering injury and disease arising out of and in the course of the worker's employment.  If the type of employment for which the certification is sought is not covered by or is exempt from the State's workers' compensation law, the employer agrees to provide, at no cost to the worker, insurance covering injury and disease arising out of and in the course of the worker's employment that will provide benefits at least equal to those provided under the State workers' compensation law for other comparable employment.  20 CFR 655.122(e).

5. **EMPLOYER-PROVIDED TOOLS AND EQUIPMENT**: Employer agrees to provide to the worker, without charge or deposit charge, all tools, supplies, and equipment required to perform the duties assigned.  20 CFR 655.122(f), .210(d), or .302(c).

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



6. **MEALS**: Employer agrees to provide each worker with three meals a day or furnish free and convenient cooking and kitchen facilities to the workers that will enable the workers to prepare their own meals. Where the employer provides the meals, the job offer will state the charge, if any, to the worker for such meals. The amount of meal charges is governed by 20 CFR 655.173. 20 CFR 655.122(g). When a charge or deduction for the cost of meals would bring the worker's wage below the minimum wage set by FLSA at 29 U.S.C. 206, the charge or deduction must meet the requirements of 29 U.S.C. 203(m) of the FLSA, including the recordkeeping requirements found at 29 CFR 516.27.

For workers engaged in the herding or production of livestock on the range, the employer agrees to provide each worker, without charge or deposit charge, (1) either three sufficient meals a day, or free and convenient cooking facilities and adequate provision of food to enable the worker to prepare his own meals. To be sufficient or adequate, the meals or food provided must include a daily source of protein, vitamins, and minerals; and (2) adequate potable water, or water that can be easily rendered potable and the means to do so. 20 CFR 655.210(e).

7. **TRANSPORTATION AND DAILY SUBSISTENCE**: Employer agrees to provide the following transportation and daily subsistence benefits to eligible workers.

   A. *Transportation to Place of Employment (Inbound)*

   If the worker completes 50 percent of the work contract period, and the employer did not directly provide such transportation or subsistence or otherwise has not yet paid the worker for such transportation or subsistence costs, the employer agrees to reimburse the worker for reasonable costs incurred by the worker for transportation and daily subsistence from the place from which the worker came to work for the employer to the employer's place of employment, whether in the U.S. or abroad. The amount of the transportation payment must be no less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved. The amount the employer will pay for daily subsistence expenses are those amounts disclosed in this clearance order, which are at least as much as the employer would charge the worker for providing the worker with three meals a day during employment (if applicable), but in no event will be less than the amount permitted under 20 CFR 655.173(a). The employer understands that the Fair Labor Standards Act applies independently of the H-2A requirements and imposes obligations on employers regarding payment of wages. 20 CFR 655.122(h)(1).

   B. *Transportation from Place of Employment (Outbound)*

   If the worker completes the work contract period, or is terminated without cause, and the worker has no immediate subsequent H-2A employment, the employer agrees to provide or pay for the worker's transportation and daily subsistence from the place of employment to the place from which the worker came, disregarding intervening employment, departed to work for the employer. Return transportation will not be provided to workers who voluntarily abandon employment before the end of the work contract period, or who are terminated for cause, if the employer follows the notification requirements in 20 CFR 655.122(n).

   If the worker has contracted with a subsequent employer who has not agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's place of employment to such subsequent employer's place of employment, the employer must provide for such expenses. If the worker has contracted with a subsequent employer who has agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's place of employment to such subsequent employer's place of employment, the subsequent employer must provide or pay for such expenses.

   The employer is not relieved of its obligation to provide or pay for return transportation and subsistence if an H-2A worker is displaced as a result of the employer's compliance with the employer's obligation to hire U.S. workers who apply or are referred after the recruitment period set out in 20 CFR 655.135(d). 20 CFR 655.122(h)(2).

   C. *Daily Transportation*

   Employer agrees to provide transportation between housing provided or secured by the employer and the employer's place(s) of employment at no cost to the worker. 20 CFR 655.122(h)(3).

   D. *Compliance with Transportation Standards*

   Employer assures that all employer-provided transportation will comply with all applicable Federal, State, or local laws and regulations. Employer agrees to provide, at a minimum, the same transportation safety standards, driver licensure, and vehicle insurance as required under 29 U.S.C. 1841 and 29 CFR 500.104 or 500.105 and 29 CFR 500.120 to 500.128. If workers' compensation is used to cover transportation, in lieu of vehicle insurance, the employer will ensure that such workers' compensation covers all travel or that vehicle insurance exists to provide coverage for travel not covered by workers' compensation. Employer agrees to have property damage insurance. 20 CFR 655.122(h)(4).

8. **THREE-FOURTHS GUARANTEE**: Employer agrees to offer the worker employment for a total number of work hours equal to at least three-fourths of the workdays of the total period beginning with the first workday after the arrival of the worker at the place of employment or the advertised contractual first date of need, whichever is later, and ending on the expiration date specified in the work contract or in its extensions, if any. 20 CFR 655.122(i).

The employer may offer the worker more than the specified hours of work on a single workday. For purposes of meeting the three-fourths guarantee, the worker will not be required to work for more than the number of hours specified in the job order for a workday, or on the worker's Sabbath or Federal holidays. If, during the total work contract period, the employer affords the U.S. or H-2A worker less employment than that required under this guarantee, the employer will pay such worker the amount the worker would have earned had the worker, in fact, worked for the guaranteed number of days. An employer will not be considered to have met the work guarantee if the employer has merely offered work on three-fourths of the workdays if each workday did not consist of a full number of hours of work time as specified in the job order. All hours of work actually performed may be counted by the employer in calculating whether the period of guaranteed employment has been met. Any hours the worker fails to work, up to a maximum of the number of hours specified in the job order for a workday, when the worker has been offered an opportunity to work, and all hours of work actually performed (including voluntary work over 8 hours in a workday or on the worker's Sabbath or Federal holidays), may be counted by the employer in calculating whether the period of guaranteed employment has been met. 20 CFR 655.122(i).

If the worker is paid on a piece rate basis, the employer agrees to use the worker's average hourly piece rate earnings or the required hourly wage rate, whichever is higher, to calculate the amount due under the three-fourths guarantee. 20 CFR 655.122(i).

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



If the worker voluntarily abandons employment before the end of the period of employment set forth in the job order, or is terminated for cause, and the employer follows the notification requirements in 20 CFR 655.122(n), the worker is not entitled to the three-fourths guarantee. The employer is not liable for payment of the three-fourths guarantee to an H-2A worker whom the Department of Labor certifies is displaced due to the employer's requirement to hire qualified and available U.S. workers during the recruitment period set out in 20 CFR 655.135(d), which lasts until 50 percent of the period of the work contract has elapsed (50 percent rule). 20 CFR 655.122(i).

*Important Note*: In circumstances where the work contract is terminated due to contract impossibility under 20 CFR 655.122(o), the three-fourths guarantee period ends on the date of termination.

9. **EARNINGS RECORDS**: Employer agrees to keep accurate and adequate records with respect to the workers' earnings at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained. The records must include each worker's permanent address, and, when available, permanent email address, and phone number(s). All records must be available for inspection and transcription by the Department of Labor or a duly authorized and designated representative, and by the worker and representatives designated by the worker as evidenced by appropriate documentation. Where the records are maintained at a central recordkeeping office, other than in the place or places of employment, such records must be made available for inspection and copying within 72 hours following notice from the Department of Labor, or a duly authorized and designated representative, and by the worker and designated representatives. The content of earnings records must meet all regulatory requirements and be retained by the employer for a period of not less than 3 years after the date of certification by the Department of Labor. 20 CFR 655.122(j).

