# EXHIBIT 6

# DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, FELIPE DE JESUS SUAREZ-PALAFOX, And JUAN ALEJO HERNANDEZ-CANELA, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED | No: 6:24-cv-01392<br><br>JUDGE ROBERT R. SUMMERHAYS |
| V.<br><br>SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., AND STERLING SUGARS, LLC | MAGISTRATE JUDGE CAROL B. WHITEHURST |

**DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSIONS**

NOW INTO COURT, through undersigned counsel, come Defendants, South Central Sugar Cane Growers' Association, Inc. ("SCSCGA") and Sterling Sugars, LLC, and submit the following Supplemental Responses to Plaintiffs' Request for Admissions in accordance with Rule 36 of the Federal Rules of Civil Procedure, and without waiving any rights, objections, claims, privileges or defenses set forth herein.

Defendants will supplement and/or amend these responses when more information is discovered. Defendants' Supplemental Responses to Plaintiffs' Request for Admissions are based on information now known to Defendants and without prejudice to Defendants' right to produce evidence or information discovered in the future. Defendants do not concede the relevancy or materiality of the information sought in Plaintiffs' Request for Admissions, nor do Defendants concede the relevancy or materiality of the subject matter at issue in Plaintiffs' Request for Admissions. Defendants do not waive questions and/or objections about the competency,

1

relevancy, materiality, privilege, or admissibility of documents or information identified herein. Subject to the objections stated in response to each Request for Admission, Defendants respond as follows:

## SUPPLEMENTAL RESPONSES TO REQUEST FOR ADMISSION

**REQUEST FOR ADMISSION 1:**

Admit that between October 10, 2022 through the present you did not pay time and one half overtime pay to individuals employed by you who were assigned to perform the job duties of operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill also located in Louisiana when they worked for more than 40 hours in a given workweek.

**RESPONSE TO REQUEST FOR ADMISSION 1:**

Defendants object to Request for Admission 1, which seeks information unrelated to the facts, the application of law to fact, or opinions about either, contrary to FRCP 36(a)(1)(A). Request for Admission 1 does not comply with FRCP 26(b)(1) because it seeks information from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from an irrelevant time period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request for Admission 1 requesting that Defendants admit the truth of matters three years before the time period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the time period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. In accordance with FRCP 36(a)(4), Defendant, Sterling Sugars, LLC cannot truthfully admit or deny Request for Admission 1 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 does not identify Sterling Sugars, LLC as an employer. Defendant, South Central Sugar Cane Growers' Association, Inc. admits only that "individuals employed" were paid in accordance with the U.S. Dept. of Labor's Job Offer Information, Form ETA-790A, Part A(8b), certification H-300-22167-289377 and any certifications that followed until October 10, 2024. Defendant, South Central Sugar Cane Growers' Association, Inc. denies that it did not pay time. Subject to the foregoing objections and supplementation, Defendants deny Request for Admission 1 as it is written.

**SUPPLEMENTAL RESPONSES TO REQUEST FOR ADMISSION 1:**

Defendant, Sterling Sugars, LLC cannot truthfully admit or deny Request for Admission 1 due to lack of information. The U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 does not identify Sterling Sugars, LLC as an employer. Defendant, South Central Sugar Cane Growers' Association, Inc. admits only that "individuals employed" were paid in accordance

with the U.S. Dept. of Labor's Job Offer Information, Form ETA-790A, Part A(8b), certification H-300-22167-289377 and any certification that followed until October 10, 2024. Defendant, South Central Sugar Cane Growers' Association, Inc. denies that it did not pay time. Defendant admits it did not pay one half overtime pay to individuals who were assigned to perform the job duties of operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill also located in Louisiana when they worked for more than 40 hours in a given workweek in accordance with the government's Notice of Acceptance and Certification.

**REQUEST FOR ADMISSION 2:**

Admit that for individuals employed by you between October 10, 2022 through the present who were assigned to perform the job duties of operating heavy tractor-trailer trucks to transport sugarcane from locations in Louisiana to a processing mill also located in Louisiana you paid those individuals an hourly wage rate that was exactly equal to the Adverse Effect Wage Rate applicable at the time.

