# EXHIBIT 14

# DECLARATION OF JAMES KNOEPP

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> SOUTH CENTRAL SUGAR CANE ) <br> GROWERS' ASSOCIATION, INC., et al. ) <br> ) <br> Defendants. ) <br> ) | Case No. 6:24-cv-01392 <br><br> JUDGE ROBERT R. SUMMERHAYS <br><br> MAGISTRATE JUDGE CAROL B. WHITEHURST |

**DECLARATION OF JAMES KNOEPP**

1. I am one of Plaintiffs' attorneys in this matter.

2. I am admitted to practice in the state of South Carolina, the state of Georgia, the United States Court of Appeals for the 8th, 9th, and 11th Circuits, the Northern, Southern, and Middle Districts of Georgia, and the District of Colorado. I earned my Juris Doctor Degree, *cum laude*, from Loyola of Los Angeles Law School in 1998, and was admitted to practice in the state of Florida the same year. I was admitted to practice in the Commonwealth of Virginia in 2001, in the state of Georgia in 2008, and in the state of South Carolina in 2016. I retired from the Florida bar in good standing and currently hold Associate status (in good standing) with the Virginia bar.

3. Prior to starting my current position at Dawson Morton, LLC in August of 2024, I worked for 16 years at the Southern Poverty Law Center (SPLC). During my time at SPLC I worked in various positions, including as Staff Attorney, Senior Staff Attorney, Senior Supervising Attorney, Deputy Legal Director of the Immigrant Justice Project, and as the organization's General Counsel. Prior to my employment at the SPLC, I was the Litigation

1

Director for the Legal Aid Justice Center in Charlottesville, Virginia. Prior to that position I served as a Staff Attorney and then Legal Director of the Virginia Justice Center for Farm and Immigrant Workers, a project of the Legal Aid Justice Center. Prior to that position I was a Skadden, Arps, Slate, Meagher, and Flom fellowship recipient where I worked with Florida Legal Services, Inc.'s Migrant Farmworker Justice Project.

4. During my tenure with the Migrant Farmworker Justice Project, the Virginia Justice Center/Legal Aid Justice Center, and the SPLC I have represented thousands of individuals involved in class action litigation.

5. I have served as part of the class counsel teams appointed by the court in a number of cases, including *Antonio-Benito v. Lowry Farms, Inc.*, No. 1:20-cv-1039, 2021 U.S. Dist. LEXIS 245919 (W.D. Ark. Aug. 9, 2021) (lead counsel); *Moodie v. Kiawah Island Inn Co.*, 309 F.R.D. 370 (D.S.C. 2015) (lead counsel), *Nunag-Tanedo v. E. Baton Rouge Parish Sch. Bd.*, No. LA CV 10-01172-JAK (MLGx), 2011 U.S. Dist. LEXIS 152329 (C.D. Cal. Dec. 12, 2011) (lead counsel), *Perez-Benites v. Candy Brand, LLC*, 267 F.R.D. 242 (W.D. Ark. 2010) (lead counsel), *Rosiles-Perez v. Superior Forestry Service, Inc.*, 250 F.R.D. 332 (M.D. Tenn. 2008), and *De Leon Granados v. Eller and Sons Trees, Inc.*, No. 1:05-CV-1473-CC, 2006 U.S. Dist. LEXIS 73781 (N.D. Ga. Sept. 28, 2006) (lead counsel).

6. Several of the cases listed above, and much of my practice over the last 25 years, focused on the legal rights of H-2A and H-2B workers who migrate from foreign countries to work temporarily in the United States. I have extensive knowledge of the rules and regulations that govern the H-2A program, as well extensive knowledge regarding the Fair Labor Standards Act including, in particular, the application of the overtime exemption related to agricultural employment.

7. My firm has adequate funds to litigate this case. Plaintiffs' counsel have advanced all costs associated with this litigation to date and will continue to do so.

8. Along with my co-counsel I have been actively engaged in this case since before it was filed, including assisting with fact development and the drafting of the Complaint. I worked on and argued Plaintiffs' successful opposition to the Defendants' motion to dismiss, traveling to Louisiana for argument. Since the motion to dismiss was denied I have been involved in all aspects of discovery in this case, including Plaintiffs' two sets of requests for production of documents, a set of interrogatories, and requests for admission. I have also worked on responding to Defendants' written discovery requests directed at the Plaintiffs and putative class members and am actively working to prepare for eight depositions the Plaintiffs have noticed. I and my co-counsel will continue to vigorously prosecute this case.

9. As part of discovery in this matter the Defendants responded to Plaintiffs' requests for production of documents by producing several files that contained payroll information for the Plaintiffs and putative class members. Some of those files were outputs referred to as "Payroll Registers" that contained information about the dates of employment of the Plaintiffs and putative class members, the total hours they worked in a two-week pay period, and the wages they were paid. In support of this motion, Plaintiffs are filing Exhibits 10-13 that contain excerpts of the payroll records produced by the Defendants that pertain to the two named Plaintiffs and a sampling of the putative class members—specifically, the individuals who have already joined the Fair Labor Standards Act portion of this case. Each separate exhibit contains payroll information produced by the Defendants that relate to the specific sugarcane seasons that are relevant to this case—2022, 2023, 2024, and 2025.

3

10. As part of discovery in this matter the Defendants produced a roster of individuals employed pursuant to H-2A visas in different positions, such as "truck driver," "ag equipment operator," "cook," and "dispatcher." The file, which had a filename of "SCSCGA – 002378.xlsx," contained a date that indicated it was prepared on or about April 28, 2025, so does not pertain to the 2025 sugarcane harvest season that began in September of 2025. For the 2022-2024 seasons the roster showed that 165 unique individuals were employed with H-2A visas with the job title of "truck driver."

11. Pursuant to 28 U.S.C. § 1746 and under penalty of perjury, I declare that the foregoing facts are true and correct to the best of my knowledge.

Executed on __2/6/26__

_James Knoepp_