UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, et al.<br><br>Plaintiffs,<br><br>v.<br><br>SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., et al.<br><br>Defendants. | Case No. 6:24-cv-01392<br><br>JUDGE ROBERT R. SUMMERHAYS<br><br>MAGISTRATE JUDGE CAROL B. WHITEHURST |

**PLAINTIFFS' RENEWED AND EMERGENCY
MOTION TO AMEND SCHEDULING ORDER**

Plaintiffs hereby renew their prior motion (ECF No. 64) to amend the current Scheduling Order. (ECF No. 33.) Because depositions are scheduled to start tomorrow, February 11, 2026, and continue almost every business day between now and February 23, 2026, Plaintiffs respectfully request that the Court consider this motion on an emergency basis. In their prior motion the Plaintiffs detailed a number of issues with the production of documents and the scheduling of depositions. (ECF No. 64.) After hearing from the parties with respect to a different discovery issue, the Court denied Plaintiffs' motion without prejudice to refile if the Plaintiffs found it necessary to file a motion to compel. (ECF No. 69.) Plaintiffs are filing a motion to compel contemporaneously with this motion and hereby move the Court to amend the Scheduling Order (ECF No. 33) in this matter to allow three additional months to complete discovery and to re-set the trial date and other deadlines in the Scheduling Order that flow from

the trial date. Specifically, Plaintiffs move for an extension of the discovery cutoff date from February 23, 2026, to May 22, 2026.[1]

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Fifth Circuit has stated, "[i]t requires a party 'to show the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (citation omitted). Plaintiffs meet this standard. In addition to the efforts detailed in their prior motion, ECF No. 64, immediately following the hearing with the Court on Plaintiffs' prior motion to amend the scheduling order the parties met and conferred by telephone regarding the outstanding discovery. To avoid a motion to compel the Defendants agreed to provide a rolling production of the documents requested by the Plaintiffs starting on February 4, 2026, and finishing on February 9, 2026. The Defendants also agreed to provide amended responses to the discovery requests. The parties also scheduled depositions to be conducted between February 11, 2026, and the current discovery deadline of February 23, 2026.

Last night after the close of business the Defendants produced documents that were due weeks prior. The production consisted of approximately 20,000 PDF pages. No amended responses were provided as promised. While Plaintiffs have only begun to review the documents, Plaintiffs have noticed that numerous responsive documents have not been produced and will need to be the subject of a motion to compel. Additionally, the extremely late production—just one business day before depositions were to begin, appears calculated to preclude meaningful review of the discovery production prior to the depositions. This late production prejudices

---

[1] Alternatively, and consistent with the original Scheduling Order, Plaintiffs propose a discovery cutoff date that is May 22, 2026, or 150 days prior to the new date for the Pretrial Conference, whichever is later.

Plaintiffs and limits their ability to question witnesses about the documents. This prejudice can be ameliorated by extending the discovery deadline allowing the documents to be reviewed, the motion to compel to be heard, and then depositions taken after full document production and review.[2]

As stated, Plaintiffs have prepared and are filing a motion to compel. As that motion indicates, a number of issues remain unresolved with Defendants' responses to Plaintiffs' requests. Accordingly, Plaintiffs believe additional time for discovery is necessary and appropriate in this case to avoid the prejudice caused by Defendants' late and incomplete document production and to allow Plaintiffs' motion to compel discovery responses to be heard.

This request is not based upon any delay or lack of diligence on the part of Plaintiffs. Plaintiffs have repeatedly sought discovery responses and amended responses from Defendants to move this case forward. (ECF No. 64; ECF No. 64-1). Further, without an extension, Plaintiffs will not be able to review the documents just produced before depositions and may be forced to ask to reopen depositions after further ruling from the Court.

Plaintiffs certify that, pursuant to Local Rule 7.4.1, they met and conferred with Defendants this morning, February 10, 2026. Defendants stated that they oppose Plaintiffs' motion to amend the scheduling order.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs have shown good cause to amend the Scheduling Order in this case and their motion should be granted.

---

[2] Another indication that the current discovery deadline is unworkable is that Defendants have today noticed the continued deposition of Plaintiff Felipe de Jesus Avila-Soto for February 23, 2026 in Torreon, Mexico, a date which Plaintiffs have already noticed for the deposition of Defendant Sterling Sugars' CEO, Rivers Patout, in Baton Rouge.

Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone:  (828) 379-3169
Email:  jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA  94710
Phone: (404) 590-1295
Email:  dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email:  dan@estesdavislaw.com

Counsel for Plaintiffs