UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

_____
                                    )
FELIPE DE JESUS AVILA-SOTO,  et al. )
                                    )   Case No. 6:24-cv-01392
    Plaintiffs,                     )
                                    )   JUDGE ROBERT R. SUMMERHAYS
v.                                  )
                                    )   MAGISTRATE JUDGE CAROL B.
                                    )   WHITEHURST
SOUTH CENTRAL SUGAR CANE            )
GROWERS' ASSOCIATION, INC., et al.  )
                                    )
    Defendants.                     )
_____)

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC. AND STERLING SUGARS, LLC**

Plaintiffs served their Second Requests for Production of Documents on Defendants December 19, 2025. Discovery responses were due thirty days from service, January 19, 2026.[1] Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 6(d). No response was made by the response deadline. Instead, Defendants served solely objections one-day late on January 21, 2026.[2] Defendants' primary objection was that the discovery was not relevant and that the burden in responding outweighed any benefit from the responses.

The second set of discovery followed Plaintiffs' First Requests for Production to Defendants which were served April 9, 2025, and for which Plaintiffs spent significant time seeking amended responses—that discovery also remains incomplete. The second-set of written discovery concerns Defendants' claimed role in farming, the relationship between the

---

[1] Responses were due January 18, 2026—however because that day is a Sunday and because Monday, January 19, was a federal holiday, the response deadline extends until the next business day, January 20, 2026. Fed. R. Civ. P. 6(a)(1)(C).

[2] In accordance with Local Rule 26.6, the Plaintiffs' discovery requests and the Defendants' objections are attached as exhibits to this motion. (Exs. 1-7.)

1

Defendants and members of Defendant South Central Sugarcane Growers' Association and the transactions and accounting involved in that financial relationship, and Defendants' status as employers. The parties met and conferred concerning the discovery but did not reach an agreement on the production of responsive documents. This discovery was also briefly discussed at a hearing before Magistrate Judge Whitehurst on January 29, 2026. Immediately after that hearing, the parties again discussed this discovery and Defendants' counsel indicated they would provide responsive documents beginning February 4 and completing responses by February 9. Plaintiffs have noticed several depositions of Defendants and their management personnel between now and the current close of discovery on February 23, 2026, with the first two depositions scheduled for tomorrow, February 11th, and February 12th.

After the close of business on February 9, 2025, Defendants produced more than 20,000 pages of documents and indicated that additional documents were still being reviewed and would be produced later. No supplemental written responses were provided, as promised by Defendants, that would indicate if there were no documents responsive to a particular request or whether documents were being withheld based on objections. Nor did Defendants provide responses specifying which documents produced belonged to or were controlled by which Defendant. A cursory review of the voluminous production shows that several categories of documents have not been produced and that electronic payroll information long promised by Defendants has also still not been produced in its native electronic format as was sought by Plaintiffs' discovery request. Nor have Defendants produced their emails concerning H-2A workers or concerning their financial relationship. Plaintiffs move to compel full responses now and, by separate motion, have moved to extend the discovery completion deadline appropriately.

As an initial matter, Defendants' discovery objections to the second sets of discovery

2

should be found waived. "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). "[W]aiver of objections is a consequence of untimely discovery responses[.]" *Thakore v. Shelter Mut. Ins. Co.*, No. 6:23-CV-01108, 2024 U.S. Dist. LEXIS 179989, at *5 (W.D. La. Oct. 2, 2024). Accordingly, "[i]t is insufficient to provide untimely written responses that are subject to and contain waived objections." *Williams v. Jeld-Wen, Inc.*, 2022 U.S. Dist. LEXIS 30177, at *21 (W.D. La. Feb. 18, 2022). In general, the untimely objections to discovery requests waive the objection and substantive discovery responses must be provided. *Jackson v. YRC, Inc.*, No. 14-1045, 2016 U.S. Dist. LEXIS 83332, at *7 (W.D. La. June 27, 2016) ("[I]n the absence of good cause, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, then any objections thereto are waived.") Here, the Court should appropriately find the objections waived by the untimely responses.

