# EXHIBIT 1

# PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, FELIPE DE JESUS SUAREZ-PALAFOX, and JUAN ALEJO HERNANDEZ-CANELA, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>  Plaintiffs,<br><br>v.<br><br>SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., AND STERLING SUGARS, LLC,<br><br>  Defendants. | Case No. 6:24-cv-01392<br><br>CLASS ACTION |

**PLAINTIFFS' FIRST REQUESTS FOR THE PRODUCTION
OF DOCUMENTS TO ALL DEFENDANTS**

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Western District of Louisiana, Plaintiffs by and through counsel, request that Defendants South Central Sugar Cane Growers' Association, Inc. and Sterling Sugars, LLC, ("Defendants") produce within thirty (30) days the documents herein described.

DEFINITIONS

1. The word "document" is an all-inclusive term referring to any written, recorded, graphic or pictorial matter, however produced or reproduced. The term "documents" includes, without limitation, writings (including those made on tablets and notebooks), facsimiles, electronic mail, electronic messaging (including iMessage, WhatsApp, Facebook Messenger, or other text messaging application), correspondence, interoffice communications, minutes, reports, memoranda, notes, schedules, drawings, photographs, tables, graphs, charts, maps, surveys, time cards, books of

account, ledgers, invoices, receipts, purchase orders, contracts, bills, checks, drafts, wage statements, wage stubs, recordings, information stored in any form, including electronic and optical, and all other such electronically stored information, tangible or retrievable, of any kind. "Documents" includes any addenda, changes, additions or deletions made to any documents, and all drafts or preliminary versions of documents.

2. "You," "your," or "Defendants" refers to Defendants South Central Sugar Cane Growers' Association, Inc. and Sterling Sugars, LLC, and/or any associated corporate entities, as well as any employees, officers, supervisees, directors, partners, agents, apparent agents, accountants, attorneys, and all other "persons" acting for or purporting to represent Defendants or to act on their behalf.

3. "Plaintiffs" refers to the individuals who have been identified in the Complaint as named Plaintiffs, individually or in combination.

4. "Opt-in Plaintiffs" refers to the individuals, individually or in combination, who have filed a consent to sue form in this action subsequent to the filing of the original Complaint.

5. The term "H-2A workers" refers to workers admitted, or sought to be admitted, pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a).

6. "Payroll documents" includes all documents referring to any payments including any checks, paystubs, wage statements or receipts, electronic transfer printouts and any other document evidencing an electronic funds transfer, for each named worker including a weekly payroll summary report of all payments made, and any data files used with check writing or accounting programs, or any electronic files that maintain check or payroll data, or that were used to prepare or calculate pay information.

2

## INSTRUCTIONS

1. Plaintiffs request a written response to the requests for production setting forth with respect to each request whether such documents exist, whether production will be permitted as requested, and, if not, stating specifically your objections to production.

2. You must produce the requested documents as they are kept in the usual course of business or you must organize and label them to correspond with the categories in this request. Electronically-stored information must be produced in its native format, metadata intact, without alterations of any kind. In response to these requests for production of documents, you are to furnish such documents as are available to you and any to which you have access and any that are currently in your possession or that of any agent, servant, or employee, included but not limited to doctors, attorneys, and investigators.

3. In accordance with the provisions of Rule 34(b), Plaintiffs request that you organize and label these documents, records, and data to correspond with the numbered paragraphs, subparagraphs, and categories in this request. If a document could be produced with respect to a narrow request or a more general request, it shall be organized and submitted with respect to the narrower request. Documents attached to each other should not be separated.

4. If any requested document was but is no longer in your custody or possession or subject to your control, state whether it (a) is missing or lost, (b) has been destroyed, or (c) has been otherwise disposed of. In each such instance, explain the circumstances surrounding such disposition and state the date or approximate date thereof. If the documents are unavailable because they have been destroyed, state further the identity of the person who ordered them destroyed and/or who destroyed them together with the reason for their destruction.

3

5.      If objections other than privilege are asserted, the statement of a general objection is not sufficient. Set forth any objections specifically and in sufficient detail to allow the Court to determine whether a motion to compel should be granted and the objection disallowed. If part but not all of a request is objected to, respond to the part to which there is no objection.

