EXHIBIT 2

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL
DEFENDANTS

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| **FELIPE DE JESUS AVILA-SOTO,** | **No: 6:24-cv-01392** |
| **FELIPE DE JESUS SUAREZ-PALAFOX,** | |
| **And JUAN ALEJO HERNANDEZ-CANELA,** | |
| **ON BEHALF OF THEMSELVES AND** | |
| **OTHERS SIMILARLY SITUATED** | **JUDGE ROBERT R. SUMMERHAYS** |
| | |
| **V.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |
| | |
| **SOUTH CENTRAL SUGAR CANE** | |
| **GROWERS' ASSOCIATION, INC., AND** | |
| **STERLING SUGARS, LLC** | |

## DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION

NOW INTO COURT, through undersigned counsel, come Defendants, South Central Sugar Cane Growers' Association, Inc. ("SCSCGA") and Sterling Sugars, LLC, and submit the following Responses to Plaintiffs' Request for Production in accordance with Rule 34 of the Federal Rules of Civil Procedure, and without waiving any rights, objections, claims, privileges or defenses set forth herein.

Defendants will supplement and/or amend these responses when more information is discovered. Defendants' Responses to Plaintiffs' Request for Production are based on information now known to Defendants and without prejudice to Defendants' right to produce evidence or information discovered in the future. Defendants do not concede the relevancy or materiality of the information sought in Plaintiffs' Request for Production, nor do Defendants concede the relevancy or materiality of the subject matter at issue in Plaintiffs' Request for Production. Defendants do not waive questions and/or objections about the competency, relevancy, materiality,

privilege, or admissibility of documents or information identified herein.  Subject to the objections stated in response to each Request for Admission, Defendants respond as follows:

**Request For Production No. 1:**

Please produce all documents you provided to, sent to, filed with, communicated with, or received from federal or state agencies as part of the process of obtaining temporary alien labor certification to employ H-2A workers with any validity dates between October 10, 2022 through present, including, but not limited to:

- United States Department of Labor;
- United States Department of State;
- United States Department of Homeland Security;
- United States Bureau of Citizenship and Immigration Services; and/or
- Louisiana Workforce Commission.

The documents being requested include, but are not limited to, Form 1-129 with all attachments, Form ETA 9142A, Form ETA 790A with all attachments, documentation of final determinations made by the United States Department of Labor, itineraries, copies of job advertisements placed in newspapers, summaries of recruitment efforts, prevailing wage determinations, any communications related to the job descriptions outlined in your filings, any communications related to the appropriate SOC code to apply to the job description, any communications related to the agricultural nature of the work to be performed, and any form detailing or listing the names and/or contact information of H-2A workers who were to be employed as H-2A workers at any time between October 20, 2022 through present.

**Response to Request For Production No. 1:**

Defendants object to Request No. 1, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 1 requesting that Defendants answer before the time period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the time period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case.  Defendant, Sterling Sugars, LLC cannot answer Request No. 1 due to lack of information.  Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer.   Defendant, South Central Sugar Cane Growers' Association, Inc. submits that Plaintiffs are in possession of documents they presented to the U.S. Dept. of State when applying at any U.S. consulate for H-2A visas so they could enter the United

States to work in jobs authorized pursuant to the U.S. Dept. of Labor's certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752. Defendants object to Request for Production No. 1 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, *see* Response to RFPD 1, bates labeled SCSCGA 000424-001559.

**Request For Production No. 2:**

Please produce all documents, showing or containing any of the information listed below, including not limited to, payroll records, employee personnel records, wage statements, pay envelopes, ledgers, time cards or time sheets, correspondence, notes and notations, canceled checks, receipts, employment contracts, and employment applications, with regard to the labor of any individuals employed by Defendants between October 10, 2022 through the present for which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill:

(a)    Name of employee;
(b)    Employee identification number(s);
(c)    The employee's permanent address and any other contact information, including but not limited to telephone number(s), email address(es), and/or WhatsApp contact information;
(d)    Dates of employment;
(e)    The daily starting and stopping time of all labor performed;
(f)    The type of work and/or activities performed;
(g)    The location where the work was performed;
(h)    Hours worked;
(i)    Wage rate(s) paid and the basis on which wages were paid;
(j)    Any reimbursements paid to the employee;
(k)    Any daily subsistence paid to the employee;
(l)    Any hotel expenses paid to the employee;
(m)    Gross wages paid;
(n)    All withholdings from wages, and the purpose for each such withholding;
(o)    Any amounts advanced, loaned, or otherwise provided to the employee; and
(p)    Net pay.

