EXHIBIT 3

DEFENDANTS' SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF
DOCUMENTS TO ALL DEFENDANTS

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

**FELIPE DE JESUS AVILA-SOTO,**　　　　　**No:  6:24-cv-01392**
**FELIPE DE JESUS SUAREZ-PALAFOX,**
**And JUAN ALEJO HERNANDEZ-CANELA,**
**ON BEHALF OF THEMSELVES AND**
**OTHERS SIMILARLY SITUATED**　　　　　**JUDGE ROBERT R. SUMMERHAYS**


**V.**　　　　　**MAGISTRATE JUDGE CAROL B.**
　　　　　　　　**WHITEHURST**
**SOUTH CENTRAL SUGAR CANE**
**GROWERS' ASSOCIATION, INC., AND**
**STERLING SUGARS, LLC**

### DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION

NOW INTO COURT, through undersigned counsel, come Defendants, South Central Sugar Cane Growers' Association, Inc. ("SCSCGA") and Sterling Sugars, LLC, and submit the following Supplemental Responses to Plaintiffs' Request for Production in accordance with Rule 34 of the Federal Rules of Civil Procedure, and without waiving any rights, objections, claims, privileges or defenses set forth herein.

Defendants will supplement and/or amend these responses when more information is discovered.  Defendants' Supplemental Responses to Plaintiffs' Request for Production are based on information now known to Defendants and without prejudice to Defendants' right to produce evidence or information discovered in the future.  Defendants do not concede the relevancy or materiality of the information sought in Plaintiffs' Request for Production, nor do Defendants concede the relevancy or materiality of the subject matter at issue in Plaintiffs' Request for Production.  Defendants do not waive questions and/or objections about the competency, relevancy, materiality, privilege, or admissibility of documents or information identified herein.

Subject to the objections stated in response to each Request for Admission, Defendants respond as follows:

**Request For Production No. 2:**

Please produce all documents, showing or containing any of the information listed below, including not limited to, payroll records, employee personnel records, wage statements, pay envelopes, ledgers, time cards or time sheets, correspondence, notes and notations, canceled checks, receipts, employment contracts, and employment applications, with regard to the labor of any individuals employed by Defendants between October 10, 2022 through the present for which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill:

(a)     Name of employee;
(b)     Employee identification number(s);
(c)     The employee's permanent address and any other contact information, including but not limited to telephone number(s), email address(es), and/or WhatsApp contact information;
(d)     Dates of employment;
(e)     The daily starting and stopping time of all labor performed;
(f)     The type of work and/or activities performed;
(g)     The location where the work was performed;
(h)     Hours worked;
(i)     Wage rate(s) paid and the basis on which wages were paid;
(j)     Any reimbursements paid to the employee;
(k)     Any daily subsistence paid to the employee;
(l)     Any hotel expenses paid to the employee;
(m)     Gross wages paid;
(n)     All withholdings from wages, and the purpose for each such withholding;
(o)     Any amounts advanced, loaned, or otherwise provided to the employee; and
(p)     Net pay.

If any of the above information is maintained in whole or in part as computer files, please produce each file or database. Produce the file in its native format or, if that is not possible, then as ASCII delimited files, ASCII files with fixed field and record lengths, databases, Microsoft Excel spreadsheets, or in a conventional file format agreed to by Plaintiffs.

**Response to Request For Production No. 2:**

Defendants object to Request No. 2, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years

for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 2 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 2 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendant, South Central Sugar Cane Growers' Association, Inc. submits that Plaintiffs are in possession of responsive documents after making application to the U.S. Dept. of State for H-2A visas so they could enter the United States to work in jobs authorized pursuant to the U.S. Dept. of Labor's certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752. Defendants object to Request for Production No. 2 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, *see* Response to RFPD 2, Bates labeled SCSCGA 000001-001559.

**Supplemental Response to Request For Production No. 2:**

Defendants object to Request No. 2, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 2 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 2 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendant, South Central Sugar Cane Growers' Association, Inc. submits that Plaintiffs are in possession of responsive documents after making application to the U.S. Dept. of State for H-2A visas so they could enter the United States to work in jobs authorized pursuant to the U.S. Dept. of Labor's certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752. Defendants object to Request for Production No. 2 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, *see* Response to RFPD 2, Bates labeled SCSCGA 000001-001559, SCSCGA 001560-001573, SCSCGA 001635-001781, and SCSCGA 002361-002378.

