# EXHIBIT 6

# PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STERLING SUGARS, LLC

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, FELIPE DE JESUS SUAREZ-PALAFOX, and JUAN ALEJO HERNANDEZ-CANELA, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., AND STERLING SUGARS, LLC, <br><br> Defendants. | Case No. 6:24-cv-01392 <br><br> CLASS ACTION |

**PLAINTIFFS' SECOND REQUESTS FOR THE PRODUCTION
OF DOCUMENTS TO DEFENDANT STERLING SUGARS, LLC**

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Western District of Louisiana, Plaintiffs by and through counsel, request that Defendant Sterling Sugars, LLC produce within thirty (30) days the documents herein described.

DEFINITIONS

1.      The word "document" is an all-inclusive term referring to any written, recorded, graphic or pictorial matter, however produced or reproduced. The term "documents" includes, without limitation, writings (including those made on tablets and notebooks), facsimiles, electronic mail, electronic messaging (including iMessage, WhatsApp, Facebook Messenger, or other text messaging application), correspondence, interoffice communications, minutes, reports, memoranda, notes, schedules, drawings, photographs, tables, graphs, charts, maps, surveys, time cards, books of account, ledgers, invoices, receipts, purchase orders, contracts, bills, checks, drafts, wage

statements, wage stubs, recordings, information stored in any form, including electronic and optical, and all other such electronically stored information, tangible or retrievable, of any kind. "Documents" includes any addenda, changes, additions or deletions made to any documents, and all drafts or preliminary versions of documents.

2. "You," or "Your," refers to Defendant Sterling Sugars, LLC and/or any members, associated corporate entities, including parents and subsidiaries, as well as any employees, officers, supervisors, directors, partners, agents, apparent agents, accountants, attorneys, and all other "persons" acting for or purporting to represent Defendant Sterling Sugars, LLC or able to act on its behalf.

3. The term "H-2A workers" refers to workers admitted, or sought to be admitted, pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a).

4. "Relevant time period" means October 10, 2022, through the present.

## INSTRUCTIONS

1. Plaintiffs request a written response to the requests for production setting forth with respect to each request whether such documents exist, whether production will be permitted as requested, and, if not, stating specifically your objections to production.

2. You must produce the requested documents as they are kept in the usual course of business or you must organize and label them to correspond with the categories in this request. Electronically-stored information must be produced in its native format, metadata intact, without alterations of any kind. In response to these requests for production of documents, you are to furnish such documents as are available to you and any to which you have access and any that are currently in your possession or that of any agent, servant, or employee, included but not limited to doctors, attorneys, and investigators.

3. In accordance with the provisions of Rule 34(b), Plaintiffs request that you organize and label these documents, records, and data to correspond with the numbered paragraphs, subparagraphs, and categories in this request. If a document could be produced with respect to a narrow request or a more general request, it shall be organized and submitted with respect to the narrower request. Documents attached to each other should not be separated.

4. If any requested document was but is no longer in your custody or possession or subject to your control, state whether it (a) is missing or lost, (b) has been destroyed, or (c) has been otherwise disposed of. In each such instance, explain the circumstances surrounding such disposition and state the date or approximate date thereof. If the documents are unavailable because they have been destroyed, state further the identity of the person who ordered them destroyed and/or who destroyed them together with the reason for their destruction.

5. If objections other than privilege are asserted, the statement of a general objection is not sufficient. Set forth any objections specifically and in sufficient detail to allow the Court to determine whether a motion to compel should be granted and the objection disallowed. If part but not all of a request is objected to, respond to the part to which there is no objection.

6. If any documents are withheld from production on the basis of a claim of privilege, exemption from discovery, or other objection, please furnish the following information for each such document:

    a. description of the document (e.g., letter, sales receipt, memorandum, data compilation, etc.), including its title if it has any;

    b. date(s) the document was generated, created, or last modified;

    c. name, address, and telephone number of the author(s) and custodian(s) of the document;

      d.    name, address, and telephone number of any indicated recipient(s) of the document and for electronically stored documents the name, address and telephone number of each authorized user with ability to access the document;

      e.    name, address, and telephone number of every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure;

      f.    subject matter of the document;

      g.    name, address, telephone number, and position of the person(s) who have custody or control over the document and for electronically stored documents the ability to access, retrieve or modify the stored document;

      h.    basis for claiming privilege or exemption from discovery.

7.    Versions of a "document" in different languages or formats, and non-identical copies and drafts of a document, are different documents and must be separately produced.

8.    Plaintiffs request that you and your counsel prevent the destruction or alteration of any document requested herein by the operation of any electronic information system (routine or otherwise). You are on notice that any destruction or alteration of such document, or any action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiffs' counsel regarding such action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If you do not believe that you can reasonably comply with this instruction, Plaintiffs request that you contact their counsel, in writing, within 10 days from receipt of these requests, to meet and confer about whether immediate Court intervention is necessary.

9.    Any request to which more than one document would apply requires production of all such documents. Accordingly, the use of any language in the request which could be interpreted

restrictively (e.g., to apply to only one of many relevant documents) must be interpreted expansively to include all such documents. A request framed in the singular includes the plural and requires production of all relevant documents.

