# EXHIBIT 7

# DEFENDANT STERLING SUGARS, LLC'S RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, FELIPE DE JESUS SUAREZ-PALAFOX, And JUAN ALEJO HERNANDEZ-CANELA, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED | No: 6:24-cv-01392  <br><br>JUDGE ROBERT R. SUMMERHAYS |
| V. | MAGISTRATE JUDGE CAROL B. WHITEHURST |
| SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., AND STERLING SUGARS, LLC | |

**STERLING SUGARS, LLC'S RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION**

NOW INTO COURT, through undersigned counsel, comes Defendant, Sterling Sugars, LLC, which submits the following Responses to Plaintiffs' Second Request for Production propounded on December 19, 2025, in accordance with Rule 34(b)(2) of the Federal Rules of Civil Procedure, and without waiving any rights, objections, claims, privileges or defenses set forth herein.

Defendant will supplement and/or amend these responses if and when more information is discovered. Defendant's Responses to Plaintiffs' Second Request for Production are based on information now known to Defendant and without prejudice to Defendant's right to produce evidence or information discovered in the future. Defendant does not concede the relevancy or materiality of the information sought in Plaintiffs' Second Request for Production, nor does Defendant concede the relevancy or materiality of the subject matter at issue in Plaintiffs' Second Request for Production. Defendant does not waive questions and/or objections about the competency, relevancy, materiality, privilege, or admissibility of documents or information

PD.60085872.1

identified herein.  Subject to the objections stated in response to each Request for Production, Defendants respond as follows:

**Request For Production No. 13:**

Please produce a copy of any insurance you maintain for wage claims, liability claims including those for motor vehicle operation, and workers' compensation claims, including the insurance agreement referenced in your Supplemental Initial Disclosures and any other insurance agreements that may apply to any of the claims asserted in this case.

**Response to Request For Production No. 13:**

Objection.  To the extent this Request seeks information about insurance maintained for liability claims including those for motor vehicle operation, and worker's compensation claims, Defendant objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, which seeks the recovery of backpay for alleged wage payment violations. This Request seeks irrelevant information that does not make the determination of facts Plaintiffs place at issue in the Complaint more likely than not. Specifically, in accordance with Fed. R. Civ. P. 26(a)(1)(A)(iv), Defendant asserted, "Defendants do not have any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."  Defendant identified a non-profit organization directors and officers liability insurance policy that may satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment. Defendant will produce a copy of this document on contradictory motion. Defendant asserts that documents involving insurance would not be used to prove Plaintiffs' claims in this case.  Plaintiffs have not established liability; the request for potentially applicable insurance agreements is premature.  Plaintiffs' allegations under the FLSA, the LWPA, and for breach of contract do not relate to liability insurance or workers' compensation insurance. Plaintiffs allege Defendants violated the FLSA by failing to "reimburse Plaintiffs and others similarly situated for certain pre-employment expenses they incurred" and/or failing to pay statutorily mandated overtime wages; committed a breach of contract by violating specific terms of those plaintiffs' and putative class members' employment contracts; and violated the LWPA by failing to pay "amounts due each of them under the terms of their employment contracts within 15 days of their resignation or discharge."  Accordingly, Plaintiffs do not allege any delictual cause of action that relates to insurance, nor would Plaintiffs' right to recovery, if any, be impacted by insurance.  This request fails to meet the proportionality requirement of FRCP 26(b)(1).

To the extent this Request seeks information about the directors and officers insurance agreement identified in Defendant's Supplemental Initial Disclosures, upon information and belief, the policy is not available to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**Request For Production No. 14:**

Please produce Your Operating agreements that apply to You and the members of Sterling Sugars, LLC.

**Response to Request For Production No. 14:**

Objection. Request No. 14 does not comply with FRCP 26(b)(1) because it seeks to obtain discovery regarding matters that are not relevant to Plaintiffs' claim (for wages) and proportional to the needs of the case. Sterling's operating agreements do not have the tendency to make Plaintiffs' claims concerning the non-payment of wages more likely than not.

**Request For Production No. 15:**

Please produce all documents, including bills of sale, contracts, and invoices reporting, describing or referring to the purchase by You of raw sugar cane during the relevant time period from South Central Sugar Cane Growers' association, Inc.

