UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, et al. ) | |
| ) | Case No. 6:24-cv-01392 |
| Plaintiffs, ) | |
| ) | JUDGE ROBERT R. SUMMERHAYS |
| v. ) | |
| ) | MAGISTRATE JUDGE CAROL B. |
| ) | WHITEHURST |
| SOUTH CENTRAL SUGAR CANE ) | |
| GROWERS' ASSOCIATION, INC., et al. ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED
CONSIDERATION OF PLAINTIFFS' RENEWED MOTION
TO AMEND SCHEDULING ORDER

Plaintiffs move the Court for an expedited decision on Plaintiffs' Renewed Motion to Amend the Scheduling Order. Expedited decision is appropriate in discovery matters where pending deadlines require parties to make time sensitive choices. *Quality Constr. & Prod., LLC v. Collins*, No. 19-1308, 2021 U.S. Dist. LEXIS 150317, at *2 (W.D. La. Aug. 10, 2021) (granting request to expedite discovery dispute). Here, the Court has previously instructed the parties that while it denied the initial motion to amend the scheduling order to complete discovery it would reconsider if discovery disputes continued and Plaintiffs needed to file a motion to compel. (ECF No. 69.)

Defendants have, in essence, ambushed Plaintiffs with a very large amount of documents produced Monday night. (ECF No. 74 at 2.) Additionally, the production showed that discovery disputes remain and that Defendants had still failed to respond fully to document requests in this employment dispute. (ECF No. 75-1 at 4-9.) Plaintiffs have been prejudiced by the late and incomplete discovery. Plaintiffs have already had to postpone one deposition of an individual

1

designated as an accountant because the accounting reports have not been produced. Plaintiffs now must proceed with other noticed depositions if the discovery period is not extended to allow document review and discovery disputes to be resolved first. (ECF No. 74.) This will prejudice Plaintiffs by limiting their examination of witnesses. Accordingly, Plaintiffs ask the Court to decide the motion to amend the scheduling order on an expedited basis to allow the orderly progression of this case and not discovery by ambush. The purpose of the federal rules is to allow the orderly and full review of discovery evidence—not last-minute disclosures that preclude meaningful review or decision of pending motions. *See, e.g, Hosseini-Browder v. Hosseini*, No. SA-22-CV-860-OLG, 2024 U.S. Dist. LEXIS 241170, at *1 (W.D. Tex. Nov. 22, 2024) (noting purpose of discovery rules is "to prevent an ambush, resulting in surprise or prejudice, or undisclosed or late disclosing evidence") (citation omitted).

    WHEREFORE, Plaintiffs respectfully ask the Court to consider the Renewed Motion to Extend Discovery Deadlines on an expedited basis.

Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone: (828) 379-3169
Email: jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA 94710
Phone: (404) 590-1295
Email: dawson@dawsonmorton.com

2

        **/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email: dan@estesdavislaw.com

Counsel for Plaintiffs