UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **FELIPE DE JESUS AVILA-SOTO, ET AL.** | **CIVIL ACTION NO. 6:24-CV-01392** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., ET AL.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL DISCOVERY RESPONSES**

NOW INTO COURT, through undersigned counsel, come South Central Sugar Cane Growers' Association, Inc. (the "Association") and Sterling Sugars, LLC ("Sterling") (collectively, "Defendants"), who submit this Opposition to the Motion to Compel Discovery Responses[1] filed by Plaintiffs Felipe De Jesus Avila-Soto *et al.* on February 10, 2026 (the "Motion").[2] Plaintiffs' Motion should be denied in its entirety because it is legally deficient, made for improper purposes, and moot for the reasons set forth herein.

**I.      INTRODUCTION**

Plaintiffs' Motion should be denied because Defendants have produced responsive information and are cooperating with Plaintiffs to supplement allegedly deficient information. Throughout the discovery process in this case, Defendants have produced responses to Plaintiffs' overly broad requests, including the recently propounded Second Requests for Production of Documents. But Plaintiffs still seek supplemental productions of documents that are not aligned with the posture and needs of this case.

---

[1] R. Doc. 75.

[2] Plaintiffs were premature in seeking relief from this Court.

1

Plaintiffs' most recent requests were not served until December 2025, just two months prior to the current close of discovery on February 23, 2026. Notably, these requests substantially broaden the scope of meaningful discovery and delve into matters (like farm equipment titles and insurance) that are not narrowly tailored to whether (a) appropriate wage rates were paid by South Central Sugar Cane Growers Association, Inc.; and (b) whether the FLSA agricultural exemption applies to Defendant, South Central Sugar Cane Growers Association, Inc. Instead, the Second Requests for Production of Documents belatedly ask Defendants to produce information about their business operations, generally.

To accommodate the fact that they had waited too late to attempt to seek this type of irrelevant and broad information, Plaintiffs sought an extension of the discovery period, which the Court denied on January 29, 2026. At that time, the Court instructed Plaintiffs that such an extension would be improper unless Plaintiffs were forced to compel discovery responses from Defendants. Defendants produced a supplemental production consisting of over 20,000 pages of supplemental documents that are responsive (subject to objection). This means Plaintiffs simply were not forced to file a motion to compel and the dispute at bar does not align with the Court's January 29, 2026, contemplation.

Contrary to Plaintiffs' claims, the supplemental responses were timely produced. The record shows Plaintiffs received nearly all supplemental responses (subject to objection) when due on February 9, 2026. A comparatively small amount of follow up documents were forwarded on February 10, 2026.[3] By that time, Plaintiffs had already indicated they would not proceed with

---

[3] It is true that Defendants' most recent supplemental responses were tendered on February 9, 2026, in the evening with trailing documents following the next day around noon. Written responses followed on February 10, 2026, primarily restating objections and re-designating documents in pleadings format. However, the meaningful bulk of the production was tendered when due on February 9, 2026. Since then, Plaintiffs have deposed witnesses and have been informed that witnesses whom Plaintiffs believed they could not timely examine would be produced on February 19, 2026, or February 20, 2026, to allow appropriate attorney preparation time.

PD.60769623.2

Desiree Lange's deposition as noticed on [DATE] because they needed more time to review the supplemental production.[4] So, Defendants explained they would produce Ms. Lange on February 19, 2026, or February 20, 2026, which were dates the parties had already stipulated as available. Three fact witnesses were deposed between February 16, 2026, and February 18, 2026. And the parties recently agreed to jointly ask this Court to allow discovery to continue through March 13, 2026, so depositions can conclude. Despite these agreements, Plaintiffs still seek approximately 90 days to complete discovery in this case. This amount of time is both unjustified and unhelpful. Most witnesses have been deposed, or are scheduled to be deposed within the next two weeks. And although Defendants are still cooperating with Plaintiffs to produce supplemental records (which may be duplicative or unnecessary), the substantial majority of meaningful documents have already been produced. In short, Plaintiffs' Motion should be denied because the discovery has been had or can be had, because it is legally deficient, or because it is moot, as explained herein.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Felipe de Jesus Avila-Soto, Felipe de Jesus Suarez-Palafox, and Juan Alejo Hernandez-Canela ("Plaintiffs"), allege that they are foreign workers,[5] maintaining permanent residences in Mexico,[6] who were recruited and hired by the Association to work in the United States between 2022 and 2024, pursuant to the H-2A visa program, which "allows employers who meet specific regulatory requirements to bring foreign workers to the United States to fill temporary agricultural jobs."[7] On October 10, 2024, Plaintiffs filed their Complaint in this instant suit alleging violations of the Fair Labor Standards Act ("FLSA"), seeking to represent a collective

