UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, ET AL. | CIVIL ACTION NO. 6:24-CV-01392 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., ET AL. | MAGISTRATE JUDGE CAROL B. WHITEHURST |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER**

NOW INTO COURT, through undersigned counsel, come South Central Sugar Cane Growers' Association, Inc. (the "Association") and Sterling Sugars, LLC ("Sterling") (collectively, "Defendants"), who submit this Opposition to the Motion to Amend Scheduling Order[1] filed by Plaintiffs Felipe De Jesus Avila-Soto *et al.* on February 10, 2026 (the "Motion"). Plaintiffs' Motion should be denied in its entirety because, for the reasons set forth herein, it seeks a lengthier period than is necessary, is mooted by the ongoing discovery between the parties, and is not supported by the facts or applicable law.

Fed. R. Civ. P. 16(b) requires a showing of "good cause" to amend a scheduling order. District courts have the power to control their dockets, but a showing of "good cause" is still required.[2] There are four factors to consider in determining good cause: (1) the explanation for failure to timely comply; (2) the importance of the modification; (3) potential prejudice in allowing

---

[1] R. Doc. 75.

[2] *Reliance Ins. Co. v. Louisiana Land & Expl. Co.,* 110 F.3d 253, 258 (5th Cir. 1997).

the modification; and (4) the availability of a continuance to cure such prejudice.[3] None are established here.

As asserted in its Opposition to Plaintiffs' Motion to Compel (which is pled here *en extenso*), throughout discovery in this matter, the parties have made efforts to cooperate and comply without Court intervention.[4] On May 15, 2025, the Court issued a Scheduling Order in this matter, setting a trial date of August 3, 2026, and a discovery deadline of February 23, 2026.[5] The parties engaged in meaningful discovery throughout 2025. On April 9, 2025, Plaintiffs served their First Requests for Production of Documents.[6] Defendants provided an initial response on June 4, 2025,[7] later supplemented with additional detail on August 28, 2025.[8] These responses were sufficient for Plaintiffs to brief a Motion to Certify Collective on November 18, 2025.[9]

On December 19, 2025, just two months prior to the discovery cutoff, Plaintiffs vastly expanded the scope of their discovery sought by serving their Second Requests for Production of Documents to each defendant.[10] Those requests sought information far less tailored to the specific claims at issue, yet were also significantly more broad and numerous, expanding the number of outstanding requests from 12 to 40 (directed to the Association) and 28 (directed to Sterling). On January 21, 2026, Defendants lodged objections and responses to these Second Requests for

---

[3] *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224 (5th Cir. 2015).

[4] R. Doc. 79.

[5] R. Doc. 33.

[6] R. Doc. 75-3.

[7] R. Doc. 75-4.

[8] R. Doc. 75-5.

[9] R. Doc. 42.

[10] R. Doc. 75-6, 75-8.

2

Production, noting and detailing their specific objections to the scope and relevance of the information sought.[11]

This is not Plaintiffs' first attempt to extend the discovery period. On January 29, 2026, amidst Defendants' efforts to compel the deposition testimony of a named plaintiff, Plaintiffs filed a Motion for Extension of Deadlines in Scheduling Order and Trial Date.[12] In that Motion, which Defendants opposed, Plaintiffs argued that additional time was needed for discovery in order to address "issues" related to written discovery and depositions, making "the completion of discovery by February 23, 2026, extremely difficult if not impossible."[13] This Court disagreed, denying that motion and instructing the parties to confer, allowing for potential re-filing if "the parties are unable to resolve the discovery issues, and a motion to compel is filed[.]"[14]

Subsequently, in the interest of cooperation and engaging in good faith discovery, Defendants agreed to provide supplemental written responses and documents to Plaintiffs' requests by February 9, 2026. As noted in Plaintiffs' Motion, Defendants then produced approximately 20,000 pages of documents responsive to the broad swath of information sought, on February 9, 2026, as agreed to by the parties. Defendants had also provided a supplemental document production on February 6, 2025, supplemental written responses on February 10, 2026, and additional responsive documents based on identified issues by Plaintiffs on February 18, 2026.

While Defendants will not address the merits of Plaintiffs' Motion to Compel in this Opposition, (those arguments were briefed in Defendants' Opposition to Plaintiffs' Motion to

---

[11] R. Doc. 75-7, 75-9.

[12] R. Doc. 64.

[13] R. Doc. 64.

[14] R. Doc. 69.

Compel),[15] these productions have mooted the issues raised therein. This Motion claims that the "late production prejudices Plaintiffs and limits their ability to question witnesses about the documents." That claim is false. Defendants have meaningfully engaged in all discovery processes prior to and since the filing of the Motion to Compel and this Motion to Continue, including timely producing supplemental written responses as well as producing four fact witnesses (Jaime Robison, Roddy Patout, Tim Soileau, and Ricky Gonsulin) who were deposed through February 18, 2026.[16] The only deposition upset for alleged discovery issues is that of Desiree Lange, who Defendants offered to produce on February 19, 2026, and February 20, 2026 (to allow for attorney preparation time), and who remains available for deposition prior to the parties' proposed discovery extension deadline, discussed below.

Defendants strenuously assert that all discovery in this matter could have been concluded by February 23, 2026. Nevertheless, Defendants agreed to an approximately three-week extension of the discovery deadline so that the parties may work together cooperatively to resolve outstanding issues with respect to discovery responses, document productions and depositions, all of which is the subject of the Joint Motion for Extension of Time to Complete Discovery and File Dispositive Motions, filed today, February 18, 2026.[17] To the extent there is remaining discovery, all such discovery can be completed within the three-week time frame proposed by the parties and **no** further extension of time is necessary.

Plaintiffs have thus failed to make a showing of "good cause" for modifying the Scheduling Order to the vast extent proposed. Plaintiffs have not shown a good reason for the failure to timely comply with the Scheduling Order, nor have they shown that there has *been* a failure to comply.

---

[15] R. Doc. 79.

[16] *See* R. Doc. 78.

[17] *Id.*

They have not shown that an extension of three months is "important," because Plaintiffs have already conducted the vast majority of discovery needed, and can complete any remaining discovery prior to the March 13, 2026, proposed discovery deadline. Nor have Plaintiffs demonstrated prejudice will be suffered if the three-month extension is not granted. Plaintiffs have not lost any opportunity to question witnesses, to seek documents, or to develop their arguments, and they have received nearly all[18] of the available documents sought and have been and/or will be able to schedule the depositions proposed.

For the foregoing reasons,[19] this Court should deny Plaintiffs' Motion to Amend. There is no good cause for upsetting the trial date in this case, and so Plaintiffs' Motion should be denied.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   /s/ Brandon E. Davis
      Brandon E. Davis Bar Roll No. 29823
      Molly McDiarmid Bar Roll No. 36426
      Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
      Andrew M. Albritton Bar Roll No. 39780
      Canal Place | 365 Canal Street, Suite 2000
      New Orleans, Louisiana 70130
      Telephone: 504 566 1311
      Facsimile: 504 568 9130
      brandon.davis@phelps.com
      molly.mcdiarmid@phelps.com
      jennifer.clewis@phelps.com

      **ATTORNEYS FOR DEFENDANTS, SOUTH CENTRAL SUGAR CANE GROWERS'**

---

[18] Defendants maintain Plaintiffs have received responsive documents even while continuing to work to produce records in the format or scope that Plaintiffs have asked, subject to objection.

[19] *See also* R. Doc. 79, which is pled here *en extenso*.

ASSOCIATION, INC. AND STERLING SUGARS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record/parties in this proceeding.

                                                */s/ Brandon E. Davis*