# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

**FELIPE DE JESUS AVILA-SOTO,**
**FELIPE DE JESUS SUAREZ-PALAFOX,**
**And JUAN ALEJO HERNANDEZ-CANELA,**
**ON BEHALF OF THEMSELVES AND**
**OTHERS SIMILARLY SITUATED**

**No: 6:24-cv-01392**

**JUDGE ROBERT R. SUMMERHAYS**

**V.**

**MAGISTRATE JUDGE CAROL B. WHITEHURST**

**SOUTH CENTRAL SUGAR CANE**
**GROWERS' ASSOCIATION, INC., AND**
**STERLING SUGARS, LLC**

## SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC.'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION

NOW INTO COURT, through undersigned counsel, comes Defendant, South Central Sugar Cane Growers' Association, Inc. ("SCSCGA" or "Defendant"), who, without waiving any rights, objections, claims, privileges or defenses set forth herein, submits the following First Supplemental Responses to Plaintiffs' Second Requests for the Production of Documents propounded to Defendant, South Central Sugar Cane Growers' Association, Inc., on December 19, 2025.

Defendant will supplement and/or amend these responses if additional information is discovered. Defendant's First Supplemental Responses to Plaintiffs' Second Request for Production are based on information now known to Defendant and without prejudice to Defendant's right to produce evidence or information discovered in the future. Defendant does not concede the relevancy or materiality of the information sought in Plaintiffs' Second Request for Production, nor does Defendant concede the relevancy or materiality of the subject matter at

issue in Plaintiffs' Second Request for Production.  Defendant does not waive questions and/or objections about the competency, relevancy, materiality, privilege, or admissibility of documents or information identified herein.  Subject to the objections stated in response to each Request for Production, Defendant responds as follows:

**Request For Production No. 13:**

Please produce a copy of the insurance agreement referenced in your Supplemental Initial Disclosures and any other insurance agreements that may apply to the claims asserted in this case.

**Response to Request For Production No. 13:**

Objection.  To the extent this Request seeks information about insurance maintained for liability claims including those for motor vehicle operation, and worker's compensation claims, Defendant objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, which seeks the recovery of backpay for alleged wage payment violations. This Request seeks irrelevant information that does not make the determination of facts Plaintiffs place at issue in the Complaint more likely than not.  Specifically, in accordance with Fed. R. Civ. P. 26(a)(1)(A)(iv), Defendant asserted, "Defendants do not have any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Defendant identified a non-profit organization directors and officers liability insurance policy that may satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment. Defendant will produce a copy of this document on contradictory motion. Defendant asserts that documents involving insurance would not be used to prove Plaintiffs' claims in this case.  Plaintiffs have not established liability; the request for potentially applicable insurance agreements is premature.  Plaintiffs' allegations under the FLSA, the LWPA, and for breach of contract do not relate to liability insurance or workers' compensation insurance. Plaintiffs allege Defendants violated the FLSA by failing to "reimburse Plaintiffs and others similarly situated for certain pre-employment expenses they incurred" and/or failing to pay statutorily mandated overtime wages; committed a breach of contract by violating specific terms of those plaintiffs' and putative class members' employment contracts; and violated the LWPA by failing to pay "amounts due each of them under the terms of their employment contracts within 15 days of their resignation or discharge."  Accordingly, Plaintiffs do not allege any delictual cause of action that relates to insurance, nor would Plaintiffs' right to recovery, if any, be impacted by insurance.  This request fails to meet the proportionality requirement of FRCP 26(b)(1).

To the extent this Request seeks information about the directors and officers insurance agreement identified in Defendant's Supplemental Initial Disclosures, upon information and belief, the policy is not available to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**Supplemental Response to Request For Production No. 13:**

Subject to and without waiver of the foregoing objections, please see the documents bates labeled SCSCGA 003351-003859.

**Request For Production No. 14:**

Please produce all agreements to which You and any of Your members are both parties.

**Response to Request For Production No. 14:**

Objection. Request No. 14 does not comply with FRCP 26(b)(1) because it is overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all agreements to which South Central Sugar Cane Growers' Association, Inc. and its members are both parties. Plaintiffs confess that "Plaintiffs are truck drivers brought to the United States by Defendants to work pursuant to the H-2A temporary foreign worker visa program hauling harvested sugarcane in semi-trucks within Louisiana." *See* R. Doc. 42. Plaintiffs seek to make notice to "[a]ll individuals admitted as H-2A temporary foreign workers who were employed by Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at any time between 2022 and the present." *Id.* Plaintiffs confess that "All of Defendants' truck drivers worked pursuant to Defendants' H-2A visas, shared the same written employment contract and job title, employment terms, and all drove trucks hauling sugarcane in Louisiana to the sugar mill, also in Louisiana." *See* R. Doc. 42-2. Plaintiffs confess that "[t]he truck drivers' H-2A visas were issued based on certifications that Defendants received from the federal government after they filed proposed job terms in a document known as Department of Labor ETA-790 job orders each year. The proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See* R. Doc. 42-2 at p. 9. Accordingly, Plaintiffs' request to discover (admittedly unrelated) "all agreements" (to which Plaintiffs are non-parties) is overly broad, unduly burdensome, and not proportional to the needs of the case. The issue at stake in the action (as Plaintiffs concede) is their shared written employment contract for hauling harvested sugarcane *and not* "all agreements" to which South Central Sugar Cane Growers' Association, Inc. and its members are both parties. Plaintiffs' November 18, 2025, assertions show third-party agreements cannot make breach determinations of Plaintiffs' written employment contract(s) more likely than not inasmuch as Plaintiffs' admit, "the proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See id* (citing Exs. 2-5). Documents like "agreements" where Plaintiffs are not parties have no probative value to the material terms and conditions of Plaintiffs' employment agreement, which Plaintiffs admit "…described the…terms of employment." *Id.* This request for commercial information from non-parties violates FRCP 26(b)(1) because it is disproportionate to the needs of the parties in this employment dispute. Further, the agreements to which both Defendant and Plaintiffs are parties have been produced.

