**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **FELIPE DE JESUS AVILA-SOTO, AND OTHER SIMILARLY SITUATED** | **CIVIL ACTION NO.  6:24-CV-01392** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION AND STERLING SUGARS, LLC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**<u>DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 23 CLASS CERTIFICATION</u>**

## TABLE OF CONTENTS

Table of Authorities ...................................................................................................1

**I.** Background ........................................................................................................5

**II.** Law and Argument ...........................................................................................7

   **A.** This Court Should Decline Supplemental Jurisdiction Over Plaintiffs' Breach of Contract and LWPA Claims and Dismiss Plaintiffs' Motion for Class Certification ................7

   **B.** Plaintiffs' Breach of Contract Claim is a Reassertion of their FLSA Reimbursement Claim and is Not Suitable for Rule 23 Class Certification ..........................................................10

   **C.** Plaintiffs Fail to Meet the Requirements of Rule 23(a) and Rule23(b) ............................12

      1. The Named Plaintiffs are Not Suitable Class Representatives……………………….14

      2. Plaintiffs Cannot Identify Questions Common Across the Entire Class………………16

      3. Plaintiffs' Claims are not typical of the Class They Seek to Represent………………17

      4. Plaintiffs Cannot Show that Common Claims Predominate Over Individual Claims….18

   **D.** Plaintiff's Proposed Class Definition is Overly Broad .......................................................21

**III.** Conclusion........................................................................................................23

Certificate of Service .................................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Amchem Prods. V. Windsor*,
  521 U.S. 591 (1997)...................................................................................13

*Basco v. Wal-Mart Stores, Inc.*,
  No. CIV.A. 00-3184, 2004 WL 1497709 (E.D. La. July 2, 2004) .........................................10

*Beauregard Quarters, LLC v. Action Concrete Constr., Inc.*,
  2021 WL 2942514 (M.D. La. Jul. 13, 2021) ...........................................23

*Bell Atl. Corp. v. AT&T Corp.*,
  339 F.3d 294 (5th Cir. 2003) ...............................................................14, 20

*Berger v. Compaq Computer Corp.*,
  257 F.3d 475 (5th Cir. 2001) ........................................................14, 15, 16, 17

*Califano v. Yamasaki*,
  442 U.S. 682 (1979)...................................................................................13

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*,
  556 U.S. 635 (2009)......................................................................................8

*Castellanos-Contreras v. Decatur Hotels, LLC*,
  No. CV 06-4340-EEF-SS, 2006 WL 8440067 (E.D. La. Dec. 12, 2006)...............12

*De Luna-Guerrero v. North Carolina Grower's Ass'n, Inc.*,
  338 F. Supp.2d 649 (E.D.N.C. 2004).....................................................9, 10

*East Tex. Motor Freight System, Inc. v. Rodriguez*,
  431 U.S. 395 (1977)...................................................................................13

*Enochs v. Lampasas Cnty.*,
  641 F.3d 155 (5th Cir. 2011) (28 U.S.C. § 1367(c))...................................8

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
  545 U.S. 546 (2005)......................................................................................8

*Feder v. Elec. Data Sys. Corp.*,
  429 F.3d 125 (5th Cir. 2005) .....................................................................13

*Flores v. S. Response Servs. Inc.*,
  No. 2:21-CV-04021, 2022 WL 3718050 (W.D. La. Aug. 29, 2022).....................20

*Francis v. Louisiana*,
   No. CV 21-706, 2022 WL 1134935 (E.D. La. Apr. 18, 2022) .................................................8

*General Telephone Co. of Northwest v. EEOC*,
   446 U.S. 318 (1980)...........................................................................................................13

*General Telephone Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982)...........................................................................................................13

*Hoffer v. Landmark Chevrolet Ltd.*,
   245 F.R.D. 588 (S.D. Tex. 2007)....................................................................................19, 20

*Horton v. Goose Creek Indep. Sch. Dist.*,
   690 F.2d 470 (5th Cir.1982) ..............................................................................................15

*Huber v. BioScrip Infusion Servs.*,
   No. CV 20-2197, 2021 WL 1313411 (E.D. La. Apr. 8, 2021) ..............................................20

*Madison v. Chalmette Refining, L.L.C.*,
   637 F.3d 551 (5th Cir. 2011) ...................................................................................13, 14, 20

*McKay v. Davis*,
   No. CV 21-2304, 2026 WL 63130 (E.D. La. Jan. 8, 2026) ....................................................8

*Mendoza v. Murphy*,
   532 F.3d 342 (5th Cir. 2008) ...............................................................................................8

*Meroney v. Pharia, LLC*,
   688 F. Supp. 2d 550 (N.D. Tex. 2009) .................................................................................8

*Plaza 22, LLC v. Waste Mgmt. of Louisiana, LLC*,
   No. CIV.A. 13-618-SDD, 2015 WL 1120320 (M.D. La. Mar. 12, 2015) ........................18, 19

*Salas-Mateo v. Ochoa*,
   No. 03-14357-CIV, 2004 WL 1824124 (S.D. Fla. Mar. 26, 2004) ...................................11, 12

*Shaw v. Restoration Hardware, Inc.*,
   93 F.4th 284 (5th Cir. 2024) ..............................................................................................23

*Slade v. Progressive Sec. Ins. Co.*,
   No. 6:11-CV-2164, 2020 WL 6811902 (W.D. La. Oct. 20, 2020), report and
   recommendation adopted sub. nom. *Slade v. Progressive Sec. Ins. Co.*, No.
   6:11-CV-02164, 2020 WL 6813880 (W.D. La. Nov. 19, 2020).......................................19, 20

*Unger v. Amedisys Inc.*,
   401 F.3d 316 (5th Cir. 2005) ..............................................................................................14

