UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, et al. | )<br>)<br>) Case No. 6:24-cv-01392<br>)<br>) JUDGE ROBERT R. SUMMERHAYS<br>)<br>)<br>) MAGISTRATE JUDGE CAROL B.<br>) WHITEHURST<br>)<br>)<br>) |
| Plaintiffs, | |
| v. | |
| SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., et al. | |
| Defendants. | |

**REPLY BRIEF IN SUPPORT OF MOTION FOR RULE 23 CLASS CERTIFICATION**

Plaintiffs moved that their breach of contract and Louisiana Wage Payment Act claims be certified as a Rule 23 class action. Defendants oppose certification, dispute the exercise of supplemental jurisdiction, argue that Plaintiffs' contractual claims for overtime and reimbursement cannot be heard, and that Plaintiffs are inadequate representatives. Plaintiffs file this reply to show they meet the Rule 23 requirements, and that Defendants' reliance on adequacy standards from securities litigation and cases not involving the contractual provisions at issue here are distinguishable.

**I.   No Exceptional Circumstances Exist to Decline Supplemental Jurisdiction.**

Defendants claim that this suit presents "exceptional circumstances" for the Court to decline supplemental jurisdiction over employment claims arising from the same employment dispute as Plaintiffs' federal claims. (ECF No. 91 at 7-8.) Plaintiffs here have federal claims under the Fair Labor Standards Act ("FLSA") but Defendants argue that FLSA and Rule 23 claims are "incompatible".[1] (ECF No. 91 at 8-9) (basing argument almost exclusively on

---

[1] Defendants also cite *Meroney v. Pharia, LLC* to support declining supplemental jurisdiction. (ECF No. 91 at 7 n.16.) But *Meroney* involved a suit where the only federal claim was dismissed and the court had to "decide whether

1

decision in *De Luna-Guerrero v. N.C. Grower's Ass'n, Inc.*, 338 F. Supp. 2d 649 (E.D.N.C. 2004)). This argument has been considered and repeatedly rejected by federal courts over the last 20 years. "[T]he 'conflict' between the opt-in procedure under the FLSA and the opt-out procedure under Rule 23 is not a proper reason to decline jurisdiction under section 1367(c)(4).'" *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 249 (2d Cir. 2011) (citation omitted). Indeed, all circuit courts to consider the issue have rejected the argument. *Calderone v. Scott*, 838 F.3d 1101, 1107 (11th Cir. 2016); *Busk v. Integrity Staffing Sols., Inc.*, 713 F.3d 525, 528-30 (9th Cir. 2013), *rev'd on other grounds*, 574 U.S. 27 (2014); *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 258 (3d Cir. 2012); *Ervin v. OS Rest. Servs.*, 632 F.3d 971, 978 (7th Cir. 2011); *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 424 (D.C. Cir. 2006). "The concept of inherent incompatibility has not fared well at the appellate level. Four courts of appeals have rejected its application to dual-filed FLSA and class actions." *Knepper*, 675 F.3d at 258. Despite Defendants' arguments to the contrary, the exercise of supplemental jurisdiction of related claims, where federal claims remain, is the norm. *Awan v. Shawn Enter., LLC*, No. 21-1198, 2022 U.S. Dist. LEXIS 135453, at *6 (W.D. La. July 13, 2022) (exercising jurisdiction where "original jurisdiction over the overtime wage claim and the claim for regular wages is 'so related,' it is proper to exercise supplemental jurisdiction"). Given this substantial weight of appellate decisions, other courts have called the argument "hogwash." *See, e.g.*, *Esquivel v. Downhole Tech., LLC*, No. 4:21-cv-00181, 2022 U.S. Dist. LEXIS 115695, at *15 (S.D. Tex. June 30, 2022). "Although the Fifth Circuit has yet to weigh in, the clear trend at the circuit court level is to allow state-law wage-and-hour class actions to proceed at the same time as an FLSA

---

to retain supplemental jurisdiction over the state-law claims, even though no federal causes of action remain[ed.]" *Meroney v. Pharia, LLC*, 688 F. Supp. 2d 550, 554 (N.D. Tex. 2009). This discretion has no application here since a "district court has wide discretion to refuse to hear a pendent state law claim . . . after dismissing all remaining federal claims." *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998).

