

EXHIBIT 4

Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130
504 566 1311

February 10, 2026

45136-0001

Brandon E. Davis
Partner
davisb@phelps.com
Direct  504 584 9312

**VIA EMAIL**  dawson@dawsonmorton.com

Dawson Morton
Dawson Morton, LLC
1808 Sixth Street
Berkeley, CA 94710

> Re:    *Felipe de Jesus Avila-Soto, et al. v. South Central Sugar Cane Growers' Association, Inc. et al.*, Civil Action No. 6:24-CV-01392, United States District Court, Western District of Louisiana, Lafayette Division – Preliminary Objections to Notice of Subpoena to Produce Documents

Dear Dawson:

On behalf of South Central Sugar Cane Growers' Association and Sterling Sugars, LLC ("Defendants"), we submit preliminary objections to the Subpoena to Produce Documents to Hancock Whitney Bank (the "Subpoena"), notice of which was transmitted to us by email on February 9, 2026.[1]  The Subpoena requests "any and all" documents regarding "any and all" of Defendants' bank accounts, as well "all" lending documents made to Defendants from January 1, 2022 to February 1, 2026.  Considering the objections raised herein, we propose scheduling a conference call on February 11, 2026, at 3:30 p.m. via TEAMS to address these matters in detail.

As a threshold matter, Defendants object to the Subpoena on the grounds that it fails to comply with the clear requirements of Louisiana Revised Statute § 6:333, which regulates the disclosure of financial records.  Specifically, La. R.S. § 6:333(C) mandates that service of such subpoenas must be made directly to the affected customers or the customers' counsel of record, no less than 30 days prior to the return date.  Contrary to this requirement, the Subpoena was not served upon the Defendants or their counsel at least 30 days before the scheduled return date of February 23, 2026.  Rather, counsel for Defendants received notice of the Subpoena via email 14 days prior to the return date.  This procedural defect renders the Subpoena untimely. Accordingly, Defendants object to any attempt to compel production of the documents requested by the Subpoena under these circumstances and reserve all rights to challenge the Subpoena's validity and enforce the protections afforded by Louisiana law.

Further, Defendants object to the Subpoena to the extent that the requests contained therein are facially overbroad in relation to the scope of Plaintiffs' claims in this case.  Specifically, the Subpoena seeks disclosure of "any and all" banking records that Hancock Whitney Bank may have pertaining to Defendants without limitation.  Such a request is sweeping and not pointed at

---

[1] Defendants acknowledge that Rule 45 of the Federal Rules of Civil Procedure speaks of objections to subpoenas being asserted by the person commanded to produce and permit inspection of the subpoenaed documents.  However, "it is well-established that a party with a real interest in the documents has standing to raise objections to their production." *Old Towne Dev. Group, L.L.C. v. Matthews*, No. CIV. A. 09-224-B-M2, 2009 WL 2021723, at *1 (M.D. La. July 9, 2009) (quoting *Solow v. Conseco, Inc.,* 2008 WL 190340 (S.D.N.Y.2008)) (internal citations omitted).  Because Defendants have a legitimate interest in the privacy of their financial information, Defendants have standing to challenge the subpoena under Rule 45. *See Old Towne Dev. Group*, 2009 WL 2021723, at *1.

PD.60687340.1

Dawson Morton
February 10, 2026
Page 2

any specific issue, and the Western District of Louisiana has considered similar requests to banks improper, noting that such requests were "propounded with the hope of finding something prejudicial."[2]

Additionally, Defendants object to the Subpoena to the extent it seeks confidential financial information that is irrelevant to the limited legal questions at issue in this case. As worded, the Subpoena seeks private financial records that have no bearing on the issues in this case. Moreover, even if the information sought had some attenuated relevance, which Defendants deny, any such relevance to the merits questions in this case is outweighed by the Defendants' interest in the privacy of their financial statements.

Please note that the foregoing objections are preliminary and non-exhaustive. Kindly confirm your availability for a conference call on February 11, 2026, at 3:30 p.m. via TEAMS so that we may address and resolve these matters efficiently and in full compliance with applicable law. Alternatively, please confirm that you will withdraw the Subpoena.

Yours truly,

Brandon E. Davis

BED/FAV

cc: Jim Knoepp (via email)

---

[2] *Blanchard v. Circle K Stores Inc.*, No. 6:19-CV-00856, 2021 WL 4255407, at *2 (W.D. La. Sept. 17, 2021) ("By its own terms, Defendant's subpoena seeks discovery of 'any and all banking records' that Chase may have pertaining to Plaintiff, which appears to the Court as a sweeping discovery request not pointed to any specific issue but, rather, propounded with the hope of finding something prejudicial").

PD.60687340.1