UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, AND OTHER SIMILARLY SITUATED | CIVIL ACTION NO. 6:24-CV-01392 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION AND STERLING SUGARS, LLC | MAGISTRATE JUDGE CAROL B. WHITEHURST |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SUBPOENA TO HANCOCK WHITNEY BANK</u>**

i

# **TABLE OF CONTENTS**

I.   BACKGROUND. ........................................................................................................1
II.  LAW AND ARGUMENT. .........................................................................................4
     A.   **Defendants' Have Standing to Challenge Plaintiffs' Subpoena.** .......................4
     B.   **Plaintiffs' Subpoena Should be Quashed in its Entirety Because it is Overbroad and Seeks Irrelevant Information Not Proportional to the Needs of This Case**..............................................................6
     C.   **Alternatively, the Court Should Modify Plaintiffs' Subpoena and Enter an Accompanying Protective Order**..................................................10
III. CONCLUSION. .......................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Dolgencorp, LLC*,
   No. 11-784, 2012 WL 1867123 (M.D. La. May 22, 2012). ...................................................5

*Black v. DMNO, LLC*,
   No. CV 16-02708, 2018 WL 488991 (E.D. La. Jan. 19, 2018) ..........................................4, 5

*Blanchard v. Circle K Stores Inc.*,
   No. 6:19-CV-00856, 2021 WL 4255407 (W.D. La. Sept. 17, 2021) .......................................9

*Booth v. City of Dallas*,
   312 F.R.D. 427 (N.D. Tex. 2015) ...........................................................................................6

*Bounds v. Capital Area Fam. Violence Intervention Ctr., Inc.*,
   314 F.R.D. 214 (M.D. La. 2016) ............................................................................................4

*Brown v. Braddick*,
   595 F.2d 961 (5th Cir. 1979) ..................................................................................................4

*Bryant v. Tristate Logistics of Arizona LLC*,
   No. CV-19-01552-PHX-SMB, 2020 WL 13864561 (D. Ariz. Apr. 9, 2020) ........................10

*Coleman v. American Red Cross*,
   23 F.3d 1091 (6th Cir.1994). ..................................................................................................7

*Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*,
   643 F. Supp. 3d 613 (E.D. La. 2022) ................................................................................9, 10

*Crosby v. Louisiana Health Serv. and Indem. Co.*,
   647 F.3d 258 (5th Cir. 2011) ............................................................................................9, 10

*Donaldson v. Crisp*,
   No. 1:22-CV-111, 2023 WL 6201372 (E.D. Tex. Sept. 21, 2023)..........................................6

*Frazier v. RadioShack Corp.*,
   No. 10–855, 2012 WL 832285 (M.D. La. Mar. 12, 2012). .....................................................4

*Garcia v. Prof. Contract Services, Inc.*,
   No. A-15-CV-585-LY, 2017 WL 187577 (W.D. Tex. Jan. 17, 2017) .....................................6

*Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*,
   No. CV 20-2795, 2021 WL 2894146 (E.D. La. July 9, 2021).................................................6

*Hahn v. Hunt*,
   No. 15-2867, 2016 U.S. Dist. LEXIS 52885, 2016 WL 1587405 (E.D. La.
   Apr. 20, 2016) ................................................................................................................4

*Hickman v. Taylor*,
   329 U.S. 495 (1947) ........................................................................................................7

*Johnson v. Mixon*,
   No. 13-2629, 2014 WL 1764750 (E.D. La. May 2, 2014).............................................4

*In re Application of Time, Inc.*,
   No. 99-2916, 1999 WL 804090 (E.D. La. Oct. 6, 1999), *aff'd*, 209 F.3d 719
   (5th Cir. 2000) ............................................................................................................4, 6

*In re Xarelto (Rivaroxaban) Products Liab. Litig.*,
   314 F.R.D. 397 (E.D. La. 2016).....................................................................................7

*Kendrick v. Heckler*,
   778 F.2d 253 (5th Cir. 1985) .........................................................................................6

*Keybank Nat. Ass'n. v. Perkins Rowe Associates, L.L.C.*,
   No. CIV.A. 09-497-JJB-SR, 2011 WL 90108 (M.D. La. Jan. 11, 2011) ....................5

