UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| _____ )<br><br>FELIPE DE JESUS AVILA-SOTO, et al. )<br> )<br>       Plaintiffs, )<br> )<br>v. )<br> )<br> )<br>SOUTH CENTRAL SUGAR CANE )<br>GROWERS' ASSOCIATION, INC., et al. )<br> )<br>      Defendants. )<br>_____ ) | Case No. 6:24-cv-01392<br><br>JUDGE ROBERT R. SUMMERHAYS<br><br>MAGISTRATE JUDGE CAROL B. WHITEHURST |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SUBPOENA TO HANCOCK WHITNEY BANK**

Defendants argue that Plaintiffs' subpoena to Hancock Whitney Bank for bank statements, check copies, loans and loan applications, and signature cards should be quashed as overbroad and not proportional.[1] Defendants also argue their bank records are not relevant and contain sensitive information. Defendants do not have standing to raise arguments concerning overbreadth or burden as they are not the subpoena recipient, and Defendants arguments concerning relevance and secrecy of corporate bank records in this employment dispute are mistaken. Defendants also ask that the bank records be subject to a protective order—which Plaintiffs do not oppose.

---

[1] Defendants initially complain that they received notice of the subpoena, before it was served, by email. (ECF No. 95-5 at 7) (complaining that "Defendants' counsel received notice [of the subpoena] transmitted by email"). The parties here serve documents pursuant to Federal Rule 5(b) because the parties have agreed in writing to serve each other electronically. Fed. R Civ. P. 5(b)(2)(E).

1

## I.    Defendants Lack Standing to Complain of Overbreadth, Burden or Relevance for Documents Sought from a Third-Party.

Defendants' motion claims the subpoena lacks proportionality.[2] (ECF No. 95-5 at 11.) And that the subpoena "is Overbroad and seeks Irrelevant information[.]" (ECF No. 95-5 at 11.) However, Defendants' claim that the subpoena might somehow unfairly burden the bank is not an objection Defendants can raise.[3] *Donaldson v. Crisp*, No. 1:22-CV-111, 2023 U.S. Dist. LEXIS 168873, at *12 (E.D. Tex. Sep. 21, 2023) ("a party cannot challenge a subpoena issued to a non-party on the basis that it is overbroad, irrelevant, or unduly burdensome") (cleaned up); *Harris v. Henry*, No. 1:22-CV-00366-DAE, 2023 U.S. Dist. LEXIS 150990, 2023 WL 5541077, at *3 (W.D. Tex. Aug. 28, 2023) ("A party may not challenge a subpoena to a third party on the grounds that the information sought is not relevant or imposes an undue burden."); *La. Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491, 500 (E.D. La. Jan. 11, 2023) ("A party generally 'cannot challenge a Rule 45 subpoena directed to a third party on the basis that . . . the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds.'"). Defendants' objections to the subpoena on relevance and burden grounds should be dismissed.

---

[2] This suit concerns approximately $10 million dollars in unpaid wages, interest and late-payment penalties. It is difficult to see how reviewing corporate bank records of the two defendants is not "proportional" to the lost wages at issue.

[3] Defendants also assert that the subpoena does not provide adequate time for compliance. (ECF No. 95-5 at 8.) This too is an objection which only a subpoenaed party has standing to raise. *La. Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491, 501 (E.D. La. 2023) (time allowed for compliance "objection may only be raised by the subpoenaed party").

## II.    Corporate Bank Records of Alleged Employers in Employment Disputes are Relevant and Discoverable.

"Generally, the scope of discovery is broad and permits the discovery of any nonprivileged matter that is relevant to any party's claim or defense." *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (citing Rule 26(b)(1)). Here, Plaintiffs seek discovery to show that Defendant Sterling Sugars, the sugar mill, is jointly liable for the wage violations alleged. (ECF No. 1 ¶ 23.) Such discovery is relevant because Defendant Sterling Sugars disputes its liability as an employer. *See, e.g., Alfred v. Duhe*, No. 6:24-CV-00274, 2025 LX 328140, at *7-8 (W.D. La. July 31, 2025) ("Unless Defendant has stipulated . . . discovery seeking information pertaining to Plaintiff's alleged [] violations is relevant."); *see also* ECF No. 95-5 at 13 (claiming "Sterling did not employ Plaintiffs.")[4]

