**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **FELIPE DE JESUS AVILA-SOTO ET AL** | **CASE NO. 6:24-CV-01392** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SOUTH CENTRAL SUGAR CANE GROWERS ASSOCIATION INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is Defendants,' South Central Cane Growers Association, Inc. and Sterling Sugars, LLC, Motion to Quash Plaintiffs' Subpoena to Hancock Whitney Bank (Rec. Doc. 95), which Plaintiffs opposed (Rec. Doc. 100). Plaintiffs are foreign workers who came to Louisiana on H-2A visas to work for Defendants during sugar cane harvest seasons. The case has been certified as a FLSA collective action and is pending certification as a Rule 23 class action for breach of contract and Louisiana Wage Payment Act claims. The parties dispute which Defendant entity employed Plaintiffs. Defendants contend South Central—not Sterling Sugars—employed Plaintiffs. Plaintiffs contend the entities were joint employers and seek to prove their position with financial evidence subpoenaed from Defendants' bank, Hancock Whitney.

Initially, Plaintiffs challenge Defendants' standing to quash the subpoena to third-party Hancock Whitney. Although a party does not ordinarily have standing to challenge a subpoena directed to a third party,[1] "[a] party has standing to seek to quash a subpoena directed to a third-party when the party alleges a personal right or privilege with respect to the materials subpoenaed." *Tate v. DG Louisiana LLC*, 653 F. Supp. 3d 316, 320 (E.D. La. 2023). Defendants maintain a personal right to their banking records and thus have standing to challenge the subpoena on such grounds. See also *Keybank Nat. Ass'n. v. Perkins Rowe Assocs., L.L.C.,* No. CIV.A. 09-497-JJB-SR, 2011 WL 90108, at *3 (M.D. La. Jan. 11, 2011), citing cases.[2]

A party does not have standing to challenge a subpoena to a third party on the grounds of relevance or overbreadth (*Bounds,* 314 F.R.D. at 218), but he may challenge relevance and overbreadth through Rule 26 by moving for a protective order. *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491, 501 (E.D. La. 2023).

---

[1]    "[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights ..., that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds." *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.,* 314 F.R.D. 214, 218 (M.D. La. 2016), quoting *Frazier v. RadioShack Corp.,* No. 10–855, 2012 WL 832285, at *1 (M.D.La. Mar. 12, 2012).

[2]    The Court acknowledges some district courts hold otherwise, but this Court finds that personal financial records are of a sufficiently sensitive nature to warrant granting the moving party merely the opportunity to object.

Although Defendants did not file a separate motion for protective order, they did submit a proposed generic protective order (Rec. Doc. 95-1). In the interest of judicial efficiency, the Court nevertheless considers Defendants' relevancy and overbreadth objections here. Defendants argue Plaintiffs' subpoena is overly broad in that it seeks all banking records, including those unrelated to Plaintiffs' wage-based claims, such as private transactions, loans, and financial transactions with local farmers. Plaintiffs counter the banking records are relevant to the issue of the Defendant entities' relationship and the identity of either or both as Plaintiffs' employers. Plaintiffs specifically contend that Sterling Sugars was Plaintiffs' employer who supplied tools and equipment, employed supervisors, assigned work, and determined schedules and locations of work. They contend that the subpoenaed documents will show, for instance, whether Sterling Sugars obtained loans for large farm equipment and paid for wages and expenses for Plaintiffs' work.

The Court agrees that Sterling Sugars' status as employer is relevant to Plaintiffs' claims. The only question is whether banking records would provide evidence relevant to that status.

> Under the FLSA, an employer is defined as any person acting directly or indirectly in the interest of an employer in relation to an employee. We rely on the economic reality test when determining a party's status as an employer under the FLSA. Under the economic reality test, we evaluate whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment

records. However, a party need not establish each element in every case.

*Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (cleaned up), citing *Gray v. Powers,* 673 F.3d 352, 354 (5th Cir.2012).

Recognizing a conflicting economics reality test within the Fifth Circuit, some district courts have applied the more liberal framework established in *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669–70 (5th Cir. 1968).

> In considering whether a person or corporation is an 'employer' or 'joint employer,' the total employment situation should be considered with particular regard to the following questions: (1) Whether or not the employment takes place on the premises of the company?; (2) How much control does the company exert over the employees?; (3) Does the company have the power to fire, hire, or modify the employment condition of the employees?; (4) Do the employees perform a 'specialty job' within the production line?; and (5) May the employee refuse to work for the company or work for others?

