UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | ) | |
| FELIPE DE JESUS AVILA-SOTO,  et al. | ) | |
| | ) | Case No. 6:24-cv-01392 |
| Plaintiffs, | ) | |
| | ) | JUDGE ROBERT R. SUMMERHAYS |
| v. | ) | |
| | ) | MAGISTRATE JUDGE CAROL B. |
| SOUTH CENTRAL SUGAR CANE | ) | WHITEHURST |
| GROWERS' ASSOCIATION, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION**

Plaintiffs agree with the Magistrate Judge's Report and Recommendation (ECF No. 105) that their motion for Rule 23 class certification should be granted. Plaintiffs file this objection only to the extent that the phrase contained in the Report and Recommendation that states "Defendants are sugar cane farmers" is a factual finding that requires objection. (ECF No. 105 at 1.) That issue is in dispute, as Plaintiffs noted in their brief. (ECF No. 72-02 at 4) ("Defendnats claim that all truck drivers were exempt from overtime because Defendants assert they were 'farmers' and Plaintiffs truck driving was employment in 'farming.'"); (ECF No. 72-02 at 9) (arguing that Defendants improperly classified their business operations as "farming"); *see also* (ECF No. 1 – Compl. ¶ 45) ("During the time period relevant to this lawsuit, Defendants never engaged in the growing of sugarcane. Rather, they operated a sugar mill and a fleet of heavy tractor-trailer trucks hauling sugarcane grown by others to the mill in Franklin, Louisiana").

The issue of whether Defendants are entitled to an exemption from the payment of overtime wages is a central issue in this case, as the Report and Recommendation recognizes. (ECF No. 105 at 2-3.) Whether Defendants qualify for the "agricultural exemption" to overtime

1

will be decided based on whether the work performed by the truck drivers was performed "for a farmer" or "on a farm" as an incident to that farmers' agricultural operations. (ECF No. 72-02 at 11-12) (citing cases, including the Court's recent decision in *Barron v. Sterling Sugar Sales Corp.*, No. 6:21-CV-03741, 2025 U.S. Dist. LEXIS 178401, at *12-17 (W.D. La. Sept. 11, 2025)). Plaintiffs contend that Defendants are haulers of sugarcane (South Central Sugar Cane Growers' Association, Inc.) and a processor of sugarcane (Sterling Sugars, LLC) and never engaged in any "farming." (ECF No. 1 – Compl. ¶ 45). Any factual finding that Defendants "are sugar cane farmers" is improper at this time and is not something that Defendants raised in their opposition to Plaintiffs' motion for class certification. (ECF No. 91 at 5) (stating only that the *members* of South Central engage in the growing of sugarcane).[1]

Plaintiffs therefore object to the phrase "Defendants are sugar cane farmers" to the extent that was a factual finding of the Court.

Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone:  (828) 379-3169
Email:  jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA  94710

---

[1]  This is an important distinction since an association of farmers is not entitled to the agricultural exemption unless the association itself—as a separate entity—is a farmer, as Plaintiffs noted in their brief. (ECF No. 72-02 at 11) (citing 29 C.F.R. § 780.133 and *Tullous v. Texas Aquaculture Processing Co., LLC*, 579 F. Supp. 2d 811, 817-19 (S.D. Tex. 2008)).

Phone: (404) 590-1295
Email: dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email: dan@estesdavislaw.com

3