UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, et al. <br><br> Plaintiffs, <br><br> v. <br><br> SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., et al. <br><br> Defendants. | Case No. 6:24-cv-01392 <br><br> JUDGE ROBERT R. SUMMERHAYS <br><br> MAGISTRATE JUDGE CAROL B. WHITEHURST |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO AMEND COMPLAINT**

Plaintiffs seek leave to amend their Complaint to expressly add claims for the 2025 sugarcane season. The proposed Amended Complaint is attached for filing as Exhibit A and as Exhibit B as a redline version against the original Complaint, ECF No. 1, to highlight the proposed amendments. Plaintiffs seek to amend paragraphs 13, 36, 38, 42, 66, and 68 to make specific reference that the claims raised in Counts I, II, and III include work performed during the 2025 sugarcane season.[1] Plaintiffs' proposed amendments are in the interest of justice because they would bring related claims in a single suit and avoid a multiplicity of lawsuits covering different time periods. Plaintiffs asked Defendants to consent to this motion but Defendants declined.

**ARGUMENT**

After a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given

---

[1] In the proposed Amended Complaint the Plaintiffs also removed Juan Alejo Hernandez-Canela as a Plaintiff since Mr. Hernandez-Canela withdrew from the case on January 29, 2026. (ECF No. 65). The Plaintiffs also made an amendment to paragraph 12 of the Complaint to remove reference to Plaintiff Avila-Soto being employed in 2023 since while his visa was issued for 2023 his employment ended in November of 2022. Finally, the Plaintiffs amended paragraph 62 to conform to the Court's ruling on the definition of the FLSA collective action. (ECF No. 71.)

when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has stated that "the leave sought should, as the rules require, be 'freely given'" in the absence of undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fifth Circuit instructs that Rule 15 "requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (cleaned up).

The joinder of additional claims is "strongly encouraged" under the Rules. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) (superseded in non-relevant part by 28 U.S.C. § 1367). "A district court must possess a substantial reason to deny a request for leave to amend." *Jones*, 427 F.3d at 994. The Fifth Circuit generally reviews factors including "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Allowing amendment promotes judicial efficiency and resolution of disputes because "[t]he parties in this case and others would benefit from a decision by the district court on the merits as opposed to leaving the issue unresolved by denying leave to amend." *Brown v. Stored Value Cards*, Inc., 953 F.3d 567, 575 (9th Cir. 2020). Amendment "expedite[s] the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000).

### A.      There has Been No Undue Delay in the Filing of this Motion to Amend.

There has been no undue delay in moving to amend. Although the Complaint was filed prior to the start of the sugarcane hauling season that began in September of 2025, the parties have engaged in extensive discovery involving the 2025 season. For example, Plaintiffs asked Defendants to supplement their discovery responses to include information and documents related to the 2025 season, including payroll records for the class members for the 2025 season, which Defendants provided. Likewise, the parties have conducted depositions in which multiple witnesses have been questioned about the 2025 season. Defendants first raised an issue regarding

2

claims relating to the 2025 season in opposition to Plaintiffs' motion for Rule 23 class certification when they argued that Plaintiffs' proposed class definition that included the years 2022 through 2025 was overbroad. (ECF No. 91 at 21-23.) In a Report and Recommendation on Plaintiffs' Motion for Class Certification, Magistrate Judge Whitehurst discussed this issue, recommended that Plaintiffs' motion be granted, and recommended that the class definition include the 2025 season. (ECF No. 105 at 18-19.) Magistrate Judge Whitehurst also stated that any issue related to the 2025 season could be "cured with an amendment" and noted that "the Court would favorably consider a motion to amend the complaint to assert claims on behalf of the 2025 workers" even though the deadline for amendment has expired. (ECF No. 105 at 19.)[2] Defendants did not file any objections to the Report and Recommendation. Plaintiffs' amendment expressly adds allegations related to the 2025 season so that it is clear the claims in Counts I, II and III cover the seasons from 2022 through 2025. Defendants have been on notice that Plaintiffs considered the 2025 season to be part of the claims brought in this case via multiple email communications, in Plaintiffs' motion to send notice pursuant to the FLSA (ECF No. 42-02 at 2), in Plaintiffs' motion for class certification (ECF 72-2 at 6.), and in the conduct of written discovery requests and depositions.

Plaintiffs' amendment clarifies that claims for 2025 in addition to those for 2022-2024 are asserted. Lastly, Plaintiffs have moved to amend the Complaint while discovery is still ongoing.

---

[2] The scheduling order in this case set a deadline for amendment of pleadings. (ECF No. 33 at 1) (setting January 23, 2026). The discovery deadline has since been extended twice. (ECF No. 90 at 2); (ECF No. 101 at 1). Plaintiffs' amendment here is appropriate because there is good cause for the amendment even though the deadline for amendment of pleadings has passed. The parties treated the Complaint as covering the 2025 claims during the discovery period in this case, the amendment is important to resolve claims for multiple years together, there is no prejudice in allowing the amendment, and to the extent Defendants claim prejudice it could be readily remedied. Fed. R. Civ. P. 16(b)(4). Accordingly, "upon the movant's demonstration of good cause to modify the scheduling order . . . the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003).

**B.      There is No Bad Faith or Dilatory Motive in Plaintiffs' Motion**.

Plaintiffs are amending in a timely manner and with the intention of protecting the rights of all persons before the Court, including the class. Defendants may seek to argue that the amendment is to late—but all parties treated 2025 claims as part of the proceeding. And in the Fifth Circuit "[t]he delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Farmers Tex. Cty. Mut. Ins. Co. v. 1st Choice Accident & Injury, L.L.C.*, 168 F.4th 271 (5th Cir. 2026) (citation omitted). There is no such delay here.

**C.      There Is No Substantial Prejudice to Defendants.**

Defendants are not be substantially prejudiced by the amendment. Defendants have examined witnesses about 2025 and have responded to written discovery concerning 2025, including providing pay records for the 2025 season as well as communications, financial information, and other documents related to the 2025 season. Defendants were on notice that Plaintiffs intended to assert claims for 2025 based on the discovery served and because the original complaint pled claims for work by Plaintiff Suarez-Palafox, who continued to work for the Defendants during the 2025 season under the same conditions he experienced in 2022, 2023, and 2024.

Defendants also benefit from the judicial efficiency of having all claims resolved in one, rather than multiple lawsuits. *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977) ("[T]he primary purpose [of joinder] is to promote trial convenience and to prevent multiple lawsuits."); *accord Alexander*, 207 F.3d at 1323 (summarizing that "[p]lainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits."). Expressly including claims for 2025 adds no additional counts. Thus, as in *Alexander*, Plaintiffs' allegations of multiple violations of the same law "logically relate or overlap." 207 F.3d at 1325.

There is also significant overlap in the facts underlying the existing claims for the 2022-2024 seasons and those tying new 2025 claims to the allegations. First, Plaintiffs allege that the same conduct occurred each season and the same violations by the same Defendants for each

season at issue. The amendments simply add factual details related to the 2025 season, such as the wage rate Plaintiffs allege should have been paid and the number of class members employed during 2025. (Ex. A ¶¶ 36, 38, 42, 68.) No new counts are added. The Defendants utilized the same H-2A application process in 2025 as in prior years, and the contracts that Plaintiffs allege were breached in 2025 are identical to the 2022-2024 contracts with the exception of the wage rate that Plaintiffs allege should have been paid. (Ex. A ¶ 38) (alleging correct wage rate that should have been paid); (Ex. A ¶¶ 46-49) (paragraphs describing contracts that remains unchanged). The Plaintiffs' claims are the same, the claims arise out of the same transactions and occurrences, and there are common and basically identical questions of law and fact shared by each year of the claims. *Gibbs*, 383 U.S. at 724 ("[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

> **D.      The Amendment is Not Futile.**

Plaintiffs' Amended Complaint is legally sufficient to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint must contain "enough facts to state a claim to relief that is plausible on its face."). The complaint states the same claims that have already survived Defendants' motion to dismiss. (ECF No. 27.) Therefore, Plaintiffs' amendment is not futile and furthers an efficient, full, and just resolution of the parties' disputes. *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (reversing denial of motion to amend where amendment "was not futile").

**CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that the Court grant their Motion to Amend Complaint and permit Plaintiffs to file the Amended Complaint attached as Exhibit A.

Respectfully submitted,

**/s/ James M. Knoepp**

5

James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone:  (828) 379-3169
Email:  jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA  94710
Phone: (404) 590-1295
Email:  dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email:  dan@estesdavislaw.com

6