EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| FELIPE DE JESUS AVILA-SOTO,  et al. | ) | Case No. 6:24-cv-01392 |
| Plaintiffs, | ) | JUDGE ROBERT R. SUMMERHAYS |
| v. | ) | MAGISTRATE JUDGE CAROL B. WHITEHURST |
| SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., et al. | ) | |
| Defendants. | ) | |

**FLSA OPT-IN PLAINTIFFS' CONSOLIDATED RESPONSES TO DEFENDANT SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC.'S REQUESTS FOR  PRODUCTION  OF DOCUMENTS**

FLSA opt-in Plaintiffs Arnulfo Villegas-Miranda, Ruben Zayas-Reyes, Omar Alejandro Rosas-Osuna, Jose de Jesus Soto-Reza, and Baldemar Cervantes-Leyva (FLSA opt-in Plaintiffs) provide the following consolidated responses to Defendant's Requests for Production of Documents.

## GENERAL STATEMENT AND OBJECTIONS

1.      The FLSA opt-in Plaintiffs object to the substantial individualized discovery served on all of the FLSA opt-in Plaintiffs. Such individual discovery in a FLSA collective action and Rule 23 class action is unduly burdensome and duplicative, undermines the purpose of the FLSA collective action and Rule 23 class action mechanisms, fails to maintain the efficiencies required in FLSA collective action and Rule 23 class action proceedings, and has the purpose or effect of harassing and discouraging FLSA opt-in Plaintiffs' participation in this lawsuit.

1

2.      The FLSA opt-in Plaintiffs object that Defendants have not satisfied their burden of demonstrating the need to obtain individualized discovery responses from the FLSA opt-in Plaintiffs.

3.      The FLSA opt-in Plaintiffs object, pursuant to Fed. R. Civ. P. 26(b)(2), that the burden or expense of the propounded discovery outweighs its likely benefit, taking into account the needs of the case, the parties' resources, and the importance of the proposed discovery in resolving the issues.

4.      The FLSA opt-in Plaintiffs' responses are made without in any way waiving or intending to waive but, on the contrary, intending to preserve and preserving all of the above objections.

5.      The FLSA opt-in Plaintiffs' responses are made without in any way waiving or intending to waive but, on the contrary, intending to preserve and preserving:

        a.      All objections as to the competency, authenticity, relevancy, materiality, privilege and admissibility as evidence of the documents produced and/or the subject matter of any of those documents, in this proceeding and any subsequent proceeding, including the trial of this or any other action;

        b.      Plaintiffs' right to object to the use of the produced documents and/or the information provided in any subsequent proceeding in, or the trial of, this or any other action on any other grounds;

        c.      Plaintiffs' right to object on any grounds at any time to other document requests or discovery involving the produced documents and/or the subject matter thereof; and

        d.      FLSA opt-in Plaintiffs' right to supplement or amend these responses.

6.      The following General Objections apply to and are hereby incorporated in the response to each of the requests and shall have the same force and effect as if set forth in full in response to each individually numbered request. The stated objections shall be deemed continuous throughout the answers to the specific requests that follow even though not specifically referred to therein:

2

EXHIBIT 2

a.      The FLSA opt-in Plaintiffs object to each of the requests to the extent they seek disclosure of privileged and protected materials including, without limitation, documents that were prepared in anticipation of litigation, constitute attorney work-product, disclose mental impressions, conclusions, opinions or legal theories of any attorney for or other representative of Plaintiffs, contain privileged attorney-client communications, or are otherwise protected from disclosure under applicable privileges, laws or rules, including but not limited to the marital privilege. The FLSA opt-in Plaintiffs hereby claim such privileges and protections to the extent implicated by any of the requests or other subsequent requests. Any disclosure of privileged or protected information in response to the requests would be inadvertent and not intended to waive any privilege or protection;

b.      The FLSA opt-in Plaintiffs object to the requests to the extent they seek to require the production of or to impose requirements with respect to the production of documents in addition to or different from those set forth in the Federal Rules of Civil Procedure;

c.      The FLSA opt-in Plaintiffs object to the requests insofar as they seek documents that are part of the public record or are otherwise readily available to Defendants from another source, or for documents which were created or prepared by Defendants and are currently in Defendants' possession, on the ground that such documents are equally available to Defendants and that the burden and expense of obtaining such documents is not greater for Defendants than for the FLSA opt-in Plaintiffs.

**REQUEST  FOR  PRODUCTION  NO. 1:**

For each Plaintiff, please produce an executed and dated Administrative Records Release Authorization by completing the attached form.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request on the ground that seeks information that is irrelevant to the claims or defenses

3

in this case. An authorization to obtain records from any administrative agency "including but not limited to, the Office of Workers' Compensation, Department of Labor, the Office of Federal Contract Compliance Program, Equal Employment Opportunity Commission, Social Security Agency, Louisiana Department of Employment Security, National Labor Relations Board, Wage and Hour Division of the Fair Labor Standards Act, Occupational Safety and Health Administration, Louisiana Commission on Human Rights, and Louisiana Health and Welfare Administration." Plaintiffs' records with these agencies, including a listed "agency" that does not actually exist ("Wage and Hour Division of the Fair Labor Standards Act"), are irrelevant to FLSA opt-in Plaintiffs' claims for work already performed for Defendants.

To the extent any administrative agency may have relevant documents, the authorization is overbroad and not proportional to the needs of this case in that it would entitle Defendants to obtain documents from any time period with any administrative agency or employer, including those that have no relation to FLSA opt-in Plaintiffs' claims. Even if these records were relevant, the invasion of privacy and harassment outweigh the probative value of information that might be obtained via this release.

Because this request is wholly objectionable, FLSA opt-in Plaintiffs will not execute the authorization form.

**REQUEST FOR PRODUCTION NO. 2:**

For each Plaintiff, please produce an executed and dated Personnel Records Authorization by completing the attached form.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request on the ground that the attached authorization is overbroad as to time as it would entitle Defendants to obtain any employment-related records of FLSA opt-in Plaintiffs for an

4

EXHIBIT 2

unlimited time period. The request is further overbroad, unduly burdensome, harassing, and not proportional to the needs of the case in that it seeks irrelevant information from all of FLSA opt-in Plaintiffs' other employers. FLSA opt-in Plaintiffs' prior and subsequent employment is irrelevant to the claims and the defenses in this case, where FLSA opt-in Plaintiffs' claims are based on work performed for Defendants. Even if FLSA opt-in Plaintiffs' prior and subsequent employment were relevant, which it is not, the potential invasion of privacy and harassment outweigh the probative value of information that might be obtained via this release, the majority, if not all, of which is irrelevant.

Because this request is wholly objectionable, FLSA opt-in Plaintiffs will not execute the authorization form.

**REQUEST FOR PRODUCTION NO. 3:**

For each Plaintiff, please produce an executed and dated Unemployment Records Release Authorization by completing the attached form.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that this request is vague and confusing in that no "Unemployment Records Release Authorization" form was contained within Defendants' requests for production or its attachments. To the extent that Defendants seek any records related to unemployment benefits of FLSA opt-in Plaintiffs, such request is overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks irrelevant information. FLSA opt-in Plaintiffs' unemployment records are irrelevant to their entitlement to damages for claims based on work performed for Defendants. In addition, H-2A workers such as FLSA opt-in Plaintiffs are not subject to unemployment tax and are ineligible for unemployment benefits. Even if FLSA opt-in Plaintiffs' unemployment records were

5

relevant, which they are not, the potential invasion of privacy and harassment outweigh the probative value of information that might be obtained, the majority, if not all, of which is irrelevant.

Because this request is wholly objectionable, FLSA opt-in Plaintiffs will not execute any authorizations seeking these records.

**REQUEST FOR PRODUCTION NO. 4:**

For each Plaintiff, please produce an executed and dated Authorization for Release of Criminal and/or Arrest Records by completing the attached form.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request on the ground that the attached authorization is overbroad as to time, as it would entitle Defendants to obtain criminal records from an undefined time period. The request is further overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks irrelevant information. FLSA opt-in Plaintiffs' criminal records, to the extent there are any, are irrelevant to their entitlement to damages for claims based on work performed for Defendants. Even if FLSA opt-in Plaintiffs' criminal records were relevant, which they are not, the potential invasion of privacy and harassment outweigh the probative value of information that might be obtained via this release, the majority, if not all, of which is irrelevant.

Because this request is wholly objectionable, FLSA opt-in Plaintiffs will not execute the requested authorization.

**REQUEST FOR PRODUCTION NO. 5:**

For each Plaintiff, please produce an <u>original</u> executed and dated Request for Copy of Tax Return Form 4506 by completing the attached form.

6

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request on the ground that the request is overbroad as to time, as it would entitle Defendants to obtain tax records during periods that FLSA opt-in Plaintiffs were not employed with Defendants. The request is further overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks irrelevant information. FLSA opt-in Plaintiffs' claims relate to wages owed for work they completed for Defendants. Income from other sources and other tax-related information is irrelevant to whether Defendants properly compensated FLSA opt-in Plaintiffs for their work. Even if FLSA opt-in Plaintiffs' tax records were relevant, which they are not, the potential invasion of privacy and harassment outweighs the probative value of information that might be obtained by the release. FLSA opt-in Plaintiffs have a qualified privilege related to their tax returns which Defendants are unable to overcome, particularly here where there is no relevance to FLSA opt-in Plaintiffs' tax returns and where Defendants already possess all information concerning FLSA opt-in Plaintiffs' wage payments for their employment with Defendants.

Because this request is wholly objectionable, FLSA opt-in Plaintiffs will not execute the requested form.

**REQUEST FOR PRODUCTION NO. 6:**

For each Plaintiff, please produce the original executed USCIS Form G-639 attached to this Request for Production of Documents.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request on the ground that that it is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. Immigration records pertaining to the FLSA opt-in Plaintiffs are irrelevant to the claims and defenses in this case. To the extent that any documents would be

7

relevant, an authorization that entitles Defendants to obtain documents from any time period relating to any employer and/or any immigration filing, including those that have no relation to FLSA opt-in Plaintiffs' claims, is overbroad, harassing, and not proportional to the needs of the case. Defendants are in possession of FLSA opt-in Plaintiffs' immigration information because Defendants obtained employer-based visas for FLSA opt-in Plaintiffs. Accordingly, this information is at least equally available to Defendants, if not already in the actual possession of Defendants. As the entity that secured the work visas, Defendants already have a copy of those visas and the ability to obtain copies of Defendants' prior immigration petitions on demand. Even if USCIS records were relevant, which they are not, the invasion of privacy and harassment outweigh the probative value of any information that might be obtained via the requested release.

Because this request is wholly objectionable, FLSA opt-in Plaintiffs will not execute the requested form.

**REQUEST FOR PRODUCTION NO. 7:**

For each Plaintiff, please produce an <u>original</u> executed and dated Social Security Administration Consent for Release of Information Form 3288 by completing the attached form.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request on the ground that it is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case in that it seeks irrelevant information. FLSA opt-in Plaintiffs' claims relate to wages owed for work already performed for the Defendants, during which Defendants did not pay any social security taxes related to FLSA opt-in Plaintiffs' wages. Information related to income from other sources, including social security benefits, is irrelevant. In addition, H-2A workers such as FLSA opt-in Plaintiffs do not pay social security tax and are

8

ineligible for social security benefits. Even if FLSA opt-in Plaintiffs' social security records were relevant, which they are not, the potential invasion of privacy and harassment outweigh the probative value of information that might be obtained from the release. FLSA opt-in Plaintiffs also object that the request is overbroad as to time frame.

Because this request is wholly objectionable, FLSA opt-in Plaintiffs will not execute the requested form.

**REQUEST FOR PRODUCTION NO. 8:**

For each Plaintiff, produce an <u>original</u> executed and dated Request for Individual Access to Records Protected Under the Privacy Act by completing the attached form.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request on the ground that it is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case in that it seeks irrelevant information. FLSA opt-in Plaintiffs' claims relate to wages owed for work already performed for the Defendants, during which Defendants did not pay any social security taxes related to FLSA opt-in Plaintiffs' wages. Information related to records protected under the Privaty Act are irrelevant. Even if FLSA opt-in Plaintiffs' records protected by the Privacy Act were relevant, which they are not, the potential invasion of privacy and harassment outweigh the probative value of information that might be obtained from the release. FLSA opt-in Plaintiffs also object that the request is overbroad as to time frame.

Because this request is wholly objectionable, FLSA opt-in Plaintiffs will not execute the requested form.

**REQUEST FOR PRODUCTION NO. 9:**

For each Plaintiff, produce an <u>original</u> executed and dated Consent for Disclosure of Records Protected Under the Privacy Act by completing the attached form.

RESPONSE:

FLSA opt-in Plaintiffs object to this request as duplicative of Request No. 8 and hereby incorporate the same objections for Request No. 8 to this request.

**REQUEST FOR PRODUCTION NO. 10:**

Produce any and all documents identified, referenced, referred to, and/or relied upon by You in the Complaint and/or in the Memorandum of Law in Support of Plaintiff's [sic] Motion for 29 U.S.C. § 216(b) Notice to Similarly Situated Workers and for Disclosure of Contract Information.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that the request is not narrowly tailored and is an impermissible request for all documents that are "identified, referenced, referred to, and/or relied upon" in any of 92 paragraphs in the Complaint, and the entirety of FLSA opt-in Plaintiffs' multi-year employment, and documents referenced in the Plaintiffs' Motion for FLSA Notice. FLSA opt-in Plaintiffs object that the request fails to request items with the "reasonable particularity" required by the Federal Rules. The request is so overbroad that FLSA opt-in Plaintiffs cannot know what documents are sought by such a request or discern which documents might be responsive—the request is an impermissible request for "all documents" without specifying particular paragraphs, subjects or issues.

FLSA opt-in Plaintiffs further object to this request on the ground that they did not identify, reference or rely upon documents for allegations in the Complaint as the FLSA opt-in Plaintiffs joined this case subsequent to the filing of the Complaint. FLSA opt-in Plaintiffs are not attorneys,

10

did not draft the Complaint, and were not even parties to the original Complaint and therefore they did not personally identify, reference, refer to, or rely upon any documents.

FLSA opt-in Plaintiffs further object to this request on the ground that it encompasses documents protected by the attorney-client privilege or the attorney work product doctrine. By requesting any documents "referenced" or "relied upon" the request seeks to reveal counsel's mental impressions, analysis of legal theories, and notes in drafting the Complaint. Attorney-client privileged communications as well as memos, letters, e-mails, notes, and legal research materials that Plaintiffs' attorneys created and/or consulted in drafting the Complaint are arguably responsive even though such documents are clearly not subject to disclosure.

Subject to and without waiving these objections, and in response to the non-objectionable portions of this request regarding documents "identified" or "referenced" in the Complaint, Plaintiffs have already produced the H-2A orders submitted by Defendants to the U.S. Department of Labor and wage rate data publicly available from the United States Department of Labor. These documents were either prepared by Defendants or are equally available to Defendants.

**REQUEST FOR PRODUCTION NO. 11:**

Produce any and all written or recorded statements, comments, reports, interviews, translations, notes, photographs, digital images, video recordings, audio recordings, or any other recordings related to the allegations in the Complaint.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that the request is not narrowly tailored and is an impermissible request for all documents that relate to any of 92 paragraphs in the Complaint and the entirety of FLSA opt-in Plaintiffs'

11

multi-year employment. FLSA opt-in Plaintiffs object that the request fails to request items with the "reasonable particularity" required by the Federal Rules. The request is so overbroad that FLSA opt-in Plaintiffs cannot know what documents are sought by such a request or discern which documents might be responsive.

FLSA opt-in Plaintiffs further object to this request on the ground that it encompasses documents protected by the attorney-client privilege or the attorney work product doctrine. Attorney-client privileged communications as well as memos, letters, e-mails, notes, and legal research materials that Plaintiffs' attorneys created and/or consulted in drafting the Complaint are arguably responsive as "related to the allegations in the Complaint" even though such documents are clearly not subject to disclosure. FLSA opt-in Plaintiffs further object to this request as confusing and improper in as much as they were not named parties in the Complaint and did not file the Complaint.

Because this request is wholly objectionable, no response is provided.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all non-privileged documents Plaintiffs referenced and/or relied upon to answer Interrogatories and/or Request [sic] for Admission.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request on the ground that it encompasses documents protected by the attorney-client privilege or the attorney work product doctrine in that it seeks any documents that counsel may have "referenced" during the preparation of Plaintiffs' responses to Interrogatories or Requests for Admission. FLSA opt-in Plaintiffs further object that the request for "all . . . documents Plaintiffs referenced and/or relied upon" to answer any of

12

EXHIBIT 2

Defendants' 24 interrogatory requests is not stated with reasonable particularity for FLSA opt-in Plaintiffs to know what information is sought in the request.

Because this request is wholly objectionable, no response is provided.

**REQUEST FOR PRODUCTION NO. 13**:

Produce any correspondence between yourself and any employee, representative, or agent of Defendants created any time between January 1, 2021, and the present.  This request includes, but is not limited to, conversations or correspondence including any of the named Plaintiffs, putative class/collective members, or any combination of the two, in which Plaintiffs' counsel is not included. This request also includes, but is not limited to, all correspondence related to your recruitment and hiring, and scope of work with South Central Sugar Cane Growers' Association, Inc., whether in paper or electronic format (which electronic records should be produced in native format unless not reasonably accessible because of undue burden or cost).

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request to the extent it requests documents protected by the attorney-client privilege or the attorney work product doctrine, including communications between co-Plaintiffs or others covered by the common interest or joint prosecution privileges. FLSA opt-in Plaintiffs further object that this request is overbroad and not proportional to the needs of the case in that is seeks "any correspondence," which would encompass communications that are irrelevant to the claims and defenses in this case and have nothing to do with whether Defendants properly compensated the FLSA opt-in Plaintiffs and other class members for their work.

Subject to and without waiving these objections, FLSA opt-in Plaintiffs will provide documents currently in their possession responsive to this request.

**REQUEST  FOR  PRODUCTION  NO. 14**:

Please produce all correspondence sent and/or received by any Plaintiff while allegedly employed by South Central Sugar Cane Growers' Association, Inc., the content of which relates to any of Plaintiffs' claims or any of the defenses in this litigation.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that the request fails to request items with the "reasonable particularity" required by the Federal Rules. The request for "correspondence" with no topic of the correspondence other than that it "relates to any of Plaintiffs' claims" in a multi-count complaint concerning multiple years of employment or "any of the defenses" in an Answer filed by Defendants that contains 40 affirmative defenses is not stated with reasonable particularity.

FLSA opt-in Plaintiffs further object to this request on the ground that it encompasses documents protected by the attorney-client privilege or the attorney work product doctrine, including communications between co-Plaintiffs or others covered by the common interest or joint prosecution privileges.

Because this request is wholly objectionable, no response is provided.

**REQUEST  FOR  PRODUCTION  NO. 15**:

For each Facebook account maintained by you, please produce your account data for the period of January 1, 2021, to the present relating to Plaintiffs' claims against Defendant in this case, including Plaintiffs' claims for damages.  You may download and print your Facebook data by

14

logging onto your Facebook account, selecting "Account," then clicking "Settings and Privacy,"

then "Settings," then "Your Facebook Information," and following the instructions on the

"Download Your Information" page.

Alternatively, you may download and print your Facebook or Whats App data when

responding to this request.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and

further object that this request on the basis that it is overbroad, harassing, and not

proportional to the needs of the case in seeking a broad array of information with limited, if

any, probative value related to FLSA opt-in Plaintiffs' claims in this case that they were not

paid properly for work performed for Defendants. In addition, FLSA opt-in Plaintiffs object

that this request is vague and not proportional to the needs of the case in that it fails to

identify the documents sought with reasonable particularity because it does not identify any

particular category of data from the wide array of information collected by Facebook. FLSA

opt-in Plaintiffs further objects that a request for account data "relating to Plaintiffs' claims

against Defendants in this case, including Plaintiffs' claims for damages" is undefined,

vague, and could encompass any communication concerning work, driving, travel, or

location over multiple calendar years. FLSA opt-in Plaintiffs further objects that the request

is not narrowly tailored and is an impermissible request for any documents "directly or

indirectly" relating to the entirety of FLSA opt-in Plaintiffs' multi-year employment.

Because this request is wholly objectionable, no response is provided.

**REQUEST FOR PRODUCTION NO. 16**:

Produce all electronic messages, including but not limited to texts, instant messages,

and direct messages via social media sites or messaging apps, that were sent or received by you between January 1, 2021, to the present relating to your claims against Defendants in this case, including your claims for damages.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that this request is overbroad, unduly burdensome, and not proportional to the needs of the case insofar as the request does not specify a discernible subject of communications and instead seeks communications regarding any issue in this case over a more than five year time period. FLSA opt-in Plaintiffs further object that the request for communications "relating to your claims against Defendants in this case, including your claim for damages" is undefined, vague, and could encompass any communication concerning work in multiple calendar years. FLSA opt-in Plaintiffs further object that the request is not narrowly tailored and is an impermissible request for any documents "directly or indirectly" relating the entirety of FLSA opt-in Plaintiffs' multi-year employment. The request is so overbroad that FLSA opt-in Plaintiffs cannot know what documents are responsive. FLSA opt-in Plaintiffs further object to this request on the ground that it seeks information already in Defendants' possession or equally available to Defendants, and therefore this request is unduly burdensome and not proportional to the needs of the case.

Because this request is wholly objectionable, no response is provided.

**REQUEST FOR PRODUCTION NO. 17**:

Produce all non-privileged e-mails (and attachments) that were sent or received by you between January 1, 2021, to the present relating to Plaintiffs' claims against South Central Sugar Cane Growers' Association, Inc. in this case, including Plaintiffs' claims for damages.

RESPONSE:

16

EXHIBIT 2

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that the request for "all . . . e-mails . . . relating to Plaintiffs' claims against Defendants in this case" is vague, undefined, and not reasonably particularized for FLSA opt-in Plaintiffs to know what information is sought.

Limiting this request to e-mails sent to or received from Defendants: FLSA opt-in Plaintiffs are not in possession of e-mails sent to or received from Defendants.

**REQUEST FOR PRODUCTION NO. 18**:

Produce documents relating to your efforts to secure or obtain other employment from May 1, 2021 to the present, including but not limited to correspondence, applications, resumes, offer letters, rejection letters, diaries, calendars, or appointment books reflecting your efforts to secure or obtain such employment.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request because the term "other employment" is vague. FLSA opt-in Plaintiffs will interpret this phrase to mean employment with an entity or individual that is not Defendants. FLSA opt-in Plaintiffs object to the request as overbroad, not proportional to the needs of this case, and harassing to the extent that it seeks information about any employment other than FLSA opt-in Plaintiffs' employment by Defendants in this case. FLSA opt-in Plaintiffs claim they were not properly compensated for work already performed and completed with Defendants during their respective years of employment by Defendants. Any other employment by FLSA opt-in Plaintiffs, or their efforts to seek other employment, is completely irrelevant to the claims and defenses in this case.

Because this request is wholly objectionable, no response is provided.

EXHIBIT 2

**REQUEST FOR PRODUCTION NO. 19**:

Produce all documents relating to any lawsuit, other than the instant lawsuit, or any civil or criminal proceeding to which you have been a party within the last five years.  This includes, but is not limited to, all documents relating to any arrests or civil commitments within the last five years.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as overbroad, not proportional to the needs of this case, and harassing because litigation or other proceedings not involving these Defendants, or entities associated with these Defendants, in which FLSA opt-in Plaintiffs have been involved is not relevant to the claims or defenses in this case, where FLSA opt-in Plaintiffs' claims relate to wages owed for work they completed for Defendants. FLSA opt-in Plaintiffs' involvement in any such other proceedings has no bearing on whether Defendants properly compensated FLSA opt-in Plaintiffs for their work. FLSA opt-in Plaintiffs further object that this request seeks documents which would not be admissible, nor likely to lead to the discovery of admissible evidence, as the requested documents fall outside of Federal Rule of Evidence 609 admissibility requirements.

FLSA opt-in Plaintiffs further object to the extent that this request encompasses documents protected by the attorney-client privilege or attorney work-product doctrine in that is seeks all documents "relating to any lawsuit . . . civil or criminal proceeding," which would include any number of attorney-client privileged documents or work product, including communications or memos, letters, e-mails, notes, and legal research materials that Plaintiffs' attorneys created and/or consulted in regard to any other lawsuit or civil or criminal proceeding.

FLSA opt-in Plaintiffs further object to this request as any documents related to the

18

lawsuit *Barron, et al. v. Sterling Sugar Sales Corp.*, Case No. 6:21-CV-03741 (W.D. La.) are

within Defendants' possession, custody or control or at least equally available to Defendants.

Because this request is objectionable as to unrelated proceedings and because records

in *Barron, et al. v. Sterling Sugar Sales Corp.*, Case No. 6:21-CV-03741 (W.D. La.) are

equally available to the Defendants, no further response is provided.

**REQUEST FOR PRODUCTION NO. 20**:

Your tax returns, W-2 forms, and 1099 forms (including all supplemental schedules and

supporting documents/schedules) for tax years 2018 to present.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further

object to this request on the ground that it is overbroad as to time, as it seeks to obtain tax records

during periods that FLSA opt-in Plaintiffs were not employed with Defendants. The request is

further overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks

irrelevant information. FLSA opt-in Plaintiffs' claims relate to wages owed for work they completed

for Defendants. Income from other sources and other tax-related information is irrelevant to whether

Defendants properly compensated FLSA opt-in Plaintiffs for their work. Even if FLSA opt-in

Plaintiffs' tax records were relevant, which they are not, the potential invasion of privacy and

harassment outweighs the probative value of information that might be obtained by the release.

FLSA opt-in Plaintiffs have a qualified privilege related to their tax returns which Defendants are

unable to overcome, particularly here where there is no relevance to FLSA opt-in Plaintiffs' tax

returns and where Defendants already possess all information concerning FLSA opt-in Plaintiffs'

wage payments for their employment with Defendants.

Because this Request is wholly objectionable, no response is provided.

19

**REQUEST FOR PRODUCTION NO. 21**:

Produce all documents or tangible items that Plaintiffs may use at trial or any deposition in this case, whether as exhibits, demonstrative evidence, or evidence introduced into the record.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as improper because it asks FLSA opt-in Plaintiffs to provide a list of trial exhibits prematurely, violates the attorney work product doctrine because it would reveal counsel's mental impressions and conclusions, including in preparing for depositions. FLSA opt-in Plaintiffs further object that the request effectively has no subject and FLSA opt-in Plaintiffs, where trial is not imminent, cannot determine what documents are sought. FLSA opt-in Plaintiffs will disclose information concerning trial exhibits pursuant to the Federal Rules of Civil Procedure, Rule 26(a)(3), this Court's local rules, and this Court's scheduling order, and object to this request to the extent that it demands information prematurely and beyond the scope of those Rules.

Because this Request is wholly objectionable, no response is provided.

**REQUEST FOR PRODUCTION NO. 22**:

Produce all documents or tangible items that you have provided or will provide to any expert retained by you or your counsel in connection to this litigation.

RESPONSE:  No responsive documents.

**REQUEST FOR PRODUCTION NO. 23**:

Produce all reports or summaries relating to this case that were provided to any expert witness.

RESPONSE: No responsive documents.

20

**REQUEST FOR PRODUCTION NO. 24**:

Produce all reports or summaries relating to this case that were prepared by any expert witness.

RESPONSE: No responsive documents.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all documents, including but not limited to OEWS data, AEWR wage surveys, or any other wage surveys, studies, or analyses relevant to Plaintiffs' claims, that identify, describe, or reflect the methodology used to determine wages for workers who are 'similarly employed.'

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as the information sought—public records created and maintained by governmental agencies—are within Defendants' possession, custody or control or at least equally available to Defendants. Because the request for government records, from the FLSA opt-in Plaintiffs, is wholly objectionable no further response is provided.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents concerning the methodology used to calculate OEWS wage rates, AEWR wage rates, or any other wage survey relied on in connection with Plaintiffs' claims, including documents showing how 'similarly employed' workers were identified, categorized, or weighted in the wage determination process.

RESPONSE:  FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as the information sought—public records created and maintained by  governmental agencies—are within Defendants' possession, custody or control or at least equally available to Defendants.

Because the request for government records, from the FLSA opt-in Plaintiffs, is wholly objectionable no further response is provided.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all documents, data sets, analyses, and supporting materials relating to any OEWS, AEWR, or other wage survey considered or used in connection with Plaintiffs' claimed wage entitlements, specifically including documents showing the criteria, methodology, sampling, or occupational classifications used to determine wages for workers alleged to be 'similarly employed' to Plaintiffs.

RESPONSE:  FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as the information sought—public records created and maintained by  governmental agencies—are within Defendants' possession, custody or control or at least equally available to Defendants.

Because the request for government records, from the FLSA opt-in Plaintiffs, is wholly objectionable no further response is provided.

**REQUEST FOR PRODUCTION NO. 28:**

If you contend you are entitled to be paid the rates identified at Paragraph 38 of the Complaint, then produce all evidence relating to that wage methodology as it relates to your contention of applicability in this case.

RESPONSE:  FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as the information sought—public records created and maintained by  governmental agencies—are within Defendants' possession, custody or control or at least equally available to Defendants. Additionally, FLSA opt-in Plaintiffs object that a request regarding a contention of a specific Complaint paragraph to FLSA opt-in Plaintiffs is improper

and confusing as the FLSA opt-in Plaintiffs joined the suit after the Complaint was filed and did not make factual contentions in the Complaint.

Because the request for government records, from the FLSA opt-in Plaintiffs, is wholly objectionable no further response is provided.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all evidence you anticipate offering at trial to support Paragraph 38 of the Complaint.

RESPONSE:  FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as improper because it asks FLSA opt-in Plaintiffs to provide a list of trial exhibits prematurely and violates the attorney work product doctrine because it would reveal counsel's mental impressions and conclusions. Plaintiffs will disclose information concerning trial exhibits pursuant to the Federal Rules of Civil Procedure, Rule 26(a)(3), this Court's local rules, and this Court's scheduling order, and object to this request to the extent that it demands information prematurely and beyond the scope of those Rules.

Because this Request is wholly objectionable, no response is provided.

**REQUEST FOR PRODUCTION NO. 30**:

Produce all documents or other property you received or took from South Central Sugar Cane Growers' Association, Inc. while you were employed.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it requests documents or property that are not relevant to FLSA opt-in Plaintiffs' claims in this case where FLSA opt-in Plaintiffs claim that Defendants improperly compensated them for

their work. FLSA opt-in Plaintiffs' object that the Request for Documents that Plaintiffs allegedly "took" from South Central Sugar Cane Growers' Association, Inc. is harassing. FLSA opt-in Plaintiffs further object that request for "all documents . . . received … from South Central Sugar Cane Growers' Association, Inc." is overbroad, lacks particularity, and involves documents equally available to Defendants.

Because this Request is wholly objectionable, no response is provided.

**REQUEST FOR PRODUCTION NO. 31**:

Produce all documents and/or evidence concerning work you performed for any other entity while you were employed with, or engaged by, South Central Sugar Cane Growers' Association, Inc.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as vague in that the phrase "work you performed for any other entity" is unclear and ambiguous, especially given that, in this case, Defendants assigned FLSA opt-in Plaintiffs to pick up and transport sugarcane from various farms in Louisiana while employed by Defendants. FLSA opt-in Plaintiffs object to this request as overbroad, not proportional to the needs of this case, and harassing because FLSA opt-in Plaintiffs' employment with an entity other than Defendants is not relevant to the claims or defenses in this case. FLSA opt-in Plaintiffs' claims seek compensation for work performed for Defendants during their respective years of employment by Defendants. Thus, any other "work" by FLSA opt-in Plaintiffs is completely irrelevant to the claims and defenses in this case. Plaintiffs also have a legitimate privacy interest in protecting the confidentiality of their employment history, particularly as the request is not relevant to any claim or defense. Fed. R. Civ. P. 26(b)(2)(iii).

Because this request is wholly objection, no response is provided.

24

**REQUEST FOR PRODUCTION NO. 32:**

Produce every document you submitted to the U.S. Department of State concerning any visa application you submitted to enter the United States to work for Sterling Sugars, LLC.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as overbroad, not proportional to the needs of this case, and harassing because any actual visa application submitted as part of the H-2A visa approval process is not relevant to the claims or defenses in this case and contains personal information which FLSA opt-in Plaintiffs have a privacy interest in withholding. FLSA opt-in Plaintiffs have already produced copies of the visas they obtained to work for Defendants, and Defendants were the immigration petitioners who requested and obtained FLSA opt-in Plaintiffs' visas and arranged the immigration application process through Defendants' own agents. The visa application requested here has no bearing on FLSA opt-in Plaintiffs' claims that they were improperly compensated by Defendants for their work.

Because this Request is wholly objectionable, no response is provided.

**REQUEST FOR PRODUCTION NO. 33**:

Produce a copy of each H-2A visa and I-94 document you used to enter the United States to work for South Central Sugar Cane Growers' Association, Inc.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that the information requested is in Defendants' possession and control and accordingly it is unduly burdensome and not proportional to the needs of this case for Defendants to request that FLSA opt-in Plaintiffs produce documents which Defendants have

25

in their possession.

Subject to and without waiving this objection, FLSA opt-in Plaintiffs will produce documents currently in their possession responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:**

Produce a copy of each H-2A visa and I-94 document you used to enter the United States to work for Sterling Sugars, LLC.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that the information requested is in Defendants' possession and control and accordingly it is unduly burdensome and not proportional to the needs of this case for Defendants to request that FLSA opt-in Plaintiffs produce documents which Defendants have in their possession.

Subject to and without waiving this objection, FLSA opt-in Plaintiffs will produce documents currently in their possession responsive to this request.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all documents related to your allegations in paragraph 54 of the Complaint, including but not limited to your claim for, or computation of, expenses to obtain special drivers' licenses.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that the request is confusing and improper with respect to "your allegations in paragraph 54 of the Complaint" in as much as the FLSA opt-in Plaintiffs did not file the Complaint and are not named Plaintiffs who made allegations in the Complaint. FLSA opt-in Plaintiffs further object that a

26

request for "computation" is vague and appears to request that FLSA Opt-in Plaintiffs prepare a document.

Subject to and without waiving this objection, FLSA opt-in Plaintiffs will produce documents currently in their possession responsive to this request.

**REQUEST FOR PRODUCTION NO. 36**:

Produce all documents related to your allegations in paragraph 55 of the Complaint, including but not limited to your claim for, or computation of, expenses for medical examinations.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that the request is confusing and improper with respect to "your allegations in paragraph 55 of the Complaint" in as much as the FLSA opt-in Plaintiffs did not file the Complaint and are not named Plaintiffs who made allegations in the Complaint. FLSA opt-in Plaintiffs object that a request for "computation" is vague and appears to request that FLSA opt-in Plaintiffs prepare a document.

Subject to and without waiving this objection, FLSA opt-in Plaintiffs will produce documents currently in their possession responsive to this request.

**REQUEST FOR PRODUCTION NO. 37**:

Produce all documents related to your allegations in paragraph 56 of the Complaint, including but not limited to your claim for, or computation of, transportation expenses to the U.S. Consulate.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that the request is confusing and improper with respect to "your allegations in paragraph 56 of the Complaint" in as much as the FLSA opt-in Plaintiffs did not file the Complaint and are not

EXHIBIT 2

named Plaintiffs who made allegations in the Complaint. FLSA opt-in Plaintiffs object that a request for "computation" is vague and appears to request that FLSA opt-in Plaintiffs prepare a document.

Subject to and without waiving this objection, FLSA opt-in Plaintiffs will produce documents currently in their possession responsive to this request.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all documents related to your allegations in paragraph 57 of the Complaint, including but not limited to your claim for, or computation of, lodging expenses.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that the request is confusing and improper with respect to "your allegations in paragraph 57 of the Complaint" in as much as the FLSA opt-in Plaintiffs did not file the Complaint and are not named Plaintiffs who made allegations in the Complaint. FLSA opt-in Plaintiffs object that a request for "computation" is vague and appears to request that FLSA opt-in Plaintiffs prepare a document.

Subject to and without waiving this objection, FLSA opt-in Plaintiffs will produce documents currently in their possession responsive to this request.

**REQUEST FOR PRODUCTION NO. 39**:

Produce all documents related to your allegations in paragraph 58 of the Complaint, including but not limited to your claim for, or computation of, expenses for your visa application.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that the request is confusing and improper with respect to "your allegations in paragraph 58 of the Complaint" in as much as the FLSA opt-in Plaintiffs did not file the Complaint and are not

EXHIBIT 2

named Plaintiffs who made allegations in the Complaint. FLSA opt-in Plaintiffs object that a request for "computation" is vague and appears to request that FLSA opt-in Plaintiffs prepare a document.

Subject to and without waiving this objection, FLSA opt-in Plaintiffs will produce documents currently in their possession responsive to this request.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all documents related to your allegations in paragraph 59 of the Complaint, including but not limited to your claim for, or computation of, transportation expenses to Louisiana.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that the request is confusing and improper with respect to "your allegations in paragraph 59 of the Complaint" in as much as the FLSA opt-in Plaintiffs did not file the Complaint and are not named Plaintiffs who made allegations in the Complaint. FLSA opt-in Plaintiffs object that a request for "computation" is vague and appears to request that FLSA opt-in Plaintiffs prepare a document.

Subject to and without waiving this objection, FLSA opt-in Plaintiffs will produce documents currently in their possession responsive to this request.

**REQUEST FOR PRODUCTION NO. 41**:

Produce all documents related to your allegations in paragraph 60 of the Complaint, including but not limited to your claim for, or computation of, expenses for issuance of Form I-94.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that the request is confusing and improper with respect to "your allegations in paragraph 60 of the Complaint" in as much as the FLSA opt-in Plaintiffs did not file the Complaint and are not

named Plaintiffs who made allegations in the Complaint. FLSA opt-in Plaintiffs object that a request for "computation" is vague and appears to request that FLSA opt-in Plaintiffs prepare a document.

Subject to and without waiving this objection, FLSA opt-in Plaintiffs will produce documents currently in their possession responsive to this request.

**EQUEST FOR PRODUCTION NO. 42**:

Produce a copy of any employment contracts you claim were breached.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as unduly burdensome and not proportional to the needs of this case as Defendants prepared, and are in possession of, the employment contracts at issue and accordingly Defendants are at least equally able to obtain the documents requested.

Subject to and without waiving these objections, Plaintiffs have already produced copies of all job orders and related filings prepared by Defendants.

**REQUEST FOR PRODUCTION NO. 43:**

Produce a copy of every employment contract you entered with Sterling Sugars, LLC.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as unduly burdensome and not proportional to the needs of this case as Defendants prepared, and are in possession of, the employment contracts at issue and accordingly Defendants are at least equally able to obtain the documents requested.

Subject to and without waiving these objections, Plaintiffs have already produced copies of all job orders and related filings prepared by Defendants.

**REQUEST FOR PRODUCTION NO. 44**:

30

EXHIBIT 2

Produce any application for prevailing wage determination and/or prevailing wage determination referenced in Paragraph 36 of the Complaint.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as vague and confusing with respect to "any application for prevailing wage determination" as no such "applications" are referenced in Paragraph 36 of the Complaint. FLSA opt-in Plaintiffs further object to this request as any documents regarding prevailing wage determinations are within Defendants' possession, custody or control or at least equally available to Defendants.

Because the request for government records, from the FLSA opt-in Plaintiffs, is wholly objectionable no further response is provided.

**REQUEST FOR PRODUCTION NO. 45**:

Produce all documents referenced in Plaintiffs' Initial Disclosures.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as vague with respect to "documents referenced in Plaintiffs' Initial Disclosures." Plaintiffs identified categories of documents in Section II of its Initial Disclosures, some of which are in their possession but others of which Plaintiffs stated were "under the Defendants' control and will be sought during discovery."

Subject to and without waiving these objections, Plaintiffs have already produced the documents identified with specific bullet points in Section II of their Initial Disclosures that are currently in their possession. Plaintiffs will not re-produce documents that are produced in this case by Defendants in discovery and that would constitute "documents referenced in

31

Plaintiffs' Initial Disclosures." Plaintiffs are also not producing documents referenced in their

initial disclosures related to *Barron, et al. v. Sterling Sugar Sales Corp.*, Case No. 6:21-CV-

03741 (W.D. La.) as their understanding is those documents are already in Defendants'

possession.

**REQUEST FOR PRODUCTION NO. 46**:

Produce every FLSA Consent Form and/or Opt-In Form you executed in connection

with this case.

RESPONSE:

FLSA opt-in Plaintiffs object to this request as it seeks documents requested that

are equally available to the Defendants in that the documents requested were filed and

available to Defendants via the Court's CM/ECF system and PACER.

**REQUEST FOR PRODUCTION NO. 47**:

Produce all documents, including but not limited to calendars, diaries, and schedules, that

reflect days and hours of work for which Plaintiffs claim compensation is due and owing.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and

further object to this request as vague and overbroad in that it does not identify a specific date

range. In addition, it does not identify the employer from which FLSA opt-in Plaintiffs

maintain compensation is due and owing. FLSA opt-in Plaintiffs will interpret this request as

seeking all documents that reflect the days and hours of work performed for Defendants for

which FLSA opt-in Plaintiffs maintain compensation is due and owing.

Subject to and without waiving these objections, and pursuant to the referenced

interpretation, FLSA opt-in Plaintiffs will produce payroll and scheduling documents in

32

their possession relating to their employment with Defendants.

**REQUEST FOR PRODUCTION NO. 48**:

Produce all evidence to substantiate your claim that Plaintiffs were not engaged in agricultural labor.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that this request is vague, overbroad, and fails to request items with the reasonable particularity required by the Federal Rules of Civil Procedure by requesting "all evidence to substantiate" FLSA opt-in Plaintiffs' claim that they were not engaged in agricultural labor without defining any particular category of documents. The Federal Rules of Civil Procedure do not authorize or permit free-ranging inquiry into what documents a party believes are important, but instead specifically mandate that a request for production "describe with reasonable particularity each item or category of items" to be produced.

FLSA opt-in Plaintiffs further object to the extent that this request encompasses documents protected by the attorney-client privilege and attorney work-product doctrine. Any number of attorney-client privileged or attorney work product documents, including communications or memos, letters, e-mails, notes, and legal research materials, may have been created and/or consulted by Plaintiffs' attorneys in determining that FLSA opt-in Plaintiffs are not engaged in agricultural labor. By inquiring into documents that "support" or "substantiate" a legal claim regarding the applicability of the FLSA to Plaintiffs' labor, the request inherently calls for disclosure of information protected by the attorney work product doctrine by purporting to

33

impose upon Plaintiffs and their counsel an obligation to make a determination whether a particular document could be construed as "supporting" or "substantiating" the claims. FLSA opt-in Plaintiffs will not disclose their counsel's thought processes in response to a request that inherently calls for disclosure of such attorney judgment.

Because this Request is wholly objectionable, no response is provided.

**REQUEST FOR PRODUCTION NO. 49**:

Produce all evidence to substantiate your claim that Defendants operated a sugar mill and a fleet of heavy tractor-trailer trucks used for hauling sugarcane.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object that this request is vague, overbroad, and fails to request items with the reasonable particularity required by the Federal Rules of Civil Procedure by requesting "all evidence to substantiate" FLSA opt-in Plaintiffs' claim without defining any particular category of documents. The Federal Rules of Civil Procedure do not authorize or permit free-ranging inquiry into what documents a party believes are important, but instead specifically mandate that a request for production "describe with reasonable particularity each item or category of items" to be produced.

FLSA opt-in Plaintiffs further object to the extent that this request encompasses documents protected by the attorney-client privilege and attorney work-product doctrine. Any number of attorney-client privileged or attorney work product documents, including communications or memos, letters, e-mails, notes, and legal research materials, may have been created and/or consulted by Plaintiffs' attorneys in

34

EXHIBIT 2

determining that Defendants operated a sugar mill and a fleet of heavy tractor-trailer trucks used for hauling sugarcane.  By inquiring into documents that "substantiate" a legal claim the request inherently calls for disclosure of information protected by the attorney work product doctrine by purporting to impose upon Plaintiffs and their counsel an obligation to make a determination whether a particular document could be construed as "substantiating" the claims.  FLSA opt-in Plaintiffs will not disclose their counsel's thought processes in response to a request that inherently calls for disclosure of such attorney judgment.

Because this Request is wholly objectionable, no response is provided.

**REQUEST FOR PRODUCTION NO. 50**:

Produce all documents showing all hours worked, including any overtime hours claimed.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object this requests documents that are equally or more available to Defendants.

Subject to and without waiving these objections, FLSA opt-in Plaintiffs will produce all payroll records in their possession that reflect hours worked during the time when they were employed by Defendants.

**REQUEST FOR PRODUCTION NO. 51**:

Produce all documents relating in any way to your claim for, or computation of, damages demanded in this lawsuit.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to the breadth of the request for "[a]ll documents relating in any way to

35

your claim for, or computation of, damages demanded in this lawsuit." The near-limitless sweep of this request makes it inherently overbroad, unreasonable, unduly burdensome, vague, and ambiguous, and fails to request a category of documents with the reasonable particularity required. Rule 34 does not authorize or permit a free-ranging inquiry into what documents a party believes are important, but instead specifically mandates that a request for production "describe with reasonable particularity each item or category of items" to be produced. FLSA opt-in Plaintiffs object to this request as not reasonably particularized for FLSA opt-in Plaintiffs to know what information is sought.

FLSA opt-in Plaintiffs further object to the extent that this Request encompasses documents protected by the attorney-client privilege and attorney work product doctrine. Any number of attorney-client privileged communications or memos, letters, e-mails, notes, and legal research materials that Plaintiffs' attorneys created and/or consulted are arguably responsive to the calculation of FLSA opt-in Plaintiffs' damages, even though such documents are not evidence and the Plaintiffs have no intention of using them as evidence. FLSA opt-in Plaintiffs will not disclose their counsel's thought processes in response to a request that inherently calls for disclosure of such attorney judgment.

Subject to and without waiving these objections, FLSA opt-in Plaintiffs will produce all payroll records in their possession that reflect hours worked and pay received during the time when they were employed by Defendants.

**REQUEST FOR PRODUCTION NO. 52:**

Produce all evidence you anticipate admitting at trial to show South Central Sugar Cane Growers Association, Inc. deliberately sought to mislead government officials reviewing their applications in order to receive approval to employ H-2A workers by incorrectly stating that

EXHIBIT 2

they grew crops and that the work to be performed was "agricultural."

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as improper because it asks FLSA opt-in Plaintiffs to provide a list of trial exhibits prematurely and violates the attorney work product doctrine because it would reveal counsel's mental impressions and conclusions. FLSA opt-in Plaintiffs will disclose information concerning trial exhibits pursuant to the Federal Rules of Civil Procedure, Rule 26(a)(3), this Court's local rules, and this Court's scheduling order, and object to this request to the extent that it demands information prematurely and beyond the scope of those Rules. FLSA opt-in Plaintiffs further object that this request seeks to discern the purpose for which Plaintiffs will use particular documents which is a request for the mental impressions of Plaintiffs' counsel, an inquiry barred by the work product doctrine.

Because this Request is wholly objectionable, no response is provided.

**REQUEST FOR PRODUCTION NO. 53:**

Produce all evidence you anticipate admitting at trial to show South Central Sugar Cane Growers' Association, Inc. made false representations to the United States government that Plaintiffs would be employed as agricultural workers.

RESPONSE:

FLSA opt-in Plaintiffs incorporate by reference the General Objections above and further object to this request as improper because it asks FLSA opt-in Plaintiffs to provide a list of trial exhibits prematurely and violates the attorney work product doctrine because it would reveal counsel's mental impressions and conclusions. FLSA opt-in Plaintiffs will disclose information concerning trial exhibits pursuant to the Federal Rules of Civil Procedure, Rule 26(a)(3), this Court's local rules, and this Court's scheduling order, and object to this request to

the extent that it demands information prematurely and beyond the scope of those Rules. FLSA opt-in Plaintiffs further object that this request seeks to discern the purpose for which Plaintiffs will use particular documents which is a request for the mental impressions of Plaintiffs' counsel, an inquiry barred by the work product doctrine.

Because this Request is wholly objectionable, no response is provided.


Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone:  (828) 379-3169
Email: jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA 94710
Phone: (404) 590-1295
Email: dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email: dan@estesdavislaw.com

Attorneys for Plaintiffs

EXHIBIT 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I emailed the foregoing to the following attorneys for the Defendants:

Brandon Davis
Molly McDiarmid
Caroline E. Perlis
Jennifer Clewis Thomas
365 Canal Street, Suite 2000
New Orleans, LA. 70130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
caroline.perlis@phelps.com
jennifer.clewis@phelps.com


/s/ James M. Knoepp
James M. Knoepp
*Admitted Pro Hac Vice*
South Carolina Bar No. 102757

this 23rd day of February, 2026.

39