EXHIBIT 3



Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130
504 566 1311

Brandon E. Davis
Partner
(504) 584-9312
davisb@phelps.com

February 27, 2026

Our Reference No.
45136-0001

**VIA EMAIL**
Jim Knoepp
jim@dawsonmorton.com

      Re:     Notice of Plaintiffs' Discovery Deficiencies

Dear Jim:

Defendants issued Requests for Production of Documents, Requests for Admission, and Interrogatories to Arnulfo Villegas Miranda, Ruben Zayas Reyes, Omar Alejandro Rosas Osuna, Jose De Jesus Soto-Reza, and Baldemar Cervantes Leyva (the "opt-in Plaintiffs") on January 22, 2026. including. We write to identify the deficiencies in the responses Plaintiffs recently served:

**REQUESTS FOR PRODUCTION:**

**Requests for Production Nos. 1-9:**

The Opt-In Plaintiffs objected categorically, and did not produce authorization(s) for administrative, personnel, unemployment, criminal, tax, and immigration records. Absent production of these records, Defendant lacks access to information concerning Plaintiffs' reimbursement claim, Plaintiffs' claim that long-haul work in 18-wheeler tractor-trailers is the same as short-haul work, and the fact that Plaintiffs maintained status while working in the United States.

**Request for Production No. 10:**

Plaintiffs did not produce written or recorded statements, comments, or other related materials about the Complaint or about Plaintiffs' Motion for 29 U.S.C. 216(B) Notice to Similarly Situated Workers and for Disclosure of Contact Information. Plaintiffs cited a categorical objection instead. If Plaintiffs have writings about the claims in their lawsuit, then those writings should be produced. If Plaintiffs maintain that they do not have writings about the lawsuit, then say so.

To the extent Plaintiffs have concerns about the scope of Request for Production No. 10, keep in mind that the writings that are important are those concerning the terms, conditions, duties and scope of work Plaintiffs performed for South Central and/or Sterling.

**Request for Production No. 12:**

Plaintiffs did not identify documents relied on when responding to Defendants' Interrogatories and Requests for Admission. Plaintiffs should supplement their response and identify the data sources they referenced when responding to written discovery.

PD.60892832.1

February 27, 2026
Page 2


### Request for Production Nos. 14-16:

Plaintiffs have not produced emails, text messages, WhatsApp data, and similar types of correspondence about their claims. If Plaintiffs have these types of communications and/or agree that these types of communications are probative, then a supplemental response should be provided. If Plaintiffs' objections are on the basis of requiring limitation, Defendants request that Plaintiffs confer with them regarding subject matter and search terms.

### Request for Production Nos. 18-20:

The Opt-In Plaintiffs did not provide documents related to their employment efforts, other legal proceedings, financial records or tax returns. Plaintiffs allege they were deprived of reimbursement for employment-related expenses.  Information about other employers, financial statements and/or tax returns would tend to show the amounts Plaintiffs spent when working for South Central and or Sterling Sugars, LLC. Plaintiffs claim the work they performed for South Central and/or Sterling was different than the work that an 18-wheeler driver (Heavy Tractor-Trailer) performs. Employment reference data in Plaintiffs possession would be responsive and germane to Plaintiffs' allegations about their economic circumstances and potential damages.

### Request for Production Nos. 25-27:

Plaintiffs have not produced documents related to their wage rates, the methodology for calculating the same, and other wage surveys, including those related to "similarly employed" workers believing this kind of information is "equally available to Defendants." Upon information and belief, Plaintiffs have not produced wage survey data to Defendants.  The survey information Plaintiffs identified in the Complaint concerns wage data from the Bureau of Labor Statistics, which had not published an acceptable survey during the time period(s) relevant to Plaintiffs' lawsuit. Accordingly, if Plaintiffs intend to rely on any form of wage methodology evidence at trial, then they should supplement their response and identify that wage methodology data so it can be produced to Defendants.

### Request for Production Nos. 30-32:

Plaintiffs failed to produce documents or evidence related to their employment with South Central Sugar Cane Growers' Association, Inc., including items taken from the employer and visa application documents, as well as any other work performed for any other entities during the time they were employed by South Central Sugar Cane Growers' Association, Inc. If Plaintiffs have this type of evidence that might tend to verify the allegations in the Complaint, Plaintiffs' immigration status, and the viability of potential defenses Sterling Sugars, LLC and/or South Central may raise to refute the allegations.

### Request for Production Nos. 33-41:

Plaintiffs' responses to these requests identify documents that apparently are now in Plaintiffs' possession, but have not been made available to Defendants. Specifically:

PD.60892832.1

February 27, 2026
Page 3

- The documents Bates-labeled AVILA-SOTO 283, 285-287, and 289-301 contain paystubs for Felipe de Jesus Suarez-Palafox, and Ruben Zayas Reyes, Omar Alejandro Rosas Osuna, and Baldemar Cervantes Leyva. But no responsive paystubs were produced for Opt-In Plaintiffs Arnulfo Villegas Miranda or Jose De Jesus Soto-Reza.

- The documents Bates-labeled AVILA-SOTO 302-315 contain visa and immigration documents for Opt-In Plaintiffs Ruben Zayas Reyes, Jose De Jesus Soto-Reza, and Omar Alejandro Rosas Osuna. But no responsive documents were produced for Baldemar Cervantes Leyva or Arnulfo Villegas Miranda.

- The documents Bates-labeled AVILA-SOTO 317-319 are screenshots of Google images that do not appear to be responsive to any specific request.  If Plaintiffs maintain that these Google images are responsive, then identify the legal element or material fact these records tend to show.

**Request for Production No. 48:**

The Opt-In Plaintiffs did not provide any evidence to substantiate their claim that they were not engaged in agricultural labor, objecting to the request categorically. If Plaintiffs intend to show they were not engaged in agricultural labor at trial, then produce the evidence Plaintiffs might proffer on that point.

We are scheduled to talk soon regarding these concerns, and I believe these concerns should be managed within the next five to seven business days, without the necessity of judicial intervention.

Respectfully,

Brandon E. Davis

BED/AMA

cc:    Molly McDiarmid (via email)
      Jennifer Clewis Thomas (via email)
      Andrew M. Albritton (via email)

PD.60892832.1