Case 6:24-cv-01392-RRS-CBW   Document 110-4   Filed 04/29/26   Page 1 of 4 PageID
#:  1527                                                        EXHIBIT 4

 **Outlook**

## letter concerning discovery responses in South Central suit

From Dawson Morton <dawson@dawsonmorton.com>

Date Wed 3/11/2026 6:17 PM

To     Brandon Davis <Brandon.Davis@phelps.com>

Cc     Molly McDiarmid <Molly.McDiarmid@phelps.com>; Andrew Albritton <Andrew.Albritton@phelps.com>; Jim
       Knoepp <jim@dawsonmorton.com>

📎 1 attachment (107 KB)

20260310 ltr to B Davis re optin discovery responses signed.pdf;

Hi Brandon:

Attached is Plaintiffs' response to your earlier correspondence about discovery responses.

Dawson Morton
dawson@dawsonmorton.com
404-590-1295

# DAWSON MORTON, LLC

1808 Sixth Street
Berkeley, CA 94710
Office: (404) 590-1295

March 11, 2026

Brandon Davis
Phelps Dunbar, LLP

Via email to: brandon.davis@phelps.com

  Re: Your letter of February 27, 2026 concerning Opt-in Plaintiffs' discovery
responses in the Avila-Soto v. South Central Sugar litigation

Dear Brandon,

I am writing in response to your letter of February 27, 2026 raising claimed deficiencies in
discovery responses provided by the FLSA opt-in Plaintiffs. I will respond to the issues you raise
in the same order you raise them.

**Requests for Production**

Requests Nos. 1-9

These requests ask the Opt-in Plaintiffs to release a variety of documents from among others,
the Office of Workers' Compensation, Department of Labor, the Office of Federal Contract
Compliance Program, Equal Employment Opportunity Commission, Social Security Agency,
Louisiana Department of Employment Security, National Labor Relations Board, Wage and
Hour Division of the Fair Labor Standards Act [sic], Occupational Safety and Health
Administration, Louisiana Commission on Human Rights, and Louisiana Health and Welfare
Administration, as well as future employers, etc. Defendants indicate that without these releases
"Defendant lacks information concerning Plaintiffs' reimbursement claim[.]" Ltr. of B. Davis
dated Feb. 27, 2026 at 1. Defendant goes on to claim that a release for unemployment records,
criminal arrest records, tax returns, U.S. Social Security and Immigration Agency records are
necessary for "Plaintiffs' claim that long-haul work in 18-wheeler tractor trailers is the same as
short-haul work[.]" *Id*.

These documents, seeking releases for all EEOC charge forms, social security records, tax
records, and criminal records are simply a fishing expedition that have no relevance to the claims
or defenses in this case. Defendants are in possession of copies of Plaintiffs' visas so the claimed
need to verify immigration status is simply untrue. That Defendant cannot articulate any
relevance only further confirms the complete irrelevant nature of these requests.

Request No. 10

This request seeks any "written or recorded statements … notes … or recordings related to the
allegations in the Complaint or about Plaintiffs' Motion [for FLSA notice]." A discovery
request "must describe with reasonable particularity each item or category of items to be
inspected." Fed. R. Civ. P. 34(b)(1)(A). "Courts routinely disfavor overly broad discovery
requests that ask opposing parties to produce everything under the sun that relates to the

ongoing litigation." *Aldapa v. Fowler Packing Co.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015); *Stephens v. City of Chi.*, 203 F.R.D. 353, 360 (N.D. Ill. 2001) (refusing to compel requests "that in asking for everything under the sun, they ask for nothing specific"). "Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard." *Veroblue Farms United States, Inc. v. Wulf*, 345 F.R.D. 406, 418 (N.D. Tex. 2021). Accordingly, requests like the one made here lack the reasonable particularity required for discovery requests that allow a responding party to discern what information is sought. *No Spill, LLC v. Scepter Can., Inc.*, 2021 U.S. Dist. LEXIS 238359, at *20 (D. Kan. Dec. 14, 2021) (declining to compel request for "[a]ll Documents and Communications referring to or referencing the Lawsuit"). Discovery requests must have a subject—this request for anything related to the complaint or Plaintiffs' motion—fails that requirement.

Request No. 12

This request sought "any and all documents that relate to, support, or that you referenced during the preparation of your responses to Defendants' First Set of Interrogatories." As Defendants know the request refers to all twenty-four interrogatories and seven requests for admission served upon each Opt-in plaintiff. Plaintiffs object on the grounds of privilege and on grounds that the request lacks reasonable particularity. Discovery requests must be prepared with reasonable particularity. A request for any document that relates to any interrogatory response lacks reasonable particularity. *Alexander v. FBI*, Civil No. 96-2123, 97-1288 (RCL), 2000 U.S. Dist. LEXIS 8859, at *9 (D.D.C. May 3, 2000).

Request Nos. 14-16

These requests sought "all correspondence" (Request 14), "account data" for "each Facebook or WhatsApp account" (Request 15), and "all electronic messages" (Request 16) for a period of 4 years which "relat[e] to your claims[.]" These requests again lack reasonable particularity as each has no topic other than any document related to all claims in the complaint.

Request Nos. 18-20

Request 18 seeks "documents relating to your efforts to secure or obtain other employment from May 1, 2021 to the present," Request 19 seeks "all documents relating to any lawsuit, other than the instant lawsuit, or any civil or criminal proceeding to which you have been a party within the last five years," and Request 20 seeks tax documents for the last 5 years. These requests all drew objections either because of their lack of relevance, their lack of reasonable particularity, or because they are nothing more than fishing expeditions. Defendants fail to address the objections in your letter and simply state the documents are sought for "economic circumstances and potential damages[.]" Opt-in Plaintiffs' job applications with other employers are not relevant to any claim in this proceeding. Similarly, Opt-in Plaintiffs' taxes have no relevance to any claim. Opt-in Plaintiffs' tax returns and job applications would not show "the amounts Plaintiffs spent when working for South Central and/or Sterling Sugars, LLC" as Defendants' letter claims.

Request Nos. 25-27

Request 25 seeks "OEWS data, AEWR wage surveys, or any other wage surveys, studies, or analyses relevant to Plaintiffs' claims." Request 26 seeks "all documents concerning the methodology used to calculate OEWS wage rates, AEWR wage rates, or any other wage survey relied on in connection with Plaintiffs' claims[.]" Request 27 seeks "data sets, analyses, and supporting materials relating to any OEWS, AEWR, or other wage survey considered or used in connection with Plaintiffs' claimed wage entitlements[.]" Plaintiffs objected to each request as

the requests seek U.S. Department of Labor employment and wage data, surveys and methodology.  Defendants are equally able to obtain this data, which is available from website maintained by the government. Nevertheless, Plaintiffs will produce copies of files from those websites.

Request Nos. 30-32

Request 30 seeks "all documents or other property you received or took from South Central Sugar Cane Growers' Association, Inc. while you were employed." Plaintiffs object that the request lacks reasonable particularity and Plaintiffs do not know what "other property you received" refers to. Request 31 seeks "all documents and/or evidence concerning work you performed for any other entity while you were employed with, or engaged by, South Central Sugar Cane Growers' Association, Inc." It is unclear what Defendant is seeking to discover.  Documents evidencing Plaintiffs work with South Central and Sterling Sugars are in the possession of Defendants. Documents concerning Plaintiffs work at other times apart from the times at issue in this lawsuit are not relevant to this wage dispute.  Request 32 seeks "every document you submitted to the U.S. Department of State concerning any visa application you submitted to enter the United States to work for Sterling Sugars, LLC."  Opt-in Plaintiffs did not submit documents to the U.S. Department of State because Defendants did so through their agents. Your letter does not address these objections.

Request Nos. 33-41

Plaintiffs made a production of documents.  Defendants seem to complain they have not received the production—if that's the case, Plaintiffs can reproduce the documents.  Regarding paystubs and immigration documents—those are equally available to Defendants and are already in Defendants' possession.

Request No. 48

This request sought "all evidence to substantiate your claim that Plaintiffs were not engaged in agricultural labor."  Defendants' letter claims that "[t]he Opt-In Plaintiffs did not provide any evidence to substantiate their claim that they were not engaged in agricultural labor" and claims that "[i]f Plaintiffs intend to show they were not engaged in agricultural labor at trial, then produce the evidence Plaintiffs might proffer on that point." Defendants misunderstand discovery obligations. A party is under no obligation to produce its "evidence" as a discovery request must be particularized, and a request for "all evidence" is not. *Eisner v. Meta Platforms, Inc.*, 2024 U.S. Dist. LEXIS 94841, at *13 (N.D. Cal. May 28, 2024) (request for "all evidence, or all documents . . .  [are] not narrowly tailored.") The request also seeks mental impression of counsel which is plainly objectionable.


Sincerely,

s/ D. Morton
Dawson Morton