UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO, ET AL. | CIVIL ACTION NO.  6:24-CV-01392 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., ET AL. | MAGISTRATE JUDGE CAROL B. WHITEHURST |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY

i

## TABLE OF CONTENTS

I.    BACKGROUND. ............................................................................................................. 1

II.   STANDARD OF REVIEW. ............................................................................................ 3

III.  LAW & ARGUMENT. .................................................................................................... 4

A.   Opt-In Plaintiffs Should be Compelled to Produce All Authorizations Responsive to Defendants' Requests for Production. .................................................................................. 4

B.   The Authorizations seek information relevant to the parties' claims and defenses in this case and therefore fall within the scope of discovery under Federal Rule of Civil Procedure 26. ................................................................................................................... 5

i.    Tax records of Opt-In Plaintiffs are relevant to the parties' claims and defenses in this case. ................................................................................................................... 6

ii.   Immigration and other administrative records relating to Opt-In Plaintiffs are relevant to the parties' claims and defenses in this case. ...................................................... 7

iii.  Opt-In Plaintiffs' employment and unemployment records are relevant to the parties' claims and defenses in this case. ................................................................................. 8

iv.   Criminal records are relevant to the credibility of Opt-In Plaintiffs. ......................... 9

IV.   CONCLUSION. ............................................................................................................. 10

ii

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Indian Harbor Marine, Inc.*,
  No. 96-3135, 1997 WL 666210 (E.D. La. Oct. 24, 1997) .........................................................5

*Broussard v. Callon Petroleum Co.*,
  No. CV 04-2264, 2005 WL 8178118 (W.D. La. Oct. 28, 2005) ...............................................5

*Butler v. Exxon Mobil Ref. & Supply Co.*,
  No. CIV.A. 07-386-C-M2, 2008 WL 4059867 (M.D. La. Aug. 28, 2008) ..............................6

*Chiasson v. Zapata Gulf Marine Corp.*,
  988 F.2d 513 (5th Cir. 1993) ...................................................................................................9

*Cinco Bayous, LLC v. Samson Exploration, LLC*,
  2020 WL 4926430 (E.D. Tex. Aug. 21, 2020) .........................................................................4

*Cooper v. Majestic Mississippi, LLC*,
  No. 3:18-CV-00260-MPM-JMV, 2020 WL 2747243 (N.D. Miss. May 27,
  2020) ........................................................................................................................................9

*DeGruy-Hampton v. Ochsner Clinic Found.*,
  No. 20-2417, 2021 WL 2514681 (E.D. La. June 18, 2021).......................................................5

*English v. Texas Farm Bureau Bus. Corp.*,
  462 F. Supp. 3d 667 (W.D. Tex. 2020).....................................................................................6

*Giarratano v. Huntington Ingalls Inc.*,
  No. CV 22-88, 2022 WL 16552816 (E.D. La. Oct. 31, 2022)...................................................5

*Herman v. Express Sixty-Minutes Delivery Serv.*, 161 F.3d 299, 303 (5th Cir.
  1998) .........................................................................................................................................6

*Hoffman v. AmericaHomekey Inc.*,
  2014 WL 12577104 (N. D. Tex. June 10, 2014) .....................................................................9

*Hunters Run Gun Club, LLC v. Baker*,
  2019 WL 507479 (M.D. La. Feb. 7, 2019) ..........................................................................4, 5

*Karr v. Four Seasons Mar., Ltd.*,
  No. CIV.A.02-3413, 2004 WL 797728 (E.D. La. Apr. 12, 2004)...........................................9

*Lischka v. Tidewater Servs., Inc.*,
  No. 96-296, 1997 WL 27066 (E.D. La. Jan. 22, 1997)...........................................................5

*Merritt v. Int'l Brotherhood of Boilermakers*,
   649 F.2d 1013 (5th Cir. 1981) ...................................................................................4

*Sinegal v. Merit Energy Co.*,
   2010 WL 695806 (W.D. La. Feb. 24, 2010) ..............................................................4

*Smith v. Maryland Cas. Co.*, 42 F.R.D. 587, 589 (E.D. La. 1967) ...............................4, 5

*Taylor v. HD & Assoc., LLC*,
   2020 WL 6708383 (E.D. La. Nov. 16, 2020) ...........................................................4

*Thai v. Miller Truck Lines, Inc.*, 2006 WL 2349605 (W.D. La. 2006)...........................6

**Statutes**

Fair Labor Standards Act ...............................................................................................1

Louisiana Wage Payment Act.........................................................................................1

**Other Authorities**

Federal Rule of Civil Procedure 37 ........................................................................... 4, 5

Federal Rule of Civil Procedure 26 ............................................................................3, 4

Federal Rule of Civil Procedure 34 ............................................................................5, 7

**MEMORANDUM**

Defendants, South Central Sugar Cane Growers' Association, Inc. ("South Central") and Sterling Sugars, LLC ("Sterling") (collectively, "Defendants"), respectfully submit this Memorandum in Support of Defendants' Motion to Compel Discovery, which seeks an order compelling Arnulfo Villegas-Miranda, Ruben Zayas-Reyes, Omar Alejandro Rosas-Osuna, Jose de Jesus Soto-Reza, and Baldemar Cervantes-Leyva ("Opt-In Plaintiffs") to produce executed copies of the authorizations provided with South Central Sugar Cane Growers' Association, Inc.'s Requests for Production of Documents to Arnulfo Villegas Miranda, Ruben Zayas Reyes, Omar Alejandro Rosas Osuna, Jose de Jesus Soto-Reza, and Baldemar Cervantes Leyva dated January 22, 2026 ("Requests for Production").[1]

## I.     BACKGROUND.

Plaintiffs, Felipe de Jesus Avila-Soto and Felipe de Jesus Suarez-Palafox, ("Plaintiffs") filed this suit on October 10, 2024, alleging violations of the Fair Labor Standards Act ("FLSA") and seeking to represent a collective action comprising "all individuals admitted as H-2A temporary foreign workers who were employed by Defendants driving heavy tractor-trailer trucks during the 2022, 2023, and/or 2024 seasons."[2]  Plaintiffs also allege claims under the Louisiana Wage Payment Act ("LWPA") and for breach of contract under Louisiana law.[3]  The main disputes in this case stem from Plaintiffs' claims that they were misclassified as exempt agricultural workers who are owed overtime wages for hours worked in excess of forty in a workweek,[4] and that they were not properly reimbursed for pre-employment expenses, allegedly resulting in earnings less

---

[1] South Central Sugar Cane Growers' Association, Inc.'s Requests for Production of Documents to Arnulfo Villegas Miranda, Ruben Zayas Reyes, Omar Alejandro Rosas Osuna, Jose de Jesus Soto-Reza, and Baldemar Cervantes Leyva is attached to the Motion as Exhibit 1.
[2] R. Doc. 1, ¶ 62.
[3] R. Doc. 1, ¶ 90.
[4] R. Doc. 1, ¶ 79.

than the applicable minimum wage during their first workweek.[5]  Opt-In Plaintiffs filed consents to join this case as members of the FLSA collective on October 11, 2024 (Arnulfo Villegas Miranda),[6] September 12, 2025 (Ruben Zayas Reyes),[7] November 7, 2025 (Omar Alejandro Rosas Osuna),[8] December 5, 2025 (Jose De Jesus Soto-Reza),[9] and January 8, 2026 (Baldemar Cervantes Leyva).[10]

On January 22, 2026, Defendants issued Requests for Production to Opt-In Plaintiffs.[11] Included in Requests for Production Nos. 1-9, Defendants requested that Opt-In Plaintiffs produce authorizations for administrative, personnel, unemployment, criminal, tax, and immigration records (the "Authorizations").[12] Defendants provided Opt-In Plaintiffs with copies of the Authorizations to be executed in conjunction with its Requests for Production. On February 23, 2026, Defendants received Opt-In Plaintiffs' discovery responses.[13] Opt-In Plaintiffs categorically refused to produce *any* executed authorizations. Rather, in their written responses to Defendants' Requests for Production, Opt-In Plaintiffs responded to each request for an authorization (Request Nos. 1-9) that they would "not execute the authorization form."[14]

Following receipt of Opt-In Plaintiffs' insufficient discovery responses, Defendants transmitted a letter to Opt-In Plaintiffs' counsel on February 27, 2026, identifying deficiencies in Opt-In Plaintiffs' responses (the "Deficiency Letter").[15] Included in Defendants' Deficiency Letter,

---

[5] R. Doc. 1, ¶ 78.
[6] R. Doc. 3.
[7] R. Doc. 37.
[8] R. Doc. 41.
[9] R. Doc. 44.
[10] R. Doc. 54.
[11] *See* Exhibit 1.
[12] *See* Exhibit 1, pp. 6-7.
[13] FLSA Opt-In Plaintiffs' Consolidated Responses to Defendant South Central Sugar Cane Growers' Association, Inc.'s Requests for Production of Documents are attached to the Motion as Exhibit 2.
[14] *See* Exhibit 2, pp. 1-10.
[15] Defendants' Notice of Plaintiffs' Discovery Deficiencies Letter is attached to the Motion as Exhibit 3.

Defendants noted that production of the authorizations was necessary because absent production of these records, Defendants lack access to information concerning Opt-In Plaintiffs' reimbursement claim, Opt-In Plaintiffs' claim that long-haul work in 18-wheeler tractor-trailers is the same as short-haul work, and the fact that Opt-In Plaintiffs maintained lawful status while working in the United States.[16]

On March 11, 2026, Opt-In Plaintiffs responded to Defendants, reasserting Opt-In Plaintiffs' boilerplate objection that the authorizations validly sought by Defendants amounted to "simply a fishing expedition" having "no relevance to the claims or defenses in this case."[17] Plaintiff, Avila Soto's deposition was completed April 24, 2026, in Torreon, Mexico. No supplemental responses to these requests were produced. Despite Defendants' good faith efforts to resolve the discovery dispute by agreement, Opt-In Plaintiffs have refused to produce a single executed authorization. For each of the reasons set forth fully below, Defendants' requests for executed Authorizations from Opt-In Plaintiffs are within the scope of discovery established by Rule 26, and Opt-In Plaintiffs' objections to those requests are unreasonable. Because the information sought by the Authorizations is germane to the issues in this case and necessarily probative and responsive, Defendants respectfully request that this Court grant this Motion and issue an order compelling Opt-In Plaintiffs to execute and provide the Authorizations requested by Defendants.

## II.    <u>STANDARD OF REVIEW.</u>

Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

---

[16] *See* Exhibit 3, p. 1.
[17] Opt-In Plaintiffs' Letter in Response to Defendants' Deficiency Letter is attached to the Motion as Exhibit 4.

of the case.[18] Information within the scope of discovery need not be admissible in evidence to be discoverable.[19] During discovery, relevance is construed broadly and information is considered relevant if it "encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[20]

Federal Rule of Civil Procedure 37 governs motions to compel discovery responses.[21] A party objecting to discovery may not merely state a request is overly broad and burdensome, oppressive, vexatious, or not reasonably calculated to lead to the discovery of admissible evidence; rather, the objecting party must state with specificity the objection and how it relates to the opposed request.[22] Pursuant to Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."[23] Rule 37 also permits an award of expenses for a motion to compel discovery.[24]

## III.    LAW & ARGUMENT.

In refusing to provide executed Authorizations responsive to Defendants' Requests for Production, Opt-In Plaintiffs have failed to produce documents responsive to Defendants' Requests for Production. Accordingly, Defendants respectfully request that this Court order Opt-In Plaintiffs to produce all executed Authorizations as requested in Requests for Production Nos. 1 through 9 of Defendants' Requests for Production.

### A. Opt-In Plaintiffs Should be Compelled to Produce All Authorizations Responsive to Defendants' Requests for Production.

---

[18] FED. R. CIV. P. 26(b)(1).

[19] *Taylor v. HD & Assoc., LLC,* 2020 WL 6708383, at *2 (E.D. La. Nov. 16, 2020).

[20] *Cinco Bayous, LLC v. Samson Exploration, LLC,* 2020 WL 4926430, at *2 (E.D. Tex. Aug. 21, 2020).

[21] FED. R. CIV. P. 37(a)(3)(A).

[22] *Hunters Run Gun Club, LLC v. Baker,* 2019 WL 507479, at *4 (M.D. La. Feb. 7, 2019).

[23] FED. R. CIV. P. 37(a)(4).

[24] *Merritt v. Int'l Brotherhood of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981); *see also Sinegal v. Merit Energy Co.,* 2010 WL 695806, at *2 (W.D. La. Feb. 24, 2010) (granting Defendant's motion to compel production of blank medical, personnel, police and workers' compensation authorization forms, and awarding attorneys' fees).

Under Rule 34 of the Federal Rules of Civil Procedure, "[r]equests for authorizations for the release of records are generally proper."[25]  Further, Rule 34 permits the Court to require a party to produce any document under his control."[26] In addition to recognizing that requests for authorizations are generally proper, courts consider a plaintiff "in control" of the underlying records requested in the authorization "because, by either granting or withholding [their] consent, [they] may determine who shall have access to them."[27] Thus, courts presented with issues similar to the ones raised in the Motion have "ordered [plaintiffs] to produce [the documents] or **to execute an authorization for defendant to examine them.**"[28] Indeed, "numerous courts within the Fifth Circuit…have recognized that Rule 34, along with Rule 37, empower federal courts to compel parties to sign written authorizations consenting to the production of various documents."[29] Thus, "[t]he authority of a federal court, as part of the records request and production process under Fed. R. Civ. P. 34, to require a party to execute forms authorizing the release of relevant records in the actual possession of another is unquestioned."[30] Therefore, this Court may compel Opt-In Plaintiffs to produce executed copies of the Authorizations.

**B. The Authorizations seek information relevant to the parties' claims and defenses in this case and therefore fall within the scope of discovery under Federal Rule of Civil Procedure 26.**

---

[25] *Broussard v. Callon Petroleum Co.*, No. CV 04-2264, 2005 WL 8178118, at *1 (W.D. La. Oct. 28, 2005) (citations omitted).

[26] *Giarratano v. Huntington Ingalls Inc.*, No. CV 22-88, 2022 WL 16552816, at *4 (E.D. La. Oct. 31, 2022) (quoting *Smith v. Maryland Cas. Co.*, 42 F.R.D. 587, 589 (E.D. La. 1967)).

[27] *Id*.

[28] *Id*. (emphasis added).

[29] *Giarratano*, 2022 WL 16552816, at *4; *see, e.g.*, *Allen v. Indian Harbor Marine, Inc.*, No. 96-3135, 1997 WL 666210, at *1–2 (E.D. La. Oct. 24, 1997) ; *Lischka v. Tidewater Servs., Inc.*, No. 96-296, 1997 WL 27066, at *2 (E.D. La. Jan. 22, 1997) ; *DeGruy-Hampton v. Ochsner Clinic Found.*, No. 20-2417, 2021 WL 2514681, at *9 (E.D. La. June 18, 2021); *Hunters Run Gun Club, LLC*, 2019 WL 507479, *6–8; *Broussard*, 2005 WL 817811, at *1 (explaining that a "legion of cases" hold that Rule 34 in tandem with Rule 37 "empowers district courts to compel parties to sign written authorizations consenting to the production of various documents") (quoting *Allen*, 1997 WL 666210, at *1).

[30] *Giarratano*, 2022 WL 16552816, at *4 (quoting *Smith*, 42 F.R.D. at 589).

5

Not only are requests for authorizations proper, but contrary to Opt-In Plaintiffs' objections, the underlying documents Defendants seek pursuant to the Authorizations are relevant to the parties' claims and defenses, including issues of employment status, wage calculations, and damages. Thus, Opt-In Plaintiffs should not be permitted to resist discovery as they have. For the reasons discussed below, each of the Authorizations seeks information relevant to the parties' claims and defenses in this case, and Defendants' requests for execution and return of the Authorizations are proportional to the needs of the case.

    i.       ***Tax records of Opt-In Plaintiffs are relevant to the parties' claims and defenses in this case.***

Defendants seek Opt-In Plaintiffs' tax records because the information contained therein is relevant to the parties' claims and defenses in this case, including with respect to Opt-In Plaintiffs' alleged joint employment. Specifically, the information contained in these records will bear on the identity of Opt-In Plaintiffs' employer during the relevant periods. To determine employee status under the FLSA, courts "focus on whether the alleged employee, as a matter of economic reality, is economically dependent upon the business to which he or she renders his or her services."[31] This determination "turns, in part, on whether Plaintiff earned income from outside sources."[32] Courts have recognized that "tax returns and the supporting documents… are reasonably calculated to obtain such evidence."[33] Furthermore, "a request to have a plaintiff execute an authorization for release of tax records is an acceptable and compellable means of obtaining a party's tax return information."[34]

---

[31] *English v. Texas Farm Bureau Bus. Corp.*, 462 F. Supp. 3d 667, 670-71 (W.D. Tex. 2020) (citing *Herman v. Express Sixty-Minutes Delivery Serv.*, 161 F.3d 299, 303 (5th Cir. 1998)).

[32] *English*, 462 F. Supp. 3d at 670-71.

[33] *Id*.

[34] *Butler v. Exxon Mobil Ref. & Supply Co.*, No. CIV.A. 07-386-C-M2, 2008 WL 4059867, at *2 (M.D. La. Aug. 28, 2008) (citing *Thai v. Miller Truck Lines, Inc.*, 2006 WL 2349605 (W.D. La. 2006)).

Opt-In Plaintiffs claim joint employment by Defendants, South Central and Sterling, but Sterling did not employ them. Tax returns and supporting documents are probative of who actually paid wages, the nature of those payments, and the periods of employment. This information is relevant for resolving this issue before this Court regarding the employment relationship between Defendants and Opt-In Plaintiffs.

In addition to bearing on joint employment, the tax records of Opt-In Plaintiffs will provide information relevant for damages determinations and the scope of Defendants' potential exposure. These documents can corroborate or refute the wages Opt-In Plaintiffs received, the hours worked, and whether reimbursements or other payments affected their earnings below statutory thresholds. Access to Opt-In Plaintiffs' tax filings will allow Defendants and the Court to assess potential wage violations and to calculate damages with greater precision.

In summary, Opt-In Plaintiffs' tax records are relevant to the wage claims in this case because they provide information bearing on earnings and employment status, both of which are probative for evaluating Opt-In Plaintiffs' allegations and Defendants' defenses. Accordingly, the requested documents are discoverable pursuant to Rule 26, and Opt-In Plaintiffs should be compelled to produce the Authorizations as is their obligation under Rule 34.

ii.    ***Immigration and other administrative records relating to Opt-In Plaintiffs are relevant to the parties' claims and defenses in this case.***

Additionally, records relating to Opt-In Plaintiffs' immigration status, including the administrative records sought by Defendants, are similarly relevant to Opt-In Plaintiffs' joint employer claims. For example, Defendants seek Authorizations related to the production of documents such as DS-160 visa applications and consular records from the U.S. Department of State relating to Opt-In Plaintiffs' H-2A visa issuance. These documents are uniquely probative of Opt-In Plaintiffs' employment status and representations. The DS-160 applications, completed by

7

each Opt-In Plaintiff under penalty of perjury, likely contain statements regarding their employment, employer, and job duties at the time of visa issuance. Such statements made to a federal agency are particularly relevant to the parties' claims and defenses in this case because they reflect Opt-In Plaintiffs' own understanding and disclosure of their employment status prior to any alleged breach of contract or wage violations. The documents sought pursuant to the Authorizations are the sole evidence containing Opt-In Plaintiffs' pre-litigation employment representations, and they offer insight into what Opt-In Plaintiffs communicated to U.S. governmental agencies regarding their employment. Such information is not only relevant, but highly probative of the legal questions at issue in this case, making them subject to discovery under Rule 26.

Moreover, these records cannot be obtained through a third-party subpoena, as federal privacy laws strictly limit access to such information. Opt-In Plaintiffs alone can consent to the production of these documents, placing such relevant documents directly under the control of Opt-In Plaintiffs. Because the underlying information sought by the Authorizations is relevant, directly under Opt-In Plaintiffs' control, and not otherwise available through standard discovery mechanisms, Opt-In Plaintiffs should be compelled to execute and produce signed Authorizations responsive to its Requests for Production.

### iii.    *Opt-In Plaintiffs' employment and unemployment records are relevant to the parties' claims and defenses in this case.*

Opt-In Plaintiffs' employment and unemployment records are also relevant to the central issues in this case, as they are reasonably calculated to provide information bearing on Opt-In Plaintiffs' employment status, eligibility to work, sources of earnings, and the calculation of damages in connection with their wage claims, all of which is relevant to the parties' claims and defenses in this case. Further, records from unemployment agencies can confirm periods of

8

employment, identify employers, and demonstrate whether Opt-In Plaintiffs received unemployment benefits during relevant times. Such records can corroborate or contradict Opt-In Plaintiffs' claims of employment, earnings, and periods of alleged non-payment. They also may reflect statements made by Opt-In Plaintiffs to government agencies regarding the nature of their employment, which can be used to assess credibility and the factual basis for their claims. Additionally, information about unemployment benefits may be necessary for calculating damages and determining whether Opt-In Plaintiffs mitigated their alleged losses.

### iv.    *Criminal records are relevant to the credibility of Opt-In Plaintiffs.*

Finally, disclosure of criminal background information is relevant to assessing witness credibility. Such credibility assessments are germane to a fact-finder's review. The requested records serve to evaluate and assess Opt-In Plaintiffs' credibility as witnesses, which is a legitimate and necessary aspect of discovery in this litigation. In fact, "discovery parties are free to seek impeachment evidence in discovery,"[35] and "[n]othing in the Federal Rules… permits a party to refuse impeachment evidence that is responsive to an opposing party's discovery requests."[36] Thus, the Authorizations seeking the release of criminal background information are likely to lead to the discovery of evidence admissible for impeachment purposes or to corroborate or contradict testimony. Because Rule 26's scope of discovery includes requests that are proportional to the needs of the case, the information sought is discoverable and Opt-In Plaintiffs should be compelled to comply with their discovery obligations to produce the Authorizations responsive to Defendants' Requests for Production.

---

[35] *Karr v. Four Seasons Mar., Ltd.*, No. CIV.A.02-3413, 2004 WL 797728, at *2 (E.D. La. Apr. 12, 2004).

[36] *Cooper v. Majestic Mississippi, LLC*, No. 3:18-CV-00260-MPM-JMV, 2020 WL 2747243, at *3 (N.D. Miss. May 27, 2020); *see also*, *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 516 (5th Cir. 1993) (suggesting the federal policy of broad discovery allows discovery of impeachment evidence); *Hoffman v. AmericaHomekey Inc.*, 2014 WL 12577104, at *3 n. 1 (N. D. Tex. June 10, 2014) (noting that whether impeachment evidence is discoverable "is a low bar").

Overall, each of the categories of documents sought pursuant to executed Authorizations are relevant and proportional to the needs of this case. The documents which may be obtained through these executed Authorizations is likely to lead to the discovery of admissible evidence or other information probative of the legal questions at issue in this case. Accordingly, Opt-In Plaintiffs must comply with their discovery obligations and should be compelled to produce the Authorizations requested by Defendants in their Requests for Production.

## IV.    CONCLUSION.

For the reasons set forth herein, Defendants respectfully request that this Court grant its Motion to Compel Discovery, requiring Opt-In Plaintiffs to produce all executed Authorizations responsive to Defendants' requests for production. Further, Defendants request that this Court issue an order awarding Defendants all attorneys' fees and costs associated with this Motion along with any other relief it deems appropriate and proper.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ Molly C. McDiarmid*
Brandon E. Davis Bar Roll No. 29823
Molly McDiarmid Bar Roll No.  36426
Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
Andrew M. Albritton Bar Roll No. 39780
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Facsimile: 504-568-9130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
jennifer.clewis@phelps.com
andrew.albritton@phelps.com

**ATTORNEYS FOR DEFENDANTS, SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION AND STERLING SUGARS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record/parties in this proceeding.

*/s/ Molly C. McDiarmid*