**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **FELIPE DE JESUS AVILA-SOTO ET AL** | **CASE NO.  6:24-CV-01392** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SOUTH CENTRAL SUGAR CANE GROWERS ASSOCIATION INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MEMORANDUM ORDER**

Before the Court is Defendants' Motion to Compel Discovery (Rec. Doc. 110), which Plaintiffs opposed (Rec. Doc. 113). The Court conducted a telephone hearing on May 13, 2026.

Plaintiffs, Mexican nationals brought to the United States for sugar cane harvest season, brought this collective action and class action against their employer(s), South Central Sugar Cane Growers' Association, Inc. and Sterling Sugars, LLC. The parties dispute the identity of the employing entity. Plaintiffs assert FLSA claims for minimum wage and overtime violations and claims for breach of contract and violations of the Louisiana Wage Payment Act. In the course of discovery, Defendants propounded requests for production requesting Plaintiffs to execute various authorization forms to allow Defendants to obtain records ranging from administrative records to medical records. Plaintiffs objected to providing the

requested authorizations, and Defendants filed the instant motion seeking to compel

Plaintiffs to execute the following release forms: Administrative Records Release

Authorization; Personnel Records Authorization; Unemployment Records Release

Authorization; Authorization for Release of Criminal and/or Arrest Records;

Request for Copy of Tax Return Form 4506; USCIS Form G-639; SSA Consent for

Release of Information; and HIPPA release forms.

## I.    **The Scope and Modes of Discovery**

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

F.R.C.P. Rule 26(b)(1).

Rule 34 permits a party to serve requests for production of documents, subject

to procedural requirements. Rule 34(b)(1). Rule 37 authorizes the Court to compel

compliance with discovery and to impose sanctions for a party's failure to comply.

Plaintiffs initially object to Defendants' requests for authorizations on the grounds

that neither rule authorizes a party to compel the opposing party to execute

authorizations for release of documents held by third-parties. Rather, Plaintiffs

contend that Defendants should have issued subpoenas duces tecum to third-parties

pursuant to Rule 45.

Although acknowledging that jurisprudence on the issue diverges, one court held "that Rule 34, along with Rule 37, empowers courts to compel parties to sign written releases or authorization forms consenting to the production of various documents." *Mir v. L-3 Commc'ns Integrated Sys., L.P.,* 319 F.R.D. 220, 229 (N.D. Tex. 2016). The Court reasoned:

> The Court agrees with other courts' observations that a party can seek documents such as Social Security or health records directly from a non-party custodian through a Rule 45(a) subpoena—in response to which the non-party may or may not refuse to release records without the written authorization of the individual to whom such records pertain—and that a party can, using Rule 34(a), request the records directly from the other party and thereby require that party to collect them from non-party custodians to the extent that the requested information is within the responding party's possession, custody, or control.

> But those options' availability does not foreclose a party's using Rule 34(a) to seek a signed authorization or release from another party to facilitate disclosure by a non-party custodian of documents that are under the responding party's control but not within that party's possession or custody.

> That is because requests for signing and executing written releases or authorizations may be properly made under Rule 34(a)— and then, if necessary, compelled under Rule 37(a)—insofar as they require a responding party to permit the requesting party or its representative to inspect or copy designated documents or electronically stored information in the responding party's control. *See* Fed. R. Civ. P. 34(a)(1). Reading Rule 34(a) to permissibly require parties to sign and execute written releases and authorization forms, so understood, does not amount to impermissibly requiring a responding party to create a new or non-existent document.

> The Court concludes that this is the correct reading of Rule 34(a), consistent with the Fifth Circuit's observation in *McKnight* that "the

documents or authority to copy them could have been obtained by a request under Rule 34, and while quite possibly (since [the plaintiff's] physical condition was put at issue by his demands) the court upon proper motion could have ordered him to sign such an authorization," 667 F.2d at 482, and with Federal Rule of Civil Procedure 1's directive that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1.

*Id*. at 229–30.

This Court agrees with *Mir* and finds that Defendants' requests for authorization and the resultant motion to compel are a proper procedural vehicle to obtain the documents sought. The Court next considers whether the requested authorizations fit within Rule 26's scope of discovery.

## II.   <u>The Authorizations</u>

"Generally, the scope of discovery is broad and permits the discovery of any nonprivileged matter that is relevant to any party's claim or defense." *Crosby v. Louisiana Health Serv. & Indem. Co.,* 647 F.3d 258, 262 (5th Cir. 2011), citing Rule 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or is reasonably calculated to lead to the discovery of admissible evidence." *Id*.

- *Tax, Immigration, and Administrative Records*

Defendants argue that tax records, immigration records, and administrative records of agencies such as workers' compensation, Department of Labor, EEOC,

*inter alia*, are relevant to Plaintiffs' employment-related claims, such as the issue of employer identity and value of asserted claims. The Court agrees that such records are relevant, despite Plaintiffs' argument that such records consist of documents promulgated by or with input from Defendants. Plaintiffs' argument that the substance of the documents sought is meaningless because of Defendants' involvement in their creation is best considered at trial on the merits. For the broad purposes of discovery, the Court finds that tax, immigration, and administrative records are relevant; however, the Court agrees with Plaintiffs that the requested authorizations are overly broad in that Plaintiffs would be forced to release any and all records without limitation to time. Considering that Plaintiffs' claims are based on 2022 through 2025 harvest seasons, the Court finds that the requested authorizations should be limited to records from the periods of 2021 through 2025.[1]

- *Personnel and Unemployment Records*

Defendants broadly argue that personnel and unemployment records (presumably those from employers other than South Central and/or Sterling Sugars) are relevant to show employment status, eligibility to work, sources of earnings, and calculation of damages and may also reflect statements regarding the nature of their

---

[1]   The scope of relevant records may include 2021 to account for any related pre-employment forms and applications.

employment. The Court disagrees that such records from other, unrelated employers are relevant to Plaintiffs' FLSA, breach of contract, and LWPA claims against their employers in this case. Compare e.g. *Williams v. United States Env't Servs., LLC*, No. CV 15-168-RLB, 2016 WL 684607, at \*3 (M.D. La. Feb. 18, 2016) (employment records from prior employers not relevant to the plaintiff's employment discrimination claims against the defendant employer).

The Court similarly finds that unemployment records are irrelevant. Foreign workers admitted to the United States on temporary visas are ineligible for unemployment benefits. 26 U.S.C.A. § 3304(a)(14)(A). Defendants speculate that some Plaintiffs may have nevertheless attempted to apply for unemployment benefits. Absent evidence more substantial than Defendants' speculation, the Court agrees that unemployment records are not within the scope of discovery in this case.

- *Criminal and/or Arrest Records*

Defendants broadly seek authorizations for release of all criminal and arrest records on the grounds that such records are relevant to Plaintiffs' credibility. Rule 609 authorizes limited use of evidence of certain criminal convictions for impeachment purposes. Otherwise, the Court is not convinced that the broad category of records sought ("arrests, probation, parole and/or criminal records") is relevant to any claim or defense. As one court noted, "Decisions in which discovery of arrest records (as opposed to admissible criminal <u>convictions</u> under Fed. R. Evid.

609) has been permitted appear to be cases in which the party's ongoing criminal record and extensive criminal activities are clearly essential issues in the case itself; as for example, when the party himself is alleged to be a fraud or to be committing such a fraud." *Vinet v. BP Expl. & Prod., Inc.,* No. CV 18-9527, 2019 WL 2289511, at *2 (E.D. La. May 29, 2019) (citing cases; emphasis in original). As for discoverable convictions, Defendants have deposed or will depose Plaintiffs and may seek information regarding Rule 609 convictions. Supplemental discovery requests may be tailored accordingly. The Court will not compel Plaintiffs to sign the broad requests presented.

- *Social Security and HIPPA release forms*

Defendants offer no specific argument regarding the relevancy of Social Security or medical records to the claims or defenses at issue in this case, and the Court appreciates none. Defendants conceded at the hearing that medical release authorizations are not relevant at this time.

Accordingly,

IT IS ORDERED that Defendants' Motion to Compel Discovery (Rec. Doc. 110) is GRANTED IN PART AND DENIED IN PART. The motion is granted to the extent Defendants move to compel Plaintiffs to execute releases for tax records, immigration records, and administrative records; however, the scope of such

authorizations shall be for records from 2021, 2022, 2023, 2024, and 2025. The motion is otherwise denied.

Signed at Lafayette, Louisiana on this 13th day of May, 2026.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE