

# UNITED STATES OF AMERICA
# State of Louisiana

## Nancy Landry
### SECRETARY OF STATE

*As Secretary of State, of the State of Louisiana, I do hereby Certify that*

the attached document(s) of

### SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC.

are true and correct and are filed in the Louisiana Secretary of State's Office.

| | | | |
|---|---|---|---|
| 44936546N | ORIGF | 5/16/2022 | 3 page(s) |
| 46441765 | 25 AR | 4/21/2025 | 2 page(s) |

In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,

February 18, 2026

*Secretary of State*

WEB 44936546N



**Certificate ID:** 12153497#TXM73

To validate this certificate, visit the following web site, go to **Business Services, Search for Louisiana Business Filings, Validate a Certificate**, then follow the instructions displayed.
**www.sos.la.gov**

SCSCGA - 023311

**EXHIBIT B**

## STATE OF LOUISIANA

## ARTICLES OF INCORPORATION

### (R.S. 12:203)

**1. The name of this corporation is:**
SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC.

**2. This corporation is formed for the purpose of:**
ENGAGING IN ANY LAWFUL ACTIVITY FOR WHICH CORPORATIONS MAY BE FORMED UNDER CHAPTER 2, TITLE 12, OF THE LA REVISED STATUTES (NON-PROFIT CORPORATION LAW)

**3. The duration of this corporation is (may be perpetual):**
PERPETUAL

**4. The street address (not a P.O. Box only) of the corporation's initial registered office is:**
611 IRISH BEND ROAD
FRANKLIN, LA, 70538

**5. Mailing Address:**
611 IRISH BEND ROAD
FRANKLIN, LA, 70538

**6. The name and street address (not a P.O. Box only) of the corporation's initial registered agent(s) is/are:**
JACQUES HEBERT
611 IRISH BEND ROAD
FRANKLIN, LA, 70538

**7. The name and address of each incorporator of this corporation is:**
ACADIANA AGRICULTURE, LLC
2417 CANAL STREET
JEANERETTE, LA, 70544


TED BROUSSARD FARMS, INC.
7899 HIGHWAY 87
JEANERETTE, LA, 70544

GONSOULIN FARMS, LLC
5717 WEEKS ISLAND ROAD
NEW IBERIA, LA, 70560

FRANK MARTIN FARMS, INC.
7001 HIGHWAY 182
FRANKLIN, LA, 70538

BAYOU SALE CANE CO. INC.
218 KATY CIRCLE
FRANKLIN, LA, 70538

**8. The name and street addresses of the corporation's initial directors are:**
CHRISTOPHER PATOUT (PRESIDENT, DIRECTOR)
2417 CANAL STREET

SCSCGA - 023312

JEANERETTE, LA, 70544

QUAID BROUSSARD (OFFICER)
7899 HIGHWAY 87
JEANERETTE, LA, 70544

RICKY GONSOULIN (OFFICER)
5717 WEEKS ISLAND ROAD
NEW IBERIA, LA, 70560

MIKE ROBICHEAUX (OFFICER)
7001 HIGHWAY 182
FRANKLIN, LA, 70538

MARK CHAUVIN (OFFICER)
218 KATY CIRCLE
FRANKLIN, LA, 70538

9. This corporation is to be organized on a non-stock basis.

**Other Provisions:**

**The filing of a false public record, with the knowledge of its falsity, is a crime, subjecting the filer to fine or imprisonment or both under R.S. 14:133.**

I HEREBY CERTIFY THAT I AM THE INCORPORATOR AND HAVE THE AUTHORITY TO
SIGN ON BEHALF OF ANY OTHER INCORPORATOR LISTED.
**ELECTRONIC SIGNATURE:** CHRISTOPHER PATOUT (5/13/2022)
**TITLE**: PRESIDENT OF ACADIANA AGRICULTURE, LLC

SCSCGA - 023313



**SECRETARY OF STATE**

# Agent Affidavit and Acknowledgement of Acceptance

**Charter Number:** 44936546N

**Charter Name:** SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC.

**The agent / agents listed below accept the appointment of registered agent for and on behalf of the Charter Name above.**

| Date Responded | Agent(s) | Agent(s) Electronic Signature |
|---|---|---|
| 05/16/2022 | JACQUES HEBERT | JACQUES HEBERT |

SCSCGA - 023314



**Nancy Landry**
**Secretary of State**

**DOMESTIC CORPORATION**

**ANNUAL REPORT**

**For Period Ending**
5/16/2025


44936546N


2025

| Mailing Address Only    (INDICATE CHANGES TO THIS  ADDRESS IN THIS BOX) | (INDICATE CHANGES TO THIS  ADDRESS IN THIS BOX) |
|---|---|

Mailing Address Only    (INDICATE CHANGES TO THIS  ADDRESS IN THIS BOX)

44936546 N                                                                1

SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC.

611 IRISH BEND ROAD
FRANKLIN, LA  70538

(INDICATE CHANGES TO THIS  ADDRESS IN THIS BOX)

Registered Office Address in Louisiana       (Do not use P. O. Box)

611 IRISH BEND ROAD
FRANKLIN, LA  70538

Federal Tax ID Number

Our records indicate the following registered agents for the corporation.  Indicate any changes or deletions below.  All agents must have a Louisiana address.  Do not use a P. O. Box.
**A NEW REGISTERED AGENT REQUIRES A NOTARIZED SIGNATURE.**

JACQUES HEBERT
611 IRISH BEND ROAD  FRANKLIN, LA  70538

I hereby accept the appointment of registered agent(s).

Sworn to and subscribed before me on
NOTARY NAME MUST BE TYPED OR PRINTED WITH NOTARY #

**New Registered Agent Signature**          **Notary Signature**          **Date**

This report reflects a maximum of three officers or directors from our records for this corporation.  Indicate any changes or deletions below.  Include a listing of all names along with each title held and their address.  Do not use a P. O. Box.  If additional space is needed attach an addendum.

QUAID BROUSSARD                                                Officer
7899 HIGHWAY 87  JEANERETTE, LA  70544
RICKY GONSOULIN                                                Officer, President
5717 WEEKS ISLAND ROAD  NEW IBERIA, LA  70560
MIKE ROBICHEAUX                                                Officer
7001 HIGHWAY 182  FRANKLIN, LA  70538

The filing of a false public record, with the knowledge of its falsity, is a crime, subjecting the filer to the fine or imprisonment or both under R.S. 14:133.

| **SIGN ➜** | To be signed by an officer or director<br>Desiree Lange<br>(SIGNED ELECTRONICALLY) | Title<br>Assistant | Phone | Date<br>04/21/2025 |
|---|---|---|---|---|
| | Signee's address | Email Address<br>ON FILE | | (For Office Use Only) |

Enclose filing fee of     $10.00          Return by:     5/16/2025

Make remittance payable to Secretary of State
**Do Not Send Cash**
**Do Not Staple**
web site: **www.sos.louisiana.gov**     **DO NOT STAPLE**

To:  **Commercial Division**
**P. O. Box 94125**
**Baton Rouge, LA 70804-9125**
**Phone (225) 925-4704**

4

UNSIGNED REPORTS WILL BE RETURNED

SCSCGA - 023315

# Annual Report Supplemental Page
# for Period Ending 5/16/2025

**Charter Number** : 44936546N

**Charter Name**:   SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC.

### Additional Officers

MARK CHAUVIN          Officer
218 KATY CIRCLE FRANKLIN, LA 70538

SCSCGA - 023316

## BYLAWS

### OF

## SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION
## A NONPROFIT CORPORATION

### Article I
### NAME & PURPOSE

The name of the Corporation is South Central Sugar Cane Growers' Association, Inc. (hereinafter the "Corporation").

The Corporation is organized for the purpose of engaging exclusively in any lawful activity for which nonprofit organizations and corporation may be formed within the meaning of Louisiana Law. Upon the approval of the Board of Directors and to the extent possible, the purpose of the corporation may be amended to the extent necessary to comply with section 501(c)(5) of the Internal Revenue Code.

This corporation is not organized for profit, and no part of the net earnings of this corporation shall inure to the benefit of any member of the Board of Directors or any other individual except that this corporation may make payments of reasonable compensation for services rendered.

The corporation shall not participate or intervene in any political campaign on behalf of, or in opposition to, any candidate for public office to an extent that would disqualify it from tax exemption under Louisiana law or, in the event such an election is made, section 501(c)(5) of the Internal Revenue Code. The corporation shall never be operated for the primary purpose of carrying on a trade or business for profit.

Upon the consent of the board of directors, this corporation shall not carry on any activities not permitted to be carried on by an organization exempt from federal income tax under section 501(c)(5) of the Internal Revenue Code of 1986 (or the corresponding provision of any future United States internal revenue law).

### Article II
### OFFICES & REGISTERED AGENT

1. Principal Office. The Corporation's initial principal office shall be located at 611 Irish Bend Road, Franklin, Louisiana, 70538. Other offices may be established upon a vote by the Board of Directors.

2. Registered Office. The Corporation's initial registered office shall be located at 611 Irish Bend Road, Franklin, Louisiana, 70538. The registered office may be changed upon a vote by the Board of Directors.

1

3. Registered Agent. The Corporation's initial registered agent shall be Jacques H. Hebert whose mailing address is 611 Irish Bend Road, Franklin, Louisiana, 70538. The registered agent may be changed upon a vote by the Board of Directors.

**Article III**
BOARD OF DIRECTORS

1. General Powers and Duties. Management of the affairs of the Corporation shall be vested in its Board of Directors, which will consist of five (5) members. The Board of Directors shall possess, and may exercise, any and all powers granted to the Corporation, subject to the limitations set forth herein. The initial board of directors shall be those persons as reflected in the Articles of the Corporation.

2. Number. The number of Directors shall be fixed by resolution of the Board of Directors, but shall be an odd number not less than three (3) nor more than five (5).

3. Qualifications. No person shall serve as a Director of the Corporation if he or she has a direct or indirect personal or financial relationship which would materially impair his or her ability to act solely in the interests of the Corporation. Whenever a Director has a direct or indirect personal or financial interest in a particular transaction or other decision to come before the Board of Directors, he or she shall disclose such personal or financial interest to the Board of Directors, which shall take such action, including disqualification, as it determines to be appropriate. Directors shall not hold more than two positions within the Board of Directors.

4. Election; Terms. Directors shall serve a (1) year term. Otherwise, the term of office of any individual Director shall terminate upon the effective date of his or her resignation, which may be made at any time by giving notice thereof in writing; upon his or her death; or upon a vote of the entire Board then in office to remove him or her from office. New Directors shall be elected to the Board by a vote of the Board then in office. A Director may succeed him or herself.

5. Quorum; Voting by the Board. All decisions by the Board of Directors require a minimum of three (3) members of the Board of Directors then in office to constitute a quorum for the transaction of any business. In no case shall a quorum consist of less than two (2) Directors. In the absence of a quorum, a majority of those members present may adjourn the meeting. The affirmative vote one-half (1/2) of the Directors present at a Board meeting at which a quorum is present shall be necessary and sufficient to the making of decisions by the Board. Each Director shall have one vote. All voting at meetings shall be done personally and no proxy voting shall be allowed.

6. Meetings. The Board of Directors shall meet at least once a year for an "Annual Meeting." Special meetings of the Board of Directors may be called by the President, or by the Secretary upon the written request of at least three members of the Board. Regular or special meetings shall be held at such times and in such places as the Board of Directors may determine in advance. Members may be asked to vote upon certain issues at the discretion of the Board of Directors.

7. Notice. At least ten (10) days' notice shall be given to each Director of a regular meeting of the Board of Directors, provided that the Corporation may provide a single notice of all regularly

2

SCSCGA - 023318

scheduled meetings for that year without having to give notice of each meeting individually. A special meeting of the Board of Directors may be held upon notice of two (2) days. Notice of a meeting of the Board of Directors shall specify the date, time, and place of the meeting, but except as provided in Article VIII of these Bylaws (relating to amendment of the Articles and Bylaws), need not specify the purpose for the meeting or the business to be conducted. Notice must be either delivered personally to each Director or mailed (including the sending of a fax, or electronic mail) to his or her address on record with the Corporation. If such notice is given by mail, it shall be deemed delivered when deposited in the United States mail properly addressed and with postage prepaid thereon. If such notice is given by fax or electronic mail, it shall be deemed delivered when transmitted. Notwithstanding the foregoing, a Director may waive notice of any regular or special meeting of the Board of Directors by written statement filed with the Board of Directors, or by oral statement at any such meeting. Attendance at a meeting of the Board of Directors shall also constitute a waiver of notice, except where a Director states that he or she is attending for the purpose of objecting to the conduct of business on the ground that the meeting was not lawfully called or convened.

8. Unanimous Consent. Any action required or permitted to be taken at a meeting of the Board of Directors may be taken without a meeting, provided all Directors consent in writing and set forth in the same writing the action or decision taken or made. Consent in writing shall have the same force and effect as a unanimous vote and may be described as such in any document executed by or on behalf of the Corporation.

9. Compensation. No Director shall be compensated for his or her service as a Director, unless otherwise decided by the Board of Directors. Directors may be reimbursed for reasonable expenses incurred for the purposes of participating in meetings of the Board and while otherwise acting on behalf of the Corporation.

10. Loans. The Corporation shall not lend money to or guarantee the obligation of a Director, except that the Corporation may provide: (1) an advance to pay reimbursable expenses reasonably expected to be incurred by a Director; or (2) advances pursuant to Article VI of these Bylaws.

11. Teleconferencing. One or more Directors may participate in a special or emergency meeting by means of a conference telephone, email, or similar communications equipment through which all Directors participating in the meeting can communicate with each other, speak to and hear each other at the same time provided that each person entitled to participate in the meeting consents to the meeting being held by such means. Participation by such means shall constitute presence in person at the meeting.

12. Resignation and Removal. Resignations are effective upon receipt by the Secretary (or receipt by the President or other officer if the Secretary is resigning) of written notification. Directors may be removed at a meeting called for that purpose, with or without cause, by such vote as would suffice for the Director's election, or for cause by a vote of the entire Board. If the Board removes a Director, the Board shall immediately thereafter be entitled to elect a new member as a Director.

3

SCSCGA - 023319

13. Vacancies. Vacancies existing by reason of resignation, death, incapacity, or removal before the expiration of a term may be filled by a vote of the Board until such time as the chapter has an election to replace the Director.

## Article IV
COMMITTEES

1. Executive Committee. By a vote of all the Directors in office, the Board of Directors may designate an Executive Committee consisting of one or more Directors. The Executive Committee shall consist of the President, Treasurer, Secretary, and one (1) At-Large Member. The Board of Directors may designate one or more of the Directors as alternate members of the Executive Committee, who may replace any absent or disqualified member at any meeting of the Committee upon the request of the President. Except as otherwise required by law or these Bylaws, the Executive Committee shall have such authority as the Board of Directors shall grant to it for the management of the Corporation. In the absence of a resolution expressly granting authority to the Executive Committee, the Executive Committee shall have authority to act for the Board of Directors, except that it shall not have authority to alter or amend these Bylaws; to remove or appoint members of the Board of Directors; to elect or remove the officers or executive Director, if any; to fill vacancies on a committee created under this Article IV; to authorize distributions; or to adopt an annual budget. The Executive Committee shall keep regular minutes of its proceedings and shall report the same to the Board of Directors when required. Vacancies in the Executive Committee shall be filled by the Board of Directors at a regular or special meeting.

2. Other Committees. The Board of Directors may create other committees consisting of Directors or other persons, which committees shall have such authority as the Board of Directors may by law and these Bylaws direct; provided that any committee that includes persons other than Directors may not exercise any powers of the Board of Directors. And provided further that no committee shall have the authority to alter or amend these Bylaws; to remove or appoint members of the Board of Directors; to elect or remove the officers or executive Director, if any; to fill vacancies on a committee created under this Article IV; to authorize distributions; or to adopt an annual budget.

## Article V
OFFICERS

1. Officers. The officers of the Corporation may consist of a President, Treasurer, Secretary, and one At-Large Member. The corporation shall initially have as its officers a President and Secretary. Additional officers may be activated upon the affirmative vote of the board of directors. The Board of Directors may elect other officers and assistant officers from time to time. The duties of any such officers and assistant officers shall be fixed by the Board of Directors, or by the President if authorized to do so by the Board of Directors.

2. Terms. The officers shall be elected by the Board of Directors and shall hold office for a one-year term from the effective date of their election. An individual may serve as an Officer for succeeding terms without limitation. The term of office of any officer shall terminate upon the

4

SCSCGA - 023320

effective date of his or her resignation submitted in writing to the Board of Directors; upon his or her death; or upon a vote of the Board to remove him or her from office.

3. Qualifications. Officers may, but need not be, Directors of the Corporation. A person may hold, at most, two office positions.

4. General Powers and Duties. The duties and powers of the Officers of the Corporation shall be those customarily exercised by corporate officers holding such offices, except to the extent they are inconsistent with these Bylaws.

5. President. The President shall act as the chief executive officer of the Corporation, shall supervise all of the affairs of the Corporation in accordance with policies and directives approved by the Board of Directors, and shall perform such other duties as the Board of Directors may from time to time prescribe. The President shall have the power to change the registered agent and registered office of the Corporation. Chris Patout shall serve as the initial President of the Corporation.

6. Secretary. The Secretary shall record or cause to be recorded all votes and minutes of all proceedings of the Board of Directors. He or she shall give or cause to be given notice of all meetings and shall perform such other duties as may be prescribed by the Board of Directors or the President. The Secretary will be responsible to keep all permanent and legal records of the organization.

7. Treasurer. The Treasurer shall keep or cause to be kept full and accurate account of the receipts and disbursements of the Corporation and shall deposit or cause to be deposited all moneys and other assets in the name and to the credit of the Corporation in such depositories as may be designated by the Board of Directors. He or she shall disburse or cause to be disbursed corporate funds, making proper vouchers for such disbursements, and shall render to the President and the Board, upon request, an accounting of all his or her transactions as Treasurer and of the financial condition of the Corporation. He or she shall also perform such other duties as the Board of Directors may prescribe. At the inception of the organization, the position of Treasurer will be unfilled.

8. Inspections. Both the Secretary and Treasurer shall permit any Director or his or her duly authorized attorney to inspect all books and records of the Corporation, for any proper purpose at any reasonable time.

9. Loans. The Corporation shall not lend money to or guarantee the obligation an officer of the Corporation; except that the Corporation may provide: (1) an advance to pay reimbursable expenses reasonably expected to be incurred by a Director; or (2) advances pursuant to Article VI of these Bylaws.

5

SCSCGA - 023321

## Article VI
### INDEMNIFICATION AND INSURANCE

The Corporation shall indemnify and hold harmless the Board of Directors of the Corporation to the maximum extent allowed by law. Further, the Corporation shall indemnify and advance expenses to an officer who is party to a proceeding because he or she is or was an officer of the Corporation:

   (A) to the same extent as a Director; and

   (B) to such further extent as may be provided by the Articles of Incorporation, the Bylaws, a resolution of the board of Directors, except for:

      (1) Liability in connection with a proceeding by or in the right of the Corporation other than for reasonable expenses incurred in connection with the proceeding; or

      (2) Liability arising out of conduct that constitutes:

         i. receipt by the officer of a financial benefit to which the officer is not entitled;

         ii. an intentional infliction of harm on the Corporation or the members; or

         iii. an intentional violation of criminal law.

## Article VII
### MEMBERS

1. The Corporation shall be open to membership to those persons who share the goals and objectives of the corporation as outlined in the application for membership in effect at the time of execution by the applicant, and who wish to contribute to the accomplishment of the objectives of the corporation. Members shall be admitted at the consent of the Board of Directors.

2. The Board of Directors may revoke membership and remove a member from the corporation upon a finding that the member has undertake actions contrary to the goals and purposes of the corporation or for the commission of unlawful acts.

## Article VIII
### MISCELLANEOUS PROVISIONS

1. Fiscal Year. The annual accounting period of the Corporation shall begin on August 1, 2021 and end on July 31st and shall continue likewise for each consecutive year, unless changed by the Board of Directors.

2. Checks. All checks, drafts, or other orders for the payment of money shall be signed by the President and the Treasurer of the Corporation or by such officers whom the Board of Directors may from time to time designate.

3. Contracts. All contracts, notes or other evidence of indebtedness, and leases of space for the

6

SCSCGA - 023322

Corporation shall be signed by such officer or officers or such other person or persons as the Board of Directors may from time to time designate.

4. Records. The Secretary of the Corporation shall keep as permanent records minutes of all meetings of its board of Directors, and any designated body, a record of all actions taken by the board of Directors, or members of a designated body without a meeting, and a record of all actions taken by a committee of the board of Directors or a designated body on behalf of the Corporation. The Corporation shall keep a copy of the following records at its principal office: (1) Articles of Incorporation or restated Articles of Incorporation and all amendments to them currently in effect; these Bylaws or restated bylaws and all amendments to them currently in effect; (2) minutes and records described in this section for the past 3 years; (3) a list of the names and business addresses of its current Directors and officers; and (4) the most recent annual report.

5. Dissolution. Upon dissolution, any and all assets of the Corporation shall be donated to another tax-exempt organization, as required by law.

## Article IX
AMENDMENTS

1. Amendments to Bylaws. The Bylaws may be altered or amended, or new Bylaws adopted, at any meeting of the Board of Directors, by a vote of the Directors in office, if at least ten (10) days written notice is given of the intention to take such action at such meeting.
2. Amendments to Articles. The Articles of Incorporation may be altered or amended, or new Articles adopted, at any meeting of the Board of Directors, by a vote of the Directors in office, if at least ten (10) days written notice is given of the intention to take such action at such meeting.

THESE BYLAWS have been adopted by the undersigned Board of Directors on this 27th day of _____April_____, 2022.

By: Chris Patout

By: Quaid Broussard

By: Ricky Gonsoulin

By: Mike Robicheaux

By: Mark Chauvin

GLORIA M. GILMORE
NOTARY PUBLIC
IBERIA PARISH
STATE OF LOUISIANA
My Commission Expires at death

Gloria M. Gilman
I.D. # 056449

SCSCGA - 023323



# UNITED STATES OF AMERICA
# State of Louisiana

## Jay Dardenne
### SECRETARY OF STATE

*As Secretary of State, of the State of Louisiana, I do hereby Certify that*

the attached document(s) of

**STERLING SUGARS, L.L.C.**

are true and correct and are filed in the Louisiana Secretary of State's Office.

40263565          Conversion to LLC  07/27/2010   6 pages

In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,

July 27, 2010



*Secretary of State*

WH 34888519K

**Certificate ID:** 10087604#73P83

To validate this certificate, visit the following web site, go to **Commercial Division**, **Certificate Validation**, then follow the instructions displayed.
**www.sos.louisiana.gov**

Page 1 of 1 on 7/27/2010 2:46:26 PM

SCSCGA - 023324

**CONVERSION APPLICATION FOR
STERLING SUGARS, INC.**

STATE OF LOUISIANA

PARISH OF _East Baton Rouge_

1. The name of the converting entity is Sterling Sugars, Inc., a Louisiana corporation. The name of the converted entity will be Sterling Sugars, L.L.C.

2. The resulting converted entity will be a limited liability company governed by Chapter 22 of Title 12 of the Louisiana Revised Statutes Annotated.

3. The converting entity is continuing its existence in the form of the converted entity.

4. The sole shareholder of the converting entity, M.A. Patout & Son Limited, will be the sole Member of, and own all of the membership interest in, the converted entity.

5. The conversion has been authorized and approved in accordance with La. R.S. 12:1601, et seq.

6. A copy of the Articles of Organization and Initial Report of the converted entity are attached hereto as Exhibit A and made a part hereof.

_____
Craig P. Caillier, Duly Authorized Officer

Date: ___July 27,_____, 2010

906661.1

SCSCGA - 023325

Exhibit A

See attached copy of the Articles of Organization
and Initial Report of Sterling Sugars, L.L.C.

906661.1

SCSCGA - 023326

# ARTICLES OF ORGANIZATION
# OF
# STERLING SUGARS, L.L.C.

STATE OF LOUISIANA

PARISH OF _East Baton Rouge_

The undersigned, a person of the full age of majority, acting as the organizer of a limited liability company under Chapter 22 of Title 12 of the Louisiana Revised Statutes Annotated, does hereby form, effective ___July 27___, 2010, a limited liability company under such law and for such purposes does hereby adopt the following Articles of Organization:

1.   The name of this Limited Liability Company organized pursuant to these Articles of organization shall be Sterling Sugars, L.L.C. (the "Company").

2.   The object and purpose for which the Company is formed shall be to engage in any lawful activity for which limited liability companies may be formed under Chapter 22 of Title 12 of the Louisiana Revised Statutes Annotated.  The Company shall have perpetual existence.

3.   The business of the Company shall be managed by or under the authority of the Member(s) of the Company, pursuant to a written Operating Agreement (as defined under La. R.S. 12:1301(A)(16)), as amended from time to time.

4.   Pursuant to La. R.S. 12:1305(C)(5), persons dealing with the Company may rely upon a certificate signed by the Secretary of the Company to establish the membership of any member, the authenticity of any records of the Company, or the authority of any person to act on behalf of the Company.

5.   The full name and street address of the organizer is Craig P. Caillier, 3512 J. Patout Burns Road, Jeanerette, Louisiana 70544.

THUS executed at ___Baton Rouge___, Louisiana, on the __27th__ day of ___July___, 2010.

_____
Craig P. Caillier, Organizer

**EXHIBIT**

A

907081.3

SCSCGA - 023327

## ACKNOWLEDGMENT

**STATE OF LOUISIANA**

**PARISH OF** _East Baton Rouge_

BE IT KNOWN, that on this _27th_ day of _Feb_, 2010, before me, the undersigned Notary Public, duly commissioned, qualified, and sworn within and for the State and Parish aforesaid, personally came and appeared:

### CRAIG P. CAILLIER

to me known to be the identical person who executed the above and foregoing instrument, who declared and acknowledged to me, notary, in the presence of the undersigned competent witnesses, that he executed the above and foregoing instrument of his own free will, as his own act in deed, for the uses, purposes, and benefits therein expressed.

WITNESSES:

Print Name: _Mary Lynn Weaver_

Print Name: _Michele B. Mayeux_

_____
Craig P. Caillier

Print Name: _____
Notary Public
Bar Roll/Notary No. _____
My Commission Expires: At My Death

Van R. Mayhall, Jr., Notary Public
Louisiana Attorney Bar Roll #9183
Notary Public ID #32055

907081.3

SCSCGA - 023328

# INITIAL REPORT
## OF
## STERLING SUGARS, L.L.C.

1.    The location and municipal address of Sterling Sugars, L.L.C. (the "Company") is 611 Irish Bend Road, Franklin, LA 70538.

2.    The name of the Company's Registered Agent and his municipal address is Craig P. Caillier, 3512 J. Patout Burns Road, Jeanerette, Louisiana 70544.

3.    The notarized Affidavit of Acknowledgment and Acceptance signed by the Registered Agent is attached hereto as Exhibit A.

4.    The name and municipal address of the initial Member of the Company is:

> M.A. Patout & Son Limited
> 3512 J. Patout Burns Road
> Jeanerette, Louisiana 70544

Thus executed at _____Baton Rouge_____, Louisiana, on the __27__ day of _____July_____, 2010.

_____
Craig P. Caillier, Organizer

907081.3

SCSCGA - 023329

## EXHIBIT A TO INITIAL REPORT OF
## STERLING SUGARS, L.L.C.

### AFFIDAVIT OF ACKNOWLEDGMENT AND ACCEPTANCE OF APPOINTMENT BY DESIGNATED REGISTERED AGENT

To the Secretary of State of Louisiana

State of Louisiana

Parish of _East Baton Rouge_

On this _27ᵗʰ_ day of _July_ , 2010, before me, a Notary Public in and for the State and Parish aforesaid, personally came and appeared:

### CRAIG P. CAILLIER

who is to me known to be the person, and who, being duly sworn, acknowledged to me that he does hereby accept appointment as the Registered Agent of Sterling Sugars, L.L.C., which is a limited liability company authorized to transact business in the State of Louisiana pursuant to the provisions of the Title 12, Chapter 22 of the Louisiana Revised Statutes Annotated.

_____
Craig P. Caillier, Registered Agent

SUBSCRIBED AND SWORN TO before me on the day, month, and year first above set forth.

_____
Print Name:_____
Notary Public          Van R. Mayhall, Jr., Notary Public
Bar Roll/Notary No. _____ Louisiana Attorney Bar Roll #9183
My Commission Expires: At My Death Public ID #32055

907081.3

SCSCGA - 023330

## OPERATING AGREEMENT
## OF
## STERLING SUGARS, L.L.C.
### a Louisiana limited liability company (the "Company")

This Operating Agreement, effective as of the _27_ day of _July_ , 2010, is by and between the Company and: M.A. PATOUT & SON LIMITED, a Louisiana corporation, authorized to do business in the State of Louisiana, (hereinafter referred to as the "Member"), who declares that:

WITNESSETH:

WHEREAS, the Member, being the sole Member of the Company, caused the conversion of Sterling Sugars, Inc. into the Company under a Conversion Application and Articles of Organization duly filed with the Secretary of State of the State of Louisiana for any lawful purpose for which a limited liability company may be formed under Louisiana law; and

WHEREAS, the Member hereby adopts and enters into this Operating Agreement to regulate and establish the affairs of the Company, the conduct of its business, and the relationship of its Member to the Company.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the Member and the Company agree as follows:

### Operating Agreement

The Member desires to formalize its relationship to the Company in a written Operating Agreement under the laws of the State of Louisiana, under which the business of the Company shall henceforth be carried on in accordance with the terms and provisions stated in this instrument.

### Name

The Company's name is STERLING SUGARS, L.L.C. Its business and affairs shall be conducted under that name. The Company's principal place of business and office shall be 611 Irish Bend Road, Franklin, Louisiana, 70560, or such other locations as may be established by the Member.

### Purpose

The purpose of the Company shall be to engage in any business or activity that may be lawfully conducted by a limited liability company under the laws of the State of Louisiana.

### Seal

3.      If the Company employs a seal, it shall have inscribed thereon the name of the Company, the year of its organization and the words "Company Seal, Louisiana". Said seal

913688.6

SCSCGA - 023331

may be used by causing it or a facsimile thereof to be impressed, affixed, reproduced or otherwise applied.

## Authorized Units

4.    The Company is hereby authorized to issue one hundred (100) units of Membership interests (the "Units") in the Company, each said Unit constituting one percent of the ownership interests of the Company.  All authorized Units shall be and remain owned by the Member unless transfer is permitted under this Operating Agreement.

## Member Action

5.    The annual meeting of the Member for the election of Directors, and for such other purposes as may be properly brought before the Member, shall be held at the principal office of the Company or at such other location as is provided in the notice of annual meeting of the Member.  Special meetings of the Member for any other purpose may be held at such place and time as shall be stated in the notice of the meeting.

6.    An annual meeting of the Member shall be held on a date to be determined by the Board of Directors, when the Member shall elect by a plurality vote, by ballot, a Board of Directors, and transact such other business as may properly be brought before the meeting.

7.    The holders of a majority of the Membership Units issued and outstanding, and entitled to vote thereat, present in person, or represented by proxy, shall be requisite and shall constitute a quorum at all meetings of the Member for the transaction of business except as otherwise provided by statute, by the Articles of Organization or by this Operating Agreement. If, however, such quorum shall not be present or represented at any meeting of the Member, the Member entitled to vote thereat, present in person, or by proxy, shall have power to adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum shall be present.  At such adjourned meeting at which a quorum shall be present, any business may be transacted which might have been transacted at the meeting as originally notified.

8.    At any meeting of the Member, the Member having the right to vote shall be entitled to vote in person, or by proxy appointed by an instrument in writing subscribed by such Member and bearing a date not more than three years prior to said meeting, unless said instrument provides for a longer period.  The Member shall have one vote for each Unit of Membership interest having voting power, registered in Member's name on the books of the Company, and except where the transfer books of the Company shall have been closed or a date shall have been fixed as a record date for the determination of its Member entitled to vote, no Unit of Membership interest shall be voted on at any election of Directors which shall have been transferred on the books of the Company within twenty days next preceding such election of Directors.

2

913688.6

SCSCGA - 023332

9.      Written notice of the annual meeting shall be mailed to the Member entitled to vote thereat at such address as appears on the Membership records of the Company at least ten (10) days prior to the meeting.

10.     A complete list of the Member entitled to vote at the ensuing election, arranged in alphabetical order, with the residence of each and the number of voting Membership Units held by each, shall be prepared by the secretary and filed in the office where the election is to be held, at least ten (10) days before every election, and shall at all times, during the usual hours for business and during the whole time of said election, be open to the examination by the Member.

11.     Special meetings of the Member, for any purpose or purposes, unless otherwise prescribed by statute, may be called by the president and shall be called by the president or secretary at the request in writing of a majority of the Board of Directors, or at the request in writing of the Member.  Such request shall state the purpose or purposes of the proposed meeting.

12.     Business transacted at all special meetings shall be confined to the subjects stated in the notice of special meeting.

13.     Written notice of a special meeting of the Member, stating the time and place and subjects thereof, shall be mailed, postage prepaid at least ten (10) days before such meeting, to the Member entitled to vote thereat at such address as appears on the books of the Company.

14.     Any action by the Member which may be taken at any meeting of the Member may be authorized by a written consent executed by a duly authorized officer or director of the Member acting in the name and on behalf of the Member.

15.     The approval of the Board of Directors of the Member, acting on behalf of the Member, at a duly called meeting of the said Board of Directors, shall be necessary in order for the Company to undertake any of the following actions:

    a.    The dissolution and winding up of the business and affairs of the Company;

    b.    The sale, exchange, lease, mortgage, pledge, or other transfer of all, or substantially all, of the assets of the Company;

    c.    A merger or consolidation of the Company with or into another entity;

    d.    An amendment to the Articles of Organization or the Operating Agreement of the Company;

    e.    The acquisition, alienation, lease or encumbrance of any immovables of the Company;

3

913688.6

SCSCGA - 023333

f.   The incurrence of indebtedness by the Company other than an amount established by resolution of the Board of Directors of the Member incurred in the ordinary course of the Company's business;

g.   The Company's formation of or acquisition of an interest in, or guarantee of obligations of any other entity;

h.   The Company's entry into any contract, agreement or arrangement other than the ordinary course of the Company's business.

## Directors

16.   The number of Directors which shall constitute the whole board shall be seven (7).  Directors need not be Members.  They shall be elected annually by the Member, and each Director shall be elected to serve until his successor shall be elected and shall qualify.  The Member may remove any Director at any time, with or without cause, by written consent.

17.   The Directors shall keep regular minutes of their proceedings and may hold their meetings and keep the books of the Company, except the original or duplicate Membership records, outside of Franklin, Louisiana, or at such other places as the Directors may from time to time determine.

18.   If the office of any Director or Directors becomes vacant by reason of death, resignation, retirement, disqualification, removal from office, or otherwise, the Member, by written consent, shall choose a successor or successors, who shall hold office for the unexpired term in respect to which such vacancy occurred or until the next election of Directors.

19.   The property and business of the Company shall be managed by its Board of Directors which may exercise all such powers of the Company and do all such lawful acts and things as are not by statute, or by the Articles of Organization or by this Operating Agreement directed or required to be exercised or done by the Member.

## Committee of Directors

20.   The Board of Directors may, by resolution or resolutions passed by a majority of the whole Board, designate one or more committees, each committee to consist of such persons as the Board may designate.  Each such committee, if any, shall have such responsibilities and exercise such authority as said resolution or resolutions shall prescribe. Such committee or committees shall have such name or names as may be determined from time to time by resolution adopted by the Board of Directors.

21.   The committees shall keep regular minutes of their proceedings and report the same to the Board when required.

913688.6

SCSCGA - 023334

## Compensation of Directors

22.     Directors, as such, shall not receive any stated salary for their services, but by resolution of the Board, a fixed sum and expenses of attendance, if any, may be allowed for attendance at each regular or special meeting of the Board, provided that nothing herein contained shall be construed to preclude any Director from serving the Company in any other capacity and receiving compensation therefor.

23.     Members of special or standing committees, with the approval of the Board, may be allowed like compensation or expenses for attending committee meetings.

## Meetings of the Board

24.     The first meeting of each newly elected Board shall be held at such time and place either within or without the State of Louisiana as shall be fixed by the written consent of the Member, and no notice of such meeting shall be necessary to the newly elected Directors in order to legally constitute the meeting; provided a majority of the whole Board shall be present; or they may meet at such place and time as shall be fixed by the consent in writing of all the Directors.

25.     Regular meetings of the Board may be held without notice at such time and place either within or without the State of Louisiana as shall from time to time be determined by the Board.

26.     Special meetings of the Board may be called by the president on seven (7) days' notice to each Director, either personally, by mail, by telegram or by other electronic means; special meetings shall be called by the president or secretary in like manner and on like notice on the written request of two Directors.

27.     At all duly called meetings of the Board, not less than four (4) Directors shall be necessary and sufficient to constitute a quorum for the transaction of business and the act of a majority of the Directors present at any meeting at which there is a quorum shall be the act of the Board of Directors, except as may be otherwise specifically provided by statute, by the Articles of Organization or by this Operating Agreement.

28.     The officers of the Company shall be appointed by the Board of Directors and shall be a Chairman of the Board, a Vice-Chairman, a President, a Secretary and a Treasurer. The Board may require that any two of these offices shall be combined in one person. The Board of Directors may also appoint such Vice Presidents, assistant Secretaries and assistant Treasurers as it deems proper. .

29.     The Board of Directors, at its first meeting after being elected, shall choose a Chairman of the Board and a Vice Chairman from the Board Members, and a President, one or more Vice Presidents if required by the Board, a Secretary and a Treasurer, none of whom need be a member of the Board.

5

913688.6

SCSCGA - 023335

30.    The Board may appoint such other officers and agents as it shall deem necessary, including, without limitation, a General Manager, who shall hold their offices for such terms and shall exercise such powers and perform such duties as shall be determined from time to time by the Board.

31.    The salaries of all officers and agents of the Company shall be fixed by the Board of Directors.

32.    The officers of the Company shall hold office until their successors are chosen and qualify in their stead.  Any officer elected or appointed by the Board of Directors may be removed at any time by the affirmative vote of a majority of the whole Board of Directors.  If the office of Chairman, Vice-Chairman, President, Secretary or Treasurer becomes vacant for any reason, the vacancy shall be filled by the Board of Directors.

## The Chairman of the Board

33.    The Chairman of the Board shall preside at all meetings of the Member and of the Directors, shall be ex officio a member of all standing committees, and shall perform such other duties as may be designated by the Board of Directors.

## The President

34.    The President shall be the Chief Executive Officer of the Company, he shall be ex officio a member of all standing committees and shall see that all orders and resolutions of the Board are carried into effect.

35.    He shall execute bonds, mortgages and other contracts requiring a seal, under the seal of the Company, except where required by law to be otherwise signed and executed and except where the signing and execution thereof shall be expressly delegated by the Board of Directors to some other officer or agent of the Company.  If no General Manager is appointed, the President shall be the operating officer with the authority otherwise granted to the General Manager as provided in Section 42 below, "The General Manager."

## Vice President

36.    The Vice Presidents in the order of their seniority shall, in the absence or disability of the President, perform the duties and exercise the powers of the President and shall perform such other duties as the Board of Directors shall prescribe.

## The Secretary and Assistant Secretaries

37.    The Secretary shall attend all sessions of the Board and all meetings of the Member and record all votes and the minutes of all proceedings in a book to be kept for that purpose and shall perform like duties for the standing committees when required. The Secretary shall give, or cause to be given, notice of all meetings of the Member and special meetings of the Board of Directors, and shall perform such other duties as may be prescribed by the Board of Directors or President, under whose supervision the Secretary shall be. The

6

913688.6

SCSCGA - 023336

Secretary shall keep in safe custody the seal of the Company and, when authorized by the Board, affix the same to any instrument requiring it and, when so affixed, it shall be attested by the Secretary's signature or by the signature of the Treasurer or an Assistant Secretary.

38.    The Assistant Secretaries, in order of their seniority, shall, in the absence or disability of the Secretary, perform the duties and exercise the powers of the Secretary and shall perform such other duties as the Board of Directors shall prescribe.

## The Treasurer and Assistant Treasurers

39.    The Treasurer shall have the custody of the corporate funds and securities and shall keep full and accurate accounts of receipts and disbursements in books belonging to the Company and shall deposit all monies and other valuable effects in the name and to the credit of the Company in such depositories as may be designated by the Board of Directors.

40.    The Treasurer shall disburse the funds of the Company as may be ordered by the Board, the President or other duly authorized officer taking proper vouchers for such disbursements, and shall render to the President and Directors, at the regular meetings of the Board, or whenever they may require it, an account of all transactions as Treasurer and of the financial condition of the Company.

41.    If required by the Board of Directors, the Treasurer shall give the Company a bond (which shall be renewed and kept constantly in effect) in such sum and with such surety or sureties as shall be satisfactory to the Board for the faithful performance of the duties of the Treasurer's office and for the restoration to the Company, in case of his death, resignation, retirement or removal from office, of all books, papers, vouchers, money and other property of whatever kind in the Treasurer's possession or under the Treasurer's control belonging to the Company.

42.    The Assistant Treasurers, in the order of their seniority, shall, in the absence or disability of the Treasurer, perform the duties and exercise the powers of the Treasurer and shall perform such other duties as the Board of Directors shall prescribe.

## The General Manager

43.    If a General Manager is appointed, the General Manager shall be the operating officer, have direct supervision and control of all of the properties of the Company and direct management of same.  The General Manager shall have the power to employ and discharge all workmen for the Company and shall generally supervise and manage the properties and operating business of the Company.

## Membership Interest Certificates

44.    The Membership interest certificates of the Company shall be numbered and shall be entered in the books of the Company as they are issued.  They shall exhibit the holder's name and number of Membership Units and shall be signed by the President or a Vice President and the Secretary or an Assistant Secretary.  They shall be inscribed with a

7

913688.6

SCSCGA - 023337

statement that the transfer of Units is restricted by provisions in the Company's Operating Agreement.

## Transfer of Membership Units

45.    No transfer of the Company's Units shall be permitted without the approval of the Member, or if there is more than one Member of the Company, approval of Members owning not less than two-thirds (66.67%) of the issued and outstanding Units.   Upon surrender to the Company of a Membership Unit certificate duly endorsed or accompanied by proper evidence of succession, assignment or authority to transfer Units represented by such certificate, it shall be the duty of the Company to issue a new certificate to the person entitled thereto, cancel the old certificate and record the transaction upon its books.

## Registered Member

46.    The Company shall be entitled to treat the holder of record of any Units of Membership interests as the holder in fact thereof, and, accordingly, shall not be bound to recognize any equitable or other claim to or interest in such Units of Membership interests on the part of any other person, whether or not it shall have express or other notice thereof, except as otherwise provided by the laws of Louisiana.

## Lost Certificates

47.    The Board of Directors may direct a new certificate or certificates to be issued in place of any certificate or certificates theretofore issued by the Company alleged to have been lost or destroyed, upon the making of an affidavit of that fact by the person claiming the Membership Unit certificate to be lost, and the Board of Directors, when authorizing such issue of a new certificate or certificates, may, in its discretion and as a condition precedent to the issuance thereof, require the owner of such lost or destroyed certificate or certificates, or his legal representative, to advertise the same in such manner as it shall require and/or give the Company a bond in such sum as it may direct as indemnity against any claim that may be made against the Company.

## Check Signing Authority

48.    All checks or demands for money and notes of the Company shall be signed by such officer or officers or such other persons as the Board of Directors may from time to time designate.

## Fiscal Year

49.    The fiscal year shall begin the first day of August in each year, and shall end on the last day of July in each year or at such other times as may be determined by the Board of Directors.

8

913688.6

SCSCGA - 023338

## Dividends

50.    Dividends upon the Membership Units of the Company, subject to the provisions of the Articles of Organization and this Operating Agreement, if any, may be declared by the Board of Directors at any regular or special meeting, pursuant to law. Dividends may be paid in cash or in property.

51.    Before payment of any dividend there may be set aside out of any funds of the Company available for dividends such sum or sums as the Directors from time to time, in their absolute discretion, think proper as a reserve fund to meet contingencies, or for equalizing dividends, or for repairing or maintaining any property of the Company, or for such other purpose as the Directors shall think conducive to the interest of the Company, and the Directors may abolish any such reserve in the manner in which it was created.

## Directors' Statement

52.    The Board of Directors shall present to the Member upon request, but not less often than once each fiscal year, a full and clear statement of the business and condition of the Company.

## Notices

53.    Whenever under the provisions of this Operating Agreement, notice is required to be given to any Director or to the Member, it shall not necessarily be construed to mean personal notice, but such notice may be given in writing, by mail, by depositing same in the post office or letter box, in a postpaid sealed wrapper, addressed to such Director or to the Member at such address as appears on the books of the Company, or, in default of other address, to such Director or to the Member at the General Post Office in the City of Franklin, Louisiana, and such notice shall be deemed to be given ten (10) days after the time when the same shall be thus mailed.  Notice may also be given by telegram, confirmed facsimile or confirmed email.

54.    Any notice required to be given under this Operating Agreement may be waived in writing, signed by the person or persons entitled to said notice, whether before or after the time stated therein.

## Amendments

55.    This Operating Agreement may be altered or repealed by the written consent of the Member.

## Records and Information

56.    The Member shall have the right to obtain from the Company any of the following:

9

913688.6

SCSCGA - 023339

a.   At the Member's own expense, inspect and copy any Company record upon reasonable request during ordinary business hours;

b.   Obtain from time to time upon reasonable demand true and complete information regarding the state of the business and financial condition of the Company and, promptly after becoming available, a copy of the Company's federal and state income tax returns for each year, and other information regarding the affairs of the Company as is just and reasonable;

c.   Demand a formal accounting of the Company's affairs whenever circumstances render it just and reasonable.

### Limitation of Liability and Indemnification

57.   The members of the Board of Directors and the officers of the Company shall not be liable, responsible, or accountable, in damages or otherwise, to any Member or to the Company for any act within the scope of the authority conferred by these Articles, except for breach of fiduciary duty, fraud, gross negligence, willful misconduct or an intentional breach of these Articles.

58.   The Company shall indemnify, defend, and hold the officers of the Company and the members of the Board of Directors harmless from any losses, damages, claims, liabilities, attorneys' fees and costs arising from any act taken or omission to act that is within the scope of the authority conferred on them by these Articles, except for breach of fiduciary duty, fraud, gross negligence, willful misconduct, or an intentional breach of these Articles.

59.   If the Louisiana Limited Liability Company Law is hereafter amended to authorize Company action further limiting or eliminating the personal liability of Directors and officers, then the liability of each Director and officer of this Company shall be limited or eliminated to the fullest extent permitted by the Louisiana Limited Liability Company Law, as so amended from time to time.  Neither the amendment nor repeal of Sections 57-59 of this Operating Agreement, nor the adoption of any provision of this Company's Articles of Organization inconsistent with Sections 57-59 of this Operating Agreement shall eliminate or reduce the effect of those Sections, in respect of any matter occurring, or any cause of action, suit or claim that, but for those Sections, would accrue or arise, prior to such amendment, repeal or adoption of an inconsistent provision.

[SIGNATURE PAGES FOLLOW]

10

913688.6

SCSCGA - 023340

IN WITNESS WHEREOF, the parties have executed this Operating Agreement in the presence of the undersigned competent witnesses on the ___27ᵗʰ___ day of ___July___, 2010, in ___Baton Rouge___, Louisiana.

**WITNESSES:**

*Mary Lyn Weaver*
Printed Name: *Mary Lynn Weaver*

*Michele B Mayeux*
Printed Name: *Michele B. Mayeux*

**MEMBER:**

**M.A. PATOUT & SON LIMITED**

By: _____
    Craig P. Caillier, President

**COMPANY:**

**STERLING SUGARS, L.L.C.**

*Mary Lyn Weaver*
Printed Name: *Mary Lynn Weaver*

*Michele B Mayeux*
Printed Name: *Michele B. Mayeux*

By: _____
    Craig P. Caillier, Duly Authorized Officer

11

913688.6

SCSCGA - 023341

# ACKNOWLEDGMENT

STATE OF LOUISIANA

PARISH OF _East Baton Rouge_

BE IT KNOWN that on this ___27th___ day of ___July___, 2010, before me, the undersigned Notary Public, duly commissioned, qualified, and sworn within and for the State and Parish aforesaid, personally came and appeared: **M.A. Patout & Son Limited**, through its President, to me known to be the identical person who executed the above and foregoing Operating Agreement, and who further declared and acknowledged to me, Notary, in the presence of the undersigned competent witnesses, that he executed the above said Operating Agreement on behalf of M.A. Patout & Son Limited of his own free will, as his own act and deed four the uses, purposes, and benefits therein expressed.

WITNESSES:                                    **MEMBER:**

                                              **M.A. PATOUT & SON LIMITED**

_Mary Lynn Weaver_                            By: _____
Printed Name: _Mary Lynn Weaver_              Craig P. Caillier, President

_Michele B Mayeux_
Printed Name: _Michele B. Mayeux_

_____
                NOTARY PUBLIC
Printed Name: _____    Van R. Mayhall, Jr., Notary Public
Bar Roll or Notary No.: _____   Louisiana Attorney Bar Roll #9183
                                          Notary Public ID #32055

12

913688.6

SCSCGA - 023342

## ACKNOWLEDGMENT

STATE OF LOUISIANA

PARISH OF ___East Baton Rouge___

BE IT KNOWN that on this __27__ day of ___July___, 2010, before me, the undersigned Notary Public, duly commissioned, qualified, and sworn within and for the State and Parish aforesaid, personally came and appeared: **Sterling Sugars, L.L.C.**, appearing through its duly authorized officer, to me known to be the identical person who executed the above and foregoing Operating Agreement, and who further declared and acknowledged to me, Notary, in the presence of the undersigned competent witnesses, that he executed the above said Operating Agreement on behalf of Sterling Sugars, L.L.C. of his own free will, as his own act and deed for the uses, purposes, and benefits therein expressed.

**WITNESSES**:                                                **COMPANY:**

                                                            **STERLING SUGARS, L.L.C.**

Printed Name: _Mary Lynn Weaver_

By: _____
Craig P. Caillier, Duly Authorized Officer

Printed Name: _Michele B Mayeux_

NOTARY PUBLIC    van R. Mayhall, Jr., Notary Public
Printed Name: _____    Louisiana Attorney Bar Roll #9183
Bar Roll or Notary No.: _____    Notary Public ID #32055

13

913688.6

SCSCGA - 023343