MATTER NUMBER:              H-2A 21466.16.3
COMPANY:                    South Central Sugar Cane Growers' Association
POSITION:                   146 Heavy and Tractor-Trailer Truck Driver(s)
PRIMARY WORK LOCATION:      Franklin, LA
VALIDITY DATES:             09/01/2025 to 01/15/2026

**EXHIBIT**

**K 1 of 4**

SCSCGA - 003090

**ETA 790 / Job Order**

SCSCGA - 003091

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

Agricultural Clearance Order
Form ETA-790
**U.S. Department of Labor**



---

**IMPORTANT**: *In accordance with 20 CFR 653.500, all employers seeking U.S. workers to perform agricultural services or labor on a temporary, less than year-round basis through the Agricultural Recruitment System for U.S. Workers, must submit a completed job clearance order (Form ETA-790) to the State Workforce Agency (SWA) for placement on its intrastate and interstate job clearance systems.  Employers submitting a job order in connection with an H-2A Application for Temporary Employment Certification (Form ETA-9142A) must complete the Form ETA-790 and attach a completed ETA-790A.  All other employers submitting agricultural clearance orders must complete the Form ETA-790 and attach a completed ETA-790B.  Employers and authorized preparers must read the general instructions carefully, complete <u>ALL</u> required fields/items containing an asterisk ( * ), and any fields/items where a response is conditional as indicated by the section ( § ) symbol.*

### I. Clearance Order Information

| FOR STATE WORKFORCE AGENCY (SWA) USE ONLY |
|---|
| *Questions 1 through 17* |

| 1.  Clearance Order Number * | 2.  Clearance Order Issue Date * | 3.  Clearance Order Expiration Date * |
|---|---|---|
| 1630317 | 7/1/2025 | 11/8/2025 |

| 4.  SOC Occupation Code * | 5.  SOC Occupation Title * |
|---|---|
| 53-3032.00 | Heavy and Tractor-Trailer Truck Drivers |

| SWA Order Holding Office Contact Information | | |
|---|---|---|
| 6.  Contact's last (family) name * | 7.  First (given) name * | 8.  Middle name(s) § |
| Parker | Nancy | |

| 9.  Contact's job title * |
|---|
| WFD Specialist |

| 10.  Address 1 * |
|---|
| West St. Mary Career Solutions Center |

| 11.  Address 2 (suite/floor and number) § |
|---|
| 600 Main Street |

| 12.  City * | 13.  State * | 14.  Postal code * |
|---|---|---|
| Franklin | Louisiana | 70538 |

| 15.  Telephone number * | 16.  Extension § | 17.  Email address * |
|---|---|---|
| 337-262-5604 | | FLC@LWC.LA.GOV |

### II. Employer Contact Information

| 1.  Legal Business Name * |
|---|
| South Central Sugar Cane Growers' Association |

| 2.  Trade Name/Doing Business As (DBA), if applicable § |
|---|
| |

| 3.  Contact's last (family) name * | 4.  First (given) name * | 5.  Middle name(s) § |
|---|---|---|
| Gonsoulin | Ricky | |

| 6.  Contact's job title * |
|---|
| Director |

| 7.  Address 1 * |
|---|
| 611 Irish Bend Road |

| 8.  Address 2 (suite/floor and number) § |
|---|
| |

| 9.  City * | 10.  State * | 11.  Postal code * |
|---|---|---|
| Franklin | Louisiana | 70538 |

| 12.  Telephone number * | 13.  Extension § | 14.  Business email address * |
|---|---|---|
| +1 (337) 319-7515 | | rickygonsoulin@gmail.com |

| 15.  Federal Employer Identification Number (FEIN from IRS) * | 16.  NAICS Code * |
|---|---|
| 88-1924973 | 111930 |

### III. Type of Clearance Order

| 1.  Indicate the type of agricultural clearance order being placed with the SWA for recruitment of U.S. workers. *(choose only one)* * | ☑ 790A (placed in connection with an H-2A application) |
|---|---|
| | ☐ 790B (not placed in connection with an H-2A application) |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

---

*OMB Approval:* 1205-0562
*Expiration Date:* 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



### A. Job Offer Information

| | |
|---|---|
| 1. Job Title * | Heavy and Tractor-Trailer Truck Driver |

| 2. Workers Needed * | a. Total | b. H-2A Workers | **Period of Intended Employment** | |
|---|---|---|---|---|
| | 146 | 146 | 3. First Date * 9/1/2025 | 4. Last Date * 1/15/2026 |

5. Will this job generally require the worker to be on-call 24 hours a day and 7 days a week? *
If "Yes", proceed to question 8.  If "No", complete questions 6 and 7 below.     ☐ Yes  ☑ No

6. Anticipated days and hours of work per week *(an entry is required for each box below)* *

| 49 | **a. Total Hours** 7 | c. Monday 7 | e. Wednesday 7 | g. Friday 7 |
|---|---|---|---|---|
| 7 | b. Sunday 7 | d. Tuesday 7 | f. Thursday 7 | h. Saturday 7 |

7. Hourly Work Schedule *
a. 7 : 00 ☑ AM ☐ PM
b. 2 : 00 ☐ AM ☑ PM

**Temporary Agricultural Services and Wage Offer Information**

8a. Job Duties - Description of the specific services or labor to be performed. *
*(Please begin response on this form and use Addendum C if additional space is needed.)*

See Addendum C

| 8b. Wage Offer * | 8c. Per * | 8d. Piece Rate Offer § | 8e. Piece Rate Units / Estimated Hourly Rate / Special Pay Information § |
|---|---|---|---|
| $ 14 . 83 | ☑ HOUR ☐ MONTH | $ 00 . 00 | N/A |

9. Is a completed **Addendum A** providing additional information on the crops or agricultural activities to be performed and wage offers attached to this job offer? *     ☑ Yes  ☐ N/A

10. Frequency of Pay: *     ☐ Weekly  ☑ Biweekly  ☐ Other (specify): N/A

11. State all deduction(s) from pay and, if known, the amount(s). *
*(Please begin response on this form and use Addendum C if additional space is needed.)*

See Addendum C

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



## B.  Minimum Job Qualifications/Requirements

1.  Education: minimum U.S. diploma/degree required. *

☑ None  ☐ High School/GED  ☐ Associate's  ☐ Bachelor's  ☐ Master's or higher  ☐ Other degree (JD, MD, etc.)

2.  Work Experience:  number of <u>months</u> required. *  | 3  |  3.  Training:  number of <u>months</u> required. *  | 0

4.  Basic Job Requirements (check all that apply) §

| | |
|---|---|
| ☑ a. Certification/license requirements | ☑ f. Exposure to extreme temperatures |
| ☑ b. Driver requirements | ☐ g. Extensive pushing or pulling |
| ☐ c. Criminal background check | ☑ h. Extensive sitting or walking |
| ☑ d. Drug screen | ☐ i. Frequent stooping or bending over |
| ☐ e. Lifting requirement _____ lbs. | ☑ j. Repetitive movements |

5a.  Supervision: does this position supervise the work of other employees? *    ☐ Yes  ☑ No

5b.  If "Yes" to question 5a, enter the number of employees worker will supervise. §

6.  Additional Information Regarding Job Qualifications/Requirements. *
*(Please begin response on this form and use Addendum C if additional space is needed. If no additional skills or requirements, enter "**NONE**" below)*

NONE

## C.  Place of Employment Information

1.  Place of Employment Address/Location *
611 Irish Bend Road

| 2.  City * | 3.  State * | 4.  Postal Code * | 5.  County * |
|---|---|---|---|
| Franklin | Louisiana | 70538 | St Mary |

6.  Additional Place of Employment Information. *(If no additional information, enter "**NONE**" below)* *

The employer's physical and mailing address is 611 Irish Bend Road, Franklin, Louisiana 70538. The members of the association each own the worksite locations listed on the ETA 790A.

7.  Is a completed **Addendum B** providing additional information on the places of employment and/or agricultural businesses who will employ workers, or to whom the employer will be providing workers, attached to this job order? *    ☑ Yes  ☐ N/A

## D.  Housing Information

1.  Housing Address/Location *
1520 Main Street

| 2.  City * | 3.  State * | 4.  Postal Code * | 5.  County * |
|---|---|---|---|
| Franklin | Louisiana | 70538 | St Mary |

6.  Type of Housing *(check only one)* *
☑ Employer-provided (including mobile or range)    ☐ Rental or public

7.  Total Units *   1

8.  Total Occupancy *   179

9.  Identify the entity that determined the housing met all applicable standards: *
☐ Local authority  ☑ SWA  ☐ Other State authority  ☐ Federal authority  ☐ Other (specify): _____

10.  Additional Housing Information. *(If no additional information, enter "**NONE**" below)* *

NONE

11.  Is a completed **Addendum B** providing additional information on housing that will be provided to workers attached to this job order? *    ☑ Yes  ☐ N/A

| | |
|---|---|
| **Form ETA-790A** | **FOR DEPARTMENT OF LABOR USE ONLY** |

H-2A Case Number:  H-300-25181-141495    Case Status: Full Certification    Determination Date: 07/16/2025    Validity Period: 9/1/2025 to 7/16/2026

SCSCGA - 003094

Page 2 of 8

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



## E. Provision of Meals

1. Describe <u>how</u> the employer will provide each worker with three meals per day or furnish free and convenient cooking and kitchen facilities. *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*

   Employer will provide three meals a day prepared at the on-site kitchen. Employer will charge $14.00 per person, per day for these three meals.

   El empleador proporcionará tres comidas al día preparadas en la cocina del centro. El empleador cobrará $14.00 por persona, por día por estas tres comidas.

| 2. The employer: * | ❏ **WILL NOT** charge workers for meals. | | |
|---|---|---|---|
| | ☑ **WILL** charge each worker for meals at | $ 14 . 00 | per day, if meals are provided. |

## F. Transportation and Daily Subsistence

1. Describe the terms and arrangements for daily transportation the employer will provide to workers. *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*

   Please see Addendum C.

2. Describe the terms and arrangements for providing workers with transportation (a) to the place of employment (*i.e.*, inbound) and (b) from the place of employment (*i.e.*, outbound). *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*

   Please see Addendum C.

| 3. During the travel described in Item 2, the employer will pay for or reimburse daily meals by providing each worker * | a. no less than | $ 16 . 28 | per day * |
|---|---|---|---|
| | b. no more than | $ 68 . 00 | per day with receipts |

## G. Referral and Hiring Instructions

H-2A Case Number: H-300-25181-141495    Case Status: Full Certification    Determination Date: 07/16/2025    Validity Period: 9/1/2025 to 7/15/2026

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



| 1. Explain <u>how</u> prospective applicants may be considered for employment under this job order, including verifiable contact information for the employer (or the employer's authorized hiring representative), methods of contact, and the days and hours applicants will be considered for the job opportunity. * <br> *(Please begin response on this form and use Addendum C if additional space is needed.)* <br><br> Call Ricky Gonsoulin at (337) 319-7515 to apply for position between the hours of 8:00AM to 4:00PM, Monday - Friday. |
|---|

| 2. Telephone Number to Apply * <br> +1 (337) 319-7515 | 3. Extension *§* <br> N/A | 4. Email Address to Apply * <br> rickygonsoulin@gmail.com |
|---|---|---|
| 5. Website Address (URL) to Apply * <br> N/A | | |

## H. Additional Material Terms and Conditions of the Job Offer

| 1. Is a completed **Addendum C** providing additional information about the material terms, conditions, and benefits (monetary and non-monetary) that will be provided by the employer attached to this job order? * | ☑ Yes  ☐ No |
|---|---|

## I. Conditions of Employment and Assurances for H-2A Agricultural Clearance Orders

By virtue of my signature below, I **HEREBY CERTIFY** my knowledge of and compliance with applicable Federal, State, and local employment-related laws and regulations, including employment-related health and safety laws, and certify the following conditions of employment:

1. **JOB OPPORTUNITY**: Employer assures that the job opportunity identified in this clearance order (hereinafter also referred to as the "job order") is a full-time temporary position being placed with the SWA in connection with an *H-2A Application for Temporary Employment Certification* for H-2A workers and this clearance order satisfies the requirements for agricultural clearance orders in 20 CFR part 653, subpart F and the requirements set forth in 20 CFR 655, subpart B. This job opportunity offers U.S. workers no less than the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to H-2A workers and complies with the requirements at 20 CFR part 655, subpart B. The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship.

2. **NO STRIKE, LOCKOUT, OR WORK STOPPAGE**: Employer assures that this job opportunity, including all places of employment for which the employer is requesting temporary agricultural labor certification does not currently have workers on strike or being locked out in the course of a labor dispute. 20 CFR 655.135(b).

3. **HOUSING FOR WORKERS**: Employer agrees to provide or secure housing for the H-2A workers and those workers in corresponding employment who are not reasonably able to return to their residence at the end of the work day. That housing complies with the applicable local, State, and/or Federal standards and is sufficient to house the specified number of workers requested through the clearance system. The employer will provide the housing without charge to the worker. Any charges for rental housing will be paid directly by the employer to the owner or operator of the housing. If public accommodations or public housing are provided to workers, the employer agrees to pay all housing-related charges directly to the housing's management. The employer agrees that charges in the form of deposits for bedding or other similar incidentals related to housing (e.g., utilities) must not be levied upon workers. However, the employer may require workers to reimburse them for damage caused to housing by the individual worker(s) found to have been responsible for damage which is not the result of normal wear and tear related to habitation. When it is the prevailing practice in the area of intended employment and the occupation to provide family housing, the employer agrees to provide family housing at no cost to workers with families who request it. 20 CFR 655.122(d), 653.501(c)(3)(vi).

   *Request for Conditional Access to Intrastate or Interstate Clearance System*: Employer assures that the housing disclosed on this clearance order will be in full compliance with all applicable local, State, and/or Federal standards at least 20 calendar days before the housing is to be occupied. 20 CFR 653.502(a)(3). The Certifying Officer will not certify the application until the employer provides evidence that housing has been inspected and approved or, in the case of rental or public accommodations, is otherwise in full compliance.

4. **WORKERS' COMPENSATION COVERAGE**: Employer agrees to provide workers' compensation insurance coverage in compliance with State law covering injury and disease arising out of and in the course of the worker's employment. If the type of employment for which the certification is sought is not covered by or is exempt from the State's workers' compensation law, the employer agrees to provide, at no cost to the worker, insurance covering injury and disease arising out of and in the course of the worker's employment that will provide benefits at least equal to those provided under the State workers' compensation law for other comparable employment. 20 CFR 655.122(e).

5. **EMPLOYER-PROVIDED TOOLS AND EQUIPMENT**: Employer agrees to provide to the worker, without charge or deposit charge, all tools, supplies, and equipment required to perform the duties assigned. 20 CFR 655.122(f), .210(d), or .302(c).

| H-2A Case Number: H-300-25181-141495 | Case Status: Full Certification | Determination Date: 07/16/2025 | Validity Period: 9/1/2025 to 9/15/2026 |
|---|---|---|---|

SCSCGGA - 003096

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

6. **MEALS**: Employer agrees to provide each worker with three meals a day or furnish free and convenient cooking and kitchen facilities to the workers that will enable the workers to prepare their own meals. Where the employer provides the meals, the job offer will state the charge, if any, to the worker for such meals. The amount of meal charges is governed by 20 CFR 655.173. 20 CFR 655.122(g). When a charge or deduction for the cost of meals would bring the worker's wage below the minimum wage set by the FLSA at 29 U.S.C. 206, the charge or deduction must meet the requirements of 29 U.S.C. 203(m) of the FLSA, including the recordkeeping requirements found at 29 CFR 516.27.

For workers engaged in the herding or production of livestock on the range, the employer agrees to provide each worker, without charge or deposit charge, (1) either three sufficient meals a day, or free and convenient cooking facilities and adequate provision of food to enable the worker to prepare his own meals. To be sufficient or adequate, the meals or food provided must include a daily source of protein, vitamins, and minerals; and (2) adequate potable water, or water that can be easily rendered potable and the means to do so. 20 CFR 655.210(e).

7. **TRANSPORTATION AND DAILY SUBSISTENCE**: Employer agrees to provide the following transportation and daily subsistence benefits to eligible workers.

A. *Transportation to Place of Employment (Inbound)*

If the worker completes 50 percent of the work contract period, and the employer did not directly provide such transportation or subsistence or otherwise has not yet paid the worker for such transportation or subsistence costs, the employer agrees to reimburse the worker for reasonable costs incurred by the worker for transportation and daily subsistence from the place from which the worker came to work for the employer to the employer's place of employment, whether in the U.S. or abroad. The amount of the transportation payment must be no less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved. The amount the employer will pay for daily subsistence expenses are those amounts disclosed in this clearance order, which are at least as much as the employer would charge the worker for providing the worker with three meals a day during employment (if applicable), but in no event will be less than the amount permitted under 20 CFR 655.173(a). The employer understands that the Fair Labor Standards Act applies independently of the H-2A requirements and imposes obligations on employers regarding payment of wages. 20 CFR 655.122(h)(1).

B. *Transportation from Place of Employment (Outbound)*

If the worker completes the work contract period, or is terminated without cause, and the worker has no immediate subsequent H-2A employment, the employer agrees to provide or pay for the worker's transportation and daily subsistence from the place of employment to the place from which the worker, disregarding intervening employment, departed to work for the employer. Return transportation will not be provided to workers who voluntarily abandon employment before the end of the work contract period, or who are terminated for cause, if the employer follows the notification requirements in 20 CFR 655.122(n).

If the worker has contracted with a subsequent employer who has not agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's place of employment to such subsequent employer's place of employment, the employer must provide for such expenses. If the worker has contracted with a subsequent employer who has agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's place of employment to such subsequent employer's place of employment, the subsequent employer must provide or pay for such expenses.

The employer is not relieved of its obligation to provide or pay for return transportation and subsistence if an H-2A worker is displaced as a result of the employer's compliance with the employer's obligation to hire U.S. workers who apply or are referred after the employer's date of need during the recruitment period set out in 20 CFR 655.135(d). 20 CFR 655.122(h)(2).

C. *Daily Transportation*

Employer agrees to provide transportation between housing provided or secured by the employer and the employer's place(s) of employment at no cost to the worker. 20 CFR 655.122(h)(3).

D. *Compliance with Transportation Standards*

Employer assures that all employer-provided transportation will comply with all applicable Federal, State, or local laws and regulations. Employer agrees to provide, at a minimum, the same transportation safety standards, driver licensure, and vehicle insurance as required under 29 U.S.C. 1841 and 29 CFR 500.104 or 500.105 and 29 CFR 500.120 to 500.128. If workers' compensation is used to cover transportation, in lieu of vehicle insurance, the employer will ensure that such workers' compensation covers all travel or that vehicle insurance exists to provide coverage for travel not covered by workers' compensation. Employer agrees to have property damage insurance. 20 CFR 655.122(h)(4).

8. **THREE-FOURTHS GUARANTEE**: Employer agrees to offer the worker employment for a total number of work hours equal to at least three-fourths of the workdays of the total period beginning with the first workday after the arrival of the worker at the place of employment or the advertised contractual first date of need, whichever is later, and ending on the expiration date specified in the work contract or in its extensions, if any. 20 CFR 655.122(i).

The employer may offer the worker more than the specified hours of work on a single workday. For purposes of meeting the three-fourths guarantee, the worker will not be required to work for more than the number of hours specified in the job order for a workday, or on the worker's Sabbath or Federal holidays. If, during the total work contract period, the employer affords the U.S. or H-2A worker less employment than that required under this guarantee, the employer will pay such worker the amount the worker would have earned had the worker, in fact, worked for the guaranteed number of days. An employer will not be considered to have met the work guarantee if the employer has merely offered work on three-fourths of the workdays if each workday did not consist of a full number of hours of work time as specified in the job order. All hours of work actually performed may be counted by the employer in calculating whether the period of guaranteed employment has been met. Any hours the worker fails to work, up to a maximum of the number of hours specified in the job order for a workday, when the worker has been offered an opportunity to work, and all hours of work actually performed (including voluntary work over 8 hours in a workday or on the worker's Sabbath or Federal holidays), may be counted by the employer in calculating whether the period of guaranteed employment has been met. 20 CFR 655.122(i).

If the worker is paid on a piece rate basis, the employer agrees to use the worker's average hourly piece rate earnings or the required hourly wage rate, whichever is higher, to calculate the amount due under the three-fourths guarantee. 20 CFR 655.122(i).

---

H-2A Case Number: H-300-25181-141495    Case Status: Full Certification    Determination Date: 07/16/2025    Validity Period: 9/1/2025 to 7/15/2026

SCSCGA - 003097

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



If the worker voluntarily abandons employment before the end of the period of employment set forth in the job order, or is terminated for cause, and the employer follows the notification requirements in 20 CFR 655.122(n), the worker is not entitled to the three-fourths guarantee. The employer is not liable for payment of the three-fourths guarantee to an H-2A worker whom the Department of Labor certifies is displaced due to the employer's requirement to hire qualified and available U.S. workers during the recruitment period set out in 20 CFR 655.135(d), which lasts until 50 percent of the period of the work contract has elapsed (50 percent rule). 20 CFR 655.122(i).

*Important Note*: In circumstances where the work contract is terminated due to contract impossibility under 20 CFR 655.122(o), the three-fourths guarantee period ends on the date of termination.

9. **EARNINGS RECORDS**: Employer agrees to keep accurate and adequate records with respect to the workers' earnings at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained. The records must include each worker's permanent address, and, when available, permanent email address, and phone number(s). All records must be available for inspection and transcription by the Department of Labor or a duly authorized and designated representative, and by the worker and representatives designated by the worker as evidenced by appropriate documentation. Where the records are maintained at a central recordkeeping office, other than in the place or places of employment, such records must be made available for inspection and copying within 72 hours following notice from the Department of Labor, or a duly authorized and designated representative, and by the worker and designated representatives. The content of earnings records must meet all regulatory requirements and be retained by the employer for a period of not less than 3 years after the date of certification by the Department of Labor. 20 CFR 655.122(j).

10. **HOURS AND EARNINGS STATEMENTS**: Employer agrees to furnish to the worker on or before each payday in one or more written statements the following information: (1) the worker's total earnings for the pay period; (2) the worker's hourly rate and/or piece rate of pay; (3) the hours of employment offered to the worker (showing offers in accordance with the three-fourths guarantee as determined in 20 CFR 655.122(i), separate from any hours offered over and above the guarantee); (4) the hours actually worked by the worker; (5) an itemization of all deductions made from the worker's wages; (6) if piece rates are used, the units produced daily; (7) beginning and ending dates of the pay period; and (8) the employer's name, address and FEIN. 20 CFR 655.122(k).

For workers engaged in the herding or production of livestock on the range, the employer is exempt from recording and furnishing the hours actually worked each day, the time the worker begins and ends each workday, as well as the nature and amount of work performed, but otherwise must comply with the earnings records and hours and earnings statement requirements set out in 20 CFR 655.122(j) and (k). The employer agrees to keep daily records indicating whether the site of the employee's work was on the range or off the range. If the employer prorates a worker's wage because of the worker's voluntary absence for personal reasons, it must also keep a record of the reason for the worker's absence. 20 CFR 655.210(f).

11. **RATES OF PAY**: The employer agrees that it will offer, advertise in its recruitment, and pay at least the Adverse Effect Wage Rate (AEWR), a prevailing wage rate, the agreed-upon collective bargaining rate, the Federal minimum wage, or the State minimum wage, whichever is highest, for every hour or portion thereof worked during a pay period. If the offered wage(s) disclosed in this clearance order is/are based on commission, bonuses, or other incentives, the employer guarantees the wage paid on a weekly, semi-monthly, or monthly basis will equal or exceed the AEWR, prevailing wage rate, Federal minimum wage, State minimum wage, or any agreed-upon collective bargaining rate, whichever is highest. If the applicable AEWR or prevailing wage is adjusted during the contract period, and that new rate is higher than the highest of the AEWR, the prevailing wage, the collective bargaining rate, the Federal minimum wage, or the State minimum wage, the employer will increase the pay of all employees in the same occupation to the higher rate no later than the effective date of the adjustment. If the new AEWR or prevailing wage is lower than the rate guaranteed on this job order, the employer will continue to pay at least the rate guaranteed on this job order.

If the worker is paid on a piece rate basis, the piece rate must be no less than the prevailing piece rate for the crop activity or agricultural activity and, if applicable, a distinct work task or tasks performed in that activity in the geographic area, if one has been issued. At the end of the pay period, if the piece rate does not result in average hourly piece rate earnings during the pay period at least equal to the amount the worker would have earned had the worker been paid at the appropriate hourly rate, the employer agrees to supplement the worker's pay at that time so that the worker's earnings are at least as much as the worker would have earned during the pay period if the worker had instead been paid at the appropriate hourly wage rate for each hour worked. 20 CFR 655.120, 655.122(l).

For workers engaged in the herding or production of livestock on the range, the employer agrees to pay the worker at least the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, in effect at the time work is performed, whichever is highest, for every month of the job order period or portion thereof. If the offered wage disclosed in this clearance order is based on commissions, bonuses, or other incentives, the employer guarantees that the wage paid will equal or exceed the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, whichever is highest, and will be paid to each worker free and clear without any unauthorized deductions. The employer may prorate the wage for the initial and final pay periods of the job order period if its pay period does not match the beginning or ending dates of the job order. The employer also may prorate the wage if an employee is voluntarily unavailable to work for personal reasons. 20 CFR 655.210(g).

12. **FREQUENCY OF PAY:** Employer agrees to pay workers when due based on the frequency disclosed in this clearance order. 20 CFR 655.122(m).

13. **ABANDONMENT OF EMPLOYMENT OR TERMINATION FOR CAUSE**: If a worker voluntarily abandons employment before the end of the contract period, or is terminated for cause, the employer is not responsible for providing or paying for the subsequent transportation and subsistence expenses of that worker, and that worker is not entitled to the three-fourths guarantee, if the employer notifies the U.S. Department of Labor and, if applicable, the Department of Homeland Security, in writing or by any other method specified by the Department of Labor or the Department of Homeland Security in the *Federal Register*, not later than 2 working days after the abandonment or termination occurs. A worker will be deemed to have abandoned the work contract after the worker fails to show up for work at the regularly scheduled time for 5 consecutive work days without the consent of the employer. 20 CFR 655.122(n).

14. **CONTRACT IMPOSSIBILITY**: The work contract may be terminated before the end date of work specified in the work contract if the services of the workers are no longer required for reasons beyond the control of the employer due to fire, weather, or other Act of God that makes fulfillment of the contract impossible, as determined by the Department of Labor. In the event that the work contract is terminated, the employer agrees to fulfill the three-fourths guarantee for the time that has elapsed from the start date of work specified in the work contract to the date of termination. The employer also agrees that it will make efforts to transfer the worker to other comparable employment acceptable

**Form ETA-790A**    **FOR DEPARTMENT OF LABOR USE ONLY**    Page 6 of 8

SCSCGGA - 003098

H-2A Case Number: H-300-25181-141495    Case Status: Full Certification    Determination Date: 07/16/2025    Validity Period: 9/1/2025 to 7/15/2026

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

to the worker and consistent with existing immigration laws. In situations where a transfer is not affected, the employer agrees to return the worker at the employer's expense to the place from which the worker, disregarding intervening employment, came to work for the employer, or transport the worker to his/her next certified H-2A employer, whichever the worker prefers. The employer will also reimburse the worker the full amount of any deductions made by the employer from the worker's pay for transportation and subsistence expenses to the place of employment. The employer will also pay the worker for any transportation and subsistence expenses incurred by the worker to that employer's place of employment. The amounts the employer will pay for subsistence expenses per day are those amounts disclosed in this clearance order. The amount of the transportation payment must not be less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved. 20 CFR 655.122(o).

The employer is not required to pay for transportation and daily subsistence from the place of employment to a subsequent employer's place of employment if the worker has contracted with a subsequent employer who has agreed to provide or pay for the worker's transportation and subsistence expenses from the present employer's place of employment to the subsequent employer's place of employment. 20 CFR 655.122(h)(2).

15. **DEDUCTIONS FROM WORKER'S PAY**: Employer agrees to make all deductions from the worker's paycheck required by law. This job offer discloses all deductions not required by law which the employer will make from the worker's paycheck and all such deductions are reasonable, in accordance with 20 CFR 655.122(p) and 29 CFR part 531. The wage requirements of 20 CFR 655.120 will not be met where undisclosed or unauthorized deductions, rebates, or refunds reduce the wage payment made to the employee below the minimum amounts required under 20 CFR part 655, subpart B, or where the employee fails to receive such amounts free and clear because the employee kicks back directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. 20 CFR 655.122(p).

16. **DISCLOSURE OF WORK CONTRACT**: Employer agrees to provide a copy of the work contract to an H-2A worker no later than the time at which the worker applies for the visa, or to a worker in corresponding employment no later than on the day work commences. For an H-2A worker coming to the employer from another H-2A employer or who does not require a visa for entry to the United States, the employer agrees to provide a copy of the work contract no later than the time an offer of employment is made to the H-2A worker. A copy of the work contract will be provided to each worker in a language understood by the worker, as necessary or reasonable. In the absence of a separate, written work contract entered into between the employer and the worker, the work contract at minimum will be the terms of this clearance order, including all Addenda, the certified *H-2A Application for Temporary Employment Certification* and any obligations required under 8 U.S.C. 1188, 29 CFR part 501, or 20 CFR part 655, subpart B. 20 CFR 655.122(q).

17. **ADDITIONAL ASSURANCES FOR CLEARANCE ORDERS**:

    A.  Employer agrees to provide to workers referred through the clearance system the number of hours of work disclosed in this clearance order for the week beginning with the anticipated first date of need, unless the employer has amended the first date of need at least 10 business days before the original first date of need by so notifying the Order-Holding Office (OHO) in writing (*e.g.*, email notification). The employer understands that it is the responsibility of the SWA to make a record of all notifications and attempt to inform referred workers of the amended first date of need expeditiously. 20 CFR 653.501(c)(3)(i).

    If there is a change to the anticipated first date of need, and the employer fails to notify the OHO at least 10 business days before the original first date of need, the employer agrees that it will pay eligible workers referred through the clearance system the specified rate of pay disclosed in this clearance order for the first week starting with the originally anticipated first date of need or will provide alternative work if such alternative work is stated on the clearance order. 20 CFR 653.501(c)(5).

    B.  Employer agrees that no extension of employment beyond the period of employment specified in the clearance order will relieve it from paying the wages already earned, or if specified in the clearance order as a term of employment, providing transportation from the place of employment, as described in paragraph 7.B above. 20 CFR 653.501(c)(3)(ii).

    C.  Employer assures that all working conditions comply with applicable Federal and State minimum wage, child labor, social security, health and safety, farm labor contractor registration, and other employment-related laws. 20 CFR 653.501(c)(3)(iii).

    D.  Employer agrees to expeditiously notify the OHO or SWA by emailing and telephoning immediately upon learning that a crop is maturing earlier or later, or that weather conditions, over-recruitment, or other factors have changed the terms and conditions of employment. 20 CFR 653.501(c)(3)(iv).

    E.  If acting as a farm labor contractor (FLC) or farm labor contractor employee (FLCE) on this clearance order, the employer assures that it has a valid Federal FLC certificate or Federal FLCE identification card and when appropriate, any required State FLC certificate. 20 CFR 653.501(c)(3)(v).

    F.  Employer assures that outreach workers will have reasonable access to the workers in the conduct of outreach activities pursuant to 20 CFR 653.107. 20 CFR 653.501(c)(3)(vii).

*I **declare** under penalty of perjury that I have read and reviewed this clearance order, including every page of this Form ETA-790A and all supporting addendums, and that to the best of my knowledge, the information contained therein is true and accurate. This clearance order describes the actual terms and conditions of the employment being offered by me and contains all the material terms and conditions of the job. 20 CFR 653.501(c)(3)(viii). I understand that to knowingly furnish materially false information in the preparation of this form and/or any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both. 18 U.S.C. §§ 2, 1001.*

| 1. Last (family) name *  | 2. First (given) name *  | 3. Middle initial § |
|---|---|---|
| Gonsoulin | Ricky |  |
| 4. Title *  Director | | |

**Form ETA-790A**    **FOR DEPARTMENT OF LABOR USE ONLY**    Page 7 of 8

H-2A Case Number: H-300-25181-141495    Case Status: Full Certification    Determination Date: 07/16/2025    Validity Period: 9/1/2025 to 7/15/2026

SCSCGA - 003099

*OMB Approval:* 1205-0562
*Expiration Date:* 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



| 5.  Signature  (or digital signature) * | | 6.  Date signed * |
|---|---|---|
| Digital Signature Verified and Retained By | *Certifying Officer* | 7/2/2025 |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

| **Form ETA-790A** | **FOR DEPARTMENT OF LABOR USE ONLY** | | | SCSCGA - 003100 | Page 8 of 8 |
|---|---|---|---|---|---|
| H-2A Case Number: H-300-25181-141495 | Case Status: Full Certification | Determination Date: 07/16/2025 | Validity Period: 9/1/2025 to 1/15/2026 | | |

# Condiciones de Trabajo y Cobertura de Seguro

Con mi firma abajo, por este medio **CERTIFICO** mi leal saber y cumplimiento de las leyes y reglamentos locales, federales y estatales inherentes al trabajo, incluyendo salud y seguridad ocupacional; y certifico las condiciones de trabajo detalladas a continuación:

1. **<u>OPORTUNIDAD DE TRABAJO:</u>**  El empleador garantiza que el puesto identificado en esta oferta de trabajo (de aquí en adelante llamada "orden de trabajo") es una posición temporal de tiempo completo que se ha publicado en la Compensación de Asistencia Complementaria [Supplementary Welfare Allowance]  (SWA) inherente al Certificado de Solicitud de Trabajadores Temporales para la Agricultura (H-2A), misma que cumple con los requisitos  establecidos tanto en las ordenes de trabajo para agricultura 20CFR 653, artículo F,  como en  el Código de Regulaciones Federales 20 CFR 655.122. Esta oportunidad de trabajo ofrece a los empleados en Estados Unidos de América los mismos beneficios, salarios y condiciones de trabajo que el empleador está ofreciendo, pretende ofrecer u ofrecerá a los empleados en la categoría H-2A y cumple con los requisitos del código 20 CFR 655, Subsección B. La oferta de trabajo está abierta a cualquier norteamericano calificado, independientemente de la raza, color, nacionalidad, edad, sexo, religión, incapacidad o ciudadanía.

2. **<u>SIN HUELGAS, CIERRES PATRONALES Y PAROS LABORALES.</u>** El empleador garantiza en esta oferta de trabajo, que en ninguna de las instalaciones para las cuales está requiriendo el certificado H-2A, existen empleados en huelga, en cierre patronal o en disputa laboral.  20 CFR 655.135(b)

3. **<u>ALOJAMIENTO PARA EMPLEADOS:</u>** El empleador acepta proporcionar alojamiento seguro para los empleados con contrato H-2A y para aquellos empleados en trabajos equivalentes que no puedan regresar a sus residencias al final del dia. El alojamiento cumple con las normas establecidas por las leyes locales, Estatales y Federales, siendo adecuado para alojar el número de empleados especificados y solicitados por medio del sistema de compensación.  Dicho alojamiento será brindando sin costo para el empleado. Todos los gastos derivados del mismo serán pagados por el empleador al dueño o arrendatario del lugar.  Si el alojamiento que se proporciona es público, el empleador acepta pagar todos los gastos a la administración de este.   El empleador acepta que no deberán ser cobrados a los empleados los depósitos por uso de ropa de cama o cualquier otro gasto relacionado al alojamiento (i.e., servicios públicos). Sin embargo, el empleador podrá solicitar a los empleados el reembolso de los gastos

SCSCGA - 003101

ocasionados por daños ajenos al uso normal del alojamiento, si se deduce que han sido responsables de dichos daños como resultado del uso inapropiado o destrozos.  Cuando sea un derecho adquirido en el área del futuro empleador éste acepta proporcionar alojamiento sin costo para los empleados y su familia, si así lo solicitan.  20 CFR 655.122(d),653.501(c)(3)(vi).

*Solicitud de Acceso Condicional al Sistema de Compensación Intra e Interestatal:* El empleador garantiza que el alojamiento en mención en esta orden de trabajo cumplirá con los reglamentos de las leyes locales, Estatales y Federales aplicables, con una anticipación mínima de 20 días, al calendario establecido en el 20 CFR 653.502(a)(3). El funcionario autorizado no aprobará la solicitud hasta que el alojamiento haya sido inspeccionado y aprobado.

4. **COBERTURA DEL SEGURO PARA LOS EMPLEADOS:**  Como parte de la compensación de los empleados y en cumplimiento con las leyes del Estado, el empleador acepta otorgar cobertura de seguro por lesiones o muerte provocadas por y durante el transcurso del contrato de trabajo.  Si el tipo de trabajo para el cual se solicita certificación no está cubierto o está exento de la Ley de Compensación de Empleados del Estado, el empleador acepta proporcionar, sin costo para el empleado, cobertura por lesiones o muerte provocadas por y durante el transcurso del contrato de trabajo, con beneficios equivalentes a los proporcionados por la ley antes mencionada para los empleados del Estado en una misma categoría laboral.  20 CFR 655.122(e).

5. **HERRAMIENTAS Y EQUIPO PROPORCIONADO POR EL EMPLEADOR:** El empleador acepta proporcionar al empleado, sin cargo o depósito alguno, todas las herramientas, suministros y equipo requeridos para realizar el trabajado asignado.  20 CFR 655.122(f).

6. **ALIMENTACIÓN:** El empleador acepta proporcionar sin costo tres al dia comida para cada empleado o bien un área adecuada para que cocinen y preparen sus alimentos. Si el empleador proporciona la alimentación la oferta de trabajo especificará el costo de esta, si lo hubiere.  Los gastos por alimentación están regidos por el código 20 CFR 655.173. 20 CFR 655.122(g).

Para los empleados designados al pastoreo o producción industrial de ganado, el empleador acepta proporcionar, sin cargo ni deposito alguno: (1) ya sea tres comidas completas al día o bien instalaciones adecuadas para cocinar, así como los suministros para que el empleado prepare sus comidas.  Una alimentación completa y balanceada debe incluir suplementos diarios de proteínas, vitaminas y minerales. (2) agua potable o agua que pueda ser filtrada y los medios para hacerlo.  20 CFR 655.210(e).

SCSCGA - 003102

7. **TRANSPORTE Y SUBSIDIO DIARIO:** El empleador acepta proporcionar el transporte y subsidio diario para los empleados elegibles, descrito a continuación.

A. *Transporte al lugar de Trabajo (Ingreso)*

Si el empleado completa el 50 por ciento del período de contratación y el empleador no ha proporcionado o pagado dicho transporte o subsidio, el empleador accede a reembolsar al empleado los gastos justos incurridos por el empleado para transportarse y un subsidio diario para el pago de este desde el lugar de su residencia hasta el lugar de trabajo, ya sea dentro de los Estados Unidos de América o desde el extranjero.  La cantidad por pagar para transporte no será menor (tampoco se requiere que sea mayor) al costo mínimo y justo de transporte general para las distancias inherentes. La cantidad que el empleador pagará para gastos de subsidio está detallada en la orden de trabajo y es como mínimo lo que el empleador cobraría al empleado por proporcionarle tres tiempos de comida al día (si aplica) pero en ningún momento será menor a la cantidad autorizada en el artículo 20 CFR 655.173(a). El empleador comprende que la Ley de Normas Justas de Trabajo se aplica independiente de los acuerdos de contratos H-2A e impone las obligaciones a los empleadores en cuando al pago de salarios. 20 CFR 655.122(h)(1).

B. *Transporte desde el lugar de trabajo (Salida)*

Si el empleado completa el período del contrato o dicho contrato es terminado sin causa justa y el empleado no tiene un contrato H-2A inmediato, el empleador acepta proporcionar o pagar el transporte y subsidio diario desde el lugar de trabajo hasta su lugar de residencia, independientemente del trabajo intermedio que iba a realizar para el empleador.  No se proporcionará transporte de regreso a los empleados que abandonen el trabajo antes de haber completado el período de contratación o si son despedidos con causa justa, si el empleador sigue los procedimientos de notificación establecidos en el código 20 CFR 655. 122(n).

Si el empleado ha prestado servicios a un empleador posterior que no ha aceptado proporcionar o pagar transporte o gastos de subsidio diario desde las instalaciones del empleador anterior hacia las instalaciones del empleador posterior, el empleador posterior debe asumir dichos gastos.

No se exime al empleador de su obligación de transporte de regreso o subsidio si un empleado con contrato H-2A es despedido como consecuencia del cumplimiento del empleador con la regla del 50 por ciento como se describe en el artículo 655. 135(d)

SCSCGA - 003103

de esta subsección que se refiere a las recomendaciones hechas después de la fecha de inicio.  20 CFR 655.122(h)(2).

*C.  Transporte diario:*

El empleador acepta proporcionar transporte desde el lugar de alojamiento hasta el lugar de trabajo, sin costo para el empleado.  20 CFR 655.122(h)(3).

D. *Cumplimiento con los reglamentos de Transporte*:

El empleador garantiza que todo el transporte proporcionado cumplirá con todas las leyes locales, Federales y del Estado aplicables y sus reglamentos.  El empleador acepta proporcionar como mínimo, lo establecido en los reglamentos de seguridad en el transporte, licencias de conducir y seguro para vehículos requerido por los acuerdos 29 U.S.C. 1841, 29 CFR 500.105 y 29 CFR 500.120 al 500.128. Si la compensación del empleado se utiliza para cubrir gastos de transporte, en lugar de seguro para vehículos, el empleador garantizará que dicha compensación   cubra todos los gastos de viaje y seguros de vehículos necesarios para proporcionar seguro para viajeros sin cobertura en su compensación.  El empleador acepta que cuenta con un seguro apropiado para las instalaciones.  20 CFR 655.122(h)(4).

8. **LA GARANTIA DE LOS TRES CUARTOS:** El empleador acepta hacer una oferta de trabajo por el número total de horas equivalente a un mínimo de tres cuartos de las jornadas de trabajo durante todo el período, iniciando con la primera jornada después del arribo de los trabajadores al lugar de trabajo o la fecha contractual de inicio, la que sea posterior; y finalizando en la fecha de vencimiento especificada en el contrato de trabajo y sus extensiones, si las hubiera.  20 CFR 655.122(i).

El empleador podrá ofrecer al empleado que trabaje más de las horas establecidas en la jornada. Para efecto de completar los tres cuartos garantizados, no se solicitará al empleado que trabaje más de las horas establecidas en la orden de trabajo, ya sea en el día de descanso semanal o feriados. Si durante el período de duración del contrato, el empleador otorga a los empleados norteamericanos o con contrato   H-2A menos trabajo cubierto por esta garantía, el empleador pagará a dichos empleados la cantidad que estos habrían ganado si hubieren realizado el trabajo por el número garantizado de días.  No se consideran como satisfechas las garantías ofrecidas por del empleador, si el mismo ha ofrecido menos trabajo de los tres cuartos de los días laborales y si cada jornada no incluye el número total de jornadas especificadas en la orden de trabajo.    Todas las horas durante las cuales el empleado no ejecute su labor, hasta el máximo establecido en la orden de trabajo para una jornada, cuando se le ha concedido la oportunidad de trabajo y todas las horas laboradas (incluyendo trabajo extraordinario realizado después de las 8 horas de la jornada o en el día de descanso semanal o feriados) deberán ser contabilizadas por el empleador si se ha cubierto el período de trabajo garantizado.  20 CFR 655.122(i).

SCSCGA - 003104

Si el empleado gana a destajo, el empleador acepta la garantía de los tres cuartos, para estimar el promedio de las piezas por hora o bien el ingreso promedio por hora, el que sea más alto. 20 CFR 655.122(i).

Si el empleado abandona el trabajo antes del término del contrato establecido en la orden de trabajo, o si es despedido con causa justa y el empleador cumple con los requerimientos de notificación establecidos en el código 20 CFR 655.122(n) el empleador no está obligado a garantizar los tres cuartos. Tampoco será responsable por el pago de los tres cuartos garantizado en el contrato H-2A, si durante el período de reclutamiento establecido en el código 20 CPR655.135(d) el empleado es desplazado debido a que el Departamento de Trabajo dicta que se debe contratar personal norteamericano disponible y calificado; dicho período dura hasta que el 50 por ciento del período del contrato de trabajo haya finalizado (regla del 50 por ciento). 20 CFR 655.122(i).

*Importante:* En circunstancias donde el contrato de trabajo es terminado debido a la imposibilidad de completarlo establecida en el código 20 CFR 655.11(o) el período de tres cuatros garantizado finaliza en la misma fecha de terminación.

9. **PLANILLAS:** El empleador acepta mantener un registro exacto y adecuado de los ingresos de los empleados en el lugar o lugares de trabajo o bien en una o más oficinas contables autorizadas para tal efecto. Todos los archivos deben estar disponibles como evidencia de una correcta administración, para inspección y reproducción por parte del Departamento de Trabajo o su representante debidamente autorizado y designado, así como para el empleado y su representante. Cuando los archivos se guardan en una oficina contable ajena al lugar o lugares de trabajo, dichos archivos deben estar disponibles para inspección o reproducción dentro de las 72 horas inmediatas a la notificación del Departamento de Trabajo o su representante debidamente autorizado y designado, así como para el empleado y su representante. El contenido de las planillas debe llenar los requisitos reglamentarios y ser archivados por el empleador por un período no menor a 3 años después de la fecha de la certificación emitida por el Departamento de Trabajo. 20 CFR 655.122(j).

10. **CONSTANCIA DE INGRESOS Y HORAS LABORADAS:** El empleador acepta entregar al empleado antes o en el mismo día de pago, una o más constancias escritas con la siguiente información: (1) total de ingresos generados en el periodo de pago; (2) El salario por hora y/o destajo; (3) las horas laboradas (que comprueben la garantía de los tres cuartos determinada en el artículo 20 CFR655 122(i), separadas de las horas adicionales); (4) las horas efectivas de trabajo; (5) un detalle de todas las deducciones salariales; (6) si se paga a destajo, las unidades diarias producidas ;(7) fechas inicial y final del período de pago; y (8) el nombre, dirección y el Número de Identificación Federal del empleador (FEIN). 20 CFR 655.122(k).

SCSCGA - 003105

Para aquellos empleados designados al pastoreo o producción industrial de ganado, el empleador está exento de registrar y detallar las horas diarias laboradas, la hora de inicio y final de la jornada, así como la naturaleza y cantidad de trabajo realizado; pero deberá cumplir con los requisitos establecidos en el artículo 20 CFR 655.122(j) y (k) que se refieren a las planillas. El empleador acepta hacer registros diarios indicando si las labores fueron realizadas dentro o fuera de esta modalidad.  Si el empleador prorratea el salario por ausencia del empleado por razones personales, debe especificar el motivo de la ausencia.  20 CFR 655.210(f).

11. **<u>SALARIOS:</u>**  El empleador acepta que ofertará  y anunciara en el proceso de reclutamiento el salario mínimo de acuerdo a lo establecido y vigente en el momento de la contratación, tanto en la ley de Salarios Mínimos de Efectos Adversos (AEWR) como para pago por hora o destajo, el salario  acordado  en negociaciones colectivas o bien el salario mínimo Federal o Estatal , el que sea mayor .

Si el pago es por hora, el empleador deberá pagar el salario por hora o fracción por el trabajo realizado en cada jornada.  Si el salario incluido en esta oferta de trabajo es en base a comisiones, bonos o cualquier otro incentivo, el empleador garantiza el pago   en períodos semanales, quincenales o mensuales los cuales serán equivalentes o excederán el AEWR vigente para pago por hora o a destajo, el salario mínimo de acuerdo con la ley Estatal o Federal o cualquier acuerdo colectivo negociado, el que sea mayor.   Si el empleado recibe pago a destajo y al final del período de pago este no llega al promedio por hora a destajo o no es equivalente a los ingresos que el empleado habría ganado si hubiera recibido el pago de acuerdo con el salario por hora, el empleador acepta complementar dicho pago para que el empleado reciba el salario mínimo para cada hora de trabajo.   20 CFR 655.120, 655.122(l).

Para los empleados designados al pastoreo o producción industrial de ganado, el empleador acepta pagar el salario mínimo mensual establecido en el AEWR, el salario acordado en negociaciones colectivas, el salario mínimo establecido por la Ley Federal o Estatal o en demanda judicial efectiva en el momento de la ejecución del trabajo, por cada mes el período incluido en la orden de trabajo o proporcional a esta, el que sea mayor.  Si el salario ofertado en la orden de trabajo está basado en comisiones, bonos u otros incentivos el empleador garantiza que salario pagado será equivalente o excederá el monto mensual establecido por el AEWR, el acordado en acuerdos colectivos de trabajo, el que sea mayor y será pagado a cada empleado libre de deducciones no autorizadas.  El empleador podrá prorratear el salario para el período inicial y final de la orden de trabajo si dicho período no coincide con la fecha inicial y final de la orden de trabajo.  El empleador también puede prorratear el salario si el empleado está indispuesto para trabajar por motivos personales.  20 CFR 655.210(g).

SCSCGA - 003106

12. **DIAS DE PAGO:** El empleador acepta pagar a los empleados en los días de pago establecidos en la orden de trabajo.  20 CFR655.122(m).

13. **ABANDONO DE TRABAJO COMO CAUSA JUSTA PARA LA TERMINACION DEL CONTRATO:**  Si un empleado abandona el trabajo antes de la finalización del contrato o si es despedido con causa justa, el empleador no está obligado a proporcionar o pagar  el transporte o gastos de subsidio, ni  la garantía  de los tres cuartos, siempre y cuando el empleador notifique al Departamento de Trabajo y si aplica, al Departamento de Seguridad Nacional,  por escrito o por cualquier otro medio establecido por dichas entidades,  durante los primeros 2 días inmediatos al abandono de trabajo.  Se considera abandono de trabajo si el empleado se ausenta de su jornada ordinaria por 5 días consecutivos sin autorización del empleador.  20 CFR 655.122(n).

14. **INCUMPLIMIENTO DE CONTRATO:**  El contrato de trabajo podrá ser terminado antes de la fecha establecida en el mismo, como lo determina el Departamento de Trabajo de los Estados Unidos de América, si los servicios de los empleados ya no son requeridos por motivos ajenos al control del empleador tales como, incendio, clima u otros casos de fuerza mayor que hacen imposible el cumplimiento del contrato.  En dichos casos, el empleador acepta cumplir con la garantía de los tres cuartos durante el tiempo transcurrido hasta la fecha de terminación especificada en el contrato.  El empleador también acepta que hará los esfuerzos necesarios para transferir al empleado a un trabajo equivalente y de acuerdo con las leyes migratorias.  En caso de que el traslado no aplique, el empleador acepta el costo de regresar al empleado a su lugar de residencia, independientemente de cualquier trabajo intermedio bien transportarlo a un empleador inmediato con contrato H-2A, lo que el empleado elija.   El empleador también reembolsará al empleado el total de las deducciones hechas por concepto de transporte o gastos de subsidio.  El empleador pagará al empleado por los gastos de transporte o subsidio incurridos por el empleado para dicho lugar de trabajo.  La cantidad que el empleador pagará por gastos de subsidio diario será ofrecida en la orden de trabajo.  La cantidad por pago de transporte no será menor (tampoco se requiere que sea mayor) al costo mínimo y justo de transporte general para las distancias inherentes 20 CFR 655.122(o).

El empleador no está obligado a pagar los gastos de transporte o subsidio desde el lugar de trabajo previo hasta lugar de trabajo posterior, si el trabajador ha hecho un nuevo contrato y empleador posterior ha aceptado asumir esos gastos.  20 CFR 655.122(h)(2).

15. **DEDUCCIONES AL SALARIO:**  El empleador acepta hacer las deducciones de ley. Esta oferta de trabajo detalla todas las deducciones tanto de ley como adicionales que hará al trabajador de acuerdo con el código 20CFR 655. 11(p) y 29 CFR sección 531.  El

SCSCGA - 003107

salario establecido en el 20 código CFR 655. 120 no incluirá las deducciones si estás no son detalladas o no autorizadas o si las deliberaciones o reembolsos reducen el pago mínimo del empleado establecido bajo el artículo 20 CFR sección 655, subsección B, o si el empleado no percibe dicha cantidad libre de deducciones debido a que el empleado directa o indirectamente se abstiene de dar al empleador u otra persona en su representación, el total o la proporción de salario enviada. 20 CFR 655.122(p).

16. **TRANSPARENCIA DEL CONTRATO DE TRABAJO:**  El empleador acepta enviar una copia del contrato del trabajo H-2A en el momento en que el empleado solicita la visa, o a un empleado con un trabajo similar en el mismo día que se inicia la relación laboral.  Para un empleado proveniente de un contrato H-2A similar, el empleador acepta entregar una copia de dicho contrato, en el momento que se haga la oferta. Una copia del contrato de trabajo deberá ser entregada a cada empleado en un idioma comprensible, según sea necesario y conveniente. En ausencia de un contrato de trabajo escrito entre el empleador y el empleado, los términos incluidos en esta orden de trabajo, incluyendo todos los anexos y la certificación de la Solicitud para Trabajo Temporal H-2A serán considerados un contrato de trabajo.  20 CFR 655.122(q).

17. **GARANTIAS ADICIONALES A LA ORDEN DE TRABAJO:**

A. El empleador acepta proporcionar a los empleados referidos por sistema de ordenes de trabajo, el número de horas incluidas en esta orden de trabajo desde la primera semana de la fecha de inicio, a menos que el empleador haya enmendado la fecha por lo menos 10 días laborales antes de la fecha de emisión y notificando a la Oficina de Ocupación de Cargos [Order-Holding Office]  (OHO) por escrito (i.e., correo electrónico). El empleador comprende que es responsabilidad del SWA hacer un registro de toda las notificaciones y tentativas de informe enviadas a los empleados sin demora alguna, con la enmienda de la fecha 20 CFR 653.501(c)(3)(i). Si hubiese algún cambio en la fecha de inicio y el empleador no notifica al OHO por lo menos 10 días laborales antes de la fecha de inicio, el empleador acepta que pagará a los empleados incluidos en el sistema de órdenes, la cuota acordada desde la primera semana o proporcionará un trabajo alterno si está incluido en la orden de trabajo. 20 CFR 653.501(c)(5).

B. El empleador acepta que la extensión del empleo por el periodo de trabajo especificado en la orden de trabajo no lo exime del pago de los salarios ya percibidos o si se especifica en la orden de trabajo como un periodo adicional, proporcionando transporte desde el lugar de trabajo descrito en el párrafo 7.B arriba indicado.  20 CFR 653.501(c)(3) (ir).

SCSCGA - 003108

C. El empleador garantiza que todas las condiciones de trabajo cumplen con lo concerniente al salario mínimo Federal y de Estado, trabajo de menores, seguro social, salud y seguridad ocupacional, registro de empleados para agricultura y otras leyes laborares relacionadas.  20 CFR 653.501(c)(3)(mi).

D. El empleador acepta notificar sin demora a OHO o SWA por correo electrónico o por teléfono y de manera inmediata, si los cultivos han madurado antes o después de los esperado, las condiciones del clima, el exceso de personal reclutado u otros factores que cambien los términos y condiciones de trabajo.  20 CFR 653.501(c)(3) (iba).

E. Si actúa como un empleador (FLC) o un empleador (FLCE) en esta orden de trabajo, garantiza que tiene un certificado legal Federal FLC o FLC Federal y cualquier otra certificación requerida por el Estado.  20CFR 653.501(c)(3)(v).

F. El empleador garantiza que la proyección de empleados dará acceso a los mismos de conformidad con las actividades proyectadas. 200 CFR 653.107. 20 CFR 653.501(c)(3)(vii).

Declaro, bajo pena de perjurio, que he leído y revisado esta orden de trabajo, incluyendo cada página del formulario ETA-790A y todos los documentos que lo acompañan, según mi leal saber y entender la información contenida es veraz y exacta. Esta orden de trabajo describe los términos y condiciones   acordados en el trabajo ofertado por mi persona y contiene todo los términos y condiciones de trabajo.  20 CFR 653.501(c)(3)(viii). Comprendo que los errores o la información falsa en la preparación de este formulario y sus anexos, es un delito federal penalizado con multas, prisión o ambas.  18 U.S.C. 2, 1001.

SCSCGA - 003109

*OMB Approval:* 1205-0562
*Expiration Date:* 07/31/2025



H-2A Agricultural Clearance Order
Form ETA-790A Addendum A
**U.S. Department of Labor**

**A.9. Additional Crop or Agricultural Activities and Wage Offer Information**

| Crop ID | Crop or Agricultural Activity | Wage Offer | Per | Piece Rate Units / Estimated Hourly Rate / Special Pay Information |
|---|---|---|---|---|
| | Sugarcane | $ 14 . 83 | Hour | |
| | | $ _____ . _____ | | |
| | | $ _____ . _____ | | |
| | | $ _____ . _____ | | |
| | | $ _____ . _____ | | |
| | | $ _____ . _____ | | |
| | | $ _____ . _____ | | |
| | | $ _____ . _____ | | |
| | | $ _____ . _____ | | |
| | | $ _____ . _____ | | |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Page A.1 of A.1

---

**Form ETA-790A Addendum A**    **FOR DEPARTMENT OF LABOR USE ONLY**    Page A.1 of A.1

H-2A Case Number: H-300-25181-141495    Case Status: Full Certification    Determination Date: 07/16/2025    Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003110

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| CML Green Acres, LLC | 637 Moresi Road + farmland within an 22-mile radius<br>Jeanerette, Louisiana 70560<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Jaime Segura Farms, LLC | 2083 Hwy 87 + farmland within a 9-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Ted Broussard Farms, Inc. | 1564 Verdunville Road + surrounding farmland within 12-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Roy Degeyter, Jr. & Son Farm | 6007 Sugar Oaks Road + farmland within a 32-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Raymond Hebert Farms, LLC | 9519 Harold Landry Road + farmland within a 26-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Circle L Farms, LLC | 1817 Lake Dauterive Road + farmland within a 32-mile radius<br>Loreauville, Louisiana 70522<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Richard Glaubrecht, Jr. | 9018 East Admiral Doyle + surrounding farmland within a 30-mile radius<br>Jeanerette, Louisiana 70544<br>IBERIA | | 9/1/2025 | 1/15/2026 | 1 |
| Jake Viator Farms | 5411 Jefferson Island Road + farmland within a 35-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Cypremort Planting Company | 4619 Little Valley Plantation Road + farmland within a 22-mile radius<br>Jeanerette, Louisiana 70544<br>IBERIA | | 9/1/2025 | 1/15/2026 | 3 |
| Northside Planting, LLC | 2816 Hwy 87 + farmland within an 11-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |

## D. Additional Housing Information

**Form ETA-790A Addendum B**     **FOR DEPARTMENT OF LABOR USE ONLY**     Page B.1 of B.8

H-2A Case Number: H-300-25181-141495    Case Status: Full Certification    Determination Date: 07/16/2025    Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003111

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Nicky Rockforte Farms, LLC | 1339 Maringouin Road + farmland within a 100-mile radius<br>Maringouin, Louisiana 70757<br>IBERVILLE | | 9/1/2025 | 1/15/2026 | 2 |
| Ulysses Gonsonlin, Jr. & Sons, Inc. | 4812 Jefferson Island Road + farmland within a 35-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| McDonald Farms, LLC | 8314 Jefferson Island Road, and surrounding farmland within a 30-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Patrick Judice Farms, Inc. | 2019 David Duboin Road, and surrounding farmland within a 26-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Blaine Tauzin Farms, LLC | 4304 Daspit Road + farmland within a 33-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| MMA, LLC | 4304 Daspit Road + farmland within a 25-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Scott Corley Farms | 2008 Water Street + farmland within a 100-mile radius<br>Lecompte, Louisiana 71346<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 2 |
| LeJeune Brothers, LLC | 5008 Loreauville Road, and surrounding farmland with a 23-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| HMC Farms, LLC | 4304 Daspit Road + farmland within a 25-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Acadiana Agriculture, LLC | 2417 Canal Street, and surrounding farmland within a 25-mile radius<br>Jeanerette, Louisiana 70544<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |

## D. Additional Housing Information

**Form ETA-790A Addendum B**   **FOR DEPARTMENT OF LABOR USE ONLY**   Page B.2 of B.8

H-2A Case Number: H-300-25181-141495   Case Status: Full Certification   Determination Date: 07/16/2025   Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003112

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Patout Brothers Little Valley Plantation, LLC | 4619 Little Valley Plantation Road + farmland within a 25-mile radius<br>Jeanerette, Louisiana 70544<br>IBERIA | | 9/1/2025 | 1/15/2026 | 3 |
| Magnolia Sugar, LLC | 2083 Highway 87 + farmland within a 9-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Donald Segura Farms | 6 Shadows Bend + farmland within a 9-mile radius<br>New Iberia, Louisiana 70563<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Bruno Habetz | 603 Fortune Road + farmland within a 35-mile radius<br>Youngsville, Louisiana 70592<br>LAFAYETTE | | 9/1/2025 | 1/15/2026 | 2 |
| Jonathon Allen Farms | 9980 Highway 71 South + farmland within a 100-mile radius<br>Cheneyville, Louisiana 71325<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 2 |
| Gonsoulin Farms, LLC | 5402 Weeks Island Road + farmland within a 26-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Triangle Farms | 5614 East Admiral Doyle + farmland within a 20-mile radius<br>Jeanerette, Louisiana 70540<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Loreauville Harvesting, LLC | 6912 Gondron Road, and surrounding farmland within a 35-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Bayou Sale Cane Co., Inc. | 1126 Hwy 317 + farmland within a 22-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 3 |
| Lone Pine Farms | 10404 Highway 71 South + farmland within a 100-mile radius<br>Cheneyville, Louisiana 71325<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 3 |

## D. Additional Housing Information

**Form ETA-790A Addendum B**      **FOR DEPARTMENT OF LABOR USE ONLY**      Page B.3 of B.8

H-2A Case Number: H-300-25181-141495     Case Status: Full Certification     Determination Date: 07/16/2025     Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003113

*OMB Approval:* 1205-0562
*Expiration Date:* 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Segura Farms, LLC | 4880 Lyndsey Road, and surrounding farmland within a 35-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| A & M Farms, Inc. | 6019 Norris Road + farmland within a 36-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Harper Planting Partnership | 1658 Bayou Road + farmland within a 112-mile radius<br>Cheneyville, Louisiana 71325<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 2 |
| DLD Southern Sugar, LLC | 5839 Aristide Road, and surrounding farmland within a 50-mile radius<br>Erath, Louisiana 70533<br>VERMILION | | 9/1/2025 | 1/15/2026 | 2 |
| Douglas Farms | 3105 Anandale Road + farmland within an 100-mile radius<br>Alexandria, Louisiana 71301<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 2 |
| Nelson Hebert Farms, Inc. | 4302 Patoutville Road + farmland within a 25-mile radius<br>Jeanerette, Louisiana 70544<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Frank Martin Farms, Inc. | 809 Prairie Road North + farmland within a 10-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Cremaldi Farms | 3200 Hwy 182 + farmland within a 22-mile radius<br>Patterson, Louisiana 70392<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Freyou Farms, Inc. | 2513 North Freyou Road + farmland within a 22-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Seventy-One Planation Planting Co. | 163 Williamson Spur Road + farmland within a 104-mile radius<br>Palmetto, Louisiana 71358<br>ST LANDRY | | 9/1/2025 | 1/15/2026 | 2 |

## D. Additional Housing Information

SCSCGA - 003114


*OMB Approval:* 1205-0562
*Expiration Date:* 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| K&M Cane | 277 WPA Road + farmland within a 93-mile radius<br>Bunkie, Louisiana 71322<br>AVOYELLES | | 9/1/2025 | 1/15/2026 | 2 |
| Rodriguez Brothers | 355 Richard Road + farmland within a 7-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Adam Halbert Farms | 345 Munson Road + farmland within a 100-mile radius<br>Cheneyville, Louisiana 71325<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 2 |
| Chris Lyles | 10404 Highway 71 South + farmland within a 100-mile radius<br>Cheneyville, Louisiana 71325<br>RAPIDES | | 9/1/2025 | 1/15/2026 | 2 |
| Antoine Luke Farm, Inc. | 2083 Hwy 317 + farmland within a 23-mile radius<br>Franklin, Louisiana 70538<br>ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Tony Richardson | 1406 Melrose Lane, and surrounding farmland within a 25-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| B & B Planting Co., LLC | 513 Segura Road + farmland within a 35-mile radius<br>New Iberia, Louisiana 70560<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Patch Farms, LLC | 2417 Canal Street, and surrounding farmland within a 25-mile radius<br>Jeanerette, Louisiana 70544<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Judice Planting, LLC | 5317 Sugar Oaks Road + surrounding farmland within a 24-mile radius<br>New Iberia, Louisiana 70563<br>IBERIA | | 9/1/2025 | 1/15/2026 | 2 |
| Lanie Farms, LLC DBA Al Lanie | 927 Austin Road + farmland within a 5-mile radius<br>Youngsville, Louisiana 70592<br>LAFAYETTE | | 9/1/2025 | 1/15/2026 | 2 |

## D. Additional Housing Information

H-2A Case Number: H-300-25181-141495 ___ Case Status: Full Certification ___ Determination Date: 07/16/2025 ___ Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003115

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Ben Vanderlick Farms, LLC | 80 Brady Lane + surrounding farmland within a 105-mile radius Lecompte, Louisiana 71346 RAPIDES | | 9/1/2025 | 1/15/2026 | 2 |
| Idlewild Farms | 3200 Hwy 182 Patterson, Louisiana 70392 ST MARY | | 9/1/2025 | 1/15/2026 | 2 |
| Westover Farms, Inc. | 8709 Old Jeanerette Road + surrounding farmland within a 20-mile radius Jeanerette, Louisiana 70544 IBERIA | | 9/1/2025 | 1/15/2026 | 4 |
| Patout Equipment Company | 9402 E. Highway 90 Service Road Jeanerette, Louisiana 70544 IBERIA | | 9/1/2025 | 1/15/2026 | 4 |
| Allen Farms | 9980 Highway 71 South + farmland within a 100-mile radius Cheneyville, Louisiana 71325 RAPIDES | | 9/1/2025 | 1/15/2026 | 4 |
| Bain Farms | 445 Clyde Smith Road + farmland within a 95-mile radius Bunkie, Louisiana 71322 AVOYELLES | | 9/1/2025 | 1/15/2026 | 4 |
| A & S Farms, Inc. | 2417 Canal Street + farmland within a 25-mile radius Jeanerette, Louisiana 70544 IBERIA | | 9/1/2025 | 1/15/2026 | 4 |
| Rebel V Farms | 5409 Jefferson Island Road + farmland within a 35-mile radius New Iberia, Louisiana 70560 IBERIA | | 9/1/2025 | 1/15/2026 | 4 |
| Edward Beaver | 11161 Highway 71 South Cheneyville, Louisiana 71325 RAPIDES | | 9/1/2025 | 1/15/2026 | 3 |
| John A. Riche Farm | 177 Riche Road Bunkie, Louisiana 71322 AVOYELLES | | 9/1/2025 | 1/15/2026 | 3 |

## D. Additional Housing Information

**Form ETA-790A Addendum B**                     **FOR DEPARTMENT OF LABOR USE ONLY**                     Page B.6 of B.8

H-2A Case Number: H-300-25181-141495        Case Status: Full Certification        Determination Date: 07/16/2025        Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003116

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Steve Halbert Farms | 345 Munson Road Cheneyville, Louisiana 71325 RAPIDES | | 9/1/2025 | 1/15/2026 | 3 |
| M.A. Patout & Son, Limited, LLC | 3512 J. Patout Burns Road Jeanerette, Louisiana 70544 IBERIA | | 9/1/2025 | 1/15/2026 | 3 |
| Raceland Raw Sugar | 175 Mill Street Raceland, Louisiana 70394 LAFOURCHE | | 9/1/2025 | 1/15/2026 | 3 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## D. Additional Housing Information

**FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-25181-141495      Case Status: Full Certification      Determination Date: 07/16/2025      Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003117

*OMB Approval:* 1205-0562
*Expiration Date:* 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 668 Irish Bend Road<br>Franklin, Louisiana 70538<br>ST MARY | | 1 | 34 | ❑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 6994 Jefferson<br>Maurice, Louisiana 70555<br>VERMILION | | 1 | 17 | ❑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1406 Sydney Blanchard Road<br>Loreauville, Louisiana 70552<br>IBERIA | | 1 | 12 | ❑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1014 A Highway 71 South<br>Cheneyville, Louisiana 71325<br>RAPIDES | | 1 | 12 | ❑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ❑ Employer-provided<br><br>❑ Rental or public accommodations | | | | | ❑ Local authority<br>❑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

---

**Form ETA-790A Addendum B**                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page B.8 of B.8

H-2A Case Number: H-300-25181-141495 ___    Case Status: Full Certification ___    Determination Date: 07/16/2025 ___    Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003118

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



## H. Additional Material Terms and Conditions of the Job Offer

*a. Job Offer Information 1*

| 1. Section/Item Number * | A.8a | 2. Name of Section or Category of Material Term or Condition * | Job Duties |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Job duties include operating and performing routine servicing of trucks and equipment to transport sugarcane from various worksites, in connection with the harvesting of a perishable crop, from the fields to the mill and from the factory parking and staging areas to the mill operating tractor-trailer combination; deliver sugarcane to designated locations (without leaving tractor-trailer combination); DOT Approved CDL required; 3 months previous experience of driving tractor-trailer combination; job involves extensive sitting, exposure to extreme temperatures, and repetitive movements; travel may be required to and from field locations; transportation is provided; drug screening may be required upon hire and randomly (paid for by employer). Bonus may be paid at the end of contract at the discretion of the employer. Base hours offered is 49 hours; additional hours are usually offered during a plentiful season and may include 10-40 additional hours of work depending on the nature of the season.

***Employer is either a named plaintiff or a person or entity who is a member of the Teche Vermilion Sugar Cane Growers' Association, Inc., the Cora Texas Growers & Harvesters Agricultural Association, Inc. and/or the American Sugar Cane League as of November 7, 2024, who either grows, harvests, and/or processes sugar cane in Louisiana.  Accordingly, the wage rate for this job opportunity is controlled by the Amended Preliminary Injunction Order issued by the Hon. Robert Summerhays on December 5, 2024, Rec. Doc. 61., Case 6:23 – cv – 00831.***

Las tareas del puesto incluyen operar y realizar el mantenimiento de rutina de camiones y equipos para transportar caa de azcar desde varios lugares de trabajo, en relacin con la cosecha de un cultivo perecedero, desde los campos hasta el ingenio y desde las reas de estacionamiento y preparacin de la fbrica hasta el ingenio operando una combinacin de tractor y remolque; entregar caa de azcar en lugares designados (sin abandonar la combinacin de tractor y remolque); Se requiere CDL aprobada por el DOT; 3 meses de experiencia previa en la conduccin de combinacin tractor-remolque; el trabajo implica estar sentado durante mucho tiempo, exposicin a temperaturas extremas y movimientos repetitivos; puede ser necesario viajar a y desde las ubicaciones de campo; se proporciona transporte; puede ser necesaria una prueba de deteccin de drogas al contratar y aleatoriamente (pagada por el empleador). A discrecin del empleador, pueden pagarse primas al final del contrato. El horario base ofrecido es de 49 horas; las horas adicionales suelen ofrecerse durante una temporada abundante y pueden incluir de 10 a 40 horas adicionales de trabajo en funcin de la naturaleza de la temporada.

*b. Job Offer Information 2*

| 1. Section/Item Number * | A.11 | 2. Name of Section or Category of Material Term or Condition * | Deductions from Pay |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer will make all deductions required by law. Deductions may include FICA, federal/state tax withholdings, court-ordered child support, garnishments, liens, and other deductions authorized or required by law. Workers must pre-authorize any voluntary deductions. Potential voluntary deductions may include repayment of advances and/or loans, employee health insurance or retirement plan contributions, and/or payment of cell phone, cable/satellite TV, internet or other service(s) for worker's convenience and benefit. Reasonable repair costs of damage to housing other than that caused by normal wear and tear, or loss of equipment/tools will be deducted from workers found to have been responsible for such damage to housing or loss of equipment/tools. Employer will make all deductions in accordance with the Fair Labor Standards Act (FLSA) and applicable state law. Other deductions may be made if expressly authorized by the worker in writing.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

**Form ETA-790A Addendum C**                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page C.1 of C.3

H-2A Case Number: H-300-25181-141495          Case Status: Full Certification          Determination Date: 07/16/2025          Valid ___ 07/__2025 to 11/15/2026

SCSCGA - 003119

*OMB Approval:* 1205-0562
*Expiration Date:* 07/31/2025



H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**

**H. Additional Material Terms and Conditions of the Job Offer**

*c. Job Offer Information 3*

| 1. Section/Item Number * | A.11 | 2. Name of Section or Category of Material Term or Condition * | Pay Deductions - null |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

El empleador har todas las deducciones requeridas por la ley. Las deducciones pueden incluir FICA, retenciones de impuestos federales/estatales, manutencin de nios ordenada por la corte, embargos, gravmenes y otras deducciones autorizadas o requeridas por la ley. Los trabajadores deben autorizar previamente cualquier deduccin voluntaria. Las deducciones voluntarias potenciales pueden incluir el reembolso de anticipos y/o prstamos, seguro de salud de los empleados o contribuciones al plan de jubilacin, y/o pago de telfono celular, televisin por cable/satlite, internet u otros servicios para la conveniencia y beneficio del trabajador. Los costos razonables de reparacin de daos a la vivienda que no sean causados por el desgaste normal o la prdida de equipo/herramientas se deducirn de los trabajadores que se determine que han sido responsables de tales daos a la vivienda o prdida de equipo/herramientas. El empleador har todas las deducciones de acuerdo con la Ley de Normas Justas de Trabajo (FLSA) y la ley estatal aplicable. Otras deducciones se pueden hacer si el trabajador lo autoriza expresamente por escrito.

*d. Job Offer Information 4*

| 1. Section/Item Number * | F.2 | 2. Name of Section or Category of Material Term or Condition * | Inbound/Outbound Transportation - null |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

The Employer will provide or pay in advance for transportation, and related daily subsistence, for charter bus services, or other modes of transportation (e.g., airplane) to workers, or permit workers to select any means of transportation they choose, and reimburse those workers at no less than the most economical and reasonable common carrier transportation charges for the distances involved for both inbound (to the place of employment from the place from which the worker has come to work for the employer) and outbound (from the place of employment to the place from which the worker departed) travel.

El Empleador proporcionar o pagar por adelantado el transporte, y las dietas relacionadas, por servicios de autobs chrter, u otros modos de transporte (por ejemplo, avin) a los trabajadores, o permitir a los trabajadores seleccionar cualquier medio de transporte que elijan, y reembolsar a esos trabajadores a no menos que los gastos de transporte ms econmicos y razonables del transportista comn por las distancias involucradas tanto para el viaje de entrada (al lugar de empleo desde el lugar desde el que el trabajador ha venido a trabajar para el empleador) como de salida (desde el lugar de empleo al lugar desde el que el trabajador parti).

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

**Form ETA-790A Addendum C**                                    FOR DEPARTMENT OF LABOR USE ONLY                                    Page C.2 of C.3

H-2A Case Number: H-300-25181-141495____    Case Status: Full Certification____    Determination Date: 07/16/2025____    Valid 07/31/2025 to 01/15/2026

SCSCGA - 003120

*OMB Approval:* 1205-0562
*Expiration Date:* 07/31/2025



H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**

## H. Additional Material Terms and Conditions of the Job Offer

*e. Job Offer Information 5*

| 1.  Section/Item Number * | F.1 | 2.  Name of Section or Category of Material Term or Condition * | Daily Transportation - null |
|---|---|---|---|

3.  Details of Material Term or Condition (*up to 3,500 characters*) *

Employer provides transportation at no cost to workers from either 1) employer provided housing or 2) a centralized pick-up point to various worksites as needed at the beginning and end of each workday. General schedule includes pick up around 6:30am and dropped back off at 2:30pm, unless overtime is offered that day then the times may vary. Employers' modes of transportation are listed below. The vehicle(s) provided are controlled and provided by the association members and are covered by vehicle insurance.

1.2012 Dodge RAM 2500; Seating Capacity: 5
2.2017 Nissan Titan XD; Seating Capacity: 3
3.2012 GMC Sierra 2500; Seating Capacity: 5
4.2014 Dodge RAM 2500; Seating Capacity: 5
5.2010 Dodge RAM 3500; Seating Capacity: 3
6.2012 Ford F-250; Seating Capacity: 6
7.2008 Ford Van; Seating Capacity: 15
8.2007 Chevrolet Van; Seating Capacity: 15
9.2016 Chevrolet Van; Seating Capacity: 15
10.2017 Ford F-350; Seating Capacity: 6
11.2013 Ford E-350; Seating Capacity: 14
12.2013 Ford E-350; Seating Capacity: 13

El empleador proporciona transporte gratuito a los trabajadores desde 1) el alojamiento proporcionado por el empleador o 2) un punto de recogida centralizado a varios lugares de trabajo segn sea necesario al principio y al final de cada jornada laboral. El horario general incluye la recogida sobre las 6:30 de la maana y la devolucin a las 2:30 de la tarde, a menos que se ofrezcan horas extraordinarias ese da, en cuyo caso los horarios pueden variar. Los medios de transporte del empleador se indican a continuacin. Los vehculos proporcionados son controlados y proporcionados por los miembros de la asociacin y estn cubiertos por el seguro del vehculo.

1.2012 Dodge RAM 2500; Capacidad de asientos: 5
2.2017 Nissan Titan XD; Capacidad de asientos: 3
3.2012 GMC Sierra 2500; Capacidad de asientos: 5
4.2014 Dodge RAM 2500; Capacidad Asientos: 5
5.2010 Dodge RAM 3500; Capacidad Asientos: 3
6.2012 Ford F-250; Capacidad Asientos: 6
7.2008 Ford Van; Capacidad Asientos: 15
8.2007 Chevrolet Van; Capacidad Asientos: 15
9.2016 Chevrolet Van; Capacidad Asientos: 15
10.2017 Ford F-350; Capacidad Asientos: 6
11.2013 Ford E-350; Capacidad Asientos: 14
12.2013 Ford E-350; Capacidad Asientos: 13

*f. Job Offer Information 6*

| 1.  Section/Item Number * | | 2.  Name of Section or Category of Material Term or Condition * | |
|---|---|---|---|

3.  Details of Material Term or Condition (*up to 3,500 characters*) *

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

---

**Form ETA-790A Addendum C**                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page C.3 of C.3

H-2A Case Number: H-300-25181-141495          Case Status: Full Certification          Determination Date: 07/16/2025          Valid... SCSCGA - 003121

**U.S. Department of Labor**     **Employment and Training Administration**
Office of Foreign Labor Certification
Chicago National Processing Center
11 West Quincy Court
Chicago, IL 60604



### Notice of Acceptance Letter

July 09, 2025

Case Number:H-300-25181-141495

Berry Appleman & Leiden LLP
Ashley Dees
2400 N Glenville Drive Building A
Richardson, Texas 75082

### RE: South Central Sugar Cane Growers' Association

In reply refer to:          TLC.Chicago@dol.gov

Dear Sir/Madam:

Your application seeking temporary labor certification under the H-2A temporary agricultural program has been reviewed and **accepted for processing**. Your application is timely and contains the required assurances that the conditions of employment necessary to ensure that the wages and working conditions of U.S. workers similarly employed will not be adversely affected. Please make sure you read all instructions and information contained in this letter carefully. In order to receive a final determination on your temporary labor certification application, you are required to:

1.  Continue to cooperate with the State Workforce Agency (SWA) serving the area of intended employment. The SWA has prepared a job order for intrastate recruitment of U.S. workers. Interstate recruitment will now commence. The job order will be managed on your behalf by the SWA until the end of the recruitment period, which shall end when 50 percent of the work contract has elapsed. Additionally, the job order will direct applicants to apply for the job opportunity at the nearest local office of the SWA before referring the applicant to the employer. For agricultural associations filing master applications as a joint employer with their employer-members, the SWA has prepared a single job order in the name of the association on behalf of all the employer members duly named in the application.

    You are authorized conditional access to the interstate clearance system. Based on the anticipated worksite(s) contained in your job order, the National Processing Center (NPC)

SCSCGA - 003122

will promptly transmit a copy of your job order to the SWAs having jurisdiction over the anticipated place(s) of employment and all other States designated by the OFLC Administrator under 20 CFR § 655.154(d) as States of traditional or expected labor supply for the anticipated place(s) of employment, listed below, to initiate recruitment of U.S. workers.

**Additional Interstate Clearance State(s):**

In addition, where appropriate to the job opportunity and area of intended employment, the SWA will provide written notice of the job opportunity to organizations that provide employment and training services to workers likely to apply for the job and/or place written notice of the job opportunity in other physical locations where such workers are likely to gather.

**Important Note(s)**: The SWA has provided you with documentation identifying the job order number(s) with the start and end dates of the posting of your job order. Please make sure that you maintain this documentation in your file and be prepared to submit such documentation if requested.

2. Accomplish the following positive recruitment steps on your own between now and the expected date on which any foreign workers will depart for your place of employment, or three days prior to the expected start date of employment, whichever occurs first. Positive recruitment shall be conducted in a manner consistent with Departmental regulations at 20 Code of Federal Regulations (CFR) § 655.135(c).

   A. *Contact Former U.S. Workers (20 CFR § 655.153)*: During the period of time that the job order is being circulated to the SWA for interstate clearance, establish contact, by mail or other effective means, with U.S. workers who were employed by you in the occupation at the place of employment during the previous year and solicit their return to the job this year. You are not required to contact U.S. workers who were terminated for cause or abandoned employment if you provided timely notice to the NPC of the termination or abandonment in the manner described in 20 CFR § 655.122(n).

   B. *Additional Positive Recruitment (20 CFR § 655.154)*: The OFLC Administrator will make an annual determination with respect to each State whether there are other traditional or expected labor supply States and, within a traditional or expected labor supply State, areas in which there are a significant number of qualified U.S. workers who, if recruited, would be willing to make themselves available for work in that State. If the OFLC Administrator's determination requires you to engage in additional positive recruitment activities for your job opportunity, the precise nature of the additional positive recruitment required will be described below.

   **Description of additional positive recruitment required: None**

SCSCGA - 003123

**Important Notes**: You must maintain in your file, documentation demonstrating compliance with positive recruitment instructions above, such as copies of correspondence signed and dated by you or evidence of the nonapplicability of the former U.S. worker contact requirement. If other means of contact are used, you must maintain dated logs demonstrating that each former employee was contacted and be prepared to submit such documentation if requested. You must also list in the recruitment report any former employees you contacted who did not return because they were either unable or unwilling to return to the job or did not respond to your request. If any documentation was provided to you by former employees showing evidence of their inability, unwillingness, or non-responsiveness, please also maintain such documentation in your file.

3. Based on the results of your initial recruitment efforts, **you must submit a written recruitment report containing your signature and dated to our office seven calendar days from the issuance of this notice**. Please remember that you consider all U.S. workers who apply (or on whose behalf an application is made), including those **who apply directly to you**, for your job opportunity. Any U.S. worker who applies to you, but whom you reject for other than a lawful, job-related reason or fail to provide with a lawful, job-related reason for rejection, will be considered available for work by our office.

The recruitment report must be submitted on the date specified above and contain the following information: (1) identify the name of each recruitment source and date(s) of advertisement; (2) state the name and contact information of each U.S. worker who applied or was referred to the job opportunity up to the date of the preparation of the recruitment report and the disposition of each worker; (3) confirm that former U.S. employees were contacted, with a description by what means they were contacted and the date(s) of such contact, or state that there are no former U.S. workers to contact; and (4) if applicable, for each U.S. worker who applied for the position but was not hired, explain the lawful job-related reason(s) for not hiring each U.S. worker. You must continue to maintain the recruitment report throughout the recruitment period (i.e., until 50 percent of the period of the work contract has elapsed) and submit the updated recruitment report to the Department upon request.

4. You are authorized conditional entry into the interstate clearance system based upon your written request and any assurances that your housing will meet Department of Labor standards. Housing must be provided to all H-2A workers and those workers in corresponding employment who are not reasonably able to return to their permanent residence at the end of the workday, without charge to the worker. The housing must comply with the applicable housing standards as set forth in Departmental regulations at 20 CFR § 655.122(d). **Proof that all housing to be used for workers complies with applicable standards and has sufficient capacity for the number of workers requested is required prior to the issuance of temporary labor certification.**

If the employer will use employer provided housing subject to the standards at 20 CFR § 655.122(d)(1)(i) or 20 CFR § 655.122(d)(2), the SWA (or another local, State, or Federal authority acting on behalf of the SWA) with jurisdiction over the location of the employer-

SCSCGA - 003124

provided housing must inspect and provide to the employer and Certifying Officer (CO) documentation certifying that the housing is sufficient to accommodate the number of workers requested and meets all applicable standards. *See* 20 CFR § 655.122(d)(6)(ii). If not done so already, the SWA will make every effort to schedule and complete a pre-occupancy inspection of your housing and promptly notify you of any deficiencies that must be corrected.

If the employer will use rental or public accommodations subject to the standards at 20 CFR § 655.122(d)(1)(ii), the employer must provide to the CO a written statement, signed and dated, that attests that the accommodations are compliant with the applicable standards and are sufficient to accommodate the number of workers requested. This statement must include the number of bed(s) and room(s) that the employer will secure for the worker(s). If applicable local or State rental or public accommodation standards under paragraph (d)(1)(ii) require an inspection, the employer also must submit to the CO a copy of the inspection report or other official documentation from the relevant authority. If the applicable standards do not require an inspection, the employer's written statement must confirm that no inspection is required. *See* 20 CFR § 655.122(d)(6)(iii).

5.  In accordance with Departmental regulations at 20 CFR 655.122(e)(2), **actual proof of workers' compensation coverage for your employees is required prior to the issuance of temporary labor certification**. In order to receive a labor certification, you must submit evidence that you have obtained workers' compensation coverage for the entire period of need for your employees. **Such evidence must include the name of the insurance carrier, the policy number, proof of insurance for the dates of need <u>or</u> proof of State law coverage. Proof of workers' compensation coverage should be submitted to this office at the same time that your recruitment report is due.** You must maintain proof of compliance with the workers' compensation coverage requirement in your file and be prepared to submit such documentation if requested.

<u>Important Note(s)</u>: By virtue of accepting this application, the CO will promptly place for public examination a copy of the job order filed in conjunction with this application on SeasonalJobs.dol.gov, the Department's electronic job registry. The posting on SeasonalJobs.dol.gov will be maintained by the Department, including any required modifications approved by the CO. The job order will remain in active status on SeasonalJobs.dol.gov until 50 percent of the contract period has elapsed.

The CO will make a determination either to grant or deny the application no later than 30 calendar days before the date of need. However, an application that is modified under 20 CFR § 655.142 or that otherwise does not meet the requirements for certification in this subpart is not subject to the 30-day timeframe for certification. *See* 20 CFR § 655.160.

In addition, our office must approve any amendments requested to the period of employment, number of workers requested, or other minor modifications contained in your application. Your requests will be handled as expeditiously as possible. To submit a request, upload the written request and any supporting documentation through the Foreign Labor Application Gateway

(FLAG) system (https://flag.dol.gov/). Alternatively, you may e-mail the request directly to the NPC using the address: TLC.Chicago@dol.gov. Please remember to include your Case Reference Number on any correspondence sent to the NPC; failure to do so may result in a delay in processing your application.

In order to assist with the timely processing of the application, you are encouraged to submit all required documentation no later than 3:00 pm Central Time. Failure to provide this documentation prior to the requested due date will result in a denial of your application.

Please direct any inquiries regarding your case to the NPC at (312) 886-8000 or via electronic mail at TLC.Chicago@dol.gov

Sincerely,


OFLC Certifying Officer

CC: South Central Sugar Cane Growers' Association
CML Green Acres, LLC; Jaime Segura Farms, LLC; Ted Broussard Farms, Inc.; Roy Degeyter, Jr. & Son Farm; Raymond Hebert Farms, LLC; Circle L Farms, LLC; Richard Glaubrecht, Jr.; Jake Viator Farms; Cypremort Planting Company; Northside Planting, LLC; Nicky Rockforte Farms, LLC; Ulysses Gonsonlin, Jr. & Sons, Inc.; McDonald Farms, LLC; Patrick Judice Farms, Inc.; Blaine Tauzin Farms, LLC; MMA, LLC; Scott Corley Farms; LeJeune Brothers, LLC; HMC Farms, LLC; Acadiana Agriculture, LLC; Patout Brothers Little Valley Plantation, LLC; Magnolia Sugar, LLC; Donald Segura Farms; Bruno Habetz; Jonathon Allen Farms; Gonsoulin Farms, LLC; Triangle Farms; Loreauville Harvesting, LLC; Bayou Sale Cane Co., Inc.; Lone Pine Farms; Segura Farms, LLC; A & M Farms, Inc.; Harper Planting Partnership; DLD Southern Sugar, LLC; Douglas Farms; Nelson Hebert Farms, Inc.; Frank Martin Farms, Inc.; Cremaldi Farms ; Freyou Farms, Inc.; Seventy-One Planation Planting Co.; K&M Cane; Rodriguez Brothers; Adam Halbert Farms; Chris Lyles; Antoine Luke Farm, Inc.; Tony Richardson; B & B Planting Co., LLC; Patch Farms, LLC; Judice Planting, LLC; Lanie Farms, LLC DBA Al Lanie; Ben Vanderlick Farms, LLC; Idlewild Farms; Westover Farms, Inc.; Patout Equipment Company; Allen Farms; Bain Farms; A & S Farms, Inc.; Rebel V Farms; Edward Beaver; John A. Riche Farm; Steve Halbert Farms; M.A. Patout & Son, Limited, LLC; Raceland Raw Sugar
Louisiana

SCSCGA - 003126

# INVOICE

| INVOICE # | DATE |
|---|---|
| H-300-25181-141495 | 07/16/2025 |

U.S. Department of Labor
Employment and Training
Administration
Office of Foreign Labor
Certification
Chicago National Processing Center
11 West Quincy Court

Chicago, IL 60604

| BILL TO |
|---|
| Ricky Gonsoulin |
| South Central Sugar Cane Growers' Association |
| 611 Irish Bend Road |
| Franklin, LA 70538 |

rickygonsoulin@gmail.com

| DESCRIPTION | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 63 | 100.00 | 6,300.00 |
| H2A Worker Fee / $10 per worker | 146 | 10.00 | 1,460.00 |
| | | | |
| | | **TOTAL** | **$7,760.00** |

This is a bill for fees assessed for the H-2A certification. Non-payment or untimely payment may be considered a substantial violation subject to the procedures in Departmental regulations at 20 CFR § 655.182.

In accordance with Departmental regulations at 20 CFR § 655.163(b), payment must be received no more than thirty (30) calendar days after the date of certification or the payment will be considered untimely. Non-payment or untimely payment may be considered a substantial violation subject to debarment procedures under Departmental regulations at 20 CFR § 655.182.

Please retain one copy of this bill for your records and return one copy with a money order payable in U.S. currency or a check from a U.S. bank payable to the "U.S. Department of Labor" at the following address:   Chicago National Processing Center
Office of Foreign Labor Certification
U.S. Department of Labor
P.O. BOX A3804
Chicago, IL 60690-A3804

Remember to include the invoice/case number and employer's name, address, and phone number with any correspondence or payment you return to this office.

SCSCGA - 003127

Invoice Details
H-300-25181-141495

| CML Green Acres, LLC | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| Jaime Segura Farms, LLC | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| Ted Broussard Farms, Inc. | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| Roy Degeyter, Jr. & Son Farm | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| Raymond Hebert Farms, LLC | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| Circle L Farms, LLC | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| Richard Glaubrecht, Jr. | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 1 | 10.00 | 10.00 |
| Jake Viator Farms | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| Cypremort Planting Company | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 3 | 10.00 | 30.00 |
| Northside Planting, LLC | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| Nicky Rockforte Farms, LLC | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |

SCSCGA - 003128

Invoice Details
H-300-25181-141495

| Ulysses Gonsonlin, Jr. & Sons, Inc. | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **McDonald Farms, LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Patrick Judice Farms, Inc.** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Blaine Tauzin Farms, LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **MMA, LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Scott Corley Farms** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **LeJeune Brothers, LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **HMC Farms, LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Acadiana Agriculture, LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Patout Brothers Little Valley Plantation, LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 3 | 10.00 | 30.00 |
| **Magnolia Sugar, LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |

SCSCGA - 003129

Invoice Details
H-300-25181-141495

| Donald Segura Farms | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Bruno Habetz** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Jonathon Allen Farms** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Gonsoulin Farms, LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Triangle Farms** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Loreauville Harvesting, LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Bayou Sale Cane Co., Inc.** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 3 | 10.00 | 30.00 |
| **Lone Pine Farms** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 3 | 10.00 | 30.00 |
| **Segura Farms, LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **A & M Farms, Inc.** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Harper Planting Partnership** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |

SCSCGA - 003130

Invoice Details
H-300-25181-141495

| DLD Southern Sugar, LLC | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |

| Douglas Farms | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |

| Nelson Hebert Farms, Inc. | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |

| Frank Martin Farms, Inc. | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |

| Cremaldi Farms | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |

| Freyou Farms, Inc. | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |

| Seventy-One Planation Planting Co. | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |

| K&M Cane | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |

| Rodriguez Brothers | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |

| Adam Halbert Farms | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |

| Chris Lyles | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |

SCSCGA - 003131

Invoice Details
H-300-25181-141495

| Antoine Luke Farm, Inc. | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Tony Richardson** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **B & B Planting Co., LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Patch Farms, LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Judice Planting, LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Lanie Farms, LLC DBA Al Lanie** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Ben Vanderlick Farms, LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Idlewild Farms** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 2 | 10.00 | 20.00 |
| **Westover Farms, Inc.** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 4 | 10.00 | 40.00 |
| **Patout Equipment Company** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 4 | 10.00 | 40.00 |
| **Allen Farms** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 4 | 10.00 | 40.00 |

SCSCGA - 003132

Invoice Details
H-300-25181-141495

| Bain Farms | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 4 | 10.00 | 40.00 |
| **A & S Farms, Inc.** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 4 | 10.00 | 40.00 |
| **Rebel V Farms** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 4 | 10.00 | 40.00 |
| **Edward Beaver** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 3 | 10.00 | 30.00 |
| **John A. Riche Farm** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 3 | 10.00 | 30.00 |
| **Steve Halbert Farms** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 3 | 10.00 | 30.00 |
| **M.A. Patout & Son, Limited, LLC** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 3 | 10.00 | 30.00 |
| **Raceland Raw Sugar** | QTY | UNIT PRICE | AMOUNT |
| H2A Employer Fee | 1 | 100.00 | 100.00 |
| H2A Worker Fee / $10 per worker | 3 | 10.00 | 30.00 |
| | | **TOTAL** | **$7,760.00** |

SCSCGA - 003133

AREN HAND
ERRY APPLEMAN AND LEIDEN
0100 KATY FREEWAY
UITE 600
IOUSTON, TX 77043
INITED STATES US

ACTWGT: 1.00 LB
CAD: 257357036/INET4535

BILL SENDER

**OFC OF FOREIGN LABOR CERTIFICATION**
**U.S. DEPARTMENT OF LABOR**
**11 WEST QUINCY COURT**

58GJ5/99C7/59F2

**CHICAGO IL 60604**
469) 940-7783                    REF: HOU OFS OFS
NV:
PO: VARIOUS: CERTIFICATION FEES          DEPT:

 

**FedEx**
Express

J253025062301uv

---

                    MON  –  04 AUG  5:00P
RK#                 EXPRESS  SAVER
8831 6021 9618                      DSR
201                                 60604

**SP CHIA**        IL-US  ORD



SCSCGA - 003134

# INVOICE

| INVOICE # | DATE |
|-----------|------|
| H-300-25181-141495 | 07/16/2025 |

U.S. Department of Labor
Employment and Training
Administration
Office of Foreign Labor
Certification
Chicago National Processing Center
11 West Quincy Court

Chicago, IL 60604



**BILL TO**

Ricky Gonsoulin
South Central Sugar Cane Growers' Association
611 Irish Bend Road
Franklin, LA 70538

rickygonsoulin@gmail.com

| DESCRIPTION | QTY | UNIT PRICE | AMOUNT |
|-------------|-----|------------|--------|
| H2A Employer Fee | 63 | 100.00 | 6,300.00 |
| H2A Worker Fee / $10 per worker | 146 | 10.00 | 1,460.00 |
| | | | |
| | | **TOTAL** | **$7,760.00** |

This is a bill for fees assessed for the H-2A certification. Non-payment or untimely payment may be considered a substantial violation subject to the procedures in Departmental regulations at 20 CFR § 655.182.

In accordance with Departmental regulations at 20 CFR § 655.163(b), payment must be received no more than thirty (30) calendar days after the date of certification or the payment will be considered untimely. Non-payment or untimely payment may be considered a substantial violation subject to debarment procedures under Departmental regulations at 20 CFR § 655.182.

Please retain one copy of this bill for your records and return one copy with a money order payable in U.S. currency or a check from a U.S. bank payable to the "U.S. Department of Labor" at the following address:    Chicago National Processing Center
Office of Foreign Labor Certification
U.S. Department of Labor
P.O. BOX A3804
Chicago, IL 60690-A3804

Remember to include the invoice/case number and employer's name, address, and phone number with any correspondence or payment you return to this office.

---

🔒 THIS CHECK IS PRINTED ON CHEMICAL REACTIVE PAPER, HAS MICRO PRINTING IN THE SIGNATURE LINES & CONTAINS A WATERMARK 🔒

**SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC.**
611 IRISH BEND ROAD
FRANKLIN, LA 70538
(337) 828-0620
ACCOUNTS PAYABLE

HANCOCK WHITNEY
NEW ORLEANS, LA
84-15/654

CHECK NUMBER
**1689**

************ Seven Thousand Seven Hundred Sixty & 00/100 Dollars

DATE
07/16/25

AMOUNT
*****7,760.00

AY

TO THE
ORDER
OF    **U. S. DEPARTMENT OF LABOR**

H-300-25181-141495

⑈OO1689⑈ ⑈O654OO153⑈OOOOO64549325⑈

SCSCGA - 003135

**ETA 9142A Application for Temporary Employment Certification**

Certified ETA 9142A, Final Approval of H-2A Temporary Labor Certification, Final Certification Letter, and Signed Appendix A

SCSCGA - 003136

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Application for Temporary Employment Certification
Form ETA-9142A
**U.S. Department of Labor**

**IMPORTANT**:  Employers and authorized preparers must read the general instructions carefully before completing the Forms ETA-9142A and ETA-790/790A.  A copy of the instructions can be found on the Office of Foreign Labor Certification website at https://www.dol.gov/agencies/eta/foreign-labor/forms.  If you are not submitting these forms electronically, please complete <u>ALL</u> required fields/items containing an asterisk ( * ) and any fields/items where a response is conditional as indicated by the section ( § ) symbol.

## A.  Nature of H-2A Application

| | |
|---|---|
| 1.  Type of Employer Application (choose only one)* ☑ Individual Employer   ☐ Joint Employer (2 or more individual employers) | |
| 1a.  Agricultural Association Employer or Agency Status, if applicable (choose only one) § <br> ☐ Association – Sole Employer    ☑ Association - Joint Employer    ☐ Association - Agent | |
| 2.  Is the employer operating as an H-2A Labor Contractor (H-2ALC), as defined by 20 CFR 655.103(b)? * | ☐ Yes ☑ No |
| 3.  Nature of Temporary Need (choose only one) * | ☑ Seasonal   ☐ Other Temporary Need |
| 4.  Is a statement of temporary need attached to this application? * | ☐ Yes ☑ No |
| 5.  Is this application being filed with a request to waive the regulatory time period due to an emergency situation, as defined by 20 CFR 655.134? * | ☐ Yes ☑ No |
| 6.  If "Yes" is marked in question A.5, a statement justifying the employer's emergency situation is attached this application. * | ☐ Yes ☑ N/A |

## B.  Employer Information

| | | |
|---|---|---|
| 1.  Legal Business Name * <br> South Central Sugar Cane Growers' Association | | |
| 2.  Trade Name/Doing Business As (DBA), if applicable § | | |
| 3.  Address 1 * <br> 611 Irish Bend Road | | |
| 4.  Address 2 (apartment/suite/floor and number) § | | |
| 5.  City * <br> Franklin | 6.  State * <br> Louisiana | 7.  Postal Code * <br> 70538 |
| 8.  Country * <br> United States Of America | 9.  Province § | |
| 10.  Telephone Number * <br> +1 (337) 319-7515 | 11.  Extension § | |
| 12.  Federal Employer Identification Number (FEIN from IRS) * <br> 88-1924973 | 13.  NAICS Code * <br> 111930 | |

## C.  Employer Point of Contact Information

*The information contained in this Section must be that of an employee of the employer who is authorized to act on behalf of the employer in labor certification matters. The information in this Section <u>must be different</u> from the agent or attorney information listed in Section D, unless the attorney is an employee of the employer.*

| | | |
|---|---|---|
| 1.  Contact's Last (family) Name * <br> Gonsoulin | 2.  First (given) Name * <br> Ricky | 3.  Middle Name(s) § |
| 4.  Contact's Job Title * <br> Director | | |
| 5.  Address 1 * <br> 611 Irish Bend Road | | |
| 6.  Address 2 (apartment/suite/floor and number) § | | |
| 7.  City * <br> Franklin | 8.  State * <br> Louisiana | 9.  Postal Code * <br> 70538 |
| 10.  Country * <br> United States Of America | 11.  Province § | |
| 12.  Telephone Number * <br> +1 (337) 319-7515 | 13.  Extension § | 14.  Business Email Address * <br> rickygonsoulin@gmail.com |

| | | | |
|---|---|---|---|
| **Form ETA-9142A** | **FOR DEPARTMENT OF LABOR USE ONLY** | | Page 1 of 3 |
| H-2A Case Number: H-300-25181-141495 | Case Status: Full Certification | Determination Date: 07/16/2025 | Validity Period: 9/1/2025 to 1/15/2026 |

SCSCGA - 003137

OMB Approval: 1205-0562
Expiration Date: 07/31/2025

H-2A Application for Temporary Employment Certification
Form ETA-9142A
**U.S. Department of Labor**



## D.  Attorney or Agent Information (If applicable)

| 1.  Indicate the type of representation for the employer in the filing of this application. * Complete the remainder of this section if "Attorney" or "Agent" is marked. | ☑ Attorney  ☐ Agent  ☐ None |
|---|---|

| 2.  Attorney or Agent's Last (family) Name § Dees | 3.  First (given) Name § Ashley | 4.  Middle Name(s) § |
|---|---|---|

5.  Address 1 §
2400 N Glenville Drive

6.  Address 2 (apartment/suite/floor and number) §
Building A

| 7.  City § Richardson | 8.  State § Texas | 9.  Postal Code 75082 |
|---|---|---|

| 10.  Country § United States Of America | 11.  Province § |
|---|---|

| 12.  Telephone Number § +1 (469) 940-7805 | 13.  Extension § | 14.  Law Firm/Business Email Address § adees@bal.com |
|---|---|---|

| 15.  Law Firm/Business Name § Berry Appleman & Leiden LLP | 16.  Law Firm/Business FEIN § 94-3068076 |
|---|---|

**If "Attorney" is marked in question D.1, complete questions 17 – 19 below.**

| 17.  State Bar Number(s) § 24094254 | 18.  State of highest court where attorney is in good standing § Texas |
|---|---|

19.  Name of the highest state court where attorney is in good standing §
Supreme Court of Texas

**If "Agent" is marked in question D.1, complete questions 20 and 21 below.**

| 20.  A copy of the current agreement or other documentation demonstrating the agent's authority to represent the employer in this application is attached to this application. § | ☐ Yes |
|---|---|
| 21.  A copy of the agent's current Migrant and Seasonal Agricultural Worker Protection Act (MSPA) Certificate of Registration identifying the farm labor contracting activities the agent is authorized to perform is attached to this application. § | ☐ Yes  ☐ N/A |

## E.  Job Opportunity & Supporting Documentation

| 1.  SOC Occupational Code * 53-3032.00 | 2.  SOC Occupational Title * Heavy and Tractor-Trailer Truck Drivers |
|---|---|

| 3. A copy of the completed job order (Form ETA-790/790A) satisfying the requirements at 20 CFR 653, subpart F, and 20 CFR 655, subpart B, is attached to this application. * | ☑ Yes |
|---|---|
| 4. If "Joint Employer" is marked in question A.1, the Form ETA-790A and Addendum B identify the name(s), address(es), total number of workers needed, and crops and agricultural work of each employer that will employ workers. § | ☑ Yes  ☐ N/A |

**For H-2A Labor Contractors ONLY**
**If "Yes" is marked in question A.2, complete questions E.5 through E.9 below**

| 5. The Form ETA-790A, Addendum B, identifies the name(s) and location(s) of each fixed-site agricultural business the employer will be providing H-2A workers, the expected first and last dates of work for each business, and a description of crops and activities the workers will perform. § | ☐ Yes  ☑ No |
|---|---|
| 6. A copy of fully-executed work contract(s) with each fixed-site agricultural business identified on the Form ETA-790A, Addendum B, is attached to this application. § | ☐ Yes  ☑ No |
| 7. A copy of the employer's valid MSPA Certificate of Registration identifying the farm labor contracting activities the employer is authorized to perform is attached to this application. § | ☐ Yes  ☐ No  ☑ N/A |
| 8. A signed and dated **Appendix B**, *H-2A Labor Contractor Surety Bond*, for the employer identified in Se B of this application is attached. § | ☐ Yes  ☑ No |
| 9. Will any of the fixed-site agricultural businesses provide workers with housing and/or transportation between the place of employment and the living quarters under this application? § | ☐ Yes  ☑ No |

**Form ETA-9142A**                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page 2 of 3
H-2A Case Number: H-300-25181-141495    Case Status: Full Certification    Determination Date: 07/16/2025    Validity Period: 9/1/2025 to 1/15/2026

SCSCGA - 003138

*OMB Approval:* 1205-0562
*Expiration Date:* 07/31/2025

H-2A Application for Temporary Employment Certification
Form ETA-9142A
**U.S. Department of Labor**

---

**F. Declaration of Employer and Attorney/Agent**

*In accordance with Federal regulations, the employer(s) must attest to abide by certain terms, assurances, and obligations as a condition for receiving a temporary labor certification from the U.S. Department of Labor.  Applications that fail to attach Appendix A will be considered incomplete and rejected without further review.*

| | |
|---|---|
| 1. A signed and dated **Appendix A** for the employer identified in Section B of this application is attached. * | ☑ Yes |
| 2. Except for agricultural associations filing as a joint employer, a separate signed and dated **Appendix A** for each employer identified <u>as a joint employer</u> on the job order (Form ETA-790/790A) is attached. * | ☐ Yes  ☑ N/A |

---

**G. Preparer**

*Complete this section if the preparer of this application is a person other than the one identified in either Section C (employer point of contact) or D (attorney or agent) of this application.*

| 1. Last (family) Name *§* | 2. First (given) Name *§* | 3. Middle Initial *§* |
|---|---|---|
| Hand | Karen | D. |

| 4. Law Firm/Business FEIN *§* | 5. Law Firm/Business Name *§* | |
|---|---|---|
| 94-3068076 | Berry Appleman & Leiden LLP | |

| 6. Business Email Address *§* |
|---|
| khand@bal.com |

**For Public Burden Statement, see the Instructions for Form ETA-9142A.**

---

**Form ETA-9142A** | **FOR DEPARTMENT OF LABOR USE ONLY** | Page 3 of 3

H-2A Case Number: <u>H-300-25181-141495</u>    Case Status: <u>Full Certification</u>    Determination Date: <u>07/16/2025</u>    Validity Period: <u>9/1/2025</u> to <u>1/15/2026</u>

SCSCGA - 003139

*OMB Approval: 1205-0466*
*Expiration Date: 07/31/2025*

H-2A Application for Temporary Employment Certification
Form ETA-9142A – H-2A Approval Final Determination
Temporary Agricultural Labor Certification
**U.S. Department of Labor**



# H-2A APPROVAL: TEMPORARY AGRICULTURAL LABOR CERTIFICATION

Pursuant to the provisions of sections 101(a)(15)(h)(ii)(a), 214(c), and 218 of the Immigration and Nationality Act, as amended, 8 U.S.C. §§ 1101(a)(15)(h)(ii)(a), 1184(c), and 1188, the Department hereby certifies that there are not sufficient workers who are able, willing, and qualified, and who will be available at the time and place needed to perform the labor or services for which certification is sought, and the employment of the H-2A temporary worker(s) in such labor or services will not adversely affect the wages and working conditions of workers in the United States similarly employed.

Therefore, by virtue of the signature below, the Department hereby acknowledges granting a temporary agricultural labor certification for the following *H-2A Application for Temporary Employment Certification* (Form ETA-9142A) and job order (Form ETA-790/790A):

| 1.  DOL Case Number | 2.  Case Status | 3.  Determination Date |
|---|---|---|
| H-300-25181-141495 | Full Certification | 07/16/2025 |

| 4.  Employer Legal Business Name(s)/FEIN(s) |
|---|
| South Central Sugar Cane Growers' Association 88-1924973 |

| 5.  Job Title |
|---|
| Heavy And Tractor-trailer Truck Driver |

| 6.  SOC Code | 7.  SOC Occupational Title |
|---|---|
| 53-3032.00 | Heavy And Tractor-trailer Truck Drivers |

| 8.  Worker Positions Certified | 9.  First Date of Need | 10.  Last Date of Need |
|---|---|---|
| 146 | 9/1/2025 | 1/15/2026 |

| 11.  Department of Labor<br>Office of Foreign Labor Certification<br>*(electronic signature)* | *Certifying Officer* |
|---|---|

Pursuant to 20 CFR part 655, subpart B, this *temporary agricultural labor certification* is valid only for the period of employment, the number of H-2A positions, the area of intended employment, the job classification and specific labor or services to be performed, and the employer(s) specified on these approved Forms ETA-9142A and ETA-790/790A, including any approved modifications.

Each employer covered by this *temporary agricultural labor certification* has declared under penalty of perjury that it has read and reviewed every page of these approved Forms ETA-9142A and ETA-790/790A, including all appendices and addenda, and takes full responsibility for the accuracy of all information contained therein and all documentation supporting this approved *temporary agricultural labor certification*, including any representations made by the employer's authorized agent or attorney, as applicable.  Each employer covered by this *temporary agricultural labor certification* must abide by the terms, assurances, and obligations set forth in 8 U.S.C. 1188, 20 CFR part 655, subpart B, and part 653, subpart F, and 29 CFR part 501, as a condition for receiving this approved *temporary agricultural labor certification* from the Department.

The employer(s) will provide a copy of the work contract, which may be the approved Forms ETA-9142A and ETA-790/790A, to each worker in a language understood by that worker, and in accordance with the timing requirements of 20 CFR 655.122(q), including any approved modifications.  This *temporary agricultural labor certification* expires on the last day of authorized employment, including any approved extensions, and may not be transferred from one employer to another unless the employer to which it is transferred is a successor in interest to the employer to which it was issued.

**FOR DEPARTMENT OF LABOR USE ONLY**    SCSCGA - 003140

**U.S. Department of Labor**     **Employment and Training Administration**

Office of Foreign Labor Certification

Chicago National Processing Center

11 West Quincy Court

Chicago, IL 60604



July 16, 2025

Case Number:H-300-25181-141495

Berry Appleman & Leiden LLP

Ashley Dees

2400 N Glenville Drive Building A

Richardson, Texas 75082

<u>**RE: South Central Sugar Cane Growers' Association**</u>

Dear Sir/Madam:

Your application seeking temporary labor certification under the H-2A temporary agricultural program has been **<u>certified</u>**. In accordance with Departmental regulations at 20 Code of Federal Regulations (CFR) § 655, Subpart B, it has been determined that a sufficient number of able, willing and qualified U.S. workers have not been identified as being available at the time and place needed to fill all of the job opportunities for which certification has been requested and that employment of the H-2A workers will not adversely affect the wages and working conditions of workers in the United States similarly employed.

Therefore, the Department grants certification for 146 Heavy and Tractor-Trailer Truck Driver job opportunities. You must comply with all assurances, guarantees and other requirements contained in Departmental regulations at 20 CFR § 655, Subpart B and 20 CFR § 653, Subpart F.

**IMPORTANT NOTE REGARDING THIS H-2A TEMPORARY LABOR CERTIFICATION:**

This application has been certified electronically.  Attached to this electronic Final Determination Notice is the Form ETA-9142A, *H-2A Approval: Temporary Agricultural Labor Certification*, which represents official notification that the employer's *H-2A Application for Temporary Employment Certification* (Form ETA-9142A and all applicable appendices) was certified by the Department of Labor in accordance with 20 CFR 655, Subpart B.  Please login to your FLAG System account to verify the contents of the certified Form ETA-9142A and all applicable appendices.

The employer must send a printed copy of the Form ETA-9142A, *H-2A Approval: Temporary Agricultural Labor Certification* along with the cover letter directly to the appropriate U.S.

SCSCGA - 003141

Citizenship and Immigration Services (USCIS) Service Center (see, http://www.uscis.gov/i-129-addresses) along with the Form I-129, *Petition for a Nonimmigrant Worker, and any other documentation required by USCIS regulation supporting the Form I-129.*

Enclosed is a bill for fees assessed for the H-2A certification. Non-payment or untimely payment may be considered a substantial violation subject to the procedures in Departmental regulations at 20 CFR § 655.182.

**Important Reminders:**

\# In accordance with Departmental regulations at 20 CFR § 655.120(b)(3), if an updated AEWR for the occupational classification and geographic area is published in the *Federal Register* during the work contract, and the updated AEWR is higher than the highest of the previous AEWR, a prevailing wage for the crop activity or agricultural activity and, if applicable, a distinct work task or tasks performed in that activity and geographic area, the agreed-upon collective bargaining wage, the Federal minimum wage, or the State minimum wage, the employer must pay at least the updated AEWR upon the effective date of the updated AEWR published in the *Federal Register*. The effective date will be identified in the *Federal Register* notice that announces the AEWR adjustment.

\# In accordance with Departmental regulations at 20 CFR § 655.120(b)(4), if an updated AEWR for the occupational classification and geographic area is published in the *Federal Register* during the work contract, and the updated AEWR is lower than the rate guaranteed on the job order, the employer must continue to pay at least the rate guaranteed on the job order.

\# In accordance with Departmental regulations at 20 CFR § 655.120(c)(3), if a prevailing wage for the geographic area and crop activity or agricultural activity and distinct work task(s), if applicable, is adjusted during a work contract, and is higher than the highest of the AEWR, a previous prevailing wage for the geographic area and crop activity or agricultural activity or, if applicable, a distinct work task or tasks performed in that activity, the agreed-upon collective bargaining wage, the Federal minimum wage, or the State minimum wage, the employer must pay at least that higher prevailing wage upon the Department's notice to the employer of the new prevailing wage. The Department posts all current prevailing hourly wages and piece rates to the Department of Labor's Agricultural On-Line Wage Library (AOWL). You are encouraged to visit the AOWL website at http://www.foreignlaborcert.doleta.gov/aowl.cfm for the updated wage rates.

\# In accordance with Departmental regulations at 20 CFR § 655.120(c)(4), if a prevailing wage for the geographic area and crop activity or agricultural activity and distinct work task(s), if applicable, is adjusted during a work contract, and is lower than the rate guaranteed on the job order, the employer must continue to pay at least the rate guaranteed on the job order.

\# You must continue to cooperate with the State Workforce Agency (SWA) by accepting all referrals of eligible U.S. workers who apply (or on whose behalf an application is made) for the job opportunity until the end of the recruitment period as set forth in Departmental regulations at 20 CFR § 655.135(d). The end date of your obligation to

SCSCGA - 003142

consider all referrals under the 50 percent rule is calculated by the SWA based on the date the H-2A worker departed for the employer's place of business, which is assumed to be three days prior to the first date of need, unless you inform the SWA in writing of a different date. *See* 20 CFR § 655.135(c).

\# You must update and maintain the recruitment report throughout the recruitment period (i.e., the 50 percent period) as specified in Departmental regulations at 20 CFR § 655.156(b). This supplement to the recruitment report submitted to the NPC before certification must meet the requirements of Departmental regulations at 20 CFR § 655.156(a)(1)-(4). The employer must sign and date this supplement to the recruitment report and retain it for a period of no less than three years from the date of certification. The supplement to the recruitment report must be provided upon request by the Department.

\# You are also reminded that in accordance with Departmental regulations at 20 CFR § 655.122(n), the termination of workers for cause and abandonment of the job by workers are to be reported in writing to the Department (and to the Department of Homeland Security (DHS) for H-2A workers) within two business days of the termination or discovering abandonment. To make compliance with this requirement simple and fast, the employer may e-mail the notification directly to the Chicago NPC using TLC.Chicago@dol.gov. Your requests will be handled as expeditiously as possible.

\# In accordance with Departmental regulations at 20 CFR § 655.135(i), employers must inform H-2A workers of the requirement that they must leave the United States at the end of the period certified by the Department or separation from the employer, whichever is earlier, unless the H-2A worker is being sponsored by another subsequent employer.

\# In accordance with Departmental regulations at 20 CFR § 655.122(q), employers must provide to H-2A workers no later than the time at which the workers apply for the visa, or to workers in corresponding employment no later than on the day work commences, a copy of the work contract between the employer and the workers in a language understood by the worker as necessary or reasonable. For H-2A workers going from an H-2A employer to a subsequent H-2A employer, the copy must be provided no later than the time an offer of employment is made by the subsequent H-2A employer. For H-2A workers that does not require a visa for entry, the copy must be provided not later than the time of an offer of employment.

\# In accordance with Departmental regulations at 20 CFR § 655.135(l), employers must post and maintain in a conspicuous location at the place of employment, a poster provided by the Secretary of the Department of Labor in English, and to the extent necessary, any language common to a significant portion of the workers if they are not fluent in English, which sets out the rights and protections for workers. A copy of the poster is available at http://www.dol.gov/whd/resources/posters.htm.

SCSCGA - 003143

\#    Departmental regulations at 20 CFR § 655.180, allow the Department to conduct audit examinations of certified H-2A applications. The applications selected for audit will be chosen within the sole discretion of the Department. If your certification has been selected for audit, you are reminded that you must submit the documentation requested in the audit letter within the specified timeframe. Failure to comply with the audit process may result in a finding by the Certifying Officer to revoke the labor certification and/or debarment of the employer from future filings of H-2A temporary labor certification applications. Additionally, the audit findings and underlying documentation may be provided to the Wage and Hour Division, the Department of Homeland Security, or another appropriate enforcement agencies. The Certifying Officer may refer findings that an employer discouraged an eligible U.S. worker from applying, or failed to hire, discharged, or otherwise discriminated against an eligible U.S. worker, to the Department of Justice, Civil Rights Division, Immigrant and Employee Rights Section.

\#    In accordance with Departmental regulations at 20 CFR § 655.170, employers may request to extend (by more than two weeks) the period of employment on certified H-2A applications in writing, to the Chicago NPC. The employer may e-mail the request directly to the Chicago NPC using the address: TLC.Chicago@dol.gov, with the words "H-2A Extension Request" contained in the subject line of the e-mail.

\#    Requests for extension of the period of employment for two weeks or less can be directly filed with the USCIS Service Center.

Sincerely,



OFLC Certifying Officer

Enclosures: Invoice for Certification; Approval of H-2A Temporary Agricultural Labor Certification

CC:    South Central Sugar Cane Growers' Association CML Green Acres, LLC; Jaime Segura Farms, LLC; Ted Broussard Farms, Inc.; Roy Degeyter, Jr. & Son Farm; Raymond Hebert Farms, LLC; Circle L Farms, LLC; Richard Glaubrecht, Jr.; Jake Viator Farms; Cypremort Planting Company; Northside Planting, LLC; Nicky Rockforte Farms, LLC; Ulysses Gonsonlin, Jr. & Sons, Inc.; McDonald Farms, LLC; Patrick Judice Farms, Inc.; Blaine Tauzin Farms, LLC; MMA, LLC; Scott Corley Farms; LeJeune Brothers, LLC; HMC Farms, LLC; Acadiana Agriculture, LLC; Patout Brothers Little Valley Plantation, LLC; Magnolia Sugar, LLC; Donald Segura Farms; Bruno Habetz; Jonathon Allen Farms; Gonsoulin Farms, LLC; Triangle Farms; Loreauville Harvesting, LLC; Bayou Sale Cane Co., Inc.; Lone Pine Farms; Segura Farms, LLC; A & M Farms, Inc.; Harper Planting Partnership; DLD Southern Sugar, LLC; Douglas Farms; Nelson Hebert Farms, Inc.; Frank Martin Farms, Inc.; Cremaldi Farms ; Freyou Farms, Inc.; Seventy-One Planation Planting Co.; K&M Cane; Rodriguez Brothers; Adam Halbert Farms;

SCSCGA - 003144

Chris Lyles; Antoine Luke Farm, Inc.; Tony Richardson; B & B Planting Co., LLC; Patch
Farms, LLC; Judice Planting, LLC; Lanie Farms, LLC DBA Al Lanie; Ben Vanderlick Farms,
LLC; Idlewild Farms; Westover Farms, Inc.; Patout Equipment Company; Allen Farms; Bain
Farms; A & S Farms, Inc.; Rebel V Farms; Edward Beaver; John A. Riche Farm; Steve Halbert
Farms; M.A. Patout & Son, Limited, LLC; Raceland Raw Sugar
Louisiana SWA

SCSCGA - 003145

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

**H-2A Application for Temporary Employment Certification**
Form ETA-9142A – APPENDIX A
U.S. Department of Labor



# For Use in Filing Applications under the H-2A Agricultural Program <u>ONLY</u>

## A.  Attorney or Agent Declaration

*I hereby declare under penalty of perjury that I am an attorney or agent for the employer and that I have been designated by that employer to act on its behalf in connection with this application.  If I am an agent of the employer, I have attached a copy of the agent agreement in accordance with 20 CFR 655.133.*

***I HEREBY CERTIFY*** *that I have provided to the employer the Form ETA-9142A, Form ETA-790/790A, and all supporting documentation for review and to the best of my knowledge the information contained herein is true and accurate, including the employer's declaration regarding activities that I have undertaken on the employer's behalf in connection with this application.  I understand that to knowingly and/or willfully furnish materially false information in the preparation of this form and/or any supplement hereto, or to aid, abet, or counsel another to do so, is a federal offense punishable by fines, imprisonment, or both (18 U.S.C. §§ 2, 1001, 1546, 1621).*

| 1.  Attorney or Agent's Last (family) Name * | 2.  First (given) Name * | 3.  Middle Initial § |
|---|---|---|
| Dees | Ashley | Foret |
| 4.  Firm/Business Name * <br> Berry Appleman & Leiden LLP | | |
| 5.  Signature * *(Ashley Foret Dees)* | | 6.  Date Signed * <br> 06/25/2025 |

## B.  Employer Declaration

*By virtue of my signature below, **I HEREBY CERTIFY** my knowledge of and compliance with the following conditions of employment:*

1.  The job opportunity is a full-time temporary position, the qualifications for which do not substantially deviate from the normal and accepted qualifications required by non-H-2A employers in the same or comparable occupations and crops.
    *Joint Employment Pursuant to 20 CFR 655.131(b):*  If the employer files this *H-2A Application for Temporary Employment Certification* together with one or more other employers seeking to jointly employ H-2A workers pursuant to 20 CFR 655.131(b), the employer assures that no single joint employer will employ an H-2A worker, or any combination of H-2A workers, for more than a total of 34 hours in any workweek. In addition, the employer agrees to comply with the conditions of employment required of an employer participating in the H-2A program, and assumes full responsibility for the accuracy of the representations made in this *Application for Temporary Employment Certification* and for compliance with all of the assurances and obligations of an employer in the H-2A program at all times during the period the *Application for Temporary Employment Certification* is valid.

2.  The specific job opportunity for which the employer is requesting H-2A certification is not vacant because the former occupant(s) is (are) on strike or locked out in the course of a labor dispute.

3.  The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship, and the employer has conducted and will continue to conduct the required recruitment, in accordance with regulations, and has been unsuccessful in locating sufficient numbers of qualified U.S. applicants to perform the labor or services for which certification is sought.  Any U.S. workers who applied or apply for the job were or will be rejected only for lawful, job-related reasons, and the employer must retain records of all rejections as required by 20 CFR 655.167.

4.  The job opportunity offers U.S. workers no less than the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to H-2A workers and complies with the requirements at 20 CFR part 655, subpart B.

5.  The employer understands that it must offer, recruit at, and pay a wage that is at least the highest of the Adverse Effect Wage Rate (AEWR) in effect at the time the job order is placed, a prevailing wage rate, the agreed-upon collective bargaining wage (CBA), the Federal minimum wage, or the State minimum wage.  Furthermore, the employer understands that if the applicable AEWR or prevailing wage is adjusted during the contract period, and that new rate is higher than the highest of the AEWR, the prevailing wage, the CBA, the Federal minimum wage, or the State minimum wage, the employer will increase the pay of all employees in the same occupation to at least the higher rate no later than the effective date of the adjustment.  If the new AEWR or prevailing wage is lower than the rate guaranteed on the job order, the employer must continue to pay at least the rate guaranteed on the job order.

    For employers subject to the requirements at 20 CFR 655.200-235, the employer understands that it must offer, recruit at, and pay a wage that is at least the highest of the monthly AEWR, the agreed-upon CBA wage, or the applicable minimum wage rate set by Federal or State law or judicial action, for each month, or portion thereof, during the job order period. Furthermore, if a new monthly AEWR is published during the contract period, and that new rate is higher than both the agreed-upon CBA wage, and the minimum wage imposed by Federal or State law or judicial action in effect at the time the work is performed, the employer must pay at least that new monthly AEWR no later than the effective date of the update.

6.  The employer has read, understands, and agrees to comply with each of the conditions of employment, assurances, and obligations for H-2A Agricultural Clearance Orders listed in Section I of the Form ETA-790A and attached to this Form ETA-9142A.

7.  There are insufficient U.S. workers available in the area(s) capable of performing the temporary services or labor in the job opportunity, and the employer will conduct positive recruitment as specified by OFLC and continue to cooperate with the SWA by accepting referrals of all

SCSCGA - 003146

*OMB Approval: 1205-0466*
*Expiration Date: 11/30/2025*

### H-2A Application for Temporary Employment Certification
Form ETA-9142A – APPENDIX A
U.S. Department of Labor



eligible U.S. workers who apply (or on whose behalf an application is made) for the job opportunity until completion of 50 percent of the contract period calculated from the first date of need indicated in Section A.3 of Form ETA-790A.

8.  All fees associated with processing this application will be paid in a timely manner (i.e., within 30 days after the date of the certification).

9.  During the period of employment that is the subject of the *H-2A Application for Temporary Employment Certification*, the employer:

    (i)     Will comply with applicable Federal, State, and local employment-related laws and regulations, including employment-related health and safety laws.
    (ii)    Will provide or secure housing at no cost to the H-2A workers and those workers in corresponding employment who are not reasonably able to return to their residence within the same day.  The housing provided or secured for workers complies with the applicable local, State, and/or Federal standards and guidelines.
    (iii)   Where required, has timely requested a preoccupancy inspection of the housing and received certification.
    (iv)    Will provide workers' compensation insurance coverage in compliance with State law covering injury and disease arising out of and in the course of the worker's employment.  If the type of employment for which the certification is sought is not covered by or is exempt from the State's workers' compensation law, the employer will provide, at no cost to the worker, insurance coverage with benefits at least equal to those provided under the State workers' compensation law for other comparable employment.  20 CFR 655.122(e).
    (v)     Will provide transportation in compliance with all applicable Federal, State or local laws and regulations between the worker's living quarters (i.e., housing provided or secured by the employer under 20 CFR 655.122(d)) and the place of employment without cost to the worker.
    (vi)    Will provide to the worker, without charge or deposit charge, all tools, supplies, and equipment required to perform the duties assigned. 20 CFR 655.122(f), .210(d), or .302(c).
    (vii)   Will provide meals and potable water, without charge to the worker, if subject to the requirements at 20 CFR 655.200-235.

10. The employer has not laid off and will not lay off any similarly employed U.S. worker in the occupation that is the subject of the application and job order in the area of intended employment except for lawful, job related reasons within 60 days of the date of need, or if the employer has laid off such workers, it has offered the job opportunity that is the subject of the application to those laid-off U.S. worker(s) and the U.S. worker(s) refused the job opportunity, was rejected for the job opportunity for lawful, job-related reasons, or was hired.

11. The employer and its agents have not sought or received payment of any kind from the H-2A worker for any activity related to obtaining a temporary agricultural labor certification, including payment of the employer's attorneys' fees, application fees, or recruitment costs.  For purposes of this paragraph, payment includes, but is not limited to, monetary payments, wage concessions (including deductions from wages, salary, or benefits), kickbacks, bribes, tributes, in kind payments, and free labor.

12. The employer has and will contractually prohibit in writing any foreign labor contractor or recruiter whom the employer engages in international recruitment of H-2A workers to seek or receive payments or other compensation from prospective employees, except as provided for in DHS regulations.

13. The employer has not and will not intimidate, threaten, restrain, coerce, blacklist, or in any manner discriminate against, and has not and will not cause any person to intimidate, threaten, restrain, coerce, blacklist, or in any manner discriminate against, any person who has:

    (i)     Filed a complaint under or related to Sec. 218 of the INA (8 U.S.C. § 1188), or any Department regulation promulgated under Sec. 218 of the INA;
    (ii)    Instituted or caused to be instituted any proceeding under or related to Sec. 218 of the INA, or any Department regulation promulgated under Sec. 218 of the INA;
    (iii)   Testified or is about to testify in any proceeding under or related to Sec. 218 of the INA or any Department regulation promulgated under Sec. 218 of the INA;
    (iv)    Consulted with an employee of a legal assistance program or an attorney on matters related to Sec. 218 of the INA or any Department regulation promulgated under Sec. 218 of the INA; or
    (v)     Exercised or asserted on behalf of himself/herself or others any right or protection afforded by Sec. 218 of the INA, or any Department regulation promulgated under Sec. 218 of the INA.

14. The employer has not and will not discharge any person because of that person's taking any action listed in paragraph 13(i) through (v) listed above.

15. The employer will inform H-2A workers of the requirement that they leave the U.S. at the end of the period certified by the Department or separation from the employer, whichever is earlier, as required under 20 CFR 655.135(i), unless the H-2A worker is being sponsored by another subsequent employer.

16. The employer has posted the Notice of Workers' Rights as required by 20 CFR 655.135(l) in a conspicuous place frequented by all employees.

17. If the employer is filing the application as an H-2A Labor Contractor the following additional attestations and obligations apply under 20 CFR 655.132:

    (i)     The H-2A Labor Contractor has provided a copy of the Migrant and Seasonal Agricultural Worker Protection Act (MSPA) Farm Labor Contractor certificate of registration if required under MSPA, 1801 U.S.C. et seq., to have such a certificate identifying the specific farm labor contracting activities it is authorized to perform;
    (ii)    The H-2A Labor Contractor has provided with this application a job order, Form ETA-790/790A, Addendum B, listing the names and locations of each fixed-site agricultural business to which the H-2A Labor Contractor expects to provide H-2A workers, the expected first and last dates when the H-2A Labor Contractor will be providing the workers to each fixed site, and a description of the crops and activities the workers are expected to perform at such fixed site;

SCSCGA - 003147

*OMB Approval: 1205-0466*
*Expiration Date: 11/30/2025*

**H-2A Application for Temporary Employment Certification**
Form ETA-9142A – APPENDIX A
U.S. Department of Labor



---

(iii)   The H-2A Labor Contractor is able to provide proof of its ability to discharge financial obligations under the H-2A program and has secured a surety bond as required by 20 CFR 655.132(c), the original of which is attached or will be submitted for receipt within 30 calendar days of the date that the certification is issued and provides the name, address, phone number, and contact person for the surety, and provides the amount of the bond (as calculated pursuant to 20 CFR 655.132(c));

(iv)   The H-2A Labor Contractor has engaged in and will engage in recruitment efforts in each area of intended employment in which it has listed a fixed-site agricultural business as required in 20 CFR 655.121, 655.150-155 and 655.215; and

(v)   If a fixed-site agricultural business will provide housing or transportation to the workers, the H-2A Labor Contractor has provided proof that:

    a.   All housing used by workers and owned, operated, or secured by the fixed-site agricultural business complies with the applicable housing standards in 20 CFR 655.122(d) or, if applicable, 655.235 or 655.304; and

    b.   All transportation between the places of employment and the workers' living quarters that is provided by the fixed-site agricultural business complies with all applicable Federal, State, or local laws and regulations and will provide, at a minimum, the same vehicle safety standards, driver licensure, and vehicle insurance as required under 29 U.S.C. 1841 and 29 CFR part 500, except where workers' compensation is used to cover such transportation as described in 20 CFR 655.122(h); and

    c.   Attach to the statement certificates of occupancy from the SWA for all employer owned housing and copies of all drivers' licenses, vehicle registration, and insurance policies for all drivers and vehicles used to transport H-2A workers.

**I hereby designate** the agent or attorney identified in Section D (if any) of the Form ETA-9142A and Section A above to represent me for the purpose of labor certification and, by virtue of my signature in Block 5 below, **I take full responsibility** for the accuracy of any representations made by my agent or attorney on every page of the Form ETA-9142A, Form ETA-790/790A, and documentation supporting this application.

**I declare** under penalty of perjury that I have read and reviewed this application, including every page of the Form ETA-9142A, Form ETA-790/790A, and supporting documentation, and that to the best of my knowledge the information contained therein is true and accurate. *I understand that to knowingly and/or willfully furnish materially false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both (18 U.S.C. §§ 2, 1001, 1546, 1621).*

| 1. Last (family) Name * | 2. First (given) Name * | 3. Middle Initial § |
|---|---|---|
| Gonsoulin | Ricky | |
| 4.  Title *<br><br>Director | | |
| 5.  Signature *<br>*Ricky Gonsoulin*<br><span style="font-size:smaller">E3986F4E1030E9995583278D661AE50C</span>   contract**works** | | 6.  Date Signed *<br><br>06/25/2025 |

**For Public Burden Statement, see the Instructions for Form ETA-9142A.**

SCSCGA - 003148

**Recruitment Reports**

Including U.S. applicant information (if any), contact with former U.S. workers (if any)
and copies of additional positive recruitment efforts directed by DOL (if any)

SCSCGA - 003149

July 10, 2025

U.S. Department of Labor
Employment and Training Administration
Office of Foreign Labor Certification
Chicago National Processing Center
11 West Quincy Court
Chicago, IL 60604

**Re: H-2A Application for Temporary Employment Certification**
**Employer: South Central Sugar Cane Growers' Association**
**Beneficiary: 146 Heavy and Tractor-Trailer Truck Driver Position(s)**
**Case No.: H30025181141495**

**I. Recruitment Steps Undertaken**

Recruitment Source

Louisiana State Workforce Commission (Louisiana's State Workforce Agency) Job Order #1630317.

Total Number of Job Openings Intended to be Filled

146

**II. Recruitment Results**

U.S. Worker Applicants To Date & Interview Results

None

Former U.S. Employees (20 CFR § 655.153). If any former U.S. employees were employed by you in the occupation at the place of employment during the previous year, did you solicit their return to the job this year? You are not required to contact former U.S. employees who were dismissed by you for cause or those who abandoned the worksite.

No former U.S. employees were employed in the occupation at the place of employment during the previous year.

This recruitment report is true and correct to the best of my knowledge.

*Ricky Gonsoulin*
_____
E3986F4E1030E9995583278D661AE50C          contract**works**.

**07/10/2025**
_____
Date

Ricky Gonsoulin
Director
South Central Sugar Cane Growers' Association

SCSCGA - 003150

November 11, 2025

U.S. Department of Labor
Employment and Training Administration
Office of Foreign Labor Certification
Chicago National Processing Center
11 West Quincy Court
Chicago, IL 60604

**Re: H-2A Application for Temporary Employment Certification**
**Employer: South Central Sugar Cane Growers' Association**
**Beneficiary: 146 Heavy and Tractor-Trailer Truck Driver Position(s)**
**Case No.: H30025181141495**

**FINAL RECRUITMENT REPORT**

**I. Recruitment Steps Undertaken**

Recruitment Source

Louisiana State Workforce Commission (Louisiana's State Workforce Agency) Job Order #1630317.

Total Number of Job Openings Intended to be Filled

146

**II. Recruitment Results**

U.S. Worker Applicants To Date & Interview Results

None

Former U.S. Employees (20 CFR § 655.153). If any former U.S. employees were employed by you in the occupation at the place of employment during the previous year, did you solicit their return to the job this year? You are not required to contact former U.S. employees who were dismissed by you for cause or those who abandoned the worksite.

No former U.S. employees were employed in the occupation at the place of employment during the previous year.

This recruitment report is true and correct to the best of my knowledge.

Ricky Gonsoulin
Director
South Central Sugar Cane Growers' Association

11/12/25
Date

SCSCGA - 003151

**USCIS Form I-797 Approval Notice for the H-2A Petition on Form I-129**

SCSCGA - 003152

August 5, 2025

**Via Overnight Courier**



USCIS Texas Service Center
Attn: I-129 H-2A
6046 N. Belt Line Rd. STE 117
Irving, TX 75038-0001

**Re: H-2A Petition (Form I-129)**
**Petitioner: South Central Sugar Cane Growers' Association**
**Beneficiary: 146 Heavy and Tractor-Trailer Truck Driver(s)**

Dear Adjudicating Officer:

Enclosed please find an H-2A petition by South Central Sugar Cane Growers'
Association for temporary employment of temporary workers in the above-named
position. As outlined in the enclosed petition, the petitioner has a need for
temporary, seasonal workers.

The petitioner has an approved H-2A Temporary Employment Certification
certified for the above-named position, with which it will comply. Please notify this
office of any action taken on this case. Thank you for your attention to this matter.

Sincerely,
BERRY APPLEMAN & LEIDEN LLP

Ashley Dees
Partner

AD/kh
Enclosures

2400 N Glenville Drive,
Building A

Richardson, TX 75082
**P:** +1 (469) 940-7805
**BAL.com**

SCSCGA - 003153

# FILING FEES

SCSCGA - 003154

**B · A · L**

BERRY APPLEMAN & LEIDEN
LLP

**BERRY APPLEMAN & LEIDEN LLP**

ATTORNEYS AT LAW
2400 N Glenville Dr. STE 100, BLDG A
Richardson, TX 75082-0246
+1 469-654-3200

BANK OF TEXAS
DALLAS, TX

17045026
32-1432
1110

07-23-25

PAY TO THE
ORDER OF

US DEPARTMENT OF HOMELAND SECURITY

$*******530.00

FIVE HUNDRED THIRTY AND 00/100 US DOLLARS

Two Signatures Required Over $7,500

Memo    I-129 Petition for Nonimmigrant Worker Filing Fee / SEP 1 2025 - JAN 15 2026 St. Mary Parish Heavy and Tractor-Trailer Truck Driver (146)

⑈17045026⑈  ⑆111014325⑆    8097572769⑈

---

**B · A · L**

BERRY APPLEMAN & LEIDEN
LLP

**BERRY APPLEMAN & LEIDEN LLP**

ATTORNEYS AT LAW
2400 N Glenville Dr. STE 100, BLDG A
Richardson, TX 75082-0246
+1 469-654-3200

BANK OF TEXAS
DALLAS, TX

17045025
32-1432
1110

07-23-25

PAY TO THE
ORDER OF

US DEPARTMENT OF HOMELAND SECURITY

$*******600.00

SIX HUNDRED AND 00/100 US DOLLARS

Two Signatures Required Over $7,500

Memo    Asylum Program Fee / SEP 1 2025 - JAN 15 2026 St. Mary Parish Heavy and Tractor-Trailer Truck Driver (146)

⑈17045025⑈  ⑆111014325⑆    8097572769⑈

SCSCGA - 003155

# H-2A APPROVAL FINAL
# DETERMINATION

SCSCGA - 003156

OMB Approval: 1205-0466
Expiration Date: 07/31/2025

H-2A Application for Temporary Employment Certification
Form ETA-9142A – H-2A Approval Final Determination
Temporary Agricultural Labor Certification
**U.S. Department of Labor**



# H-2A APPROVAL: TEMPORARY AGRICULTURAL LABOR CERTIFICATION

Pursuant to the provisions of sections 101(a)(15)(h)(ii)(a), 214(c), and 218 of the Immigration and Nationality Act, as amended, 8 U.S.C. §§ 1101(a)(15)(h)(ii)(a), 1184(c), and 1188, the Department hereby certifies that there are not sufficient workers who are able, willing, and qualified, and who will be available at the time and place needed to perform the labor or services for which certification is sought, and the employment of the H-2A temporary worker(s) in such labor or services will not adversely affect the wages and working conditions of workers in the United States similarly employed.

Therefore, by virtue of the signature below, the Department hereby acknowledges granting a temporary agricultural labor certification for the following *H-2A Application for Temporary Employment Certification* (Form ETA-9142A) and job order (Form ETA-790/790A):

| 1.  DOL Case Number | 2.  Case Status | 3.  Determination Date |
|---|---|---|
| H-300-25181-141495 | Full Certification | 07/16/2025 |
| 4.  Employer Legal Business Name(s)/FEIN(s) <br> South Central Sugar Cane Growers' Association 88-1924973 | | |
| 5.  Job Title <br><br> Heavy And Tractor-trailer Truck Driver | | |
| 6.  SOC Code | 7.  SOC Occupational Title | |
| 53-3032.00 | Heavy And Tractor-trailer Truck Drivers | |
| 8.  Worker Positions Certified | 9.  First Date of Need | 10.  Last Date of Need |
| 146 | 9/1/2025 | 1/15/2026 |
| 11.  Department of Labor <br> Office of Foreign Labor Certification <br> *(electronic signature)* | *Certifying Officer* | |

Pursuant to 20 CFR part 655, subpart B, this *temporary agricultural labor certification* is valid only for the period of employment, the number of H-2A positions, the area of intended employment, the job classification and specific labor or services to be performed, and the employer(s) specified on these approved Forms ETA-9142A and ETA-790/790A, including any approved modifications.

Each employer covered by this *temporary agricultural labor certification* has declared under penalty of perjury that it has read and reviewed every page of these approved Forms ETA-9142A and ETA-790/790A, including all appendices and addenda, and takes full responsibility for the accuracy of all information contained therein and all documentation supporting this approved *temporary agricultural labor certification*, including any representations made by the employer's authorized agent or attorney, as applicable. Each employer covered by this *temporary agricultural labor certification* must abide by the terms, assurances, and obligations set forth in 8 U.S.C. 1188, 20 CFR part 655, subpart B, and part 653, subpart F, and 29 CFR part 501, as a condition for receiving this approved *temporary agricultural labor certification* from the Department.

The employer(s) will provide a copy of the work contract, which may be the approved Forms ETA-9142A and ETA-790/790A, to each worker in a language understood by that worker, and in accordance with the timing requirements of 20 CFR 655.122(q), including any approved modifications. This *temporary agricultural labor certification* expires on the last day of authorized employment, including any approved extensions, and may not be transferred from one employer to another unless the employer to which it is transferred is a successor in interest to the employer to which it was issued.

SCSCGA - 003157

FOR DEPARTMENT OF LABOR USE ONLY

**U.S. Department of Labor**   **Employment and Training Administration**
Office of Foreign Labor Certification
Chicago National Processing Center
11 West Quincy Court
Chicago, IL 60604



July 16, 2025

Case Number:H-300-25181-141495

Berry Appleman & Leiden LLP
Ashley Dees
2400 N Glenville Drive Building A
Richardson, Texas 75082

## RE: South Central Sugar Cane Growers' Association

Dear Sir/Madam:

Your application seeking temporary labor certification under the H-2A temporary agricultural program has been **certified**. In accordance with Departmental regulations at 20 Code of Federal Regulations (CFR) § 655, Subpart B, it has been determined that a sufficient number of able, willing and qualified U.S. workers have not been identified as being available at the time and place needed to fill all of the job opportunities for which certification has been requested and that employment of the H-2A workers will not adversely affect the wages and working conditions of workers in the United States similarly employed.

Therefore, the Department grants certification for 146 Heavy and Tractor-Trailer Truck Driver job opportunities. You must comply with all assurances, guarantees and other requirements contained in Departmental regulations at 20 CFR § 655, Subpart B and 20 CFR § 653, Subpart F.

## IMPORTANT NOTE REGARDING THIS H-2A TEMPORARY LABOR CERTIFICATION:

This application has been certified electronically.  Attached to this electronic Final Determination Notice is the Form ETA-9142A, *H-2A Approval: Temporary Agricultural Labor Certification*, which represents official notification that the employer's *H-2A Application for Temporary Employment Certification* (Form ETA-9142A and all applicable appendices) was certified by the Department of Labor in accordance with 20 CFR 655, Subpart B.  Please login to your FLAG System account to verify the contents of the certified Form ETA-9142A and all applicable appendices.

The employer must send a printed copy of the Form ETA-9142A, *H-2A Approval: Temporary Agricultural Labor Certification* along with the cover letter directly to the appropriate U.S.

SCSCGA - 003158

Citizenship and Immigration Services (USCIS) Service Center (see, http://www.uscis.gov/i-129-addresses) along with the Form I-129, *Petition for a Nonimmigrant Worker, and any other documentation required by USCIS regulation supporting the Form I-129.*

Enclosed is a bill for fees assessed for the H-2A certification. Non-payment or untimely payment may be considered a substantial violation subject to the procedures in Departmental regulations at 20 CFR § 655.182.

**Important Reminders:**

#   In accordance with Departmental regulations at 20 CFR § 655.120(b)(3), if an updated AEWR for the occupational classification and geographic area is published in the *Federal Register* during the work contract, and the updated AEWR is higher than the highest of the previous AEWR, a prevailing wage for the crop activity or agricultural activity and, if applicable, a distinct work task or tasks performed in that activity and geographic area, the agreed-upon collective bargaining wage, the Federal minimum wage, or the State minimum wage, the employer must pay at least the updated AEWR upon the effective date of the updated AEWR published in the *Federal Register*. The effective date will be identified in the *Federal Register* notice that announces the AEWR adjustment.

#   In accordance with Departmental regulations at 20 CFR § 655.120(b)(4), if an updated AEWR for the occupational classification and geographic area is published in the *Federal Register* during the work contract, and the updated AEWR is lower than the rate guaranteed on the job order, the employer must continue to pay at least the rate guaranteed on the job order.

#   In accordance with Departmental regulations at 20 CFR § 655.120(c)(3), if a prevailing wage for the geographic area and crop activity or agricultural activity and distinct work task(s), if applicable, is adjusted during a work contract, and is higher than the highest of the AEWR, a previous prevailing wage for the geographic area and crop activity or agricultural activity or, if applicable, a distinct work task or tasks performed in that activity, the agreed-upon collective bargaining wage, the Federal minimum wage, or the State minimum wage, the employer must pay at least that higher prevailing wage upon the Department's notice to the employer of the new prevailing wage. The Department posts all current prevailing hourly wages and piece rates to the Department of Labor's Agricultural On-Line Wage Library (AOWL). You are encouraged to visit the AOWL website at http://www.foreignlaborcert.doleta.gov/aowl.cfm for the updated wage rates.

#   In accordance with Departmental regulations at 20 CFR § 655.120(c)(4), if a prevailing wage for the geographic area and crop activity or agricultural activity and distinct work task(s), if applicable, is adjusted during a work contract, and is lower than the rate guaranteed on the job order, the employer must continue to pay at least the rate guaranteed on the job order.

#   You must continue to cooperate with the State Workforce Agency (SWA) by accepting all referrals of eligible U.S. workers who apply (or on whose behalf an application is made) for the job opportunity until the end of the recruitment period as set forth in Departmental regulations at 20 CFR § 655.135(d). The end date of your obligation to

SCSCGA - 003159

consider all referrals under the 50 percent rule is calculated by the SWA based on the date the H-2A worker departed for the employer's place of business, which is assumed to be three days prior to the first date of need, unless you inform the SWA in writing of a different date. *See* 20 CFR § 655.135(c).

\# You must update and maintain the recruitment report throughout the recruitment period (i.e., the 50 percent period) as specified in Departmental regulations at 20 CFR § 655.156(b). This supplement to the recruitment report submitted to the NPC before certification must meet the requirements of Departmental regulations at 20 CFR § 655.156(a)(1)-(4). The employer must sign and date this supplement to the recruitment report and retain it for a period of no less than three years from the date of certification. The supplement to the recruitment report must be provided upon request by the Department.

\# You are also reminded that in accordance with Departmental regulations at 20 CFR § 655.122(n), the termination of workers for cause and abandonment of the job by workers are to be reported in writing to the Department (and to the Department of Homeland Security (DHS) for H-2A workers) within two business days of the termination or discovering abandonment. To make compliance with this requirement simple and fast, the employer may e-mail the notification directly to the Chicago NPC using TLC.Chicago@dol.gov. Your requests will be handled as expeditiously as possible.

\# In accordance with Departmental regulations at 20 CFR § 655.135(i), employers must inform H-2A workers of the requirement that they must leave the United States at the end of the period certified by the Department or separation from the employer, whichever is earlier, unless the H-2A worker is being sponsored by another subsequent employer.

\# In accordance with Departmental regulations at 20 CFR § 655.122(q), employers must provide to H-2A workers no later than the time at which the workers apply for the visa, or to workers in corresponding employment no later than on the day work commences, a copy of the work contract between the employer and the workers in a language understood by the worker as necessary or reasonable. For H-2A workers going from an H-2A employer to a subsequent H-2A employer, the copy must be provided no later than the time an offer of employment is made by the subsequent H-2A employer. For H-2A workers that does not require a visa for entry, the copy must be provided not later than the time of an offer of employment.

\# In accordance with Departmental regulations at 20 CFR § 655.135(l), employers must post and maintain in a conspicuous location at the place of employment, a poster provided by the Secretary of the Department of Labor in English, and to the extent necessary, any language common to a significant portion of the workers if they are not fluent in English, which sets out the rights and protections for workers. A copy of the poster is available at http://www.dol.gov/whd/resources/posters.htm.

SCSCGA - 003160

\#    Departmental regulations at 20 CFR § 655.180, allow the Department to conduct audit examinations of certified H-2A applications. The applications selected for audit will be chosen within the sole discretion of the Department. If your certification has been selected for audit, you are reminded that you must submit the documentation requested in the audit letter within the specified timeframe. Failure to comply with the audit process may result in a finding by the Certifying Officer to revoke the labor certification and/or debarment of the employer from future filings of H-2A temporary labor certification applications. Additionally, the audit findings and underlying documentation may be provided to the Wage and Hour Division, the Department of Homeland Security, or another appropriate enforcement agencies. The Certifying Officer may refer findings that an employer discouraged an eligible U.S. worker from applying, or failed to hire, discharged, or otherwise discriminated against an eligible U.S. worker, to the Department of Justice, Civil Rights Division, Immigrant and Employee Rights Section.

\#    In accordance with Departmental regulations at 20 CFR § 655.170, employers may request to extend (by more than two weeks) the period of employment on certified H-2A applications in writing, to the Chicago NPC. The employer may e-mail the request directly to the Chicago NPC using the address: TLC.Chicago@dol.gov, with the words "H-2A Extension Request" contained in the subject line of the e-mail.

\#    Requests for extension of the period of employment for two weeks or less can be directly filed with the USCIS Service Center.

Sincerely,



OFLC Certifying Officer

Enclosures: Invoice for Certification; Approval of H-2A Temporary Agricultural Labor Certification

CC:    South Central Sugar Cane Growers' Association CML Green Acres, LLC; Jaime Segura Farms, LLC; Ted Broussard Farms, Inc.; Roy Degeyter, Jr. & Son Farm; Raymond Hebert Farms, LLC; Circle L Farms, LLC; Richard Glaubrecht, Jr.; Jake Viator Farms; Cypremort Planting Company; Northside Planting, LLC; Nicky Rockforte Farms, LLC; Ulysses Gonsonlin, Jr. & Sons, Inc.; McDonald Farms, LLC; Patrick Judice Farms, Inc.; Blaine Tauzin Farms, LLC; MMA, LLC; Scott Corley Farms; LeJeune Brothers, LLC; HMC Farms, LLC; Acadiana Agriculture, LLC; Patout Brothers Little Valley Plantation, LLC; Magnolia Sugar, LLC; Donald Segura Farms; Bruno Habetz; Jonathon Allen Farms; Gonsoulin Farms, LLC; Triangle Farms; Loreauville Harvesting, LLC; Bayou Sale Cane Co., Inc.; Lone Pine Farms; Segura Farms, LLC; A & M Farms, Inc.; Harper Planting Partnership; DLD Southern Sugar, LLC; Douglas Farms; Nelson Hebert Farms, Inc.; Frank Martin Farms, Inc.; Cremaldi Farms ; Freyou Farms, Inc.; Seventy-One Planation Planting Co.; K&M Cane; Rodriguez Brothers; Adam Halbert Farms;

SCSCGA - 003161

Chris Lyles; Antoine Luke Farm, Inc.; Tony Richardson; B & B Planting Co., LLC; Patch Farms, LLC; Judice Planting, LLC; Lanie Farms, LLC DBA Al Lanie; Ben Vanderlick Farms, LLC; Idlewild Farms; Westover Farms, Inc.; Patout Equipment Company; Allen Farms; Bain Farms; A & S Farms, Inc.; Rebel V Farms; Edward Beaver; John A. Riche Farm; Steve Halbert Farms; M.A. Patout & Son, Limited, LLC; Raceland Raw Sugar
Louisiana SWA

SCSCGA - 003162

# G-28

SCSCGA - 003163



# Notice of Entry of Appearance
## as Attorney or Accredited Representative

**Department of Homeland Security**

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 05/31/2021

---

| Part 1.  Information About Attorney or Accredited Representative | Part 2.  Eligibility Information for Attorney or Accredited Representative |
|---|---|

**Part 1. Information About Attorney or Accredited Representative**

1. USCIS Online Account Number (if any)

   ▶ [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

*Name of Attorney or Accredited Representative*

2.a. Family Name (Last Name)   Dees

2.b. Given Name (First Name)   Ashley

2.c. Middle Name   Foret

*Address of Attorney or Accredited Representative*

3.a. Street Number and Name   2400 N Glenville Drive, Building A

3.b. ☐ Apt.   ☐ Ste.   ☐ Flr.   [        ]

3.c. City or Town   Richardson

3.d. State   TX     3.e. ZIP Code   75082

3.f. Province   [        ]

3.g. Postal Code   [        ]

3.h. Country

   United States

*Contact Information of Attorney or Accredited Representative*

4. Daytime Telephone Number

   (469) 940-7805

5. Mobile Telephone Number (if any)

   [        ]

6. Email Address (if any)

   ADees@bal.com

7. Fax Number (if any)

   469-729-5886

**Part 2. Eligibility Information for Attorney or Accredited Representative**

Select **all applicable** items.

1.a. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

   Licensing Authority

   Texas

1.b. Bar Number (if applicable)

   Texas 24094254

1.c. I (select **only one** box) ☒ am not   ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable)

   Berry Appleman & Leiden LLP

2.a. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization

   [        ]

2.c. Date of Accreditation (mm/dd/yyyy)

   [        ]

3. ☐ I am associated with

   [        ],

   the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate

   [        ]

---

SCSCGA-003164

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

This appearance relates to immigration matters before (select **only one** box):

**1.a.** ☒ U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

Form I-129

**2.a.** ☐ U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

**3.a.** ☐ U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

▶ 

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):

☐ Applicant  ☒ Petitioner  ☐ Requestor
☐ Beneficiary/Derivative  ☐ Respondent (ICE, CBP)

## Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name)  Gonsoulin

**6.b.** Given Name (First Name)  Ricky

**6.c.** Middle Name

**7.a.** Name of Entity (if applicable)
South Central Sugar Cane Growers' Association

**7.b.** Title of Authorized Signatory for Entity (if applicable)
Director

**8.** Client's USCIS Online Account Number (if any)

▶ 

**9.** Client's Alien Registration Number (A-Number) (if any)

▶ A- 

### Client's Contact Information

**10.** Daytime Telephone Number
(469) 940-7805

**11.** Mobile Telephone Number (if any)

**12.** Email Address (if any)
ADees@bal.com

### Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name  611 Irish Bend Road

**13.b.** ☐ Apt.  ☐ Ste.  ☐ Flr.

**13.c.** City or Town  Franklin

**13.d.** State  LA     **13.e.** ZIP Code  70538

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country
United States

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

SCSCGA - 003165

## Part 4.   Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery.  USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below.  You may change these elections through written notice to USCIS.

**1.a.**  ☒  I request that USCIS send original notices on an application or petition to the U.S. business address of my attorney or accredited representative as listed in this form.

**1.b.**  ☐  I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

NOTE:  If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative.  If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

**1.c.**  ☐  I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

**2.a.**  Signature of Client or Authorized Signatory for an Entity

**2.b.**  Date of Signature (mm/dd/yyyy)  `07/22/25`

## Part 5.   Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS.  I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1. a.**  Signature of Attorney or Accredited Representative

**1.b.**  Date of Signature (mm/dd/yyyy)  `07/29/2025`

**2.a.**  Signature of Law Student or Law Graduate

**2.b.**  Date of Signature (mm/dd/yyyy)

SCSCGA - 003166

2025135625730   2900704 830513 28 F765962 072925 23:22 072925 I129-650542

## Part 6. Additional Information

If you need extra space to provide any additional information within this form, use the space below. If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper. Type or print your name at the top of each sheet; indicate the **Page Number**, **Part Number**, and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a** Family Name
(Last Name)

**1.b.** Given Name
(First Name)

**1.c.** Middle Name

**2.a.** Page Number    **2.b.** Part Number    **2.c.** Item Number

**2.d.**

**3.a.** Page Number    **3.b.** Part Number    **3.c.** Item Number

**3.d.**

**4.a.** Page Number    **4.b.** Part Number    **4.c.** Item Number

**4.d.**

**5.a.** Page Number    **5.b.** Part Number    **5.c.** Item Number

**5.d.**

**6.a.** Page Number    **6.b.** Part Number    **6.c.** Item Number

**6.d.**

SCSCGA - 003167

# I-129

SCSCGA - 003168



# Petition for a Nonimmigrant Worker

### Department of Homeland Security
U.S. Citizenship and Immigration Services

**USCIS
Form I-129**
OMB No. 1615-0009
Expires 12/31/2027

| For USCIS Use Only | Receipt | Partial Approval (explain) | Action Block |
|---|---|---|---|

| | |
|---|---|
| Class: _____ | ☐ **Classification Approved** |
| No. of Workers: _____ | ☐ Consulate/POE/PFI Notified |
| Job Code: _____ | At: _____ |
| Validity Dates: _____ | ☐ Extension Granted |
| From: _____ | ☐ COS/Extension Granted |
| To: _____ | |

► **START HERE - Type or print in black ink.**

## Part 1.  Petitioner Information

If you are an individual filing this petition, complete **Item Number 1**. **If you are a company or an organization filing this petition,** complete **Item Number 2.**

**1.   Legal Name of Individual Petitioner**

| Family Name (Last Name) | Given Name (First Name) | Middle Name |
|---|---|---|
| | | |

**2.   Company or Organization Name**

South Central Sugar Cane Growers' Association

**3.   Mailing Address of Individual, Company or Organization**

In Care Of Name

Ricky Gonsoulin, Director

| Street Number and Name | Apt. Ste. Flr. ☐ ☐ ☐ | Number |
|---|---|---|
| 611 Irish Bend Road | | |

| City or Town | State | ZIP Code |
|---|---|---|
| Franklin | LA | 70538 |

| Province | Postal Code | Country |
|---|---|---|
| | | United States |

**4.   Contact Information**

| Daytime Telephone Number | Mobile Telephone Number | Email Address (if any) |
|---|---|---|
| (469) 940-7805 | | ADees@bal.com |

**Other Information**

**5.   Federal Employer Identification Number (FEIN)**

► 881924973

**6.   Are you a nonprofit organized as tax exempt or a governmental research organization?    ☐ Yes   ☒ No**

Form I-129   Edition   01/20/25
21466.16.3

SCSCGA - 003169

Page 1 of 38