# Transcript of the Testimony of
# Felipe De Jesus Avila-Soto (Volume II)

## Date: April 23, 2026

## Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

All electronic deposition & exhibit files
are available at **www.psrdocs.com**
Please call or e-mail reporters@psrdocs.com if you need a
**Username** and **Password**

# Professional Shorthand Reporters, Inc.

**Phone:  504-529-5255**
**Fax:  504-529-5257**
**Email:  reporters@psrdocs.com**
**Internet: http://www.psrdocs.com**

<div style="border:1px solid black; display:inline-block; padding:8px;">

**EXHIBIT**

# M

</div>

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

FELIPE DE JESUS                 *
AVILA-SOTO, and                 *
others similarly                *
situated,                       *
          Plaintiffs            *       CIVIL ACTION
                                *
VERSUS                          *       NO. 6:24-CV-01392
                                *
SOUTH CENTRAL SUGARCANE         *
GROWERS' ASSOCIATION AND        *
STERLING SUGARS, LLC,           *
          Defendants            *
                                *

*************************************************

Volume 2

Deposition of FELIPE DE JESUS AVILA-SOTO, taken through an interpreter on the 23rd day of April, 2026.  The witness, Mr. Davis, Mr. Morton, and the interpreter attended the deposition in person at the Hotel Azul Talavera Country Club, Parque Industrial Lajat, 27259 Torreon, Coah; Mr. Albritton, Mr. Knoepp, and the court reporter attended remotely via the Zoom teleconference platform.

The proceeding commenced at 10:20 a.m, Central Standard Time, USA.

Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 2

APPEARANCES:

    LAW OFFICES OF DAWSON MORTON

    BY:  DAWSON MORTON, ESQUIRE

        1808 Sixth Street

        Berkeley, California 94710

           and

    VIA ZOOM:

    BY:  JAMES C. KNOEPP, ESQUIRE

        1612 Crestwood Drive

        Columbia, South Carolina 29205

    ATTORNEYS FOR PLAINTIFFS


    PHELPS DUNBAR, LLP

    BY:  BRANDON DAVIS, ESQUIRE

    VIA ZOOM:  ANDREW M. ALBRITTON, ESQUIRE

        365 Canal Street, Suite 2000

        New Orleans, Louisiana 70130

    ATTORNEYS FOR DEFENDANTS


INTERPRETER:

    CATHERINE WATSON


REPORTED BY:

    MARLANE A. GAILLE, CCR-RPR

    CERTIFIED COURT REPORTER #21005

Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 3

                         I N D E X

                                              PAGE:

      Witness certificate                      210

      Certificate page                         212


              EXAMINATION INDEX:

      EXAMINATION BY:                         PAGE:

      Mr. Davis                                  5

      Mr. Morton                               207


              EXHIBIT INDEX:

EXHIBIT NO.:                                  PAGE:

A - Petition.....................................64

B - Job orders: 2022, 2023, 2024.................95

C - Visas.......................................105

D - Pay rate....................................153

E - Tax information.............................157

F - Federal driver's license...................159

G - Bates 37....................................181

H - Bates 41-43.................................186

I - Bates 45-56.................................188

J - Discovery responses.........................196

K - Discovery responses.........................199

L - Responses of Felipe Suarez..................200

M - Plaintiff responses.........................203

Case 6:24-cv-01392-RRS-CBW    Document 118-20    Filed 05/22/26    Page 5 of 20 PageID #: 2505

Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 4

S T I P U L A T I O N

IT IS STIPULATED AND AGREED by and among counsel for the parties hereto that the deposition of the aforementioned witness may be taken for all purposes permitted within the Federal Rules of Civil Procedure, in accordance with law, pursuant to notice;

That the formalities of reading and signing are not specifically waived;

That the formalities of filing, sealing, and certification are specifically waived;

That all objections, save those as to the form of the question and the responsiveness of the answer, are reserved until such time as this deposition, or any part thereof, is used or sought to be used in evidence.

*   *   *

MARLANE A. GAILLE, CCR-RPR, Certified Court Reporter in and for the State of Louisiana, officiated in administering the oath to the witness.

Case 6:24-cv-01392-RRS-CBW    Document 118-20    Filed 05/22/26    Page 6 of 20 PageID #: 2506

Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 94

MR. DAVIS:

928 through 929?

MR. MORTON:

Uh-huh (affirmatively).

MR. DAVIS:

Mr. Avila disputes that this is a job order?

MR. MORTON:

No.  I dispute and believe it is deceptive to call it a signed 2024 job order.

MR. DAVIS:

Okay.  All right.  All right.

BY MR. DAVIS:

Q.   So Mr. Avila, as it relates to your claim in your lawsuit that there was a breach of contract, can you explain what the breach of contract is as you asserted it in the first paragraph of your complaint?

A.   To me a breach of contract is that they took me as a truck driver and they didn't pay me the correct salary.

Q.   Okay.  All right.

So -- and really that's what you've shared with me all morning.  Your bottom line is you were

Page 95

not paid the right rate, period.  Is that it?

A.   Yeah.  So I don't know what they want me to say.

What I am claiming is that they pay me the overtime at the rate it should have been.  That's all I'm fighting.

Q.   I want to look at the --

MR. DAVIS:

It was the 2023 order.  Is that your point?

MR. MORTON:

Yeah.

BY MR. DAVIS:

Q.   I want to go back to the signed job order and show it to you, Mr. Avila.

MR. DAVIS:

Andrew, that's -- we're going to look at 928 through 929.

And then all of these are marked as Exhibit B, in globo.

(Exhibit B was marked.)

And then for the record 928 through 929 apparently may have been the tail end of the 2023 harvest season, which ended on

Case 6:24-cv-01392-RRS-CBW    Document 118-20    Filed 05/22/26    Page 8 of 20 PageID #: 2508

Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 98

saw him at any of the fields that I was at.

Q.   Okay.  Now when -- let me ask you when -- when you signed this paper, did you notice that the paper you signed said that the employer contact information --

(Reporter instructs Mr. Davis to please return near the microphone.)

MR. DAVIS:

Yes, ma'am.

BY MR. DAVIS:

Q.   So when -- did you notice that the contract said that the employer contact information and the legal business name was South Central Sugar Cane Growers' Association?  Did you notice that in September of 2023 when you signed?

A.   I don't remember.

Q.   Okay.  Do you remember in 2024 signing any job order that said that Sterling was your employer?

A.   Well, all the time we knew the name was Sterling.  I don't know when it changed.

Q.   My question was different.

Did you ever sign a piece of paper like this that identified Sterling as your employer?

A.   I don't remember.  It's just that --

Case 6:24-cv-01392-RRS-CBW   Document 118-20   Filed 05/22/26   Page 9 of 20 PageID #: 2509

Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 109

Q.   You did not work for any other employer than the one endorsed on your visa?

MR. MORTON:

Objection.  Mischaracterizes.

He's already testified that he worked for Sterling Sugars repeatedly.

BY MR. DAVIS:

Q.   Okay.  You can answer.

A.   No.

MR. DAVIS:

MarLane, will you read the last question back.

(The question was read as follows: "Q.  You did not work for any other employer than the one endorsed on your visa?")

A.   No.

Q.   Is that no, you did not?

A.   No.

Q.   And is that true for all of the class members that you seek to represent also?

MR. MORTON:

And same objection.

Mischaracterizes.

Case 6:24-cv-01392-RRS-CBW    Document 118-20    Filed 05/22/26    Page 10 of 20
PageID #: 2510
Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 110

THE WITNESS:

Well, as far as I know, we all worked for Sterling.

They also told us that after we were finished, that we could stay for 15 more days so that we could, you know, go shopping or something.  But I never stayed.  I always went straight home afterwards.

BY MR. DAVIS:

Q.  So you believe that the class members that you represent worked for an employer different than printed on their visa?

MR. MORTON:

Objection.  Form.

THE WITNESS:

No.  I don't think they worked for anyone else other than Sterling or this group.

BY MR. DAVIS:

Q.  Okay.  I want to look at your allegations in Paragraph 2 of your complaint.  You claim that South Central Sugar Cane Growers' Association made false representations to the United States

Page 111

government.  Do you see that?

A.    In Paragraph 2?

Q.    Yes, sir.

A.    Okay.  Now what was the question you asked?

MR. DAVIS:

Catherine -- I'm sorry.

MarLane, will you please read back the last question.

(Question read.)

A.    Yes.  I'm not saying that they made false representations.

What it does say -- so what we were told is that if anybody asked us, we were supposed to say that we were agricultural workers, not truck drivers.  So why were they telling us that?

Q.    Who told you that?

A.    Well, when they had the meetings.  They had the meetings in the dining room.

Q.    Did Jose Santos tell you that?

A.    He did in part, and the other part they did it when we were there all meeting together.

Q.    Did you -- are you able to identify any other person who told you that at the meeting in the dining room hall?

Case 6:24-cv-01392-RRS-CBW    Document 118-20    Filed 05/22/26    Page 12 of 20
PageID #: 2512
Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 153

And I -- just, the witness is using a term in Spanish "operador agriculas," which I would translate as agricultural operators.

MR. DAVIS:

Okay.

BY MR. DAVIS:

Q.   So Mr. Avila, when you entered the United States to haul sugar cane for the 2022 season, were you told that you were going to earn $12.45 per hour?

A.   At the meeting that we had with Jose Santos, yes.

Q.   Okay.  I want to show you what I'm marking as Exhibit D.

(Exhibit D was marked.)

MR. MORTON:

Did you have an extra?  What's that -- 163.

BY MR. DAVIS:

Q.   Mr. Avila, there's a pay rate that's printed at the bottom of those documents that say "$12.45."  Do you see that?

A.   In the document that I'm looking at?

Q.   Yes, sir.  It's at the bottom.  Bottom

Case 6:24-cv-01392-RRS-CBW   Document 118-20   Filed 05/22/26   Page 13 of 20
PageID #: 2513
Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 154

left-hand corner that says, "Rate, $12.45."

MR. MORTON:

And I'll just object.  You're asking the witness about an English language document.

THE WITNESS:

Right here.

BY MR. DAVIS:

Q.   The rate.  The rate.

A.   12.45?

Q.   Do you see that?

A.   Yes.

Q.   Okay.  Now at any time in 2022 were you paid less than $12.45 per hour?

A.   I believe.  I wasn't paying attention.  But yeah, I mean, I don't think so.

MR. MORTON:

He said "I don't understand something" --

THE WITNESS:

So I believe it says 12.45, but I didn't find out -- I mean, I didn't know because they were going to pay us -- if they were paying us that or not.

Case 6:24-cv-01392-RRS-CBW   Document 118-20   Filed 05/22/26   Page 14 of 20
PageID #:  2514
Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 155

BY MR. DAVIS:

Q.   So all right.  Now that -- now the pay stub says $12.45.

A.   Yes.  Down here.

Q.   Now did you ever receive, like, a check -- a paycheck that was less than what that stub says in terms of the rate?

MR. MORTON:

I'll just object.  You're asking the witness about an English document.

THE WITNESS:

Yes.

MR. DAVIS:

No, no, no.  It was -- the question was did he ever receive less than what was printed of the rate.  The rate.  Not -- it was not about the document.

MR. MORTON:

Yeah.  The document's in English.

MR. DAVIS:

No.  He -- about the rate, 12.45.

Case 6:24-cv-01392-RRS-CBW    Document 118-20    Filed 05/22/26    Page 15 of 20
PageID #: 2515
Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 156

BY MR. DAVIS:

Q.   So Mr. Soto, my question is in 2022 were you ever paid less than $12.45 cents per hour.

A.   I didn't find out about it.  I would just take the check, and that was it.  I never stopped to figure out how much it was.

Q.   Okay.  Since -- as of now have you done that math?

A.   No.  I haven't either.

Q.   So currently, you have no evidence that you were paid less than $12.45 per hour in the 2022 harvest season?

MR. MORTON:

Objection.  Form.

THE WITNESS:

Well, as far as evidence, I mean, I don't know about evidence. All I have is my check stub.

BY MR. DAVIS:

Q.   Okay.  So in terms of the rate that you were paid, you have no evidence to dispute that you were paid $12.45 per hour in 2022.

MR. MORTON:

Objection.  Form.

Objection.  Mischaracterizes.

Case 6:24-cv-01392-RRS-CBW    Document 118-20    Filed 05/22/26    Page 16 of 20
PageID #:  2516
Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 167

BY MR. DAVIS:

Q.    How long have you had the federal license?

A.    You didn't have to have a federal driver's license when we're able to drive with a state one.

Q.    How long have you had the federal license?

MR. MORTON:

Objection.  Asked --

THE WITNESS:

So I've been working with the federal license since, well, probably like 15 years, something like that.  I'm not really sure.

I started working with the federal license once I was no longer able to work with the state one.

BY MR. DAVIS:

Q.    Okay.  How much -- when you got the -- is there an office in Torreon that you go to apply for the federal license?

A.    Yes.  At the ministry of commerce and transportation.

Q.    Do you have to put in an application to get the license?

A.    You go and make an appointment in person

Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 157

BY MR. DAVIS:

Q.    Please answer.

A.    I -- no.  I don't have any way of proving if they paid more or not.

Q.    I want to show you a copy of what I've marked as Exhibit E.

(Exhibit E was marked.)

MR. MORTON:

Do you have more copies of this?

THE WITNESS:

These are my taxes.  No?

BY MR. DAVIS:

Q.    Yes, sir.

Is any of that information that's printed there false?

MR. MORTON:

Objection.  Form.

THE WITNESS:

No.  I don't think so.

BY MR. DAVIS:

Q.    So then looking back at the 2023 document that you signed in September -- that was at Page 929 --

A.    Well, I was commenting that on the year

Case 6:24-cv-01392-RRS-CBW    Document 118-20    Filed 05/22/26    Page 18 of 20
PageID #: 2518
Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 171

Please tell us how many people we need to reimburse.

MR. MORTON:

Objection.  Form.

THE WITNESS:

The ones that are in the lawsuit.

BY MR. DAVIS:

Q.    Okay.

A.    Because they demanded it from all of us.

Q.    Now what other expenses do you want reimbursed?

A.    So the license and the device that we had to have working in Louisiana that they would use to send us information and notifications on.

Q.    Did you pay money for a device?

A.    Yes.  And the line as well.

Q.    How much did you pay for the device?

A.    Well, it's just that the place depends.  I think mine cost, like, $230 I think.

Q.    Did any of the other class members that you want to represent buy devices to work in the United States?

A.    That's correct.  Yes.

Q.    How much did they pay for their devices?

Case 6:24-cv-01392-RRS-CBW    Document 118-20    Filed 05/22/26    Page 19 of 20
PageID #: 2519
Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 172

A.   Well, it just depends on which one every person got.  I mean, like, some of them were 180, and some of them were other places I don't know.

Q.   Have you asked for the receipts so that the reimbursements can be paid?

A.   Well, we have -- I mean -- well, me, myself, I had it, but I don't know where it's at right now.

Q.   Do you know -- do you know where any of the other receipts are that you want reimbursed concerning the devices that were bought?

A.   I don't know about the other devices.  I mean, mine, I lost it.

Q.   You lost the receipt?

A.   I lost the receipts.

Q.   Did you also lose the device?

A.   No.  I still have the device.  This is one of them.

Q.   Well, how much did you pay per month for the line?

A.   For the line we were paying $80.

Q.   Do you -- is that $80 per month?

A.   So it was $80.  There were four people of us in the group, and so we were each paying $80.

Q.   Was that your monthly bill?  Monthly phone

Felipe De Jesus Avila-Soto (Volume II)
Felipe De Jesus Avila-Soto, et al v. South Central Sugarcane Growers' Association, et al

Page 181

the hotel in Monterrey.

Q.   I understand.  You made that very clear.

So then what -- are there any other expenses that you're claiming in this lawsuit that we have not discussed?  Am I missing anything?

A.   No.  I'm just claiming the overtime, the rest of the salary, and the devices.

Q.   I'm going to show you a copy of a document that I've marked as Exhibit G.

(Exhibit G was marked.)

When you testified in December, you mentioned that each time you applied for a visa at the United States consolate in Monterrey, your statements were accurate.  You remember that?

INTERPRETER:

You're statements were what?

MR. DAVIS:

Accurate.

THE WITNESS:

Yes.  That was the truth.

Yes.

BY MR. DAVIS:

Q.   To your knowledge, have you made any false statements to the United States government at any time as it relates to your lawsuit?