Sterling Sugars, LLC
611 Irish Bend Road
Franklin, Louisiana 70533
(Herein "SS")

South Central Sugar Cane Growers'
Association, Inc.
611 Irish Bend Road
Franklin, Louisiana 70538

## PROMISSORY NOTE

Franklin, Louisiana                                                                 January 02,2025

For value received, the undersigned, in solido, promise to pay to the order of SS, THREE HUNDRED FIFTY THOUSAND DOLLARS AND 00/100 ($350,000.00) at the SS office, together with interest, according to the rate and repayment provisions, the governing law, the security and the general provisions set forth below.

NOT APPLICABLE UNLESS MARKED

( )    VARIABLE INTEREST RATE
The interest rate on this note is subject to change from time to time based on changes in an independent index which is the prime rate for the US designated in the "Money Rates" section of the Wall Street Journal. The index is currently at 4.00% per annum. Interest on the unpaid principal balance of this note will be calculated as described in the "Interest Calculation Method" paragraph below using a rate equal to the index, adjusted if necessary for any min and max rate limitations described below, resulting in and initial rate of 8.50% per annum.

( )    Interest Calculation Method:  Interest on this note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplies by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.  All interest payable under this note is computed using this method.  This calculation method results in a higher effective interest rate than the numeric interest rate stated on this note.

REPAYMENT PROVISIONS:

**The unpaid principal and accrued interest shall be payable in full on any future date on which SS demands repayment.**

( )   LATE CHARGE:

THE UNDERSIGNED HEREBY AGREES TO PAY SS A LATE CHARGE FOR EACH PAYMENT NOT MADE WITHIN 10 DAYS OF ITS DUE DATE IN THE AMOUNT WHICH IS THE GREATER OF: (i) 5.00% OF THE PAYMENT THEN DUE; OR (ii) $1.00 HOWEVER SUCH LATE CHARGE SHALL IN NO EVENT EXCEED $15.00. THE IMPOSITION OF A LATE CHARGE PURSUANT TO THIS SECTION SHALL NOT ACT AS A WAIVER OF DEFAULT OF THIS NOTE.

GOVERNING LAW

SS and the undersigned severally agree that this Note and the loan for commercial, business, or agricultural purposes evidenced by this Note shall be governed by LSA-R.S 9:3509. Therefore, the undersigned may pay SS any agreed rate of interest even in excess of the maximum rate authorized by the laws of Louisiana and may not assert the defense or claim of usury in connection with this Note.

SECURITY

The obligations evidenced by this Note are secured by the security interest granted in each security agreement, and by each existing security right executed in favor of SS as security for obligations of the undersigned, unless limited therein, Except for IRA, tax-deferred, and fiduciary deposit accounts, the undersigned hereby grant SS a continuing security interest in   [   ] all deposit accounts and certificates of deposit, now owned or hereafter acquired, [    ] deposit account(s) and certificate(s) of deposit numbered _____
and a right of offset in all deposit accounts to secure the obligations evidenced by this Note and, except as prohibited by the Truth in Lending Act and Regulation Z, any other obligations in favor of MAP.  If future obligations are evidenced by this Note, they are secured by existing security rights unless limited therein.

GENERAL PROVISIONS

This Note shall immediately become due and payable at SS's option without demand, notice, or putting in default if the makers, endorsers, guarantors, or sureties, or any of them should: 1)fail to pay or perform any obligation of this Note or any other obligation in favor of SS, 2) violate any federal or state environmental law or regulation, 3) fail to perform any covenant of any collateral mortgage note, collateral mortgage, collateral chattel mortgage note, collateral chattel mortgage, multiple obligations mortgage, security agreement, pledge, assignment of accounts receivable, or any other agreement given to secure the payment of this Note or any other obligation in favor of SS, 4) die, 5) dissolve, liquidate or terminate existence, 6) become insolvent, 7) be unable to pay debts as they mature, 8) suspend business, 9) engage in a respite, 10) engage in an assignment for the benefit of creditors, 11) be the subject of a receivership, 12) be convicted of a crime other than a traffic violation, 13) allow his property to become subject to any tax lien or be sold by local, state or federal taxing authorities, 14) conceal, remove, transfer or permit to be concealed, removed, or transferred any of his property with intent to hinder, delay, or defraud any creditors, 15) transfer any of his property to any credit or account of an antecedent debt while insolvent if such transfer has the effect of preferring that creditor over other creditors, 16) file or have filed against him a petition for an order for relief under the Bankruptcy Code, 17) fail to pay the Note in full in the event of negative amortization, 18) allow any of his property to be seized by any federal or state drug or other law enforcement authorities, or 19) be the subject of a judgment.

The undersigned and each of them hereby waive present for payment, demand, notice of dishonor and protest, and consent that the time of payment may be extended one or more times without notice thereof, and , in the event of nonpayment at maturity or any other default described in the previous paragraph, agree, in solido, to pay all reasonable attorney's fees incurred in the collection of this Note, or any portion thereof including interest, which fees are hereby fixed at **25.000%** on the amount to be collected.  In the event of default, the interest rate on this Note shall not exceed the maximum authorized by law.

OTHER:

**AG. SEC. AGREE. AND COM. SEC. AGREE, AND S.A.  The Purpose of this Loan is to fund operations.**

CONFIDENTIAL

SCSCGA - 023282

R. GONSOULIN
02.18.2026

**Exhibit 20**

KRISTIE GARRISON

_____
Endorser

_____
Endorser

BY: _____
Maker: Ricky Gonsoulin, President, South Central  Sugar Cane Growers' Assoc.

_____
Maker: Chris Patout, Secretary, South Central Sugar Cane Growers' Assoc.

CONFIDENTIAL

SCSCGA - 023281

Sterling Sugars, LLC
611 Irish Bend Road
Franklin, Louisiana 70533
(Herein "SS")

South Central Sugar Cane Growers'
Association, Inc.
611 Irish Bend Road
Franklin, Louisiana 70538

## PROMISSORY NOTE

Franklin, Louisiana                                                                                    April 21, 2025

For value received, the undersigned, in solido, promise to pay to the order of SS,
__TWO HUNDRED FIFTY THOUSAND DOLLARS AND 00/100 ($250,000.00)__ at the SS office, together with interest, according to the rate and repayment provisions, the governing law, the security and the general provisions set forth below.

NOT APPLICABLE UNLESS MARKED

(  )    VARIABLE INTEREST RATE
The interest rate on this note is subject to change from time to time based on changes in an independent index which is the prime rate for the US designated in the "Money Rates" section of the Wall Street Journal. The index is currently at 4.00% per annum. Interest on the unpaid principal balance of this note will be calculated as described in the "Interest Calculation Method" paragraph below using a rate equal to the index, adjusted if necessary for any min and max rate limitations described below, resulting in and initial rate of 8.50% per annum.

(  )    Interest Calculation Method: Interest on this note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplies by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this note is computed using this method. This calculation method results in a higher effective interest rate than the numeric interest rate stated on this note.

REPAYMENT PROVISIONS:

**The unpaid principal and accrued interest shall be payable in full on any future date on which SS demands repayment.**

(  )    LATE CHARGE:

THE UNDERSIGNED HEREBY AGREES TO PAY SS A LATE CHARGE FOR EACH PAYMENT NOT MADE WITHIN 10 DAYS OF ITS DUE DATE IN THE AMOUNT WHICH IS THE GREATER OF: (i) 5.00% OF THE PAYMENT THEN DUE; OR (ii) $1.00 HOWEVER SUCH LATE CHARGE SHALL IN NO EVENT EXCEED $15.00. THE IMPOSITION OF A LATE CHARGE PURSUANT TO THIS SECTION SHALL NOT ACT AS A WAIVER OF DEFAULT OF THIS NOTE.

GOVERNING LAW

SS and the undersigned severally agree that this Note and the loan for commercial, business, or agricultural purposes evidenced by this Note shall be governed by LSA-R.S 9:3509. Therefore, the undersigned may pay SS any agreed rate of interest even in excess of the maximum rate authorized by the laws of Louisiana and may not assert the defense or claim of usury in connection with this Note.

SECURITY

The obligations evidenced by this Note are secured by the security interest granted in each security agreement, and by each existing security right executed in favor of SS as security for obligations of the undersigned, unless limited therein, Except for IRA, tax-deferred, and fiduciary deposit accounts, the undersigned hereby grant SS a continuing security interest in [   ] all deposit accounts and certificates of deposit, now owned or hereafter acquired, [   ] deposit account(s) and certificate(s) of deposit numbered _____
and a right of offset in all deposit accounts to secure the obligations evidenced by this Note and, except as prohibited by the Truth in Lending Act and Regulation Z, any other obligations in favor of MAP. If future obligations are evidenced by this Note, they are secured by existing security rights unless limited therein.

GENERAL PROVISIONS

This Note shall immediately become due and payable at SS's option without demand, notice, or putting in default if the makers, endorsers, guarantors, or sureties, or any of them should: 1) fail to pay or perform any obligation of this Note or any other obligation in favor of SS, 2) violate any federal or state environmental law or regulation, 3) fail to perform any covenant of any collateral mortgage note, collateral mortgage, collateral chattel mortgage note, collateral chattel mortgage, multiple obligations mortgage, security agreement, pledge, assignment of accounts receivable, or any other agreement given to secure the payment of this Note or any other obligation in favor of SS, 4) die, 5) dissolve, liquidate or terminate existence, 6) become insolvent, 7) be unable to pay debts as they mature, 8) suspend business, 9) engage in a respite, 10) engage in an assignment for the benefit of creditors, 11) be the subject of a receivership, 12) be convicted of a crime other than a traffic violation, 13) allow his property to become subject to any tax lien or be sold by local, state or federal taxing authorities, 14) conceal, remove, transfer or permit to be concealed, removed, or transferred any of his property with intent to hinder, delay, or defraud any creditors, 15) transfer any of his property to any credit or account of an antecedent debt while insolvent if such transfer has the effect of preferring that creditor over other creditors, 16) file or have filed against him a petition for an order for relief under the Bankruptcy Code, 17) fail to pay the Note in full in the event of negative amortization, 18) allow any of his property to be seized by any federal or state drug or other law enforcement authorities, or 19) be the subject of a judgment.

The undersigned and each of them hereby waive present for payment, demand, notice of dishonor and protest, and consent that the time of payment may be extended one or more times without notice thereof, and, in the event of nonpayment at maturity or any other default described in the previous paragraph, agree, in solido, to pay all reasonable attorney's fees incurred in the collection of this Note, or any portion thereof including interest, which fees are hereby fixed at __25.000%__ on the amount to be collected. In the event of default, the interest rate on this Note shall not exceed the maximum authorized by law.

OTHER:

AG. SEC. AGREE. AND COM. SEC. AGREE, AND S.A.  The Purpose of this Loan is to fund operations.

CONFIDENTIAL

SCSCGA - 023282

_____
Endorser

_____
Endorser

BY: _____
Maker: Ricky Gonsoulin, President, South Central Sugar Cane Growers' Assoc.

_____
Maker: Chris Patout, Secretary, South Central Sugar Cane Growers' Assoc.

CONFIDENTIAL

SCSCGA - 023283

Sterling Sugars, LLC
611 Irish Bend Road
Franklin, Louisiana 70533
(Herein "SS")

South Central Sugar Cane Growers'
Association, Inc.
611 Irish Bend Road
Franklin, Louisiana 70538

# PROMISSORY NOTE

Franklin, Louisiana                                                                                    June 16,2025

For value received, the undersigned, in solido, promise to pay to the order of SS,
<u>FOUR MILLION ONE-HUNDRED THOUSAND DOLLARS AND 00/100 ($4,100,000.00)</u> at the SS office, together with interest, according to the rate and repayment provisions, the governing law, the security and the general provisions set forth below.

## NOT APPLICABLE UNLESS MARKED

( )    VARIABLE INTEREST RATE
The interest rate on this note is subject to change from time to time based on changes in an independent index which is the prime rate for the US designated in the "Money Rates" section of the Wall Street Journal.  The index is currently at 4.00% per annum. Interest on the unpaid principal balance of this note will be calculated as described in the "Interest Calculation Method" paragraph below using a rate equal to the index, adjusted if necessary for any min and max rate limitations described below, resulting in and initial rate of 8.50% per annum.

( )    Interest Calculation Method:  Interest on this note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplies by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.  All interest payable under this note is computed using this method.  This calculation method results in a higher effective interest rate than the numeric interest rate stated on this note.

## REPAYMENT PROVISIONS:

**The unpaid principal and accrued interest shall be payable in full on any future date on which SS demands repayment.**

( )  LATE CHARGE:

THE UNDERSIGNED HEREBY AGREES TO PAY SS A LATE CHARGE FOR EACH PAYMENT NOT MADE WITHIN 10 DAYS OF ITS DUE DATE IN THE AMOUNT WHICH IS THE GREATER OF: (i) 5.00% OF THE PAYMENT THEN DUE; OR (ii) $1.00 HOWEVER SUCH LATE CHARGE SHALL IN NO EVENT EXCEED $15.00.  THE IMPOSITION OF A LATE CHARGE PURSUANT TO THIS SECTION SHALL NOT ACT AS A WAIVER OF DEFAULT OF THIS NOTE.

## GOVERNING LAW

SS and the undersigned severally agree that this Note and the loan for commercial, business, or agricultural purposes evidenced by this Note shall be governed by LSA-R.S 9:3509. Therefore, the undersigned may pay SS any agreed rate of interest even in excess of the maximum rate authorized by the laws of Louisiana and may not assert the defense or claim of usury in connection with this Note.

## SECURITY

The obligations evidenced by this Note are secured by the security interest granted in each security agreement, and by each existing security right executed in favor of SS as security for obligations of the undersigned, unless limited therein, Except for IRA, tax-deferred, and fiduciary deposit accounts, the undersigned hereby grant SS a continuing security interest in   [    ] all deposit accounts and certificates of deposit, now owned or hereafter acquired, [    ] deposit account(s) and certificate(s) of deposit numbered _____
and a right of offset in all deposit accounts to secure the obligations evidenced by this Note and, except as prohibited by the Truth in Lending Act and Regulation Z, any other obligations in favor of MAP.  If future obligations are evidenced by this Note, they are secured by existing security rights unless limited therein.

## GENERAL PROVISIONS

This Note shall immediately become due and payable at SS's option without demand, notice, or putting in default if the makers, endorsers, guarantors, or sureties, or any of them should: 1)fail to pay or perform any obligation of this Note or any other obligation in favor of SS, 2) violate any federal or state environmental law or regulation, 3) fail to perform any covenant of any collateral mortgage note, collateral mortgage, collateral chattel mortgage note, collateral chattel mortgage, multiple obligations mortgage, security agreement, pledge, assignment of accounts receivable, or any other agreement given to secure the payment of this Note or any other obligation in favor of SS, 4) die, 5) dissolve, liquidate or terminate existence, 6) become insolvent, 7) be unable to pay debts as they mature, 8) suspend business, 9) engage in a respite, 10) engage in an assignment for the benefit of creditors, 11) be the subject of a receivership, 12) be convicted of a crime other than a traffic violation, 13) allow his property to become subject to any tax lien or be sold by local, state or federal taxing authorities, 14) conceal, remove, transfer or permit to be concealed, removed, or transferred any of his property with intent to hinder, delay, or defraud any creditors, 15) transfer any of his property to any credit or account of an antecedent debt while insolvent if such transfer has the effect of preferring that creditor over other creditors, 16) file or have filed against him a petition for an order for relief under the Bankruptcy Code, 17) fail to pay the Note in full in the event of negative amortization, 18) allow any of his property to be seized by any federal or state drug or other law enforcement authorities, or 19) be the subject of a judgment.

The undersigned and each of them hereby waive present for payment, demand, notice of dishonor and protest, and consent that the time of payment may be extended one or more times without notice thereof, and , in the event of nonpayment at maturity or any other default described in the previous paragraph, agree, in solido, to pay all reasonable attorney's fees incurred in the collection of this Note, or any portion thereof including interest, which fees are hereby fixed at <u>**25.000%**</u> on the amount to be collected.  In the event of default, the interest rate on this Note shall not exceed the maximum authorized by law.

## OTHER:

**AG. SEC. AGREE. AND COM. SEC. AGREE, AND S.A.  The Purpose of this Loan is to fund operations.**

CONFIDENTIAL

SCSCGA - 023284

BY: _____
Maker: Ricky Gonsoulin, President, South Central  Sugar Cane Growers' Assoc.

_____
Maker: Chris Patout, Secretary, South Central Sugar Cane Growers' Assoc.

_____
Endorser

_____
Endorser

CONFIDENTIAL

SCSCGA - 023285

Sterling Sugars, LLC
611 Irish Bend Road
Franklin, Louisiana 70533
(Herein "SS")

South Central Sugar Cane Growers'
Association, Inc.
611 Irish Bend Road
Franklin, Louisiana 70538

## PROMISSORY NOTE

Franklin, Louisiana                                                                                          8/25/2025

For value received, the undersigned, in solido, promise to pay to the order of SS, TWENTY-FIVE THOUSAND DOLLARS AND 00/100 ($25,000.00) at the SS office, together with interest, according to the rate and repayment provisions, the governing law, the security and the general provisions set forth below.

NOT APPLICABLE UNLESS MARKED

( )     VARIABLE INTEREST RATE

The interest rate on this note is subject to change from time to time based on changes in an independent index which is the prime rate for the US designated in the "Money Rates" section of the Wall Street Journal. The index is currently at 4.00% per annum. Interest on the unpaid principal balance of this note will be calculated as described in the "Interest Calculation Method" paragraph below using a rate equal to the index, adjusted if necessary for any min and max rate limitations described below, resulting in and initial rate of 8.50% per annum.

( )     Interest Calculation Method:  Interest on this note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplies by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this note is computed using this method. This calculation method results in a higher effective interest rate than the numeric interest rate stated on this note.

REPAYMENT PROVISIONS:

**The unpaid principal and accrued interest shall be payable in full on any future date on which SS demands repayment.**

( )     LATE CHARGE:

THE UNDERSIGNED HEREBY AGREES TO PAY SS A LATE CHARGE FOR EACH PAYMENT NOT MADE WITHIN 10 DAYS OF ITS DUE DATE IN THE AMOUNT WHICH IS THE GREATER OF: (i) 5.00% OF THE PAYMENT THEN DUE; OR (ii) $1.00 HOWEVER SUCH LATE CHARGE SHALL IN NO EVENT EXCEED $15.00. THE IMPOSITION OF A LATE CHARGE PURSUANT TO THIS SECTION SHALL NOT ACT AS A WAIVER OF DEFAULT OF THIS NOTE.

GOVERNING LAW

SS and the undersigned severally agree that this Note and the loan for commercial, business, or agricultural purposes evidenced by this Note shall be governed by LSA-R.S 9:3509. Therefore, the undersigned may pay SS any agreed rate of interest even in excess of the maximum rate authorized by the laws of Louisiana and may not assert the defense or claim of usury in connection with this Note.

SECURITY

The obligations evidenced by this Note are secured by the security interest granted in each security agreement, and by each existing security right executed in favor of SS as security for obligations of the undersigned, unless limited therein, Except for IRA, tax-deferred, and fiduciary deposit accounts, the undersigned hereby grant SS a continuing security interest in   [   ] all deposit accounts and certificates of deposit, now owned or hereafter acquired, [   ] deposit account(s) and certificate(s) of deposit numbered _____
and a right of offset in all deposit accounts to secure the obligations evidenced by this Note and, except as prohibited by the Truth in Lending Act and Regulation Z, any other obligations in favor of MAP. If future obligations are evidenced by this Note, they are secured by existing security rights unless limited therein.

GENERAL PROVISIONS

This Note shall immediately become due and payable at SS's option without demand, notice, or putting in default if the makers, endorsers, guarantors, or sureties, or any of them should: 1)fail to pay or perform any obligation of this Note or any other obligation in favor of SS, 2) violate any federal or state environmental law or regulation, 3) fail to perform any covenant of any collateral mortgage note, collateral mortgage, collateral chattel mortgage note, collateral chattel mortgage, multiple obligations mortgage, security agreement, pledge, assignment of accounts receivable, or any other agreement given to secure the payment of this Note or any other obligation in favor of SS, 4) die, 5) dissolve, liquidate or terminate existence, 6) become insolvent, 7) be unable to pay debts as they mature, 8) suspend business, 9) engage in a respite, 10) engage in an assignment for the benefit of creditors, 11) be the subject of a receivership, 12) be convicted of a crime other than a traffic violation, 13) allow his property to become subject to any tax lien or be sold by local, state or federal taxing authorities, 14) conceal, remove, transfer or permit to be concealed, removed, or transferred any of his property with intent to hinder, delay, or defraud any creditors, 15) transfer any of his property to any credit or account of an antecedent debt while insolvent if such transfer has the effect of preferring that creditor over other creditors, 16) file or have filed against him a petition for an order for relief under the Bankruptcy Code, 17) fail to pay the Note in full in the event of negative amortization, 18) allow any of his property to be seized by any federal or state drug or other law enforcement authorities, or 19) be the subject of a judgment.

The undersigned and each of them hereby waive present for payment, demand, notice of dishonor and protest, and consent that the time of payment may be extended one or more times without notice thereof, and , in the event of nonpayment at maturity or any other default described in the previous paragraph, agree, in solido, to pay all reasonable attorney's fees incurred in the collection of this Note, or any portion thereof including interest, which fees are hereby fixed at **25.000%** on the amount to be collected. In the event of default, the interest rate on this Note shall not exceed the maximum authorized by law.

OTHER:

**AG. SEC. AGREE. AND COM. SEC. AGREE, AND S.A.  The Purpose of this Loan is to fund operations.**

CONFIDENTIAL

SCSCGA - 023288

Endorser

Endorser _Chris Patout_

BY:

Maker: Ricky Gonsoulin, President, South Central  Sugar Cane Growers' Assoc.

Maker: Chris Patout, Secretary, South Central Sugar Cane Growers' Assoc.

CONFIDENTIAL

SCSCGA - 023287

Sterling Sugars, LLC
611 Irish Bend Road
Franklin, Louisiana 70533
(Herein "SS")

South Central Sugar Cane Growers'
Association, Inc.
611 Irish Bend Road
Franklin, Louisiana 70538

## PROMISSORY NOTE

Franklin, Louisiana                                                                                      9/9/2025

For value received, the undersigned, in solido, promise to pay to the order of SS, FIFTY THOUSAND AND 00/100 ($50,000.00) at the SS office, together with interest, according to the rate and repayment provisions, the governing law, the security and the general provisions set forth below.

NOT APPLICABLE UNLESS MARKED

( )     VARIABLE INTEREST RATE
The interest rate on this note is subject to change from time to time based on changes in an independent index which is the prime rate for the US designated in the "Money Rates" section of the Wall Street Journal. The index is currently at 4.00% per annum. Interest on the unpaid principal balance of this note will be calculated as described in the "Interest Calculation Method" paragraph below using a rate equal to the index, adjusted if necessary for any min and max rate limitations described below, resulting in and initial rate of 8.50% per annum.

( )     Interest Calculation Method: Interest on this note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplies by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this note is computed using this method. This calculation method results in a higher effective interest rate than the numeric interest rate stated on this note.

REPAYMENT PROVISIONS:

**The unpaid principal and accrued interest shall be payable in full on any future date on which SS demands repayment.**

( )     LATE CHARGE:

THE UNDERSIGNED HEREBY AGREES TO PAY SS A LATE CHARGE FOR EACH PAYMENT NOT MADE WITHIN 10 DAYS OF ITS DUE DATE IN THE AMOUNT WHICH IS THE GREATER OF: (i) 5.00% OF THE PAYMENT THEN DUE; OR (ii) $1.00 HOWEVER SUCH LATE CHARGE SHALL IN NO EVENT EXCEED $15.00. THE IMPOSITION OF A LATE CHARGE PURSUANT TO THIS SECTION SHALL NOT ACT AS A WAIVER OF DEFAULT OF THIS NOTE.

GOVERNING LAW

SS and the undersigned severally agree that this Note and the loan for commercial, business, or agricultural purposes evidenced by this Note shall be governed by LSA-R.S 9:3509. Therefore, the undersigned may pay SS any agreed rate of interest even in excess of the maximum rate authorized by the laws of Louisiana and may not assert the defense or claim of usury in connection with this Note.

SECURITY

The obligations evidenced by this Note are secured by the security interest granted in each security agreement, and by each existing security right executed in favor of SS as security for obligations of the undersigned, unless limited therein, Except for IRA, tax-deferred, and fiduciary deposit accounts, the undersigned hereby grant SS a continuing security interest in  [   ] all deposit accounts and certificates of deposit, now owned or hereafter acquired, [   ] deposit account(s) and certificate(s) of deposit numbered _____
and a right of offset in all deposit accounts to secure the obligations evidenced by this Note and, except as prohibited by the Truth in Lending Act and Regulation Z, any other obligations in favor of MAP. If future obligations are evidenced by this Note, they are secured by existing security rights unless limited therein.

GENERAL PROVISIONS

This Note shall immediately become due and payable at SS's option without demand, notice, or putting in default if the makers, endorsers, guarantors, or sureties, or any of them should: 1)fail to pay or perform any obligation of this Note or any other obligation in favor of SS, 2) violate any federal or state environmental law or regulation, 3) fail to perform any covenant of any collateral mortgage note, collateral mortgage, collateral chattel mortgage note, collateral chattel mortgage, multiple obligations mortgage, security agreement, pledge, assignment of accounts receivable, or any other agreement given to secure the payment of this Note or any other obligation in favor of SS, 4) die, 5) dissolve, liquidate or terminate existence, 6) become insolvent, 7) be unable to pay debts as they mature, 8) suspend business, 9) engage in a respite, 10) engage in an assignment for the benefit of creditors, 11) be the subject of a receivership, 12) be convicted of a crime other than a traffic violation, 13) allow his property to become subject to any tax lien or be sold by local, state or federal taxing authorities, 14) conceal, remove, transfer or permit to be concealed, removed, or transferred any of his property with intent to hinder, delay, or defraud any creditors, 15) transfer any of his property to any credit or account of an antecedent debt while insolvent if such transfer has the effect of preferring that creditor over other creditors, 16) file or have filed against him a petition for an order for relief under the Bankruptcy Code, 17) fail to pay the Note in full in the event of negative amortization, 18) allow any of his property to be seized by any federal or state drug or other law enforcement authorities, or 19) be the subject of a judgment.

The undersigned and each of them hereby waive present for payment, demand, notice of dishonor and protest, and consent that the time of payment may be extended one or more times without notice thereof, and , in the event of nonpayment at maturity or any other default described in the previous paragraph, agree, in solido, to pay all reasonable attorney's fees incurred in the collection of this Note, or any portion thereof including interest, which fees are hereby fixed at **25.000%** on the amount to be collected. In the event of default, the interest rate on this Note shall not exceed the maximum authorized by law.

OTHER:

AG. SEC. AGREE. AND COM. SEC. AGREE, AND S.A. The Purpose of this Loan is to fund operations.

CONFIDENTIAL

SCSCGA - 0232880

Endorser

Endorser  Chris Patont

BY:
Maker: Ricky Gonsoulin, President, South Central  Sugar Cane Growers' Assoc.

Maker: Chris Patout, Secretary, South Central Sugar Cane Growers' Assoc.

CONFIDENTIAL

SCSCGA - 023289

| | |
|---|---|
| Sterling Sugars, LLC<br>611 Irish Bend Road<br>Franklin, Louisiana 70533<br>(Herein "SS") | South Central Sugar Cane Growers'<br>Association, Inc.<br>611 Irish Bend Road<br>Franklin, Louisiana 70538 |

# PROMISSORY NOTE

Franklin, Louisiana                                                                                      9/19/2025

For value received, the undersigned, in solido, promise to pay to the order of SS, ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($100,000.00) at the SS office, together with interest, according to the rate and repayment provisions, the governing law, the security and the general provisions set forth below.

NOT APPLICABLE UNLESS MARKED

( )    VARIABLE INTEREST RATE
The interest rate on this note is subject to change from time to time based on changes in an independent index which is the prime rate for the US designated in the "Money Rates" section of the Wall Street Journal. The index is currently at 4.00% per annum. Interest on the unpaid principal balance of this note will be calculated as described in the "Interest Calculation Method" paragraph below using a rate equal to the index, adjusted if necessary for any min and max rate limitations described below, resulting in and initial rate of 8.50% per annum.

( )    Interest Calculation Method: Interest on this note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplies by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this note is computed using this method. This calculation method results in a higher effective interest rate than the numeric interest rate stated on this note.

REPAYMENT PROVISIONS:

**The unpaid principal and accrued interest shall be payable in full on any future date on which SS demands repayment.**

( )    LATE CHARGE:

THE UNDERSIGNED HEREBY AGREES TO PAY SS A LATE CHARGE FOR EACH PAYMENT NOT MADE WITHIN 10 DAYS OF ITS DUE DATE IN THE AMOUNT WHICH IS THE GREATER OF: (i) 5.00% OF THE PAYMENT THEN DUE; OR (ii) $1.00 HOWEVER SUCH LATE CHARGE SHALL IN NO EVENT EXCEED $15.00. THE IMPOSITION OF A LATE CHARGE PURSUANT TO THIS SECTION SHALL NOT ACT AS A WAIVER OF DEFAULT OF THIS NOTE.

GOVERNING LAW

SS and the undersigned severally agree that this Note and the loan for commercial, business, or agricultural purposes evidenced by this Note shall be governed by LSA-R.S 9:3509. Therefore, the undersigned may pay SS any agreed rate of interest even in excess of the maximum rate authorized by the laws of Louisiana and may not assert the defense or claim of usury in connection with this Note.

SECURITY

The obligations evidenced by this Note are secured by the security interest granted in each security agreement, and by each existing security right executed in favor of SS as security for obligations of the undersigned, unless limited therein, Except for IRA, tax-deferred, and fiduciary deposit accounts, the undersigned hereby grant SS a continuing security interest in [ ] all deposit accounts and certificates of deposit, now owned or hereafter acquired, [ ] deposit account(s) and certificate(s) of deposit numbered _____
and a right of offset in all deposit accounts to secure the obligations evidenced by this Note and, except as prohibited by the Truth in Lending Act and Regulation Z, any other obligations in favor of MAP. If future obligations are evidenced by this Note, they are secured by existing security rights unless limited therein.

GENERAL PROVISIONS

This Note shall immediately become due and payable at SS's option without demand, notice, or putting in default if the makers, endorsers, guarantors, or sureties, or any of them should: 1)fail to pay or perform any obligation of this Note or any other obligation in favor of SS, 2) violate any federal or state environmental law or regulation, 3) fail to perform any covenant of any collateral mortgage note, collateral mortgage, collateral chattel mortgage note, collateral chattel mortgage, multiple obligations mortgage, security agreement, pledge, assignment of accounts receivable, or any other agreement given to secure the payment of this Note or any other obligation in favor of SS, 4) die, 5) dissolve, liquidate or terminate existence, 6) become insolvent, 7) be unable to pay debts as they mature, 8) suspend business, 9) engage in a respite, 10) engage in an assignment for the benefit of creditors, 11) be the subject of a receivership, 12) be convicted of a crime other than a traffic violation, 13) allow his property to become subject to any tax lien or be sold by local, state or federal taxing authorities, 14) conceal, remove, transfer or permit to be concealed, removed, or transferred any of his property with intent to hinder, delay, or defraud any creditors, 15) transfer any of his property to any credit or account of an antecedent debt while insolvent if such transfer has the effect of preferring that creditor over other creditors, 16) file or have filed against him a petition for an order for relief under the Bankruptcy Code, 17) fail to pay the Note in full in the event of negative amortization, 18) allow any of his property to be seized by any federal or state drug or other law enforcement authorities, or 19) be the subject of a judgment.

The undersigned and each of them hereby waive present for payment, demand, notice of dishonor and protest, and consent that the time of payment may be extended one or more times without notice thereof, and , in the event of nonpayment at maturity or any other default described in the previous paragraph, agree, in solido, to pay all reasonable attorney's fees incurred in the collection of this Note, or any portion thereof including interest, which fees are hereby fixed at **25.000%** on the amount to be collected. In the event of default, the interest rate on this Note shall not exceed the maximum authorized by law.

OTHER:

**AG. SEC. AGREE. AND COM. SEC. AGREE, AND S.A. The Purpose of this Loan is to fund operations.**

CONFIDENTIAL

SCSCGA - 023290

Endorser

Chris Patout
Endorser

BY:
Maker: Ricky Gonsoulin, President, South Central  Sugar Cane Growers' Assoc.

Maker: Chris Patout, Secretary, South Central Sugar Cane Growers' Assoc.

CONFIDENTIAL

SCSCGA - 023291

Sterling Sugars, LLC
611 Irish Bend Road
Franklin, Louisiana 70533
(Herein "SS")

South Central Sugar Cane Growers'
Association, Inc.
611 Irish Bend Road
Franklin, Louisiana 70538

## PROMISSORY NOTE

Franklin, Louisiana                                                                                          9/24/2025

For value received, the undersigned, in solido, promise to pay to the order of SS, FOUR HUNDRED THOUSAND AND 00/100 DOLLARS ($400,000.00) at the SS office, together with interest, according to the rate and repayment provisions, the governing law, the security and the general provisions set forth below.

NOT APPLICABLE UNLESS MARKED

( )    VARIABLE INTEREST RATE
The interest rate on this note is subject to change from time to time based on changes in an independent index which is the prime rate for the US designated in the "Money Rates" section of the Wall Street Journal. The index is currently at 4.00% per annum. Interest on the unpaid principal balance of this note will be calculated as described in the "Interest Calculation Method" paragraph below using a rate equal to the index, adjusted if necessary for any min and max rate limitations described below, resulting in and initial rate of 8.50% per annum.

( )    Interest Calculation Method: Interest on this note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplies by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this note is computed using this method. This calculation method results in a higher effective interest rate than the numeric interest rate stated on this note.

REPAYMENT PROVISIONS:

**The unpaid principal and accrued interest shall be payable in full on any future date on which SS demands repayment.**

( )    LATE CHARGE:

THE UNDERSIGNED HEREBY AGREES TO PAY SS A LATE CHARGE FOR EACH PAYMENT NOT MADE WITHIN 10 DAYS OF ITS DUE DATE IN THE AMOUNT WHICH IS THE GREATER OF: (i) 5.00% OF THE PAYMENT THEN DUE; OR (ii) $1.00 HOWEVER SUCH LATE CHARGE SHALL IN NO EVENT EXCEED $15.00. THE IMPOSITION OF A LATE CHARGE PURSUANT TO THIS SECTION SHALL NOT ACT AS A WAIVER OF DEFAULT OF THIS NOTE.

GOVERNING LAW

SS and the undersigned severally agree that this Note and the loan for commercial, business, or agricultural purposes evidenced by this Note shall be governed by LSA-R.S 9:3509. Therefore, the undersigned may pay SS any agreed rate of interest even in excess of the maximum rate authorized by the laws of Louisiana and may not assert the defense or claim of usury in connection with this Note.

SECURITY

The obligations evidenced by this Note are secured by the security interest granted in each security agreement, and by each existing security right executed in favor of SS as security for obligations of the undersigned, unless limited therein, Except for IRA, tax-deferred, and fiduciary deposit accounts, the undersigned hereby grant SS a continuing security interest in   [   ] all deposit accounts and certificates of deposit, now owned or hereafter acquired, [   ] deposit account(s) and certificate(s) of deposit numbered _____
and a right of offset in all deposit accounts to secure the obligations evidenced by this Note and, except as prohibited by the Truth in Lending Act and Regulation Z, any other obligations in favor of MAP. If future obligations are evidenced by this Note, they are secured by existing security rights unless limited therein.

GENERAL PROVISIONS

This Note shall immediately become due and payable at SS's option without demand, notice, or putting in default if the makers, endorsers, guarantors, or sureties, or any of them should: 1)fail to pay or perform any obligation of this Note or any other obligation in favor of SS, 2) violate any federal or state environmental law or regulation, 3) fail to perform any covenant of any collateral mortgage note, collateral mortgage, collateral chattel mortgage note, collateral chattel mortgage, multiple obligations mortgage, security agreement, pledge, assignment of accounts receivable, or any other agreement given to secure the payment of this Note or any other obligation in favor of SS, 4) die, 5) dissolve, liquidate or terminate existence, 6) become insolvent, 7) be unable to pay debts as they mature, 8) suspend business, 9) engage in a respite, 10) engage in an assignment for the benefit of creditors, 11) be the subject of a receivership, 12) be convicted of a crime other than a traffic violation, 13) allow his property to become subject to any tax lien or be sold by local, state or federal taxing authorities, 14) conceal, remove, transfer or permit to be concealed, removed, or transferred any of his property with intent to hinder, delay, or defraud any creditors, 15) transfer any of his property to any credit or account of an antecedent debt while insolvent if such transfer has the effect of preferring that creditor over other creditors, 16) file or have filed against him a petition for an order for relief under the Bankruptcy Code, 17) fail to pay the Note in full in the event of negative amortization, 18) allow any of his property to be seized by any federal or state drug or other law enforcement authorities, or 19) be the subject of a judgment.

The undersigned and each of them hereby waive present for payment, demand, notice of dishonor and protest, and consent that the time of payment may be extended one or more times without notice thereof, and , in the event of nonpayment at maturity or any other default described in the previous paragraph, agree, in solido, to pay all reasonable attorney's fees incurred in the collection of this Note, or any portion thereof including interest, which fees are hereby fixed at **25.000%** on the amount to be collected. In the event of default, the interest rate on this Note shall not exceed the maximum authorized by law.

OTHER:

AG. SEC. AGREE. AND COM. SEC. AGREE, AND S.A.  The Purpose of this Loan is to fund operations.

CONFIDENTIAL
SCSCGA - 02329

_____
Endorser

_____
Endorser Chris Patout

BY: _____
Maker: Ricky Gonsoulin, President, South Central  Sugar Cane Growers' Assoc.

_____
Maker: Chris Patout, Secretary, South Central Sugar Cane Growers' Assoc.

CONFIDENTIAL

SCSCGA - 023293

Sterling Sugars, LLC
611 Irish Bend Road
Franklin, Louisiana 70533
(Herein "SS")

South Central Sugar Cane Growers'
Association, Inc.
611 Irish Bend Road
Franklin, Louisiana 70538

# PROMISSORY NOTE

Franklin, Louisiana                                                                        10/01/2025

For value received, the undersigned, in solido, promise to pay to the order of SS,
TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) at the SS office, together with interest, according to the rate and repayment provisions, the governing law, the security and the general provisions set forth below.

## NOT APPLICABLE UNLESS MARKED

( )    VARIABLE INTEREST RATE
The interest rate on this note is subject to change from time to time based on changes in an independent index which is the prime rate for the US designated in the "Money Rates" section of the Wall Street Journal. The index is currently at 4.00% per annum. Interest on the unpaid principal balance of this note will be calculated as described in the "Interest Calculation Method" paragraph below using a rate equal to the index, adjusted if necessary for any min and max rate limitations described below, resulting in and initial rate of 8.50% per annum.

( )    Interest Calculation Method: Interest on this note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplies by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this note is computed using this method. This calculation method results in a higher effective interest rate than the numeric interest rate stated on this note.

## REPAYMENT PROVISIONS:

**The unpaid principal and accrued interest shall be payable in full on any future date on which SS demands repayment.**

( )    LATE CHARGE:

THE UNDERSIGNED HEREBY AGREES TO PAY SS A LATE CHARGE FOR EACH PAYMENT NOT MADE WITHIN 10 DAYS OF ITS DUE DATE IN THE AMOUNT WHICH IS THE GREATER OF: (i) 5.00% OF THE PAYMENT THEN DUE; OR (ii) $1.00 HOWEVER SUCH LATE CHARGE SHALL IN NO EVENT EXCEED $15.00. THE IMPOSITION OF A LATE CHARGE PURSUANT TO THIS SECTION SHALL NOT ACT AS A WAIVER OF DEFAULT OF THIS NOTE.

## GOVERNING LAW

SS and the undersigned severally agree that this Note and the loan for commercial, business, or agricultural purposes evidenced by this Note shall be governed by LSA-R.S 9:3509. Therefore, the undersigned may pay SS any agreed rate of interest even in excess of the maximum rate authorized by the laws of Louisiana and may not assert the defense or claim of usury in connection with this Note.

## SECURITY

The obligations evidenced by this Note are secured by the security interest granted in each security agreement, and by each existing security right executed in favor of SS as security for obligations of the undersigned, unless limited therein, Except for IRA, tax-deferred, and fiduciary deposit accounts, the undersigned hereby grant SS a continuing security interest in   [   ] all deposit accounts and certificates of deposit, now owned or hereafter acquired, [   ] deposit account(s) and certificate(s) of deposit numbered _____
and a right of offset in all deposit accounts to secure the obligations evidenced by this Note and, except as prohibited by the Truth in Lending Act and Regulation Z, any other obligations in favor of MAP. If future obligations are evidenced by this Note, they are secured by existing security rights unless limited therein.

## GENERAL PROVISIONS

This Note shall immediately become due and payable at SS's option without demand, notice, or putting in default if the makers, endorsers, guarantors, or sureties, or any of them should: 1)fail to pay or perform any obligation of this Note or any other obligation in favor of SS, 2) violate any federal or state environmental law or regulation, 3) fail to perform any covenant of any collateral mortgage note, collateral mortgage, collateral chattel mortgage note, collateral chattel mortgage, multiple obligations mortgage, security agreement, pledge, assignment of accounts receivable, or any other agreement given to secure the payment of this Note or any other obligation in favor of SS, 4) die, 5) dissolve, liquidate or terminate existence, 6) become insolvent, 7) be unable to pay debts as they mature, 8) suspend business, 9) engage in a respite, 10) engage in an assignment for the benefit of creditors, 11) be the subject of a receivership, 12) be convicted of a crime other than a traffic violation, 13) allow his property to become subject to any tax lien or be sold by local, state or federal taxing authorities, 14) conceal, remove, transfer or permit to be concealed, removed, or transferred any of his property with intent to hinder, delay, or defraud any creditors, 15) transfer any of his property to any credit or account of an antecedent debt while insolvent if such transfer has the effect of preferring that creditor over other creditors, 16) file or have filed against him a petition for an order for relief under the Bankruptcy Code, 17) fail to pay the Note in full in the event of negative amortization, 18) allow any of his property to be seized by any federal or state drug or other law enforcement authorities, or 19) be the subject of a judgment.

The undersigned and each of them hereby waive present for payment, demand, notice of dishonor and protest, and consent that the time of payment may be extended one or more times without notice thereof, and , in the event of nonpayment at maturity or any other default described in the previous paragraph, agree, in solido, to pay all reasonable attorney's fees incurred in the collection of this Note, or any portion thereof including interest, which fees are hereby fixed at **25.000%**  on the amount to be collected. In the event of default, the interest rate on this Note shall not exceed the maximum authorized by law.

## OTHER:

**AG. SEC. AGREE. AND COM. SEC. AGREE, AND S.A.  The Purpose of this Loan is to fund operations.**

CONFIDENTIAL

SCSCGA - 023294

_____
Endorser   *Ricky Gonsoulin*

_____
Endorser   *Chris Patout*

BY: _____
Maker: Ricky Gonsoulin, President, South Central Sugar Cane Growers' Assoc.

_____
Maker: Chris Patout, Secretary, South Central Sugar Cane Growers' Assoc.

CONFIDENTIAL

SCSCGA - 023295

Sterling Sugars, LLC
611 Irish Bend Road
Franklin, Louisiana 70533
(Herein "SS")

South Central Sugar Cane Growers'
Association, Inc.
611 Irish Bend Road
Franklin, Louisiana 70538

## PROMISSORY NOTE

Franklin, Louisiana                                                                    10/21/2025

For value received, the undersigned, in solido, promise to pay to the order of SS, TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) at the SS office, together with interest, according to the rate and repayment provisions, the governing law, the security and the general provisions set forth below.

### NOT APPLICABLE UNLESS MARKED

(  )    VARIABLE INTEREST RATE
The interest rate on this note is subject to change from time to time based on changes in an independent index which is the prime rate for the US designated in the "Money Rates" section of the Wall Street Journal.  The index is currently at 4.00% per annum. Interest on the unpaid principal balance of this note will be calculated as described in the "Interest Calculation Method" paragraph below using a rate equal to the index, adjusted if necessary for any min and max rate limitations described below, resulting in and initial rate of 8.50% per annum.

(  )    Interest Calculation Method:  Interest on this note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplies by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.  All interest payable under this note is computed using this method.  This calculation method results in a higher effective interest rate than the numeric interest rate stated on this note.

### REPAYMENT PROVISIONS:

**The unpaid principal and accrued interest shall be payable in full on any future date on which SS demands repayment.**

(  )    LATE CHARGE:

THE UNDERSIGNED HEREBY AGREES TO PAY SS A LATE CHARGE FOR EACH PAYMENT NOT MADE WITHIN 10 DAYS OF ITS DUE DATE IN THE AMOUNT WHICH IS THE GREATER OF: (i) 5.00% OF THE PAYMENT THEN DUE; OR (ii) $1.00 HOWEVER SUCH LATE CHARGE SHALL IN NO EVENT EXCEED $15.00. THE IMPOSITION OF A LATE CHARGE PURSUANT TO THIS SECTION SHALL NOT ACT AS A WAIVER OF DEFAULT OF THIS NOTE.

### GOVERNING LAW

SS and the undersigned severally agree that this Note and the loan for commercial, business, or agricultural purposes evidenced by this Note shall be governed by LSA-R.S 9:3509. Therefore, the undersigned may pay SS any agreed rate of interest even in excess of the maximum rate authorized by the laws of Louisiana and may not assert the defense or claim of usury in connection with this Note.

### SECURITY

The obligations evidenced by this Note are secured by the security interest granted in each security agreement, and by each existing security right executed in favor of SS as security for obligations of the undersigned, unless limited therein, Except for IRA, tax-deferred, and fiduciary deposit accounts, the undersigned hereby grant SS a continuing security interest in   [   ] all deposit accounts and certificates of deposit, now owned or hereafter acquired, [   ] deposit account(s) and certificate(s) of deposit numbered _____
and a right of offset in all deposit accounts to secure the obligations evidenced by this Note and, except as prohibited by the Truth in Lending Act and Regulation Z, any other obligations in favor of MAP.  If future obligations are evidenced by this Note, they are secured by existing security rights unless limited therein.

### GENERAL PROVISIONS

This Note shall immediately become due and payable at SS's option without demand, notice, or putting in default if the makers, endorsers, guarantors, or sureties, or any of them should: 1)fail to pay or perform any obligation of this Note or any other obligation in favor of SS, 2) violate any federal or state environmental law or regulation, 3) fail to perform any covenant of any collateral mortgage note, collateral mortgage, collateral chattel mortgage note, collateral chattel mortgage, multiple obligations mortgage, security agreement, pledge, assignment of accounts receivable, or any other agreement given to secure the payment of this Note or any other obligation in favor of SS, 4) die, 5) dissolve, liquidate or terminate existence, 6) become insolvent, 7) be unable to pay debts as they mature, 8) suspend business, 9) engage in a respite, 10) engage in an assignment for the benefit of creditors, 11) be the subject of a receivership, 12) be convicted of a crime other than a traffic violation, 13) allow his property to become subject to any tax lien or be sold by local, state or federal taxing authorities, 14) conceal, remove, transfer or permit to be concealed, removed, or transferred any of his property with intent to hinder, delay, or defraud any creditors, 15) transfer any of his property to any credit or account of an antecedent debt while insolvent if such transfer has the effect of preferring that creditor over other creditors, 16) file or have filed against him a petition for an order for relief under the Bankruptcy Code, 17) fail to pay the Note in full in the event of negative amortization, 18) allow any of his property to be seized by any federal or state drug or other law enforcement authorities, or 19) be the subject of a judgment.

The undersigned and each of them hereby waive present for payment, demand, notice of dishonor and protest, and consent that the time of payment may be extended one or more times without notice thereof, and , in the event of nonpayment at maturity or any other default described in the previous paragraph, agree, in solido, to pay all reasonable attorney's fees incurred in the collection of this Note, or any portion thereof including interest, which fees are hereby fixed at **25.000%**  on the amount to be collected.  In the event of default, the interest rate on this Note shall not exceed the maximum authorized by law.

### OTHER:

**AG. SEC. AGREE. AND COM. SEC. AGREE, AND S.A.  The Purpose of this Loan is to fund operations.**

CONFIDENTIAL

SCSCGA - 023296

Endorser

Chris Patout

Endorser

BY: _____

Maker: Ricky Gonsoulin, President, South Central Sugar Cane Growers' Assoc.

_____

Maker: Chris Patout, Secretary, South Central Sugar Cane Growers' Assoc.

CONFIDENTIAL

SCSCGA - 023297

Sterling Sugars, LLC
611 Irish Bend Road
Franklin, Louisiana 70533
(Herein "SS")

South Central Sugar Cane Growers'
Association, Inc.
611 Irish Bend Road
Franklin, Louisiana 70538

# PROMISSORY NOTE

Franklin, Louisiana                                                                            10/22/2025

For value received, the undersigned, in solido, promise to pay to the order of SS, TWENTY THOUSAND AND 00/100 DOLLARS ($20,000.00) at the SS office, together with interest, according to the rate and repayment provisions, the governing law, the security and the general provisions set forth below.

NOT APPLICABLE UNLESS MARKED

( )   VARIABLE INTEREST RATE
The interest rate on this note is subject to change from time to time based on changes in an independent index which is the prime rate for the US designated in the "Money Rates" section of the Wall Street Journal. The index is currently at 4.00% per annum. Interest on the unpaid principal balance of this note will be calculated as described in the "Interest Calculation Method" paragraph below using a rate equal to the index, adjusted if necessary for any min and max rate limitations described below, resulting in and initial rate of 8.50% per annum.

( )   Interest Calculation Method: Interest on this note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplies by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this note is computed using this method. This calculation method results in a higher effective interest rate than the numeric interest rate stated on this note.

REPAYMENT PROVISIONS:

**The unpaid principal and accrued interest shall be payable in full on any future date on which SS demands repayment.**

( )   LATE CHARGE:

THE UNDERSIGNED HEREBY AGREES TO PAY SS A LATE CHARGE FOR EACH PAYMENT NOT MADE WITHIN 10 DAYS OF ITS DUE DATE IN THE AMOUNT WHICH IS THE GREATER OF: (i) 5.00% OF THE PAYMENT THEN DUE; OR (ii) $1.00 HOWEVER SUCH LATE CHARGE SHALL IN NO EVENT EXCEED $15.00. THE IMPOSITION OF A LATE CHARGE PURSUANT TO THIS SECTION SHALL NOT ACT AS A WAIVER OF DEFAULT OF THIS NOTE.

GOVERNING LAW

SS and the undersigned severally agree that this Note and the loan for commercial, business, or agricultural purposes evidenced by this Note shall be governed by LSA-R.S 9:3509. Therefore, the undersigned may pay SS any agreed rate of interest even in excess of the maximum rate authorized by the laws of Louisiana and may not assert the defense or claim of usury in connection with this Note.

SECURITY

The obligations evidenced by this Note are secured by the security interest granted in each security agreement, and by each existing security right executed in favor of SS as security for obligations of the undersigned, unless limited therein, Except for IRA, tax-deferred, and fiduciary deposit accounts, the undersigned hereby grant SS a continuing security interest in   [   ] all deposit accounts and certificates of deposit, now owned or hereafter acquired, [   ] deposit account(s) and certificate(s) of deposit numbered _____
and a right of offset in all deposit accounts to secure the obligations evidenced by this Note and, except as prohibited by the Truth in Lending Act and Regulation Z, any other obligations in favor of MAP. If future obligations are evidenced by this Note, they are secured by existing security rights unless limited therein.

GENERAL PROVISIONS

This Note shall immediately become due and payable at SS's option without demand, notice, or putting in default if the makers, endorsers, guarantors, or sureties, or any of them should: 1)fail to pay or perform any obligation of this Note or any other obligation in favor of SS, 2) violate any federal or state environmental law or regulation, 3) fail to perform any covenant of any collateral mortgage note, collateral mortgage, collateral chattel mortgage note, collateral chattel mortgage, multiple obligations mortgage, security agreement, pledge, assignment of accounts receivable, or any other agreement given to secure the payment of this Note or any other obligation in favor of SS, 4) die, 5) dissolve, liquidate or terminate existence, 6) become insolvent, 7) be unable to pay debts as they mature, 8) suspend business, 9) engage in a respite, 10) engage in an assignment for the benefit of creditors, 11) be the subject of a receivership, 12) be convicted of a crime other than a traffic violation, 13) allow his property to become subject to any tax lien or be sold by local, state or federal taxing authorities, 14) conceal, remove, transfer or permit to be concealed, removed, or transferred any of his property with intent to hinder, delay, or defraud any creditors, 15) transfer any of his property to any credit or account of an antecedent debt while insolvent if such transfer has the effect of preferring that creditor over other creditors, 16) file or have filed against him a petition for an order for relief under the Bankruptcy Code, 17) fail to pay the Note in full in the event of negative amortization, 18) allow any of his property to be seized by any federal or state drug or other law enforcement authorities, or 19) be the subject of a judgment.

The undersigned and each of them hereby waive present for payment, demand, notice of dishonor and protest, and consent that the time of payment may be extended one or more times without notice thereof, and , in the event of nonpayment at maturity or any other default described in the previous paragraph, agree, in solido, to pay all reasonable attorney's fees incurred in the collection of this Note, or any portion thereof including interest, which fees are hereby fixed at **25.000%** on the amount to be collected. In the event of default, the interest rate on this Note shall not exceed the maximum authorized by law.

OTHER:

AG. SEC. AGREE. AND COM. SEC. AGREE, AND S.A. The Purpose of this Loan is to fund operations.

CONFIDENTIAL

SCSCGA - 023298

_____
Endorser

_____
Endorser

BY: _____
Maker: Ricky Gonsoulin, President, South Central Sugar Cane Growers' Assoc.

_____
Maker: Chris Patout, Secretary, South Central Sugar Cane Growers' Assoc.

CONFIDENTIAL

SCSCGA - 023299

Sterling Sugars, LLC
611 Irish Bend Road
Franklin, Louisiana 70533
(Herein "SS")

South Central Sugar Cane Growers'
Association, Inc.
611 Irish Bend Road
Franklin, Louisiana 70538

# PROMISSORY NOTE

Franklin, Louisiana                                                                           11/18/2025

For value received, the undersigned, in solido, promise to pay to the order of SS, TWO-HUNDRED THOUSAND AND 00/100 ($200,000.00) at the SS office, together with interest, according to the rate and repayment provisions, the governing law, the security and the general provisions set forth below.

## NOT APPLICABLE UNLESS MARKED

(  )     VARIABLE INTEREST RATE
The interest rate on this note is subject to change from time to time based on changes in an independent index which is the prime rate for the US designated in the "Money Rates" section of the Wall Street Journal. The index is currently at 4.00% per annum. Interest on the unpaid principal balance of this note will be calculated as described in the "Interest Calculation Method" paragraph below using a rate equal to the index, adjusted if necessary for any min and max rate limitations described below, resulting in and initial rate of 8.50% per annum.

(  )     Interest Calculation Method: Interest on this note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplies by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this note is computed using this method. This calculation method results in a higher effective interest rate than the numeric interest rate stated on this note.

## REPAYMENT PROVISIONS:

**The unpaid principal and accrued interest shall be payable in full on any future date on which SS demands repayment.**

(  )  LATE CHARGE:

THE UNDERSIGNED HEREBY AGREES TO PAY SS A LATE CHARGE FOR EACH PAYMENT NOT MADE WITHIN 10 DAYS OF ITS DUE DATE IN THE AMOUNT WHICH IS THE GREATER OF: (i) 5.00% OF THE PAYMENT THEN DUE; OR (ii) $1.00 HOWEVER SUCH LATE CHARGE SHALL IN NO EVENT EXCEED $15.00. THE IMPOSITION OF A LATE CHARGE PURSUANT TO THIS SECTION SHALL NOT ACT AS A WAIVER OF DEFAULT OF THIS NOTE.

## GOVERNING LAW

SS and the undersigned severally agree that this Note and the loan for commercial, business, or agricultural purposes evidenced by this Note shall be governed by LSA-R.S 9:3509. Therefore, the undersigned may pay SS any agreed rate of interest even in excess of the maximum rate authorized by the laws of Louisiana and may not assert the defense or claim of usury in connection with this Note.

## SECURITY

The obligations evidenced by this Note are secured by the security interest granted in each security agreement, and by each existing security right executed in favor of SS as security for obligations of the undersigned, unless limited therein, Except for IRA, tax-deferred, and fiduciary deposit accounts, the undersigned hereby grant SS a continuing security interest in   [   ] all deposit accounts and certificates of deposit, now owned or hereafter acquired, [   ] deposit account(s) and certificate(s) of deposit numbered _____
and a right of offset in all deposit accounts to secure the obligations evidenced by this Note and, except as prohibited by the Truth in Lending Act and Regulation Z, any other obligations in favor of MAP. If future obligations are evidenced by this Note, they are secured by existing security rights unless limited therein.

## GENERAL PROVISIONS

This Note shall immediately become due and payable at SS's option without demand, notice, or putting in default if the makers, endorsers, guarantors, or sureties, or any of them should: 1)fail to pay or perform any obligation of this Note or any other obligation in favor of SS, 2) violate any federal or state environmental law or regulation, 3) fail to perform any covenant of any collateral mortgage note, collateral mortgage, collateral chattel mortgage note, collateral chattel mortgage, multiple obligations mortgage, security agreement, pledge, assignment of accounts receivable, or any other agreement given to secure the payment of this Note or any other obligation in favor of SS, 4) die, 5) dissolve, liquidate or terminate existence, 6) become insolvent, 7) be unable to pay debts as they mature, 8) suspend business, 9) engage in a respite, 10) engage in an assignment for the benefit of creditors, 11) be the subject of a receivership, 12) be convicted of a crime other than a traffic violation, 13) allow his property to become subject to any tax lien or be sold by local, state or federal taxing authorities, 14) conceal, remove, transfer or permit to be concealed, removed, or transferred any of his property with intent to hinder, delay, or defraud any creditor, 15) transfer any of his property to any credit or account of an antecedent debt while insolvent if such transfer has the effect of preferring that creditor over other creditors, 16) file or have filed against him a petition for an order for relief under the Bankruptcy Code, 17) fail to pay the Note in full in the event of negative amortization, 18) allow any of his property to be seized by any federal or state drug or other law enforcement authorities, or 19) be the subject of a judgment.

The undersigned and each of them hereby waive present for payment, demand, notice of dishonor and protest, and consent that the time of payment may be extended one or more times without notice thereof, and , in the event of nonpayment at maturity or any other default described in the previous paragraph, agree, in solido, to pay all reasonable attorney's fees incurred in the collection of this Note, or any portion thereof including interest, which fees are hereby fixed at **25.000%** on the amount to be collected. In the event of default, the interest rate on this Note shall not exceed the maximum authorized by law.

## OTHER:

**AG. SEC. AGREE. AND COM. SEC. AGREE, AND S.A.  The Purpose of this Loan is to fund operations.**

CONFIDENTIAL

SCSCGA - 023300

_Ricky Gonsoulin_
Endorser

_Chris Patout_
Endorser

BY: _[signature]_
Maker: Ricky Gonsoulin, President, South Central  Sugar Cane Growers' Assoc.

_[signature]_
Maker: Chris Patout, Secretary, South Central Sugar Cane Growers' Assoc.

CONFIDENTIAL

SCSCGA - 023301