

A. GARY SOLIS III
04.13.2026
**Exhibit 70**
JENNIFER LYNN HARRIS

**STATE OF LOUISIANA**

**PARISH OF ST. MARY**

## LEASE AGREEMENT

**Date:  September 1, 2022**

### I. PARTIES

1.1. **STERLING SUGARS, L.L.C.** (STERLING), a Louisiana Limited Liability Company, which is domiciled in St. Mary Parish, State of Louisiana and represented herein through its President, Rivers Patout, ("**Lessor**"),hereby leases to **SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC.** (SCGA), a Louisiana Non-Profit corporation, formed as an Association of sugar cane growers, which is domiciled in Franklin, St. Mary Parish, Louisiana and represented herein by Christopher Patout, its President (hereinafter referred to as "Lessee") the following described properties:

**Buildings and Premises as depicted on the Attached Plat.**

**[Exhibit A]**

for use by Lessee as employee residential housing only.

### II. TERM

2.1. This lease is for the term of five months), beginning on the 1st day of September, 2022, and ending on the 31st day of January. All utilities shall be paid for by Lessee.

### III. EXTENSION

3.1. Lessee has, the right to extend this lease for a like Term at an agreed upon monthly rental, but agrees to notify Lessor sixty (60) days before the expiration of this lease of his desire to extend same. Failure to notify Lessor as specified shall be deemed as notice that the lease will terminate as set forth in paragraph II, above.

SCSCGA - 004315

## IV. RENT AND PAYMENT

4.1. This lease is made for and in consideration of a monthly rental of $100 per employee occupancy per month, payable in advance, commencing on the 1st day of the beginning month Term and on the same day of each month thereafter.

## V. OCCUPANTS

5.1. The premises leased herein shall exclusively be occupied by Lessee's H2A visa program employees engaged in the cultivation and transportation of sugar cane to Lessor's sugar mill.

## VI. USE OF PREMISES

6.1. The premises leased herein are to be used only for residential purposes. Lessee is obligated not to use any part of the premises for any purpose that is unlawful or that tends to injure or depreciate the property or that in any way increases the fire risk of the building or obstructs or interferes with the rights of other tenants, or in any way injures them, or conflicts with or violates any of the laws, ordinances, rules or regulations of any governmental authority or regulatory agency. In the event of the violation of any law, ordinance, rule or regulation by Lessee, or the injury or depreciation of the property other than due to ordinary wear and tear, or the violation of any of the above-mentioned conditions, Lessor may, at his option, declare Lessee in default pursuant to Paragraph XII of this lease.

## VII. OCCUPANCY

7.1. Should Lessee be unable to obtain occupancy on the date of the beginning of the lease due to causes beyond the control of Lessor including, but not limited to, delays of tenants, this lease shall not be affected thereby, but Lessee shall owe rent beginning only with the day on which he could obtain possession. However, should the delay in commencing occupancy be due to some fault or design by Lessee, the lease shall commence on the date provided for herein. An example of a cause of delay which would not absolve the Lessee from his obligations under this lease is the Lessee being delayed in his arrival at the leased premises, for whatever reason.

7.2. In the event the entire of any leased premises is destroyed or rendered uninhabitable by fire, storm, or other casualty not caused through the fault, neglect or design of the Lessor, Lessee shall pay such proportion of the rent as may be due at the time of such casualty, and this lease shall be terminated, except for the purpose of enforcing such rights as may have accrued hereunder. Should any part of the leased premises be rendered untenantable by any of such agencies, the rent shall abate in the proportion which the damaged part bears to the whole leased premises, and such part so damaged may be restored by Lessor, at his option, as speedily as practicable, at which time the full rent shall recommence, and the lease continue according to its terms.

2

SCSCGA - 004316

## VIII. ADDITIONS AND ALTERATIONS

8.1. Lessee shall not make any additions, alterations or improvements to the premises or introduce, alter, or modify any electrical wiring or circuitry without prior written permission of Lessor. Lessor or his representatives shall have the right to enter the premises at reasonable hours to examine the same, or to make such repairs, additions, and alterations as he shall deem necessary for the safety, preservation, protection, or restoration of the building, or for the safety or convenience of the occupants thereof. All additions, alterations or improvements made by Lessee with or without consent of Lessor, no matter how attached, must remain the property of Lessor at the termination of this lease, unless otherwise stipulated herein, and Lessee hereby expressly waives all right to compensation therefor. Lessor, at his option, may require the building to be replaced in its original condition.

## IX. CONDITION OF PREMISES

9.1. The leased premises and appurtenances, including the locks, keys, plumbing, glass, heating and air conditioning systems, and all other fixtures are accepted by Lessee in their present condition and Lessee agrees to maintain the said premises in their present condition during the term of the lease at his expense and to return them to Lessor in the same condition at the termination of the lease, excepting only normal decay, wear and tear, by actual delivery of the keys to Lessor or his representative. Lessee agrees that the premises are suitable for their intended purpose.

## X. REPAIRS AND MAINTENANCE

10.1. Lessee assumes responsibility for the condition of the premises. Lessor will not be responsible for damage caused by leaks in the roof, by bursting of pipes, by freezing or otherwise, or any vices or defects of the leased property, or the consequences thereof, except in case of positive neglect or failure to take action toward the remedying of defects within reasonable time after having received written notice from Lessee of such defects and the damage caused thereby. Should Lessee fail to notify Lessor in writing within 24 hours of any such defects, Lessee shall become responsible for any damage resulting to Lessor or other parties.

10.2. Should Lessee fail to make such repairs as he is obligated to make hereunder, Lessor may, at his option, have the repairs made and Lessee agrees to reimburse Lessor for the reasonable cost incurred.

10.3. Lessee shall immediately pay Lessor upon demand the cost of any and all damage (reasonable wear and tear excepted) to the leased premises, its fixtures, appliances or appurtenances, or to the building of which the leased premises form a part, caused by the act or negligence of Lessee, his

3

SCSCGA - 004317

family, guests, agents, servants or employees, or in any way arising out of Lessee's occupancy of the premises.

## XI. INSURANCE, LIABILITY FOR DAMAGES

11.1. Lessor shall not be liable for any damage to persons or property sustained by Lessee, members of his family, his guests, agents, servants or employees, for any injuries resulting from any of the Lessor's equipment or from any defects in the buildings or premises of Lessor, nor from the acts or negligence of Lessor or other persons in or upon the premises, and Lessee agrees to hold Lessor harmless from all claims for any such damage, whether the injury occurs on or off the leased premises.

11.2 (a) Lessee, at its expense, shall at all times during the term maintain in full force and effect the following insurance policies to protect itself and Lessor: (i) Comprehensive general public liability and property damage insurance naming Lessor as an additional insured and providing coverage for products liability, personal liability, and property damage, with a "broad form" endorsement that includes a contractual liability endorsement covering Lessee's agreement to indemnify Lessor as set out in this Lease, with minimum combined single limits for bodily injury and property damage of One Million and no/100 ($1,000,000.00) per person and Three Million and no/100 ($3,000,000.00)per occurrence, or such other reasonable minimum limits as may be established from time to time by Lessor; (ii) Workers' compensation insurance in accordance with the statutory requirements of the State of Louisiana; (iii) All risk property insurance on all of Lessee's furniture, fixtures, equipment, improvements, installed by Lessee, and other property located in, upon, or about the Leased Premises or any other part of Unit covering all risks covered by a "all risk form" policy of fire and extended coverage insurance, with limits equal to the full replacement value thereof; and (iv) such other insurance as Lessor may reasonably request from time to time.

(b) Each insurance policy required under this Article shall be issued by a company that is approved to do business in the State of Louisiana and that is acceptable to Lessor in its reasonable judgment. Lessee agrees to deliver the original (or a certificate of insurance) for each policy required hereunder or a renewal thereof, as the case may be, to Landlord before the term begins and no later than 15 days before any such insurance policy shall expire. Each such policy or certificate of insurance thereof delivered to Lessor shall be accompanied by a certificate of the insurer that such policy shall be automatically renewed except upon 30 days' prior written notice to Lessor and may not be cancelled except upon 30 days' prior written notice to Lessor. Each policy of insurance maintained hereunder and each renewal or replacement thereof shall contain a clause in a form acceptable to Lessor providing that each underwriter shall waive all of its rights of recovery, under legal or conventional subrogation or otherwise, against Lessor. Each policy of insurance maintained hereunder shall name Lessor, and Lessor's managing agent, as additional insureds.

4

SCSCGA - 004318

## XII. DEFAULT OR ABANDONMENT

12.1. Should the Lessee at any time violate any of the conditions or provisions of this lease, or should Lessee abandon the premises (it being agreed that an absence of Lessee from the leased premises for five consecutive days after rentals have become delinquent shall create a conclusive presumption of abandonment), or should the Lessee fail to pay the rent or any part thereof, or any other charges arising under this lease promptly as stipulated, or should Lessee begin to remove furniture or any substantial portion of Lessee's personal property to the detriment of Lessor's lien, or should voluntary or involuntary bankruptcy proceedings be commenced by or against Lessee, or should a receiver be appointed for Lessee, or should Lessee make an assignment for the benefit of creditors, or should Lessee fail or become insolvent, then in any of said events, at the option of Lessor the rent for the whole of the unexpired term of the lease, together with attorney's fees, shall immediately become due and exigible and Lessee shall remain responsible for all damages or losses suffered by Lessor pursuant to the above. Lessor shall have the further option to proceed one or more times for past due installments only without prejudicing his rights to proceed later for the rent for the remaining term of the lease, all without putting Lessee in default. Similarly, in the event of any such default, Lessor retains the option to cancel the lease and obtain possession of the premises by giving Lessee written notice to vacate the premises in accordance with the provisions of Articles 4701 to 4705 of the Louisiana Code of Civil Procedure. In the event of such cancellation and eviction, Lessee is obligated to pay any and all rent due and owing through the last day said premises are occupied. Similarly, in the event of any such default, Lessor retains the option of reentering and letting the premises, after the legal notices required by Articles 4701 to 4705 of the Louisiana Code of Civil Procedure have been given, as agent of the Lessee for such price and on such terms as may be immediately obtainable and apply the net amount realized to the amount due by Lessee, with Lessee remaining responsible for the difference, if any, between the amount so received by the Lessor and the amount owed by the Lessee.

## XIII. ATTORNEY'S FEES

13.1. In case an attorney is employed to enforce or protect any right of Lessor arising under this lease, Lessee shall pay additionally the fee of such attorney, which fee is hereby fixed at 25% of the amount claimed, or if the claim be not for rent, then such sum as will constitute a reasonable fee, together with all costs, charges, and expenses.

## XIV. NONWAIVER

14.1. Failure of Lessor to strictly or promptly enforce the conditions or provisions of this lease shall not operate as a waiver of Lessor's rights, Lessor expressly reserving the right to always enforce prompt payment of rent or to cancel this lease, regardless of any indulgences or extensions previously granted. The receiving by Lessor, or Lessor's representative of any rent in arrears, or after notice or institution of any suit for possession, or for cancellation of this lease will not be considered as a waiver of such notice or suit, or of any of the rights of Lessor. The rights of Lessor

5

SCSCGA - 004319

set forth in this paragraph shall be in addition to those contained in the other paragraphs of this lease.

## XV. PETS

15.1. No pets shall be permitted to live on the premises at any time. However, this provision shall not preclude Lessor from modifying this lease by mutual written agreement between Lessor and Lessee to allow pets, Lessor reserving the option of requiring a security deposit in addition to that stipulated below in Paragraph XIX entitled "Security Deposit."

## XVI. SUBLEASE

16.1. Lessee is not permitted to assign this lease, or to rent or sublet or grant use or possession of all or any part of the premises to any other party without the prior written consent of Lessor, and then only in accordance with the terms of this lease. Should Lessee desire to sublet and wish to post any rent signs, permission must first be obtained in writing from Lessor and such subleasing shall be handled at the expense of Lessee.

## XVII. ACCESS

17.1. Lessor shall have the right to enter the premises for the purpose of inspection.

## XVIII. SURRENDER OF POSSESSION

18.1. At the expiration of this lease or at its termination for any other cause, Lessee is obligated to immediately surrender possession, by actual delivery of all keys to Lessor. Should Lessee fail to deliver such possession, he consents to pay any and all damages, but in no case less than 3 times the rent per day for each day of his failure to do so, with attorney's fees, costs, etc. Lessee also expressly waives any notice to vacate at the expiration or termination of this lease and all legal delays. Should Lessor allow or permit Lessee to remain in the leased premises after the expiration or termination of this lease, the lease will be considered renewed on a month to month basis on the same terms and conditions as herein provided, except that the rent will be double that provided in the original lease.

19.3. Lessor agrees to deliver the premises broom clean and free of trash at the beginning of this lease and Lessee agrees to return same in like condition at the termination of the lease.

6

SCSCGA - 004320

19.4. In the event of any damage to the leased premises or equipment therein, reasonable wear and tear excepted, caused by Lessee, its employees, guests or agents, Lessee agrees to pay Lessor when billed the full amount necessary to repair or replace the damaged premises or equipment.

## XX. OTHER

20.1. All of the terms, conditions and provisions hereof shall be binding upon and inure to the benefit of the heirs, executors, administrators, successors and assigns, respectively, of each of the parties hereto.

20.2. In the event that during the term of this lease, or any extension or renewal hereof, either the real estate taxes, charges or assessments, water, or sewerage costs should increase above the amounts being paid therefor at the inception of this lease, the Lessee agrees to pay his proportionate share of such increase and any successive increases. Such payment or payments by Lessee shall be due monthly as increased rent throughout the remainder of Lessee's occupancy, and all such sums may be withheld from Lessee's security deposit if not fully paid at the time Lessee vacates the premises. A 30-day notice will be given to Lessee before any increase is made.

20.3. The parties to this lease understand and agree that the provisions herein shall, between them, have the effect of law; but in reference to matters not provided herein, this lease shall be governed by the ordinances of the Parish of Lafourche and the laws of the State of Louisiana.

20.4. Either Lessor or Lessee may record this lease in the conveyance records of the parish in which the leased premises are located at the expense of the party recording this lease. The failure of Lessee to record this lease in the conveyance records of the parish in which the leased premises are located shall result in the waiver by Lessee of any action(s) which Lessee may have against Lessor for any loss which Lessee may sustain as a result of a transfer of the leased premises by Lessor to a third party.

[LEFT INTENTIONALLY BLANK]

7

SCSCGA - 004321

THUS DONE AND SIGNED BY LESSOR in duplicate originals on the 26th day of September, 2022, in Franklin, Parish of St. Mary, Louisiana, in the presence of the undersigned Notary Public, qualified in said Sate and Parish, and the undersigned competent witnesses, who have signed with the parties after due reading of the whole.

WITNESSES:

STERLING SUGARS, L.L.C.

BY: _____

RIVERS PATOUT

PRESIDENT

WITNESSES:

SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC.

BY: _____

CHRISTOPHER PATOUT

PRESIDENT

NOTARY PUBLIC

Gloria M. Gilmore # 056449



GLORIA M. GILMORE
NOTARY PUBLIC
IBERIA PARISH
STATE OF LOUISIANA
My Commission Expires at my death

8

SCSCGA - 004322

**EXHIBIT A**

9

SCSCGA - 004323



PLAT SHOWING PROPERTY BELONGING TO
STERLING SUGARS, LLC
TO BE LEASED BY
SOUTH CENTRAL SUGAR CANE GROWERS ASSOC.
LOCATED IN SECTION 75, T14S-R9E
CITY OF FRANKLIN, LA.
ST. MARY PARISH, LOUISIANA
JULY 8, 2022

SCSCGA - 004324

11

SCSCGA - 004325