# EXHIBIT 109

# ETA-9142A Appendix A (2022 season)

**From:** Tim Soileau <tsoileau@sterlingsugars.com>
**To:** Jaime Robison <jrobison@sterlingsugars.com>
**Subject:** FW:
**Date:** Fri, 01 Jul 2022 10:02:25 -0500
**Importance:** Normal
**Attachments:** Appendix_A__for_Signature.pdf.pdf

---

**From:** Ricky Gonsoulin <rickysugar1@icloud.com>
**Sent:** Friday, July 1, 2022 9:58 AM
**To:** Tim Soileau <tsoileau@sterlingsugars.com>; Rivers Patout <rpatout@sterlingsugars.com>; Desiree Lange <dlange@sterlingsugars.com>
**Subject:**

**Ricky Gonsoulin**
337-319-7515
Sent from my iPhone

Confidential

SCSCGA-037065

*OMB Approval: 1205-0466*
*Expiration Date: 08/31/2022*

**H-2A Application for Temporary Employment Certification**
Form ETA-9142A – APPENDIX A
U.S. Department of Labor



## For Use in Filing Applications under the H-2A Agricultural Program <u>ONLY</u>

### A. Attorney or Agent Declaration

*I hereby declare under penalty of perjury that I am an attorney for the employer, or that I am an employee of, or hired by, the employer listed in Section B of the Form ETA-9142A, and that I have been designated by that employer in accordance with 20 CFR 655.133 to act on its behalf in connection with this application, as evidenced by the attached agent agreement.*

***I HEREBY CERTIFY*** *that I have provided to the employer the Form ETA-9142A, Form ETA-790/790A and all supporting documentation for review and to the best of my knowledge the information contained herein is true and accurate, including the employer's declaration regarding activities that I have undertaken on the employer's behalf in connection with this application. I understand that to knowingly and/or willfully furnish materially false information in the preparation of this form and any supplement hereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both (18 U.S.C. 2, 1001, 1546, 1621).*

| 1. Attorney or Agent's Last (family) Name * | 2. First (given) Name * | 3. Middle Initial § |
|---|---|---|
| Dees | Ashley | F |

| 4. Firm/Business Name * | | |
|---|---|---|
| Ashley Foret Dees, LLC | | |

| 5. Signature * | 6. Date Signed * |
|---|---|
| *AshDees* | 07 / 01 / 2022 |

### B. Employer Declaration

*By virtue of my signature below,* ***I HEREBY CERTIFY*** *my knowledge of and compliance with the following conditions of employment:*

1. The job opportunity is a full-time temporary position, the qualifications for which do not substantially deviate from the normal and accepted qualifications required by non-H-2A employers in the same or comparable occupations and crops.

2. The specific job opportunity for which the employer is requesting H-2A certification is not vacant because the former occupant(s) is (are) on strike or locked out in the course of a labor dispute.

3. The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship, and the employer has conducted and will continue to conduct the required recruitment, in accordance with regulations, and has been unsuccessful in locating sufficient numbers of qualified U.S. applicants for the job opportunity for which certification is sought. Any U.S. workers who applied or apply for the job were or will be rejected only for lawful, job-related reasons, and the employer must retain records of all rejections as required by 20 CFR 655.167.

4. The job opportunity offers U.S. workers no less than the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to H-2A workers and complies with the requirements at 20 CFR 655, Subpart B.

5. The employer understands that it must offer, recruit at, and pay a wage that is at least the highest of the Adverse Effect Wage Rate (AEWR) in effect at the time the job order is placed, the prevailing hourly or piece rate, the agreed-upon collective bargaining rate (CBA), or the Federal or State minimum wage, and, furthermore, that if a new AEWR is published, or the employer is notified of a new prevailing wage rate during the contract period, and that new rate is higher than the wage determined by the National Processing Center (NPC) (except the CBA) during the application process the employer will increase the pay of all employees in the same job occupation to the higher rate. For employers subject to the requirements at 20 CFR 655.200-235, the employer understands that it must offer, recruit at, and pay a wage that is at least the highest of the AEWR, the agreed-upon CBA, or the applicable minimum wage rate set by Federal or State law or judicial action, for each month, or portion thereof, during the job order period.

6. The employer has read, understands, and agrees to comply with each of the conditions of employment and assurances for H-2A Agricultural Clearance Orders listed in Section I of the Form ETA-790A and attached to this Form ETA-9142A.

7. There are insufficient U.S. workers available in the area(s) capable of performing the temporary services or labor in the job opportunity, and the employer will conduct positive recruitment as specified by the NPC and continue to cooperate with the SWA by accepting referrals of all eligible U.S. workers who apply (or on whose behalf an application is made) for the job opportunity until completion of 50% of the contract period calculated from the first date of need indicated in Section A.3 of Form ETA-790A.

8. All fees associated with processing this application will be paid in a timely manner (i.e., within 30 days after the date of the certification).

Doc ID: e47f69537855f14156c0a24644e4d72ec932c293

Confidential

SCSCGA-037066

OMB  Approval:  1205-0466
Expiration Date: 08/31/2022

**H-2A Application for Temporary Employment Certification**
Form ETA-9142A – APPENDIX A
U.S. Department of Labor



9.  During the period of employment that is the subject of the labor certification application, the employer:

   (i)  Will comply with applicable Federal, State, and local employment-related laws and regulations, including employment-related health and safety laws.
   (ii)  Will provide or secure housing at no cost to the H-2A workers and those workers in corresponding employment who are not reasonably able to return to their residence within the same day.  The housing provided or secured for workers complies with the applicable local, State, or Federal standards and guidelines for housing.
   (iii)  Where required, has timely requested a preoccupancy inspection of the housing and received certification.
   (iv)  Will provide workers' compensation insurance coverage in compliance with State law covering injury and disease arising out of and in the course of the worker's employment.  If the type of employment for which the certification is sought is not covered by or is exempt from the State's workers' compensation law, the employer will provide, at no cost to the worker, insurance coverage with benefits at least equal to those provided under the State workers' compensation law for other comparable employment.  20 CFR 655.122(e).
   (v)  Will provide transportation in compliance with all applicable Federal, State or local laws and regulations between the worker's living quarters (i.e., housing provided by the employer under 20 CFR 655.122(d) and, if applicable, § 655.230) and the employer's worksite without cost to the worker.
   (vi)  Will provide to the worker, without charge or deposit charge, all tools, supplies, and equipment required to perform the duties assigned. 20 CFR 655.122(f).
   (vii)  Will provide meals and potable water, without charge to the worker, if subject to the requirements at 20 CFR 655.200-235.

10.  The employer has not laid off and will not lay off any similarly employed U.S. worker in the occupation that is the subject of the application and job order in the area of intended employment except for lawful, job related reasons within 60 days of the date of need, or if the employer has laid off such workers, it has offered the job opportunity that is the subject of the application to those laid-off U.S. worker(s) and the U.S. worker(s) refused the job opportunity, was rejected for the job opportunity for lawful, job-related reasons, or was hired.

11.  The employer and its agents have not sought or received payment of any kind from the H-2A worker for any activity related to obtaining labor certification, including payment of the employer's attorneys' fees, application fees, or recruitment costs.  For purposes of this paragraph, payment includes, but is not limited to, monetary payments, wage concessions (including deductions from wages, salary, or benefits), kickbacks, bribes, tributes, in kind payments, and free labor.

12.  The employer has and will contractually forbid any foreign labor contractor or recruiter whom the employer engages in international  recruitment of H-2A workers to seek or receive payments from prospective employees, except as provided for in the Department of Homeland Security (DHS) regulations.

13.  The employer has not and will not intimidate, threaten, restrain, coerce, blacklist, or in any manner discriminate against, and has not and will not cause any person to intimidate, threaten, restrain, coerce, blacklist, or in any manner discriminate against, any person who has with just cause:

   (i)  Filed a complaint under or related to Sec. 218 of the INA (8 U.S.C. 1188), or any Department regulation promulgated under Sec. 218 of the INA;
   (ii)  Instituted or caused to be instituted any proceeding under or related to Sec. 218 of the INA, or any Department regulation promulgated under Sec. 218 of the INA;
   (iii)  Testified or is about to testify in any proceeding under or related to Sec. 218 of the INA or any Department regulation promulgated under Sec. 218 of the INA;
   (iv)  Consulted with an employee of a legal assistance program or an attorney on matters related to Sec. 218 of the INA or any Department regulation promulgated under Sec. 218 of the INA; or
   (v)  Exercised or asserted on behalf of himself/herself or others any right or protection afforded by Sec. 218 of the INA, or any Department regulation promulgated under Sec. 218 of the INA.

14.  The employer has not and will not discharge any person because of that person's taking any action listed in paragraph 13(i) through (v) listed above.

15.  The employer will inform H-2A workers of the requirement that they leave the U.S. at the end of the period certified by the Department or separation from the employer, whichever is earlier, as required under 20 CFR 655.135(i), unless the H-2A worker is being sponsored by another subsequent employer.

16.  The employer has posted the Notice of Workers' Rights as required by 20 CFR 655.135(l) in a conspicuous place frequented by all  employees.

17.  If the application is being filed as an H-2A Labor Contractor the following additional attestations and obligations apply under 20 CFR 655.132:

   (i)  The H-2A Labor Contractor has provided a copy of the Migrant and Seasonal Agricultural Worker Protection Act (MSPA) Farm Labor Contractor certificate of registration if required under MSPA, 1801 U.S.C. et seq., to have such a certificate identifying the specific farm labor contracting activities it is authorized to perform;
   (ii)  The H-2A Labor Contractor has provided with this application a list of the names and locations of each fixed-site agricultural business to which the H-2A Labor Contractor expects to provide H-2A workers, the expected beginning and ending dates when the H-2A Labor Contractor will be providing the workers to each fixed site, and a description of the crops and activities the workers are expected to perform at such fixed site;
   (iii)  The H-2A Labor Contractor is able to provide proof of its ability to discharge financial obligations under the H-2A program and has secured a surety bond as required by 29 CFR 501.9, the original of which is attached and shows the name, address, phone number, and contact person for the surety, and provides the amount of the bond (as calculated pursuant to 29 CFR 501.9);
   (iv)  The H-2A Labor Contractor has engaged in and will engage in recruitment efforts in each area of intended employment in which it has listed a fixed-site agricultural business as required in 20 CFR 655.121, 655.150-155 and 655.215; and

Doc ID: e47f69537855f14156c0a24644e4d72ec932c293

Confidential

SCSCGA-037067

*OMB  Approval: 1205-0466*
*Expiration Date: 08/31/2022*

**H-2A Application for Temporary Employment Certification**
Form ETA-9142A – APPENDIX A
U.S. Department of Labor



---

(v) The H-2A Labor Contractor has obtained from each fixed-site agricultural business that will provide housing or transportation to the workers a written statement stating that:

    a. All housing used by workers and owned, operated, or secured by the fixed-site agricultural business complies with the applicable housing standards in 20 CFR 655.122(d) and, if applicable, 655.235; and

    b. All transportation between the worksite and the workers' living quarters that is provided by the fixed-site agricultural business complies with all applicable Federal, State, or local laws and regulations and will provide, at a minimum, the same vehicle safety standards, driver licensure, and vehicle insurance as required under 29 U.S.C. 1841 and 29 CFR part 500, except where workers' compensation is used to cover such transportation as described in § 655.122(e); and

    c. Attach to the statement certificates of occupancy from the SWA for all employer owned housing and copies of all drivers' licenses, vehicle registration, and insurance policies for all drivers and vehicles used to transport H-2A workers.

**I hereby designate** the agent or attorney identified in Section D (if any) of the Form ETA-9142A and Section A above to represent me for the purpose of labor certification and, by virtue of my signature in Block 5 below, **I take full responsibility** for the accuracy of any representations made by my agent or attorney on every page of the Form ETA-9142A, Form ETA-790/790A and documentation supporting this application.

**I declare** under penalty of perjury that I have read and reviewed this application, including every page of the Form ETA-9142A, Form ETA-790/790A, and supporting documentation, and that to the best of my knowledge the information contained therein is true and accurate.  *I understand that to knowingly and/or willfully furnish materially false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both (18 U.S.C. 2, 1001, 1546, 1621).*

| 1. Last (family) Name * | 2. First (given) Name * | 3. Middle Initial § |
|---|---|---|
| Gonsoulin | Ricky | |

| 4.  Title * |
|---|
| President |

| 5.  Signature * | 6.  Date Signed * |
|---|---|
| *Ricky Gonsoulin* | 06 / 08 / 2022 |

**Public Burden Statement (1205-0466)**

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.  Public reporting burden for this collection of information is estimated to average 3.66 hours per response for all H-2A information collection requirements, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing, reviewing, and submitting the collection of information.  The obligation to respond to this data collection is required to obtain/retain benefits (Immigration and Nationality Act, 8 U.S.C. 1101, et seq.).  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the U.S. Department of Labor, Employment and Training Administration, Office of Foreign Labor Certification, 200 Constitution Ave., NW, Suite PPII 12-200, Washington, DC, 20210. (Paperwork Reduction Project OMB 1205-0466).  DO NOT send the completed application to this address.

---

Doc ID: e47f69537855f14156c0a24644e4d72ec932c293

Confidential                                                              SCSCGA-037068

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Appendix A; for Signature.pdf |
| **FILE NAME** | Appendix%20A%3B%20for%20Signature.pdf |
| **DOCUMENT ID** | e47f69537855f14156c0a24644e4d72ec932c293 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| SENT | **06 / 08 / 2022** 15:29:06 UTC | Sent for signature to Ricky Gonsoulin (rickygonsoulin@gmail.com) and Ashley Dees (ashley@afdees.com) from annettegarcia@afdees.com IP: 209.64.106.74 |
| VIEWED | **06 / 08 / 2022** 15:34:37 UTC | Viewed by Ricky Gonsoulin (rickygonsoulin@gmail.com) IP: 107.77.200.85 |
| SIGNED | **06 / 08 / 2022** 15:35:26 UTC | Signed by Ricky Gonsoulin (rickygonsoulin@gmail.com) IP: 107.77.200.85 |
| VIEWED | **07 / 01 / 2022** 14:47:11 UTC | Viewed by Ashley Dees (ashley@afdees.com) IP: 209.64.106.74 |
| SIGNED | **07 / 01 / 2022** 14:47:18 UTC | Signed by Ashley Dees (ashley@afdees.com) IP: 209.64.106.74 |
| COMPLETED | **07 / 01 / 2022** 14:47:18 UTC | The document has been completed. |

Powered by **▼ HELLOSIGN**