# EXHIBIT 111

# ETA-9142A Appendix A (2024 season)

OMB Approval: 1205-0537
Expiration Date: 11/30/2025

**H-2A Application for Temporary Employment Certification**
Form ETA-9142A – APPENDIX A
U.S. Department of Labor



## For Use in Filing Applications under the H-2A Agricultural Program <u>ONLY</u>

### A.   Attorney or Agent Declaration

*I hereby declare under penalty of perjury that I am an attorney or agent for the employer and that I have been designated by that employer to act on its behalf in connection with this application.  If I am an agent of the employer, I have attached a copy of the agent agreement in accordance with 20 CFR 655.133.*

***I HEREBY CERTIFY*** *that I have provided to the employer the Form ETA-9142A, Form ETA-790/790A, and all supporting documentation for review and to the best of my knowledge the information contained herein is true and accurate, including the employer's declaration regarding activities that I have undertaken on the employer's behalf in connection with this application.  I understand that to knowingly and/or willfully furnish materially false information in the preparation of this form and/or any supplement hereto, or to aid, abet, or counsel another to do so, is a federal offense punishable by fines, imprisonment, or both (18 U.S.C. §§ 2, 1001, 1546, 1621).*

| 1.  Attorney or Agent's Last (family) Name * | 2.  First (given) Name * | 3.  Middle Initial § |
|---|---|---|
| Dees | Ashley | F |
| 4.  Firm/Business Name * <br> Berry Appleman & Leiden LLP | | |
| 5.  Signature *   *Ashley Dees* <br> 79B626BC67F3B02C075D0EE31240AB92    contract**works.** | | 6.  Date Signed * <br> **06/20/2024** |

### B.   Employer Declaration

*By virtue of my signature below,* ***I HEREBY CERTIFY*** *my knowledge of and compliance with the following conditions of employment:*

1.   The job opportunity is a full-time temporary position, the qualifications for which do not substantially deviate from the normal and accepted qualifications required by non-H-2A employers in the same or comparable occupations and crops.
     *Joint Employment Pursuant to 20 CFR 655.131(b):*  If the employer files this *H-2A Application for Temporary Employment Certification* together with one or more other employers seeking to jointly employ H-2A workers pursuant to 20 CFR 655.131(b), the employer assures that no single joint employer will employ an H-2A worker, or any combination of H-2A workers, for more than a total of 34 hours in any workweek. In addition, the employer agrees to comply with the conditions of employment required of an employer participating in the H-2A program, and assumes full responsibility for the accuracy of the representations made in this *Application for Temporary Employment Certification* and for compliance with all of the assurances and obligations of an employer in the H-2A program at all times during the period the *Application for Temporary Employment Certification* is valid.

2.   The specific job opportunity for which the employer is requesting H-2A certification is not vacant because the former occupant(s) is (are) on strike or locked out in the course of a labor dispute.

3.   The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship, and the employer has conducted and will continue to conduct the required recruitment, in accordance with regulations, and has been unsuccessful in locating sufficient numbers of qualified U.S. applicants to perform the labor or services for which certification is sought.  Any U.S. workers who applied or apply for the job were or will be rejected only for lawful, job-related reasons, and the employer must retain records of all rejections as required by 20 CFR 655.167.

4.   The job opportunity offers U.S. workers no less than the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to H-2A workers and complies with the requirements at 20 CFR part 655, subpart B.

5.   The employer understands that it must offer, recruit at, and pay a wage that is at least the highest of the Adverse Effect Wage Rate (AEWR) in effect at the time the job order is placed, a prevailing wage rate, the agreed-upon collective bargaining wage (CBA), the Federal minimum wage, or the State minimum wage.  Furthermore, the employer understands that if the applicable AEWR or prevailing wage is adjusted during the contract period, and that new rate is higher than the highest of the AEWR, the prevailing wage, the CBA, the Federal minimum wage, or the State minimum wage, the employer will increase the pay of all employees in the same occupation to at least the higher rate no later than the effective date of the adjustment.  If the new AEWR or prevailing wage is lower than the rate guaranteed on the job order, the employer must continue to pay at least the rate guaranteed on the job order.
     For employers subject to the requirements at 20 CFR 655.200-235, the employer understands that it must offer, recruit at, and pay a wage that is at least the highest of the monthly AEWR, the agreed-upon CBA wage, or the applicable minimum wage rate set by Federal or State law or judicial action, for each month, or portion thereof, during the job order period. Furthermore, if a new monthly AEWR is published during the contract period, and that new rate is higher than both the agreed-upon CBA wage, and the minimum wage imposed by Federal or State law or judicial action in effect at the time the work is performed, the employer must pay at least that new monthly AEWR no later than the effective date of the update.

6.   The employer has read, understands, and agrees to comply with each of the conditions of employment, assurances, and obligations for H-2A Agricultural Clearance Orders listed in Section I of the Form ETA-790A and attached to this Form ETA-9142A.

7.   There are insufficient U.S. workers available in the area(s) capable of performing the temporary services or labor in the job opportunity, and the employer will conduct positive recruitment as specified by OFLC and continue to cooperate with the SWA by accepting referrals of all

SCSCGA - 001500

OMB Approval: 1205-0537
Expiration Date: 11/30/2025

**H-2A Application for Temporary Employment Certification**
Form ETA-9142A – APPENDIX A
U.S. Department of Labor



eligible U.S. workers who apply (or on whose behalf an application is made) for the job opportunity until completion of 50 percent of the contract period calculated from the first date of need indicated in Section A.3 of Form ETA-790A.

8.  All fees associated with processing this application will be paid in a timely manner (i.e., within 30 days after the date of the certification).

9.  During the period of employment that is the subject of the *H-2A Application for Temporary Employment Certification*, the employer:

    (i)   Will comply with applicable Federal, State, and local employment-related laws and regulations, including employment-related health and safety laws.
    (ii)  Will provide or secure housing at no cost to the H-2A workers and those workers in corresponding employment who are not reasonably able to return to their residence within the same day.  The housing provided or secured for workers complies with the applicable local, State, and/or Federal standards and guidelines.
    (iii) Where required, has timely requested a preoccupancy inspection of the housing and received certification.
    (iv)  Will provide workers' compensation insurance coverage in compliance with State law covering injury and disease arising out of and in the course of the worker's employment.  If the type of employment for which the certification is sought is not covered by or is exempt from the State's workers' compensation law, the employer will provide, at no cost to the worker, insurance coverage with benefits at least equal to those provided under the State workers' compensation law for other comparable employment.  20 CFR 655.122(e).
    (v)   Will provide transportation in compliance with all applicable Federal, State or local laws and regulations between the worker's living quarters (i.e., housing provided or secured by the employer under 20 CFR 655.122(d)) and the place of employment without cost to the worker.
    (vi)  Will provide to the worker, without charge or deposit charge, all tools, supplies, and equipment required to perform the duties assigned. 20 CFR 655.122(f), .210(d), or .302(c).
    (vii) Will provide meals and potable water, without charge to the worker, if subject to the requirements at 20 CFR 655.200-235.

10. The employer has not laid off and will not lay off any similarly employed U.S. worker in the occupation that is the subject of the application and job order in the area of intended employment except for lawful, job related reasons within 60 days of the date of need, or if the employer has laid off such workers, it has offered the job opportunity that is the subject of the application to those laid-off U.S. worker(s) and the U.S. worker(s) refused the job opportunity, was rejected for the job opportunity for lawful, job-related reasons, or was hired.

11. The employer and its agents have not sought or received payment of any kind from the H-2A worker for any activity related to obtaining a temporary agricultural labor certification, including payment of the employer's attorneys' fees, application fees, or recruitment costs.  For purposes of this paragraph, payment includes, but is not limited to, monetary payments, wage concessions (including deductions from wages, salary, or benefits), kickbacks, bribes, tributes, in kind payments, and free labor.

12. The employer has and will contractually prohibit in writing any foreign labor contractor or recruiter whom the employer engages in international recruitment of H-2A workers to seek or receive payments or other compensation from prospective employees, except as provided for in DHS regulations.

13. The employer has not and will not intimidate, threaten, restrain, coerce, blacklist, or in any manner discriminate against, and has not and will not cause any person to intimidate, threaten, restrain, coerce, blacklist, or in any manner discriminate against, any person who has:

    (i)   Filed a complaint under or related to Sec. 218 of the INA (8 U.S.C. § 1188), or any Department regulation promulgated under Sec. 218 of the INA;
    (ii)  Instituted or caused to be instituted any proceeding under or related to Sec. 218 of the INA, or any Department regulation promulgated under Sec. 218 of the INA;
    (iii) Testified or is about to testify in any proceeding under or related to Sec. 218 of the INA or any Department regulation promulgated under Sec. 218 of the INA;
    (iv)  Consulted with an employee of a legal assistance program or an attorney on matters related to Sec. 218 of the INA or any Department regulation promulgated under Sec. 218 of the INA; or
    (v)   Exercised or asserted on behalf of himself/herself or others any right or protection afforded by Sec. 218 of the INA, or any Department regulation promulgated under Sec. 218 of the INA.

14. The employer has not and will not discharge any person because of that person's taking any action listed in paragraph 13(i) through (v) listed above.

15. The employer will inform H-2A workers of the requirement that they leave the U.S. at the end of the period certified by the Department or separation from the employer, whichever is earlier, as required under 20 CFR 655.135(i), unless the H-2A worker is being sponsored by another subsequent employer.

16. The employer has posted the Notice of Workers' Rights as required by 20 CFR 655.135(I) in a conspicuous place frequented by all employees.

17. If the employer is filing the application as an H-2A Labor Contractor the following additional attestations and obligations apply under 20 CFR 655.132:

    (i)   The H-2A Labor Contractor has provided a copy of the Migrant and Seasonal Agricultural Worker Protection Act (MSPA) Farm Labor Contractor certificate of registration if required under MSPA, 1801 U.S.C. et seq., to have such a certificate identifying the specific farm labor contracting activities it is authorized to perform;
    (ii)  The H-2A Labor Contractor has provided with this application a job order, Form ETA-790/790A, Addendum B, listing the names and locations of each fixed-site agricultural business to which the H-2A Labor Contractor expects to provide H-2A workers, the expected first and last dates when the H-2A Labor Contractor will be providing the workers to each fixed site, and a description of the crops and activities the workers are expected to perform at such fixed site;

SCSCGA - 001501

*OMB Approval: 1205-0537*
*Expiration Date: 11/30/2025*

**H-2A Application for Temporary Employment Certification**
Form ETA-9142A – APPENDIX A
U.S. Department of Labor



---

(iii)    The H-2A Labor Contractor is able to provide proof of its ability to discharge financial obligations under the H-2A program and has secured a surety bond as required by 20 CFR 655.132(c), the original of which is attached or will be submitted for receipt within 30 calendar days of the date that the certification is issued and provides the name, address, phone number, and contact person for the surety, and provides the amount of the bond (as calculated pursuant to 20 CFR 655.132(c));

(iv)    The H-2A Labor Contractor has engaged in and will engage in recruitment efforts in each area of intended employment in which it has listed a fixed-site agricultural business as required in 20 CFR 655.121, 655.150-155 and 655.215; and

(v)    If a fixed-site agricultural business will provide housing or transportation to the workers, the H-2A Labor Contractor has provided proof that:

     a.    All housing used by workers and owned, operated, or secured by the fixed-site agricultural business complies with the applicable housing standards in 20 CFR 655.122(d) or, if applicable, 655.235 or 655.304; and

     b.    All transportation between the places of employment and the workers' living quarters that is provided by the fixed-site agricultural business complies with all applicable Federal, State, or local laws and regulations and will provide, at a minimum, the same vehicle safety standards, driver licensure, and vehicle insurance as required under 29 U.S.C. 1841 and 29 CFR part 500, except where workers' compensation is used to cover such transportation as described in 20 CFR 655.122(h); and

     c.    Attach to the statement certificates of occupancy from the SWA for all employer owned housing and copies of all drivers' licenses, vehicle registration, and insurance policies for all drivers and vehicles used to transport H-2A workers.

**I hereby designate** the agent or attorney identified in Section D (if any) of the Form ETA-9142A and Section A above to represent me for the purpose of labor certification and, by virtue of my signature in Block 5 below, **I take full responsibility** for the accuracy of any representations made by my agent or attorney on every page of the Form ETA-9142A, Form ETA-790/790A, and documentation supporting this application.

**I declare** under penalty of perjury that I have read and reviewed this application, including every page of the Form ETA-9142A, Form ETA-790/790A, and supporting documentation, and that to the best of my knowledge the information contained therein is true and accurate. *I understand that to knowingly and/or willfully furnish materially false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both (18 U.S.C. §§ 2, 1001, 1546, 1621).*

| 1. Last (family) Name * | 2. First (given) Name * | 3. Middle Initial § |
|---|---|---|
| Gonsoulin | Ricky | |
| **4. Title *** | | |
| Director | | |
| **5. Signature *** <br> *Ricky Gonsoulin* <br> E3986F4E1030E9995583278D661AE50C    contract**works.** | | **6. Date Signed *** <br> 06/20/2024 |

**For Public Burden Statement, see the Instructions for Form ETA-9142A.**

---

SCSCGA - 001502