UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

_____

FELIPE DE JESUS AVILA-SOTO,  et al.

          Plaintiffs,

v.

SOUTH CENTRAL SUGAR CANE
GROWERS' ASSOCIATION, INC., et al.

          Defendants.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 6:24-cv-01392

JUDGE ROBERT R. SUMMERHAYS

MAGISTRATE JUDGE CAROL B. WHITEHURST

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR COURT APPROVAL OF PROPOSED CLASS ACTION NOTICE AND EXCLUSION FORM**

Plaintiffs have moved for Court approval of their Proposed Class Notice, plan of distribution, and exclusion form. On May 8, 2026, the Court adopted the magistrate judge's recommendation to certify Plaintiffs' breach of employment contract and Louisiana Wage Payment Act claims as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3). (ECF No. 114). The Federal Rules require that when a class is certified under Rule 23(b)(3) that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The Rules also require that:

> The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner of requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

1

Fed. R. Civ. P. 23(c)(2)(B). The notice requirement provides that class members "must receive notice plus an opportunity to be heard and participate in the litigation in person or through counsel," *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and "is not a discretionary consideration to be waived in a particular case," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974). Additionally, "class notice must describe the proceedings in objective, neutral terms." *In re Deepwater Horizon*, 739 F.3d 790, 819 (5th Cir. 2014) (cleaned up). Plaintiffs' notice meets the requirements of Rule 23(c) and the proposed method of distribution to workers in Mexico using a third-party administrator is the most practicable under the circumstances.

Plaintiffs' proposed notice, attached as Exhibit A, contains easy to understand language[1] that can readily be translated into Spanish. *Salim v. JPay, Inc.*, 4:18-cv-00730, 2019 U.S. Dist. LEXIS 64733, at *9 (E.D. Tex. Apr. 16, 2019) (approving notice "written in plain language, [which] uses simple terminology, and is designed to be readily understandable"). The notice  is divided into individual sections describing the case, explaining a class action lawsuit, providing the definition of the Court-approved class, and notifying the class members that they are represented by Class Counsel but may also seek their own counsel. *Merrell v. 1st Lake Props., Inc.*, No. 23-1450, 2025 LX 95208, at *20 (E.D. La. May 22, 2025) (approving of class notice which contained "clear headings and utilize[d] plain language"). The notice informs class members of the binding nature of the class action and provides instructions on how a class member can exclude themselves from the case and the deadline to do so.[2] In order to avoid any confusion, the notice also has a section that provides class members information about how this

---

[1] The notice and exclusion form are in English but, upon approval by the Court, will be translated into Spanish prior to distribution since all class members are H-2A workers from Mexico who are believed to maintain their permanent residences in Mexico.

[2] The deadline, which is proposed to be a date 60 days after the notice is sent, will be inserted by the claims administrator at the time of notice transmission.

notice with its "opt-out" procedures differ from the prior FLSA notice sent to some class members that had an "opt-in" procedure. Finally, the notice provides information to class members that they may not be retaliated against for their participation or non-participation in the class action and provides contact information for Class Counsel.

With respect to distribution of the notice, Class Counsel has engaged a third-party administrator that will send the notices via e-mail and text message to the class members with a version of the class notice also available on a website for class members. The administrator will send a postal notice to any class member for whom text messages or emails are undeliverable. This is a standard method of distribution that is routinely approved by courts in Rule 23(b)(3) class actions. *See, e.g.*, *Merrell v. 1st Lake Props., Inc.*, No. 23-1450, 2025 U.S. Dist. LEXIS 998269, at *22 (E.D. La. May 22, 2025) (approving of "direct mailing or emailing to the class members . . . [a]s the best notice practicable under the circumstances."); *Plante v. Storybuilt, LLC*, No. 1:23-CV-01021-DAE, 2025 U.S. Dist. LEXIS 2892, at *18 (W.D. Tex. Jan. 7, 2025) ("[C]ourts have increasingly approved of notice in the form of electronic mail and text message to provide notice under Rule 23(c)(2)(B), which also contemplates notice via 'electronic means' under its plain language."); *Cormier v. Scribe Media, LLC*, No. 1-23-CV-00647-DAE, 2024 U.S. Dist. LEXIS 189099, at *22 (W.D. Tex. Oct. 16, 2024) (approving of "proposed forms of [class] notice—including electronic mail and text message"); *In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, MDL No. 2323 SECTION: R(2), 2014 U.S. Dist. LEXIS 178989, at *44-46 (E.D. La. Dec. 31, 2014) (authorizing notice by email to last known email address available in defendants' databases). Class Counsel will file notice with the Court when the sending of notices has been completed. Class members will have 60 days from when notices are first sent in which to return any exclusion forms to remove themselves as members of the class. The 60-day time period is

also an acceptable time frame to allow for delivery of notice and for class members to decide on their participation and return an opt-out form. *Merrell*, 2025 U.S. Dist. LEXIS 98269, at *32-33 (E.D. La. May 22, 2025) (60 day opt-out period); *Gunn v. E-Verifile.Com*, No. 3:19-cv-176-TSL-LRA, 2020 U.S. Dist. LEXIS 265405, at *4 (S.D. Miss. Aug. 13, 2020) (same); *Roll v. Enhanced Recovery Co., LLC*, No. 6:20-cv-212-RBD-EJK, 2021 U.S. Dist. LEXIS 217955, at *19 (M.D. Fla. Nov. 10, 2021) (recommending "a 60 day opt-out period").

As described above, Plaintiffs' notice and methods of distribution meet the requirements of Rule 23 and their motion should be granted.

Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone: (828) 379-3169
Email: jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA 94710
Phone: (404) 590-1295
Email: dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email: dan@estesdavislaw.com

Counsel for Plaintiffs