UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FELIPE DE JESUS AVILA-SOTO,  et al. )<br><br>Plaintiffs, )<br><br>v. )<br><br>SOUTH CENTRAL SUGAR CANE<br>GROWERS' ASSOCIATION, INC., et al. )<br><br>Defendants. ) | Case No. 6:24-cv-01392<br><br>JUDGE ROBERT R. SUMMERHAYS<br><br>MAGISTRATE JUDGE CAROL B.<br>WHITEHURST |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE TRIAL DATE AND RELATED DEADLINES**

Plaintiffs move to amend the Scheduling Order (ECF No. 33) to allow time for decision on the pending summary judgment motions and to allow distribution of the Rule 23 class notice and completion of the opt-out period before trial.  Plaintiffs seek to continue and re-set the trial date and related pre-trial deadlines.

**ARGUMENT**

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists here for a modification of the schedule to allow for decision of the pending summary judgment motions once they are fully briefed, to allow class members to receive the class notice, and to time trial for when class members and Plaintiff Suarez-Palafox and the FLSA opt-in Plaintiffs will have work visas allowing their presence at trial.

This matter is currently set for trial beginning on August 3, 2026, with a meeting of counsel to complete the pretrial order to be conducted by June 22, 2026, the joint pretrial order due on July 8, 2026, and a final pretrial conference scheduled for July 22, 2026. (ECF No. 33.)

1

Plaintiffs ask that the Court vacate the current trial date and its related deadlines and re-set the matter for a later trial date, ideally between late September and late January when Plaintiffs and class members will be present in Louisiana. Re-setting the trial date will benefit the Court and the parties in several ways: (1) it will allow time for a ruling on recently filed dispositive motions that are not yet fully briefed; (2) it will provide sufficient time to notify Rule 23 class members of this action and allow them to decide whether to remain in the class or opt-out prior to the start of the trial; and (3) depending on the date of the new trial setting, allow for easier participation by class members who maintain their permanent residences in Mexico but are employed by the Defendants seasonally on temporary visas that allow them to enter the country in late September or early October of 2026 and stay until mid to late January of 2027.

First, both the Plaintiffs and Defendants filed dispositive motions on May 22, 2026, that will not be fully briefed until June 26, 2026. (ECF Nos. 121, 122, 123) (setting briefing deadlines). The dispositive motions, if granted in whole or part, would either eliminate the need for trial or reduce the number and extent of claims or legal issues to be decided at trial.[1] Continuing the trial date and related deadlines will allow the Court time to rule on those motions and decision on those motions is in the interest of all parties in having a just, efficient, and less expensive determination of this action. Fed. R. Civ. P. 1. This will also allow the parties' proposed joint pretrial order to account for the Court's ruling on any claims or issues briefed for summary judgment. Second, re-setting the trial date is needed because the Court only recently granted Plaintiffs' motion for Rule 23 class certification, ECF No. 114, and notice to the class of

---

[1] While Plaintiffs moved for summary judgment as to liability with respect to their legal claims and the liability of Defendant Sterling Sugars, LLC regarding those claims, Plaintiffs did not move for summary judgment regarding the damages that would be owed to Plaintiffs, FLSA opt-in Plaintiffs, and Rule 23 class members. The scope of the FLSA collective action and the Rule 23 class members has not been finalized based on the FLSA opt-in deadline of June 16, 2026, and the fact that Rule 23 notices have not yet been sent to class members. If Plaintiffs' summary judgment motions are granted it is likely that the parties could stipulate as to damages, or that a very brief trial would be necessary as to damages amounts only.

2

that certification must still be sent in advance of trial. *See* Fed. R. Civ. P. 23(c)(2)(B) (requiring the sending of a notice that would inform class members, *inter alia*, of their right to enter an appearance through an attorney other than class counsel and their right to exclude themselves from the class). That notice process will be ineffective if it is on-going after the trial begins as the scope of the class would not be known during the trial and the notice must be provided in advance of trial to provide class members their due process rights.

Plaintiffs have filed a motion for approval of a class notice and a proposed method of distribution. (ECF No. 125.) The notice is not discretionary and must be provided to the class members. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974) ("[I]ndividual notice to identifiable class members is not a discretionary consideration[.]") The class members, all of whom are believed to permanently reside in Mexico, will need time to receive and review the class notice and their option to remain in the class or opt-out. That motion proposes to provide class members 60 days to submit any exclusion forms which is 30 days less than the time they had to submit *opt-in* forms to join the FLSA collective action. (ECF No. 71.) Even with that shortened time the notice and exclusion process would not be complete before the current trial setting.[2] *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("The [class members] must receive notice plus an opportunity to be heard and participate in the litigation in person or through counsel."); *Bass v. PJCOMN Acquisition Corp.*, No. 09-cv-01614-REB-MEH, 2011 U.S. Dist. LEXIS 58359, at *4-5 (D. Colo. June 1, 2011) (continuing trial date to permit "notice to any certified Rule 23 class to be accomplished" and to allow a reasonable time to determine pending motions before trial); *Zeisel v. Diamond Foods, Inc.*, No. C 10-01192 JSW, 2011 U.S.

---

[2] Defendants have informed Plaintiffs they should be able to provide a class list on Friday, June 12, 2026. The notice administrator will then need time to prepare and process the notice, which likely means that notice will not be sent until at least the early part of July. A 60- or 90-day timeframe to file any exclusion forms would result in the process being complete in mid-September or mid-October, well *after* the current trial date of August 3rd.

Dist. LEXIS 113550, at *9-10 (N.D. Cal. Oct. 3, 2011) (continuing trial date to allow sufficient time to send class notice and rule on summary judgment motions); *R & D Business Sys. v. Xerox Corp.*, 150 F.R.D. 87, 91-92 (E.D. Tex. 1993) ("The Court considers three months before trial to be an acceptable time period for notice to go out to class members . . . .").

Finally, continuing the trial date would also allow for greater participation by the FLSA opt-in Plaintiffs and other class members at trial. The class members, by definition, are foreign workers who have worked in the United States pursuant to H-2A visas and who maintain their permanent residences in Mexico. As such, they lack permanent immigration status, cannot freely enter the United States, and only have access to temporary, seasonal, work visas. If trial is not timed to coincide with their work visas, they will be required to apply for and obtain discretionary humanitarian parole in order to attend and testify at trial. But class members who are employed by the Defendants during the 2026 sugarcane harvest season will begin to arrive in Franklin, Louisiana in late September and likely be in the United States until mid to late January of 2027 and therefore available during that time period to attend and testify at trial in Lafayette.

Plaintiffs assert that all parties and the Court will benefit from continuing and re-setting the trial date and related deadlines. *See Jammal v. Am. Family Ins. Grp.*, No. 1:13 CV 437, 2017 U.S. Dist. LEXIS 4897, at *5-6 (N.D. Ohio Jan. 12, 2017) (continuing trial date "in order to ensure that all rights of the class members are preserved and to preclude uncertainty that may otherwise arise in connection with the class opt-out notice").

## CONCLUSION

For all of the foregoing reasons, good cause exists to amend the Scheduling Order in this case and Plaintiffs' motion should be granted.

Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone: (828) 379-3169
Email: jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA 94710
Phone: (404) 590-1295
Email: dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email: dan@estesdavislaw.com

Counsel for Plaintiffs

5