**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **FELIPE DE JESUS AVILA-SOTO, ET AL.** | * | **CIVIL ACTION NO.  6:24-CV-01392** |
| | * | |
| | * | **JUDGE ROBERT R. SUMMERHAYS** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |
| **SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., ET AL.** | * | |
| | * | |
| | * | |
| | * | |

**DEFENDANTS' STATEMENT OF DISPUTED MATERIAL FACTS**

Pursuant to Rule 56.2 of the Local Rules for the United States District Court for the Western District of Louisiana, Defendants, South Central Sugar Cane Growers' Association, Inc. ("South Central") and Sterling Sugars, LLC ("Sterling") (collectively "Defendants"), respectfully submit their statement of the material facts as to which there exists a genuine issue to be tried as part of its Opposition to the Motion for Partial Summary Judgment Regarding Violations of the Fair Labor Standards Act, for Breach of Employment Contracts, and for Violations of the Louisiana Wage Payment Act ("MPSJ")[1] filed by Plaintiffs.[2]

1.      Undisputed.

2.      Undisputed.

3.      Undisputed.

4.      Undisputed.

5.      Undisputed.

---

[1] R. Doc. 119.

[2] To the extent that facts are not "disputed" herein, Defendants do not admit to the veracity of or stipulate to such facts. Defendants accept Plaintiffs' version of such undisputed facts as true for summary judgment purposes only."

1

6. Defendants dispute Plaintiffs' fact number 6. On behalf of South Central, Ashlee Gary testified that her role as treasurer of South Central is not part of her work as an employee of M.A. Patout. It is "part of the management contract that South Central has with Sterling Sugars."[3]

7. Undisputed.

8. Undisputed.

9. Undisputed.

10. Undisputed.

11. Undisputed.

12. Undisputed.

13. Undisputed.

14. Undisputed.

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Undisputed.

19. Undisputed.

20. Undisputed.

21. Undisputed.

22. Defendants dispute Plaintiffs' fact number 22 in that it characterizes witness testimony as a "joint effort" by "individuals employed by Sterling Sugars and M.A. Patout." The growers who formed the association came to the decision to do so "amongst growers" exclusively.[4]

23. Undisputed.

24. Defendants dispute Plaintiffs' fact number 24 in that it vaguely describes "the hauling work" without specifying *what* hauling work it refers to.

25. Undisputed.

---

[3] Ex. C, Deposition of Ashlee Gary/South Central, at 256:1-7.
[4] *See* R. Doc. 119-52 at 35:16 – 36:8.

26.     Defendants dispute Plaintiffs' fact number 26 in that it mischaracterizes the testimony of Randall Romero. Mr. Romero did not testify that the concern about wage rates "led to a decision to create a growers' association" or that it "resulted in the formation of South Central."[5]

27.     Undisputed.

28.     Undisputed.

29.     Undisputed.

30.     Defendants dispute Plaintiffs' fact number 30 in that it mischaracterizes both the testimony of the witnesses cited and their own "material facts," including fact number 23, which indicates that the formation of South Central was because of Department of Labor methodology, and for the same reasons that Defendants dispute fact number 26.

31.     Defendants dispute Plaintiffs' fact number 31 in that it mischaracterizes that South Central's members "do not own anything." The witnesses testified that the growers do not own anything within the association. The grower-members of South Central own their own farms and equipment. The *association* itself has no "hardcore assets."[6]

32.     Defendants dispute Plaintiffs' fact number 32. South Central did not testify that "losses are covered by Sterling Sugars." It testified that there is a "revenue balance agreement that allows Sterling Sugars to give income to the association in order to balance their books to zero."[7]

33.     Undisputed.

34.     Defendants dispute Plaintiffs' fact number 34 in that Plaintiffs' job titles were "Heavy and Tractor-Trailer Truck Drivers."[8]

35.     Undisputed.

36.     Undisputed.

37.     Undisputed.

38.     Defendants dispute Plaintiffs' fact number 38 in that it mischaracterizes the text of and partially quotes a contract which speaks for itself. The Management Services Agreement provides that "STERLING shall also make available from time to time for work and consultation

---

[5] R. Doc. 119-56 at 71:10-18.
[6] R. Doc. 119-48 at 213:12-21.
[7] R. Doc. 119-53 at 439:3-11
[8] *See* R. Doc. 118-12 (2022 ETA Form-790/790A, at SCSCGA-001123); 118-13 (2023 ETA Form-790/790A, at SCSCGA-001344); 118-14 (2024 ETA Form-790/790A, at SCSCGA-001512); 118-5 (2025 ETA Form-790/790A, at SCSCGA-003093).

other additional management staff available within the STERLING organization. The general manager under this contract shall not be an employee of SCGA."[9]

39.    Undisputed.

40.    Undisputed.

41.    Undisputed.

42.    Undisputed.

43.    Defendants dispute Plaintiffs' fact number 43. The testimony cited states that the number of truck drivers "comes in a communication effort of all the farmers that own the association, come up with a amount of product that needs to be shipped and we back in the number of truck drivers that's needed, and communicate with the processing facility that's going to process that amount of cane, and come up with a number that would effectively and efficiently haul that commodity in a given state of time." Further, "[t]he management firm determines how much the mill can grind per day, and how much the farmer-owned association will produce and back those numbers into the number of trucks that is a full estimate on the number of truck drivers that will be needed."[10]

44.    Defendants dispute Plaintiffs' fact number 44 in that it mischaracterizes the testimony of South Central and expands that representation, without regard for the communication structure described by South Central, that the number of truck drivers "comes in a communication effort of all the farmers that own the association, come up with a amount of product that needs to be shipped and we back in the number of truck drivers that's needed, and communicate with the processing facility that's going to process that amount of cane, and come up with a number that would effectively and efficiently haul that commodity in a given state of time."[11]

45.    Undisputed.

46.    Undisputed.

47.    Defendants dispute Plaintiffs' fact number 47 in that it mischaracterizes testimony and ignores that the deponent did not testify that Sterling Sugars "select[ed]" employees, only that it provided a list.[12]

48.    Undisputed.

49.    Undisputed.

---

[9] *See* R. Doc. 119-9.
[10] *See* R. Doc. 119-52 at 118:10-119:8, 120:12-126:11.
[11] *See* R. Doc. 119-52 at 118:10-119:8, 120:12-126:11.
[12] R. Doc. 119-52 at 151:2-9.

50.     Defendants dispute Plaintiffs' fact number 50 in that it mischaracterizes the testimony of the witness cited to support that fact.[13]

51.     Defendants dispute Plaintiffs' fact number 51 in that both deponents testified that they were not aware of or did not have personal knowledge of a "do not return" list.[14]

52.     Undisputed.

53.     Undisputed.

54.     Defendants dispute Plaintiffs' fact number 54 in that it is not supported by the testimony and documents cited to justify it.

55.     Undisputed.

56.     Undisputed.

57.     Undisputed.

58.     Undisputed.

59.     Undisputed.

60.     Undisputed.

61.     Undisputed.

62.     Undisputed.

63.     Undisputed.

64.     Undisputed.

65.     Undisputed.

66.     Defendants dispute Plaintiffs' fact number 66 in that it mischaracterizes the testimony of the witness cited to support that fact.

67.     Undisputed.

68.     Undisputed.

69.     Undisputed.

70.     Undisputed.

---

[13] R. Doc. 119-52 at 128:4 – 129:16.
[14] R. Doc. 119-52 at 128:10-129:11; R. Doc. 119-56 at 174:2-178:7.

71.    Undisputed.

72.    Defendants dispute Plaintiffs' fact number 72 in that it mischaracterizes the testimony of the witness cited to support that fact by reframing the statement and suggesting that Tim Soileau made the decision not to pay the employees overtime.

73.    Defendants dispute Plaintiffs' fact number 73 to the extent the Management Services Agreement for the provision of such services speaks for itself.[15]

74.    Defendants dispute Plaintiffs' fact number 74 to the extent the Management Services Agreement for the provision of such services speaks for itself.[16]

75.    Defendants dispute Plaintiffs' fact number 75 in that it mischaracterizes witness testimony.

76.    Defendants dispute Plaintiffs' fact number 76 to the extent the Management Services Agreement for the provision of such services speaks for itself.[17]

77.    Defendants dispute Plaintiffs' fact number 77 to the extent the Management Services Agreement for the provision of such services speaks for itself.[18]

78.    Undisputed.

79.    Defendants dispute Plaintiffs' fact number 79 to the extent the Management Services Agreement for the provision of such services speaks for itself.[19]

80.    Defendants dispute Plaintiffs' fact number 80 to the extent the Management Services Agreement for the provision of such services speaks for itself.[20]

81.    Defendants dispute Plaintiffs' fact number 81 to the extent the Management Services Agreement for the provision of such services speaks for itself.[21]

82.    Defendants dispute Plaintiffs' fact number 82 to the extent the Management Services Agreement for the provision of such services speaks for itself.[22]

83.    Undisputed.

84.    Undisputed.

85.    Undisputed.

---

[15] R. Doc. 119-9.
[16] R. Doc. 119-9.
[17] R. Doc. 119-9.
[18] R. Doc. 119-9.
[19] R. Doc. 119-9.
[20] R. Doc. 119-9.
[21] R. Doc. 119-9.
[22] R. Doc. 119-9.

86.    Undisputed.

87.    Defendants dispute Plaintiffs' fact number 87 to the extent the Management Services Agreement for the provision of such services speaks for itself.[23]

88.    Undisputed.

89.    Undisputed.

90.    Defendants dispute Plaintiffs' fact number 90 to the extent the Management Services Agreement for the provision of such services speaks for itself.[24]

91.    Defendants dispute Plaintiffs' fact number 91 to the extent the Management Services Agreement for the provision of such services speaks for itself.[25]

92.    Undisputed.

93.    Undisputed.

94.    Undisputed.

95.    Undisputed.

96.    Defendants dispute Plaintiffs' fact number 96 to the extent the Management Services Agreement for the provision of such services speaks for itself.[26]

97.    Defendants dispute Plaintiffs' fact number 97 to the extent the Management Services Agreement for the provision of such services speaks for itself.[27]

98.    Defendants dispute Plaintiffs' fact number 98 to the extent the Management Services Agreement for the provision of such services speaks for itself.[28]

99.    Undisputed.

100.    Undisputed.

101.    Defendants dispute Plaintiffs' fact number 101 in the mischaracterization of "almost identical," which misrepresents the nature of the referenced documents.

102.    Defendants dispute Plaintiffs' fact number 102 to the extent the Management Services Agreement for the provision of such services speaks for itself.[29]

---

[23] R. Doc. 119-9.
[24] R. Doc. 119-9.
[25] R. Doc. 119-9.
[26] R. Doc. 119-9.
[27] R. Doc. 119-9.
[28] R. Doc. 119-9.
[29] R. Doc. 119-9.

103.    Defendants dispute Plaintiffs' fact number 103 to the extent the Management Services Agreement for the provision of such services speaks for itself.[30]

104.    Defendants dispute Plaintiffs' fact number 104 to the extent the Management Services Agreement for the provision of such services speaks for itself.[31]

105.    Undisputed.

106.    Defendants dispute Plaintiffs' fact number 106 to the extent the Management Services Agreement for the provision of such services speaks for itself.[32]

107.    Undisputed.

108.    Defendants dispute Plaintiffs' fact number 108 to the extent the Management Services Agreement for the provision of such services speaks for itself.[33]

109.    Defendants dispute Plaintiffs' fact number 109 to the extent the Management Services Agreement for the provision of such services speaks for itself.[34]

110.    Defendants dispute Plaintiffs' fact number 110 to the extent the Management Services Agreement for the provision of such services speaks for itself.[35]

111.    Defendants dispute Plaintiffs' fact number 111 to the extent the Management Services Agreement for the provision of such services speaks for itself.[36]

112.    Defendants dispute Plaintiffs' fact number 112 to the extent the Management Services Agreement for the provision of such services speaks for itself.[37]

113.    Defendants dispute Plaintiffs' fact number 113 to the extent the Management Services Agreement for the provision of such services speaks for itself.[38]

114.    Defendants dispute Plaintiffs' fact number 114 to the extent the Management Services Agreement for the provision of such services speaks for itself.[39]

115.    Defendants dispute Plaintiffs' fact number 115 in that it mischaracterizes the testimony of the witness cited to support that fact.

---

[30] R. Doc. 119-9.
[31] R. Doc. 119-9.
[32] R. Doc. 119-9.
[33] R. Doc. 119-9.
[34] R. Doc. 119-9.
[35] R. Doc. 119-9.
[36] R. Doc. 119-9.
[37] R. Doc. 119-9.
[38] R. Doc. 119-9.
[39] R. Doc. 119-9.

116. Defendants dispute Plaintiffs' fact number 116 to the extent the Management Services Agreement for the provision of such services speaks for itself.[40]

117. Defendants dispute Plaintiffs' fact number 117 to the extent the Management Services Agreement for the provision of such services speaks for itself.[41]

118. Defendants dispute Plaintiffs' fact number 118 to the extent that the Management Services Agreement and referenced Lease Agreement for the provision of such services speak for themselves.[42]

119. Undisputed.

120. Undisputed.

121. Defendants dispute Plaintiffs' fact number 121 to the extent that the Management Services Agreement and referenced Lease Agreement for the provision of such services speak for themselves.[43]

122. Defendants dispute Plaintiffs' fact number 122 to the extent the Management Services Agreement for the provision of such services speaks for itself.[44]

123. Defendants dispute Plaintiffs' fact number 123 to the extent the Management Services Agreement for the provision of such services speaks for itself.[45]

124. Defendants dispute Plaintiffs' fact number 124 to the extent the Management Services Agreement for the provision of such services speaks for itself.[46]

125. Defendants dispute Plaintiffs' fact number 125 to the extent the Management Services Agreement for the provision of such services speaks for itself.[47]

126. Defendants dispute Plaintiffs' fact number 126 in that it mischaracterizes witness testimony and to the extent the Management Services Agreement for the provision of such services speaks for itself.[48]

127. Undisputed.

128. Undisputed.

129. Undisputed.

---

[40] R. Doc. 119-9.
[41] R. Doc. 119-9.
[42] R. Doc. 119-9; 119-43.
[43] R. Doc. 119-9; 119-43.
[44] R. Doc. 119-9.
[45] R. Doc. 119-9.
[46] R. Doc. 119-9.
[47] R. Doc. 119-9.
[48] R. Doc. 119-9.

130.    Defendants dispute Plaintiffs' fact number 130 in that it mischaracterizes the testimony of the witness cited to support that fact.

131.    Defendants dispute Plaintiffs' fact number 131 in that it mischaracterizes the testimony of the witness cited to support that fact.

132.    Defendants dispute Plaintiffs' fact number 132 in that the referenced promissory notes speak for themselves.

133.    Defendants dispute Plaintiffs' fact number 133 in that it mischaracterizes the testimony of the witness cited to support that fact.

134.    Defendants dispute Plaintiffs' fact number 134 in that it mischaracterizes the testimony of the witness cited to support that fact.

135.    Defendants dispute Plaintiffs' fact number 135 in that it mischaracterizes the testimony of the witness cited to support that fact.

136.    Defendants dispute Plaintiffs' fact number 136 in that it mischaracterizes the testimony of the witness cited to support that fact.

137.    Defendants dispute Plaintiffs' fact number 137 in that it mischaracterizes the testimony of the witness cited to support that fact.

138.    Defendants dispute Plaintiffs' fact number 138 in that it mischaracterizes the testimony of the witness cited to support that fact.

139.    Undisputed.

140.    Undisputed.

141.    Undisputed.

142.    Undisputed.

143.    Defendants dispute Plaintiffs' fact number 143 in that it mischaracterizes the testimony of the witness cited to support that fact.

144.    Undisputed.

145.    Undisputed.

146.    Undisputed.

147.    Undisputed.

148.    Defendants dispute Plaintiffs' fact number 148 in that it mischaracterizes the testimony of the witness cited to support that fact.

10

149.    Defendants dispute Plaintiffs' fact number 149 in that it describes and characterizes precise financial amounts as "roughly" and "approximately" when those amounts and the documents in support thereof speak for themselves.

150.    Defendants dispute Plaintiffs' fact number 150 to the extent the Management Services Agreement for the provision of such services speaks for itself.[49]

151.    Defendants dispute Plaintiffs' fact number 151 to the extent the Management Services Agreement for the provision of such services speaks for itself.[50]

152.    Undisputed.

153.    Defendants dispute Plaintiffs' fact number 153 to the extent the Management Services Agreement for the provision of such services speaks for itself.[51]

154.    Defendants dispute Plaintiffs' fact number 154 in that it mischaracterizes the testimony of the witness cited to support that fact.

155.    Undisputed.

156.    Defendants dispute Plaintiffs' fact number 156 in that it mischaracterizes the testimony of the witness cited to support that fact and on the basis that the information referenced is not information of which the U.S. government is required to be "advised" on any of the documents submitted to the U.S. government.

157.    Undisputed.

158.    Defendants dispute Plaintiffs' fact number 158 in that it mischaracterizes the testimony of the witness cited to support that fact. The grower-members that operate the farms making up South Central engage in the farming of sugarcane.

159.    Defendants dispute Plaintiffs' fact number 159 in that it mischaracterizes the testimony of the witness cited to support that fact. The grower-members that operate the farms making up South Central have ownership interests in their own properties.

160.    Defendants dispute Plaintiffs' fact number 160 in that it mischaracterizes the testimony of the witness cited to support that fact and assumes disputed facts are true in order to properly characterize Plaintiffs' definition.

---

[49] R. Doc. 119-9.
[50] R. Doc. 119-9.
[51] R. Doc. 119-9.

11

161. Defendants dispute Plaintiffs' fact number 161 in that the Job Orders at issue in this lawsuit are the best evidence of their own terms and Defendants' referenced actions were in compliance with those Job Orders.[52]

162. Defendants dispute Plaintiffs' fact number 162 in that the Job Orders at issue in this lawsuit are the best evidence of their own terms and Defendants' referenced actions were in compliance with those Job Orders.[53]

163. Defendants dispute Plaintiffs' fact number 163 in that it mischaracterizes the testimony of the witness cited to support that fact.

164. Defendants dispute Plaintiffs' fact number 164 in that the Job Orders at issue in this lawsuit are the best evidence of their own terms and Defendants' referenced actions were in compliance with those Job Orders.[54]

165. Defendants dispute Plaintiffs' fact number 165 in that the Job Orders at issue in this lawsuit are the best evidence of their own terms and Defendants' referenced actions were in compliance with those Job Orders.[55]

166. Defendants dispute Plaintiffs' fact number 166 in that it assumes the legal conclusion of the term of art "farming" based on the testimony of a non-lawyer witness.

167. Undisputed.

168. Undisputed.

169. Undisputed.

170. Undisputed.

171. Defendants dispute Plaintiffs' fact number 171 in that it contains partial quotes which mischaracterize witness testimony.[56]

172. Undisputed.

---

[52] R. Doc. 118-12 (2022 ETA Form-790/790A, at SCSCGA-001123); 118-13 (2023 ETA Form-790/790A, at SCSCGA-001344); 118-14 (2024 ETA Form-790/790A, at SCSCGA-001512); 118-5 (2025 ETA Form-790/790A, at SCSCGA-003093).

[53] R. Doc. 118-12 (2022 ETA Form-790/790A, at SCSCGA-001123); 118-13 (2023 ETA Form-790/790A, at SCSCGA-001344); 118-14 (2024 ETA Form-790/790A, at SCSCGA-001512); 118-5 (2025 ETA Form-790/790A, at SCSCGA-003093).

[54] R. Doc. 118-12 (2022 ETA Form-790/790A, at SCSCGA-001123); 118-13 (2023 ETA Form-790/790A, at SCSCGA-001344); 118-14 (2024 ETA Form-790/790A, at SCSCGA-001512); 118-5 (2025 ETA Form-790/790A, at SCSCGA-003093).

[55] R. Doc. 118-12 (2022 ETA Form-790/790A, at SCSCGA-001123); 118-13 (2023 ETA Form-790/790A, at SCSCGA-001344); 118-14 (2024 ETA Form-790/790A, at SCSCGA-001512); 118-5 (2025 ETA Form-790/790A, at SCSCGA-003093).

[56] R. Doc. 119-56 at 140:5-6, 141:5-144:15.

173.    Defendants dispute Plaintiffs' fact number 173 in that the Job Orders at issue in this lawsuit are the best evidence of their own terms and Defendants' referenced actions were in compliance with those Job Orders.[57]

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ Andrew M. Albritton*
Brandon E. Davis Bar Roll No. 29823
Molly McDiarmid Bar Roll No.  36426
Jennifer Clewis Thomas (*Admitted Pro Hac Vice)*
Andrew M. Albritton Bar Roll No. 39780
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Facsimile: 504-568-9130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
jennifer.clewis@phelps.com
andrew.albritton@phelps.com

**ATTORNEYS FOR DEFENDANTS, SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC. AND STERLING SUGAR, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June, 2026, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to

all counsel of record/parties in this proceeding.

*/s/ Andrew M. Albritton*
ANDREW M. ALBRITTON

---

[57] R. Doc. 118-12 (2022 ETA Form-790/790A, at SCSCGA-001123); 118-13 (2023 ETA Form-790/790A, at SCSCGA-001344); 118-14 (2024 ETA Form-790/790A, at SCSCGA-001512); 118-5 (2025 ETA Form-790/790A, at SCSCGA-003093).