UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| FELIPE DE JESUS AVILA-SOTO,  et al. | ) ) ) | Case No. 6:24-cv-01392 |
| Plaintiffs, | ) ) | JUDGE ROBERT R. SUMMERHAYS |
| v. | ) ) | MAGISTRATE JUDGE CAROL B. |
| SOUTH CENTRAL SUGAR CANE GROWERS' ASSOCIATION, INC., et al. | ) ) ) | WHITEHURST |
| Defendants. | ) ) ) |  |

PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT
OF UNDISPUTED MATERIAL FACTS

In accordance with Federal Rule of Civil Procedure 56 and Local Rule 56.2, Plaintiffs set forth their grounds for disputing Defendants' Statement of Undisputed Material Facts or admitting them for purposes of this motion. Plaintiffs dispute many of Defendants' assertions as inconsistent with the record, unsupported by the record, immaterial, or as legal conclusions instead of factual statements. Plaintiffs previously filed their own Statement of Undisputed Material Facts in support of their summary judgment motions and cite to those Facts here where appropriate. ECF No. 119-2 (Pls.' SOF).

1.      Undisputed that South Central is organized under the laws of the state of Louisiana. The statement that South Central is an "agricultural association" is a legal conclusion and not a factual statement.

2.      Undisputed that South Central has a membership that "consists of member farms who grow sugarcane." Disputed that South Central is "farmer-owned." South Central's members do not own anything because "[t]here's nothing to own with the association" since it has no "hardcore assets" and does not own any land or any of the trucks used for the hauling. South Central's members do not act as owners as they are not responsible for yearly losses that South Central has since those losses are covered by Sterling Sugars. South Central's members do not act as owners because they do not contribute financially and South Central is entirely financially dependent on Sterling Sugars—not its members—in order to

1

operate, with Sterling Sugars "subsidizing" South Central by providing it approximately $5 million in funds each year. ECF No. 119-2 (Pls.' SOF) ¶¶ 31-32, 144-149.

3.      Disputed because the H-2A employees *only* hauled sugarcane to the Sterling Sugars mill in Franklin, Louisiana. ECF No. 119-2 (Pls.' SOF) ¶ 66.

4.      Undisputed.

5.      This statement is a legal conclusion and not a factual statement. This statement is also immaterial.

6.      Undisputed.

7.      Undisputed.

8.      Undisputed.

9.      Disputed. This statement is a legal conclusion and not a factual statement. Plaintiffs have set forth facts and argument as to why Sterling Sugars was the employer of the H-2A truck drivers who are the Plaintiffs, FLSA opt-in Plaintiffs, and Rule 23 class members in this case. ECF No. 120-1 (Pls.' Mem. in Supp. of Mot. for Summ. J. on Employer Status of Sterling Sugars); ECF No. 119-2 (Pls.' SOF) ¶¶ 35-63, 70-125, 130-137, 144-151, 153.

10.      It is disputed that the management of South Central by Sterling is "limited" as Sterling fully and completely manages all aspects of South Central. Undisputed that Sterling Sugars provided "management services for South Central pursuant to the terms of a Management Services Contract." Sterling Sugars handled all aspects of the management of South Central. The management services provided by Sterling Sugars to South Central were extensive and included: setting the number of truck drivers to be hired each season, determining when the truck drivers would arrive each season, reviewing the H-2A applications, obtaining signatures on I-129 forms from members of South Central as part of the process of obtaining H-2A visas, selecting the truck drivers, hiring truck drivers, completing all new hire paperwork, creating application forms, maintaining and storing all personnel files, setting wage rates, organizing annual safety trainings, coordinating drug testing of the truck drivers, disciplining truck drivers, adding and removing drivers from the insurance policy, investigating accidents, firing truck drivers, deciding which truck drivers should receive visa extensions, determining whether H-2A workers can change positions, determining whether additional workers are needed for the season or should no longer be hired, setting daily work schedules, setting daily sugarcane pickup locations, providing daily transportation of workers to and from the housing (that was owned by Sterling Sugars), providing all trucks and trailers used for hauling, registering the hauling trucks with the Louisiana Department of Transportation, providing time clocks to record hours worked and processing the recorded time, establishing work policies and work rules, monitoring compliance with work policies and work rules, preparing and processing payroll, setting up the payroll card system used to pay truck drivers, delivery paychecks or paycheck stubs to the truck drivers, providing cash advances to the truck drivers at the beginning of the season, preparing and sending out W-2 tax forms each year, preparing and filing annual tax filings related to payroll taxes, preparing

2

and filing quarterly tax filings, handling the payment of invoices, handling all accounting work, obtaining and renewing insurance for the trucks and trailers used for hauling, handling all insurance claims, handling maintenance and repair of the trucks and trailers using the Sterling Sugars' mechanic shop and mechanics, handling the purchasing of supplies needed for the trucks and trailers, providing the use of Sterling Sugars' fuel pumps and a fuel card system to track fuel use, coordinating the return transportation of truck drivers at the end of the season, scheduling and organizing South Central member and board meeting, providing the treasurer for South Central who was a full-time employee of Sterling Sugars' parent and the CFO of Sterling Sugars, maintaining the South Central membership list, monitoring the South Central bank accounts and transferring funds from Sterling Sugars to South Central when needed to be able to cover payroll and other expenses, and providing more than $5 million in financial subsidies to South Central each season so that it could remain in operation. ECF No. 119-2 (Pls.' SOF) ¶¶ 35-63, 70-125, 130-137, 144-151, 153.

11.    Undisputed with respect to the rates that are set forth in the Management Services Contract. Disputed that "South Central pays Sterling." Sterling Sugars provides all of the operating funds to South Central. South Central than uses a portion of Sterling Sugars' money to create the appearance that South Central has paid Sterling Sugars' management fees. Specifically, South Central "pays" the management fees only after funds are transferred from Sterling Sugars' bank account to South Central's bank account, after which South Central issues a check to Sterling Sugars returning a portion of the funds just transferred to South Central by Sterling Sugars. South Central does not have sufficient funds to "pay" Sterling Sugars without the funds first being transferred by Sterling Sugars from its bank account to South Central's bank account. ECF No. 119-2 (Pls.' SOF) ¶ 136 (testimony about $4.1 million deposit from Sterling Sugars to South Central followed by a check for "fees" from South Central to Sterling Sugars in the amount of $1.9 million); ECF No. 119-2 (Pls.' SOF) ¶ 149 (Sterling Sugars provides approximately $5 million per year to South Central to "subsidize" its operations).

12.    Undisputed.

13.    Partially disputed and incomplete. It is undisputed that the named Plaintiffs, FLSA opt-in Plaintiffs, and Rule 23 class members are individuals who are from Mexico and were issued H-2A visas between 2022 and 2025 based on clearance order applications filed by South Central but their employment was controlled by Sterling Sugars and Sterling Sugars' actions here make it an employer for H-2A purposes as explained in Plaintiffs' opposition brief. There are two (2) named Plaintiffs in this case. There are currently thirteen (13) FLSA opt-in Plaintiffs who have joined the FLSA claims in this case. There are approximately 190 individual class members (including the named Plaintiffs and FLSA opt-in Plaintiffs) who are members of the Rule 23 class certified by the Court. ECF Nos. 3, 37, 38 (filed in error and later withdrawn in ECF No. 47), 41, 44, 54, 112 (notices of filing FLSA opt-in forms).

14.    This statement is a legal conclusion and not a factual statement.

15.    This statement is a legal conclusion and not a factual statement.

16.    The statement about what constituted "the contracts" and what those contracts required is a legal conclusion and not a factual statement per hour in 2025.

17.    The statement about what constituted "[t]he contracts" and what those contracts explained is a legal conclusion and not a factual statement.

18.    This statement is confusing with respect to "those rates of pay." Undisputed to the extent that the statement is referring to the Plaintiffs having been paid wage rates of $12.45/hour during the 2022 season, $23.16/hour during the 2023 season, $23.93/hour during the 2024 season, and $14.83 per hour in the 2025 season.

19.    Disputed that the U.S. Department of Labor approved "Heavy and Tractor-Trailer Truck Drivers" at the above rates as the U.S. Department of Labor was informed, under penalty of perjury, that South Central was engaged in sugar cane farming and assessed the rate believing that information to be true. Undisputed to the extent that the statement is referring to the Plaintiffs having been paid wage rates of $12.45/hour during the 2022 season, $23.16/hour during the 2023 season, $23.93/hour during the 2024 season, and $14.83 per hour in the 2025 season. This statement is also immaterial. Whether "the U.S. Department of Labor processed South Central's applications for temporary labor certification" without rejecting the applications does not provide support for whether Defendants correctly paid the Plaintiffs as required by the law and their employment contracts.

20.    The statement about what constituted "[t]he contracts" and what those contracts explained is a legal conclusion and not a factual statement. Undisputed that Plaintiffs drove heavy tractor-trailer trucks hauling harvested sugarcane from fields to the sugar mill owned by Sterling Sugars. ECF No. 119-2 (Pls.' SOF) ¶¶ 66-67.

21.    Undisputed with the exception of the word "mills" (plural) and the phrase "those job duties." Plaintiffs drove heavy tractor-trailer trucks hauling harvested sugarcane from fields to the sugar mill owned by Sterling Sugars and to no other sugar mills. ECF No. 119-2 (Pls.' SOF) ¶¶ 66-67.

22.    Undisputed, but this statement is immaterial as the truck drivers did not work on any farms and instead drove trucks over public roads. The work performed by the Plaintiffs and other truck drivers—who hauled harvested sugarcane on public roads from fields to the sugar mill owned by Sterling Sugars—was not work performed "on the farms" of the member farms within the meaning of the applicable laws. ECF No. 119-2 (Pls.' SOF) ¶¶ 66-67.

23.    Defendants cite no evidence in the record in support of this statement.

24.    This statement is a legal conclusion and not a factual statement. Whether a job clearance order was or was not revoked by the Office of Foreign Labor Certification within the Employment and Training Administration of the United States Department of Labor does not determine even whether other branches of the U.S. Department of Labor can assess wage violations and does not determine whether there were violations of the law with respect to the employment of individuals pursuant to the job clearance order.

4

25.     Undisputed, but this statement immaterial. Whether a job clearance order was or was not revoked by the Office of Foreign Labor Certification within the Employment and Training Administration of the United States Department of Labor does not determine whether there were violations of the law with respect to the employment of the individuals pursuant to the job clearance order.

26.     Disputed. The citation to testimony that Defendants have provided does not support this statement. Mr. Suarez-Palafox testified that the false statements related to the payment of an incorrect wage rate and that he was not paid overtime wages. Mr. Suarez-Palafox is also not a lawyer but does have counsel who have identified false statements that were made on the forms submitted to the Department of Labor that resulted in him and other truck drivers being paid an incorrect wage rate and not being paid overtime wages due to Defendants falsely claiming the work was farming of sugar cane. ECF No. 119-2 (Pls.' SOF) ¶¶ 156-160.

27.     Disputed. "Javier Avila-Soto" is not a Plaintiff in this lawsuit or someone who has provided any testimony. To the extent that Defendants are referring to Plaintiff Felipe de Jesus Avila-Soto the statement is still disputed. The citation to testimony that Defendants have provided does not support this statement. Felipe Avila-Soto testified that false statements were made about the nature of his work—that he was a truck driver but was told that he should refer to himself as an agricultural worker. Felipe Avila-Soto is also not a lawyer but does have counsel who have identified false statements that were made on the forms submitted to the Department of Labor that resulted in him and other truck drivers being paid an incorrect wage rate and not being paid overtime wages. ECF No. 119-2 (Pls.' SOF) ¶¶ 156-160.

28.     Undisputed that Mr. Suarez-Palafox "does not dispute the hours he worked" and that he is seeking—on behalf of himself and others—damages for overtime pay and not being paid the correct wage rate. Disputed with respect to the statement that Mr. Suarez-Palafox and other class members are not seeking damages "beyond" those categories of damages. Plaintiffs, FLSA opt-in Plaintiffs, and Rule 23 class members are seeking damages for unpaid overtime wages, not being paid the proper wage rate, liquidated damages under the FLSA, damages related to unreimbursed expenses, and damages under the Louisiana Wage Payment Act (LWPA) for not having received all of their wages at the time their employment ended at the conclusion of the season and their H-2A visas, all of which is detailed in the Amended Complaint. Undisputed that Mr. Suarez-Palafox "does not allege he was not paid a final paycheck" but that is immaterial. The issue with Mr. Suarez-Palafox's final paycheck is that it did not contain the full amount of his correct wages in violation of the LWPA, as detailed in the Amended Complaint and Plaintiffs' Motion for Partial Summary Judgment. ECF No. 115 ¶¶ 77-81, 87-88, 91-92; ECF No. 119-1 (Pls.' Mem. in Supp. of Mot. for Partial Summ J.).

29.     Disputed. Plaintiffs, FLSA opt-in Plaintiffs, and Rule 23 class members are seeking damages for unpaid overtime wages, not being paid the proper wage rate, liquidated damages under the FLSA, damages related to unreimbursed expenses, and damages under the Louisiana Wage Payment Act (LWPA) for not having received all of their wages at the time their employment ended at the conclusion of the season and their H-2A visas, all of which is outlined in the Amended Complaint. Undisputed that Mr. Avila-Soto "does not allege he was

not paid a final paycheck" but that is immaterial. The issue with Mr. Avila-Soto's final paycheck is that it did not contain the full amount of his correct wages in violation of the LWPA, as detailed in the Amended Complaint and Plaintiffs' Motion for Partial Summary Judgment. ECF No. 115 ¶¶ 77-81, 87-88, 91-92; ECF No. 119-1 (Pls.' Mem. in Supp. of Mot. for Partial Summ J.). *See also* Avila-Soto Dep. at 161:4-171:24 (testifying about unreimbursed expenses).

30.     Disputed. Plaintiffs filed this lawsuit demanding unpaid wages.

31.     This is a legal conclusion and not a factual statement. To the extent that it is a statement of fact it is Disputed. Plaintiffs have filed this lawsuit claiming that they were not paid properly because they were not paid overtime wages, were not paid the correct wage rate, and were not reimbursed for their expenses, as detailed in their Amended Complaint and in Plaintiffs' Motion for Partial Summary Judgment, ECF No. 119-1.

32.     Disputed. Plaintiffs have provided extensive evidence that all aspects of South Central's operations were managed and controlled by employees of Sterling Sugars, including, but not limited to, the supervision of their work, the scheduling of their work and the work locations, hiring of truck drivers, monitoring of compliance with work rules and codes of conduct, reprimanding truck drivers, and firing of truck drivers. ECF No. 119-2 (Pls.' SOF) ¶¶ 35-63, 70-125, 130-137, 144-151, 153.

33.     Disputed. This statement is confusing as to what "representations" are being referred to. The H-2A visa is an employer-based visa and the representations concerning the visa were made by Defendants. Defendants also cite no evidence in the record in support of this statement.

34.     Disputed. This statement is confusing with respect to the term "Plaintiffs' Job Orders" since Plaintiffs did not file any job orders, nor could they, as only employers can apply for labor certification. Defendants also cite no evidence in the record in support of this statement.

35.     Undisputed.

36.     Disputed. Whether or not Mr. Suarez-Palafox "has no receipts" is also immaterial. Receipts are not necessary to show the amount of an expense. Mr. Suarez-Palafox provided evidence in the form of his sworn testimony as to the costs he incurred that were not reimbursed. Suarez-Palafox Dep. at 78:11-79:17.

37.     Disputed. Mr. Suarez-Palafox has filed this lawsuit seeking reimbursement for his expenses. This statement of fact is also immaterial as to whether a violation of the law occurred as an employee need not ask for the employer to comply with the law.

38.     Plaintiffs assume this factual statement is related to Plaintiff Felipe de Jesus Avila-Soto. Undisputed with respect to the statement that Mr. Avila-Soto "claims he is entitled to reimbursement for a license." Otherwise this statement is Disputed. The statement of fact related to how long Mr. Avila-Soto may have held a drivers' license is also immaterial. Mr. Avila-Soto is seeking reimbursement for expenses associated with the *renewal* of his drivers'

6

license so that Defendants would be permitted to employ him to haul sugarcane in their operations. Avila-Soto Dep. at 161:4-171:10 (testifying about required license and associated fees).

39.     Plaintiffs assume this factual statement is related to Plaintiff Felipe de Jesus Avila-Soto. Undisputed with respect to the statement that Mr. Avila-Soto "claims he is entitled to reimbursement for a cell phone." Otherwise this statement is Disputed. This statement of fact is also immaterial. Mr. Avila-Soto does not need "receipts to prove his claim." He has provided sworn testimony with respect to this unreimbursed expense. Avila-Soto Dep. at 171:11-172:24.

40.     Disputed. This statement of fact is misleading but also immaterial. Mr. Suarez-Palafox testified that he understood he was employed by "Sterling." Regardless, whether Mr. Suarez-Palafox or any other Plaintiff, FLSA opt-in Plaintiff, or Rule 23 class member was employed by Sterling Sugars is a legal conclusion and not a statement of fact. Suarez-Palafox Dep. at 13:4-6, 15:10-12, 68:4-70:6.

41.     Plaintiffs assume this factual statement is related to Plaintiff Felipe de Jesus Avila-Soto. Disputed. Mr. Avila-Soto testified that he understood that he was employed by "Sterling" and that he was suing "Sterling." Regardless, whether Mr. Suarez-Palafox or any other Plaintiff, FLSA opt-in Plaintiff, or Rule 23 class member was employed by Sterling Sugars is a legal conclusion and not a statement of fact. Avila-Soto Dep. at 48:4-6, 73:16-76:16, 78:5-79:1.

Respectfully submitted,

/s/ James M. Knoepp
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone:  (828) 379-3169
Email:  jim@dawsonmorton.com

/s/ Dawson Morton
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA  94710
Phone: (404) 590-1295
Email:  dawson@dawsonmorton.com

/s/ Daniel Davis
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC

7

4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email:  dan@estesdavislaw.com

Counsel for Plaintiffs