UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| _____ | ) | |
| FELIPE DE JESUS AVILA-SOTO, et al. | ) | |
| | ) | Case No. 6:24-cv-01392 |
| Plaintiffs, | ) | |
| | ) | JUDGE ROBERT R. SUMMERHAYS |
| v. | ) | |
| | ) | MAGISTRATE JUDGE CAROL B. |
| | ) | WHITEHURST |
| SOUTH CENTRAL SUGAR CANE | ) | |
| GROWERS' ASSOCIATION, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,
FOR BEACH OF EMPLOYMENT CONTRACTS,
AND FOR VIOLATIONS OF THE LOUISIANA WAGE PAYMENT ACT**

**INTRODUCTION**

Defendants' opposition does not create triable issues of facts, and relies on reversed law and misstatements to claim the Court should deny Plaintiffs' motion.

**I.      Defendants' Cannot Prove the Agricultural Exemption Applies.**

Defendants have the burden of proving an exemption to overtime. *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 307 (5th Cir. 2021).[1] Defendants' opposition shows they cannot. "Plaintiffs are entitled to summary judgment if they can point to an absence of evidence to support an essential element on a particular affirmative defense." *Hines v. Key Energy Servs.*, 2017 U.S. Dist. LEXIS 81009, at *6 (W.D. Tex. May 26, 2017). Neither South Central nor Sterling Sugars grew any crops, which precludes their claiming the truck driving was exempt agriculture. "No matter how closely related it may be to farming operations, a practice performed neither by a farmer nor on a farm is not within the scope of the 'secondary' meaning of 'agriculture.'" 29 C.F.R. § 780.129. Yet, Defendants claim that because South Central has *members* who are farmers that should be good enough.[2] Defendants claim nothing as to Sterling Sugars and surely South Centrals' members cannot also make Sterling a "farmer."

Defendants' rely on reversed case law, fail to cite governing cases, and misstate controlling law.[3] Defendants argue that driving trucks on roads is part of the "farming" of third-parties, a position rejected by this Court, the Fifth Circuit, and the U.S. Supreme Court. *Holly Farms Corp. v. NLRB*, 517 U.S. 392, 397 (1996); *Sanderson Farms, Inc. v. NLRB*, 335 F.3d 445,

---

[1] Defendants overlook that it is their burden to establish the exemption. *Compare Adams v. All Coast, L.L.C.*, 15 F.4th 365, 368 (5th Cir. 2021) ("the employer has the burden of establishing [] the exemption") *with* ECF No. 133 at 9 (claiming "Plaintiff [sic] has failed to meet his [sic] burden[.]")

[2] ECF No. 133 at 11 (claiming Defendant South Central "engaged in agriculture through its member operators that worked on farms") & at 17 (claiming "the status of its member-growers as farmers made Plaintiffs subject to the agricultural exemption"). Defendants cannot and do not claim that South Central or Sterling Sugars grew anything—and instead claim "[t]he member farms of South Central grow and own all of the commodity." ECF No. 133 at 11. But this conduct does not qualify as agriculture for purposes of the FLSA. 29 C.F.R. § 780.138 ("[A]n incorporated association of farmers that does not itself engage in farming operations is not engaged in agriculture[.]")

[3] ECF No. 133 at 9.

1

449 (5th Cir. 2003); *Barron v. Sterling Sugars Sales Corp.*, 2025 U.S. Dist. LEXIS 178401, at *16 (W.D. La. Sep. 11, 2025); *see also* 29 C.F.R. § 780.138.

The agricultural exemption requires work be performed on a farm or for a farmer and only with respect to the crops of that farming operation. 29 U.S.C. § 203(f). Defendants cannot establish the exemption because Plaintiffs and the other truck drivers worked for a sugar mill and an association, neither of which had any crops.[4] Defendants claim that if one is "employed by an agricultural employer and engaged in agricultural labor," then they are exempt.[5] However, the law requires not simply that your employer is in agriculture—it requires working for a *farmer* or working *on a farm*—neither of which Plaintiffs and the other class members did.

Defendants also misunderstand what constitutes farming. They point to trips that started in "agricultural fields," ECF No. 133 at 5, and claim that "delivery to storage or to market," constitutes agriculture.[6] The agriculture exemption is limited to farmers working on and

---

[4] Defendants "dispute" the fact that both South Central and Sterling Sugars grow no crops. As detailed in Plaintiffs' undisputed fact number 158, South Central's 30(b)(6) witness testified that its business was a "harvesting and hauling operation" and also testified "Q. Does South Central grow any crops. A. No." ECF No. 119-2 (Pls.' Facts) ¶ 158. Defendants claim this "mischaracterizes the testimony of the witness," ECF No. 133-1 ¶ 158, but cite no evidence or testimony of any type to show that South Central does grow crops. As to Plaintiffs' undisputed fact number 166, which stated that "Sterling Sugars does not engage in the farming of any sugarcane," the fact is taken directly from Sterling Sugars' manager Tim Soileau's testimony. ECF No. 119-2 (Pls.' Facts) ¶ 166 (Soileau Dep. at 29:25-30:3) ("Q. Is that farmland farmed by Sterling Sugars or is it leased to somebody else to farm? A. It is farmed by tenant farmers who lease the property for farming from Sterling Sugars, LLC.") Defendants claim the fact "assumes the legal conclusion of the term of art 'farming,'" ECF No. 133-1 ¶ 166, but again Defendants cite no contrary evidence and do not create a factual dispute or triable issue.

[5] ECF No. 133 at 12.

[6] ECF No. 133 at 8 (claiming "member growers here – engage in 'agriculture' when delivering commodity to market") & at 9 (claiming the "secondary meaning includes the work of driving trucks transporting unfinished agricultural product from a farm"). Defendants claim that cases saying transporting by a third-party is not exempt agriculture are "a distinguishable string of cases," and ask this Court to follow a reversed Fifth Circuit decision. *Compare* ECF No. 133 at 9 n.45 (*citing Abbott Farms v. NLRB*, 487 F.2d 904 (5th Cir. 1973)) *with Holly Farms Corp. v. NLRB*, 517 U.S. 392, 401 (1996) ("[t]his conclusion, we note, entirely disposes of the contention that the truck drivers are employed in secondary agriculture, …. [because] these crew members do not work 'on a farm.'"). The Fifth Circuit has long acknowledged that its reasoning in earlier cases was wrong and has accepted that it must follow the Supreme Court where "the Court quickly concluded that truck drivers were not agricultural laborers." *Sanderson Farms, Inc. v. NLRB*, 335 F.3d 445, 451 n.7 (5th Cir. 2003) (citation omitted). The Fifth Circuit has recognized that its prior decisions on truck driving for non-farmers being agriculture are bad law because "*Bayside* [*Enters. v. NLRB*, 429 U.S. 298, 299 (1977)] dismantled the chief precedential prop of [those cases.]" *Marshall v. Abbott Farms, Inc.*, 559 F.2d 1006, 1007 (5th Cir. 1977). And the Fifth Circuit recognized that even Abbott Farms could not rely on the earlier decision and "gains no support from *Abbott Farms v. NLRB*, . . . in view of the Supreme

transporting *their own crops*, and does not extend to the agriculture industry, writ large. It is not secondary agriculture when an association that is not itself a farmer, or any other third-party that is not a farmer, transports or processes crops. *Ramirez v. Statewide Harvesting & Hauling, LLC*, 997 F.3d 1356, 1360 (11th Cir. 2021) (holding that "transportation-related activities on public roads—falls outside the secondary [agriculture] definition 'when performed by someone other than a farmer'"); *Wirtz v. Osceola Farms Co.*, 372 F.2d 584, 587–90 (5th Cir. 1967) (finding "drivers are not exempted . . . when hauling cane from the fields of the independent growers to the mill"); 29 C.F.R. § 780.133 ("employees of a farmers' cooperative association are not generally engaged in any practices performed 'by a farmer'"); 29 C.F.R. § 780.134 ("'delivery to market,' is necessarily excluded . . . when performed by someone other than a farmer"). Defendants fail to note that their own cases reject their position. Defendants cite *Sanderson Farms* but claim it's a decision about "primary" agriculture.[7] *Sanderson Farms* affirms "the Board's decision that the truck drivers are not agricultural laborers engaged in secondary farming[.]" *Sanderson Farms, Inc.*, 335 F.3d at 451. Similarly, Defendants claim that *Ramirez v. Statewide Harvesting* relates to "the primary definition,"[8] but the court in that case decided that "transportation-related activities on public roads—falls outside the secondary definition 'when performed by someone other than a farmer.'" *Ramirez*, 997 F.3d at 1360.

Defendants also argue that an H-2A application excuses compliance with the FLSA's overtime requirements.[9] Defendants cite the H-2A program's association filing rules,[10] but those have no impact on the wage claims at issue here because this association did not engage in

---

Court's statement in *Bayside* that the feedmill operation in that case was 'nonagricultural activity[.]'" *Abbott Farms*, 559 F.2d at 1007 n.2.

[7] ECF No. 133 at 9 & n.43.

[8] ECF No. 133 at 9 & n.43.

[9] ECF No. 133 at 19; *compare Rios-Gutierrez v. Briggs Traditional Turf Farm, Inc.*, 747 F. Supp. 3d 1211, 1228 (W.D. Mo. 2024) (rejecting claim that H-2A workers are by definition exempt from FLSA overtime).

[10] ECF No. 133 at 6.

agriculture and so the trucking work, which occurs off the farm, did not count as agriculture. *See* 8 U.S.C. § 1188(d)(1). In addition, the H-2A regulations are clear that "[t]he FLSA operates independently of the H-2A program and has specific requirements . . . including . . . payment of overtime." 20 C.F.R. § 655.135(e).[11]

Finally, despite the decades of case law and the regulatory authority all rejecting their position, Defendants claim that "modern specialization affects" do not change what is agriculture. ECF No. 133 at 8 (citing a regulation, 20 C.F.R. § 780.104, which does not exist).[12] Here, transporting crops was separately carried out nominally by South Central, or effectively by Sterling, but neither was the grower of the crops transported, and thus the activity was an "independent productive activity" and not farming.

## II.    Defendants' Conduct was Plainly Willful under the FLSA.

This Court has already decided the issue here—that driving sugarcane trucks when employed by someone other than the farmer of the cane is work that is not exempt from overtime requirements. *Barron*, 2025 U.S. Dist. LEXIS 178401, at *16. That decision followed what has long been the law. *Osceola Farms Co.*, 372 F.2d at 587–90. Nonetheless, Defendants persist in not paying overtime to truck drivers who are not employed by the grower of the sugarcane. More importantly, all the individuals involved in the prior case, including Defendants' counsel, are again present in this case. *Barron*, 2025 U.S. Dist. LEXIS 178401, at *19 (relying on testimony

---

[11] Defendants misstate the H-2A employer definition—changing "or" to "and" to suggest that the H-2A program can only have one employer—when it clearly has a definition of joint employment. Defendants' citation to the H-2A regulatory definition of employer is not a quote. ECF No. 133 at 2 and at 6 & n.3. The actual regulatory definition defines employer as a "person (including any … association, corporation. . .) that: (i) Has an employment relationship (such as the ability to hire, pay fired, supervise, …) with respect to an H-2A worker …. or (ii) Files an Application for Temporary Employment Certification … or (iii) Is a person on whose behalf an Application for Temporary Employment Certification is filed." 20 C.F.R. § 655.103(b) (defining "Employer"). Defendants' citation fails to acknowledge that the definition has three parts, any one of which makes an entity an "employer."

[12] Defendants likely intended to cite 29 C.F.R. § 780.104 but it says the opposite of what they claim. When activities are separated and no longer performed by the farmer or on a farm, they are no longer exempt. 29 C.F.R. § 780.104 ("functions which are necessary to the total economic process . . . become, in the process of economic development and specialization, separate . . . operated in conjunction with the agricultural function but no longer a part of it").

4

of "Timothy Soileau, Sterling's office manager who was directly responsible for supervising H-2A workers"). That lawsuit surely informed Defendants that their conduct violated the FLSA.[13] *Cruz v. Maverick Cty.*, 957 F.3d 563, 573 (5th Cir. 2020). Accordingly here, the "employer either knew or showed reckless disregard for . . . whether its conduct was prohibited." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Defendants chose to ignore the applicable law and the prior lawsuit's admonition by creating yet another non-farmer entity to claim a FLSA exemption that did not apply. 29 C.F.R. § 578.3(c)(3) (providing it is "reckless disregard … if the employer should have inquired further"). Where a party has "received a complaint that relevant employment practices violated the FLSA" as was the case here when the *Barron* suit was filed in 2021, that is evidence of willfulness. *Sanchez v. Schlumberger Tech. Corp.*, 2020 U.S. Dist. LEXIS 18476, at *14 (S.D. Tex. Jan. 30, 2020). This Court should decline the Defendants' invitation to rule otherwise.[14]

### III.    Defendants Owe Liquidated Damages for their Violations of the FLSA.

Liquidated damages for FLSA violations are owed as a matter of course. "The duty of the court to award liquidated damages . . . [is] ministerial, not discretionary[.]" *Mireles v. Frio Foods*, 899 F.2d 1407, 1414 (5th Cir. 1990); *Solis v. Hooglands Nursery, LLC,* 372 F. App'x 528, 530 (5th Cir. 2010). While Defendants claim the Court "has broad discretion to eliminate"

---

[13] Defendants' claim that because the prior suit involved the wholly owned subsidiary "Sterling Sugars Sales Corporation" it does not mean that "Sterling Sugars had knowledge of the FLSA's requirements" is simply untrue. ECF No. 133 at 13-14. Sterling Sugars' employees, including its President and General Manager, testified at the prior trial and made the litigation decisions at issue as Sterling Sugars Sales Corporation had no employees other than the H-2A truck drivers. *Barron*, 2025 U.S. Dist. LEXIS 178401, at *19 (describing testimony of "Rivers Patout, the general manager Sterling Sugars, LLC, testified that when Sterling switched to using H-2A workers, they did not believe they were owed overtime compensation because Sterling believed they were exempt"). When the management of Sterling Sugars defended the prior litigation, testified at trial, and now runs the current employment situation which also denies truck drivers overtime, the claim that the prior lawsuit did not "impute[] [] knowledge to South Central or Sterling," ECF No. 133 at 15, is plainly wrong.

[14] Defendants also cite to a decision where the defendant "twice sought the advice of legal counsel to ensure compliance with the FLSA." *Dacar v. Saybolt, L.P.*, 914 F.3d 917, 920 (5th Cir. 2018). Nothing of the sort occurred here and Defendants do not suggest they obtained legal counsel's advice.

liquidated damages, ECF No. 133 at 16, that is not the case since "[l]iquidated damages are awarded as a matter of course" for overtime violations. *Hooglands Nursery,* 372 F.App'x at 530. And once liability is found "an award of liquidated damages is mandatory" and must be awarded "unless an employer can demonstrate that it violated the [Act] in good faith and with reasonable grounds for believing it was not violating the Act." *King v. Univ. Healthcare Sys. LC*, 645 F.3d 713, 725 (5th Cir. 2011); *Mireles*, 899 F.2d at 1415. Defendants contend that this court should accept they acted in good faith based on "the practices of the industry," ECF No. 133 at 16, which Defendants do not show, and because "the status of its member-growers as farmers made Plaintiffs subject to the agricultural exemption," ECF No. 133 at 17.[15] The law has long been that truck drivers of sugarcane are entitled to overtime when not working directly for the farmer of the cane and it has also long been clear that an association is not engaged in agriculture simply because its members are engaged in agriculture. *Farmers Res. & Irr. Co. v. McComb*, 337 U.S. 755, 768 (1949) (rejecting application of agricultural exemption to farmer-owned company because the "the company has been set up by the farmers as an independent entity[.]"); *Tipton v. Associated Milk Producers, Inc*., 398 F. Supp. 743, 746 (N.D. Tex. 1975) ("[F]armers' cooperative associations are distinct from the farmers who own or compose them and the work performed . . . is not work performed by a farmer[.]"). Defendants did not have any reasonable basis for claiming the work of the drivers was exempt. Good faith requires the employer to investigate their liability. *Steele v. Leasing Enters., Ltd*., 826 F.3d 237, 246 (5th Cir. 2016).

Defendants also claim that somehow the Department of Labor made some decision about overtime in processing the H-2A job order.[16] This is untrue. The ETA 790 form instructions

---

[15] Defendants also claim that "they relied on the approval of the Job Orders . . . to determine the pay rate for Plaintiffs," ECF No. 133 at 17, but the job order approvals relied on information Defendants provided. 20 C.F.R. § 655.103(b) (certification is "based on the [employer's] Application for Temporary Employment Certification").

[16] ECF No. 133 at 15.

require the employer to "disclose all additional pay information . . . including but not limited to overtime[.]" Dept. of Labor's ETA 790 general instructions at 6 (attached as Exhibit 112). Defendants chose not to pay overtime. The claim that Defendants did not know or that the Department of Labor 'made them' not pay overtime should be rejected. *See De Leon-Granados v. Eller & Sons Trees, Inc.*, 581 F. Supp. 2d 1295, 1318 (N.D. Ga. 2008) ("[T]he fact that the Department of Labor did not reject Defendants' applications for labor certification cannot be understood to mean that Defendants were in compliance with the law.").

Defendant South Central took no efforts to determine whether the overtime provisions applied, stating that it simply believed that it didn't have to pay overtime because the "association is made up of agricultural farmers that perform agricultural activities and have agricultural exemptions" and "[b]ecause they've gotten together to associate to hire H-2A workers, they still have agricultural exemptions."[17] South Central did not rely on anything else, and could not because all the law and the regulations reject its position including the FLSA regulations that directly state that agricultural exemptions do not transfer to associations. Sterling likewise too no efforts to investigate compliance with FLSA overtime provisions, believing that no overtime was owed because an association was hauling the sugarcane, even though it knew that the association and its members were separately organized entities.[18] South Central's actions and the knowledge of Sterling Sugars requires far more to avoid liquidated damages here.

## IV.    Visa Approvals Do Not Determine the FLSA and Contract Claims Here.

Defendants applied for and received visa approvals. In their view, visa issuance determines the wage claims and employer liability.[19] Defendants' argument is basically that visa

---

[17] ECF No. 119-2 (Pls' SOF) ¶¶ 163-165.
[18] ECF No. 119-2 (Pls' SOF) ¶ 171.
[19] ECF No. 133 at 3.

approvals were granted.[20] Defendants quote a section of the H-2A regulations entitled "Agricultural association and joint employer filing requirements." 20 C.F.R. § 655.131 (cited at ECF No. 133 at 6). Defendants claim that "the Department of Labor classified Plaintiffs' work," citing the employment agreement forms Defendants' completed called ETA-790 forms.[21] Defendants fail to mention the statutory requirement that association applications require the "association of agricultural producers [] use agricultural services." 8 U.S.C. § 1188 (d)(1). Here, the association claimed to be engaged in sugarcane farming, but it did not grow crops and so was not using agricultural services when it sought truck drivers to haul cane others grew.[22]

There are no substantive prior administrative decisions which require deference, because the parties did not participate in the agency determinations of the labor certification, only the Defendants did, and because the agency was not acting in a judicial capacity, just an administrative one. Accordingly, there is no agency decision that would allow for the type of collateral estoppel Defendants seek. *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991) (allowing for res judicata where "an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate") Plaintiffs were not part of the H-2A certification process and could not have been part of any job order revocation process. The agency review process to which Defendants want this Court to defer was simply an administrative review for facial completeness of Defendants' attestations in the H-2A job order application, not a quasi-judicial litigation among the parties. 20 C.F.R. § 655.140(a) (review is "for compliance with all applicable program requirements"); 20 C.F.R. § 655.141(a) (notice provided if the application "is

---

[20] ECF No. 133 at 2 ("[t]he evidence shows South Central's certification to employ was obtained"); and at 7 ("the evidence shows . . . various government determinations").
[21] ECF No. 133 at 12.
[22] ECF No. 119-1 (Pls.' Facts) ¶¶ 157-160.

8

incomplete, contains errors or inaccuracies"). Similarly, while Defendants claim that the Department of Labor decided the issues here and assigned the wages, ECF No. 133 at 12, they are mistaken. *See, e.g., Administrator, Wage and Hour Div., U.S. DOL v. Azzano Farms, Inc. and Wafla*, 2023 DOL Ad. Rev. Bd. LEXIS 16, at *16 (U.S. DOL Ad. Rev. Bd. Mar. 30, 2023) ("ETA Form 790, known as the 'job order,' is completed by the employer"); *see also* Dept. of Labor's ETA 790 form instructions at 3 (attached as Exhibit 112). "The H-2A program places the obligations of compliance on the employer that is bringing temporary foreign workers into the country." *Azzano Farms*, 2023 DOL Ad. Rev. Bd. LEXIS 16, at *8.[23] The H-2A Program is an attestation program in which Defendants attested they were eligible for agricultural wages because they claimed to grow sugarcane. *See Wage and Hour Div. Savannah, GA, US DOL v. Javier H. Guerrero*, 2022-MSP-00003 (DOL OALJ Dec. 6, 2022) ("The Secretary of Labor enforces the attestations an employer makes in a temporary agricultural labor certification application and the regulations that implement the H-2A program."). The Department of Labor did not complete employment contract forms, Defendants did.[24] Defendants entered sugarcane farming as the "crop activity"—when indeed South Central engaged in no sugarcane farming.[25] Defendants did not rely on an agency decision, the agency relied on Defendants to be truthful about the type of workers, work, and wages that applied. *Azzano Farms*, 2023 DOL Ad. Rev. Bd. LEXIS 16, at *17 ("When an employer signs the job order, it . . . certifies its 'knowledge of and

---

[23] As these proceedings show, any investigation, finding of fact, and conclusions of law made by the Department of Labor is not done as part of the Labor Certification process, nor by the Department's Employment and Training Administration which performs the Labor Certification, but by a separate branch the Wage and Hour Division, and only after certification occurs. 29 C.F.R. § 501.6(a) (providing that "The Secretary, through WHD, may investigate to determine compliance with obligations under 8 U.S.C. 1188, 20 CFR part 655, subpart B, or this part, either pursuant to a complaint or otherwise, as may be appropriate.")

[24] *See* Dept. of Labor's ETA 790 form instructions at 5 (attached as Exhibit 112) (instructing Employer to "Enter the wage that will be offered, advertised, and paid to workers performing the job duties or services in the crop activity or agricultural activity and, if applicable, distinct work task(s) performed within that crop activity".)

[25] *See* Dept. of Labor's ETA 790 instructions at 12 (attached as Exhibit 112) (providing that Employer shall complete "Crop or Agricultural Activity Enter the name of the crop or agricultural activity and, if applicable, distinct work task(s) performed within that crop activity"); *compare* ECF No. 119-2 (Pls.' Facts) ¶¶ 158, 166.

9

compliance with applicable Federal, State, and local employment related laws[.]'"). Defendants'

argument is that "DOL had properly classified these Plaintiffs," ECF No. 133 at 15, but DOL did

not classify the Plaintiffs, the Defendants did, and DOL accepted that Defendants had not lied

because "[t]he employer further signs, at the end of the job order, under penalty of perjury, that

the information contained in the job order is 'true and accurate.'" *Azzano Farms,* 2023 DOL Ad.

Rev. Bd. LEXIS 16, at *17. Here, where the work was not agricultural this Court should find the

proper wages for non-agricultural truck driving are owed as Defendants promised compliance

with all federal employment laws in filing the job order. *Tech. Indus., Inc. v. Banks*, 419 F. Supp.

2d 903, 908 (W.D. La. 2006) ("legal or strong public policy considerations justify[] the refusal to

honor the contract as written"); *De Leon-Granados*, 581 F. Supp. 2d at 1318-19 ("[T]he Court

rejects Defendants' suggestion that they should essentially be able to enter into a contract that

would allow them to violate the law, so long as the other contracting parties agree."); *see also*

*Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 646 (7th Cir. 2022). There is no dispute about

what transpired and only the legal issue of the wage owed for the work performed remains.

Defendants' also contend that the overtime contractually promised is double counting—

but that is mistaken. Contractual overtime would have a different remedy—back wages and

interest, not liquidated damages—a different statute of limitations, and provides recovery for

different parties as the claim is certified as a Rule 23 class. Accordingly, the claim is not

duplicative but supplementary of the FLSA claim.

## CONCLUSION

For the foregoing reasons, as well as the arguments and evidence presented in their

opening brief and Statement of Facts, Plaintiffs' motion for partial summary judgment should be

granted.

Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone:  (828) 379-3169
Email:  jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA  94710
Phone: (404) 590-1295
Email:  dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email:  dan@estesdavislaw.com