10. **HOURS AND EARNINGS STATEMENTS**: Employer agrees to furnish to the worker on or before each payday in one or more written statements the following information: (1) the worker's total earnings for the pay period; (2) the worker's hourly rate and/or piece rate of pay; (3) the hours of employment offered to the worker (showing offers in accordance with the three-fourths guarantee as determined in 20 CFR 655.122(i), separate from any hours offered over and above the guarantee); (4) the hours actually worked by the worker; (5) an itemization of all deductions made from the worker's wages; (6) if piece rates are used, the units produced daily; (7) beginning and ending dates of the pay period; and (8) the employer's name, address and FEIN. 20 CFR 655.122(k).

For workers engaged in the herding or production of livestock on the range, the employer is exempt from recording and furnishing the hours actually worked each day, the time the worker begins and ends each workday, as well as the nature and amount of work performed, but otherwise must comply with the earnings records and hours and earnings statement requirements set out in 20 CFR 655.122(j) and (k). The employer agrees to keep daily records indicating whether the site of the employee's work was on the range or off the range. If the employer prorates a worker's wage because of the worker's voluntary absence for personal reasons, it must also keep a record of the reason for the worker's absence. 20 CFR 655.210(f).

11. **RATES OF PAY**: The employer agrees that it will offer, advertise in its recruitment, and pay at least the Adverse Effect Wage Rate (AEWR), a prevailing wage rate, the agreed-upon collective bargaining rate, the Federal minimum wage, or the State minimum wage, whichever is highest, for every hour or portion thereof worked during a pay period. If the offered wage(s) disclosed in this clearance order is/are based on commission, bonuses, or other incentives, the employer guarantees the wage paid on a weekly, semi-monthly, or monthly basis will equal or exceed the AEWR, prevailing wage rate, Federal minimum wage, State minimum wage, or any agreed-upon collective bargaining rate, whichever is highest. If the applicable AEWR or prevailing wage is adjusted during the contract period, and that new rate is higher than the highest of the AEWR, the prevailing wage, the collective bargaining rate, the Federal minimum wage, or the State minimum wage, the employer will increase the pay of all employees in the same occupation to the higher rate no later than the effective date of the adjustment. If the new AEWR or prevailing wage is lower than the rate guaranteed on this job order, the employer will continue to pay at least the rate guaranteed on this job order.

If the worker is paid on a piece rate basis, the piece rate must be no less than the prevailing piece rate for the crop activity or agricultural activity and, if applicable, a distinct work task or tasks performed in that activity in the geographic area, if one has been issued. At the end of the pay period, if the piece rate does not result in average hourly piece rate earnings during the pay period at least equal to the amount the worker would have earned had the worker been paid at the appropriate hourly rate, the employer agrees to supplement the worker's pay at that time so that the worker's earnings are at least as much as the worker would have earned during the pay period if the worker had instead been paid at the appropriate hourly wage rate for each hour worked. 20 CFR 655.120, 655.122(l).

For workers engaged in the herding or production of livestock on the range, the employer agrees to pay the worker at least the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, in effect at the time work is performed, whichever is highest, for every month of the job order period or portion thereof. If the offered wage disclosed in this clearance order is based on commissions, bonuses, or other incentives, the employer guarantees that the wage paid will equal or exceed the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, whichever is highest, and will be paid to each worker free and clear without any unauthorized deductions. The employer may prorate the wage for the initial and final pay periods of the job order period if its pay period does not match the beginning or ending dates of the job order. The employer also may prorate the wage if an employee is voluntarily unavailable to work for personal reasons. 20 CFR 655.210(g).

12. **FREQUENCY OF PAY**: Employer agrees to pay workers when due based on the frequency disclosed in this clearance order. 20 CFR 655.122(m).

13. **ABANDONMENT OF EMPLOYMENT OR TERMINATION FOR CAUSE**: If a worker voluntarily abandons employment before the end of the contract period, or is terminated for cause, the employer is not responsible for providing or paying for the subsequent transportation and subsistence expenses of that worker, and that worker is not entitled to the three-fourths guarantee, if the employer notifies the U.S. Department of Labor and, if applicable, the Department of Homeland Security, in writing or by any other method specified by the Department of Labor or the Department of Homeland Security in the *Federal Register*, not later than 2 working days after the abandonment or termination occurs. A worker will be deemed to have abandoned the work contract after the worker fails to show up for work at the regularly scheduled time for 5 consecutive work days without the consent of the employer. 20 CFR 655.122(n).

14. **CONTRACT IMPOSSIBILITY**: The work contract may be terminated before the end date of work specified in the work contract if the services of the workers are no longer required for reasons beyond the control of the employer due to fire, weather, or other Act of God that makes fulfillment of the contract impossible, as determined by the Department of Labor. In the event that the work contract is terminated, the employer agrees to fulfill the three-fourths guarantee for the time that has elapsed from the start date of work specified in the work contract to the date of termination. The employer also agrees that it will make efforts to transfer the worker to other comparable employment acceptable

SCSCGA - 003098

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



to the worker and consistent with existing immigration laws. In situations where a transfer is not affected, the employer agrees to return the worker at the employer's expense to the place from which the worker, disregarding intervening employment, came to work for the employer, or transport the worker to his/her next certified H-2A employer, whichever the worker prefers. The employer will also reimburse the worker the full amount of any deductions made by the employer from the worker's pay for transportation and subsistence expenses to the place of employment. The employer will also pay the worker for any transportation and subsistence expenses incurred by the worker to that employer's place of employment. The amounts the employer will pay for subsistence expenses per day are those amounts disclosed in this clearance order. The amount of the transportation payment must not be less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved. 20 CFR 655.122(o).

The employer is not required to pay for transportation and daily subsistence from the place of employment to a subsequent employer's place of employment if the worker has contracted with a subsequent employer who has agreed to provide or pay for the worker's transportation and subsistence expenses from the present employer's place of employment to the subsequent employer's place of employment. 20 CFR 655.122(h)(2).

15. **DEDUCTIONS FROM WORKER'S PAY**: Employer agrees to make all deductions from the worker's paycheck required by law. This job offer discloses all deductions not required by law which the employer will make from the worker's paycheck and all such deductions are reasonable, in accordance with 20 CFR 655.122(p) and 29 CFR part 531. The wage requirements of 20 CFR 655.120 will not be met where undisclosed or unauthorized deductions, rebates, or refunds reduce the wage payment made to the employee below the minimum amounts required under 20 CFR part 655, subpart B, or where the employee fails to receive such amounts free and clear because the employee kicks back directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. 20 CFR 655.122(p).

16. **DISCLOSURE OF WORK CONTRACT**: Employer agrees to provide a copy of the work contract to an H-2A worker no later than the time at which the worker applies for the visa, or to a worker in corresponding employment no later than on the day work commences. For an H-2A worker coming to the employer from another H-2A employer or who does not require a visa for entry to the United States, the employer agrees to provide a copy of the work contract no later than the time an offer of employment is made to the H-2A worker. A copy of the work contract will be provided to each worker in a language understood by the worker, as necessary or reasonable. In the absence of a separate, written work contract entered into between the employer and the worker, the work contract at minimum will be the terms of this clearance order, including all Addenda, the certified *H-2A Application for Temporary Employment Certification* and any obligations required under 8 U.S.C. 1188, 29 CFR part 501, or 20 CFR part 655, subpart B. 20 CFR 655.122(q).

17. **ADDITIONAL ASSURANCES FOR CLEARANCE ORDERS**:

    A. Employer agrees to provide to workers referred through the clearance system the number of hours of work disclosed in this clearance order for the week beginning with the anticipated first date of need, unless the employer has amended the first date of need at least 10 business days before the original first date of need by so notifying the Order-Holding Office (OHO) in writing (*e.g.*, email notification). The employer understands that it is the responsibility of the SWA to make a record of all notifications and attempt to inform referred workers of the amended first date of need expeditiously. 20 CFR 653.501(c)(3)(i).

    If there is a change to the anticipated first date of need, and the employer fails to notify the OHO at least 10 business days before the original first date of need, the employer agrees that it will pay eligible workers referred through the clearance system the specified rate of pay disclosed in this clearance order for the first week starting with the originally anticipated first date of need or will provide alternative work if such alternative work is stated on the clearance order. 20 CFR 653.501(c)(5).

    B. Employer agrees that no extension of employment beyond the period of employment specified in the clearance order will relieve it from paying the wages already earned, or if specified in the clearance order as a term of employment, providing transportation from the place of employment, as described in paragraph 7.B above. 20 CFR 653.501(c)(3)(ii).

    C. Employer assures that all working conditions comply with applicable Federal and State minimum wage, child labor, social security, health and safety, farm labor contractor registration, and other employment-related laws. 20 CFR 653.501(c)(3)(iii).

    D. Employer agrees to expeditiously notify the OHO or SWA by emailing and telephoning immediately upon learning that a crop is maturing earlier or later, or that weather conditions, over-recruitment, or other factors have changed the terms and conditions of employment. 20 CFR 653.501(c)(3)(iv).

    E. If acting as a farm labor contractor (FLC) or farm labor contractor employee (FLCE) on this clearance order, the employer assures that it has a valid Federal FLC certificate or Federal FLCE identification card and when appropriate, any required State FLC certificate. 20 CFR 653.501(c)(3)(v).

    F. Employer assures that outreach workers will have reasonable access to the workers in the conduct of outreach activities pursuant to 20 CFR 653.107. 20 CFR 653.501(c)(3)(vii).

*I declare under penalty of perjury that I have read and reviewed this clearance order, including every page of this Form ETA-790A and all supporting addendums, and that to the best of my knowledge, the information contained therein is true and accurate. This clearance order describes the actual terms and conditions of the employment being offered by me and contains all the material terms and conditions of the job. 20 CFR 653.501(c)(3)(viii). I understand that to knowingly furnish materially false information in the preparation of this form and/or any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both. 18 U.S.C. §§ 2, 1001.*

| 1. Last (family) name * | 2. First (given) name * | 3. Middle initial § |
|---|---|---|
| Gonsoulin | Ricky | |

| 4. Title * |
|---|
| Director |

**Form ETA-790A**      **FOR DEPARTMENT OF LABOR USE ONLY**     Page 7 of 8

H-2A Case Number: H-300-25181-141495    Case Status: Full Certification    Determination Date: 07/16/2025    Validity Period: 9/12/2026 to 9/16/2026

SCSCGA - 003099

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

| 5. Signature (or digital signature) * | | 6. Date signed * |
|---|---|---|
| Digital Signature Verified and Retained By | *Certifying Officer* | 7/2/2025 |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-25181-141495    Case Status: Full Certification    Determination Date: 07/16/2025    Validity Period: 9/1/2026 to 7/15/2026

SCSCGA - 003100

# Condiciones de Trabajo y Cobertura de Seguro

Con mi firma abajo, por este medio **CERTIFICO** mi leal saber y cumplimiento de las leyes y reglamentos locales, federales y estatales inherentes al trabajo, incluyendo salud y seguridad ocupacional; y certifico las condiciones de trabajo detalladas a continuación:

1. **OPORTUNIDAD DE TRABAJO:**  El empleador garantiza que el puesto identificado en esta oferta de trabajo (de aquí en adelante llamada "orden de trabajo") es una posición temporal de tiempo completo que se ha publicado en la Compensación de Asistencia Complementaria [Supplementary Welfare Allowance]  (SWA) inherente al Certificado de Solicitud de Trabajadores Temporales para la Agricultura (H-2A), misma que cumple con los requisitos  establecidos tanto en las ordenes de trabajo para agricultura 20CFR 653, artículo F,  como en  el Código de Regulaciones Federales 20 CFR 655.122. Esta oportunidad de trabajo ofrece a los empleados en Estados Unidos de América los mismos beneficios, salarios y condiciones de trabajo que el empleador está ofreciendo, pretende ofrecer u ofrecerá a los empleados en la categoría H-2A y cumple con los requisitos del código 20 CFR 655, Subsección B. La oferta de trabajo está abierta a cualquier norteamericano calificado, independientemente de la raza, color, nacionalidad, edad, sexo, religión, incapacidad o ciudadanía.

2. **SIN HUELGAS, CIERRES PATRONALES Y PAROS LABORALES.** El empleador garantiza en esta oferta de trabajo, que en ninguna de las instalaciones para las cuales está requiriendo el certificado H-2A, existen empleados en huelga, en cierre patronal o en disputa laboral.  20 CFR 655.135(b)

3. **ALOJAMIENTO PARA EMPLEADOS:** El empleador acepta proporcionar alojamiento seguro para los empleados con contrato H-2A y para aquellos empleados en trabajos equivalentes que no puedan regresar a sus residencias al final del día. El alojamiento cumple con las normas establecidas por las leyes locales, Estatales y Federales, siendo adecuado para alojar el número de empleados especificados y solicitados por medio del sistema de compensación.  Dicho alojamiento será brindando sin costo para el empleado. Todos los gastos derivados del mismo serán pagados por el empleador al dueño o arrendatario del lugar.  Si el alojamiento que se proporciona es público, el empleador acepta pagar todos los gastos a la administración de este.  El empleador acepta que no deberán ser cobrados a los empleados los depósitos por uso de ropa de cama o cualquier otro gasto relacionado al alojamiento (i.e., servicios públicos). Sin embargo, el empleador podrá solicitar a los empleados el reembolso de los gastos

ocasionados por daños ajenos al uso normal del alojamiento, si se deduce que han sido responsables de dichos daños como resultado del uso inapropiado o destrozos.  Cuando sea un derecho adquirido en el área del futuro empleador éste acepta proporcionar alojamiento sin costo para los empleados y su familia, si así lo solicitan.  20 CFR 655.122(d),653.501(c)(3)(vi).

*Solicitud de Acceso Condicional al Sistema de Compensación Intra e Interestatal:* El empleador garantiza que el alojamiento en mención en esta orden de trabajo cumplirá con los reglamentos de las leyes locales, Estatales y Federales aplicables, con una anticipación mínima de 20 días, al calendario establecido en el 20 CFR 653.502(a)(3). El funcionario autorizado no aprobará la solicitud hasta que el alojamiento haya sido inspeccionado y aprobado.

4. **COBERTURA DEL SEGURO PARA LOS EMPLEADOS:**  Como parte de la compensación de los empleados y en cumplimiento con las leyes del Estado, el empleador acepta otorgar cobertura de seguro por lesiones o muerte provocadas por y durante el transcurso del contrato de trabajo.  Si el tipo de trabajo para el cual se solicita certificación no está cubierto o está exento de la Ley de Compensación de Empleados del Estado, el empleador acepta proporcionar, sin costo para el empleado, cobertura por lesiones o muerte provocadas por y durante el transcurso del contrato de trabajo, con beneficios equivalentes a los proporcionados por la ley antes mencionada para los empleados del Estado en una misma categoría laboral.  20 CFR 655.122(e).

5. **HERRAMIENTAS Y EQUIPO PROPORCIONADO POR EL EMPLEADOR:** El empleador acepta proporcionar al empleado, sin cargo o depósito alguno, todas las herramientas, suministros y equipo requeridos para realizar el trabajado asignado.  20 CFR 655.122(f).

6. **ALIMENTACIÓN:**  El empleador acepta proporcionar sin costo tres al dia comida para cada empleado o bien un área adecuada para que cocinen y preparen sus alimentos. Si el empleador proporciona la alimentación la oferta de trabajo especificará el costo de esta, si lo hubiere.  Los gastos por alimentación están regidos por el código 20 CFR 655.173. 20 CFR 655.122(g).

Para los empleados designados al pastoreo o producción industrial de ganado, el empleador acepta proporcionar, sin cargo ni deposito alguno: (1) ya sea tres comidas completas al día o bien instalaciones adecuadas para cocinar, así como los suministros para que el empleado prepare sus comidas.  Una alimentación completa y balanceada debe incluir suplementos diarios de proteínas, vitaminas y minerales. (2) agua potable o agua que pueda ser filtrada y los medios para hacerlo.  20 CFR 655.210(e).

7.  **TRANSPORTE Y SUBSIDIO DIARIO:** El empleador acepta proporcionar el transporte y subsidio diario para los empleados elegibles, descrito a continuación.

    A.  *Transporte al lugar de Trabajo (Ingreso)*

    Si el empleado completa el 50 por ciento del período de contratación y el empleador no ha proporcionado o pagado dicho transporte o subsidio, el empleador accede a reembolsar al empleado los gastos justos incurridos por el empleado para transportarse y un subsidio diario para el pago de este desde el lugar de su residencia hasta el lugar de trabajo, ya sea dentro de los Estados Unidos de América o desde el extranjero. La cantidad por pagar para transporte no será menor (tampoco se requiere que sea mayor) al costo mínimo y justo de transporte general para las distancias inherentes. La cantidad que el empleador pagará para gastos de subsidio está detallada en la orden de trabajo y es como mínimo lo que el empleador cobraría al empleado por proporcionarle tres tiempos de comida al día (si aplica) pero en ningún momento será menor a la cantidad autorizada en el artículo 20 CFR 655.173(a). El empleador comprende que la Ley de Normas Justas de Trabajo se aplica independiente de los acuerdos de contratos H-2A e impone las obligaciones a los empleadores en cuando al pago de salarios. 20 CFR 655.122(h)(1).

    B.  *Transporte desde el lugar de trabajo (Salida*)

Si el empleado completa el período del contrato o dicho contrato es terminado sin causa justa y el empleado no tiene un contrato H-2A inmediato, el empleador acepta proporcionar o pagar el transporte y subsidio diario desde el lugar de trabajo hasta su lugar de residencia, independientemente del trabajo intermedio que iba a realizar para el empleador. No se proporcionará transporte de regreso a los empleados que abandonen el trabajo antes de haber completado el período de contratación o si son despedidos con causa justa, si el empleador sigue los procedimientos de notificación establecidos en el código 20 CFR 655. 122(n).

Si el empleado ha prestado servicios a un empleador posterior que no ha aceptado proporcionar o pagar transporte o gastos de subsidio diario desde las instalaciones del empleador anterior hacia las instalaciones del empleador posterior, el empleador posterior debe asumir dichos gastos.

No se exime al empleador de su obligación de transporte de regreso o subsidio si un empleado con contrato H-2A es despedido como consecuencia del cumplimiento del empleador con la regla del 50 por ciento como se describe en el artículo 655. 135(d)

de esta subsección que se refiere a las recomendaciones hechas después de la fecha de inicio.  20 CFR 655.122(h)(2).

*C.  Transporte diario:*

El empleador acepta proporcionar transporte desde el lugar de alojamiento hasta el lugar de trabajo, sin costo para el empleado.  20 CFR 655.122(h)(3).

D. *Cumplimiento con los reglamentos de Transporte*:

El empleador garantiza que todo el transporte proporcionado cumplirá con todas las leyes locales, Federales y del Estado aplicables y sus reglamentos.  El empleador acepta proporcionar como mínimo, lo establecido en los reglamentos de seguridad en el transporte, licencias de conducir y seguro para vehículos requerido por los acuerdos 29 U.S.C. 1841, 29 CFR 500.105 y 29 CFR 500.120 al 500.128. Si la compensación del empleado se utiliza para cubrir gastos de transporte, en lugar de seguro para vehículos, el empleador garantizará que dicha compensación   cubra todos los gastos de viaje y seguros de vehículos necesarios para proporcionar seguro para viajeros sin cobertura en su compensación.  El empleador acepta que cuenta con un seguro apropiado para las instalaciones.  20 CFR 655.122(h)(4).

8. **LA GARANTIA DE LOS TRES CUARTOS:** El empleador acepta hacer una oferta de trabajo por el número total de horas equivalente a un mínimo de tres cuartos de las jornadas de trabajo durante todo el período, iniciando con la primera jornada después del arribo de los trabajadores al lugar de trabajo o la fecha contractual de inicio, la que sea posterior; y finalizando en la fecha de vencimiento especificada en el contrato de trabajo y sus extensiones, si las hubiera.  20 CFR 655.122(i).

El empleador podrá ofrecer al empleado que trabaje más de las horas establecidas en la jornada. Para efecto de completar los tres cuartos garantizados, no se solicitará al empleado que trabaje más de las horas establecidas en la orden de trabajo, ya sea en el día de descanso semanal o feriados. Si durante el período de duración del contrato, el empleador otorga a los empleados norteamericanos o con contrato  H-2A menos trabajo cubierto por esta garantía, el empleador pagará a dichos empleados la cantidad que estos habrían ganado si hubieren realizado el trabajo por el número garantizado de días.  No se consideran como satisfechas las garantías ofrecidas por del empleador, si el mismo ha ofrecido menos trabajo de los tres cuartos de los días laborales y si cada jornada no incluye el número total de jornadas especificadas en la orden de trabajo.     Todas las horas durante las cuales el empleado no ejecute su labor, hasta el máximo establecido en la orden de trabajo para una jornada, cuando se le ha concedido la oportunidad de trabajo y todas las horas laboradas (incluyendo trabajo extraordinario realizado después de las 8 horas de la jornada o en el día de descanso semanal o feriados) deberán ser contabilizadas por el empleador si se ha cubierto el período de trabajo garantizado.  20 CFR 655.122(i).

SCSCGA - 003104

Si el empleado gana a destajo, el empleador acepta la garantía de los tres cuartos, para estimar el promedio de las piezas por hora o bien el ingreso promedio por hora, el que sea más alto. 20 CFR 655.122(i).

Si el empleado abandona el trabajo antes del término del contrato establecido en la orden de trabajo, o si es despedido con causa justa y el empleador cumple con los requerimientos de notificación establecidos en el código 20 CFR 655.122(n) el empleador no está obligado a garantizar los tres cuartos.  Tampoco será responsable por el pago de los tres cuartos garantizado en el contrato H-2A, si durante el período de reclutamiento establecido en el código 20 CPR655.135(d) el empleado es desplazado debido a que el Departamento de Trabajo dicta que se debe contratar personal norteamericano disponible y calificado; dicho período dura hasta que el 50 por ciento del período del contrato de trabajo haya finalizado (regla del 50 por ciento).  20 CFR 655.122(i).

*Importante:*  En circunstancias donde el contrato de trabajo es terminado debido a la imposibilidad de completarlo establecida en el código 20 CFR 655.11(o) el período de tres cuatros garantizado finaliza en la misma fecha de terminación.

9.  **PLANILLAS:** El empleador acepta mantener un registro exacto y adecuado de los ingresos de los empleados en el lugar o lugares de trabajo o bien en una o más oficinas contables autorizadas para tal efecto.  Todos los archivos deben estar disponibles como evidencia de una correcta administración, para inspección y reproducción por parte del Departamento de Trabajo o su representante debidamente autorizado y designado, así como para el empleado y su representante.   Cuando los archivos se guardan en una oficina contable ajena al lugar o lugares de trabajo, dichos archivos deben estar disponibles para inspección o reproducción dentro de las 72 horas inmediatas a la notificación del Departamento de Trabajo o su representante debidamente autorizado y designado, así como para el empleado y su representante.  El contenido de las planillas debe llenar los requisitos reglamentarios y ser archivados por el empleador por un período no menor a 3 años después de la fecha de la certificación emitida por el Departamento de Trabajo.  20 CFR 655.122(j).

10. **CONSTANCIA DE INGRESOS Y HORAS LABORADAS:** El empleador acepta entregar al empleado antes o en el mismo día de pago, una o más constancias escritas con la siguiente información: (1) total de ingresos generados en el periodo de pago; (2) El salario por hora y/o destajo; (3) las horas laboradas (que comprueben la garantía de los tres cuartos determinada en el artículo 20 CFR655 122(i), separadas de las horas adicionales); (4) las horas efectivas de trabajo; (5) un detalle de todas las deducciones salariales; (6) si se paga a destajo, las unidades diarias producidas ;(7) fechas inicial y final del período de pago; y (8) el nombre, dirección y el Número de Identificación Federal del empleador (FEIN).  20 CFR 655.122(k).

Para aquellos empleados designados al pastoreo o producción industrial de ganado, el empleador está exento de registrar y detallar las horas diarias laboradas, la hora de inicio y final de la jornada, así como la naturaleza y cantidad de trabajo realizado; pero deberá cumplir con los requisitos establecidos en el artículo 20 CFR 655.122(j) y (k) que se refieren a las planillas. El empleador acepta hacer registros diarios indicando si las labores fueron realizadas dentro o fuera de esta modalidad.  Si el empleador prorratea el salario por ausencia del empleado por razones personales, debe especificar el motivo de la ausencia.  20 CFR 655.210(f).

11. **<u>SALARIOS:</u>**  El empleador acepta que ofertará  y anunciara en el proceso de reclutamiento el salario mínimo de acuerdo a lo establecido y vigente en el momento de la contratación, tanto en la ley de Salarios Mínimos de Efectos Adversos (AEWR) como para pago por hora o destajo, el salario  acordado  en negociaciones colectivas o bien el salario mínimo Federal o Estatal , el que sea mayor .

Si el pago es por hora, el empleador deberá pagar el salario por hora o fracción por el trabajo realizado en cada jornada.  Si el salario incluido en esta oferta de trabajo es en base a comisiones, bonos o cualquier otro incentivo, el empleador garantiza el pago  en períodos semanales, quincenales o mensuales los cuales serán equivalentes o excederán el AEWR vigente para pago por hora o a destajo, el salario mínimo de acuerdo con la ley Estatal o Federal o cualquier acuerdo colectivo negociado, el que sea mayor.   Si el empleado recibe pago a destajo y al final del período de pago este no llega al promedio por hora a destajo o no es equivalente a los ingresos que el empleado habría ganado si hubiera recibido el pago de acuerdo con el salario por hora, el empleador acepta complementar dicho pago para que el empleado reciba el salario mínimo para cada hora de trabajo.  20 CFR 655.120, 655.122(l).

Para los empleados designados al pastoreo o producción industrial de ganado, el empleador acepta pagar el salario mínimo mensual establecido en el AEWR, el salario acordado en negociaciones colectivas, el salario mínimo establecido por la Ley Federal o Estatal o en demanda judicial efectiva en el momento de la ejecución del trabajo, por cada mes el período incluido en la orden de trabajo o proporcional a esta, el que sea mayor.  Si el salario ofertado en la orden de trabajo está basado en comisiones, bonos u otros incentivos el empleador garantiza que salario pagado será equivalente o excederá el monto mensual establecido por el AEWR, el acordado en acuerdos colectivos de trabajo, el que sea mayor y será pagado a cada empleado libre de deducciones no autorizadas.  El empleador podrá prorratear el salario para el período inicial y final de la orden de trabajo si dicho período no coincide con la fecha inicial y final de la orden de trabajo.  El empleador también puede prorratear el salario si el empleado está indispuesto para trabajar por motivos personales.  20 CFR 655.210(g).

12. **DIAS DE PAGO:** El empleador acepta pagar a los empleados en los días de pago establecidos en la orden de trabajo. 20 CFR655.122(m).

13. **ABANDONO DE TRABAJO COMO CAUSA JUSTA PARA LA TERMINACION DEL CONTRATO:** Si un empleado abandona el trabajo antes de la finalización del contrato o si es despedido con causa justa, el empleador no está obligado a proporcionar o pagar el transporte o gastos de subsidio, ni la garantía de los tres cuartos, siempre y cuando el empleador notifique al Departamento de Trabajo y si aplica, al Departamento de Seguridad Nacional, por escrito o por cualquier otro medio establecido por dichas entidades, durante los primeros 2 días inmediatos al abandono de trabajo. Se considera abandono de trabajo si el empleado se ausenta de su jornada ordinaria por 5 días consecutivos sin autorización del empleador. 20 CFR 655.122(n).

14. **INCUMPLIMIENTO DE CONTRATO:** El contrato de trabajo podrá ser terminado antes de la fecha establecida en el mismo, como lo determina el Departamento de Trabajo de los Estados Unidos de América, si los servicios de los empleados ya no son requeridos por motivos ajenos al control del empleador tales como, incendio, clima u otros casos de fuerza mayor que hacen imposible el cumplimiento del contrato. En dichos casos, el empleador acepta cumplir con la garantía de los tres cuartos durante el tiempo transcurrido hasta la fecha de terminación especificada en el contrato. El empleador también acepta que hará los esfuerzos necesarios para transferir al empleado a un trabajo equivalente y de acuerdo con las leyes migratorias. En caso de que el traslado no aplique, el empleador acepta el costo de regresar al empleado a su lugar de residencia, independientemente de cualquier trabajo intermedio bien transportarlo a un empleador inmediato con contrato H-2A, lo que el empleado elija. El empleador también reembolsará al empleado el total de las deducciones hechas por concepto de transporte o gastos de subsidio. El empleador pagará al empleado por los gastos de transporte o subsidio incurridos por el empleado para dicho lugar de trabajo. La cantidad que el empleador pagará por gastos de subsidio diario será ofrecida en la orden de trabajo. La cantidad por pago de transporte no será menor (tampoco se requiere que sea mayor) al costo mínimo y justo de transporte general para las distancias inherentes 20 CFR 655.122(o).

El empleador no está obligado a pagar los gastos de transporte o subsidio desde el lugar de trabajo previo hasta lugar de trabajo posterior, si el trabajador ha hecho un nuevo contrato y empleador posterior ha aceptado asumir esos gastos. 20 CFR 655.122(h)(2).

15. **DEDUCCIONES AL SALARIO:** El empleador acepta hacer las deducciones de ley. Esta oferta de trabajo detalla todas las deducciones tanto de ley como adicionales que hará al trabajador de acuerdo con el código 20CFR 655. 11(p) y 29 CFR sección 531. El

SCSCGA - 003107

salario establecido en el 20 código CFR 655. 120 no incluirá las deducciones si estás no son detalladas o no autorizadas o si las deliberaciones o reembolsos reducen el pago mínimo del empleado establecido bajo el artículo 20 CFR sección 655, subsección B, o si el empleado no percibe dicha cantidad libre de deducciones debido a que el empleado directa o indirectamente se abstiene de dar al empleador u otra persona en su representación, el total o la proporción de salario enviada. 20 CFR 655.122(p).

16. **TRANSPARENCIA DEL CONTRATO DE TRABAJO:** El empleador acepta enviar una copia del contrato del trabajo H-2A en el momento en que el empleado solicita la visa, o a un empleado con un trabajo similar en el mismo día que se inicia la relación laboral. Para un empleado proveniente de un contrato H-2A similar, el empleador acepta entregar una copia de dicho contrato, en el momento que se haga la oferta. Una copia del contrato de trabajo deberá ser entregada a cada empleado en un idioma comprensible, según sea necesario y conveniente. En ausencia de un contrato de trabajo escrito entre el empleador y el empleado, los términos incluidos en esta orden de trabajo, incluyendo todos los anexos y la certificación de la Solicitud para Trabajo Temporal H-2A serán considerados un contrato de trabajo. 20 CFR 655.122(q).

17. **GARANTIAS ADICIONALES A LA ORDEN DE TRABAJO:**

   A. El empleador acepta proporcionar a los empleados referidos por sistema de ordenes de trabajo, el número de horas incluidas en esta orden de trabajo desde la primera semana de la fecha de inicio, a menos que el empleador haya enmendado la fecha por lo menos 10 días laborales antes de la fecha de emisión y notificando a la Oficina de Ocupación de Cargos [Order-Holding Office] (OHO) por escrito (i.e., correo electrónico). El empleador comprende que es responsabilidad del SWA hacer un registro de toda las notificaciones y tentativas de informe enviadas a los empleados sin demora alguna, con la enmienda de la fecha 20 CFR 653.501(c)(3)(i). Si hubiese algún cambio en la fecha de inicio y el empleador no notifica al OHO por lo menos 10 días laborales antes de la fecha de inicio, el empleador acepta que pagará a los empleados incluidos en el sistema de órdenes, la cuota acordada desde la primera semana o proporcionará un trabajo alterno si está incluido en la orden de trabajo. 20 CFR 653.501(c)(5).

   B. El empleador acepta que la extensión del empleo por el periodo de trabajo especificado en la orden de trabajo no lo exime del pago de los salarios ya percibidos o si se especifica en la orden de trabajo como un periodo adicional, proporcionando transporte desde el lugar de trabajo descrito en el párrafo 7.B arriba indicado. 20 CFR 653.501(c)(3) (ir).

C.  El empleador garantiza que todas las condiciones de trabajo cumplen con lo concerniente al salario mínimo Federal y de Estado, trabajo de menores, seguro social, salud y seguridad ocupacional, registro de empleados para agricultura y otras leyes laborares relacionadas.  20 CFR 653.501(c)(3)(mi).

D.  El empleador acepta notificar sin demora a OHO o SWA por correo electrónico o por teléfono y de manera inmediata, si los cultivos han madurado antes o después de los esperado, las condiciones del clima, el exceso de personal reclutado u otros factores que cambien los términos y condiciones de trabajo.  20 CFR 653.501(c)(3) (iba).

E.  Si actúa como un empleador (FLC) o un empleador (FLCE) en esta orden de trabajo, garantiza que tiene un certificado legal Federal FLC o FLC Federal y cualquier otra certificación requerida por el Estado.  20CFR 653.501(c)(3)(v).

F.  El empleador garantiza que la proyección de empleados dará acceso a los mismos de conformidad con las actividades proyectadas. 200 CFR 653.107. 20 CFR 653.501(c)(3)(vii).

Declaro, bajo pena de perjurio, que he leído y revisado esta orden de trabajo, incluyendo cada página del formulario ETA-790A y todos los documentos que lo acompañan, según mi leal saber y entender la información contenida es veraz y exacta. Esta orden de trabajo describe los términos y condiciones   acordados en el trabajo ofertado por mi persona y contiene todo los términos y condiciones de trabajo.  20 CFR 653.501(c)(3)(viii). Comprendo que los errores o la información falsa en la preparación de este formulario y sus anexos, es un delito federal penalizado con multas, prisión o ambas.  18 U.S.C. 2, 1001.

SCSCGA - 003109

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum A
**U.S. Department of Labor**



**A.9. Additional Crop or Agricultural Activities and Wage Offer Information**

| Crop ID | Crop or Agricultural Activity | Wage Offer | Per | Piece Rate Units / Estimated Hourly Rate / Special Pay Information |
|---|---|---|---|---|
| | Sugarcane | $ 14 . 83 | Hour | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum A          **FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-25181-141495     Case Status: Full Certification     Determination Date: 07/16/2025     Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003110



OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| CML Green Acres, LLC | 637 Moresi Road + farmland within an 22-mile radius<br>Jeanerette, Louisiana 70560<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Jaime Segura Farms, LLC | 2083 Hwy 87 + farmland within a 9-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Ted Broussard Farms, Inc. | 1564 Verdunville Road + surrounding farmland within 12-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Roy Degeyter, Jr. & Son Farm | 6007 Sugar Oaks Road + farmland within a 32-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Raymond Hebert Farms, LLC | 9519 Harold Landry Road + farmland within a 26-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Circle L Farms, LLC | 1817 Lake Dauterive Road + farmland within a 32-mile radius<br>Loreauville, Louisiana 70522<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Richard Glaubrecht, Jr. | 9018 East Admiral Doyle + surrounding farmland within a 30-mile radius<br>Jeanerette, Louisiana 70544<br>IBERIA | | 9/1/2025 | 1/15/2026 | 1 |
| Jake Viator Farms | 5411 Jefferson Island Road + farmland within a 35-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Cypremort Planting Company | 4619 Little Valley Plantation Road + farmland within a 22-mile radius<br>Jeanerette, Louisiana 70544<br>IBERIA | | 9/1/2025 | 1/15/2026 | 3 |
| Northside Planting, LLC | 2816 Hwy 87 + farmland within an 11-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |

## D. Additional Housing Information

Form ETA-790A Addendum B

**FOR DEPARTMENT OF LABOR USE ONLY**

Page B.1 of B.8

H-2A Case Number: H-300-25181-141495    Case Status: Full Certification    Determination Date: 07/16/2025    Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003111

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Nicky Rockforte Farms, LLC | 1339 Maringouin Road + farmland within a 100-mile radius<br>Maringouin, Louisiana 70757<br>IBERVILLE | | 9/1/2025 | 1/15/2026 | 2 |
| Ulysses Gonsonlin, Jr. & Sons, Inc. | 4812 Jefferson Island Road + farmland within a 35-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| McDonald Farms, LLC | 8314 Jefferson Island Road, and surrounding farmland within a 30-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Patrick Judice Farms, Inc. | 2019 David Duboin Road, and surrounding farmland within a 26-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Blaine Tauzin Farms, LLC | 4304 Daspit Road + farmland within a 33-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| MMA, LLC | 4304 Daspit Road + farmland within a 25-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Scott Corley Farms | 2008 Water Street + farmland within a 100-mile radius<br>Lecompte, Louisiana 71346<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 2 |
| LeJeune Brothers, LLC | 5008 Loreauville Road, and surrounding farmland with a 23-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| HMC Farms, LLC | 4304 Daspit Road + farmland within a 25-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Acadiana Agriculture, LLC | 2417 Canal Street, and surrounding farmland within a 25-mile radius<br>Jeanerette, Louisiana 70544<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |

## D. Additional Housing Information

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Patout Brothers Little Valley Plantation, LLC | 4619 Little Valley Plantation Road + farmland within a 25-mile radius<br>Jeanerette, Louisiana 70544<br>IBERIA | | 9/1/2025 | 1/15/2026 | 3 |
| Magnolia Sugar, LLC | 2083 Highway 87 + farmland within a 9-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Donald Segura Farms | 6 Shadows Bend + farmland within a 9-mile radius<br>New Iberia, Louisiana 70563<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Bruno Habetz | 603 Fortune Road + farmland within a 35-mile radius<br>Youngsville, Louisiana 70592<br>LAFAYETTE | | 9/1/2025 | 1/15/2026 | 2 |
| Jonathon Allen Farms | 9980 Highway 71 South + farmland within a 100-mile radius<br>Cheneyville, Louisiana 71325<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 2 |
| Gonsoulin Farms, LLC | 5402 Weeks Island Road + farmland within a 26-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Triangle Farms | 5614 East Admiral Doyle + farmland within a 20-mile radius<br>Jeanerette, Louisiana 70540<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Loreauville Harvesting, LLC | 6912 Gondron Road, and surrounding farmland within a 35-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Bayou Sale Cane Co., Inc. | 1126 Hwy 317 + farmland within a 22-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 3 |
| Lone Pine Farms | 10404 Highway 71 South + farmland within a 100-mile radius<br>Cheneyville, Louisiana 71325<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 3 |

## D. Additional Housing Information

SCSCGA - 003113

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Segura Farms, LLC | 4880 Lyndsey Road, and surrounding farmland within a 35-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| A & M Farms, Inc. | 6019 Norris Road + farmland within a 36-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Harper Planting Partnership | 1658 Bayou Road + farmland within a 112-mile radius<br>Cheneyville, Louisiana 71325<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 2 |
| DLD Southern Sugar, LLC | 5839 Aristide Road, and surrounding farmland within a 50-mile radius<br>Erath, Louisiana 70533<br>VERMILION | | 9/1/2025 | 1/15/2026 | 2 |
| Douglas Farms | 3105 Anandale Road + farmland within an 100-mile radius<br>Alexandria, Louisiana 71301<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 2 |
| Nelson Hebert Farms, Inc. | 4302 Patoutville Road + farmland within a 25-mile radius<br>Jeanerette, Louisiana 70544<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Frank Martin Farms, Inc. | 809 Prairie Road North + farmland within a 10-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Cremaldi Farms | 3200 Hwy 182 + farmland within a 22-mile radius<br>Patterson, Louisiana 70392<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Freyou Farms, Inc. | 2513 North Freyou Road + farmland within a 22-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Seventy-One Planation Planting Co. | 163 Williamson Spur Road + farmland within a 104-mile radius<br>Palmetto, Louisiana 71358<br>ST LANDRY | | 9/1/2025 | 1/15/2026 | 2 |

## D. Additional Housing Information

**Form ETA-790A Addendum B**      **FOR DEPARTMENT OF LABOR USE ONLY**      Page B.4 of B.8

H-2A Case Number: H-300-25181-141495    Case Status: Full Certification    Determination Date: 07/16/2025    Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003114

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| K&M Cane | 277 WPA Road + farmland within a 93-mile radius<br>Bunkie, Louisiana 71322<br>AVOYELLES | | 9/1/2025 | 1/15/2026 | 2 |
| Rodriguez Brothers | 355 Richard Road + farmland within a 7-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Adam Halbert Farms | 345 Munson Road + farmland within a 100-mile radius<br>Cheneyville, Louisiana 71325<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 2 |
| Chris Lyles | 10404 Highway 71 South + farmland within a 100-mile radius<br>Cheneyville, Louisiana 71325<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 2 |
| Antoine Luke Farm, Inc. | 2083 Hwy 317 + farmland within a 23-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Tony Richardson | 1406 Melrose Lane, and surrounding farmland within a 25-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| B & B Planting Co., LLC | 513 Segura Road + farmland within a 35-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Patch Farms, LLC | 2417 Canal Street, and surrounding farmland within a 25-mile radius<br>Jeanerette, Louisiana 70544<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Judice Planting, LLC | 5317 Sugar Oaks Road + surrounding farmland within a 24-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Lanie Farms, LLC DBA Al Lanie | 927 Austin Road + farmland within a 5-mile radius<br>Youngsville, Louisiana 70592<br>LAFAYETTE | | 9/1/2025 | 1/15/2026 | 2 |

## D. Additional Housing Information

**Form ETA-790A Addendum B**      FOR DEPARTMENT OF LABOR USE ONLY      Page B.5 of B.8

H-2A Case Number: H-300-25181-141495    Case Status: Full Certification    Determination Date: 07/16/2025    Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003115

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Ben Vanderlick Farms, LLC | 80 Brady Lane + surrounding farmland within a 105-mile radius<br>Lecompte, Louisiana 71346<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 2 |
| Idlewild Farms | 3200 Hwy 182<br>Patterson, Louisiana 70392<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Westover Farms, Inc. | 8709 Old Jeanerette Road + surrounding farmland within a 20-mile radius<br>Jeanerette, Louisiana 70544<br>IBERIA | | 9/1/2025 | 1/15/2026 | 4 |
| Patout Equipment Company | 9402 E. Highway 90 Service Road<br>Jeanerette, Louisiana 70544<br>IBERIA | | 9/1/2025 | 1/15/2026 | 4 |
| Allen Farms | 9980 Highway 71 South + farmland within a 100-mile radius<br>Cheneyville, Louisiana 71325<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 4 |
| Bain Farms | 445 Clyde Smith Road + farmland within a 95-mile radius<br>Bunkie, Louisiana 71322<br>AVOYELLES | | 9/1/2025 | 1/15/2026 | 4 |
| A & S Farms, Inc. | 2417 Canal Street + farmland within a 25-mile radius<br>Jeanerette, Louisiana 70544<br>IBERIA | | 9/1/2025 | 1/15/2026 | 4 |
| Rebel V Farms | 5409 Jefferson Island Road + farmland within a 35-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 4 |
| Edward Beaver | 11161 Highway 71 South<br>Cheneyville, Louisiana 71325<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 3 |
| John A. Riche Farm | 177 Riche Road<br>Bunkie, Louisiana 71322<br>AVOYELLES | | 9/1/2025 | 1/15/2026 | 3 |

## D. Additional Housing Information

Form ETA-790A Addendum B     **FOR DEPARTMENT OF LABOR USE ONLY**     Page B.6 of B.8

H-2A Case Number: H-300-25181-141495    Case Status: Full Certification    Determination Date: 07/16/2025    Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003116

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Steve Halbert Farms | 345 Munson Road Cheneyville, Louisiana 71325 RAPIDES | | 9/1/2025 | 1/15/2026 | 3 |
| M.A. Patout & Son, Limited, LLC | 3512 J. Patout Burns Road Jeanerette, Louisiana 70544 IBERIA | | 9/1/2025 | 1/15/2026 | 3 |
| Raceland Raw Sugar | 175 Mill Street Raceland, Louisiana 70394 LAFOURCHE | | 9/1/2025 | 1/15/2026 | 3 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## D. Additional Housing Information

**Form ETA-790A Addendum B**                    FOR DEPARTMENT OF LABOR USE ONLY                    Page B.7 of B.8

H-2A Case Number: H-300-25181-141495    Case Status: Full Certification    Determination Date: 07/16/2025    Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003117

*OMB Approval:* 1205-0562
*Expiration Date:* 07/31/2025



H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 668 Irish Bend Road<br>Franklin, Louisiana 70538<br>ST MARY | | 1 | 34 | ❑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 6994 Jefferson<br>Maurice, Louisiana 70555<br>VERMILION | | 1 | 17 | ❑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1406 Sydney Blanchard Road<br>Loreauville, Louisiana 70552<br>IBERIA | | 1 | 12 | ❑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1014 A Highway 71 South<br>Cheneyville, Louisiana 71325<br>RAPIDES | | 1 | 12 | ❑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ❑ Employer-provided<br><br>❑ Rental or public accommodations | | | | | ❑ Local authority<br>❑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

**FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-25181-141495     Case Status: Full Certification     Determination Date: 07/16/2025     Validity Period: 9/1/2025   to 1/15/2026

SCSCGA - 003118

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



## H. Additional Material Terms and Conditions of the Job Offer

*a. Job Offer Information 1*

| 1. Section/Item Number * | A.8a | 2. Name of Section or Category of Material Term or Condition * | Job Duties |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Job duties include operating and performing routine servicing of trucks and equipment to transport sugarcane from various worksites, in connection with the harvesting of a perishable crop, from the fields to the mill and from the factory parking and staging areas to the mill operating tractor-trailer combination; deliver sugarcane to designated locations (without leaving tractor-trailer combination); DOT Approved CDL required; 3 months previous experience of driving tractor-trailer combination; job involves extensive sitting, exposure to extreme temperatures, and repetitive movements; travel may be required to and from field locations; transportation is provided; drug screening may be required upon hire and randomly (paid for by employer). Bonus may be paid at the end of contract at the discretion of the employer. Base hours offered is 49 hours; additional hours are usually offered during a plentiful season and may include 10-40 additional hours of work depending on the nature of the season.

***Employer is either a named plaintiff or a person or entity who is a member of the Teche Vermilion Sugar Cane Growers' Association, Inc., the Cora Texas Growers & Harvesters Agricultural Association, Inc. and/or the American Sugar Cane League as of November 7, 2024, who either grows, harvests, and/or processes sugar cane in Louisiana. Accordingly, the wage rate for this job opportunity is controlled by the Amended Preliminary Injunction Order issued by the Hon. Robert Summerhays on December 5, 2024, Rec. Doc. 61., Case 6:23 – cv – 00831.***

Las tareas del puesto incluyen operar y realizar el mantenimiento de rutina de camiones y equipos para transportar caa de azcar desde varios lugares de trabajo, en relacin con la cosecha de un cultivo perecedero, desde los campos hasta el ingenio y desde las reas de estacionamiento y preparacin de la fbrica hasta el ingenio operando una combinacin de tractor y remolque; entregar caa de azcar en lugares designados (sin abandonar la combinacin de tractor y remolque); Se requiere CDL aprobada por el DOT; 3 meses de experiencia previa en la conduccin de combinacin tractor-remolque; el trabajo implica estar sentado durante mucho tiempo, exposicin a temperaturas extremas y movimientos repetitivos; puede ser necesario viajar a y desde las ubicaciones de campo; se proporciona transporte; puede ser necesaria una prueba de deteccin de drogas al contratar y aleatoriamente (pagada por el empleador). A discrecin del empleador, pueden pagarse primas al final del contrato. El horario base ofrecido es de 49 horas; las horas adicionales suelen ofrecerse durante una temporada abundante y pueden incluir de 10 a 40 horas adicionales de trabajo en funcin de la naturaleza de la temporada.

*b. Job Offer Information 2*

| 1. Section/Item Number * | A.11 | 2. Name of Section or Category of Material Term or Condition * | Deductions from Pay |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer will make all deductions required by law. Deductions may include FICA, federal/state tax withholdings, court-ordered child support, garnishments, liens, and other deductions authorized or required by law. Workers must pre-authorize any voluntary deductions. Potential voluntary deductions may include repayment of advances and/or loans, employee health insurance or retirement plan contributions, and/or payment of cell phone, cable/satellite TV, internet or other service(s) for worker's convenience and benefit. Reasonable repair costs of damage to housing other than that caused by normal wear and tear, or loss of equipment/tools will be deducted from workers found to have been responsible for such damage to housing or loss of equipment/tools. Employer will make all deductions in accordance with the Fair Labor Standards Act (FLSA) and applicable state law. Other deductions may be made if expressly authorized by the worker in writing.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum C

**FOR DEPARTMENT OF LABOR USE ONLY**

Page C.1 of C.3

H-2A Case Number: H-300-25181-141495        Case Status: Full Certification        Determination Date: 07/16/2025        Valid _____ 2025 – _____ 1/6/2026

SCSCCGA 003115

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



**H. Additional Material Terms and Conditions of the Job Offer**

*c. Job Offer Information 3*

| 1. Section/Item Number * | A.11 | 2. Name of Section or Category of Material Term or Condition * | Pay Deductions - null |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *
El empleador har todas las deducciones requeridas por la ley. Las deducciones pueden incluir FICA, retenciones de impuestos federales/estatales, manutencin de nios ordenada por la corte, embargos, gravmenes y otras deducciones autorizadas o requeridas por la ley. Los trabajadores deben autorizar previamente cualquier deduccin voluntaria. Las deducciones voluntarias potenciales pueden incluir el reembolso de anticipos y/o prstamos, seguro de salud de los empleados o contribuciones al plan de jubilacin, y/o pago de telfono celular, televisin por cable/satlite, internet u otros servicios para la conveniencia y beneficio del trabajador. Los costos razonables de reparacin de daos a la vivienda que no sean causados por el desgaste normal o la prdida de equipo/herramientas se deducirn de los trabajadores que se determine que han sido responsables de tales daos a la vivienda o prdida de equipo/herramientas. El empleador har todas las deducciones de acuerdo con la Ley de Normas Justas de Trabajo (FLSA) y la ley estatal aplicable. Otras deducciones se pueden hacer si el trabajador lo autoriza expresamente por escrito.

*d. Job Offer Information 4*

| 1. Section/Item Number * | F.2 | 2. Name of Section or Category of Material Term or Condition * | Inbound/Outbound Transportation - null |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *
The Employer will provide or pay in advance for transportation, and related daily subsistence, for charter bus services, or other modes of transportation (e.g., airplane) to workers, or permit workers to select any means of transportation they choose, and reimburse those workers at no less than the most economical and reasonable common carrier transportation charges for the distances involved for both inbound (to the place of employment from the place from which the worker has come to work for the employer) and outbound (from the place of employment to the place from which the worker departed) travel.

El Empleador proporcionar o pagar por adelantado el transporte, y las dietas relacionadas, por servicios de autobs chrter, u otros modos de transporte (por ejemplo, avin) a los trabajadores, o permitir a los trabajadores seleccionar cualquier medio de transporte que elijan, y reembolsar a esos trabajadores a no menos que los gastos de transporte ms econmicos y razonables del transportista comn por las distancias involucradas tanto para el viaje de entrada (al lugar de empleo desde el lugar desde el que el trabajador ha venido a trabajar para el empleador) como de salida (desde el lugar de empleo al lugar desde el que el trabajador parti).

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum C                    FOR DEPARTMENT OF LABOR USE ONLY                                      Page C.2 of C.3

H-2A Case Number: H-300-25181-141495      Case Status: Full Certification      Determination Date: 07/16/2025      Valid From 2025 - 2026

SCSCCGA_003120

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



## H. Additional Material Terms and Conditions of the Job Offer

*e. Job Offer Information 5*

| 1. Section/Item Number * | F.1 | 2. Name of Section or Category of Material Term or Condition * | Daily Transportation - null |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer provides transportation at no cost to workers from either 1) employer provided housing or 2) a centralized pick-up point to various worksites as needed at the beginning and end of each workday. General schedule includes pick up around 6:30am and dropped back off at 2:30pm, unless overtime is offered that day then the times may vary. Employers' modes of transportation are listed below. The vehicle(s) provided are controlled and provided by the association members and are covered by vehicle insurance.

1.2012 Dodge RAM 2500; Seating Capacity: 5
2.2017 Nissan Titan XD; Seating Capacity: 3
3.2012 GMC Sierra 2500; Seating Capacity: 5
4.2014 Dodge RAM 2500; Seating Capacity: 5
5.2010 Dodge RAM 3500; Seating Capacity: 3
6.2012 Ford F-250; Seating Capacity: 6
7.2008 Ford Van; Seating Capacity: 15
8.2007 Chevrolet Van; Seating Capacity: 15
9.2016 Chevrolet Van; Seating Capacity: 15
10.2017 Ford F-350; Seating Capacity: 6
11.2013 Ford E-350; Seating Capacity: 14
12.2013 Ford E-350; Seating Capacity: 13

El empleador proporciona transporte gratuito a los trabajadores desde 1) el alojamiento proporcionado por el empleador o 2) un punto de recogida centralizado a varios lugares de trabajo segn sea necesario al principio y al final de cada jornada laboral. El horario general incluye la recogida sobre las 6:30 de la maana y la devolucin a las 2:30 de la tarde, a menos que se ofrezcan horas extraordinarias ese da, en cuyo caso los horarios pueden variar. Los medios de transporte del empleador se indican a continuacin. Los vehculos proporcionados son controlados y proporcionados por los miembros de la asociacin y estn cubiertos por el seguro del vehculo.

1.2012 Dodge RAM 2500; Capacidad de asientos: 5
2.2017 Nissan Titan XD; Capacidad de asientos: 3
3.2012 GMC Sierra 2500; Capacidad de asientos: 5
4.2014 Dodge RAM 2500; Capacidad Asientos: 5
5.2010 Dodge RAM 3500; Capacidad Asientos: 3
6.2012 Ford F-250; Capacidad Asientos: 6
7.2008 Ford Van; Capacidad Asientos: 15
8.2007 Chevrolet Van; Capacidad Asientos: 15
9.2016 Chevrolet Van; Capacidad Asientos: 15
10.2017 Ford F-350; Capacidad Asientos: 6
11.2013 Ford E-350; Capacidad Asientos: 14
12.2013 Ford E-350; Capacidad Asientos: 13

*f. Job Offer Information 6*

| 1. Section/Item Number * | | 2. Name of Section or Category of Material Term or Condition * | |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

---

H-2A Case Number: H-300-25181-141495     Case Status: Full Certification     Determination Date: 07/16/2025     Valid _____ 2025 – 2/16/2026

SCSCGA  003121