**RESPONSE TO REQUEST FOR ADMISSION 2:**

Defendants object to Request for Admission 2 because it seeks information beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act and/or because it seeks information from a period different than Plaintiffs alleged in paragraph 3 of the Complaint. Any request for information or documents before October 10, 2022, and/or after October 10, 2024, is irrelevant to the claims or defenses and not proportional to the needs of the case. Subject to the foregoing objection and supplementation, Defendant, South Central Sugar Cane Growers' Association, Inc. admits that individuals employed between October 10, 2022, who entered the United States by presenting H-2A visas to perform the job duties of operating a heavy tractor-trailer truck to transport raw sugarcane from locations in Louisiana to a processing mill also located in Louisiana were not paid less than the hourly rates determined by the U.S. Dept. of Labor's Job Offer Information, Form ETA-790A, Part A(8b), certification H-300-22167-289377 and any determinations that followed until October 10, 2024. Defendant, Sterling Sugars, LLC cannot truthfully admit or deny Request for Admission 2 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and any certification that followed until October 10, 2024) does not identify Sterling Sugars, LLC as an employer.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION 2:**

Defendant, South Central Sugar Cane Growers' Association, Inc. admits that individuals employed between October 10, 2022, who entered the United States by presenting H-2A visas to perform the job duties of operating a heavy tractor-trailer truck to transport raw sugarcane from locations in Louisiana to a processing mill also located in Louisiana were paid the applicable Adverse Effect Wage Rates determined by the U.S. Dept. of Labor's Job Offer Information, Form ETA-790-A, Part A(8b), certification H-300-22167-289377 and any determinations that followed until October 10, 2024. Defendant, Sterling Sugars, LLC cannot truthfully admit or deny Request for Admission 2 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's

3

August 11, 2022, certification H-300-22167-289377 (and any certification that followed until October 10, 2024) does not identify Sterling Sugars, LLC as an employer.

**REQUEST FOR ADMISSION 5:**

For the time period between October 10, 2022 through the present, admit that for all individuals you employed who performed the job duties of operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill also located in Louisiana and were paid at the Adverse Effect Wage Rate, that those individuals all worked under the same job title listed in the H-2A job orders that were filed with the United States government each year.

**RESPONSE TO REQUEST FOR ADMISSION 5:**

Defendants object to Request for Admission 5 because it seeks information beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act and/or because it seeks information from a period different than Plaintiffs alleged in paragraph 3 of the Complaint. Any request for information or documents before October 10, 2022, and/or after October 10, 2024, is irrelevant to the claims or defenses and not proportional to the needs of the case. Defendant, Sterling Sugars, LLC cannot truthfully admit or deny Request for Admission 5 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and any certification that followed until October 10, 2024) does not identify Sterling Sugars, LLC as an employer. Defendant, South Central Sugar Cane Growers' Association, Inc. admits only that, upon information and belief, individuals who applied for H-2A visas to enter the United States to work in jobs based on the U.S. Dept. of Labor's certification(s) H-300-22167-289377, H-300-23167-120446, maintained their status when working under the job title listed in those certification(s).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION 5:**

Defendants object to Request for Admission 5 because it seeks information beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act and/or because it seeks information from a period different than Plaintiffs alleged in paragraph 3 of the Complaint. Any request for information or documents before October 10, 2022, and/or after October 10, 2024, is irrelevant to the claims or defenses and not proportional to the needs of the case. Defendant, Sterling Sugars, LLC cannot truthfully admit or deny Request for Admission 5 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and any certification that followed until October 10, 2024) does not identify Sterling Sugars, LLC as an employer. Defendant, South Central Sugar Cane Growers' Association, Inc. admits only that, upon information and belief, individuals who applied for H-2A visas to enter the United States to work in jobs based on the U.S. Dept. of Labor's certification(s) H-300-22167-289377, H-300-23167-120446, maintained their status by (*inter alia*) entering the United States to work under the same job title listed in the H-2A job orders that were filed with the United States government each year, and by working the same job title listed in the H-2A job orders that were filed with the United States government each year.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Brandon E. Davis*
Brandon E. Davis (La Bar #29823)
Molly McDiarmid (La Bar #36426)
Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Facsimile: 504-568-9130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
jennifer.clewis@phelps.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August 2025, I emailed the foregoing document to counsel to Plaintiffs.

James M. Knoepp (jim@dawsonmorton.com)
1612 Crestwood Drive
Columbia, SC 29205

Dawson Morton (dawson@dawsonmorton.com)
1808 Sixth St.
Berkeley, CA 94710

Daniel Davis (dan@estesdavislaw.com)
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809

*/s/ Brandon E. Davis*
Brandon E. Davis (La. Bar #29823)