      However, even without finding waiver, the objections can be overruled as the discovery sought is both relevant and discoverable. The objections Defendants raise that the discovery is not relevant or proportional are simply boilerplate objections insufficient to preserve the objection. *Garza v. Artisan & Truckers Cas. Ins Co*, No. 2:21-cv-03816, 2025 LX 127367, at *5 (W.D. La. June 17, 2025) ("boilerplate and conclusory objections that the requested discovery is 'overly broad, burdensome, oppressive and irrelevant' are insufficient[.]") (citation omitted). Objections also must be made with specificity and where a party does not detail the claimed burden that objection should be overruled. *Dixon v. Spurlin*, No. 1:18-CV-00133, 2020 U.S. Dist. LEXIS 212909, at *17 (W.D. La. Nov. 13, 2020) (overruling objection "[t]o the extent FCA fails to state their objections with specificity").

3

This suit concerns federal, state and contractual wage claims. Issues in dispute concern Defendant Sterling Sugars' status as an employer of the truck drivers and whether Defendants were farmers engaged in farming and entitled to an exemption from overtime rules. (ECF No. 45 at 8 (claiming "Sterling Sugars, LLC never employed Plaintiffs") and at 9 (argument concerning "exempt status" and whether "they are entitled to overtime wages").) Plaintiffs served discovery to address these issues.[3] Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Once the moving party shows this [relevance], the burden shifts to the party avoiding discovery to substantiate its objections." *Bondie v. Pilot Travel Ctr. LLC*, No. 6:23-CV-01209, 2024 U.S. Dist. LEXIS 136816, at *3 (W.D. La. Aug. 1, 2024). "To find the boundaries of discovery, a court must consider two issues: relevance and proportionality. And the two issues must be considered in tandem." *Dixon v. Spurlin*, No. 1:18-CV-00133, 2020 U.S. Dist. LEXIS 212909, at *21 (W.D. La. Nov. 13, 2020). Here, the discovery is relevant as discussed below and concerns core issues of employer liability and claimed defenses, including whether Defendants were "farmers."

**Requests Concerning Payroll Records**

Plaintiffs have long sought Defendants' payroll records in its native, electronic form. (Pls.' Request for Production No. 2) (served April 9, 2025) (attached). While Defendants have indicated they would produce them, the electronic payroll has not been produced.[4] "[D]iscovery

---

[3] Plaintiffs discovery requests in their Second Requests for Production were numbered sequentially from Plaintiffs' prior requests so the Second Requests for Production to both Defendants began at Request 13.

[4] Today as Plaintiffs were preparing to file, Defendants produced Excel files—which Plaintiffs have not yet fully reviewed. However, these are not the native payroll records sought but rather reports exported from a payroll system database without any metadata or the data connections between fields in the data that Plaintiffs seek. These connections may show that the failure to pay overtime was caused in part by an override of the payroll systems internal settings.

4

of electronically stored information stands on equal footing with discovery of paper documents." Fed. R. Civ. P. 34 (Advisory Committee's Note, 2006 Amendments). Payroll records are discoverable in the format in which they are maintained. *See, e.g., Fleming v. Parnell*, No. C13-5062 BHS, 2013 U.S. Dist. LEXIS 130804, at *5 (W.D. Wash. Sept. 12, 2013) ("Plaintiffs are entitled to the complete . . . database.") In general, the federal courts have been quite clear that degrading electronic data to paper or paper equivalents like PDFs with all data linkages stripped "does not comply with the option to produce [data] in a reasonable usable form." *White v. Graceland College Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1264 (D. Kan. 2008); *see also Song v. Drenberg*, No. 18-cv-06283-LHK (VHD), 2019 U.S. Dist. LEXIS 177358, at *16 (N.D. Cal. Oct. 11, 2019) ("[I]t is inconceivable that experienced counsel would expect that combining multiple ESI documents into two massive PDFs without Bates labels would qualify as producing documents in 'reasonably usable form.'"); *Thomas v. Quikrete Co., LLC*, No. SA-23-CV-00638-FB, 2024 LX 184902, at *7 (W.D. Tex. May 1, 2024) (ordering production of weekly payroll "in native format" in truck driving employment dispute). Moreover, here the metadata is meaningful as it appears as if Defendant Sterling Sugars prepared and maintained the payroll even for Defendants South Central Sugar Cane Growers—an additional indication that Defendant Sterling Sugars was a joint employer. *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010) (assessing in employment dispute whether the defendant "maintained employment records" as a factor in deciding employer liability).

**Requests Concerning Economic Dependence**

In this case whether both Defendants were employers of the Plaintiffs is disputed. "Employees are those who as a matter of economic reality are dependent upon the business to which they render service." *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1327

(5th Cir. 1985) (citation omitted). Request 27 to Sterling Sugars seeks communications between it and others about the employment of H-2A workers. Similarly, Request 26 to Sterling Sugars seeks communications regarding the transportation of sugarcane with Defendant South Central or members of the association. Defendant objects that communications sought are not about "the wages terms of the employment agreements" and so not discoverable—but this again is mistaken as communications about the H-2A truck drivers are discoverable to show the Defendants' coordination of the employment relationship here.

**Requests Concerning Farming**

Defendants claim that they did not owe overtime wages or higher hourly wages to the truck drivers because the Defendants were farmers. (ECF No. 23 at 18) (claiming no overtime owed because "statutorily exempt from overtime"). Information concerning defenses is discoverable. *See, e.g., Romero v. United States*, No. 6:23-CV-00032, 2024 U.S. Dist. LEXIS 19669, at *13 (W.D. La. Feb. 2, 2024) (allowing discovery regarding immunity defense). Here, Plaintiffs have served discovery regarding Defendants' purported farming. Plaintiffs seek records of farming in Request 15 and Request 18 to Defendant South Central which sought records of USDA Farm Service Administration records and records reporting the planting of crops. Similarly records of crop insurance sought in Request 16 to South Central and records of any crop liens or borrowing sought in Request 17 to South Central will show crop ownership. Plaintiffs also seek records of farming services or supplies purchased in Request 21 to South Central and seek records of agricultural inputs such as sugar cane transplants or fertilizer in Request 22 to South Central. Plaintiffs also seek invoices or contracts for pre-harvest activities in Request 23 to South Central. In addition to farming inputs, Plaintiffs seek information concerning the leasing of equipment or land used in farming in Request 19 to South Central and

6

records of property owned and used for farming in Request 20 to South Central. All of these records are relevant to whether Defendant South Central was a farmer.

Ownership of tools or equipment used in the business are also relevant in assessing employer status. *Beliz*, 765 F.2d at 1321 (evaluating ownership of "the farm implements and machinery necessary to the [agricultural] growing operation" in assessing employer status). Request 30 to South Central and Request 22 to Sterling Sugars seeks fuel receipts which again is part of truck operating costs and relevant to employer status.[5] Similarly, Requests 18 to Sterling Sugars concerns records for the costs for hauling sugarcane that are relevant to this truck driving employment dispute.[6]

Plaintiffs also seek records in Defendants' possession or control which show crop ownership as these issues are relevant to whether the Defendants were farmers. Records regarding the sale of crops are sought in Request 24 to Defendant South Central. Request 15 to Sterling Sugars sought documents concerning the purchase of sugarcane from Defendant South Central which is again relevant to crop ownership and the issue of whether Defendants were farmers.[7] Request 16 to Sterling Sugars seeks records concerning the purchase of sugarcane from members of Defendant South Central. Request 17 to Sterling Sugars seeks records showing the

---

[5] Defendants first produced anything regarding fuel purchases last night when they produced some fuel related invoices, but the discovery responses are incomplete and do not contain the details of any fuel arrangements between the Defendants for fuel used in the vehicles operated by the Plaintiffs and pumped from fuel pumps located at Defendant Sterling Sugars.

[6] Defendants also for the first time last night appear to have produced *some* records that are responsive to this request, but only for the 2022 season and not for the 2023-2025 seasons that are also the subject of this dispute.

[7] Obviously, if Defendant South Central did not own or sell any sugarcane it cannot have been a farmer of any sugarcane, making any farming exemption inapplicable. Defendants claim nonetheless that discovery about transactions between the Defendants is impermissible because "[t]he issues at stake in this action … is their shared written employment contract for hauling harvested sugar cane *and not* an alleged raw sugar cane purchase contract." Defendants' objection simply misunderstands relevance and the issue in dispute in this litigation.

7

receipt, purchase, sale, storage or milling of crops. These records would show the source of ownership of crops and are relevant to the disputed issue of whether either Defendant was a farmer. Similarly, Request 25 to Sterling Sugars seeks records concerning payments made by Defendant Sterling Sugars to Defendant South Central or any of its members. These records will also show crop ownership, and the payment for crops, which again relates to the disputed issue of whether the Defendants were farmers.

**Information Concerning the Defendants**

Request 14 sought the operating agreement for Defendant Sterling Sugars as it is a limited liability corporation. Again, these are relevant to Defendants status as employers and whether they were farmers of the crops hauled.[8] Request 34 and 35 to Defendant South Central seeks checks and invoices concerning transactions with its members. Similarly, Request 24 to Sterling Sugars sought checks and invoices concerning payments to or from Defendant South Central or its members. These are relevant to show economic dependence and the source of the funds to pay Plaintiffs' wages.[9] In employment disputes like this one, courts "consider the totality of the relationships involved," which can include the financial transactions among the parties alleged to be employers. *Beliz*, 765 F.2d at 1327.

Request 36 to South Central seeks communication with members of Defendant South

---

[8] Defendants claim "satisfaction of the regulatory criteria[.]" However, Plaintiffs are not regulators, they are truck drivers. Plaintiffs are entitled to discovery of documents regardless of Defendants' conclusions about the same documents.

[9] Defendants claim that "canceled checks and invoices … have no probative value to the material terms and conditions of Plaintiffs' employment agreement." But Defendants are aware there are multiple issues in dispute, such as whether Plaintiffs were employed by Defendant Sterling Sugars and whether Plaintiffs' employment was farming or actually over-the-road trucking. These documents are relevant to that dispute as whether the funds to pay Plaintiffs' wages came from the sugar mill operated by Sterling Sugars and not the members of the 'agricultural association' will inform the legal determination with respect to the Defendants' status as employers and whether they were engaged in "farming."

8

Central concerning hauling of sugarcane. These records again relate to employer status as directing work is relevant to a finding of employer status.[10] And the communications within and among the Defendants likely will reveal Defendant Sterling Sugars substantial control over the alleged employment relationship as it is believe employees of Sterling Sugars prepared and processed the payroll of even Defendant South Central's employees.

**Information Concerning Defendants' Defense of Willfulness**

Defendants claim in their 28th, 29th and 30th defenses that their conduct was done in good faith and in reliance upon "administrative regulations, orders, rules, approvals, interpretations, or administrative practices or enforcement policies[.]" (ECF No. 23 at 16.) Plaintiffs' Request 40 to South Central and Request 28 to Sterling Sugars sought documents reviewed or considered by Defendants in their decision to not pay overtime to their truck drivers. Defendants object to the request and argue Plaintiffs are not entitled to review documents prior to the claims in the suit—although Plaintiffs do not know what documents Defendants reviewed—or when they reviewed them and Defendants reliance on records has been expressly pled by Defendants and is relevant to their defense and whether their violations here were willful. Defendants do not identify any documents which they reviewed but instead point to previously produced payroll, visas and employment contracts which do not appear to be the type of records referred to in Defendants' defense.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' motion should be granted and the Defendants' full and complete responses to Plaintiffs' First and Second Requests for Production compelled.

---

[10] Defendants claim these records are "not proportional to the needs of this alleged breach of employment agreement case" but again the records are relevant in their existence, or absence, and are calculated to show who directed work of the Plaintiffs and the putative class which is a factor in determining joint employer status.

Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone:  (828) 379-3169
Email:   jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA  94710
Phone: (404) 590-1295
Email:   dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email:   dan@estesdavislaw.com

Counsel for Plaintiffs