6.      If any documents are withheld from production on the basis of a claim of privilege, exemption from discovery, or other objection, please furnish the following information for each such document:

   a.   description of the document (e.g., letter, sales receipt, memorandum, data compilation, etc.), including its title if it has any;

   b.   date(s) the document was generated, created, or last modified;

   c.   name, address, and telephone number of the author(s) and custodian(s) of the document;

   d.   name, address, and telephone number of any indicated recipient(s) of the document and for electronically stored documents the name, address and telephone number of each authorized user with ability to access the document;

   e.   name, address, and telephone number of every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure;

   f.   subject matter of the document;

   g.   name, address, telephone number, and position of the person(s) who have custody or control over the document and for electronically stored documents the ability to access, retrieve or modify the stored document;

   h.   basis for claiming privilege or exemption from discovery.

7.      Versions of a "document" in different languages or formats, and non-identical

4

copies and drafts of a document, are different documents and must be separately produced.

8. Plaintiffs request that you and your counsel prevent the destruction or alteration of any document requested herein by the operation of any electronic information system (routine or otherwise). You are on notice that any destruction or alteration of such document, or any action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiffs' counsel regarding such action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If you do not believe that you can reasonably comply with this instruction, Plaintiffs request that you contact their counsel, in writing, within 10 days from receipt of these requests, to meet and confer about whether immediate Court intervention is necessary.

9. Any request to which more than one document would apply requires production of all such documents. Accordingly, the use of any language in the request which could be interpreted restrictively (e.g., to apply to only one of many relevant documents) must be interpreted expansively to include all such documents. A request framed in the singular includes the plural and requires production of all relevant documents.

10. All requests are deemed continuing requests. You are under a duty to reasonably supplement or correct your production of documents pursuant to the requirements of Federal Rule of Civil Procedure 26(e).

11. Unless otherwise specified in these requests, the requests seek documents for the time period covering the 2022, 2023, and 2024 sugarcane seasons.

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 1

Please produce all documents you provided to, sent to, filed with, communicated with, or received from federal or state agencies as part of the process of obtaining temporary alien labor certification

to employ H-2A workers with any validity dates between October 10, 2022 through the present, including, but not limited to documents transmitted to representatives of:
- United States Department of Labor;
- United States Department of State;
- United States Department of Homeland Security;
- United States Bureau of Citizenship and Immigration Services; and/or
- Louisiana Workforce Commission.

The documents being requested include, but are not limited to, Form 1-129 with all attachments, Form ETA 9142A, Form ETA 790A with all attachments, documentation of final determinations made by the United States Department of Labor, itineraries, copies of job advertisements placed in newspapers, reports or summaries of recruitment efforts, prevailing wage determinations, any communications related to the job descriptions outlined in your filings, any communications related to the appropriate SOC code to apply to the job description, any communications related to the agricultural nature of the work to be performed, and any forms detailing or listing the names and/or contact information of H-2A workers who were to be employed as H-2A workers at any time between October 10, 2022 through the present.

**REQUEST FOR PRODUCTION NO. 2**

Please produce all documents showing or containing any of the information listed below, including, but not limited to, payroll records, employee personnel records, wage statements, pay envelopes, ledgers, time cards or time sheets, correspondence, notes and notations, canceled checks, receipts, employment contracts, and employment applications, with regard to the labor of any individuals employed by Defendants between October 10, 2022 through the present for which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill:

(a) Name of employee;
(b) Employee identification number(s);
(c) The employee's permanent address and any other contact information, including but not limited to telephone number(s), email address(es), and/or WhatsApp contact information;
(d) Dates of employment;
(e) The daily starting and stopping time of work;
(f) The work activities performed;
(g) The location where the work was performed;
(h) Daily or weekly hours worked;
(i) Wage rate(s) paid and the basis on which wages were paid;
(j) Any reimbursements paid to the employee;
(k) Any daily subsistence paid to the employee;
(l) Any hotel expenses paid to the employee;
(m) Gross wages paid;
(n) All withholdings from wages, and the purpose for each such withholding;
(o) Any amounts advanced, loaned, or otherwise provided to the employee; and
(p) Net pay.

If any of the above information is maintained in whole or in part in an electronic format, please

produce each file or database as it is maintained in its native format with all metadata intact. Produce the file in its native format or, if that is not possible, then as ASCII delimited files, ASCII files with fixed field and record lengths, databases, Microsoft Excel spreadsheets, or in a conventional file format agreed to by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 3**

For individuals in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill please produce all documents provided to those employees by you at any time from October 10, 2022 through the present which describe the terms and/or conditions of their employment including, but not limited to, documents containing any of the following topics:

   (a)   the place of employment;
   (b)   the wage rate(s) to be paid;
   (c)   the kinds of activities which the worker was to perform;
   (d)   the period of employment; and
   (e)   the transportation, housing, and any other employee benefits to be provided, if any, and any costs to be charged for them.

**REQUEST FOR PRODUCTION NO. 4**

Please produce all memos, personnel policies, employee handbooks, training materials, employment contracts, and other documents referring to the terms and conditions of employment that were in effect for your employees, including the Plaintiffs and opt-in Plaintiffs, who were employed by you at any time from October 10, 2022 through the present.

**REQUEST FOR PRODUCTION NO. 5**

Please produce all documents, including but not limited to electronic messaging and emails and their attachments, referring to the recruitment, transportation, referral, or hiring of H-2A workers by Defendants or their agents, in the years 2022 through the present. This request includes documents sent or received regarding the recruitment, hiring, appointment scheduling, transportation, or referral of H-2A and/or H-2B workers to work for Defendants.

**REQUEST FOR PRODUCTION NO. 6**

For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please produce any and all documents referring to the payment or reimbursement by you of any visa fees that were incurred by those workers.

**REQUEST FOR PRODUCTION NO. 7**

For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport

sugarcane from locations in Louisiana to a processing mill, please produce any and all documents referring to the payment or reimbursement by you of any fees and expenses that were incurred by those workers to obtain licenses to drive heavy tractor-trailer trucks.

**REQUEST FOR PRODUCTION NO. 8**

For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please produce any and all documents referring to the payment or reimbursement by you of any hotel expenses that were incurred during travel, visa appointments, or consular processing by those workers.  Please include any documents referring to how any amounts that were paid or reimbursed were calculated and/or determined.

**REQUEST FOR PRODUCTION NO. 9**
For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please produce any and all documents referring to the payment or reimbursement by you of transportation expenses that were incurred by those workers in order for them to travel from their homes in their country of origin to the worksite in the United States.  Please include any documents referring to how any amounts that were paid or reimbursed were calculated and/or determined.

**REQUEST FOR PRODUCTION NO. 10**
For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please produce any and all documents referring to the payment or reimbursement by you for border crossing fees that were incurred for entry into the United States.

**REQUEST FOR PRODUCTION NO. 11**

Please produce all corporate tax returns for "you" for the tax years 2022 through the present and any tax "documents" that "you" consulted or referred to regarding agricultural income and expenses.  This request includes, but is not limited to, IRS Form 1120, IRS Form 1065, IRS Form 1040, Schedule A ("Itemized Deductions"), Schedule C ("Profit or Loss from Business"), Schedule E ("Supplemental Income and Loss"), Schedule F ("Profit or Loss from Farming"), Form 4835 ("Farm Rental Income and Expenses"), and all attachments thereto, including general ledger details.

**REQUEST FOR PRODUCTION NO. 12**

Please produce all documents referenced in your Initial Disclosures and any supplements and amendments to those disclosures.

Dated: April 9, 2025

Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone: (828) 379-3169
Email: jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA 94710
Phone: (404) 590-1295
Email: dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email: dan@estesdavislaw.com

Attorneys for Plaintiffs, Opt-in Plaintiffs, and putative Rule 23 Class Members

9

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this date I emailed the foregoing to the following attorneys for the Defendants who have entered an appearance in this matter:

Brandon Davis
Marcellus D. Chamberlain
Jennifer Clewis Thomas
365 Canal Street, Suite 2000
New Orleans, LA. 70130
brandon.davis@phelps.com
marcellus.chamberlain@phelps.com
jennifer.clewis@phelps.com

                                                  */s/ James M. Knoepp*
                                                  James M. Knoepp
                                                  South Carolina Bar No. 102757

this 9th day of April, 2025.