If any of the above information is maintained in whole or in part as computer files, please produce each file or database. Produce the file in its native format or, if that is not possible, then as ASCII delimited files, ASCII files with fixed field and record lengths, databases, Microsoft Excel spreadsheets, or in a conventional file format agreed to by Plaintiffs.

**Response to Request For Production No. 2:**

Defendants object to Request No. 2, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period

- 3 -

beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 2 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 2 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendant, South Central Sugar Cane Growers' Association, Inc. submits that Plaintiffs are in possession of responsive documents after making application to the U.S. Dept. of State for H-2A visas so they could enter the United States to work in jobs authorized pursuant to the U.S. Dept. of Labor's certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752. Defendants object to Request for Production No. 2 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, *see* Response to RFPD 2, bates labeled SCSCGA 000001-001559.

**Request For Production No. 3:**

For individuals in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill please produce all documents provided to those individuals employed by you at any time from October 10, 2022 through the present which describe the terms and/or conditions of their employment including, but not limited to, documents describing the following:

(a) the place of employment;
(b) the wage rate(s) to be paid;
(c) the kinds of activities which the worker was to perform;
(d) the period of employment; and
(e) the transportation, housing, and any other employee benefits to be provided, if any, and any costs to be charged for them.

**Response to Request For Production No. 3:**

Defendants object to Request No. 3, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed

- 4 -

within three years from the date the wages were due. Therefore, any part of Request No. 3 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 3 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendant, South Central Sugar Cane Growers' Association, Inc. submits that Plaintiffs are in possession of responsive documents after making application to the U.S. Dept. of State for H-2A visas that they presented at ports of entry so they could enter the United States to work in jobs authorized pursuant to the U.S. Dept. of Labor's certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752. Defendants object to Request for Production No. 3 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, *see* Response to RFPD 3, bates labeled SCSCGA 000001-001559.

### Request For Production No. 4:

Please produce all memos, personnel policies, employee handbooks, training materials, employment contracts, and other documents referring to the terms and conditions of employment that were in effect for your employees, including the Plaintiffs and opt-in Plaintiffs, who were employed by you at any time from October 10, 2022 through present.

### Response to Request For Production No. 4:

Defendants object to Request No. 4, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 4 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 4 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendant, South Central Sugar Cane Growers' Association, Inc. submits that Plaintiffs are in possession the U.S. Dept. of Labor's Conditions of Employment and Assurances for H-2A Agricultural Clearance Orders, Form ETA-790A, Part I, certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752. Defendants object to Request for Production No. 4 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds

that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, *see* Response to RFPD 4, bates labeled SCSCGA 001560-001573, subject to a protective order. A proposed protective order is attached as Exhibit A.

**Request For Production No. 5:**

Please produce all documents, including but not limited to electronic messaging and emails and their attachments, referring to the recruitment, transportation, referral, or hiring of H-2A workers by Defendants or their agents, in the years 2021 through the present. This request includes documents sent or received regarding the recruitment, hiring, appointment scheduling, transportation, or referral of H-2A workers to work for Defendants.

**Response to Request For Production No. 5:**

Defendants object to Request No. 5, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 5 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 5 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendant, South Central Sugar Cane Growers' Association, Inc. submits that Plaintiffs are in possession of responsive information provided to them outside of the United States in connection with the applications for H-2A visas they submitted to the U.S. Dept. of State in connection with U.S. Dept. of Labor certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752. Defendants object to Request for Production No. 5 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request because it seeks irrelevant information that does not make the determination of facts Plaintiffs placed at issue in paragraphs 1-6; 39-49; and 50-61 of the Complaint more likely than not.  Plaintiffs allege Defendants "failed to pay Plaintiffs and other similarly situated the federal minimum wage required by the FLSA by failing to reimburse costs incurred for Defendants' benefit, including required specialized drivers' licenses, medical examination fees, fees related to obtaining H-2A visas, hotel expenses associated with obtaining H-2A visas, transportation expenses from Mexico to the United States, and border crossing fees," such that information concerning documents referring to the alleged recruitment, transportation, referral and appointment scheduling exceed the scope of information proportional to the wage claims at issue. Subject to the foregoing objections and supplementation, *see* Response to RFPD

- 6 -

5, bates labeled SCSCGA 001574-001577, subject to a protective order. A proposed protective order is attached as Exhibit A.

**Request For Production No. 6:**

For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please produce any and all documents referring to the payment or reimbursement by you of any visa fees that were incurred by those workers.

**Response to Request For Production No. 6:**

Defendants object to Request No. 6, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 6 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case.  Defendant, Sterling Sugars, LLC cannot answer Request No. 6 due to lack of information.  Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer.  Subject to the foregoing objections and supplementation, Defendants will supplement, subject to a protective order. A proposed protective order is attached as Exhibit A.

**Request For Production No. 7:**

For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please produce any and all documents referring to the payment or reimbursement by you of any fees and expenses that were incurred by those workers to obtain licenses to drive heavy tractor-trailer trucks.

**Response to Request For Production No. 7:**

Defendants object to Request No. 7, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The

FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 7 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 7 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendants object to Request for Production No. 7 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, Defendants will supplement, subject to a protective order. A proposed protective order is attached as Exhibit A.

### Request For Production No. 8:

For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please produce any and all documents referring to the payment or reimbursement by you of any hotel expenses that were incurred during travel, visa appointments, or consular processing by those workers. Please include any documents referring to how any amounts that were paid or reimbursed were calculated and/or determined.

### Response to Request For Production No. 8:

Defendants object to Request No. 8, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 8 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 8 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendants object to Request for Production No. 8 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation,

PD.49713239.1

Defendants will supplement, subject to a protective order. A proposed protective order is attached as Exhibit A.

### Request For Production No. 9:

For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please produce any and all documents referring to the payment or reimbursement by you of transportation expenses that were incurred by those workers in order for them to travel from their homes in their country of origin to the worksite in the United States. Please include any documents referring to how any amounts that were paid or reimbursed were calculated and/or determined.

### Response to Request For Production No. 9:

Defendants object to Request No. 9, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 9 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case.  Defendant, Sterling Sugars, LLC cannot answer Request No. 9 due to lack of information.  Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer.  Defendants object to Request for Production No. 9 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, Defendants will supplement, subject to a protective order. A proposed protective order is attached as Exhibit A.

### Request For Production No. 10:

For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please produce any and all documents referring to the payment or reimbursement by you of border crossing fees that were incurred by those workers.

### Response to Request For Production No. 10:

Defendants object to Request No. 10, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 10 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case.  Defendant, Sterling Sugars, LLC cannot answer Request No. 10 due to lack of information.  Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer.  Defendants object to Request for Production No. 10 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, Defendants will supplement, subject to a protective order. A proposed protective order is attached as Exhibit A.

### Request For Production No. 11:

Please produce all corporate tax returns for "you" for the tax years 2022 through the present and any tax "documents" that "you" consulted or referred to regarding agricultural income and expenses. This request includes, but is not limited to, IRS Form 1120, IRS Form 1065, IRS Form 1040, Schedule A ("Itemized Deductions"), Schedule C ("Profit or Loss from Business"), Schedule E ("Supplemental Income and Loss"), Schedule F ("Profit or Loss from Farming"), Form 4835 ("Farm Rental Income and Expenses"), and all attachments thereto, including general ledger details.

### Response to Request For Production No. 11:

Defendants object to Request for Production No. 11 on the grounds that it seeks the disclosure of tax returns, which are protected by a strong public policy against unnecessary disclosure. Tax returns contain sensitive financial information, and courts are reluctant to order their routine disclosure as part of discovery. *See Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993). The disclosure of such documents should be limited to prevent unwarranted invasions of privacy and to encourage taxpayers to file complete and accurate returns. *Id.* This Request is overly broad and seeks information that is not directly relevant to the claims or defenses at issue, imposing an undue burden on Defendants. The production of tax returns in this context would result in an unnecessary invasion of privacy. Furthermore, to the extent this Request pertains to damages, it is premature before liability is established. Defendants will produce responsive information in the damages phase of litigation, should it become necessary.

**Request For Production No. 12:**

Please produce all documents referenced in your Initial Disclosures and supplements and amendments to those disclosures.

**Response to Request For Production No. 12:**

Please see the documents bates labeled SCSCGA 000001-001559 and SCSCGA 001560-001573, with the latter set being subject to a protective order. A proposed protective order is attached as Exhibit A.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Brandon E. Davis*
Brandon E. Davis (La Bar #29823)
Molly McDiarmid (La Bar #36426)
Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Facsimile: 504-568-9130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
jennifer.clewis@phelps.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June, 2025, I emailed the foregoing counsel.

James M. Knoepp (jim@dawsonmorton.com)
1612 Crestwood Drive
Columbia, SC 29205

Dawson Morton (dawson@dawsonmorton.com)
1808 Sixth St.
Berkeley, CA  94710

Daniel Davis (dan@estesdavislaw.com)
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA  70809

*/s/ Brandon E. Davis*
Brandon E. Davis (La. Bar #29823)

- 11 -

# EXHIBIT A

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

FELIPE DE JESUS AVILA-SOTO,          No:  6:24-cv-01392
FELIPE DE JESUS SUAREZ-PALAFOX,
And JUAN ALEJO HERNANDEZ-CANELA,
ON BEHALF OF THEMSELVES AND
OTHERS SIMILARLY SITUATED          JUDGE ROBERT R. SUMMERHAYS

              V.                  MAGISTRATE JUDGE CAROL B.
                                WHITEHURST
SOUTH CENTRAL SUGAR CANE
GROWERS' ASSOCIATION, INC., AND
STERLING SUGARS, LLC

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). Based on the parties' submissions and the record in this matter, the court finds that disclosure and discovery activity in this action are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, a protective order for such information is justified in this matter:

- to expedite the flow of information;

- to facilitate the prompt resolution of disputes over confidentiality of discovery materials;

- to adequately protect information the parties are entitled to keep confidential;

- to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial;

- to address the handling of confidential materials at the end of the litigation; and

- to serve the ends of justice.

This Protective Order does not confer blanket protections on all disclosures of responses to discovery, and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential.

After careful consideration, it is ORDERED that the motion is granted, and the court ORDERS the following:

### 1.    Confidential Information

"Confidential information" means any information of any type, kind, or character that is designated as "Confidential" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during discovery, or otherwise.

### 2.    Qualified Persons

"Qualified Persons" means:

a.    the party, if a natural person;

b.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, by their receipt of Confidential information, are bound by the terms of this Protective Order;

c.    retained counsel for the parties in this litigation and their respective staff;

d.    this court and its staff and any other tribunal, special master, or dispute resolution officer duly appointed or assigned in connection with this litigation;

e.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, by their receipt of Confidential information are bound by the terms of this Protective Order;

f.    jury and trial consultants and their staff and mock jurors who, by their receipt of Confidential information are bound by the terms of this Protective Order;

g.    litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel;

h.    any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy; and

i.    such other person or persons as this court may designate after notice and an opportunity to be heard.

## 3.  Designation Criteria

a.    A party shall designate as "Confidential" only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

b.    Information and documents that may be designated as Confidential information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and

competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

c.      Correspondence and other communications between the parties or with nonparties may be designated as Confidential information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

d.      Confidential information shall not include information that either:

i.      is in the public domain at the time of disclosure, as evidenced by a written document;

ii.      becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii.      the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

iv.      lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

**4.  Use of Confidential Information**

All Confidential information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms of this Order.

### 5.    Marking of Documents

Documents provided in this litigation may be designated by the producing person or by any party as Confidential information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential." The designation should be made in a fashion or form that is conspicuous yet allows the Confidential information to remain legible. In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

### 6.    Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Confidential information by indicating on the record at the deposition that the testimony is "Confidential."

Any party also may designate information disclosed at a deposition as Confidential information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential information. All deposition transcripts shall be treated as Confidential information for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Confidential information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing

Confidential information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential information is being used or discussed.

### 7. Disclosure to Qualified Persons

Confidential information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction. But if a disclosure is compelled by law or court order, the receiving party will notify the producing party as promptly as practicable (if at all possible, before making such disclosure). The receiving party shall seek a protective order or confidential treatment of such information or cooperate with the producing party to protect the information.

### 8. Unintentional Disclosures

Documents unintentionally produced without designation as Confidential information later may be designated and shall be treated as Confidential information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

9. **Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as Confidential information during inspection. At the time of copying for the receiving parties, Confidential information shall be marked prominently "Confidential" by the producing party.

10. **Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Confidential information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Confidential information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential information, irrespective of which party produced such information.

11. **Challenging the Designation of Confidential Information**

A party shall not be obligated to challenge the propriety of a designation of Confidential information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Confidential information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential information unless the

court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential information.

### 12.    Challenging Release of Confidential Information to Qualified Persons

In the event that any party in good faith believes that a particular Qualified Person or the disclosure of particular Confidential information to such person should be precluded, the objecting party shall give written notice to the opposing party and the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 21 days from the date of the written notice to move the court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Confidential information. The objecting party shall demonstrate that disclosure to the disputed person would expose the objecting party to a substantial risk of harm. Upon the timely filing of such a motion, no disclosure of Confidential information shall be made to the disputed person unless the court enters an order preserving the designation.

### 13.    Manner of Use in Proceedings

In the event a party wishes to use any Confidential information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

Nothing in this Order shall limit the parties' rights or ability to offer evidence at a hearing or trial. The manner of using any Confidential information at a hearing or trial and the status of Confidential information resulting from any such use will be determined by the court.

### 14.    Filing Under Seal

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Confidential information by any party to this litigation consistent with the sealing requirements of the court.

### 15.    Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Confidential information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Confidential information.

### 16.    Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 17.    Duty to Ensure Compliance

Any party providing Confidential information to a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**18.    Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work-product protection is waived by disclosure connected with this litigation.

**19.    Modification and Exceptions**

The parties may, by stipulation, agree to exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this____ day of _____, 2025.


_____

United States District Judge