**Request For Production No. 3:**

For individuals in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill please produce all documents provided to those individuals employed by you at any time from October 10, 2022 through the present which describe the terms and/or conditions of their employment including, but not limited to, documents describing the following:

(a)     the place of employment;
(b)     the wage rate(s) to be paid;
(c)     the kinds of activities which the worker was to perform;
(d)     the period of employment; and
(e)     the transportation, housing, and any other employee benefits to be provided, if any, and any costs to be charged for them.

**Response to Request For Production No. 3:**

Defendants object to Request No. 3, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 3 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case.  Defendant, Sterling Sugars, LLC cannot answer Request No. 3 due to lack of information.  Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer.  Defendant, South Central Sugar Cane Growers' Association, Inc. submits that Plaintiffs are in possession of responsive documents after making application to the U.S. Dept. of State for H-2A visas that they presented at ports of entry so they could enter the United States to work in jobs authorized pursuant to the U.S. Dept. of Labor's certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752.  Defendants object to Request for Production No. 3 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, *see* Response to RFPD 3, Bates labeled SCSCGA 000001-001559.

**Supplemental Response to Request For Production No. 3:**

Defendants object to Request No. 3, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period

beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 3 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 3 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendant, South Central Sugar Cane Growers' Association, Inc. submits that Plaintiffs are in possession of responsive documents after making application to the U.S. Dept. of State for H-2A visas that they presented at ports of entry so they could enter the United States to work in jobs authorized pursuant to the U.S. Dept. of Labor's certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752. Defendants object to Request for Production No. 3 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, *see* Response to RFPD 3, Bates labeled SCSCGA 000001-001559, SCSCGA 001560-001573, SCSCGA 001635-001781, and SCSCGA 002361-002378.

### Request For Production No. 4:

Please produce all memos, personnel policies, employee handbooks, training materials, employment contracts, and other documents referring to the terms and conditions of employment that were in effect for your employees, including the Plaintiffs and opt-in Plaintiffs, who were employed by you at any time from October 10, 2022 through present.

### Response to Request For Production No. 4:

Defendants object to Request No. 4, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 4 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 4 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an

employer.  Defendant, South Central Sugar Cane Growers' Association, Inc. submits that Plaintiffs are in possession the U.S. Dept. of Labor's Conditions of Employment and Assurances for H-2A Agricultural Clearance Orders, Form ETA-790A, Part I, certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752.  Defendants object to Request for Production No. 4 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means.  Subject to the foregoing objections and supplementation, *see* Response to RFPD 4, Bates labeled SCSCGA 001560-001573, subject to a protective order. A proposed protective order is attached as Exhibit A.

**Supplemental Response to Request For Production No. 4:**

Defendants object to Request No. 4, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 4 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case.  Defendant, Sterling Sugars, LLC cannot answer Request No. 4 due to lack of information.  Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer.  Defendant, South Central Sugar Cane Growers' Association, Inc. submits that Plaintiffs are in possession the U.S. Dept. of Labor's Conditions of Employment and Assurances for H-2A Agricultural Clearance Orders, Form ETA-790A, Part I, certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752.  Defendants object to Request for Production No. 4 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, *see* Response to RFPD 4, Bates labeled SCSCGA 001560-001573.

**Request For Production No. 5:**

Please produce all documents, including but not limited to electronic messaging and emails and their attachments, referring to the recruitment, transportation, referral, or hiring of H-2A workers by Defendants or their agents, in the years 2021 through the present. This request includes documents sent or received regarding the recruitment, hiring, appointment scheduling, transportation, or referral of H-2A workers to work for Defendants.

**Response to Request For Production No. 5:**

Defendants object to Request No. 5, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 5 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case.  Defendant, Sterling Sugars, LLC cannot answer Request No. 5 due to lack of information.  Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer.  Defendant, South Central Sugar Cane Growers' Association, Inc. submits that Plaintiffs are in possession of responsive information provided to them outside of the United States in connection with the applications for H-2A visas they submitted to the U.S. Dept. of State in connection with U.S. Dept. of Labor certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752.  Defendants object to Request for Production No. 5 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request because it seeks irrelevant information that does not make the determination of facts Plaintiffs placed at issue in paragraphs 1-6; 39-49; and 50-61 of the Complaint more likely than not.  Plaintiffs allege Defendants "failed to pay Plaintiffs and other similarly situated the federal minimum wage required by the FLSA by failing to reimburse costs incurred for Defendants' benefit, including required specialized drivers' licenses, medical examination fees, fees related to obtaining H-2A visas, hotel expenses associated with obtaining H-2A visas, transportation expenses from Mexico to the United States, and border crossing fees," such that information concerning documents referring to the alleged recruitment, transportation, referral and appointment scheduling exceed the scope of information proportional to the wage claims at issue. Subject to the foregoing objections and supplementation, *see* Response to RFPD 5, Bates labeled SCSCGA 001574-001577, subject to a protective order. A proposed protective order is attached as Exhibit A.

**Supplemental Response to Request For Production No. 5:**

Defendants object to Request No. 5, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 5 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not

- 7 -

proportional to the needs of this case.  Defendant, Sterling Sugars, LLC cannot answer Request No. 5 due to lack of information.  Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer.  Defendant, South Central Sugar Cane Growers' Association, Inc. submits that Plaintiffs are in possession of responsive information provided to them outside of the United States in connection with the applications for H-2A visas they submitted to the U.S. Dept. of State in connection with U.S. Dept. of Labor certification(s) H-300-22167-289377, H-300-23167-120446, and H-300-23167-126752.  Defendants object to Request for Production No. 5 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request because it seeks irrelevant information that does not make the determination of facts Plaintiffs placed at issue in paragraphs 1-6; 39-49; and 50-61 of the Complaint more likely than not.  Plaintiffs allege Defendants "failed to pay Plaintiffs and other similarly situated the federal minimum wage required by the FLSA by failing to reimburse costs incurred for Defendants' benefit, including required specialized drivers' licenses, medical examination fees, fees related to obtaining H-2A visas, hotel expenses associated with obtaining H-2A visas, transportation expenses from Mexico to the United States, and border crossing fees," such that information concerning documents referring to the alleged recruitment, transportation, referral and appointment scheduling exceed the scope of information proportional to the wage claims at issue. Subject to the foregoing objections and supplementation, *see* Response to RFPD 5, Bates labeled SCSCGA 001574-001582, SCSCGA 001588-001637, and SCSCGA 001782-002360.

**Request For Production No. 6:**

For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please produce any and all documents referring to the payment or reimbursement by you of any visa fees that were incurred by those workers.

**Response to Request For Production No. 6:**

Defendants object to Request No. 6, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due.  Therefore, any part of Request No. 6 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case.  Defendant, Sterling Sugars, LLC cannot answer Request No. 6 due to lack of information.  Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling

Sugars, LLC as an employer.  Subject to the foregoing objections and supplementation, Defendants will supplement, subject to a protective order. A proposed protective order is attached as Exhibit A.

**Supplemental Response to Request For Production No. 6:**

Defendants object to Request No. 6, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 6 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case.  Defendant, Sterling Sugars, LLC cannot answer Request No. 6 due to lack of information.  Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer.  Subject to the foregoing objections and supplementation, *see* Response to RFPD 6, Bates labeled SCSCGA 001574-001582, SCSCGA 001588-001637, and SCSCGA 001782-002360.

**Request For Production No. 7:**

For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please produce any and all documents referring to the payment or reimbursement by you of any fees and expenses that were incurred by those workers to obtain licenses to drive heavy tractor-trailer trucks.

**Response to Request For Production No. 7:**

Defendants object to Request No. 7, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 7 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case.  Defendant, Sterling Sugars, LLC cannot answer Request No. 7 due to lack of information.  Reasonable inquiry shows the U.S. Dept. of Labor's August 11,

2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendants object to Request for Production No. 7 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, Defendants will supplement, subject to a protective order. A proposed protective order is attached as Exhibit A.

**Supplemental Response to Request For Production No. 7:**

Defendants object to Request No. 7, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 7 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case.  Defendant, Sterling Sugars, LLC cannot answer Request No. 7 due to lack of information.  Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer.  Defendants object to Request for Production No. 7 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, Defendants will supplement, *see* Response to RFPD 7, Bates labeled SCSCGA 001574-001582, SCSCGA 001588-001637, and SCSCGA 001782-002360.

**Request For Production No. 8:**

For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please produce any and all documents referring to the payment or reimbursement by you of any hotel expenses that were incurred during travel, visa appointments, or consular processing by those workers.  Please include any documents referring to how any amounts that were paid or reimbursed were calculated and/or determined.

**Response to Request For Production No. 8:**

Defendants object to Request No. 8, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor

Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 8 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 8 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendants object to Request for Production No. 8 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, Defendants will supplement, subject to a protective order. A proposed protective order is attached as Exhibit A.

**Supplemental Response to Request For Production No. 8:**

Defendants object to Request No. 8, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 8 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 8 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendants object to Request for Production No. 8 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, Defendants will supplement, *see* Response to RFPD 8, Bates labeled SCSCGA 001574-001582, SCSCGA 001588-001637, and SCSCGA 001782-002360.

**Request For Production No. 9:**

For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please produce any and all documents

referring to the payment or reimbursement by you of transportation expenses that were incurred by those workers in order for them to travel from their homes in their country of origin to the worksite in the United States. Please include any documents referring to how any amounts that were paid or reimbursed were calculated and/or determined.

**Response to Request For Production No. 9:**

Defendants object to Request No. 9, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 9 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 9 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendants object to Request for Production No. 9 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, Defendants will supplement, subject to a protective order. A proposed protective order is attached as Exhibit A.

**Supplemental Response to Request For Production No. 9:**

Defendants object to Request No. 9, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 9 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 9 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendants object to Request for Production No. 9 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further,

Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, Defendants will supplement, *see* Response to RFPD 9, Bates labeled SCSCGA 001574-001582, SCSCGA 001588-001637, and SCSCGA 001782-002360.

**Request For Production No. 10:**

For H-2A workers employed at any time between October 10, 2022 through the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport sugarcane from locations in Louisiana to a processing mill, please produce any and all documents referring to the payment or reimbursement by you of border crossing fees that were incurred by those workers.

**Response to Request For Production No. 10:**

Defendants object to Request No. 10, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 10 requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 10 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendants object to Request for Production No. 10 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, Defendants will supplement, subject to a protective order. A proposed protective order is attached as Exhibit A.

**Supplemental Response to Request For Production No. 10:**

Defendants object to Request No. 10, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 10

requesting that Defendants answer before the period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant, Sterling Sugars, LLC cannot answer Request No. 10 due to lack of information. Reasonable inquiry shows the U.S. Dept. of Labor's August 11, 2022, certification H-300-22167-289377 (and those that followed) does not identify Sterling Sugars, LLC as an employer. Defendants object to Request for Production No. 10 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendants object to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means. Subject to the foregoing objections and supplementation, *see* Response to RFPD 10, Bates labeled SCSCGA 001574-001582, SCSCGA 001588-001637, and SCSCGA 001782-002360.

**Request For Production No. 12:**

Please produce all documents referenced in your Initial Disclosures and supplements and amendments to those disclosures.

**Response to Request For Production No. 12:**

Please see the documents Bates labeled SCSCGA 000001-001559 and SCSCGA 001560-001573, with the latter set being subject to a protective order. A proposed protective order is attached as Exhibit A.

**Supplemental Response to Request For Production No. 12:**

Please see the documents Bates labeled SCSCGA 000001-001582, and SCSCGA 001588-002378.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Brandon E. Davis*
Brandon E. Davis (La Bar #29823)
Molly McDiarmid (La Bar #36426)
Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Facsimile: 504-568-9130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
jennifer.clewis@phelps.com

- 14 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of August, 2025, I emailed the foregoing counsel.

James M. Knoepp (jim@dawsonmorton.com)
1612 Crestwood Drive
Columbia, SC 29205

Dawson Morton (dawson@dawsonmorton.com)
1808 Sixth St.
Berkeley, CA  94710

Daniel Davis (dan@estesdavislaw.com)
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA  70809

*/s/ Brandon E. Davis*
Brandon E. Davis (La. Bar #29823)

PD.50674149.1