10. All requests are deemed continuing requests. You are under a duty to reasonably supplement or correct your production of documents pursuant to the requirements of Federal Rule of Civil Procedure 26(e).

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 13**
Please produce a copy of any insurance you maintain for wage claims, liability claims including those for motor vehicle operation, and workers' compensation claims, including the insurance agreement referenced in your Supplemental Initial Disclosures and any other insurance agreements that may apply to any of the claims asserted in this case.

**REQUEST FOR PRODUCTION NO. 14**
Please produce Your operating agreements that apply to You and the members of Sterling Sugars, LLC.

**REQUEST FOR PRODUCTION NO. 15**
Please produce all documents, including bills of sale, contracts, and invoices reporting, describing or referring to the purchase by You of raw sugarcane during the relevant time period from South Central Sugar Cane Growers' Association, Inc.

**REQUEST FOR PRODUCTION NO. 16**
Please produce all documents, including bills of sale, contracts, and invoices reporting, describing or referring to the purchase by You of raw sugarcane during the relevant time period from any members of South Central Sugar Cane Growers' Association, Inc.

**REQUEST FOR PRODUCTION NO. 17**
Please produce all documents that reflect receipt, purchase, sale, milling, and/or storage of agricultural crops between You and South Central Sugar Cane Growers' Association, Inc. and/or any of its members during the relevant time period including contracts, leases, processing/milling agreements, invoices, bills of sale, scale tickets, and settlement sheets.

**REQUEST FOR PRODUCTION NO. 18**
Please produce all documents, including contracts, agreements, and/or invoices, reflecting, reporting, or referring to payments made or expenses incurred by You for the hauling of sugarcane to any sugar mill(s) operated by You during the relevant time period.

**REQUEST FOR PRODUCTION NO. 19**
Please produce all documents showing ownership or control by You of any heavy tractor-trailer trucks during the relevant time period.

**REQUEST FOR PRODUCTION NO. 20**
Please produce all documents showing leases by You of any heavy tractor-trailer trucks during the relevant time period.

**REQUEST FOR PRODUCTION NO. 21**
Please produce all documents reflecting, evidencing, or showing insurance for heavy tractor-trailer trucks You owned, operated, controlled or leased during the relevant time period that were used to haul sugarcane to any sugar mill(s) operated by You. This includes, but is not limited to, all addenda to such insurance agreements and any lists of individuals covered by such insurance agreements, as well as any correspondence in which you added or removed people from any lists of covered individuals.

**REQUEST FOR PRODUCTION NO. 22**
Please produce all documents showing the purchase by You of any diesel fuel used to refuel any heavy tractor-trailer trucks during the relevant time period.

**REQUEST FOR PRODUCTION NO. 23**
Please produce all documents, which record, describe or note delivery of sugar cane, and any associated information including, but not limited to, the shipper, the load number, the crop day, the tract, the gross weight of the delivery, the vehicle, the hauler, the daily quota, and/or the amount of loads hauled, for any sugarcane loads arriving at or hauled to any sugar mill(s) operated by You during the relevant time period. A response to this request includes, but is not limited to, scale tickets.

**REQUEST FOR PRODUCTION NO. 24**
Please produce all documents, including canceled checks and invoices, showing any payments received by You from South Central Sugar Cane Growers' Association, Inc. and/or any of its members during the relevant time period.

**REQUEST FOR PRODUCTION NO. 25**
Please produce all documents, including canceled checks and invoices, showing any payments made by You to South Central Sugar Cane Growers' Association, Inc. and/or any of its members.

**REQUEST FOR PRODUCTION NO. 26**
Please produce all documents containing communications between You and South Central Sugar Cane Growers' Association, Inc. and/or any of its members during the relevant time period referring to the hauling of sugarcane to any sugar mill(s) operated by You.

**REQUEST FOR PRODUCTION NO. 27**
Please produce all documents containing communications between You and any other person or entity during the relevant time period noting, reporting, reflecting, or referring to the

employment of H-2A workers. A response to this request includes but is not limited to any messaging sent on your behalf to any such H-2A workers.

**REQUEST FOR PRODUCTION NO. 28**
Please produce all documents considered, reviewed, or relied upon by You concerning Your efforts prior to the filing of this lawsuit to determine whether You were in compliance with the Fair Labor Standards Act.

Dated:      December 19, 2025                Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone: (828) 379-3169
Email: jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA 94710
Phone: (404) 590-1295
Email: dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email: dan@estesdavislaw.com

Attorneys for Plaintiffs, Opt-in Plaintiffs, and putative Rule 23 Class Members

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on this date I emailed the foregoing to the following attorneys for the Defendants who have entered an appearance in this matter:

Brandon Davis
Molly McDiarmid
Jennifer Clewis Thomas
365 Canal Street, Suite 2000
New Orleans, LA. 70130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
jennifer.clewis@phelps.com

              */s/ James M. Knoepp*
              James M. Knoepp
              South Carolina Bar No. 102757

this 19th day of December, 2025.

8