**Response to Request For Production No. 15:**

Objection. Request No. 15 does not comply with FRCP 26(b)(1) because it seeks to obtain discovery regarding matters that are not relevant to Plaintiffs' claim (for wages) nor proportional to the needs of the case. Plaintiffs confess that "Plaintiffs are truck drivers brought to the United States by Defendants to work pursuant to the H-2A temporary foreign worker visa program hauling harvested sugarcane in semi-trucks within Louisiana." *See* R. Doc. 42. Plaintiffs seek to make notice to "[a]ll individuals admitted as H-2A temporary foreign workers who were employed by Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at any time between 2022 and the present." *Id.* Plaintiffs confess that "All of Defendants' truck drivers worked pursuant to Defendants' H-2A visas, shared the same written employment contract and job title, employment terms, and all drove trucks hauling sugarcane in Louisiana to the sugar mill, also in Louisiana." *See* R. Doc. 42-2. Plaintiffs confess that "[t]he truck drivers' H-2A visas were issued based on certifications that Defendants received from the federal government after they filed proposed job terms in a document known as Department of Labor ETA-790 job orders each year. The proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See* R. Doc. 42-2 at p. 9. Accordingly, Plaintiffs' request to discover (admittedly unrelated) raw sugar cane purchase contracts (to which Plaintiffs are non-parties) is overly broad, unduly burdensome, and not proportional to the needs of the case. The issue at stake in the action (as Plaintiffs concede) is their shared written employment contract for hauling harvested sugarcane *and not* an alleged raw sugar cane purchase contract. Plaintiffs' November 18, 2025, assertions show alleged raw sugar purchase contract information concerning third-parties can not make breach determinations of Plaintiffs' written employment contract(s) more likely than not inasmuch as Plaintiffs' admit, "the proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See id* (citing Exs. 2-5). Documents like bills of sale, contracts, and invoice reporting describing Sterling's alleged purchase of raw sugarcane (a product) from South Central Sugar Cane Growers' Association, Inc. have no probative value to the material terms and conditions of Plaintiffs' employment agreement, which

Plaintiffs admit "…described the…terms of employment." *Id*. This request for commercial information from third parties violates FRCP 26(b)(1) because it is disproportionate to the needs of the parties in this employment dispute. Defendant also objects to the defined term "documents" as vague, overly broad and unduly burdensome in the context of Request No. 15.

**Request For Production No. 16:**

Please produce all documents, including bills of sale, contracts, and invoices reporting, describing or referring to the purchase by You of raw sugar cane during the relevant time period from members of South Central Sugar Cane Growers' Association Inc.

**Response to Request For Production No. 16:**

*See* Response to Request for Production No. 15.

**Request For Production No. 17:**

Please produce all documents that reflect receipt, purchase, sale, milling, and or storage of agricultural crops between capital You and South Central Sugar Cane Growers' Association Inc. and or any of its members during the relevant time period including contracts, leases, processing/milling agreements, invoices, bills of sale, scale tickets, and settlement sheets.

**Response to Request For Production No. 17:**

*See* Response to Request for Production No. 15. Defendant objects to Request No. 17, which does not comply with FRCP 26(b)(1) because it is obviously overly broad, unduly burdensome, and not proportional to the needs of the case. This Request seeks irrelevant information about "agricultural crops" that cannot not make the determination of facts concerning the job of hauling harvested sugarcane in accordance with the written employment contract that (as Plaintiffs allege) described the terms of employment more likely than not. Specifically, documents that reflect the receipt, purchase, sale, milling, contracts, leases, processing/milling agreements, invoices, bills of sale, scale tickets, and settlement sheets and/or storage of "agricultural crops" could not be proffered to prove the terms (or breach) of the ETA-790 job orders that Plaintiffs admit described the job duties, job title, and terms of employment related only to hauling sugarcane. *See* R. Doc. 42-2 at pp. 1-9. Plaintiffs' allegations under the FLSA, LWPA, and breach of contract relate only to their alleged employment agreement to haul sugarcane and not to the receipt, purchase, sale, milling, contracts, leases, processing/milling agreements, invoices, bills of sale, scale tickets, and settlement sheets and/or storage of "agricultural crops". *Compare* Request for Production No. 17 *with* R. Doc. 42-2. Although Plaintiffs allege Defendants violated the FLSA by failing to "reimburse Plaintiffs and others similarly situated for certain pre-employment expenses they incurred" and/or failing to pay statutorily mandated overtime wages; committed a breach of contract by violating specific terms of those plaintiffs' and putative class members' employment contracts; and violated the LWPA by failing to pay "amounts due each of them under the terms of their employment contracts within 15 days of their resignation or discharge," Plaintiffs confess those alleged violations only concern their alleged employment agreements to haul harvested sugarcane in semi-trucks within Louisiana.

*See* R. Doc. 42-2 at p. 5. Plaintiffs do not allege any issue concerning the receipt, purchase, sale, milling, contracts, leases, processing/milling agreements, invoices, bills of sale, scale tickets, and settlement sheets and/or storage of "agricultural crops" broadly.  This is why Request No. 17 fails to meet the proportionality requirement of FRCP 26(b)(1).

**Request For Production No. 18:**

Please produce all documents, including contracts, agreements, and/or invoices, reflecting, reporting, or referring to payments made or expenses incurred by You for the hauling of sugarcane to any sugar mills operated by You during the relevant time period.

**Response to Request For Production No. 18:**

*See* Response to Request for Production No. 15. With the exception of payroll expense information, Defendant's business expenses concerning sugarcane hauling do not relate to the material terms and conditions of Plaintiffs' employment agreement, which Plaintiffs admit "…described the…terms of employment." *See* R. Doc. 42-2

**Request For Production No. 19:**

Please produce all documents showing ownership or control by You of any heavy tractor-trailer trucks during the relevant time period.

**Response to Request for Production No. 19:**

Objection.  Request No. 19 does not comply with FRCP 26(b)(1) because it seeks to obtain discovery regarding fleet title data that is not relevant to Plaintiffs' claim (for wages) nor proportional to the needs of the case. Plaintiffs confess that "Plaintiffs are truck drivers brought to the United States by Defendants to work pursuant to the H-2A temporary foreign worker visa program hauling harvested sugarcane in semi-trucks within Louisiana." *See* R. Doc. 42. Plaintiffs seek to make notice to "[a]ll individuals admitted as H-2A temporary foreign workers who were employed by Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at any time between 2022 and the present." *Id.* Plaintiffs confess that "All of Defendants' truck drivers worked pursuant to Defendants' H-2A visas, shared the same written employment contract and job title, employment terms, and all drove trucks hauling sugarcane in Louisiana to the sugar mill, also in Louisiana." *See* R. Doc. 42-2. Plaintiffs confess that "[t]he truck drivers' H-2A visas were issued based on certifications that Defendants received from the federal government after they filed proposed job terms in a document known as Department of Labor ETA-790 job orders each year. The proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See* R. Doc. 42-2 at p. 9. Accordingly, Plaintiffs' request to discover (admittedly unrelated) fleet title information (which Plaintiffs did not place at issue in the Complaint or when seeking class certification) is overly broad, unduly burdensome, and not proportional to the needs of the case. The issue at stake in the action (as Plaintiffs concede) is their shared written employment contract for hauling harvested sugarcane *and not* title to the fleet. Plaintiffs' November 18, 2025, assertions show fleet title documents cannot make breach determinations of Plaintiffs' written employment contract(s) more likely than not inasmuch as

Plaintiffs' admit, "the proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See id* (citing Exs. 2-5, which does not cite fleet title terms). Documents allegedly showing ownership and control by Sterling of any heavy tractor-trailer trucks during the relevant time period have no probative value to the material terms and conditions of Plaintiffs' employment agreement, which Plaintiffs admit "…described the…terms of employment." *Id*. This request for fleet title information from third parties violates FRCP 26(b)(1) because it is disproportionate to the needs of the parties in this employment dispute.

**Request For Production No. 20:**

Please produce all documents showing leases by You of any heavy tractor-trailer trucks during the relevant time period.

**Response to Request For Production No. 20:**

*See* Response to Request for Production No. 19.

**Request For Production No. 21:**

Please produce all documents reflecting, evidencing, or showing insurance for heavy tractor-trailer trucks You owned, operated, controlled or leased during the relevant time period that were used to haul sugarcane to any sugar mills operated by You. This includes, but is not limited to, all addenda to such insurance agreements and any lists of individuals covered by such insurance agreements, as well as any correspondence in which you added or removed people from any lists of covered individuals.

**Response to Request For Production No. 21:**

Objection. *See* Response to Request for Production No. 13. Request No. 21, does not comply with FRCP 26(b)(1) because it is overly broad, unduly burdensome, and not proportional to the needs of the case Plaintiffs alleged. This is not a delictual action. So, insurance documents for heavy tractor-trailer trucks Sterling allegedly owned cannot be used to support or disprove any claims or defenses available in this case. Plaintiffs' allegations under the FLSA, LWPA, and breach of contract (and Defendant's defenses thereto) do not relate in any way to property insurance coverage procured for Sterling's business. Plaintiffs allege Defendants violated the FLSA by failing to "reimburse Plaintiffs and others similarly situated for certain pre-employment expenses they incurred" and/or failing to pay statutorily mandated overtime wages; committed a breach of contract by violating specific terms of those plaintiffs' and putative class members' employment contracts; and violated the LWPA by failing to pay "amounts due each of them under the terms of their employment contracts within 15 days of their resignation or discharge." Plaintiffs do not allege any cause of action which relate to insurance Sterling allegedly procured as property coverage for heavy tractor-trailer trucks, even to the extent such alleged coverage extended to individuals. Plaintiffs' Complaint does not refer to such insurance, nor would Plaintiffs' right to recovery, if any, be connected to the value of any such property insurance. This request thus fails to meet the proportionality requirement of FRCP 26(b)(1) because it is obviously disproportionate to the needs of the case, considering the importance of the issues (this case does

not allege property damage or personal injury) at stake in the action, the amount in controversy (this case only concerns alleged wage losses and not property losses or personal injury damages), and because this request is not important in resolving the issues Plaintiffs alleged concerning their employment agreement(s).

**Request For Production No. 22:**

Please produce all documents showing the purchase by you of any diesel fuel used to refuel any heavy tractor-trailer trucks during the relevant time period.

**Response to Request For Production No. 22:**

*See* Response to Request for Production No. 21.

**Request For Production No. 23:**

Please produce all documents, which record, describe or note delivery of sugar cane, and any associated information including, but not limited to, the shipper, the load number, the crop day, the tracts, the gross wight of the delivery, the vehicle, the hauler, the daily quota, and/or the amount of loads hauled for any sugarcane loads arriving at or hauled to any sugar mills operated by You during the relevant time period.  As response to this request includes, but is not limited to, scale tickets.

**Response to Request For Production No. 23:**

*See* Response to Request for Production No. 15.

**Request For Production No. 24:**

Please produce all documents, including canceled checks and invoices, showing any payments received by you from South Central Sugar Cane Growers' Association, Inc. and/or any of its members during the relevant time period.

**Response to Request For Production No. 24:**

*See* Response to Request for Production No. 15; *see also* Response to Request for Production No. 19.

**Request For Production No. 25:**

Please produce all documents, including canceled checks and invoices, showing any payments made by You to South Central Sugar Cane Growers' Association, Inc. and/or any of its members.

**Response to Request For Production No. 25:**

*See* Response to Request for Production No. 24.

**Request For Production No. 26:**

Please produce all documents containing communications between You and South Central Sugar Cane Growers' Association, Inc. and/or any of its members during the relevant time period referring to the hauling of sugarcane to any sugar mills operated by You.

**Response to Request For Production No. 26:**

Defendant objects to Request No. 26, which does not comply with FRCP 26(b)(1) because it is overly broad, unduly burdensome, and not proportional to the needs of the case. This Request seeks documents containing communications Sterling and South Central allegedly made to individuals who were not parties to the employment agreements Plaintiffs placed at issue in this litigation. Plaintiffs confess that "All of Defendants' truck drivers worked pursuant to Defendants' H-2A visas, shared the same written employment contract and job title, employment terms, and all drove trucks hauling sugarcane in Louisiana to the sugar mill, also in Louisiana." *See* R. Doc. 42-2. Plaintiffs confess that "[t]he truck drivers' H-2A visas were issued based on certifications that Defendants received from the federal government after they filed proposed job terms in a document known as Department of Labor ETA-790 job orders each year. The proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See* R. Doc. 42-2 at p. 9. Accordingly, Plaintiffs' request to discover (admittedly unrelated) documents containing communications between Sterling and South Central Sugar Cane Growers' Association, Inc. and third parties is overly broad, unduly burdensome, and not proportional to the needs of this alleged breach of employment agreement case. This request thus fails to meet the proportionality requirement of FRCP 26(b)(1).

**Request For Production No. 27:**

Please produce all documents containing communications between You and any other person or entity during the relevant time period noting, reporting, reflecting, or referring to the employment of H-2A workers.  A response to this request includes but is not limited to any messaging sent on your behalf to any such H-2A workers.

**Response to Request For Production No. 27:**

Objection. Request No. 27, does not comply with FRCP 26(b)(1) because it seeks all communications Sterling made to third parties, regardless of whether the alleged communications concerned the wage terms of the employment agreements Plaintiffs placed at issue.  Further, Request No. 27 uses an impermissibly vague undefined term, "messaging," which is in violation of FRCP 26(b)(2)(B) in that it encompasses electronically stored information that is not reasonably accessible to Defendant because of undue burden or cost.

**Request For Production No. 28:**

Please produce all documents considered, reviewed, or relied upon by You concerning Your efforts prior to the filing of this lawsuit to determine whether You we in compliance with the Fair Labor Standards Act.

**Response to Request For Production No. 28:**

Subject to supplementation, Defendant has produced SCSCGA 000001-001559.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Brandon E. Davis*
Brandon E. Davis (La Bar #29823)
Molly McDiarmid (La Bar #36426)
Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Facsimile: 504-568-9130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
jennifer.clewis@phelps.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of January, 2026, I emailed the foregoing counsel.

James M. Knoepp (jim@dawsonmorton.com)
1612 Crestwood Drive
Columbia, SC 29205

Dawson Morton (dawson@dawsonmorton.com)
1808 Sixth St.
Berkeley, CA 94710

Daniel Davis (dan@estesdavislaw.com)
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809

*/s/ Brandon E. Davis*
Brandon E. Davis (La. Bar #29823)