---

[4] *See* Desiree Lange Notice of Deposition, Exhibit G.

[5] R. Doc. 1, ¶ 1.

[6] R. Doc. 1, ¶ 51.

[7] R. Doc. 1, ¶ 27.

3

PD.60769623.2

action comprising "all individuals admitted as H-2A temporary foreign workers who were employed by Defendants driving heavy tractor-trailer trucks during the 2022, 2023, and/or 2024 seasons."[8] Plaintiffs also allege claims under the Louisiana Wage Payment Act and for breach of contract under state law.[9] The main disputes in this case stem from Plaintiffs' claims that they were misclassified as exempt agricultural workers and instead were owed overtime wages for hours worked in excess of forty in a workweek,[10] and that they were not properly reimbursed for pre-employment expenses, resulting in H-2A workers earning less than minimum wage for their first workweek.[11] On May 15, 2025, the Court issued a Scheduling Order in this matter, setting a trial date of August 3, 2026, and a discovery deadline of February 23, 2026.[12]

The parties engaged in meaningful discovery throughout 2025 without seeking the intervention of the Court. On April 9, 2025, Plaintiffs served their First Requests for Production of Documents, containing 12 requests that generally sought information specific to the H-2A program, employment records, personnel files, payroll, expenses, and taxation.[13] Defendants provided an initial response on June 4, 2025,[14] later supplemented with additional detail on August 28, 2025.[15] These responses were sufficient for Plaintiffs to brief a Motion to Certify Collective on November 18, 2025.[16]

---

[8] R. Doc. 1, ¶ 62.

[9] R. Doc. 1, ¶ 90.

[10] R. Doc. 1, ¶ 79.

[11] R. Doc. 1, ¶ 78.

[12] R. Doc. 33.

[13] R. Doc. 75-3.

[14] R. Doc. 75-4.

[15] R. Doc. 75-5.

[16] R. Doc. 42.

4

On December 19, 2025, during briefing on Plaintiffs' Motion for Certify and just two months prior to the discovery cutoff, Plaintiffs vastly expanded the scope of their discovery sought by serving their Second Requests for Production of Documents to each defendant.[17] Those requests sought information far less tailored to the specific claims at issue, yet were also significantly more broad and numerous, expanding the number of outstanding requests from 12 to 40 (directed to the Association) and 28 (directed to Sterling). This expanded scope of information sought included topics such as crop insurance, crop loans, equipment leases, farming equipment, "pre-harvest activities," scale tickets, insurance, vehicle ownership, and diesel fuel purchases that have no proportionate probative value to the wage claims at issue in this case. Still, on January 21, 2026, Defendants timely filed objections and responses to these Second Requests for Production, noting and detailing their specific objections to the scope and relevance of the information sought.[18]

This is not Plaintiffs' first attempt to extend the discovery period. On January 29, 2026, amidst Defendants' efforts to compel the deposition testimony of a named plaintiff, Plaintiffs filed a Motion for Extension of Deadlines in Scheduling Order and Trial Date.[19] In that Motion, which Defendants opposed, Plaintiffs argued that additional time was needed for discovery in order to address "issues" related to written discovery and depositions, making "the completion of discovery by February 23, 2026, extremely difficult if not impossible."[20] This Court disagreed, denying that motion and instructing the parties to confer pursuant to Rule 38 and allowing for potential re-filing if "the parties are unable to resolve the discovery issues, and a motion to compel is filed[.]"[21]

---

[17] R. Doc. 75-6, 75-8.

[18] R. Doc. 75-7, 75-9.

[19] R. Doc. 64.

[20] R. Doc. 64.

[21] R. Doc. 69.

PD.60769623.2

Following this, and in the interest of cooperation and engaging in good faith discovery, Defendants agreed to provide supplemental written and documentary responses to Plaintiffs' requests by February 9, 2026, during which time the parties also conferred to schedule the depositions of Roddy Patout, Tim Soileau, Ricky Gonsulin, the Association and Sterling pursuant to Fed. R. Civ. P. 30(b)(6), Rivers Patout, Desiree Lange, and Plaintiff Felipe de Jesus Avila-Soto, which remain on track to be completed (with the exception of one deposition) before the discovery cutoff. As noted in Plaintiffs' Motion, Defendants then produced "more than 20,000 pages of documents" responsive to the broad swath of information sought, on February 9, 2026, as agreed to by the parties. Plaintiffs fail to note that Defendants also provided a supplemental document production on February 6, 2025. Defendants also provided supplemental written responses on February 10, 2026.[22]  The documents produced included the following categories of documents:

1. On February 6, 2025, Defendants produced 260 pages of documents related to 2025 records for H-2A job orders, labor certifications, and I-129 petitions for the named plaintiffs, supplementing previous requests by Plaintiffs.[23]

2. On February 9, 2025, Defendants produced a set of Directors and Officers liability insurance policies responsive to Plaintiffs' Request for Production No. 13 to both defendants.

3. On February 9, 2026, the Association produced member files containing membership agreements, crop services agreements, and other documents broadly responsive to Plaintiffs' Requests for Production nos. 14, 21, 22, 23, 33, and others.

---

[22] Exhibit A – Association's Supplemental Responses to Plaintiffs' Second Requests for Production of Documents; Exhibit B – Sterling's Supplemental Responses to Plaintiffs' Second Requests for Production of Documents.

[23] Exhibit C – February 6, 2026 Letter to Plaintiffs re: Supplemental Production.

6

PD.60769623.2

4. On February 9, 2026, Sterling produced a set of equipment leases broadly responsive to Plaintiffs' Request for Production nos. 19 and others.

5. On February 9, 2026, Defendants produced a set of equipment leases and land leases broadly responsive to Plaintiffs' Request for Production nos. 19, 21, 25, 27, and others.

6. On February 9, 2026, Defendants produced automobile general liability policies broadly responsive to Plaintiffs' Request for Production nos. 27 and others.

7. On February 9, 2026, Defendants produced truck leases broadly responsive to Plaintiffs' Request for Production nos. 29 and others.

8. On February 9, 2026, Defendants produced a set of invoices and EFT notifications related to the purchase of diesel fuel broadly responsive to Plaintiffs' Request for Production nos. 30 and others.

9. On February 9, 2026, the Association produced PDF documents showing daily quota sheets for individual members and the employees associated with the various deliveries, broadly responsive to Plaintiffs' Request for Production nos. 31-32 and others.

10. On February 9, 2026, Sterling produced its Rural Community Insurance Company policies, broadly responsive to Plaintiff's Request for Production no. 16.

11. On February 9, 2026, Defendants produced Weekly Settlement Reports for individual crop days, showing scale tickets and other data requested by Plaintiffs in Request for Production nos. 23, 26, and others.

7

12. On February 10, 2026, Defendants produced Excel versions of the payroll registers, check registers, and task code reports previously produced, for the years 2022-2025.

13. On February 10, 2026, Defendants produced additional documents identified including building and premise invoices, management fee agreements, deposits, equipment lease agreements, and other agreements between the Association and Sterling.

14. On February 18, 2025, Defendants produced a set of operating agreements, registration documents, meeting minutes, and bylaws concerning the parties' relationship after those documents were identified in a fact deposition.[24]

None of these records have the tendency of making Plaintiffs FLSA or breach of employment agreement claims more likely than not. Despite these overly broad requests s and responses, Plaintiffs (prematurely) filed this Motion on February 10, 2025, which they admit was based only on a "cursory review" of the documents produced.

Plaintiffs now allege that five categories of responses by Defendants are inadequate. First, that Defendants' response to the first set of Requests for Production "remains incomplete," pointing to only the format of production of payroll documents sought, which were provided as part of the February 9 production.[25] Second, that Defendants have not produced information regarding "economic dependence" between the parties. Third, that Defendants have not produced information related to farming activities. Fourth, that Defendants have not produced an operating agreement for Sterling, checks and invoices concerning transactions, and communications with the

---

[24] Exhibit D – Letter Accompanying February 18, 2026 Production.

[25] Pay records had also been produced early in the litigation.

Association's members. And fifth, that Defendants have not produced information about "documents reviewed or considered by Defendants" in determining the overtime status of Plaintiffs.

The parties engaged in discussions about the sufficiency of responses since Plaintiffs filed this Motion on February 10, 2026. On February 13, 2026, counsel discussed (among other issues) that Defendants would be amenable to a 14-day discovery extension to complete currently pending discovery to accommodate Plaintiffs without upsetting the current trial date. Plaintiffs were unwilling to withdraw their Motion to Compel, and so that arrangement was declined last week. To cure a technical error, Defendants produced corrected supplemental written responses to Plaintiffs on February 18, 2026 and produced fact-witness deposition testimony. Plaintiffs agreed to extend the discovery deadline until March 13, 2026, but still indicated their intent to compel additional supplemental responses, even after receiving the supplemental responses, deposing three fact witnesses and declining to proceed with Desiree Lange on February 19, 2026, or February 20, 2026.[27] Defendants' position is that judicial intervention is not needed, and that Plaintiffs' Motion to Compel additional responses should be denied.

## III. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 26(b)(1) establishes the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[27] Other depositions were scheduled on February 19, 20, and 23, 2026. Counsel for the parties reached an agreement on a brief extension of the discovery deadlines, set forth in R. Doc. 78.

9

PD.60769623.2

Rule 26(b) is not, however, "a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[28] Thus, discovery does have "ultimate and necessary boundaries."[29] When compelling responses to discovery, "[t]he party seeking discovery bears the burden of showing its necessity."[30] "For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'"[31]

## IV. ARGUMENT

### A. Plaintiffs Failed to Confer in Good Faith or Provide a Certification of the Same.

Rule 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[32] This requirement is "not an empty formality."[33] Inadequate conferral efforts warrant denial of motions to compel.[34] Here, Plaintiffs' conferral was facially inadequate, as evidenced by the admissions in Plaintiffs' motion.

Plaintiffs acknowledge that at some point prior to a hearing on January 29, 2026, the parties "met and conferred concerning the discovery but did not reach an agreement on the production of responsive documents."[35] They also acknowledge that the parties discussed discovery and that Defendants would produce responsive documents between February 4 and February 9. Defendants

---

[28] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (citation omitted).

[29] *Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 643 F. Supp. 3d 613, 616 (E.D. La. 2022).

[30] *In re S. Recycling, L.L.C.*, 982 F.3d 374, 386 (5th Cir. 2020).

[31] *Williams v. Toyota Motor Mfg., Indiana, Inc.*, No. CV 16-179-BAJ-EWD, 2017 WL 36273, at *2 (M.D. La. Jan. 4, 2017).

[32] Fed. R. Civ. P. 37(a)(1).

[33] *TGS Props. LLC v. Covington Specialty Ins. Co.*, No. 2:22-CV-01935, 2023 WL 6962799, at *2 (W.D. La. Oct. 20, 2023).

[34] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014).

[35] R. Doc. 75 at 2.

did so, making productions between February 6 and 9, with additional supplements on February 10 and 18. Although Plaintiffs complain about the nearly 20,000 page supplemental response (for which Plaintiffs had only performed a "cursory review" at the time of this Motion was filed), Plaintiffs *never* certify that they meaningfully raised their supplemental production concerns with Defendants before filing this Motion. Given their admission that they could not have reviewed the documents between February 9 (when the supplemental production was made) and February 10 (when Plaintiffs' Motion to Compel was filed), it is clear that Plaintiffs' do not meet the certification requirements of the Federal Rules. Instead, Plaintiffs filed this Motion to persuade the Court that a discovery extension is warranted, without making a genuine effort to truly "confer" or resolve a real discovery dispute. In fact, the ongoing communications between the parties *since* the Motion was filed demonstrates that the remedy Plaintiffs seek is unwarranted.

In any case, the failure of the Motion on its face to certify that Plaintiffs made any effort to confer with Defendants prior to filing is grounds for denial.

### B. Plaintiffs' Motion to Compel is Mooted by Defendants' Responsive Production of Documents.

Defendants have responded to Plaintiffs' extensive requests. The information Plaintiffs now seek does not warrant a Motion to Compel because, either prior to or since its filing, Defendants have provided responsive documents.

    1. Defendants have Produced Payroll Documents in a Proper Format as Requested by Plaintiffs.

First, Plaintiffs make much of Defendants' alleged failure to produce payroll documents in a "native, electronic form."[36] Yet they also acknowledge that, at the time of filing, Defendants had produced Excel files "which Plaintiffs have not yet fully reviewed," alleging that these "are not

---

[36] R. Doc. 75 at 4.

the native payroll records sought but rather reports exported from a payroll system database."[37] This is neither the standard for the production of the documents nor the information requested from Plaintiffs. On January 28, 2026, after Defendants produced PDF files representing check registers, payroll information, and task code reports responsive to Plaintiffs' requests, counsel for Plaintiffs responded to raise issue with the production of the documents as PDFs. This issue specifically states that "PDF files cannot be used to compute damages that may be owed to the Plaintiffs and other class members where native format *or an Excel or similar export could*." [38] This being the requested format, on February 10, 2026, Defendants re-produced those documents as Excel files, the manner in which they understood them to be kept, for Plaintiffs' ease of access. There is simply no basis for a Motion to Compel documents that Plaintiffs already have access to in multiple formats.

      2.    Defendants have Responded or Properly Objected to "Economic Dependence" Requests.

Plaintiffs refer to a failure to produce documents related to employment of H-2A workers, the transportation of sugarcane, and making conclusory references to documents about the "economic dependence" between the parties. Specifically, they point to Requests 26 and 27 to Sterling., seeking a broad swath of "communications" between Sterling, the Association, and any of its members touching at all on the hauling of sugarcane or employment of H-2A workers. Sterling's initial response included clear, concise objections to the relevance of the request and raising specifically the issue that the term "messaging" is impermissibly vague and overbroad.[39]

---

[37] R. Doc. 75 at 4 n. 4.

[38] Exhibit E – January 28, 2026 Email from Counsel.

[39] Exhibit B.

Still, Sterling's Supplemental Responses also clearly point to sets of documents responsive to those requests, which include documents such as Weekly Settlement Reports, lease agreements, invoices, and other documents that show the actual economic relationship between Sterling and the Association. This issue is thus mooted by Defendants' production of responsive information.

> 3. Defendants have Responded or Properly Objected to "Requests Concerning Farming."

Next, Plaintiffs claim that Defendants have not produced responsive information to requests 15, 16, 17, 18, 19, 20, 21, 23, and 24 to South Central or 16, 17, and 25 to Sterling. Those requests, as set forth in Defendants' Responses and Supplemental Responses, are overly broad and irrelevant, given that the issues for which Plaintiffs purport these requests to support ("whether the Defendants were farmers") is answered by the Job Order, which is the document containing the material terms and conditions of employment that has already been produced and discovered. Such additional information is neither relevant to the facts here, nor to any defenses thereto. The value of such information as crop loans, crop ownership, crop insurance, diesel fuel, sales and purchases, is not relevant, and Defendants made such objections clear in their responses.

Still, with respect to particular requests, Defendants have provided either written or documentary responses to each of these requests:

1. Association Request No. 15: The Association has no responsive documents.

2. Association Request No. 16: The Association has no responsive documents.

3. Association Request No. 17: The Association has no responsive documents.

4. Association Request No. 18: The Association has no responsive documents.

5. Association Request No. 19: The Association referred generally to documents 004245-004407, containing equipment leases.

6. Association Request No. 20: The Association referred generally to documents 004245-004407, containing equipment leases.

7. Association Request No. 21: The Association referred generally to documents 003860-004244, containing communications and agreements between its members.

8. Association Request No. 23: The Association has no responsive documents.

9. Association Request No. 24: The Association referred generally to documents 023072-023303, containing invoices and payments between Sterling and the Association.

10. Sterling Request No. 16: Sterling has no responsive documents.

11. Sterling Request No. 17: Sterling referred generally to documents 007884-021286.

12. Sterling Request No. 25: Sterling referred generally to documents 023072-023303, containing invoices and payments between Sterling and the Association.

Because Defendants have both timely and reasonably objected to these requests and responded appropriately, this request is moot and should be denied.

    4.    Defendants have Responded or Properly Objected to Requests for "Information Concerning the Defendants."

Plaintiff then claims Defendants have not responded to Requests 14, 34, 35, and 36 to South Central and Request 24 to Sterling, which cover operating agreements, checks and invoices concerning transactions, and communications with members of the Association. As to operating agreements, Defendants supplemented their production on February 18, 2026, to include responsive documents. That request is moot. As to checks and invoices concerning transactions, Defendants' supplemental production includes numerous documents, such as Weekly Settlement Reports for individual crop days, showing scale tickets and other data, building and premise

14

invoices, management fee agreements, deposits, equipment lease agreements, and other agreements between the Association and Sterling. That request is also moot.

Plaintiffs also broadly seek extensive information concerning all manners of "communications within and among the Defendants" and other third parties. This request is vague and overly broad, seeking all communications made to third parties, regardless of whether the alleged communications concerned the wage terms of the employment agreements Plaintiffs placed at issue, without limiting the request temporally or with respect to particular parties or methods of communications. Additionally, no additional information would be elicited by "communications" when the documents already produced are responsive to the information sought by the request. And Plaintiffs have not met their burden of proving that this information is necessary for a Motion to Compel, stating only that communications "likely will reveal . . . substantial control over the alleged employment relationship." The payroll documents, agreements, and invoices speak for themselves. Defendants have responded appropriately to these requests.

> 5. Defendants have Produced Documents Responsive to "Defendants' Defense of Willfulness."

Finally, Plaintiffs address Request 40 to the Association and Request 28 to Sterling, which relate to "documents reviewed or considered by Defendants in their decision not to pay overtime to their truck drivers." Plaintiffs do not and could not (due to their abrupt filing without conferral) address the fact that Defendants provided written responses to both requests, pointing Plaintiffs to the supplemental document production set provided on February 10, 2026. Any and all of those documents would have been considered by Defendants in how to pay their employees. Defendants have thus responded to this request, and it is moot.

15

V.	**CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiffs' Motion to Compel. Plaintiffs failed to confer in good faith about the issues raised in the Motion, choosing instead to abruptly file a Motion to Compel that seeks to re-raise the issues in their Motion for Discovery Extension that has already been denied. There is no good cause for either compelling discovery responses or upsetting the trial date in this case, and so Plaintiffs' Motion should be denied.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:  */s/ Brandon E. Davis*
Brandon E. Davis Bar Roll No. 29823
Molly McDiarmid Bar Roll No. 36426
Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
Andrew M. Albritton Bar Roll No. 39780
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
jennifer.clewis@phelps.com

**ATTORNEYS FOR DEFENDANTS, SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC. AND STERLING SUGARS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record/parties in this proceeding.

*/s/ Brandon E. Davis*

17