**Supplemental Response to Request For Production No. 14:**

Subject to and without waiver of the foregoing objections, please see the documents bates labeled SCSCGA 003860-004244.

**Request For Production No. 15:**

Please produce all documents sent to or received from the United States Department of Agriculture's Farm Service Agency referring in any way to Your farming activities during the relevant time period. This request includes, but is not limited to, forms FSA-578, CCC-832, CCC-837, CCC-770 SU-1 and SU2, AD-2047, and CCC-902 or CCC-902E.

**Response to Request For Production No. 15:**

Objection. Request No. 15 does not comply with FRCP 26(b)(1) because it is overly broad, unduly burdensome, and not proportional to the needs of the case. Title 8 of the Code of Federal Regulations, Part 655 explains that temporary labor certification determinations are ordinarily made by the Office of Foreign Labor Certification (OFLC) Administrator (OFLC Administrator) of the Employment and Training Administration. As a matter of regulatory law, the Job Order is the document containing the material terms and conditions of employment that is posted by the State Workforce Agency (SWA) on its interstate and intrastate job clearance systems based on the employer's *Agricultural Clearance Order* (Form ETA-790/ETA-790A and all appropriate addenda), as submitted to the NPC. As it relates to the employment agreements Plaintiffs placed at issue, the Secretary of Labor has not delegated authority to issue certifications and to carry out other statutory responsibilities required by 8 U.S.C. 1188 to the United States Department of Agriculture.

**Supplemental Response to Request For Production No. 15:**

Subject to and without waiver of the foregoing objections and supplementation, Defendant has no responsive documents.

**Request For Production No. 16:**

Please produce all documents discussing, evidencing, or referring to any crop insurance You applied for and/or obtained for any crop You grew during the relevant time period.

**Response to Request For Production No. 16:**

Objection. *See* Response to Request for Production No. 13. Request No. 16 further does not comply with FRCP 26(b)(1) because it is overly broad, unduly burdensome, and not proportional to the needs of the case Plaintiffs alleged. This is not a commodities loss case. So, insurance documents for crops cannot be used to support or disprove any claims or defenses available in this case. Plaintiffs' allegations under the FLSA, LWPA, and breach of contract (and Defendant's defenses thereto) do not relate in any way to crop insurance coverage. Plaintiffs allege Defendants violated the FLSA by failing to "reimburse Plaintiffs and others similarly situated for certain pre-employment expenses they incurred" and/or failing to pay statutorily mandated overtime wages; committed a breach of contract by violating specific terms of those plaintiffs' and putative class members' employment contracts; and violated the LWPA by failing to pay "amounts due each of them under the terms of their employment contracts within 15 days of their resignation

PD.60769498.1

or discharge." Plaintiffs do not allege any cause of action which relate to crop insurance. Plaintiffs' Complaint does not refer to such insurance, nor would Plaintiffs' right to recovery, if any, be connected to the value of any such crop insurance. This request thus fails to meet the proportionality requirement of FRCP 26(b)(1) because it is obviously disproportionate to the needs of the case, considering the importance of the issues (this case does not allege crop damage due and owing to Plaintiffs) at stake in the action, the amount in controversy (this case only concerns alleged wage losses and not crop losses), and because this request is not important in resolving the issues Plaintiffs alleged concerning their employment agreement(s).

**Supplemental Response to Request For Production No. 16:**

Subject to and without waiver of the foregoing objections, Defendant has no responsive documents.

**Request For Production No. 17:**

Please produce all documents evidencing any crop loans You applied for and/or obtained for Your farming activities during the relevant time period.

**Response to Request For Production No. 17:**

*See* Response to Request For Production No. 16. Request No. 17 further does not comply with FRCP 26(b)(1) because it is overly broad, unduly burdensome, and not proportional to the needs of the case Plaintiffs alleged. This is not a loan default case. Plaintiffs confess that "Plaintiffs are truck drivers brought to the United States by Defendants to work pursuant to the H-2A temporary foreign worker visa program hauling harvested sugarcane in semi-trucks within Louisiana." *See* R. Doc. 42. Plaintiffs seek to make notice to "[a]ll individuals admitted as H-2A temporary foreign workers who were employed by Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at any time between 2022 and the present." *Id.* Plaintiffs confess that "All of Defendants' truck drivers worked pursuant to Defendants' H-2A visas, shared the same written employment contract and job title, employment terms, and all drove trucks hauling sugarcane in Louisiana to the sugar mill, also in Louisiana." *See* R. Doc. 42-2. Plaintiffs confess that "[t]he truck drivers' H-2A visas were issued based on certifications that Defendants received from the federal government after they filed proposed job terms in a document known as Department of Labor ETA-790 job orders each year. The proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See* R. Doc. 42-2 at p. 9. So, insurance documents for crops cannot be used to support or disprove any claims or defenses available in this case. Plaintiffs' allegations under the FLSA, LWPA, and breach of contract (and Defendant's defenses thereto) do not relate in any way to crop insurance coverage. Plaintiffs allege Defendants violated the FLSA by failing to "reimburse Plaintiffs and others similarly situated for certain pre-employment expenses they incurred" and/or failing to pay statutorily mandated overtime wages; committed a breach of contract by violating specific terms of those plaintiffs' and putative class members' employment contracts; and violated the LWPA by failing to pay "amounts due each of them under the terms of their employment contracts within 15 days of their resignation or discharge." Plaintiffs do not allege any cause of action which relate to crop loans. Plaintiffs' Complaint does not refer to such loans, nor would Plaintiffs' right to

- 5 -

recovery, if any, be connected to the value of any loan or default thereof.  This request thus fails to meet the proportionality requirement of FRCP 26(b)(1) because it is obviously disproportionate to the needs of the case, considering the importance of the issues (this case does not allege crop loan default that resulted in wages due and owing to Plaintiffs) at stake in the action, the amount in controversy (this case only concerns alleged wage losses and not crop loan default losses), and because this request is not important in resolving the issues Plaintiffs alleged concerning their employment agreement(s) inasmuch as Plaintiffs do not allege they were creditors.

**Supplemental Response to Request For Production No. 17:**

Subject to and without waiver of the foregoing objections, Defendant has no responsive documents.

**Request For Production No. 18:**

Please produce all documents You provided to the United States Department of Agriculture and/or to any lender reporting the fields You planted or had under cultivation, including documents describing, mapping, or evidencing the location of fields that You own(ed) or lease(d) for the purposes of cultivating sugarcane during the relevant time period.

**Response to Request For Production No. 18:**

*See* Response to Request for Production No. 15; *see also* Response to Request for Production No. 17.

**Supplemental Response to Request For Production No. 18:**

Subject to and without waiver of the foregoing objections, Defendant has no responsive documents.

**Request For Production No. 19:**

Please produce all documents in which You are a party providing for the lease of agricultural equipment or agricultural lands during the relevant time period.

**Response to Request for Production No. 19:**

Objection.  Request No. 19 does not comply with FRCP 26(b)(1) because it seeks to obtain discovery regarding property lease data that is not relevant to Plaintiffs' claim (for wages) nor proportional to the needs of the case. Plaintiffs confess that "Plaintiffs are truck drivers brought to the United States by Defendants to work pursuant to the H-2A temporary foreign worker visa program hauling harvested sugarcane in semi-trucks within Louisiana." *See* R. Doc. 42. Plaintiffs seek to make notice to "[a]ll individuals admitted as H-2A temporary foreign workers who were employed by Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at any time between 2022 and the present." *Id.* Plaintiffs confess that "All of Defendants' truck drivers worked pursuant to Defendants' H-2A visas, shared the same written employment contract

and job title, employment terms, and all drove trucks hauling sugarcane in Louisiana to the sugar mill, also in Louisiana." *See* R. Doc. 42-2. Plaintiffs confess that "[t]he truck drivers' H-2A visas were issued based on certifications that Defendants received from the federal government after they filed proposed job terms in a document known as Department of Labor ETA-790 job orders each year. The proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See* R. Doc. 42-2 at p. 9. Accordingly, Plaintiffs' request to discover (admittedly unrelated) property lease information (which Plaintiffs did not place at issue in the Complaint or when seeking class certification) is overly broad, unduly burdensome, and not proportional to the needs of the case. The issue at stake in the action (as Plaintiffs concede) is their shared written employment contract for hauling harvested sugarcane *and not* property leases Defendants may have entered. Plaintiffs' November 18, 2025, assertions show property lease documents cannot make breach determinations of Plaintiffs' written employment contract(s) more likely than not inasmuch as Plaintiffs' admit, "the proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See id* (citing Exs. 2-5, which does not cite fleet title terms). Documents allegedly showing lease agreements by South Central Sugar Cane Growers' Association, Inc. during the relevant time period have no probative value to the material terms and conditions of Plaintiffs' employment agreement, which Plaintiffs admit "…described the…terms of employment." *Id*.  This request for property lease information concerning agreements where Plaintiffs are not parties violates FRCP 26(b)(1) because it is disproportionate to the needs of the parties in this employment dispute.

**Supplemental Response to Request For Production No. 19:**

Subject to and without waiver of the foregoing objections, please see the documents bates labeled SCSCGA 004245-004407.

**Request For Production No. 20:**

Please produce all documents recording, listing, inventorying farming equipment owned by You during the relevant time period, including all documents showing, listing, or containing the depreciation of farming equipment.

**Response to Request For Production No. 20:**

*See* Response to Request for Production 19.

**Supplemental Response to Request For Production No. 20:**

Subject to and without waiver of the foregoing objections, Defendant has no responsive documents.

**Request For Production No. 21:**

Please produce all documents, including contracts, agreements, and/or invoices, for contractual farming services paid by You for the planting, fertilizing, tilling, weeding, pre-harvest

preparation or harvesting of sugarcane in Your sugarcane farming operations during the relevant time period.

**Response to Request For Production No. 21:**

Objection. Plaintiffs confess that "Plaintiffs are truck drivers brought to the United States by Defendants to work pursuant to the H-2A temporary foreign worker visa program hauling harvested sugarcane in semi-trucks within Louisiana." *See* R. Doc. 42. Plaintiffs seek to make notice to "[a]ll individuals admitted as H-2A temporary foreign workers who were employed by Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at any time between 2022 and the present." *Id.* Plaintiffs confess that "All of Defendants' truck drivers worked pursuant to Defendants' H-2A visas, shared the same written employment contract and job title, employment terms, and all drove trucks hauling sugarcane in Louisiana to the sugar mill, also in Louisiana." *See* R. Doc. 42-2. Plaintiffs confess that "[t]he truck drivers' H-2A visas were issued based on certifications that Defendants received from the federal government after they filed proposed job terms in a document known as Department of Labor ETA-790 job orders each year. The proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See* R. Doc. 42-2 at p. 9. Accordingly, Plaintiffs' request to discover (admittedly unrelated) third-party contractual services information (which Plaintiffs did not place at issue in the Complaint or when seeking class certification) is overly broad, unduly burdensome, and not proportional to the needs of the case. The issue at stake in the action (as Plaintiffs concede) is their shared written employment contract for hauling harvested sugarcane *and not* farm labor contract services agreements Defendants may have entered with third parties. Plaintiffs' November 18, 2025, assertions show farm labor contract services agreements with third parties cannot make breach determinations of Plaintiffs' written employment contract(s) more likely than not inasmuch as Plaintiffs' admit, "the proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See id* (citing Exs. 2-5, which does not cite third-party contracts). This request for farm services agreements where Plaintiffs are not parties violates FRCP 26(b)(1) because it is disproportionate to the needs of the parties in this employment dispute.

**Supplemental Response to Request For Production No. 21:**

Subject to and without waiver of the foregoing objections, please see the documents bates labeled SCSCGA 003860-004244.

**Request For Production No. 22:**

Please produce all documents, including contracts, agreements, and/or invoices, showing, referencing, or referring to the purchase of agricultural inputs, including cane transplants and fertilizer, used in Your sugarcane farming operations during the relevant time period.

**Response to Request For Production No. 22:**

*See* Response to Request for Production No. 20.

- 8 -

**Supplemental Response to Request For Production No. 22:**

Subject to and without waiver of the foregoing objections, *see* Defendant's Supplemental Response to Request for Production No. 21.

**Request For Production No. 23:**

Please produce all documents, including contracts, agreements, and/or invoices, showing, referencing, or referring to any pre-harvest activities, including swathing, cutting, or prescribed burning, You engaged in with respect to Your sugarcane farming operations during the relevant time period.

**Response to Request For Production No. 23:**

Objection. Request No. 23 does not comply with FRCP 26(b)(1) because it is overly broad, unduly burdensome, and not proportional to the needs of the case in temporal scope. Plaintiffs confess that "Plaintiffs are truck drivers brought to the United States by Defendants to work pursuant to the H-2A temporary foreign worker visa program hauling harvested sugarcane in semi-trucks within Louisiana." *See* R. Doc. 42. Plaintiffs seek to make notice to "[a]ll individuals admitted as H-2A temporary foreign workers who were employed by Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at any time between 2022 and the present." *Id.* Plaintiffs confess that "All of Defendants' truck drivers worked pursuant to Defendants' H-2A visas, shared the same written employment contract and job title, employment terms, and all drove trucks hauling sugarcane in Louisiana to the sugar mill, also in Louisiana." *See* R. Doc. 42-2. Plaintiffs confess that "[t]he truck drivers' H-2A visas were issued based on certifications that Defendants received from the federal government after they filed proposed job terms in a document known as Department of Labor ETA-790 job orders each year. The proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See* R. Doc. 42-2 at p. 9. Accordingly, Plaintiffs' request to discover (admittedly unrelated) pre-harvest information (which Plaintiffs did not place at issue in the Complaint or when seeking class certification) is overly broad, unduly burdensome, and unrelated to the job orders at issue. The issue at stake in the action (as Plaintiffs concede) is their shared written employment contract for hauling harvested sugarcane *that relate to a specific time*. Plaintiffs' November 18, 2025, assertions show pre-harvest activities cannot make breach determinations of Plaintiffs' written employment contract(s) (that concern harvest activities) more likely than not inasmuch as Plaintiffs' admit, "the proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See id* (citing Exs. 2-5, which does not cite pre-harvest activities). This request for pre-harvest activities information violates FRCP 26(b)(1) because it is disproportionate to the needs of the parties in this employment dispute.

**Supplemental Response to Request For Production No. 23:**

Subject to and without waiver of the foregoing objections, Defendant has no responsive documents.

**Request For Production No. 24:**

Please produce all documents, including bills of sale and contracts, reporting, describing or referring to the sale of Your sugarcane crop(s) during the relevant time period, including all documents showing the amount of any crop sale proceeds and the weight of any such crops sold.

**Response to Request For Production No. 24:**

Objection. Request No. 24 does not comply with FRCP 26(b)(1) because it is overly broad, unduly burdensome, and not proportional to the needs of the case in substantive scope. Plaintiffs confess that "Plaintiffs are truck drivers brought to the United States by Defendants to work pursuant to the H-2A temporary foreign worker visa program hauling harvested sugarcane in semi-trucks within Louisiana." *See* R. Doc. 42. Plaintiffs seek to make notice to "[a]ll individuals admitted as H-2A temporary foreign workers who were employed by Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at any time between 2022 and the present." *Id.* Plaintiffs confess that "All of Defendants' truck drivers worked pursuant to Defendants' H-2A visas, shared the same written employment contract and job title, employment terms, and all drove trucks hauling sugarcane in Louisiana to the sugar mill, also in Louisiana." *See* R. Doc. 42-2. Plaintiffs confess that "[t]he truck drivers' H-2A visas were issued based on certifications that Defendants received from the federal government after they filed proposed job terms in a document known as Department of Labor ETA-790 job orders each year. The proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See* R. Doc. 42-2 at p. 9. Accordingly, Plaintiffs' request to discover (admittedly unrelated) sugarcane sale information (which Plaintiffs did not place at issue in the Complaint or when seeking class certification) is overly broad, unduly burdensome, and unrelated to the job orders at issue. The issue at stake in the action (as Plaintiffs concede) is their shared written employment contract for hauling harvested sugarcane *that do not specific compensation was based on sales proceeds*. Plaintiffs' November 18, 2025, assertions show sugarcane sales information cannot make breach determinations of Plaintiffs' written employment contract(s) (that concern harvest activities) more likely than not inasmuch as Plaintiffs' admit, "the proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See id* (citing Exs. 2-5, which does not cite sale activities). This request for pre-sugarcane sales information violates FRCP 26(b)(1) because it is disproportionate to the needs of the parties in this employment dispute.

**Supplemental Response to Request For Production No. 24:**

Subject to and without waiver of the foregoing objections, *see generally* the documents bates labeled SCSCGA 007884-021286.

**Request For Production No. 25:**

Please produce all documents such as contracts, processing/milling agreements, invoices, weigh tickets, statements of account, and settlement sheets between You and Sterling Sugars, LLC during the relevant time period that relate to Your sugarcane farming operations, Your sugarcane hauling operations, and/or Your employment of H-2A workers.

**Response to Request For Production No. 25:**

Objection. Request No. 25 does not comply with FRCP 26(b)(1) because it is overly broad, unduly burdensome, and not proportional to the needs of the case in substantive scope. Plaintiffs confess that "Plaintiffs are truck drivers brought to the United States by Defendants to work pursuant to the H-2A temporary foreign worker visa program hauling harvested sugarcane in semi-trucks within Louisiana." *See* R. Doc. 42. Plaintiffs seek to make notice to "[a]ll individuals admitted as H-2A temporary foreign workers who were employed by Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at any time between 2022 and the present." *Id.* Plaintiffs confess that "All of Defendants' truck drivers worked pursuant to Defendants' H-2A visas, shared the same written employment contract and job title, employment terms, and all drove trucks hauling sugarcane in Louisiana to the sugar mill, also in Louisiana." *See* R. Doc. 42-2. Plaintiffs confess that "[t]he truck drivers' H-2A visas were issued based on certifications that Defendants received from the federal government after they filed proposed job terms in a document known as Department of Labor ETA-790 job orders each year. The proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See* R. Doc. 42-2 at p. 9. Accordingly, Plaintiffs' request to discover (admittedly unrelated) documents such as contracts, processing/milling agreements, invoices, weigh tickets, statements of account, and settlement sheets between South Central Sugar Cane Growers Association, Inc. and Sterling (which Plaintiffs did not place at issue in the Complaint or when seeking class certification) is overly broad, unduly burdensome, and unrelated to the job orders at issue. The issue at stake in the action (as Plaintiffs concede) is their shared written employment contract for hauling harvested sugarcane *that have been produced*.

**Supplemental Response to Request For Production No. 25:**

Subject to and without waiver of the foregoing objections, *see generally* the documents bates labeled SCSCGA 007884-021286.

**Request For Production No. 26:**

Please produce all documents, including contracts, agreements, weigh tickets, and/or invoices, reflecting, reporting, or referring to the hauling by You of sugarcane during the relevant time period.

**Response to Request For Production No. 26:**

*See* Response to Request for Production No. 25.

**Supplemental Response to Request For Production No. 26:**

Subject to and without waiver of the foregoing objections, please see the documents bates labeled 007884-021286.

- 11 -

**Request For Production No. 27:**

Please produce all documents reflecting, describing, or showing insurance for heavy tractor-trailer trucks operated by H-2A workers employed by You in Your sugarcane hauling operations during the relevant time period.

**Response to Request For Production No. 27:**

Objection. *See* Response to Request for Production No. 13.  Request No. 27 does not comply with FRCP 26(b)(1) because it is overly broad, unduly burdensome, and not proportional to the needs of the case Plaintiffs alleged. This is not a delictual action. So, insurance documents for heavy tractor-trailer trucks operated by H-2A workers cannot be used to support or disprove any claims or defenses available in this case.  Plaintiffs' allegations under the FLSA, LWPA, and breach of contract (and Defendant's defenses thereto) do not relate in any way to property insurance coverage procured for South Central Sugar Cane Growers' Association, Inc.'s business. Plaintiffs allege Defendants violated the FLSA by failing to "reimburse Plaintiffs and others similarly situated for certain pre-employment expenses they incurred" and/or failing to pay statutorily mandated overtime wages; committed a breach of contract by violating specific terms of those plaintiffs' and putative class members' employment contracts; and violated the LWPA by failing to pay "amounts due each of them under the terms of their employment contracts within 15 days of their resignation or discharge."  Plaintiffs do not allege any cause of action which relate to insurance South Central Sugar Cane Growers Association, Inc. allegedly procured as property coverage for heavy tractor-trailer trucks, even to the extent such alleged coverage extended to individuals.  Plaintiffs' Complaint does not refer to such insurance, nor would Plaintiffs' right to recovery, if any, be connected to the value of any such property insurance.  This request thus fails to meet the proportionality requirement of FRCP 26(b)(1) because it is obviously disproportionate to the needs of the case, considering the importance of the issues (this case does not allege property damage or personal injury) at stake in the action, the amount in controversy (this case only concerns alleged wage losses and not property losses or personal injury damages), and because this request is not important in resolving the issues Plaintiffs alleged concerning their employment agreement(s).

**Supplemental Response to Request For Production No. 27:**

Subject to and without waiver of the foregoing objections, please see the documents bates labeled 004408-005190.

**Request For Production No. 28:**

Please produce all documents showing ownership by You of any heavy tractor-trailer trucks operated by H-2A workers employed by You in Your sugarcane hauling operations during the relevant time period.

PD.60769498.1

**Response to Request For Production No. 28:**

Objection.  Request No. 28 does not comply with FRCP 26(b)(1) because it seeks to obtain discovery regarding fleet title data that is not relevant to Plaintiffs' claim (for wages) nor proportional to the needs of the case. Plaintiffs confess that "Plaintiffs are truck drivers brought to the United States by Defendants to work pursuant to the H-2A temporary foreign worker visa program hauling harvested sugarcane in semi-trucks within Louisiana." *See* R. Doc. 42. Plaintiffs seek to make notice to "[a]ll individuals admitted as H-2A temporary foreign workers who were employed by Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at any time between 2022 and the present." *Id.* Plaintiffs confess that "All of Defendants' truck drivers worked pursuant to Defendants' H-2A visas, shared the same written employment contract and job title, employment terms, and all drove trucks hauling sugarcane in Louisiana to the sugar mill, also in Louisiana." *See* R. Doc. 42-2. Plaintiffs confess that "[t]he truck drivers' H-2A visas were issued based on certifications that Defendants received from the federal government after they filed proposed job terms in a document known as Department of Labor ETA-790 job orders each year. The proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See* R. Doc. 42-2 at p. 9. Accordingly, Plaintiffs' request to discover (admittedly unrelated) fleet title information (which Plaintiffs did not place at issue in the Complaint or when seeking class certification) is overly broad, unduly burdensome, and not proportional to the needs of the case. The issue at stake in the action (as Plaintiffs concede) is their shared written employment contract for hauling harvested sugarcane *and not* title to the fleet. Plaintiffs' November 18, 2025, assertions show fleet title documents cannot make breach determinations of Plaintiffs' written employment contract(s) more likely than not inasmuch as Plaintiffs' admit, "the proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See id* (citing Exs. 2-5, which does not cite fleet title terms). Documents allegedly showing ownership and control by Sterling of any heavy tractor-trailer trucks during the relevant time period have no probative value to the material terms and conditions of Plaintiffs' employment agreement, which Plaintiffs admit "…described the…terms of employment." *Id.*  This request for fleet title information from third parties violates FRCP 26(b)(1) because it is disproportionate to the needs of the parties in this employment dispute.

**Supplemental Response to Request For Production No. 28:**

Subject to and without waiver of the foregoing objections, Defendant has no responsive documents.

**Request For Production No. 29:**

Please produce all documents showing the leasing by You of any heavy tractor-trailer trucks operated by H-2A workers employed by You in Your sugarcane hauling operations during the relevant time period.

**Response to Request For Production No. 29:**

*See* Response to Request for Production No. 28.

- 13 -

**Supplemental Response to Request For Production No. 29:**

Subject to and without waiver of the foregoing objections, please see the documents bates labeled 005191-005225.

**Request For Production No. 30:**

Please produce all documents, including purchase orders, receipts, and invoices, showing the purchase by You of any diesel fuel used to refuel any heavy tractor-trailer trucks operated by H-2A workers employed by You in Your sugarcane hauling operations during the relevant time period.

**Response to Request For Production No. 30:**

Objection. *See* Response to Request for Production No. 21.  Request No. 30 specifically does not comply with FRCP 26(b)(1) because it is overly broad, unduly burdensome, and not proportional to the needs of the case Plaintiffs alleged. This is not a commercial litigation case. So, information concerning diesel expenses cannot be used to support or disprove any claims or defenses available in this case.  Plaintiffs' allegations under the FLSA, LWPA, and breach of contract (and Defendant's defenses thereto) do not relate in any way to property insurance coverage procured for Sterling's business. Plaintiffs allege Defendants violated the FLSA by failing to "reimburse Plaintiffs and others similarly situated for certain pre-employment expenses they incurred" and/or failing to pay statutorily mandated overtime wages; committed a breach of contract by violating specific terms of those plaintiffs' and putative class members' employment contracts; and violated the LWPA by failing to pay "amounts due each of them under the terms of their employment contracts within 15 days of their resignation or discharge."  Plaintiffs do not allege any cause of action which relate to diesel purchases.  Plaintiffs' Complaint does not refer to such diesel, nor would Plaintiffs' right to recovery, if any, be connected to the value of any such purchase.  This request thus fails to meet the proportionality requirement of FRCP 26(b)(1) because it is obviously disproportionate to the needs of the case, considering the importance of the issues (this case does not allege wage loss due to diesel purchases) at stake in the action, the amount in controversy (this case only concerns alleged wage losses and not wage diminution caused by diesel prices), and because this request is not important in resolving the issues Plaintiffs alleged concerning their employment agreement(s).  .

**Supplemental Response to Request For Production No. 30:**

Subject to and without waiver of the foregoing objections, please see the documents bates labeled 005226-005225.

**Request For Production No. 31:**

Please produce all documents that show daily work assignments for H-2A truck drivers, truck numbers, scale numbers, driver names and employee ID numbers, farm/producer destinations, departure times, and/or load counts during the relevant time period. This request includes, but is not limited to, all daily dispatch lists for H-2A truck drivers. To the extent such

documents were electronically prepared please produce the documents in their native format with all metadata intact.

**Response to Request For Production No. 31:**

Objection. Request No. 31 does not comply with FRCP 26(b)(1) because it seeks to obtain discovery regarding dispatch data that is not relevant to Plaintiffs' claim (for wages) nor proportional to the needs of the case. Plaintiffs confess that "Plaintiffs are truck drivers brought to the United States by Defendants to work pursuant to the H-2A temporary foreign worker visa program hauling harvested sugarcane in semi-trucks within Louisiana." *See* R. Doc. 42. Plaintiffs seek to make notice to "[a]ll individuals admitted as H-2A temporary foreign workers who were employed by Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at any time between 2022 and the present." *Id.* Plaintiffs confess that "All of Defendants' truck drivers worked pursuant to Defendants' H-2A visas, shared the same written employment contract and job title, employment terms, and all drove trucks hauling sugarcane in Louisiana to the sugar mill, also in Louisiana." *See* R. Doc. 42-2. Plaintiffs confess that "[t]he truck drivers' H-2A visas were issued based on certifications that Defendants received from the federal government after they filed proposed job terms in a document known as Department of Labor ETA-790 job orders each year. The proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See* R. Doc. 42-2 at p. 9. Accordingly, Plaintiffs' request to discover (admittedly unrelated) dispatch information (which Plaintiffs did not place at issue in the Complaint or when seeking class certification) is overly broad, unduly burdensome, and not proportional to the needs of the case inasmuch as Plaintiffs have raised no dispute concerning the quantum of hours that are compensable. The issue at stake in the action (as Plaintiffs concede) is their shared written employment contract for hauling harvested sugarcane *and not* the dispatch information. Plaintiffs' November 18, 2025, assertions show dispatch information cannot make breach determinations of Plaintiffs' written employment contract(s) more likely than not inasmuch as Plaintiffs' admit, "the proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See id* (citing Exs. 2-5, which does not cite dispatch terms). Documents allegedly showing dispatch records during the relevant time period have no probative value to the material terms and conditions of Plaintiffs' employment agreement, which Plaintiffs admit "…described the…terms of employment." *Id.*   This request for dispatch information violates FRCP 26(b)(1) because it is disproportionate to the needs of the parties in this employment dispute.  The information sought related to "truck numbers, scale numbers, . . . farm/producer destinations, . . . and/or load counts" is unrelated to the wage and hour claims, breach of contract claims, and unpaid wage claims made by Plaintiffs.  Defendants further object that, to the extent this request may seek relevant information, such information is duplicative of prior requests, including Request for Production Nos. 2, 3, 5, 6, & 7.

Subject to the foregoing objections, Defendants produced SCSCGA 000001-001559; and SCSCGA 001574-001577.

**Supplemental Response to Request For Production No. 31:**

Subject to and without waiver of the foregoing objections, please see the documents bates labeled SCSCGA 006824-007838; 007884-021286.

**Request For Production No. 32:**

Please produce all documents, such as scale tickets, that show the location of delivery, the shipper, the load number, the crop day, the tract, the gross weight of the delivery, the vehicle, the hauler, the daily quota, and/or the amount of loads hauled, for any sugarcane loads hauled by You during the relevant time period.

**Response to Request For Production No. 32:**

*See* Response to Request for Production No. 31.

**Supplemental Response to Request For Production No. 32:**

Subject to and without waiver of the foregoing objections, please see the documents bates labeled SCSCGA 006824-007838; 007884-021286.

**Request For Production No. 33:**

Please produce all documents to which You are a party providing for the terms of any membership with any of Your members.

**Response to Request For Production No. 33:**

Defendant produced job orders that identify Defendant's agricultural association status based on the terms of 8 C.F.R. 655.103, and affirmatively pleads satisfaction of the regulatory criteria as it relates to "members."

**Supplemental Response to Request For Production No. 33:**

Subject to and without waiver of the foregoing objections, please see the documents bates labeled 023072-023303.

**Request For Production No. 34:**

Please produce all documents, including canceled checks and invoices, showing any payments received by You from any of Your members during the relevant time period.

**Response to Request For Production No. 34:**

Objection. Request No. 34 does not comply with FRCP 26(b)(1) because it seeks to obtain discovery regarding matters that are not relevant to Plaintiffs' claim (for wages) nor proportional to the needs of the case. Plaintiffs confess that "Plaintiffs are truck drivers brought to the United States by Defendants to work pursuant to the H-2A temporary foreign worker visa program hauling harvested sugarcane in semi-trucks within Louisiana." *See* R. Doc. 42. Plaintiffs seek to make notice to "[a]ll individuals admitted as H-2A temporary foreign workers who were employed by

Defendants as truck drivers hauling harvested sugarcane within the state of Louisiana at any time between 2022 and the present." *Id.* Plaintiffs confess that "All of Defendants' truck drivers worked pursuant to Defendants' H-2A visas, shared the same written employment contract and job title, employment terms, and all drove trucks hauling sugarcane in Louisiana to the sugar mill, also in Louisiana." *See* R. Doc. 42-2. Plaintiffs confess that "[t]he truck drivers' H-2A visas were issued based on certifications that Defendants received from the federal government after they filed proposed job terms in a document known as Department of Labor ETA-790 job orders each year. The proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See* R. Doc. 42-2 at p. 9. Accordingly, Plaintiffs' request to discover (admittedly unrelated) income information (for which Plaintiffs are not remitters) is overly broad, unduly burdensome, and not proportional to the needs of the case. The issue at stake in the action (as Plaintiffs concede) is their shared written employment contract for hauling harvested sugarcane *and not* an alleged raw sugar cane purchase contract. Plaintiffs' November 18, 2025, assertions show payments from third-parties cannot make breach determinations of Plaintiffs' written employment contract(s) more likely than not inasmuch as Plaintiffs' admit, "the proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See id* (citing Exs. 2-5). Documents like canceled checks and invoices showing any payments received from "members" have no probative value to the material terms and conditions of Plaintiffs' employment agreement, which Plaintiffs admit "…described the…terms of employment." *Id*. This request for commercial information from third parties violates FRCP 26(b)(1) because it is disproportionate to the needs of the parties in this employment dispute. Defendant also objects to the defined term "documents" as vague, overly broad and unduly burdensome in the context of Request No. 34

**Supplemental Response to Request For Production No. 34:**

Subject to and without waiver of the foregoing objections, please see the documents bates labeled 023072-023303.

**Request For Production No. 35:**

Please produce all documents, including canceled checks and invoices, showing any payments made by You to any of Your members during the relevant time period.

**Response to Request For Production No. 35:**

*See* Response to Request for Production No. 34.

**Supplemental Response to Request For Production No. 35:**

Subject to and without waiver of the foregoing objections, please see the documents bates labeled 023072-023303.

- 17 -

**Request For Production No. 36:**

Please produce all documents containing communications between You and any of Your members during the relevant time period referring to the hauling by You of sugarcane from fields to a sugarcane mill.

**Response to Request For Production No. 36:**

Defendant objects to Request No. 36, which does not comply with FRCP 26(b)(1) because it is overly broad, unduly burdensome, and not proportional to the needs of the case. This Request seeks documents containing communications South Central allegedly made to individuals who were not parties to the employment agreements Plaintiffs placed at issue in this litigation. Plaintiffs confess that "All of Defendants' truck drivers worked pursuant to Defendants' H-2A visas, shared the same written employment contract and job title, employment terms, and all drove trucks hauling sugarcane in Louisiana to the sugar mill, also in Louisiana." *See* R. Doc. 42-2. Plaintiffs confess that "[t]he truck drivers' H-2A visas were issued based on certifications that Defendants received from the federal government after they filed proposed job terms in a document known as Department of Labor ETA-790 job orders each year. The proposed job terms applied to all of the truck drivers and described the job duties, job title, and terms of employment." *See* R. Doc. 42-2 at p. 9. Accordingly, Plaintiffs' request to discover (admittedly unrelated) documents containing communications between South Central Sugar Cane Growers' Association, Inc. and third parties is overly broad, unduly burdensome, and not proportional to the needs of this alleged breach of employment agreement case. This request thus fails to meet the proportionality requirement of FRCP 26(b)(1).

**Supplemental Response to Request For Production No. 36:**

Subject to and without waiver of the foregoing objections, please see the documents bates labeled SCSCGA 006824-007838; 007884-021286.

**Request For Production No. 37:**

Please produce all documents containing communications between You and any of Your members during the relevant time period noting, reporting, reflecting, or referring to the employment of H-2A workers.

**Response to Request For Production No. 37:**

Objection. Request No. 37, does not comply with FRCP 26(b)(1) because it seeks all communications Sterling made to third parties, regardless of whether the alleged communications concerned the wage terms of the employment agreements Plaintiffs placed at issue.

**Supplemental Response to Request For Production No. 37:**

Subject to and without waiver of the foregoing objections, please see the documents bates labeled SCSCGA 006824-007838; 007884-023303.

**Request For Production No. 38:**

All documents showing any ownership interest by You or any of Your officers, directors, or managers in any of the members of the South Central Sugar Cane Growers' Association, Inc.

**Response to Request For Production No. 38:**

Subject to supplementation, Defendant identifies no responsive documents.

**Request For Production No. 39:**

Please produce all documents and communications exchanged between You and any Plaintiff or putative class member, whether directly or through Your partners or Your agents, concerning their employment with You or this litigation, including documents signed by Plaintiffs or putative class members or unsigned documents provided to them for their signature.

**Response to Request For Production No. 39:**

Defendant objects to Request No. 39, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 39 requesting that Defendant answers before the relevant time period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the time period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case.  Defendant objects to Request for Production No. 39 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendant objects to this Request on the grounds that it seeks information that is equally available to Plaintiffs through equal means and is duplicative of prior requests.

Subject to the foregoing objections and supplementation, Defendant has already produced documents responsive to this request. S*ee, e.g.*, Response to RFPD 1, bates labeled SCSCGA 000424-001559.

**Supplemental Response to Request For Production No. 39:**

Subject to and without waiver of the foregoing objections, Plaintiffs are in possession of their H-2A visa application documents for the relevant years. Defendant expressly identifies Plaintiffs' U.S. Department of State DS-190 records and requests the production of such in response to Request for Production No. 39.

**Request For Production No. 40:**

Please produce all documents considered, reviewed, or relied upon by You concerning Your efforts prior to the filing of this lawsuit to determine whether Your decision to not pay overtime wages to the Plaintiffs and other truck drivers was lawful pursuant to the Fair Labor Standards Act.

**Response to Request For Production No. 40:**

Defendant objects to Request No. 40, which does not comply with FRCP 26(b)(1) because it seeks information that is in Plaintiffs' possession and that is from an irrelevant time period beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act, and/or because it seeks information from a period different than the time period Plaintiffs alleged at paragraph 3 of the Complaint. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any part of Request No. 40 requesting that Defendant answers before the relevant time period Plaintiffs specified in paragraph 3 of the Complaint filed on October 10, 2024, (specifically, before October 10, 2022) or after the time period Plaintiffs specified in paragraph 3 of the Complaint (specifically, after October 10, 2024), is not proportional to the needs of this case. Defendant objects to Request for Production No. 40 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Further, Defendant objects to this Request on the grounds that it is duplicative of prior requests.

Subject to the foregoing objections and supplementation, Defendant has already produced documents responsive to this request. S*ee, e.g.*, Response to RFPD 2, bates labeled SCSCGA 000001-001559.

**Supplemental Response to Request For Production No. 40:**

Subject to and without waiver of the foregoing objections, *see generally* the documents bates labeled SCSCGA 003351-023303.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Brandon E. Davis*
Brandon E. Davis (La Bar #29823)
Molly McDiarmid (La Bar #36426)
Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
Andrew M. Albritton (La Bar #39780)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130

- 20 -

Telephone: 504-566-1311
Facsimile: 504-568-9130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
jennifer.clewis@phelps.com
andrew.albritton@phelps.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2026, I emailed the foregoing counsel.

James M. Knoepp (jim@dawsonmorton.com)
1612 Crestwood Drive
Columbia, SC 29205

Dawson Morton (dawson@dawsonmorton.com)
1808 Sixth St.
Berkeley, CA  94710

Daniel Davis (dan@estesdavislaw.com)
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA  70809

*/s/ Brandon E. Davis*
Brandon E. Davis (La. Bar #29823)