PD.60899458.1

*United Mine Workers of Am. v. Gibbs*,
383 U.S. 715 (1966) ................................................................................8

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ...............................................................13, 14, 17, 18

*Zachery v. Texaco Expl. & Prod., Inc.*,
185 F.R.D. 230 (W.D. Tex. 1999) .........................................................10

**State Cases**

*Pearl River Basin Land and Dev. Co., L.L.C. v. State, ex rel. Governor's Office of Homeland Sec. and Emergency Preparedness*,
29 So. 3d 589 (La. App. 1 Cir. 2009) ...................................................23

**Federal Statutes**

28 U.S.C. § 1331 ...............................................................................................8

28 U.S.C. §1367 ................................................................................................8

28 U.S.C. §1367(a) ...........................................................................................8

28 U.S.C. § 1367(c) ..........................................................................................8

29 U.S.C. § 216(b) ........................................................................................7, 9

Fair Labor Standards Act ................................................................................7

FLSA ....................................................................................................... *passim*

FLSA, 29 U.S.C. § 207(a) ..............................................................................11

**State Statutes**

La. Rev. Stat. 23:631(A)(1)(b) ......................................................................23

Louisiana Wage Payment Act ........................................................................6

LWPA ...................................................................................................... *passim*

**Rules**

Fed. R. Civ. Proc. 23(a)(4) ......................................................................14, 16

Federal Rules of Civil Procedure Rule 23(a) ................................13, 18, 19

<u>RULE 23</u> .................................................................................................. *passim*

PD.60899458.1

Rule 23(a)(3) ................................................................................................... 18, 19

Rule 23(a)(4)'s ....................................................................................................... 14

Rule 23(a) and Rule 23(b) ...................................................................................... 12

Rule 23(a)'s ............................................................................................................ 19

Rule 23(b) ........................................................................................................ 19, 21

Rule 23(b)(3) .................................................................................................... 13, 19

Rule 23's .................................................................................................................. 7

Rules 23(a) and 23(b) .............................................................................................. 7

**Regulations**

CIVIL ACTION NO. 6:24-CV-01392 ........................................................................... 1

**Other Authorities**

C. WRIGHT & A. MILLER, 7 FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1765
    (1972) ............................................................................................................... 15

Testimony of Plaintiff Felipe de Jesus Suarez-Palafox, p. 53 ................................... 15

PD.60899458.1

NOW INTO COURT, through undersigned counsel, comes defendants, South Central Sugar Cane Growers' Association ("South Central") and Sterling Sugars, LLC ("Sterling") (collectively "Defendants"), who respectfully submit this Memorandum in Opposition to Plaintiffs' Motion for Rule 23 Class Certification. For the reasons addressed more fully below, Plaintiffs' Motion for Rule 23 Class Certification ("Plaintiffs' Motion")[1] should be denied.

## I.    BACKGROUND

Plaintiffs, Felipe de Jesus Avila-Soto and Felipe de Jesus Suarez-Palafox ("Plaintiffs"), allege that they are foreign workers,[2] maintaining permanent residences in Mexico,[3] who were recruited and hired by South Central to work in the United States between 2022 and 2024, pursuant to the H-2A visa program, which "allows employers who meet specific regulatory requirements to bring foreign workers to the United States to fill temporary agricultural jobs."[4] Plaintiffs further contend that they all worked as "heavy tractor-trailer" truck drivers[5] pursuant to "the terms of H-2A visas" in the following years: Plaintiff Avila-Soto alleged that he was employed in 2022 and 2023,[6] and Plaintiff Suarez-Palafox alleged that he was employed in 2022, 2023, and 2024.[7]

South Central is an association of growers and harvesters who engage in the growing of sugar cane.[8] After sugar cane is harvested, it must be transported from the farm at which it is harvested to the sugar mill for processing. South Central member growers need laborers to haul the sugar cane from the individual farms to the mill, so in all relevant years, South Central sought

---

[1] R. Doc. 72.
[2] R. Doc. 1, ¶ 1.
[3] R. Doc. 1, ¶ 51.
[4] R. Doc. 1, ¶ 27.
[5] R. Doc. 1, ¶ 2.
[6] R. Doc. 1, ¶ 12.
[7] R. Doc. 1, ¶ 13.
[8] Defendant, Sterling Sugars, LLC did not act as Plaintiffs' employer and did not petition the Department of Labor for any Temporary Labor Certifications.

and obtained temporary labor certifications from the United States Department of Labor for H-2A agricultural workers to transport harvested sugar cane to the mill.

Notwithstanding Plaintiffs' repeated applications to work for South Central and acceptance of the terms of those contracts, Plaintiffs now challenge the terms of their employment contracts (or "Job Orders"). On October 10, 2024, Plaintiffs filed their Complaint in this instant suit alleging claims under the Louisiana Wage Payment Act ("LWPA") and for breach of contract, seeking to represent "[a]ll individuals admitted as H-2A temporary foreign workers who were employed by Defendants driving heavy tractor-trailer trucks during the 2022, 2023, and/or 2024 seasons."[9] Plaintiffs allege that Defendants breached the applicable employment contracts by failing to reimburse Plaintiffs and other class members for pre-employment expenses; failing to pay the wage rate applicable to the jobs they performed; failing to pay overtime wages; and, failing to pay all wages due upon completion of contract.[10] Plaintiffs' LWPA claim is based on Defendants' alleged failure to pay the wages due to each Plaintiff under the terms of their employment contracts within 15 days of their resignation or discharge.[11]

In addition to breach of contract and LPWA claims, Plaintiffs also allege violations of the Fair Labor Standards Act ("FLSA"), arguing that they were misclassified as exempt agricultural workers and instead were owed overtime wages for hours worked in excess of forty in a workweek, and that they were not properly reimbursed for pre-employment expenses, resulting in H-2A workers earning less than minimum wage during their first workweek.[12] However, Plaintiffs now ask this Court to issue an Order certifying a class, finding that Plaintiffs are adequate class

---

[9] R. Doc. 1, ¶ 66.
[10] R. Doc. 1, ¶ 87.
[11] R. Doc. 1, ¶ 91.
[12] R. Doc. 1, ¶ 49.

representatives, and appointing their counsel as class counsel with respect to Plaintiffs' breach of contract and LWPA claims.[13]

## II.    LAW AND ARGUMENT

Plaintiffs' state law claims for breach of contract and violation of the LWPA are not suitable for class certification under Rule 23 because the exercise of supplemental jurisdiction over Plaintiffs' state law claims would cause confusion among potential class members, thwarting Rule 23's purpose of promoting judicial economy.  Further, Plaintiffs' breach of contract claim is nothing more than a reassertion of Plaintiffs' reimbursement and overtime claims under the FLSA. Therefore, the breach of contract claim is not susceptible to Rule 23 class certification and is only properly considered under the standards for collective action certification.  Finally, Plaintiffs fail to meet their burden of proving that the requirements of Rules 23(a) and 23(b) are met for purposes of class certification.  For each of these reasons, as discussed more fully below, Plaintiffs' Motion must be denied.

### A. This Court Should Decline Supplemental Jurisdiction Over Plaintiffs' Breach of Contract and LWPA Claims and Dismiss Plaintiffs' Motion for Class Certification.

This Court has subject matter jurisdiction over Plaintiffs' FLSA claims in this matter under 28 U.S.C. § 1331, as the claims raise federal questions.[14]  This Court may also exercise supplemental jurisdiction over Plaintiffs' state law breach of contract and LWPA claims under 28 U.S.C. §1367(a).[15]  However, the use of supplemental jurisdiction is discretionary.[16]  While 28

---

[13] Plaintiffs' claims under the FLSA are the subject of their Motion for 29 U.S.C. § 216(b) Notice to Similarly Situated Workers and for Disclosure of Contact Information (R. Doc. 42).

[14] *See* 28 U.S.C. § 1331.

[15] *See* 28 U.S.C. § 1367(a).

[16] 28 U.S.C. § 1367(c); *see Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise"); *see also, McKay v. Davis*, No. CV 21-2304, 2026 WL 63130, at *2 (E.D. La. Jan. 8, 2026); *Meroney v. Pharia, LLC*, 688 F. Supp. 2d 550, 555 (N.D. Tex. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Supplemental jurisdiction over state law claims is a 'doctrine of discretion, not a plaintiff's right'")).

PD.60899458.1

U.S.C. §1367 "grants federal district courts, which are courts of limited jurisdiction, supplemental jurisdiction over state law claims that 'form part of the same case or controversy' as the claim over which the district court has original jurisdiction,"[17] the "same conferrer of jurisdiction allows a district court to decline the exercise of supplemental jurisdiction in certain circumstances when exercising jurisdiction may be imprudent."[18]  28 U.S.C. §1367(c) outlines these circumstances, one of which is "where there are exceptional circumstances or other compelling reasons for declining jurisdiction."[19]  In addition to the statutory considerations, district courts are also guided by "considerations of judicial economy, convenience, fairness, and comity."[20]

Plaintiffs currently seek to simultaneously certify two separate classes in this case: a Federal Rule of Civil Procedure 23 class action consisting of hundreds of "opt-out" plaintiffs, and an FLSA Section 216(b) collective action consisting of hundreds of "opt-in" plaintiffs.[21]  Pursuing a collective action and a class action within a single lawsuit poses a risk of procedural complexity that may confuse putative plaintiffs of both classes.[22]  Notably, the classes may vary in types and sizes and may require differing mechanisms for participation in the class, or lack thereof.[23]  These complexities, which are likely to create confusion, may result in unintentional waivers of rights or uninformed decisions regarding participation.  This is particularly true given Plaintiffs' belief that this case necessitates sending notice to hundreds of foreign nationals who have worked for the

---

[17] *McKay*, 2026 WL 63130, at *2 (citing 28 U.S.C. § 1367(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 547 (2005) ("Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which district courts would have original jurisdiction")).

[18] *McKay*, 2026 WL 63130, at *2 (citing 28 U.S.C. § 1367(c)).

[19] *Francis v. Louisiana*, No. CV 21-706, 2022 WL 1134935, at *2 (E.D. La. Apr. 18, 2022) (quoting *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011) (28 U.S.C. § 1367(c))); *McKay*, 2026 WL 63130, at *3.

[20] *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

[21] *See* R. Doc. 42.

[22] *See De Luna-Guerrero v. North Carolina Grower's Ass'n, Inc.*, 338 F. Supp.2d 649, 653 (E.D.N.C. 2004) (finding that certification of multiple classes, including an FLSA collective action class and a Rule 23 class action class, would create confusion amongst potential plaintiffs, many of whom did not speak english and were unfamiliar with the U.S. legal system).

[23] *De Luna-Guerrero*, 338 F. Supp.2d at 653.

PD.60899458.1

Defendants under the H-2A program. "These potential plaintiffs, many of whom do not speak English and are unfamiliar with the legal system of this country, will be even more confused by multiple notifications regarding two separate classes and separate claims."[24]

This is not the first time that a court has been presented with this issue. In *DeLuna-Guerrero v. North Carolina Grower's Assn.*, the court declined to exercise supplemental jurisdiction over plaintiffs' state law claims.[25] The court determined that having an FLSA opt-in class and a Rule 23 opt-out class would cause undue confusion to potential H-2A plaintiffs who did not speak English or have familiarity with the U.S. judicial system.[26] Moreover, the court noted that sending notices for opt-in collective actions while simultaneously proceeding with a Rule 23 opt-out class would cause too much confusion and therefore, would undermine judicial efficiency.[27] Ultimately, the court in *DeLuna-Guerrero* dismissed the plaintiffs' state law claims.[28] The same concerns regarding confusion and the undermining of judicial efficiency that were present in *DeLuna-Guerrero* are also at issue in this case. For this reason, this Court should refrain from exercising supplemental jurisdiction over Plaintiffs' state law claims like the court in *DeLuna-Guerrero*.

While class actions and collective actions share the objective of enhancing judicial efficiency and economy,[29] attempting to merge them into a single lawsuit, particularly under these circumstances, risks undermining the exercise of potential class members' rights with respect to their claims. Even then, judicial efficiency is not best promoted by requiring the Court to

---

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Zachery v. Texaco Expl. & Prod., Inc.*, 185 F.R.D. 230, 246 (W.D. Tex. 1999) ("A class action is designed to promote judicial economy"); *Basco v. Wal-Mart Stores, Inc.*, No. CIV.A. 00-3184, 2004 WL 1497709, at *5 (E.D. La. July 2, 2004) ("[T]he aim of a collective action is to promote judicial economy…").

PD.60899458.1

simultaneously juggle two classes, particularly when they are procedurally distinct.[30]  Given the existence of these exceptional circumstances, Defendants ask this Court to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims, and in turn, deny Plaintiffs' motion for class certification under Rule 23.  Doing so would best promote judicial efficiency and protect the rights of potential plaintiffs.

**B.  Plaintiffs' Breach of Contract Claim is a Reassertion of their FLSA Reimbursement Claim and is Not Suitable for Rule 23 Class Certification.**

In addition to bringing reimbursement and overtime claims under the FLSA, Plaintiffs also assert a breach of contract claim.  However, Plaintiffs' breach of contract claim is nothing more than a reassertion of their reimbursement claim under the FLSA.  It therefore does not present independent grounds for class action certification under Rule 23.

In their breach of contract claim, Plaintiffs have merely "re-packaged" their FLSA reimbursement and overtime claims.  The following chart is illustrative of the identical nature of Plaintiffs' FLSA claims and breach of contract claims:

| Plaintiffs' FLSA Claims in Complaint | Plaintiffs' Breach of Contract Claims in Complaint |
|---|---|
| The violations of the FLSA minimum wage provisions resulted from the Defendants' **failure to reimburse** Plaintiffs and others similarly situated for certain pre-employment expenses they incurred which were primarily for Defendants' benefit, reducing Plaintiffs' and other H-2A workers' wages below the minimum wage for the first workweek." (R. Doc. 1 ¶ 78) (emphasis added) | Failing to pay the Plaintiffs and other class members the required hourly wage rate for every hour of work during their first workweek as a result of Defendants' **failure to properly reimburse** the Plaintiffs and other class members for the pre-employment expenses they incurred to work for Defendants. (R. Doc. 1 ¶ 87(a)) (emphasis added) |
| The Defendants violated the overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay Plaintiffs and all others similarly situated one and one-half time their regular rate of pay when they worked more than 40 | Failing to pay the Plaintiffs and other class members overtime wages when they worked more than 40 hours in a workweek, in violation of contract promises to comply with all federal laws related to employment. (R. Doc. 1 ¶ |

---

[30] *De Luna-Guerrero*, 338 F. Supp.2d at 653 ("However, judicial efficiency will be better promoted by dismissal of the state law claims for lack of jurisdiction.").

| | |
|---|---|
| hours in a workweek. (R. Doc. 1 ¶ 79) | 87(c)) |

While Plaintiffs have attempted to "repackage" their FLSA claims as additional breach of contract claims, these claims for breach of contract fall squarely within the scope of the FLSA claims asserted by Plaintiffs and for which Plaintiffs have already asked this Court to certify collective action.[31] Plaintiffs cannot now also seek to have the same claims certified as a class action under Rule 23.

A similar issue arose in *Salas-Mateo v. Ochoa*.[32] In *Salas-Mateo*, Mexican nationals employed pursuant to H-2A visas brought a collective action under the FLSA and a separate claim that defendants had breached employment contracts by not paying plaintiffs minimum wage consistent with the FLSA and failing to fully reimburse transportation and other costs incurred by plaintiffs.[33] "The court found that the plaintiffs were suing to realize the protections afforded by both the FLSA and the H-2A regulations."[34] Thus, to the extent the plaintiffs' breach of contract claim fell within the scope of the FLSA, the court held that plaintiffs could not pursue their claim.[35] Rather the court limited creation of a Rule 23 class only as to the breach of contract issues beyond the scope of the FLSA.[36]

Courts in this circuit have relied on *Salas-Mateo*. Notably, the Eastern District of Louisiana stated in its decision in *Castellanos-Contreras* that "issues falling within the scope of the FLSA collective action cannot be certified as class claims."[37] Plaintiffs' breach of contract

---

[31] R. Doc. 42.
[32] *Salas-Mateo v. Ochoa*, No. 03-14357-CIV, 2004 WL 1824124 (S.D. Fla. Mar. 26, 2004).
[33] *Id.* at * 1.
[34] *Castellanos-Contreras v. Decatur Hotels, LLC*, No. CV 06-4340-EEF-SS, 2006 WL 8440067, at *3 (E.D. La. Dec. 12, 2006).
[35] *Salas-Mateo*, 2004 WL 1824124 at * 2.
[36] *Id*.
[37] *Castellanos-Contreras*, 2006 WL 8440067, at *5.

claim is not additional to its claims for violations of the FLSA.  This is particularly true where the provisions of the contract which Plaintiffs claim have been breached merely incorporate preexisting requirements imposed upon employers by the FLSA.  As such, any alleged breach of these terms inherently falls within the scope of Plaintiffs' FLSA claims.  Ultimately, Plaintiffs' breach of contract claims with respect to reimbursement and overtime are duplicative reassertions of Plaintiffs' FLSA claims.  As such, they are not susceptible to class certification under Rule 23.

### C.  Plaintiffs Fail to Meet the Requirements of Rule 23(a) and Rule 23(b).

In addition to the reasons stated above, class action certification in this case is improper because Plaintiffs fail to meet the requirements for certification set forth in Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure.  Class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."[38]  Justification of the departure from the usual rule requires a class representative to be "part of the class and 'possess the same interest and suffer the same injury' as the class members."[39]  Rule 23 of the Federal Rules of Civil Procedure governs class actions and "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate."[40]

To certify a class pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, the moving party must meet four mandatory prerequisites:

> (1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical… of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interest of the class').[41]

---

[38] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (citing *Califano v. Yamasaki*, 442 U.S. 682, 700–701 (1979)).

[39] *Wal-Mart Stores, Inc.*, 564 U.S. at 349 (citing *East Tex. Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977)).

[40] *Wal-Mart Stores, Inc.*, 564 U.S. at 349.

[41] *Madison v. Chalmette Refining, L.L.C.*, 637 F.3d 551, 554 (5th Cir. 2011) (quoting *Amchem Prods. V. Windsor*, 521 U.S. 591, 613 (1997)) (alterations in original).

PD.60899458.1

These four requirements are intended to "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims."[42]

"In addition to these prerequisites, a party seeking class certification under Rule 23(b)(3) must also demonstrate both (1) that questions common to the class members predominate over questions affecting only individual members, and (2) that class resolution is superior to alternative methods for adjudication of the controversy."[43]  The requirements set forth by Rule 23(b)(3) are often referred to as the predominance and superiority requirements.

"Recognizing the important due process concerns of both plaintiffs and defendants inherent in certification decision, the Supreme Court requires district courts to conduct a rigorous analysis of Rule 23 prerequisites."[44]  "Frequently, that 'rigorous analysis' will entail some overlap with merits of the plaintiff's underlying claim. That cannot be helped."[45]  As the U.S. Supreme Court has explained:

> Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc… '[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.'[46]

Thus, Plaintiffs must present "significant proof" demonstrating the requirements of Rule 23 have been met.[47]  This is because "it is the party seeking certification who bears the burden of establishing that the requirements of Rule 23 have been met."[48]  Plaintiffs have failed to meet this burden for each of the foregoing reasons.

---

[42] *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 156 (1982) (quoting *General Telephone Co. of Northwest v. EEOC,* 446 U.S. 318, 330 (1980)) (internal citations omitted).

[43] *Madison*, 637 F.3d at 554 (quoting *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 129 (5th Cir. 2005)).

[44] *Madison*, 637 F.3d at 554 (quoting *Unger v. Amedisys Inc.*, 401 F.3d 316, 320-21 (5th Cir. 2005)).

[45] *Wal-Mart Stores, Inc.*, 564 U.S. at 351.

[46] *Id*. at 351-52.

[47] *Id*. at 353.

[48] *Madison*, 637 F.3d at 554-55 (quoting *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir. 2003)).

- 13 -

**1.  The Named Plaintiffs are Not Suitable Class Representatives.**

Plaintiffs have failed to show that they are suitable class representatives.  Specifically, Plaintiffs fail to demonstrate that they can fairly and adequately represent the class.  To satisfy Rule 23(a)(4)'s "adequacy of representation" prerequisite, the named representatives must demonstrate that they will fairly and adequately represent the interests of the class.[49]  It is clear the burden is on the party seeking class certification to establish that the representation is adequate.[50]  "Plaintiff… has the burden of showing that the alleged representatives are members of the class and that interests of absent class members will be adequately protected."[51]

Plaintiffs' circumstances foreclose their ability to adequately represent the class.  For example, Plaintiff Avila-Soto was only employed during the 2022 and 2023 sugar cane seasons, so he could not represent employees who worked for South Central in 2024 or 2025.[52]  Additionally, Plaintiff Suarez-Palafox failed to demonstrate an understanding of or even familiarity with the claims at issue in this case, affecting his ability to adequately represent the legal interests of all members.  The Fifth Circuit has determined that "[t]he adequacy requirement mandates an inquiry into [1] the zeal and competence of the representatives[s]' counsel and… [2] the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interest of the absentees[.]"[53]  This "require[s] the class representatives to possess a sufficient level of knowledge and understanding."[54]  While this does not require that class representatives be legal scholars, "plaintiffs do need to know more than that they were 'involved in a bad business deal.'"[55]

---

[49] Fed. R. Civ. Proc. 23(a)(4).
[50] *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 481 (5th Cir. 2001).
[51] C. WRIGHT & A. MILLER, 7 FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1765 (1972).
[52] *See* R. Doc. 1, ¶ 12.
[53] *Berger*, 257 F.3d at 479 (citing *Horton v. Goose Creek Indep. Sch. Dist.,* 690 F.2d 470, 484 (5th Cir.1982)).
[54] *Berger*, 257 F.3d at 482.
[55] *Id*. at 483.

PD.60899458.1

Plaintiff Saurez-Palafox's deposition testimony reveals a concerning lack of knowledge about the fundamental aspects of this case. For example, Plaintiff Suarez-Palafox testified in his deposition that he did not read or review the employment contracts which he represents were breached by Defendants in this lawsuit.[56] When asked if he recalled whether South Central paid the rate of pay indicated in his employment contract, he stated "No."[57] For clarification, Plaintiff Suarez-Palafox was asked "[n]o you don't remember?" to which he responded, "I don't remember."[58] In fact, when asked if he was aware of his employment contract, Plaintiff Suarez-Palafox did not give a clear answer.[59]

Plaintiff Suarez-Palafox's testimony makes it clear that he lacks even a basic understanding of the breach of contract claim he seeks to litigate on behalf of the proposed class. His inability to recall fundamental facts or confirm whether he was aware that he was subject to an employment contract or that the alleged breach even occurred demonstrates that Plaintiff Suarez-Palafox does not comprehend the essential elements of the claim he is asserting. Similarly, despite asserting a wage claim under the LWPA, Plaintiff Suarez-Palafox, expressly admitted under oath that he had never reviewed any of his payroll records from his employment with South Central.[60] Such a lack of familiarity with the underlying facts and legal basis of the action renders him incapable of adequately representing the interests of absent class members, as Rule 23(a)(4) requires a class representative to possess a sufficient level of knowledge and understanding to protect the rights of the class. Overall, Plaintiff Suarez-Palafox's deposition testimony reflects lack of insight and engagement with the claims in this case.

---

[56] Deposition Testimony of Plaintiff Felipe de Jesus Suarez-Palafox, p. 53, which is attached hereto as Exhibit 1 and hereinafter referred to as "Exhibit. 1."
[57] Exhibit 1, p. 56.
[58] Exhibit 1, p. 56.
[59] Exhibit 1, p. 55.
[60] Exhibit 1, p. 52.

This demonstrated lack of insight on the claims in this case risks undermining the due process rights and claims of absent members of the class.  Because "the absent class members are conclusively bound by the judgment in any class action brought on their behalf, the court must be especially vigilant to ensure that the due process rights of all class members are safeguarded through adequate representation at all times."[61]

Ultimately, "[c]lass action lawsuits are intended to serve as a vehicle for capable, committed advocates to pursue the goals of the class members through counsel, **not** for capable, committed counsel to pursue their own goals through those class members."[62]  While Defendants do not dispute that Plaintiffs' counsel is capable and committed, they are not permitted to pursue class action litigation where the Named Plaintiffs are unfit to represent the interests of all class members.

### 2. Plaintiffs cannot identify questions common across the entire class.

Plaintiffs' motion for class certification must also fail because Plaintiffs cannot show that the relevant questions in this case are common across the entire class.  "Claims must depend on a common contention," and "[t]hat common contention, moreover, must be of such a nature that it is capable of classwide resolution."[63]  This "means that determination of [the common contention's] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."[64]  Notably, "[w]hat matters to class certification… is not the raising of common 'questions'—even in droves—but rather the capacity of a classwide proceeding to

---

[61] *Berger*, 257 F.3d at 480.
[62] *Id*. at 484 (emphasis added).
[63] *Wal-Mart Stores, Inc.*, 564 U.S. at 350-51.
[64] *Id*.

generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers."[65]

Plaintiffs' reimbursement claim cannot support class certification because it is marked by significant factual differences that defeat commonality. Plaintiffs' reimbursement claim cannot support class certification because it is marked by significant factual differences that defeat commonality. Specifically, the workers' points of departure varied, and some workers took the bus while others had their own vehicles, undermining any claim of uniformity.[66] Thus, any out-of-pocket travel expenses – none of which have been substantiated to date – would necessarily vary across the proposed class.[67] These individualized circumstances preclude a class-wide determination of entitlement to reimbursement. Because these factual differences go to the heart of Plaintiffs' claims, they foreclose the possibility of generating common answers apt to drive the resolution of the litigation. Class certification is therefore inappropriate.

### 3. Plaintiffs' claims are not typical of the class they seek to represent.

Plaintiffs also fail to show that their claims are typical of the class they seek to represent. Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class."[68] The typicality inquiry "focuses on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent."[69]

---

[65] *Id*.

[66] *See* Exhibit 1, pp. 84-87.

[67] Exhibit 1, pp. 79-83 (indicating that Suarez-Palafox has no receipts relating to the expenses for which he seeks reimbursement and further admitting that he never inquired about obtaining any reimbursement from South Central).

[68] Fed. R. Civ. Proc. 23(a).

[69] *Plaza 22, LLC v. Waste Mgmt. of Louisiana, LLC*, No. CIV.A. 13-618-SDD, 2015 WL 1120320, at 4 (M.D. La. Mar. 12, 2015).

It is necessary for the court to probe behind the pleadings to fully evaluate the typicality concern.[70]  When asked, Plaintiffs were unprepared to prove that there were common questions of fact regarding the alleged reimbursement claims.  For example, during his deposition, when asked about the similarities between his claims and the others he seeks to represent, Plaintiff Suarez-Palafox stated **only** that he and other potential plaintiffs all worked for the same employer.[71]  As a follow-up, Plaintiff Saurez-Palafox was asked whether he was aware of "[a]nything else" that made their claims similar, to which he replied "No."[72]

Plaintiffs' assertion that they and other potential class members all worked for the same employer is not sufficient to establish typicality under Rule 23(a)(3).  Simply sharing an employer does not satisfy the typicality standard, especially where factual circumstances differ substantially across the proposed class.  Here, the record reflects significant differences, including whether reimbursement is sought, the nature of alleged expenses, and the factual basis for those expenses.  Without factual similarity beyond employment, Plaintiffs cannot satisfy the typicality requirement.  Thus, typicality is lacking.

### 4.  Plaintiffs cannot show that common claims predominate over individual claims.

Given Plaintiffs' inability to meet Rule 23(a)'s less stringent requirements, it follows that Plaintiffs' claims also fail to hurdle the heightened requirements of the predominance and superiority inquiry set forth by Rule 23(b).  The predominance and superiority requirements are "far more demanding" than the Rule 23(a) commonality and typicality requirements.[73]  Determining whether Plaintiffs can prove predominance under Rule 23(b)(3) requires district

---

[70] *Wal-Mart Stores, Inc.*, 564 U.S. at 351-52.
[71] Exhibit 1, p. 66.
[72] Exhibit 1, p. 66.
[73] *Plaza 22, LLC*, 2015 WL 1120320, at *4.

PD.60899458.1

courts to consider "how a trial on the merits would be conducted if a class were certified."[74]  This, in turn, "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class."[75]  The court must "give careful scrutiny to the relation between common and individual questions in a case."[76]  "An individual question is one where members of a proposed class will need to present evidence that varies from member to member."[77]  This must be contrasted with common questions, which "is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof."[78]

This process ultimately "prevents the class from degenerating into a series of individual trials."[79]  In analyzing Plaintiffs' burden of proving common questions of law predominate individual considerations, this Court must consider the evidence relating to the claims, defenses, and relevant facts."[80]  Ultimately, "[w]here the claims 'focus almost entirely on facts and issues specific to individuals rather than the class as a whole, the potential that the class action may denigrate in practice into multiple lawsuits separately tried renders class treatment inappropriate.'"[81]

Plaintiffs cannot meet the more demanding burden of predominance and superiority particularly where discovery conducted thus far demonstrates that much of the evidence to be

---

[74] *Hoffer v. Landmark Chevrolet Ltd.*, 245 F.R.D. 588, 601-02 (S.D. Tex. 2007).

[75] *Id.*

[76] *Slade v. Progressive Sec. Ins. Co.*, No. 6:11-CV-2164, 2020 WL 6811902, at *6 (W.D. La. Oct. 20, 2020), report and recommendation adopted sub. nom. *Slade v. Progressive Sec. Ins. Co.*, No. 6:11-CV-02164, 2020 WL 6813880 (W.D. La. Nov. 19, 2020) (citing *Tyson Foods, Inc. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016)) (citations omitted).

[77] *Slade*, 2020 WL 6811902 at *6.

[78] *Id.*

[79] *Hoffer*, 245 F.R.D. at 601-02; *Huber v. BioScrip Infusion Servs.*, No. CV 20-2197, 2021 WL 1313411 (E.D. La. Apr. 8, 2021) ("Such an inquiry is necessary to prevent the class from 'degenerating into a series of individual trials.'").

[80] *Madison*, 637 F.3d at 554-55.

[81] *Flores v. S. Response Servs. Inc.*, No. 2:21-CV-04021, 2022 WL 3718050 (W.D. La. Aug. 29, 2022) (quoting *Bell Atl. Corp.*, 339 F.3d at 307) (cleaned up).

- 19 -

deduced in this case will vary from member to member.  For example, Plaintiff Suarez-Palafox testified in his deposition that not all potential plaintiffs must travel to the U.S. Consulate.[82] Additionally, when asked "[f]or H-2A workers who are not on your bus, do you know which consulate they go to," Plaintiff Suarez-Palafox responded "No."[83]  He further testified that he did not know if others were subject to the "same process" as he was when traveling to Louisiana from their homes.[84]  In fact, when asked whether "some might drive their own cars versus taking a bus," Plaintiff Suarez-Palafox answered in the affirmative.[85]  Necessarily, these amounts will differ between potential plaintiffs and will require consideration of evidence varying between class members.  These expenses may also differ depending on which consulate each employee visited and whether they traveled alone.

Plaintiffs' travel experiences demonstrate significant differences in costs incurred, as each potential plaintiff's journey varied by consulate location and mode of transportation.  For instance, Plaintiff Suarez-Palafox's testimony confirmed that not all workers traveled to the same U.S. Consulate, nor did they follow identical routes or methods – some drove their own cars while others took a bus.  Although Defendants dispute that any such expenses are owed, these variations make it clear that, whether they are owed would necessarily differ from one plaintiff to another. As a result, determining entitlement to reimbursement would require individualized evidence and assessments for each class member, rather than a uniform class wide approach.  Because Plaintiffs' reimbursement claims will require consideration of evidence that varies from member to member, it is an individual question and not a common question, and therefore, Plaintiff cannot meet the requirements of Rule 23(b).  As such, Plaintiffs' motion must be dismissed.

---

[82] Exhibit 1, p. 86.
[83] Exhibit 1, p. 86.
[84] Exhibit 1, pp. 86-87.
[85] Exhibit 1, p. 87.

PD.60899458.1

### D. Plaintiffs' Proposed Class Definition is Overly Broad.

Finally, even if this Court were to determine that class certification is appropriate, which Defendants deny, the proposed class definition is overly broad and should therefore be limited. Based on the evidence offered in favor of their Motion, Defendants respectfully submit that a more accurate and efficient class includes:

> All individuals who applied at a U.S. Consulate for H-2A visas and were admitted to the United States to work as H-2A temporary foreign workers for South Central Sugar Cane Growers' Association for the 2022, 2023, and/or 2024 sugarcane season pursuant to Job Orders H-300-22167-289377, H-300-23167-120446, and/or H-300-24170-126752.

As worded, Plaintiffs' proposed class definition is confusing in that it relates to employment by "defendants," when defendant, Sterling Sugars, LLC never employed Plaintiffs. Because the use of "defendants" may be unclear or confusing to potential plaintiffs, the full name of the employer should instead be used and the reference to the Plaintiffs application to that employer (including the terms of the applicable Job Orders) should instead be used.

Further, Plaintiffs' proposed definition, to the extent it seeks to include individuals employed during the 2025 sugarcane season, is overly broad and overly inclusive considering the nature of the claims for which Plaintiffs seek to certify a class. As alleged in Plaintiffs' Complaint, "[t]he temporary labor certification applications submitted by Defendant South Central Sugar Cane Growers' Association, Inc. contained the terms and conditions of employment."[86] Thus, the temporary labor certifications, or Forms ETA-790, formed the employment contracts effective between South Central and Plaintiffs, as expressly acknowledged by Plaintiffs in their

---

[86] R. Doc. 1, ¶ 46.

Complaint.[87]  Plaintiff further identified the employment contracts at issue, and their effective terms, as follows:

> 2022: 8/15/2022 – 1/15/2023 (164 H-2A workers)
> 2023: 8/21/2023 – 1/15/2024 (130 H-2A workers)
> 2024: 9/1/2024 – 1/15/2025 (135 H-2A workers)[88]

Plaintiffs specifically allege that (1) Defendants breached these employment contracts;[89] and (2) as a result, violated the LWPA.[90]

    While Plaintiffs' Complaint alleges claims for breach of the employment contracts for the 2022, 2023, and 2024 sugar cane season, it does not sufficiently allege a breach of contract claim or LWPA claim with respect to the 2025 sugar cane season.  At the time that Plaintiffs filed this suit, the temporary labor certification for the 2025 sugar cane season, which would effectively serve as the employment contract effective between South Central and those employed for the 2025 sugar cane season, did not yet exist.  In fact, the 2025 labor certification was not approved by the Department of Labor until July 18, 2025 – more than 9 months after Plaintiffs filed this lawsuit.[91]

    Fundamental principles of Louisiana contract law dictate that a plaintiff cannot assert a breach of contract claim unless a valid and existing contract binds the parties at the time the alleged breach occurred.[92]  Yet, the 2025 temporary labor certification did not exist at the time Plaintiffs

---

[87] R. Doc. 1, ¶ 48 ("The DOL-approved temporary labor applications, the accompanying attestations, and the applicable regulatory requirements formed a contract between Defendants on the one hand and Plaintiffs and other class members on the other…").

[88] R. Doc. 1, ¶ 42.

[89] R. Doc. 1, ¶ 87.

[90] R. Doc. 1, ¶ 91 ("Defendants failed to pay Plaintiffs and other class members the amounts due each of them **under the terms of the contracts** within 15 days of their resignation or discharge, **in violation of the LWPA**, La. Rev. Stat. 23:631(A)(1)(b)") (emphasis added).

[91] *See* R. Doc. 42-7.

[92] *Shaw v. Restoration Hardware, Inc.*, 93 F.4th 284, 289 (5th Cir. 2024) (noting that "[t]o state a claim for breach of contract under Louisiana law, **a plaintiff must plead: (1) the existence of the contract**; (2) a breach of an obligation therein; and (3) damages resulting from the breach") (emphasis added); *see also, Beauregard Quarters, LLC v. Action Concrete Constr., Inc.*, 2021 WL 2942514, at *3 (M.D. La. Jul. 13, 2021) (citing *Pearl River Basin Land and Dev. Co., L.L.C. v. State, ex rel. Governor's Office of Homeland Sec. and Emergency Preparedness*, 29

filed this lawsuit.  Thus, Plaintiffs' could not have stated a claim for breach of contract or a violation of the LWPA arising from such a breach at the time this lawsuit was filed, nor have they sought leave to amend their Complaint to include claims arising for the 2025 temporary labor certification governs the employment relationship between South Central and those employed during the 2025 sugar cane season.  Accordingly, Plaintiffs cannot now seek to certify a class inclusive of those employed during the 2025 sugar cane season, as these individuals were not parties to any contract allegedly breached in this suit.

While Defendants acknowledge that the 2024 sugarcane season contract extends into January 2025, allowing for the possibility that some workers employed in early 2025 may have valid claims linked to the 2024 contract – it would be unreasonable and overbroad to expand the class to encompass all those employed during the 2025 sugar cane season, as doing so would sweep in individuals who have no connection to the claims asserted in Plaintiffs' Complaint, undermining the integrity of the class. Therefore, the class definition must be limited to those employed during the 2022, 2023, and 2024 sugar cane seasons, whose employment was governed by a contract in force at the time Plaintiffs alleged breaches occurred. Such a limitation ensures that the class is both accurate and tailored only to the claims asserted in this lawsuit.

I.    **CONCLUSION.**

For the reasons set forth above, Defendants pray that this Court deny Plaintiffs' request for class treatment as to Plaintiffs' breach of contract and LWPA claims, or in the alternative, limit the class, as set forth herein.

---

So. 3d 589, 592 (La. App. 1 Cir. 2009)) (stating that "[u]nder Louisiana law, no action for breach of contract may lie in the absence of privity of contract between the parties").

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:    */s/ Molly C. McDiarmid*
       Brandon E. Davis Bar Roll No. 29823
       Molly McDiarmid Bar Roll No.  36426
       Jennifer Clewis Thomas (*Admitted Pro Hac Vice)*
       Andrew M. Albritton Bar Roll No. 39780
       365 Canal Street, Suite 2000
       New Orleans, Louisiana 70130
       Telephone: 504-566-1311
       Facsimile: 504-568-9130
       brandon.davis@phelps.com
       molly.mcdiarmid@phelps.com
       jennifer.clewis@phelps.com
       Andrew.albritton@phelps.com

**ATTORNEYS FOR DEFENDANTS, SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION AND STERLING SUGARS, LLC**


**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of records/parties in this proceeding.


*/s/ Molly C. McDiarmid*
    Molly McDiarmid

- 24 -