2

collective action." *Id.* at *13.[2]

## II. Certification of Plaintiffs' Claims is Appropriate and Plaintiffs Are Adequate Class Representatives.

### A. Contractually promised wage, overtime, and reimbursements are enforceable and appropriate for class certification.

Plaintiffs allege three class-wide contractual violations: (1) a failure to pay the legally required wage rate for truck driving; (2) a failure to pay contractually-promised overtime; and (3) a failure to pay contractually promised reimbursements. (ECF No. 72-2 at 3-5.) Defendants' opposition does not dispute the legally required wage rate claim and only addresses the other two. But Defendants now argue those contractual promises are unenforceable. (ECF No. 91 at 10.) Defendants argue that the contract claims are just FLSA claims in disguise. (*Id.*) Contractual promises to pay overtime wages or to reimburse in compliance with statutory mandates are enforceable.[3] *Avery v. City of Talladega*, 24 F.3d 1337, 1348 (11th Cir. 1994) (reversing summary judgment on contract claim where "[i]f a violation of the FLSA has occurred, then a violation of the contract, which incorporates the FLSA, will have occurred as well" but noting that "the breach of contract claim survives merely as an alternative legal theory to redress any wrong that may have been done them"); *see also Foster Wheeler Energy Corp. v. An Ning Jiang MV, Etc.*, 383 F.3d 349, 358 (5th Cir. 2004) (applying statutory terms incorporated into contract and noting "an interpretation that gives a reasonable and effective meaning to all terms . . . is preferable"). Contractual promises made with references to industry or statutorily created terms

---

[2] An independent basis for jurisdiction for Plaintiffs' class claims exists based on the Class Action Fairness Act. The proposed class consists of more than 100 members, the parties are diverse given that all class members are foreign nationals from Mexico employed pursuant to the H-2A program, and class-wide damages exceed $5 million. *See* 28 U.S.C. § 1332(d).

[3] Plaintiffs' contractual overtime claims would have a separate statute of limitations and would allow recovery for time periods outside of the FLSA claims. Similarly, Plaintiffs' Louisiana Wage Payment Act claims are entirely separate and provide for distinct damages for separate violations (unpaid wages after discharge).

3

are enforceable. *One Beacon Ins. Co. v. Crowley Mar. Servs.*, 648 F.3d 258, 267 (5th Cir. 2011).

The wage promises contained in the contracts operate separately from the FLSA as specifically noted in the governing federal regulations. 20 C.F.R. § 655.122(h) ("[T]he FLSA applies independently of the H-2A requirements . . . ."). Defendants contractually promised to "comply with applicable Federal, State and local laws and regulations." 20 C.F.R. § 655.135(e); *see also* (ECF No. 72-03 at 8) (clearance order certifying same). There was a separate legal requirement, incorporated into the employment contract, that overtime be contractually offered and its terms detailed. 20 C.F.R. § 655.122(l)(4) (providing "employer must state in the job order … the circumstances under which the wage rate(s) for overtime will be paid"). Defendants also contractually promised to reimburse work expenses and that no expenses would reduce wages. 20 C.F.R. § 655.122(f) (requiring that "[t]he employer must provide . . . without charge . . . all tools, supplies, and equipment required to perform the duties assigned"); 20 C.F.R. § 655.122(p) (protecting wages from "undisclosed or unauthorized deductions . . . [that] reduce the wage . . . or where the employee fails to receive such amounts free and clear because the employee kicks back directly or indirectly to the employer or to another person . . . part of the wage"). These promises were separate and in addition to FLSA obligations. 20 C.F.R. § 655.122(h).[4]

In foreign labor programs, contractual wage promises have routinely been found enforceable. *See, e.g., Cuellar-Aguilar v. Deggeller Attractions, Inc.*, 812 F.3d 614, 619 (8th Cir. 2015) ("H-2, H-2A, and H-2B workers can enforce [wages] . . . under state contract law");

---

[4] Defendants cite an unpublished magistrate judge decision from 2004 finding H-2A reimbursement claims could not be asserted in contract. (ECF No. 91 at 13.) But that decision predates the contracts and legal requirements at issue in this case and therefore did not consider the regulatory and contractual provisions that apply to the Plaintiffs and other truck drivers. *Salas-Mateo v. Ochoa*, No. 03-14357-CIV-LYNCH, 2004 U.S. Dist. LEXIS 16454, at *3 (S.D. Fla. Mar. 26, 2004) (noting "terms of the clearance orders are supplied by Department of Labor regulations" but not referring to the now applicable regulations found at 20 C.F.R. § 655.122).

4

*Rodriguez-Meza v. Venegas*, No. DR-17-CV-54-AM/CW, 2018 U.S. Dist. LEXIS 226744, at *32 (W.D. Tex. Sept. 27, 2018) (same); *Moodie v. Kiawah Island Inn Co.*, 124 F.Supp.3d 711, 726 (D.S.C. 2015) (same). The promise to comply with a wage rate or to pay in compliance with a statutory provision is also enforceable. *Avery*, 24 F.3d at 1348 (ruling overtime contractually enforceable where "the Handbook expressly incorporates the FLSA rules on hours [] and determination of overtime"); *Zamalloa v. Thompson Landscape Servs.*, No. 4:17-cv-00519-ALM-KPJ, 2018 U.S. Dist. LEXIS 98384, at *14 (E.D. Tex. May 3, 2018) (finding wage terms enforceable and "agree[ing] that Plaintiffs are entitled to enforce their claims under state law").

Here, the job orders incorporated a general promise to pay wages in accordance with state and federal law as well as a promise to reimburse expenses. These promises were made class-wide, are alleged to have been violated as to all class members, and are appropriate for class certification. *Molina-Aranda v. Ramirez*, No. MO:16-CV-00376-DC-RCG, 2022 U.S. Dist. LEXIS 127350, at *7-8 (W.D. Tex. Mar. 15, 2022) ("[T]he H-2 visa program essentially creates a contract, [and] plaintiffs are entitled to file breach of contract claims[.]"). Promises to pay overtime can be enforced by contract. *Awan*, 2022 U.S. Dist. LEXIS 135453, at *5 (noting "no Louisiana law provides recovery of overtime wages absent a contractual agreement"). Defendants' claim to the contrary is premised on decisions where there was no separate contractual agreement promising overtime. Where a contractual promise is made, and breached, recovery is appropriate and Defendants' claim that a breach of contractual overtime and reimbursement promises "inherently falls within the scope of Plaintiffs' FLSA claims," ECF No. 91 at 12, is simply mistaken.

    B. <u>Plaintiffs' claims are not only common and typical, but identical to those of the class.</u>

Defendants try to generate individual issues by claiming the amount of unpaid

reimbursement may vary between class members, but of course Plaintiffs' allegations are that Defendants treated all truck drivers the same and that liability for failing to reimburse common expenses can be established class-wide. "[T]he critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001) (citation omitted). Defendants' argument focuses on irrelevant issues regarding workers' variable "points of departure" within Mexico and whether "some workers took the bus while others had their own vehicles." (ECF No. 91 at 17.) Defendants fail to address the fact that the truck drivers' claims regarding reimbursements are common and typical because Defendants had an undisputed policy of *not* reimbursing *any* truck drivers for expenses related to their required commercial drivers' licenses, medical exams, and the Louisiana cell phones they purchased so Defendants could communicate work instructions—things that have nothing to do with a point of departure or mode of transportation. (ECF No. 72-2 at 4.) Plaintiffs' claims are common and typical as they share a common legal and factual basis and liability for these violations will be subject to common proof. *Rodriguez v. Hermes Landscaping, Inc.*, No. 17-2142, 2018 U.S. Dist. LEXIS 151454, at *10 (D. Kan. Sep. 5, 2018) (certifying class of H-2B workers because "important or overarching legal and factual questions" were "common to all claims").

Defendants also do not mention several other common issues raised by Plaintiffs, tacitly conceding typicality and commonality. Defendants do not challenge that all class members did truck driving work. Nor do Defendants dispute their common legal issues, such as: (1) whether that work should have been paid at a higher wage rate for truck driving; (2) whether overtime was contractually promised and owed; and (3) whether Defendant Sterling Sugars, LLC is a joint

6

employer and liable for the contract and LWPA claims. Defendants drafted a single contract each year to employ truck drivers— in which they falsely claimed the work was "agricultural" and the employer was an "association" of farmers when the actual work was for Sterling Sugars' sugar mill. (ECF No. 1 – Compl. ¶¶ 2, 39-41, 43-45, 49). Defendants conduct was the same as to all Plaintiffs and putative class members to evade paying proper wage rates. (ECF No. 1 – Compl. ¶ 49.) This is not an individual claim—it is a group claim, subject to common proof. Here, Defendants' "course of conduct is the same for every proposed class member." *M.A.P.S v. Garite*, 2025 U.S. Dist. LEXIS 98111, at *14 (W.D. Tex. May 22, 2025). These merits issues will be decided later and are susceptible to decision for all class members based on common facts and issues of law that apply in the same manner to all truck drivers in the proposed class.

        C.      <u>The named Plaintiffs are suitable representatives.</u>

Defendants challenge Plaintiffs' adequacy citing securities litigation under the Public Securities Litigation Reform Act, a statute with no application here. (ECF No. 91 at 14-16.) The PSLRA "raise[d] the adequacy threshold" for those actions. *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005). Here, Plaintiffs meet the adequacy threshold of Rule 23(a)(4). "The adequacy requirement mandates an inquiry . . . into the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees." *Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 294 (5th Cir. 2017). Plaintiffs have filed suit, answered discovery, appeared for depositions, testified concerning their claims, and testified to a willingness to represent the class. (ECF No. 72-9) (Suarez-Palafox Dep. at 64:9-14, 73:1-76:23, 89:24-90:7, 99:13-16); (ECF No. 72-10) (Decl. of Avila-Soto ¶ 10). This shows Plaintiffs are adequate representatives. *Bryant v. Intercontinental Terminals Co. LLC*, 2023 U.S. Dist. LEXIS 106951, at *87 (S.D. Tex. June 21, 2023) (finding adequacy of non-

native English speaker because deposition showed an "investment of time").

Defendants claim that Plaintiff Suarez-Palafox did not demonstrate a sufficient understanding of the claims and that he had a "lack of familiarity with the underlying facts and legal basis of the action." (ECF No. 91 at 14-15).[5] That is an unfair and gross mischaracterization of his testimony. Mr. Suarez-Palafox, who has worked for Defendants as a truck driver every season between 2022 and 2025, testified about his familiarity with the facts pertinent to his and his fellow truck drivers' claims that they were not paid the correct wage rate, worked long hours without overtime, and paid expenses that were not reimbursed. (ECF No. 72-9) (Suarez-Palafox Dep. at 96:11-97:17 (all truck drivers paid the same incorrect wage rate); 73:1-75:1 (discussing payment of lower wage rate, lack of overtime, and stating "they are not paying us the salary that they are supposed to"); 95:3-96:9 (all truck drivers work long hours); 45:15-46:19 (all truck drivers worked overtime and no truck drivers paid overtime wages); 33:22-45:14 (discussing nature of work and daily assignments as a truck driver); 99:2-12, 17-19 (all truck drivers had same factual circumstances and did not do farm work); 76:11-23 (discussing expenses that are part of his claim for each season between 2022 and 2025); 81:3-83:19 (discussing unreimbursed expenses by category), 87:11-88:6, 101:22-103:13 (discussing unreimbursed expenses all truck drivers incurred to have a required local phone).) Mr. Suarez-Palafox also testified that he understood his role as a representative as someone who was seeking to recover wages for all of the truck drivers, (ECF No. 72-9) (Suarez-Palafox Dep. at 64:9-14, 99:13-16), stating at one

---

[5] Defendants make no similar claim as to the adequacy of the other class representative, Felipe de Jesus Avila-Soto. Their only complaint as to Mr. Avila-Soto is that he only worked during the 2022 season. Defendants, however, do not point to any different circumstances that applied to the class members' hourly wage rates, entitlement to overtime pay, or reimbursement claims that are different for any of the sugarcane seasons between 2022 and 2025 that would in any way impact Mr. Avila-Soto's ability to represent class members who worked during those seasons. *See, e.g., Torres-Vallejo v. CreativExteriors, Inc.*, 220 F. Supp. 3d 1074, 1082-83 (D. Colo. 2016) (named Plaintiff who worked as H-2B worker during 2012-2015 seasons could represent class members employed in 2010 and 2011 and noting that "Defendants cite no evidence suggesting the employment practices giving rise to Plaintiff's claims were materially different in 2010 and 2011 than in later years").

8

point "[t]hey have never paid us, that is why we are fighting. We come as truck drivers." (ECF No. 72-9) (Suarez-Palafox Dep. at 74:24-75:1). And when asked what damages he was seeking in the lawsuit, Mr. Suarez-Palafox testified "[o]vertime, [and] a fair wage for a driver." (ECF No. 72-9) (Suarez-Palafox Dep. at 89:24-90:7).

In standard class litigation, "[c]lass representatives are merely asked to have a general understanding of their position as plaintiffs . . . and the alleged wrongdoing perpetrated against them[.]" *Rubenstein v. Collins*, 162 F.R.D. 534, 538 (S.D. Tex. 1995). Class representatives need not know the relevance of each document, nor more than the facts of their claims. *McNamara v. Bre-X Minerals, Ltd.*, No. 5:97-CV-159, 2003 U.S. Dist. LEXIS 25641, at *39 (E.D. Tex. Mar. 31, 2003); *Cormier v. Scribe Media, LLC*, 2024 U.S. Dist. LEXIS 212803, at *11-12 (W.D. Tex. Nov. 22, 2024) (finding class representatives adequate where "Plaintiffs' interests in obtaining class wide resolution lines up with the putative class members"); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 372 (S.D.N.Y. 2007) (rejecting challenge to adequacy of foreign worker who could not articulate the claims because "Rule 23 requires that the named plaintiffs have adequate personal knowledge of the essential *facts*[.]") (emphasis in original). Here, Plaintiffs know they were underpaid, denied overtime, and inadequately reimbursed. Plaintiffs are also willing to represent their colleagues. This meets the adequacy requirement.

        D.    <u>The proposed class definition is not overly broad.</u>

Defendants argue that use of the term "Defendants" in the class definition is confusing because, in Defendants' view, Sterling Sugars, LLC was not Plaintiffs' and other class members' employer. (ECF No. 91 at 21.) This is an issue in dispute as Plaintiffs argue that, as a matter of law, Sterling Sugars, LLC was a joint employer. Similar to how this was addressed in the FLSA notice motion, Plaintiffs are amenable to replacing the word "Defendants" in the class definition

9

with "South Central Sugar Cane Growers' Association, Inc. and/or Sterling Sugars, LLC." (ECF No. 70) (granting motion for FLSA notice and modifying definition to list both Defendants).

Defendants also complain that Plaintiffs' Complaint filed prior to 2025 does not expressly name 2025 in the proposed class definition. (ECF No. 91 at 21-22.) However, the parties have conducted discovery concerning 2025 and have treated 2025 as part of the years in dispute. Defendants have questioned Plaintiff Suarez-Palafox about his 2025 work. (ECF No. 72-9) (Suarez-Palafox Dep. at 38:22-39:8, 64:3-8, 73:17-74:8, 75:22-80:23). Defendants also supplemented prior discovery responses by producing payroll records for the putative class members concerning 2025, and produced other documents related to the 2025 sugarcane season. Courts have the power "to limit or modify class definitions to provide the necessary precision." *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) (citing *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993)). Here, that precision should be exercised to include the 2025 contractual period where the same violations occurred, which Plaintiff Suarez-Palafox experienced, and which can be efficiently addressed in this single proceeding rather than through the filing of an additional lawsuit. Moreover, given that all parties have conducted discovery concerning work in 2025 "Defendants cannot credibly argue that they had no notice of the scope of Plaintiffs' proposed class[.]" *J.L. v. Cissna*, No. 18-cv-04914-NC, 2019 U.S. Dist. LEXIS 16761, at *14 (N.D. Cal. Feb. 1, 2019) (modifying class definition for certification).

## CONCLUSION

For the foregoing reasons, as well as those raised in Plaintiffs' memorandum in support of their motion, Plaintiffs' motion for Rule 23 class certification should be granted.

Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)

10

South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone: (828) 379-3169
Email: jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA 94710
Phone: (404) 590-1295
Email: dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email: dan@estesdavislaw.com

11