*Marks v. Shaw Constructors*,
   No. CIV. A. 00-3203, 2001 WL 1132028 (E.D. La. Sept. 24, 2001) ..........................7

*MetroPCS v. Thomas*,
   327 F.R.D. 600 (N.D. Tex. 2018) ..................................................................................6

*Michael G. Stag, LLC v. Stuart H. Smith, LLC*,
   No. CV 18-3425, 2019 WL 4918050 (E.D. La. Oct. 4, 2019) .....................................4

*Old Towne Dev. Grp., L.L.C. v. Matthews*,
   2009 WL 2021723 (M.D. La. 2009) ..........................................................................5, 6

*Petit v. Heebe*,
   No. 15-3084, 2016 WL 1089351 (E.D. La. Mar. 21, 2016) .........................................4

*Rice v. Reliastar Life Ins. Co.*,
   No. 11–44, 2011 WL 5513181 (M.D. La. Nov. 10, 2011) .......................................4, 5

*Romac Env't Servs., LLC v. Wildcat Fluids, LLC*,
   No. CV 6:20-0581, 2022 WL 1924106 (W.D. La. June 3, 2022)................................6

*Securities and Exch. Comm'n v. Reynolds*,
   No. 3:08-CV-0438-B, 2016 WL 9306255 (N.D. Tex. Apr. 29, 2016) .........................5

*Terwillegar v. Offshore Energy Srvs., Inc.*,
  2008 WL 2277879 (E.D.La.2008) ...........................................................................................5

*Turnbow v. Life Partners, Inc.*,
  No. 3:11–cv–1030–M, 2013 WL 1632795 (N.D.Tex. Apr.16, 2013) ......................................5

*Winter v. Bisso Marine Co., Inc.*,
  No. 13-5191, 2014 WL 3778833 (E.D. La. July 29, 2014) ......................................................5

*Williams v. City of Dallas,*
  178 F.R.D. 103 (N.D. Tex. 1998). ............................................................................................6

**Statutes**

La. R.S. § 6:333(C) ..........................................................................................................................2, 3

**Other Authorities**

Federal Rule of Civil Procedure Rule 45 ............................................................................... *passim*

Federal Rule of Civil Procedure Rule 26 ............................................................................... *passim*

**MEMORANDUM**

NOW INTO COURT, through undersigned counsel, come defendants, South Central Sugar Cane Growers' Association ("South Central") and Sterling Sugars, LLC ("Sterling") (collectively "Defendants"), which submit this Memorandum in Support of Defendants' Motion to Quash Plaintiffs' Subpoena to Hancock Whitney Bank (the "Motion"). For the reasons set forth fully below, the Subpoena to Produce Documents issued to Hancock Whitney Bank by Plaintiffs should be quashed in its entirety, or alternatively, substantially limited to documents and information directly relevant and proportional to the parties' claims and defenses and accompanied by the entry of the Proposed Protective Order.[1]

## I. BACKGROUND.

Plaintiffs, Felipe de Jesus Avila-Soto and Felipe de Jesus Suarez-Palafox ("Plaintiffs") filed this suit on October 10, 2024, alleging violations of the Fair Labor Standards Act ("FLSA") and seeking to represent a collective action comprising "all individuals admitted as H-2A temporary foreign workers who were employed by Defendants driving heavy tractor-trailer trucks during the 2022, 2023, and/or 2024 seasons."[2] Plaintiffs also assert claims under the Louisiana Wage Payment Act ("LWPA") and for breach of contract under Louisiana law.[3] The main disputes in this case stem from Plaintiffs' claims that they were misclassified as exempt agricultural workers who are owed overtime wages for hours worked in excess of forty in a workweek,[4] and that they were not properly reimbursed for pre-employment expenses, allegedly resulting in earnings less

---

[1] The Proposed Protective Order is attached to Defendants' Motion as **Exhibit 1** and referenced as "**Exh. 1**."
[2] R. Doc. 1, ¶ 62.
[3] R. Doc. 1, ¶ 90.
[4] R. Doc. 1, ¶ 79.

1

than the applicable minimum wage during their first workweek.[5]  Discovery in this matter is ongoing.

On February 9, 2026, Defendants' counsel received notice[6] transmitted by e-mail of Plaintiffs' intent to serve a Subpoena to Produce Documents to Hancock Whitney Bank ("Plaintiffs' Subpoena").[7]  In addition to the notice, Defendants' counsel received a copy of Plaintiffs' Subpoena, which commanded that Hancock Whitney Bank ("Hancock Whitney") produce the following:

> 1. *For the time period January 1, 2022 through February 1, 2026, any and all "documents" regarding any and all bank accounts in the name of South Central Sugar Cane Growers Association, Inc. (including Account Number: XXXXXXX) and/or Sterling Sugars, LLC. This request includes banks statements, signatory cards, account applications, wire transfers and electronic payment documentation, deposit records and offset to deposit records, and front-and-back copies of checks written on the accounts.*
>
> 2. *All lending "documents" including loan agreements, loan applications, loan payments and communications regarding loans, including lines of credit, made to either South Central Sugar Cane Growers Association, Inc. and/or Sterling Sugars, LLC during the time period January 1, 2022 through February 1, 2026. This request includes loan applications, loan documentation, promissory notes, UCC filings, letters of inquiry, "documents" related to loan collateral, internal bank memoranda, and any correspondence with applicants before and after any loan or credit terms were approved.*[8]

Following receipt of the notice and Plaintiffs' Subpoena, Defendants sent Plaintiffs' counsel a letter on February 10, 2026, outlining Defendants' preliminary objections to Plaintiffs' Subpoena ("Preliminary Objection Letter").[9]  Defendants' preliminary objections were based on Plaintiffs' failure to comply with the clear requirements of Louisiana Revised Statute § 6:333(C),

---

[5] R. Doc. 1, ¶ 78.
[6] Notice of Plaintiffs' Subpoena is attached to Defendants' Motion as **Exhibit 2** and is referred to as "**Exh. 2**."
[7] Plaintiffs' Subpoena is attached to Defendants' Motion as **Exhibit 3** and is referred to as "**Exh. 3**."
[8] **Exh. 3**.
[9] Defendants' Preliminary Objection Letter is attached to Defendants' Motion as **Exhibit 4** and is hereinafter referred to as "**Exh. 4**."

which mandates that service of subpoenas seeking disclosure of financial records be made directly to the affected customers or the customers' counsel of record, no less than 30 days prior to the return date identified on the subpoena.[10] Defendants based this objection on the fact that counsel for Defendants received only notice of the subpoena via e-mail. Moreover, the notice was received only 14 days prior to the return date, as opposed to the required 30-day service period.[11] Defendants noted that the procedural defect rendered Plaintiffs' Subpoena untimely.[12] Additionally, Defendants objected to Plaintiffs' Subpoena to the extent it was facially overbroad in relation to the scope of Plaintiffs' claims in this case, and to the extent it sought confidential financial information irrelevant to the limited legal questions at issue in this case.[13]

In response to Defendants' Preliminary Objection Letter, Plaintiffs amended the return dates on their Subpoenas and subsequently served South Central and Sterling, consistent with the procedural requirements set forth by La. R.S. § 6:333(C). However, Plaintiffs did not address the other issues raised by Defendants in their Preliminary Objection Letter. Thus, Defendants now file their Motion and this accompanying Memorandum in Support, seeking entry of an order quashing Plaintiffs' Subpoena in its entirety, or alternatively, an order substantially limiting Plaintiffs' Subpoena to documents and information directly relevant and proportional to the parties' claims and defenses and entering an accompanying protective order governing the disclosure of Defendants' sensitive financial information, should this Court order Hancock Whitney to produce such information.

---

[10] *See* La. R.S. § 6:333(C).
[11] **Exh. 4**.
[12] **Exh. 4**.
[13] **Exh. 4**.

3

## II. LAW AND ARGUMENT.

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure.[14] While governed by Rule 45, non-party subpoenas are also subject to the parameters of Rule 26,[15] and "[b]oth Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45."[16] In fact, "[t]he court has authority, even acting on its own, either to quash or modify a subpoena that exceeds the strictures of either Rule."[17]

### A. Defendants' Have Standing to Challenge Plaintiffs' Subpoena.

Although Rule 45 subpoenas may be served upon both parties and non-parties,[18] "[p]arties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45."[19] Thus, "[t]he Court's first inquiry in ruling on a motion to quash a Rule 45 subpoena directed to a non-party, like the subpoena[] at issue in this motion, is to determine whether the movant has standing to challenge the subpoena."[20]

"In order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or **have a personal right or privilege in the subject matter of the subpoena**."[21] When moving to quash a subpoena to a

---

[14] *See generally*, Fed R. Civ. P. 45; *see also*, *Bounds v. Capital Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) ("Rule 45 governs the issuance of subpoenas to obtain discovery from non-parties").

[15] *In re Application of Time, Inc.*, No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), aff'd, 209 F.3d 719 (5th Cir. 2000).

[16] *Hahn v. Hunt*, No. 15-2867, 2016 U.S. Dist. LEXIS 52885, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (citing Fed. R. Civ. P. 45(d)(3); 26(c)(1)(D)).

[17] *Michael G. Stag, LLC v. Stuart H. Smith, LLC*, No. CV 18-3425, 2019 WL 4918050, at *2 (E.D. La. Oct. 4, 2019) (citing Fed. R. Civ. P. 26(b)(2)(c) and (c)(1)(A) and (D) and 45(d)(3)).

[18] *Black v. DMNO, LLC*, No. CV 16-02708, 2018 WL 488991, *2 (E.D. La. Jan. 19, 2018) (citing *Petit v. Heebe*, No. 15-3084, 2016 WL 1089351, at *2 (E.D. La. Mar. 21, 2016)).

[19] *Bounds*, 314 F.R.D. at 218 (citing *Frazier v. RadioShack Corp.*, No. 10–855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012)).

[20] *Rice v. Reliastar Life Ins. Co.*, No. 11–44, 2011 WL 5513181, at *1 (M.D. La. Nov. 10, 2011).

[21] *Black*, 2018 WL 488991, *2 (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May 2, 2014)) (emphasis added).

4

third-party "the movant must claim some personal right or privilege in regard to the materials being sought and make a showing that there is a personal right to be protected."[22] Courts within the Fifth Circuit repeatedly recognize that a party has standing to bring a motion to quash pursuant to Rule 45, so long as they can demonstrate a personal right in materials sought by the third-party subpoena.[23] Moreover, courts have determined that a movant seeking to challenge a non-party subpoena has a personal right in its sensitive financial information and communications pertaining to the movant and its business.[24] Accordingly, when a Rule 45 subpoena seeks production of a movant's sensitive financial information, standing is sufficiently conferred on the movant to challenge the subpoena in accordance with Rule 45.

Plaintiffs' Subpoena seeks the production of Defendants' sensitive financial information, as it demands that Hancock Whitney provide to Plaintiffs "any and all" documents regarding "any and all" of Defendants' bank accounts, in addition to "all" lending documents made by Defendants over a four-year period.[25] Because Defendants have a legitimate interest in safeguarding their

---

[22] *Black*, 2018 WL 488991, *2 (citing *Adams v. Dolgencorp, LLC*, No. 11-784, 2012 WL 1867123, *1 (M.D. La. May 22, 2012); *Winter v. Bisso Marine Co., Inc.*, No. 13-5191, 2014 WL 3778833, at *2 (E.D. La. July 29, 2014)).

[23] *See Black*, 2018 WL 488991 (finding defendants had standing to bring a motion to quash a subpoena directed to a third-party because the defendants had a personal right in the information sought); *see also*, *Winter*, 2014 WL 3778833, at *2 (finding standing when the movant demonstrated a privacy interest in the materials sought by a subpoena to a third party); *Turnbow v. Life Partners, Inc.,* No. 3:11–cv–1030–M, 2013 WL 1632795, at *1 (N.D. Tex. Apr. 16, 2013) ("As a general rule, a party has standing to challenge a nonparty subpoena in order to protect a personal right."); *Rice*, 2011 WL 5513181, at *1 ("A motion to quash or modify a subpoena under Rule 45 may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has alleged some personal privacy right or privilege in the documents sought.").

[24] *See Securities and Exch. Comm'n v. Reynolds*, No. 3:08-CV-0438-B, 2016 WL 9306255, at *2 (N.D. Tex. 2016) (finding that party movant had a personal right in his sensitive financial information, sufficient to confer standing to pursue his motion to quash a Rule 45 subpoena issued to a non-party seeking production of movant's sensitive financial information); *see also*, *Turnbow*, 2013 WL 1632795, at *1 (determining that movants had standing to contest a subpoena issued to a non-party for movants' "accounting records and other sensitive financial information and communications pertaining to [movants] and their business"); *Old Towne Dev. Grp., L.L.C. v. Matthews,* 2009 WL 2021723, at *1 (M.D. La. 2009) (finding that plaintiff's personal interest in the confidentiality of bank records was sufficient to confer standing); *Terwillegar v. Offshore Energy Srvs., Inc.,* 2008 WL 2277879, at *1 (E.D. La. 2008) (similarly finding that a party's personal interest in the confidentiality of bank records was sufficient to confer standing); *Keybank Nat. Ass'n. v. Perkins Rowe Associates, L.L.C.*, No. CIV.A. 09-497-JJB-SR, 2011 WL 90108, at *3 (M.D. La. 2011) (confirming that an individual has a privacy right to bank records held by his bank and such interest confers standing).

[25] Exh. 3.

---

5

sensitive financial information, Defendants have standing, pursuant to Rule 45, to bring this Motion for the purpose of challenging Plaintiffs' Subpoena and the specific requests to Hancock Whitney contained therein.

### B. Plaintiffs' Subpoena Should be Quashed in its Entirety Because it is Overbroad and Seeks Irrelevant Information Not Proportional to the Needs of This Case.

Generally, under Federal Rule of Civil Procedure 45, the Court may quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception of waiver applies; or (iv) subjects a person to undue burden."[26] While Rule 45 does not expressly identify over breadth, irrelevance, or disproportionality as reasons to quash a subpoena, courts have consistently held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26.[27] This is consistent with the fact that Rule 45 subpoenas to a third party "are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26."[28] Accordingly, a Rule 45 subpoena may also be challenged, and ultimately quashed, based on its failure to comply with the standards set forth in Rule 26.[29]

---

[26] Fed. R. Civ. Proc. 45(d)(3) (emphasis added).
[27] *See MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018); *see also*, *Garcia v. Prof. Contract Services, Inc.*, No. A-15-CV-585-LY, 2017 WL 187577, at *2 (W.D. Tex. Jan. 17, 2017); *Donaldson v. Crisp*, No. 1:22-CV-111, 2023 WL 6201372, at *3 (E.D. Tex. Sept. 21, 2023); *Kendrick v. Heckler*, 778 F.2d 253, 256 (5th Cir. 1985); *Romac Env't Servs., LLC v. Wildcat Fluids, LLC*, No. CV 6:20-0581, 2022 WL 1924106, at *2 (W.D. La. June 3, 2022); *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, No. CV 20-2795, 2021 WL 2894146, at *3 (E.D. La. July 9, 2021) (holding that "non-party subpoenas are also subject to the parameters of Rule 26"); *Booth v. City of Dallas*, 312 F.R.D. 427, 430 (N.D. Tex. 2015) ("When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)") (quoting *Williams v. City of Dallas*, 178 F.R.D. 103, 110 (N.D. Tex. 1998))).
[28] *In re Application of Time, Inc.*, 1999 WL 804090 at *7 (citations omitted).
[29] *See MetroPCS*, 327 F.R.D. at 610 (quoting *Garcia*, 2017 WL 187577, at *2 ("Because '[t]he scope of discovery is the same under both Federal Rules of Civil Procedure 45 and 26,' the Court may properly apply the Rule 26(b)(1) proportionality factors in the context of a Rule 45(d)(3)(A) motion to quash").

Though "it is well established that the scope of discovery is within the sound discretion of the trial court,"[30] nonetheless, "discovery, like all matters of procedure, has ultimate and necessary boundaries."[31] Specifically, Rule 26(b)(1) defines and thereby limits the scope of discovery.[32] It states, in part that "[p]arties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and **proportional** to the needs of the case."[33] While discovery rules are afforded liberal treatment to achieve their purpose of "adequately informing litigants in civil trials,"[34] a party is not entitled to discovery that merely "might lead to relevant and admissible evidence."[35] Rather, information sought in the course of discovery must be both relevant to a party's claims or defenses and proportional to the needs of the case to be discoverable.[36]

"[T]he determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action."[37] Likewise, when determining whether discovery sought is proportional to the needs of the case, the court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[38]

---

[30] *In re Xarelto (Rivaroxaban) Products Liab. Litig.*, 314 F.R.D. 397, 408 (E.D. La. 2016) (quoting *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994)).
[31] *Hickman v. Taylor,* 329 U.S. 495, 507 (1947).
[32] Fed. R. Civ. P. 26.
[33] Fed. R. Civ. P. 26(b)(1) (emphasis added).
[34] *Pettit*, 2016 WL 1089351, at *1 (citing *Herbert v. Lando*, 441 U.S. 153, 176 (1979)).
[35] *See Marks v. Shaw Constructors*, No. CIV. A. 00-3203, 2001 WL 1132028, at *1-2 (E.D. La. Sept. 24, 2001) (finding the plaintiff's contention that the discovery sought "might lead to relevant and admissible evidence" insufficient to defeat a motion to quash and further noting that the plaintiff's contention was "an incorrect statement of the law").
[36] *See* Fed. R. Civ. P. 26(b)(1).
[37] Fed. R. Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments.
[38] Fed. R. Civ. P. 26(b)(1).

7

In Plaintiffs' Subpoena, Plaintiffs request that Hancock Whitney produce or permit inspection of "any and all" documents that Hancock Whitney maintained over the course of a four-year period, regarding "any and all" bank accounts in South Central or Sterling's name, without limitation.[39] The request includes, but is not limited to, any and all "bank statements, signatory cards, account applications, wire transfers and electronic payment documentation, deposit records and offset to deposit records, and front-and-back copies of checks written on the accounts."[40] Further, Plaintiffs seek the production of "all" lending documents "including loan agreements, applications, loan payments and communications regarding loans, including lines of credit" made to either Defendant.[41]

Plaintiffs' Subpoena is not only facially overbroad but also unjustifiably intrusive, as it demands the production or inspection of all bank records and lending documents maintained by Hancock Whitney concerning either Defendant, with no limitation as to subject matter. As worded, Plaintiffs' Subpoena would effectively compel disclosure of various documents containing Defendants' sensitive financial information, which is wholly unrelated and irrelevant to the issues before the Court, including private transactions, loans, and financial arrangements that have no bearing on the merits of Plaintiffs' claims.

As an initial matter, Sterling did not employ Plaintiffs. No banking records related to Sterling would be probative to the inquiry of whether Plaintiffs were exempt agricultural workers. Instead, Sterling's records are likely to reveal sensitive financial transactions with local farmers and other wholly irrelevant transactions. As to South Central, the only relevant banking records

---

[39] **Exh. 3**.
[40] **Exh. 3**.
[41] **Exh. 3**.

as to Plaintiffs would be their paychecks, which information has been produced in discovery, and the amounts of such payments are not in contest between the parties.

Further, to the extent Plaintiffs seek information regarding financial transactions between South Central and Sterling, there are substantially less burdensome ways to obtain this information (albeit irrelevant).[42] For example, Defendants have already produced records demonstrating transactions between Defendants, and Plaintiffs have not examined Defendants' corporate representatives to determine the extent of such transactions. Ultimately, Plaintiffs have crafted their Subpoena in the broadest fashion possible, with no likelihood that the information sought is tailored to their claims. Such a subpoena is sweeping and not pointed at any specific legal issue now before this Court.

Sweeping discovery demands like Plaintiffs' Subpoena are precisely the sort of impermissible "fishing expeditions" that courts reject as beyond the permissible scope of discovery.[43] In fact, the Western District of Louisiana previously rejected a similarly overbroad subpoena seeking bank records, making it clear that such requests for broad categories of bank records, untethered to any specific claim or defense, are improper because they are "propounded with the hope of finding something prejudicial," rather than seeking information actually relevant to the case at hand.[44] This Court should similarly find that Plaintiffs' facially overbroad Subpoena, which seeks information wholly unrelated and irrelevant to the claims in this case is an improper

---

[42] *See* Fed. R. Civ. P. 26(b)(2)(C) (requiring that courts limit the frequency or extent of discovery when the information "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

[43] *See Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 643 F. Supp. 3d 613, 617 (E.D. La. 2022) ("While relevancy in the discovery context is broader than in the trial context, the legal tenant should not be misapplied to allow fishing expeditions in discovery"); *see also*, *Crosby v. Louisiana Health Serv. and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) ("Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition") (internal quotes omitted).

[44] *Blanchard v. Circle K Stores Inc.*, No. 6:19-CV-00856, 2021 WL 4255407, at *2 (W.D. La. Sept. 17, 2021) ("By its own terms, Defendant's subpoena seeks discovery of 'any and all banking records' that Chase may have pertaining to Plaintiff, which appears to the Court as a sweeping discovery request not pointed to any specific issue but, rather, propounded with the hope of finding something prejudicial").

9

"fishing expedition" and quash it in its entirety.[45] Permitting such intrusive and speculative discovery would undermine the limitations on the scope of discovery imposed by Rule 26.

Overall, Plaintiffs' Subpoena, as drafted, exceeds the permissible scope of discovery by seeking the sensitive financial information of Defendants without justification. Plaintiffs have demonstrated no legitimate need for such expansive discovery. Nor could they. Although their burden for requesting discovery is low, Plaintiffs still "must meet a threshold relevance that is beyond the mere speculation that the requested information might be useful."[46] Yet, they have failed to do so. Plaintiffs are not entitled to conduct an unrestricted examination of Defendants' financial affairs in hopes of uncovering something of value to their case, as they seek to do here. Because Plaintiffs' fail to meet the threshold relevance standard, Plaintiffs' Subpoena should be quashed in its entirety.

### C. Alternatively, the Court Should Modify Plaintiffs' Subpoena and Enter an Accompanying Protective Order.

While Defendants' maintain that Plaintiffs' Subpoena should be quashed in its entirety, should this Court find otherwise, Defendants respectfully request that this Court modify Plaintiffs' Subpoena, substantially limiting the requests in time and subject matter, to ensure such requests are narrowly tailored to seek only the documents and information that this Court deems relevant and proportional to the specific claims and defenses at issue in this case. Additionally, for any documents or information which this Court deems relevant and discoverable (which Defendants deny), Defendants further request entry of the Proposed Protective Order, limiting the distribution

---

[45] *See Crescent City Remodeling, LLC*, 643 F. Supp. 3d at 617 ("While relevancy in the discovery context is broader than in the trial context, the legal tenant should not be misapplied to allow fishing expeditions in discovery"); *see also*, *Crosby*, 647 F.3d at 264 ("Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition") (internal quotes omitted).

[46] *Bryant v. Tristate Logistics of Arizona LLC*, No. CV-19-01552-PHX-SMB, 2020 WL 13864561, at *3 (D. Ariz. Apr. 9, 2020).

of the documents produced and the dissemination of the confidential information contained therein.[47]

Given the confidential nature of the information sought by Plaintiffs' Subpoena, entry of the Proposed Protective Order, to the extent that Hancock Whitney is ordered to produce any documents pursuant to Plaintiffs' Subpoena, would serve to protect Defendants from further disclosure and dissemination of their sensitive financial information beyond this litigation and any potential harm to Defendants which may arise as a result of further unnecessary and unwarranted disclosure and dissemination.

### III. CONCLUSION.

For the foregoing reasons, Plaintiffs' Subpoena should be quashed in its entirety pursuant to Rule 45, as it is facially overbroad, seeks sensitive and irrelevant financial information, and is not proportional to the needs of this case. Permitting such expansive and intrusive discovery would undermine the scope of discovery established by Rule 26 and needlessly expose Defendants' sensitive financial information without justification. Alternatively, should the Court decline to quash Plaintiffs' Subpoena, Defendants respectfully request that Plaintiffs' Subpoena be substantially limited in scope to documents and information directly relevant and proportional to the parties' claims and defenses, and further, that the Court enter the Proposed Protective Order to guard against further unnecessary disclosure of sensitive financial information beyond this litigation.

Respectfully submitted,

**PHELPS DUNBAR LLP**

---

[47] **Exh. 1**.

BY:   */s/ Molly C. McDiarmid*
Brandon E. Davis Bar Roll No. 29823
Molly McDiarmid Bar Roll No. 36426
Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
Andrew M. Albritton Bar Roll No. 39780
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Facsimile: 504-568-9130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
jennifer.clewis@phelps.com
andrew.albritton@phelps.com

**ATTORNEYS FOR DEFENDANTS, SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION AND STERLING SUGARS, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of records/parties in this proceeding.

*/s/ Molly C. McDiarmid*