Bank records are relevant to address whether defendants "are liable to plaintiffs as their employer." *Ojeda-Sanchez v. Bland Farms, LLC*, No. CV608-096, 2009 U.S. Dist. LEXIS 139715, at *7 (S.D. Ga. Apr. 15, 2009) (rejecting motion to quash). Here, Plaintiff seeks to establish that Defendant Sterling Sugars is liable as an employer and controlled the purse strings of both employers. "[T]he [bank] records are relevant to the allegations that such defendants are joint employers of Plaintiffs." *Altamirano-Santiago v. Better Produce, Inc.*, No. CV 19-3964 DDP (FFMx), 2020 U.S. Dist. LEXIS 82836, at *4 (C.D. Cal. Feb. 20, 2020) (denying motion to quash bank subpoena). A defendant's "reliance on revenue from [the other defendant] is a significant consideration when analyzing the economic-reality factors. An evaluation of a company's power over an employment relationship *must take into account its control over the purse strings*[.]" *Canh Le v. DirecTV, LLC*, No. 2:16-cv-01369-SVW-AS, 2017 U.S. Dist.

---

[4] Even though Defendant Sterling Sugars continues to dispute its employer status—its briefing fails to recognize that "control of the purse strings" can be determinative of employer status. Defendants' argument that "[n]o banking records related to Sterling would be probative to the inquiry of whether Plaintiffs were exempt agricultural workers[,]" ECF No. 95-5 at 13, is erroneous. First, Defendants' bank records are relevant to show Defendants' significant financial involvement in paying wages and expenses for Plaintiffs' work. Second, if Defendant Sterling Sugars, a sugar mill, is the employer, then that is determinative of whether Plaintiffs were exempt agricultural workers since hauling sugarcane for a sugar mill is nonagricultural employment. *Wirtz v. Osceola Farms Co.*, 372 F.2d 584, 587 (5th Cir. 1967) (finding drivers not exempt when "hauling cane from the fields of the independent growers to the mill").

LEXIS 221945, at *11 (C.D. Cal. Nov. 2, 2017) (emphasis added). Indeed, in the Fifth Circuit it has long been the rule that where "financial gymnastics [of another entity or individual] directly affected [the paystub employer] Sabine's employees by making it possible . . . to meet its payroll and keep its employees supplied with the equipment and materials necessary" then both are liable as employers "for any wages found to be due[.]" *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 195 (5th Cir. 1983) (affirmatively quoting district court opinion).[5]

Employment status hinges on economic dependence and "control over the purse strings" frequently determines employer-liability. *See, e.g., Bonnette v. Ca. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983).[6] The Fifth Circuit has previously noted that where there is a "fluid shifting of debits and credits between the various corporations" there is shared liability for wage violations. *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 970 (5th Cir. 1984). And where there is a "transfer of funds from one or more . . . corporations when needed to meet [] payroll and trade obligations" that also shows employer liability. *Sabine Irrigation Co.*, 695 F.2d at 193. Economic dependence also looks at the capital investment and lending, including the ownership or borrowing for tools and equipment, like trucks and trailers at issue here. *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1328 (5th Cir. 1985) (finding entity joint employer where it

---

[5] Plaintiffs know that Defendant Sterling Sugars funded Defendant South Central but Plaintiffs are entitled to documents that would show the full extent of the transactions, which have not been produced in response to discovery requests served to both Defendants. Defendants' claim that they "have already produced records demonstrating transactions between [the] Defendants," ECF No. 95-5 at 14, is incomplete as Defendants have not produced all records and it appears that for many expenses Defendant Sterling Sugars wholly covered the expenses. The bank records will show not only the financial transactions—but the absence of payments for the numerous items provided for truck drivers by Defendant Sterling Sugars. Defendant Sterling Sugars also promised, contractually, to make up any shortfall in the accounts of Defendant South Central and it appears Defendant Sterling Sugars' employees effectively controlled the accounts of Defendant South Central. The subpoena seeks to uncover additional details of these financial ties between the Defendants in advance of the upcoming corporate depositions.

[6] Bank records such as loans and loan guarantees can be evidence of employer status. *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 973 (5th Cir. 1984) (affirming liability for FLSA violations in part because of "personal loans to the Texas hotel corporations and personally signed loan agreements"). And the financing of a related corporation, which can also be shown through bank records, is evidence of employer liability. *Donovan v. Janitorial Servs., Inc.*, 672 F.2d 528, 530 (5th Cir. 1982) (finding employer status in part where alleged employer "indirectly financed the creation of Johnson Disposal and his corporation subsidized its ongoing operations").

"furnished all investment or risk capital"); *Torres-Lopez v. May*, 111 F.3d 633, 640-643 (9th Cir. 1997) (noting significance of investment in equipment as "probative"); *Morales-Garcia v. Higuera Farms*, No. 2:18-cv-05118-SVW-JPR, 2020 U.S. Dist. LEXIS 161981, at *3 (C.D. Cal. July 7, 2020) (denying summary judgment based on "interest-free financing").

### III.    Defendants' Claim that Corporate Bank Records Are Sensitive or Private is Mistaken.

Bank records are not privileged or private. *United States v. Miller*, 425 U.S. 435, 440-43 (1976). And corporate records are not subject to constitutional privacy protections. *Braswell v. United States*, 487 U.S. 99, 109 (1988) ("corporate records are not private and therefore are not protected by the Fifth Amendment"). Bank records are, just as stated, business records held by a bank and subject to discovery. *United States v. Gordon*, 247 F.R.D. 509, 510 (E.D.N.C. 2007) ("Typically, a party has no standing to challenge a subpoena issued to his or her bank seeking discovery of financial records because bank records are the business records of the bank, in which the party has no personal right."). "There is nothing inherently privileged about bank records[.]" *Wilemon Found., Inc. v. Wilemon*, No. 1:19-CV-136-GHD-DAS, 2021 U.S. Dist. LEXIS 239459, at *6 (N.D. Miss. Dec. 15, 2021) (declining motion to quash subpoena).

While *individuals* may challenge some bank record subpoenas under the federal Right to Financial Privacy Act, 12 U.S.C. § 3401, that act has no application here because it does not protect corporate bank records at all. *Hohman v. Eadie*, 894 F.3d 776, 785 (6th Cir. 2018) (noting appellate courts "unanimously agree that corporations do not qualify as a 'customer' within the meaning of the [RFPA].")[7] Accordingly, courts in FLSA suits involving issues of bank records regularly decline motions to quash bank subpoenas. *See, e.g.*, *Higar v. Task Force of Tex.*, No. 2:17-CV-00060-JRG-RSP, 2018 U.S. Dist. LEXIS 238985, at *3 (E.D. Tex. May 28, 2018) (declining to quash bank subpoena in FLSA suit because there was not "any personal

---

[7] Defendants' claim that the bank records "are likely to reveal sensitive financial transaction with local farmers," ECF No. 95-5 at 13, but corporate payments between a sugar mill and a farming corporation are not "sensitive" and a local farmer has already testified, in this proceeding, to their payments without any objection from counsel that the information was "sensitive" or otherwise in need of protection.

right or privilege in the subpoenaed documents"); *Fresh Pak Produce, LLC v. U.S. DOL*, No. 2:21-mc-00292-TLN-JDP, 2022 LX 50762, at *5 (E.D. Cal. Aug. 24, 2022) (declining to quash bank subpoena in FLSA overtime investigation because the subpoena sought "'business entities' financial records" which were not subject to privacy protections).[8]

Defendants' bank records are both relevant and discoverable in this dispute concerning joint employment of the Plaintiffs and the putative class.

## IV. Plaintiffs do not Oppose Defendants' Proposed Protective Order Related to the Bank Records.

While Plaintiffs dispute that Defendants' bank records are "private" as Defendants' claim, Plaintiffs are willing to agree to entry of the protective order as proposed by Defendants.[9] Plaintiffs wish to use the bank records to show the financial issues which support a finding of joint employment in this proceeding and show Defendant Sterling Sugars' financial control of Defendant South Central. The proposed protective order will still allow Plaintiffs to make those showings. Plaintiffs also note that Federal Rule 5.2 governs this proceeding and requires redactions of financial account information even without entry of a protective order. Fed. R. Civ. P. 5.2(a).

## V. CONCLUSION

This Court should deny Defendants' motion to quash as the corporate bank records at issue here are direct evidence of economic dependence and discoverable in this putative-class employment suit. For the foregoing reasons, Plaintiffs propose the Court leave the subpoena unmodified and enter Defendants' proposed protective order.

/s/ James M. Knoepp
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757

---

[8] Defendants ask the Court to follow cases concerning *personal* bank records in suits where the financial records of the parties are not at issue. *See, e.g.*, ECF No. 95-5 at 14 (*citing Blanchard v. Circle K Stores Inc.*, No. 6:19-CV-00856, 2021 U.S. Dist. LEXIS 177827, at *4 (W.D. La. Sep. 17, 2021)) (subpoena for Plaintiff's personal bank records in slip and fall case "widely oversteps the bounds of relevancy set by Plaintiff's claims of injury[.]")

[9] Plaintiffs were not asked to agree to a protective order related to the bank records prior to Defendants filing their motion.

*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone: (828) 379-3169
Email: jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA 94710
Phone: (404) 590-1295
Email: dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email: dan@estesdavislaw.com