*Seong Song v. JFE Franchising, Inc.,* 394 F. Supp. 3d 748, 755 (S.D. Tex. 2019), quoting *Lone Star, supra*.

The Court need not resolve the issue here except to note that the definition of employer remains broad in the FLSA context. See *Martin v. Spring Break '83 Prods., LLC,* 688 F.3d 247, 251 (5th Cir.2012) ("The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies.") "The remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *Orozco,*

757 F.3d at 448, quoting *McLaughlin v. Seafood, Inc.,* 867 F.2d 875, 877 (5th Cir.1989). See also *Kibodeaux v. A&D Ints., Inc.,* No. 3:20-CV-00008, 2022 WL 980354, at *5 (S.D. Tex. Mar. 31, 2022) ("Given that the Fifth Circuit has frequently acknowledged that district courts must consider the totality of the circumstances when considering employment status under the FLSA, any of the *Lone Star Steel* or *Gray* factors may inform [the court's] joint-employer decision.").

Plaintiffs cite cases which relied on evidence found in banking records to show employer status (Rec. Doc. 11, p. 4, fn. 6); however, these cases resolved whether two entities constituted an enterprise under FLSA, an issue which Plaintiff has not raised. See discussion in *Arif v. Bashir*, No. 4:20-CV-2704, 2021 WL 1147582, at *4 (S.D. Tex. Mar. 10, 2021), *report and recommendation adopted,* No. 4:20-CV-2704, 2021 WL 1143776 (S.D. Tex. Mar. 25, 2021) ("Under the FLSA, the question of whether two defendants constitute an enterprise speaks to the requirement that the plaintiff's employer be engaged in commerce, not to whether certain defendants are joint employers under the FLSA. Therefore, the 'enterprise' question goes to coverage under the FLSA, while the 'joint employer' issue goes to liability." (cleaned up)).

Nevertheless, the Court finds that bank records may contain evidence relevant to the question of Sterling Sugars' employer status, such as whether Sterling applied for any loans for large equipment (i.e. provided tools and equipment for workers),

employed any supervisors, and other transactions material to each respective entity's

actual control over the conditions of the workers' employment. Although bank

records are not inherently confidential or privileged,[3] the Court is sympathetic to

Defendants' concern that their bank records contain sensitive and perhaps

proprietary information, such as evidence of their dealings with farmers and other

businesses. Defendants submitted a protective order which adequately addresses

these concerns. Considering the broad scope of discovery under Rule 26(b)(1) (see

also *Crosby v. Louisiana Health Serv. & Indem. Co.,* 647 F.3d 258, 262 (5th Cir.

2011)), the relevancy of the documents sought, and the protective order which would

protect confidential and proprietary information from disclosure to third-parties, the

Court denies Defendants' motion to quash.[4] See e.g. *Keybank Nat. Ass'n v. Perkins

Rowe Assocs., LLC*, No. CIV.A. 09-497-JJB, 2010 WL 4696637, at *2 (M.D. La.

Nov. 12, 2010) and *In re Gulf States Long Term Acute Care of Covington, L.L.C.,*

No. CIV.A. 11-1659, 2014 WL 2818590, at *2 (E.D. La. June 23, 2014) (both

---

[3]     Bank records are "not confidential communications but negotiable instruments," which "contain only information voluntarily conveyed to the banks and exposed to their employees in the ordinary course of business." *United States v. Gratkowski*, 964 F.3d 307, 310 (5th Cir. 2020), quoting *United States v. Miller*, 425 U.S. 435, 439–40, 96 S.Ct. 1619 (1976).

[4]     The Court indicated at the telephone hearing that it was considering limiting the scope of the subpoena; however, upon further consideration of the submitted protective order, the parties' arguments, the federal rules regarding the scope of discovery (particularly as to third-parties), and similar cases, the Court declines to limit the scope of the subpoena.

denying motion to quash subpoena for bank records on similar grounds). Accordingly,

IT IS ORDERED that Defendants' Motion to Quash (Rec. Doc. 95) is DENIED.

Signed at Lafayette, Louisiana on this 23rd day of March, 2026.

_____

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE